IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ADJUSTACAM LLC

      PLAINTIFF,

  v.

AMAZON.COM, INC.;
AUDITEK CORPORATION;
BALTIC LATVIAN UNIVERSAL
ELECTRONICS, LLC D/B/A BLUE
MICROPHONES, LLC D/B/A BLUE
MICROPHONE;
BLUE MICROPHONES, LLC;
CDW CORPORATION F/K/A CDW
COMPUTER CENTERS, INC.;
CDW, INC.;
CDW, LLC;
COMPUSA.COM, INC.;
COBRA DIGITAL, LLC;
CREATIVE TECHNOLOGY LTD.;
CREATIVE LABS, INC.;
DELL, INC.;
DIGITAL INNOVATIONS, LLC;
EASTMAN KODAK COMPANY;
EZONICS CORPORATION D/B/A EZONICS
COPORATION USA D/B/A EZONICS;
FRY'S ELECTRONICS, INC.;
GEAR HEAD, LLC;
GENERAL ELECTRIC COMPANY;
HEWLETT-PACKARD COMPANY;
INTCOMEX, INC.;
JASCO PRODUCTS COMPANY LLC D/B/A
JASCO PRODUCTS COMPANY D/B/A
JASCO;
JWIN ELECTRONICS CORPORATION;
KLIP XTREME LLC;
KMART CORPORATION;
LIFEWORKS TECHNOLOGY GROUP, LLC;
MACALLY PERIPHERALS, INC. D/B/A
MACALLY U.S.A;
MACE GROUP, INC.;
MICRO ELECTRONICS, INC. DBA MICRO

Civil Action No. _____

CENTER;
NEW COMPUSA CORPORATION;
NEWEGG, INC.;
NEWEGG.COM, INC.;
OFFICE DEPOT, INC.;
OVERSTOCK.COM, INC.;
PHOEBE MICRO INC.;
PROLYNKZ, LLC;
RADIOSHACK CORPORATION;
ROSEWILL INC.;
SEARS BRANDS, LLC;
SEARS HOLDINGS CORPORATION D/B/A
SEARS
SEARS, ROEBUCK AND COMPANY;
SAKAR INTERNATIONAL, INC.;
SAKAR, INC.;
SDI TECHNOLOGIES, INC.;
SOFTWARE BROKERS OF AMERICA INC.
DBA INTCOMEX CORPORATION D/B/A
INTCOMEX;
SYSTEMAX, INC. D/B/A COMPUSA;
TARGET CORP.;
TIGERDIRECT, INC.;
TRIPPE MANUFACTURING COMPANY
D/B/A TRIPP LITE; AND
WAL-MART STORES, INC.,

DEFENDANTS.                              JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AdjustaCam LLC files this Complaint against the foregoing Defendants, namely

AMAZON.COM, INC.; AUDITEK CORPORATION; BALTIC LATVIAN UNIVERSAL

ELECTRONICS, LLC D/B/A BLUE MICROPHONES, LLC D/B/A BLUE MICROPHONE;

BLUE MICROPHONES, LLC; CDW CORPORATION F/K/A CDW COMPUTER CENTERS,

INC.; CDW, INC.; CDW, LLC; COMPUSA.COM, INC.; COBRA DIGITAL, LLC;

