# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| Adjustacam LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 6:10-cv-329 |
| Amazon.com, Inc. et al., | ) ) |
| Defendants. | ) **JURY TRIAL DEMANDED** ) ) ) |

## DEFENDANT CDW'S MOTION TO DISMISS PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant CDW moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint for failure to state a cause of action for which relief can be granted. Plaintiff Adjustacam LLC ("Adjustacam") fails to adequately allege a cause of action for indirect infringement in at least two respects: (i) Adjustacam fails to adequately allege direct infringement, a necessary predicate for its action for indirect infringement; and, (ii) Adjustacam's well pled allegations assert only that CDW acquired knowledge of the patent-in-suit upon service of the Complaint in this matter—a fact that, even if taken as true for purposes of this Motion, fails to support an action for indirect infringement at the time Adjustacam filed its Complaint.

**I.      BACKGROUND FACTS**

Adjustacam filed this action on July 2, 2010. Adjustacam accuses CDW of indirectly infringing U.S. Patent No. 5,855,343 ("the '343 patent"). *See* Exh. A, Adjustacam Complaint, ¶67. The '343 patent is titled, "Camera Clip." Adjustacam does not allege that CDW directly infringes the '343 Patent. Adjustacam alleges, on information and belief, only indirect infringement by CDW in the following paragraph:

> 67. Moreover, on information and belief, CDW has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.

*Id*.

Adjustacam further alleges in paragraph 67, on information and belief, that CDW became aware of the '343 patent when the Complaint was filed:

> 67. … Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

*Id*.

**II.     APPLICABLE LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal is warranted when a complaint fails to set forth "sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether a claim of relief is plausible, regional circuit law applies. *McZeal v. Spring Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007); *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Claims of relief

for indirect patent infringement are only plausible if they identify an underlying direct infringer, *Realtime Data, LLC v. Morgan Stanley*, 2010 U.S. Dist. LEXIS 58049, *15 (E.D. Tex. May 7, 2010), and allege certain essential facts, such as knowledge of the patent prior to the complaint. *Mallinckrodt, Inc. v. Liebel-Flarsheim Co.*, 670 F.Supp.2d 349, 354 (D. Del. 2009); *see also Elan Micro. Corp. v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 83715, *12-13 (N.D. Cal. Sept. 14, 2009).[1]

## III.  ARGUMENT

### A.  Adjustacam Does Not Allege Direct Infringement Nor Identify Direct Infringers Adequately

Adjustacam alleges that CDW indirectly infringes the '343 patent. For CDW to *indirectly* infringe the patent, someone else must *directly* infringe it. *BMC Resources, Inc. v. Paymentech, LP*, 498 F. 3d 1373, 1379-81 (Fed. Cir. 2007). The Complaint must contain an allegation of direct infringement and an identification of the direct infringer(s). *See Clear with Computers LLC v. Bergdorf Goodman, Inc.*, Case No. 6:09-cv-48. *7 (E.D. Tex. Mar. 29, 2010) (complaint dismissed for failure to state a claim, holding that a plaintiff must "identify a direct infringer in reference to [] indirect infringement claims.").

Here, Adjustacam fails to allege direct infringement of the '343 patent. Adjustacam alleges that CDW is liable for indirect infringement by "*providing* … apparatuses for supporting cameras to users." Exh. A, ¶67 (emphasis added). No allegation is made that "users" have directly infringed the '343 Patent (*i.e.* that "users" have supported the accused cameras in the manner recited in the patent's claims). *Id*. at ¶54. Adjustacam's allegations of indirect

---

[1] While Form 18 of the Federal Rules of Civil Procedure offers an example of notice pleading for purposes of an action for *direct infringement,* recent decision of this Court have observed that Form 18 does not provide the measure of what constitutes required pleading in connection with actions for *indirect* infringement. *See, e .g, Eolas Tech, Inc. v. Adobe Sys., Inc.,* 2010 U.S. Dist. LEXIS 58291, *16 (E.D. Tex. May 6, 2010). An affirmative allegation of direct infringement, the identity of the alleged direct infringer(s), and the defendant's knowledge of the patent prior to suit, must be pled for indirect infringement. *Eolas* at *16; *Mallinckrodt* at 354.

infringement are, therefore, insufficient. *See Clear with Computers, LLC* at *7 ("[the plaintiff's] indirect infringement allegations … fail to identify which methods or systems infringe, and fail to identify a direct infringer.").

Adjustacam's mere reference to *users* does not suffice. *See PA Advisors, LLC v. Google, Inc.*, 2008 U.S. Dist. LEXIS 71285, at *22-23 (E.D. Tex. Aug. 7, 2008) ("The Court finds that the reference to users is not sufficient."); *see also Eolas* at *16.

### B. Adjustacam's Only Affirmative Allegation of Knowledge Alleges that CDW Became Aware of the Patent *After* the Filing of the Present Action

Facts essential to a claim of indirect infringement include, at bare minimum, the defendant's knowledge of the patent. *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) (holding that, to prevail on indirect infringement, a plaintiff must demonstrate that a "defendant possessed the requisite knowledge or intent to be held vicariously liable."). Adjustacam must plead this essential fact--that CDW knew of the '343 patent--to withstand a motion to dismiss under Rule 12(b)(6). *See Mallinckrodt* at 354.

Adjustacam, however, pleads that CDW "became aware of the '343 Patent, at least through becoming aware of this Complaint." Exh. A, ¶67. Knowledge gained *after* suit is filed cannot support the filing of an action for which such knowledge is a prerequisite. *See Mallinckrodt* at 354 ("The Court is not persuaded … that the requisite knowledge can be established by the filing of the Plaintiff's Complaint."). Adjustacam's allegations are tantamount to saying "there may or may not be [indirect] infringement"-- a bare assertion that should be dismissed. *See Elan* at *12-13.

## IV. CONCLUSION

Because Adjustacam's Complaint fails to identify underlying direct infringers or plead facts indicating CDW had knowledge of the '343 patent prior to the Complaint, CDW's Motion to Dismiss should be granted.

Dated:  August 5, 2010

Respectfully submitted,

  /s/  Anthony S. Gabrielson
Thomas L. Duston
tduston@marshallip.com
Anthony S. Gabrielson
agabrielson@marshallip.com
Benjamin T. Horton
bhorton@marshallip.com
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300

*Attorneys for Defendant CDW Corporation*

**CERTIFICATE OF SERVICE**

I, Anthony S. Gabrielson, hereby certify that on August 5, 2010 I caused a copy of the foregoing DEFENDANT CDW LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) to be electronically filed using the CM/ECF system, which sent notification of such filing to all counsel of record.

    /s/   Anthony S. Gabrielson
Anthony S. Gabrielson