CREATIVE TECHNOLOGY LTD.; CREATIVE LABS, INC.; DELL, INC.; DIGITAL

INNOVATIONS, LLC; EASTMAN KODAK COMPANY; EZONICS CORPORATION D/B/A

EZONICS COPORATION USA D/B/A EZONICS; FRY'S ELECTRONICS, INC.; GEAR

HEAD, LLC; GENERAL ELECTRIC COMPANY; HEWLETT-PACKARD COMPANY; INTCOMEX, INC.; JASCO PRODUCTS COMPANY LLC D/B/A JASCO PRODUCTS COMPANY D/B/A JASCO; JWIN ELECTRONICS CORPORATION; KLIP XTREME LLC; KMART CORPORATION; LIFEWORKS TECHNOLOGY GROUP, LLC; MACALLY PERIPHERALS, INC. D/B/A MACALLY U.S.A; MACE GROUP, INC.; MICRO ELECTRONICS, INC. DBA MICRO CENTER; NEW COMPUSA CORPORATION; NEWEGG, INC.; NEWEGG.COM, INC.; OFFICE DEPOT, INC.; OVERSTOCK.COM, INC.; PHOEBE MICRO INC.; PROLYNKZ, LLC; RADIOSHACK CORPORATION; ROSEWILL INC.; SEARS BRANDS, LLC; SEARS HOLDINGS CORPORATION D/B/A SEARS; SEARS, ROEBUCK AND COMPANY; SAKAR INTERNATIONAL, INC.; SAKAR, INC.; SDI TECHNOLOGIES, INC.; SOFTWARE BROKERS OF AMERICA INC.  DBA INTCOMEX CORPORATION D/B/A INTCOMEX; SYSTEMAX, INC. D/B/A COMPUSA; TARGET CORP.; TIGERDIRECT, INC.; TRIPPE MANUFACTURING COMPANY  D/B/A TRIPP LITE COMPANY D/B/A TRIPP LITE and WAL-MART STORES, INC., (collectively "Defendants"), as follows:

**PARTIES**

1.      AdjustaCam LLC ("AdjustaCam" or "Plaintiff") is a Texas Limited Liability Company with its principal place of business in Frisco, Texas.

2.      On information and belief, Defendant AMAZON.COM, INC. ("AMAZON") has a place of business in Seattle, Washington.

3.      On information and belief, Defendant AUDITEK CORPORATION ("AUDITEK") has a place of business in Industry, California.

3

4.      On information and belief, Defendant BALTIC LATVIAN UNIVERSAL ELECTRONICS, LLC D/B/A BLUE MICROPHONES, LLC D/B/A BLUE MICROPHONE has a place of business in Westlake Village, California.

5.      On information and belief, Defendant BLUE MICROPHONES, LLC has a place of business in Westlake Village, California.   BALTIC LATVIAN UNIVERSAL ELECTRONICS, LLC D/B/A BLUE MICROPHONES, LLC D/B/A BLUE MICROPHONE and BLUE MICROPHONES, LLC are collectively referred to hereinafter as "BLUE MICROPHONES."

6.      On information and belief, Defendant CDW CORPORATION F/K/A CDW COMPUTER CENTERS, INC. has a place of business in Vernon Hills, Illinois.

7.      On information and belief, Defendant CDW, INC. has a place of business in Vernon Hills, Illinois.  CDW CORPORATION F/K/A CDW COMPUTER CENTERS, INC. and CDW, INC. are collectively hereinafter referred to as "CDW."

8.      On information and belief, Defendant COBRA DIGITAL, LLC ("COBRA DIGITAL") has a place of business in Wheeling, Illinois.

9.      On information and belief, Defendant COMPUSA.COM, INC. has a place of business in Miami, Florida.

10.      On information and belief, Defendant CREATIVE TECHNOLOGY LTD. has a place of business in Milpitas, California.

11.      On information and belief, Defendant CREATIVE LABS, INC. has a place of business in Milpitas, California.  CREATIVE TECHNOLOGY LTD. and CREATIVE LABS, INC. are collectively referred to hereinafter as "CREATIVE."

12.     On information and belief, Defendant DELL, INC. ("DELL") has a place of business in Round Rock, Texas.

13.     On information and belief, Defendant DIGITAL INNOVATIONS, LLC; ("DIGITAL INNOVATIONS") has a place of business in Arlington Heights, Illinois.

14.     On information and belief, Defendant EASTMAN KODAK COMPANY ("KODAK") has a place of business in Rochester, New York.

15.     On information and belief, Defendant EZONICS CORPORATION D/B/A EZONICS COPORATION USA D/B/A EZONICS ("EZONICS") has a place of business in Pleasanton, California.

16.     On information and belief, Defendant FRY'S ELECTRONICS, INC.  ("FRY'S") has a place of business in San Jose, California.

17.     On information and belief, Defendant GEAR HEAD, LLC ("GEAR HEAD") has a place of business in Walpole, Massachusetts.

18.     On information and belief, Defendant GENERAL ELECTRIC COMPANY ("GE") has a place of business in Fairfield, Connecticut.

19.     On information and belief, Defendant HEWLETT-PACKARD COMPANY ("HP") has a place of business in Palo Alto, California.

20.     On information and belief, Defendant INTCOMEX, INC. has a place of business in Miami, Florida.

21.     On information and belief, Defendant JASCO PRODUCTS COMPANY LLC D/B/A JASCO PRODUCTS COMPANY D/B/A JASCO ("JASCO") has a place of business in Oklahoma City, Oklahoma.  JASCO and GE are hereinafter referred to collectively as "GE."

22.     On information and belief, Defendant JWIN ELECTRONICS CORPORATION ("JWIN") has a place of business in Port Washington, New York.

23.     On information and belief, Defendant KLIP XTREME LLC has a place of business in Miami, Florida.

24.     On information and belief, Defendant KMART CORPORATION ("KMART") has a place of business in Hoffman Estates, Illinois.

25.     On information and belief, Defendant LIFEWORKS TECHNOLOGY GROUP, LLC has a place of business in New York, New York.

26.     On information and belief, Defendant MACALLY PERIPHERALS, INC. D/B/A MACALLY U.S.A has a place of business in Ontario, California.

27.     On information and belief, Defendant MACE GROUP, INC. has a place of business in Ontario, California.   MACALLY PERIPHERALS, INC. D/B/A MACALLY U.S.A and MACE GROUP, INC. are collectively referred to herein as "MCCALLY."

28.     On information and belief, Defendant MICRO ELECTRONICS, INC. DBA MICRO CENTER ("Micro Center") has a place of business in Hilliard, Ohio.

29.     On information and belief, Defendant NEW COMPUSA CORPORATION has a place of business in Miami, Florida.

30.     On information and belief, Defendant NEWEGG, INC. has a place of business in Industry, California.

31.     On information and belief, Defendant NEWEGG.COM, INC. has a place of business in Industry, California.  NEWEGG, INC. and NEWEGG.COM, INC. are collectively referred to hereinafter as "NEWEGG."

32.     On information and belief, Defendant OFFICE DEPOT, INC. ("OFFICE DEPOT") has a place of business in Delray Beach, Florida.

33.     On information and belief, Defendant OVERSTOCK.COM, INC. ("OVERSTOCK") has a place of business in Salt Lake City, Utah.

34.     On information and belief, Defendant PHOEBE MICRO INC. D/B/A AIRLINK101 ("PHOEBE") has a place of business in Fremont, California.

35.     On information and belief, Defendant PROLYNKZ, LLC ("PROLYNKZ") has a place of business in Irvine, California.

36.     On information and belief, Defendant RADIOSHACK CORPORATION ("RADIOSHACK") has a place of business in Fort Worth, Texas

37.     On information and belief, Defendant ROSEWILL INC. ("ROSEWILL") has a place of business in Industry, California.

38.     On information and belief, Defendant SEARS BRANDS, LLC has a place of business in Hoffman Estates, Illinois.

39.     On information and belief, Defendant SEARS HOLDINGS CORPORATION D/B/A SEARS has a place of business in Hoffman Estates, Illinois.

40.     On information and belief, Defendant SEARS, ROEBUCK AND COMPANY has a place of business in Hoffman Estates, Illinois.  SEARS BRANDS, LLC; SEARS HOLDINGS CORPORATION D/B/A SEARS and SEARS, ROEBUCK AND COMPANY are collectively referred to hereinafter as "SEARS."

41.     On information and belief, Defendant SAKAR INTERNATIONAL, INC. has a place of business in Edison, New Jersey.

42.     On information and belief, Defendant SAKAR, INC. has a place of business in Edison, New Jersey.   SAKAR INTERNATIONAL, INC. and SAKAR, INC. are hereinafter referred to as "SAKAR".

43.     On information and belief, Defendant SDI TECHNOLOGIES, INC. ("SDI") has a place of business in Rahway, New Jersey.   LIFEWORKS TECHNOLOGY GROUP, LLC and SDI are collectively referred to hereinafter as "IHOME."

44.     On information and belief, Defendant SYSTEMAX, INC. D/B/A COMPUSA has a place of business in Miami, Florida.   SYSTEMAX, INC. D/B/A COMPUSA, COMPUSA.COM, INC. and NEW COMPUSA CORPORATION are hereinafter referred to as "COMPUSA."

45.     On information and belief, Defendant SOFTWARE BROKERS OF AMERICA INC.  D/B/A INTCOMEX CORPORATION D/B/A INTCOMEX has a place of business in Miami, Florida.   INTCOMEX, INC., KLIP XTREME, LLC and SOFTWARE BROKERS OF AMERICA INC. D/B/A INTCOMEX CORPORATION D/B/A INTCOMEX are hereinafter referred to as "KLIP XTREME."

46.     On information and belief, Defendant TARGET CORP. ("TARGET") has a place of business in Minneapolis, Minnesota.

47.     On information and belief, Defendant TIGERDIRECT, INC. ("TIGERDIRECT") has a place of business in Miami, Florida.

48.     On information and belief, Defendant TRIPPE MANUFACTURING COMPANY D/B/A TRIPP LITE COMPANY D/B/A TRIPP LITE ("TRIPPE") has a place of business in Chicago, Illinois.

49.     On information and belief, Defendant WAL-MART STORES, INC. ("WAL-MART") has a place of business in Bentonville, Arkansas.

## JURISDICTION AND VENUE

50.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.  Without limitation, within this forum the Defendants have engaged in at least the selling of the accused products listed herein.  In addition, on information and belief, at least one or more of the Defendants, namely AUDITEK, BLUE MICROPHONES, COBRA DIGITAL, CREATIVE, DIGITAL INNOVATIONS, EZONICS, GE, GEAR HEAD, HP, IHOME, JWIN, KLIP XTREME, KODAK, MACALLY, MICRO CENTER, PHOEBE, PROLYNKZ, RADIOSHACK, ROSEWILL, SAKAR and/or TRIPPE induce and/or contribute to infringement of the patent-in-suit by sellers and/or infringing users located in this forum.  In addition, upon information and belief, at least one or more of the Defendants, namely AMAZON, CDW, COMPUSA, DELL, FRY'S, KMART, NEWEGG, OFFICE DEPOT, OVERSTOCK, SEARS, TARGET, TIGERDIRECT and/or WAL-MART induce and/or contribute to infringement of the patent-in-suit by infringing users located in this forum.  Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct,

and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

51.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case.  Without limitation, Defendants are subject to personal jurisdiction in this forum.  Further, within this forum the Defendants have engaged in at least the selling of the accused products listed herein.  In addition, on information and belief, at least one or more of the Defendants, namely AUDITEK, BLUE MICROPHONES, COBRA DIGITAL, CREATIVE, DIGITAL INNOVATIONS, EZONICS, GE, GEAR HEAD, IHOME, JWIN, KLIP XTREME, KODAK, MACALLY, MICRO CENTER, PROLYNKZ, RADIOSHACK, ROSEWILL, SAKAR and TRIPE induce and/or contribute to infringement of the patent-in-suit by sellers and/or infringing users located in this district.  In addition, upon information and belief, at least one or more of the Defendants, namely  AMAZON, CDW, COMPUSA, DELL, FRY'S, KMART, NEWEGG, OFFICE DEPOT, OVERSTOCK, SEARS, TARGET, TIGERDIRECT, WAL-MART induce and/or contribute to infringement of the patent-in-suit by infringing users located in this district.  Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,855,343

52.     United States Patent No. 5,855,343 ("the '343 Patent"), entitled "Camera Clip" was filed on March 7, 1997 and duly and legally issued on January 5, 1999.

53.     GlobalMedia Group, LLC ("Global Media") is the assignee of the '343 Patent. GlobalMedia has granted an exclusive license to all substantial rights to the '343 Patent, including the right to bring this suit, to Acacia Patent Acquisition LLC ("APAC"). Prior to this suit being filed, APAC assigned all of its rights in the '343 Patent to AdjustaCam, which is the present exclusive licensee of, and owner of all substantial rights to the '343 Patent. Accordingly, AdjustaCam has standing to bring this lawsuit for infringement of the '343 Patent.

54.     The claims of the '343 Patent cover, *inter alia,* apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

55.     On information and belief, AMAZON has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating

about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

56.     Moreover, on information and belief, AMAZON has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

57.     Upon present information and belief, AMAZON's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball USB Webcam Microphone, Creative Labs Creative Live Cam Video IM Pro Webcam, Creative Labs Creative Live! Cam Vista IM Webcam, Gear Head Quick Webcam Advanced, HP Deluxe Webcam, HP Premium Autofocus Webcam, HP Pro Webcam, iHome IH-W301DW MyLife Webcam, Kodak 1.3 MP Webcam, MacAlly ICECAM2 Webcam, Micro Innovations Basic Webcam, Minoru Webcam 3D Webcam and/or Pixxo AW-I1130 Webcam.

58.     AMAZON is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

59.     On information and belief, AUDITEK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

60.     Moreover, on information and belief, AUDITEK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

61.     Upon present information and belief, AUDITEK's infringing apparatuses comprise at least one or more of the Pixxo AW-I1130, AW-M2130 and/or AW-U1131 Webcam.

62.     AUDITEK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

63.     On information and belief, BLUE MICROPHONES has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

64.     Moreover, on information and belief, BLUE MICROPHONES has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

65.     Upon present information and belief, BLUE MICROPHONES' infringing apparatuses comprise at least one or more of the Eyeball, Mini Eyeball, Eyeball 2.0 and/or Showflake webcams.

66.     BLUE MICROPHONES is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

67.     Moreover, on information and belief, CDW has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

68.     Upon present information and belief, CDW's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Business Webcam, HP Deluxe Webcam,  HP Elite Autofocus Webcam, HP Premium Autofocus Webcam and/or Tripp Lite Notebook Clip-On Camera.

69.     CDW is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

70.     On information and belief, COBRA DIGITAL has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably

attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

71.     Moreover, on information and belief, COBRA DIGITAL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

72.     Upon present information and belief, COBRA DIGITAL's infringing apparatuses comprise at least the Cobra Digital 3D Webcam.

73.     COBRA DIGITAL is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

74.     On information and belief, COMPUSA has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting

16

cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

75.     Moreover, on information and belief, COMPUSA has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

76.     Upon present information and belief, COMPUSA's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball Webcam, Blue Microphones Snowflake Microphone and/or iHome MyLife His Home Her Home Webcam Kit.

77.     COMPUSA is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

78.     On information and belief, CREATIVE has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

79.     Moreover, on information and belief, CREATIVE has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

80.     Upon present information and belief, CREATIVE's infringing apparatuses comprise at least one or more of the Creative Live! Cam Video IM Pro Webcam, Creative Live! Cam Video IM Ultra Webcam, Creative Live! Cam Vista IM Webcam, Creative Live! Cam Voice, and/or Creative Live! Video IM Ultra Webcam.

81.     CREATIVE is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

82.     On information and belief, DELL has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

83.     Moreover, on information and belief, DELL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

84.     Upon present information and belief, DELL's infringing apparatuses comprise at least one or more of the Creative Labs VF0420 Creative Live! Vista IM Web Camera and/or Lifeworks  iHome MyLife His Home Her Home Webcam Kit.

85.     DELL is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

86.     On information and belief, DIGITAL INNOVATIONS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

87.     Moreover, on information and belief, DIGITAL INNOVATIONS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

88.     Upon present information and belief, DIGITAL INNOVATIONS' infringing apparatuses comprise at least one or more of the Basic Webcam, Webcam Basic, Webcam IC014C and/or Webcam USB 2.0 Autofocus.

89.     DIGITAL INNOVATIONS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

90.     On information and belief, EZONICS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

91.     Moreover, on information and belief, EZONICS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least

since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

92.     Upon present information and belief, EZONICS' infringing apparatuses comprise at least one or more of EZCam Plus.

93.     EZONICS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

94.     On information and belief, FRY'S has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

95.     Moreover, on information and belief, FRY'S has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.   Upon information and belief, such induced and/or contributory infringement has occurred at least since

this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

96.     Upon present information and belief, FRY'S infringing apparatuses comprise at least one or more of the HP Pro Webcam, Blue Microphones Mini Eyeball WebCam 2.0, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Desktop Web Cam, HP Premium Autofocus Webcam, Kodak S100 Webcam, Kodak T130 Webcam, Kodak W100 Twin Pack Webcams, MacAlly USB 2.0 WebCam, Pixxo AW-I1130 WebCam and/or Pixxo AW-U1131 Webcam.

97.     FRY'S is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

98.     On information and belief, GE has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

99.     Moreover, on information and belief, GE has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

100.    Upon present information and belief, GE's infringing apparatuses comprise at least one or more of the GE EasyCam, GE EasyCam Pro, GE Minicam Pro, GE Perfect Image, GE Picture Perfect and/or GE VOIP Webcam.

101.    GE is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

102.    On information and belief, GEAR HEAD has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

103.    Moreover, on information and belief, GEAR HEAD has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

104.    Upon present information and belief, GEAR HEAD's infringing apparatuses comprise at least one or more of the Gearhead Quick WebCam , Gearhead Quick WebCam Advanced and/or i-Level WebCam.

105.    GEAR HEAD is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

106.    On information and belief, HP has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for

example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

107.    Moreover, on information and belief, HP has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

108.    Upon present information and belief, HP's infringing apparatuses comprise at least one or more of the HP Business WebCam, HP Deluxe Webcam, HP Desktop Web Cam, HP Elite Autofocus Webcam, HP NX252AA Business Webcam, HP NX252AT Webcam, HP Premium Autofocus Webcam, HP Premium USB Webcam, HP Pro Webcam, HP Elite Webcam, HP USB Webcam, HP VGA Desktop Webcam, HP WebCam 2100 and/or HP Webcam for Notebooks.

109.    HP is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

110.    On information and belief, IHOME has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first

axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

111.    Moreover, on information and belief, IHOME has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

112.    Upon present information and belief, IHOME's infringing apparatuses comprise at least one or more of the iHome MyLife Dual Webcams, iHome MyLife His Home Her Home Webcams/Webcam Kit, including the IH-W305DB, iHome MyLife MyHome YourHome Webcams/Webcam Kit, including the IH-W306DW, iHome MyLife WebCam, iHome MyLife Webcam/Webcam Kit,  iHome Your Home Webcam Pack.

113.    IHOME is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

114.    On information and belief, JWIN has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the

camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

115.    Moreover, on information and belief, JWIN has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

116.    Upon present information and belief, JWIN's infringing apparatuses comprise at least one or more of the jWin EZ-CAM Professional Series, JCAM300 and/or JCAM400.

117.    JWIN is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

118.    On information and belief, KMART has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating

about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

119.    Moreover, on information and belief, KMART has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.    Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

120.    Upon present information and belief, KMART's infringing apparatuses comprise at least the Creative Labs Live Cam Video IM Pro Webcam.

121.    KMART is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

122.    On information and belief, KLIP XTREME has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably

attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

123.    Moreover, on information and belief, KLIP XTREME has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

124.    Upon present information and belief, KLIP XTREME's infringing apparatuses comprise at least one or more of the Klip Xtreme KWC-101 GoCam and/or Klip Xtreme Xcam 2100 KDC-580.

125.    KLIP XTREME is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

126.    On information and belief, KODAK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

127. Moreover, on information and belief, KODAK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

128. Upon present information and belief, KODAK's infringing apparatuses comprise at least one or more of the Kodak 1.3MP, S100 Webcam and/or T130 Webcam, and/or Kodak W100 Twin Pack Webcams.

129. KODAK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

130.   On information and belief, MACALLY has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

131.   Moreover, on information and belief, MACALLY has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

132.   Upon present information and belief, MACALLY's infringing apparatuses comprise at least the MacAlly IceCam 2 Webcam and/or MacAlly USB 2.0 Webcam.

133.   MACALLY is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

134.    On information and belief, MICRO CENTER has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

135.    Moreover, on information and belief, MICRO CENTER has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

136.    Upon present information and belief, MICRO CENTER's infringing apparatuses comprise at least the one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Business Webcam, HP Deluxe

Webcam, HP Elite Autofocus Webcam, HP Premium Autofocus Webcam, Tripp Lite Notebook Clip-On Camera and/or WinBook WB-6185 WebCam.

137.    MICRO CENTER is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

138.    On information and belief, NEWEGG has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

139.    Moreover, on information and belief, NEWEGG has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

140.    Upon present information and belief, NEWEGG's infringing apparatuses comprise at least one or more of the Creative Live! Cam Video IM Pro WebCam, HP Premium Autofocus Webcam, iHome IH-W301DW MyLife WebCam, iHome IH-W305DB MyLife MyHome YourHome Webcams, iHome IH-W306DW MyLife MyHome/YourHome Webcams, jWIN JCAM300 Webcam, jWIN JCAM400 Webcam, Micro Innovations Basic Webcam, Minoru 3D Webcam, Pixxo AW-I1130, Pixxo AW-M2130 WebCam, Pixxo AW-U1131 WebCam and/or Rosewill RCM-8163 Webcam.

141.    NEWEGG is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

142.    On information and belief, OFFICE DEPOT has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

143.    Moreover, on information and belief, OFFICE DEPOT has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of

the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

144.    Upon present information and belief, OFFICE DEPOT's infringing apparatuses comprise at least one or more of the Gear Head Quick Night Vision WebCam, HP Business Webcam, iHome Dual WebCam Pack, iHome MyLife WebCam Kit and/or Micro Innovations WebCam Basic.

145.    OFFICE DEPOT is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

146.    On information and belief, OVERSTOCK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

147.    Moreover, on information and belief, OVERSTOCK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

148.    Upon present information and belief, OVERSTOCK's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Voice Webcam, Ezonic EZCam Plus Webcam, Gear Head Quick WebCam, HP NX252AT Webcam, iHome MyLife IH-W305DB My Home Your Home Webcam, JWIN JCAM400 Webcam, MacAlly IceCam2 Webcam, Rosewill RCM-3201V WebCam and/or Rosewill RCM-8163 WebCam.

149.    OVERSTOCK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

150.    On information and belief, PHOEBE has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a

laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

151.    Moreover, on information and belief, PHOEBE has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

152.    Upon present information and belief, PHOEBE's infringing apparatuses comprise at least the Airlink101 AWCN200 Webcam.

153.    PHOEBE is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

154.    On information and belief, PROLYNKZ has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a

laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

155.   Moreover, on information and belief, PROLYNKZ has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

156.   Upon present information and belief, PROLYNKZ's infringing apparatuses comprise at least one or more of PWC-010 and/or PWC-0103K.

157.   PROLYNKZ is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

158.   On information and belief, RADIOSHACK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface

on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

159.    Moreover, on information and belief, RADIOSHACK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

160.    Upon present information and belief, RADIOSHACK's infringing apparatuses comprise at least the Gigaware 2.0MP (8.0MP Interpolated) PC Camera with Auto Focus.

161.    RADIOSHACK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

162.    On information and belief, ROSEWILL has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first

axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

163.    Moreover, on information and belief, ROSEWILL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

164.    Upon present information and belief, ROSEWILL's infringing apparatuses comprise at least the RCM-3201V and/or RCM-8163 webcam.

165.    ROSEWILL is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

166.    On information and belief, SAKAR has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first

axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

167.    Moreover, on information and belief, SAKAR has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

168.    Upon present information and belief, SAKAR's infringing apparatuses comprise at least one or more of the I-Concepts Infrared Webcam, Eco Trends See Me Infrared Webcam, Kodak 1.3MP, S100 Webcam, T130 Webcam and/or Kodak W100 Twin Pack Webcams.

169.    SAKAR is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

170.    On information and belief, SEARS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the

second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

171.     Moreover, on information and belief, SEARS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

172.     Upon present information and belief, SEARS' infringing apparatuses comprise at least one or more of the Blue Microphones WebCam, Creative Labs Live! Cam Video IM Pro Webcam, Creative Labs Live! Cam Video IM Ultra Webcam, iHome MyLife Dual Webcams, iHome Mylife My Home Your Home Webcams,  iHome MyLife WebCam, jWin JCAM 300 Webcam and/or Micro Innovations Basic Webcam.

173.     SEARS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

174.     On information and belief, TARGET has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting

cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

175.     Moreover, on information and belief, TARGET has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

176.     Upon present information and belief, TARGET infringing apparatuses comprise at least one or more of the GE Picture Perfect Webcam and/or HP Premium Autofocus Webcam.

177.     TARGET is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

178.     On information and belief, TIGERDIRECT has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses

for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

179.    Moreover, on information and belief, TIGERDIRECT has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

180.    Upon present information and belief, TIGERDIRECT infringing apparatuses comprise at least one or more of the HP NX252AA USB 2.0MP Business Webcam, iHome IH-W305DB MyLife His Home Her Home Webcam Kit, Klip Xtreme KWC-101 GoCam Webcam and/or ProLynkz PWC-010.

181.    TIGERDIRECT is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

182.     On information and belief, TRIPPE has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

183.     Moreover, on information and belief, TRIPPE has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers and/or users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

184.     Upon present information and belief, TRIPPE's infringing apparatuses comprise at least one or more of Trippe Lite Notebook Clip-On Camera, IN3003CAM2 and/or Tripp Lite IN3002CAM1 webcam.

185.     TRIPPE is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

186.     On information and belief, WAL-MART has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

187.     Moreover, on information and belief, WAL-MART has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

188.     Upon present information and belief, WAL-MART's infringing apparatuses comprise at least one or more of the Gear Head i-Level WebCam, HP Elite Autofocus Webcam,

HP Premium USB Webcam, KQ245AA, HP Pro Webcam, HP USB Webcam, iHome MyLife His Home, Her Home Webcam Kit, iHome MyLife Webcam, iHome Your Home 1.3Mega Pixel USB Webcam 2 Pack, Kodak T130 Webcam and/or MacAlly IceCam2 Webcam.

189.   WAL-MART is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

190.   As a result of Defendants' infringing conduct, Defendants have damaged AdjustaCam. Defendants are liable to AdjustaCam in an amount that adequately compensates AdjustaCam for their infringement, which, by law, can be no less than a reasonable royalty.

191.   AdjustaCam reserves the right to take discovery from Defendants relative to their awareness/notice of the '343 Patent prior to the filing of suit.  In any event, to the extent Defendants continue to infringe the '343 Patent during the pendency of this suit, such infringement would necessarily be willful and objectively reckless.

192.   Accordingly, AdjustaCam seeks and/or reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '343 Patent, in accordance with the above.

193.   On information and belief, all Defendants have at least had constructive notice of the '343 Patent by operation of law.

## PRAYER FOR RELIEF

WHEREFORE, AdjustaCam respectfully requests that this Court enter:

1.   A judgment in favor of AdjustaCam that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '343 Patent;

2.      A judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

3.      A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '343 Patent;

4.      A judgment and order requiring Defendants to pay AdjustaCam its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '343 Patent as provided under 35 U.S.C. § 284;

5.      An award to AdjustaCam for enhanced damages as provided under 35 U.S.C. § 284;

6.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to AdjustaCam its reasonable attorneys' fees; and

7.      Any and all other relief to which AdjustaCam may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

July 2, 2010                          Respectfully submitted,

                                      ADJUSTACAM LLC

                                      By: /s/ John J. Edmonds_____
                                      John J. Edmonds – LEAD COUNSEL
                                      Texas Bar No. 789758
                                      Michael J. Collins
                                      Texas Bar No. 4614510
                                      Henry M. Pogorzelski
                                      Texas Bar No. 24007852
                                      Erick Robinson

Texas Bar No. 24039142
COLLINS, EDMONDS & POGORZELSKI, PLLC
709 Sabine Street
Houston, Texas 77007
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
hpogorzelski@cepiplaw.com
erobinson@cepiplaw.com

Andrew W. Spangler
Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
ADJUSTACAM LLC