IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ADJUSTACAM LLC

v.                                                    NO. 6:10-cv-329-LED

AMAZON.COM, INC.;  ET AL.                              JURY

## PLAINTIFF'S RESPONSE IN OPPOSITION TO CDW'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Plaintiff AdjustaCam LLC ("AdjustaCam") responds in opposition to Defendant CDW Corporation's ("CDW") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 98), as follows:

## I.    INTRODUCTION AND FACTUAL BACKGROUND.

### A.    Introduction to U.S. Patent No. 5,855,343.

This case involves infringement of U.S. Patent No. 5,855,343, entitled "Camera Clip, which issued on January 5, 1999. Exhibit 1, p. 1.  AdjustaCam is the assignee of the '343 patent, and it has brought suit against accused infringers including the movant, CDW, relative to certain webcams.  CDW stands for "Computer Discount Warehouse," and it an Internet retailer of computer-related products, *see* www.cdw.com, including some of the webcams at issue in this case.

The '343 patent is directed to, *inter alia*, apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer,

when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition. *See, e.g.,* Ex. 1, Abstract and Claim 1. An exemplary embodiment of the invention of the '343 patent is found at Figures 2 and 4, as follows:



*Id.*, Figs. 2 & 4.

With portable cameras, it is desirable to have an apparatus which can support the camera in any number of desired configurations. *Id.*, 1:12-14. The apparatus must easily accommodate repositioning the camera to new orientations during use, and must be easily transportable. *Id.,* 2:14-16.  This is especially true when using the camera with a portable computer, such as a laptop computer.  *Id.*, 2:16-18.

As disclosed in the '343 patent, the patented invention provides many advantages over the prior art.  In the past, camera support apparatus were not easily transportable. *Id.*, 2:33-34. Often times these apparatuses utilized designs which incorporated a tripod approach, or which used one or more telescoping arms to support the camera. *Id.*, 34-36.  These designs attempted to support the camera during use, and then collapse to a smaller size to facilitate storage or transportation. *Id.*, 36-38.  While these designs were transportable, often times even the collapsed

size of the prior art camera support apparatus could not be easily accommodated by a laptop computer bag. *Id.*, 39-42.   Another problem with prior art camera support apparatus was that they could not easily accommodate the variety of applications desired for portable cameras.   *Id.*, 45-47.   These applications ranged from supporting the camera on the surface of a desk or table to supporting the camera on the upright display screen of a laptop computer. *Id.*, 47-51.   Further, with the prior art, often times more than one camera support apparatus was necessary in order to support the desired range of applications. *Id.*, 50-52.   This unfortunately adversely impacted portability of the camera. *Id.*, 52-53.

At present, AdjustaCam accuses CDW of infringing at least claim 1 of the '343 patent. AdjustaCam intends to assert additional claims and will identify those claims in a timely fashion in accordance with the Court's procedures.   Claim 1 of the '343 patent reads as follows:

> 1.      Apparatus for supporting a camera, having a lens, on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface, comprising:
>
> a.      a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member; and
>
> b.      a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object, said hinge member rotating about a second axis of rotation relative to said support frame, said first axis of rotation being generally perpendicular to said second axis of rotation, said second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object, said support frame having a first disposition positioned on said generally horizontal, substantially planar surface, and said support frame having a second disposition attached to the object when said first surface and said second surface are inclined from a generally horizontal orientation, the camera being maintained adjacent said edge in said second disposition of said support frame.

*Id.*, Claim 1.

3

**B.     AdjustaCam's Original Complaint and Amended Complaint.**

AdjustaCam filed its Original Complaint (Dkt. No. 1) on July 2, 2010.  AdjustaCam's

Original Complaint inadvertently omitted a paragraph regarding direct infringement by CDW.

This inadvertent omission became a moot point based upon the filing of AdjustaCam's Amended

Complaint (Dkt. No. 111) on August 16, 2010.  A copy of the relevant portion of AdjustaCam's

Amended Complaint – i.e., AdjustaCam's infringement allegations relative to CDW – is Exhibit

2 hereto.  Ex. 2, pp. 16-17, ¶¶ 75-77.

In  AdjustaCam's  Amended  Complaint,  the  direct  infringement  allegations  regarding

CDW are as follows:

> 75.     On information and belief, CDW has been and now is directly infringing
> at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and
> elsewhere in the United States by actions comprising selling and/or offering to
> sell  apparatuses  for  supporting  cameras  comprising  (1)  a  hinge  member
> rotatably attached to the camera, the camera rotating about a first axis of
> rotation relative to the hinge member, (2) a support frame rotatably attached to
> the hinge member, the hinge member rotating about a second axis of rotation
> relative to the frame, the second axis being generally perpendicular to said first
> axis, and the second axis being substantially parallel to a first surface on an
> object, for example a laptop or portable computer, when the hinge member is
> supported  on  the  object,  (3)  the  support  frame  having  a  first  disposition
> positioned on a generally horizontal, substantially planar surface, for example a
> table top, and having a second disposition attached to the object, with the
> camera  being  maintained  adjacent  an  edge  of  the  object  in  the  second
> disposition.
>                                               . . .
> 77.     Upon  present  information  and  belief,  CDW's  infringing  apparatuses
> comprise at least one or more of the Blue Microphones Eyeball 2.0 Webcam,
> Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP
> Business Webcam, HP Deluxe Webcam, HP Elite Autofocus Webcam, HP
> Premium Autofocus Webcam and/or Tripp Lite Notebook Clip-On Camera.

Ex. 2, pp. 16-17, ¶¶ 75 & 77.

Although a patentee need not identify infringing claim elements in the complaint, *McZeal*

*v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007), from the above allegation it is clear

that in paraphrasing the elements of claim 1, AdjustaCam has sufficiently put CDW on notice that it directly infringes at least claim 1 of the '343 patent by selling and/or offering to sell at least one or more of the identified webcams.

On the issue of CDW's indirect infringement, AdjustaCam's Amended Complaint alleges as follows:

> 76.   Moreover, on information and belief, CDW has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

> 77.   Upon present information and belief, CDW's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Business Webcam, HP Deluxe Webcam, HP Elite Autofocus Webcam, HP Premium Autofocus Webcam and/or Tripp Lite Notebook Clip-On Camera.

Ex. 2, pp. 16-17, ¶¶ 76-77. Plainly the complaint alleges that CDW as an indirect infringer by inducing or contributing to the infringement of the '343 patent by users of the accused webcams who are CDW's customers.

As addressed in more detail below, CDW's motion lacks legal or factual merit, and it is largely moot, and it should be denied.  First, CDW's contention that AdjustaCam's indirect infringement claims should be dismissed in the absence of direct infringement claims became a moot point with the filing of AdjustaCam's Amended Complaint.  This is because direct infringement has now been properly alleged, and in wording that is undeniably sufficient. Second, CDW is incorrect in arguing that AdjustaCam must identify direct infringers by name. AdjustaCam has identified indirect infringers as "users comprising this Defendant's customers,"

Ex. 2 p. 16, ¶ 76, which is as much specificity as the pleading rules require.  Lastly, CDW's final argument – that AdjustaCam's Original Complaint was improper for alleging that CDW "became aware of the '343 Patent, at least through becoming aware of this Complaint" – is again a moot point in view of AdjustaCam's Amended Complaint.   AdjustaCam's Amended Complaint alleges CDW's awareness of the '343 patent in unquestionably proper terms.

## II.     THE APPLICABLE LAW.

The applicable law is well-settled. Regional circuit law applies to motions to dismiss for the failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P. *McZeal*, 501 F.3d at 1355-56; *Eolas Techs., Inc. v. Adobe Systems, Inc.*, 6:09-cv-446, slip op. at 2-4 (E.D. Tex. May 6, 2010) (Davis, J.) (Doc. 282); *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, 2010 WL 3155888, *4, No. 6:09-cv-481, slip op. at 2-4 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Doc. 77). The standard for deciding a Rule 12(b)(6) motion has been summarized by the Court of Appeals for the 5th Circuit as follows:

> A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The district court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); [*Blackburn v. Marshall*, 42 F.3d, 925, 931 (5th Cir. 1995)].  This strict standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969).

*Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); *see Photometrics, Inc. v. Hospitality Franchise Systems*, 203 F.3d 790, 793-794 (Fed. Cir. 2000) ("the dismissal standard is extraordinary and one not to be taken lightly;" a motion to dismiss "is viewed with disfavor

6

and rarely granted." "Dismissal of a claim… is a precarious disposition with a high mortality rate." (citing and quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1368 (11th Cir. 1997))). Therefore, the central issue is whether CDW, in the light most favorable to AdjustaCam and with the complaint liberally construed in AdjustaCam's favor, has satisfied its burden of showing that the complaint pleads no claim upon which relief can be granted. *McZeal*, 501 F.3d at 1356; *Doe v. MySpace*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A complaint does not need detailed factual allegations; all that is required is that AdjustaCam plead sufficient factual allegations to show that AdjustaCam is plausibly entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007) ("[W]e do not require heightened fact pleadings of specifics, but only enough facts to state a claim to relief that is plausible on its face."). A complaint by a patentee "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal,* 501 F.3d at 1357. Determining whether the complaint states a plausible claim for relief is a context-specific task that requires this Court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

Federal Rule of Civil Procedure 84 states that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

(Caption—See Form 1.)

1.        (Statement of Jurisdiction—See Form 7.)

2.        On date, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an electric motor. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3.         The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court. 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all electric motors it manufactures and sells and has given the defendant written notice of the infringement.

4.        The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all electric motors it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:

(a) a preliminary and final injunction against the continuing infringement;
(b) an accounting for damages; and
(c) interest and costs.

(Date and sign—See Form 2).

Fed.R.Civ.P., Form 18.; *see also McZeal*, 501 F.3d at 1356-57 (describing the requirements of

the form (current Form 18 was previously numbered Form 16 prior to the revision of the

Federal Rules in 2007)); *Clear with Computers*, No. 6:09-cv-481, slip op. at 3; *accord*

*Photometrics*, 203 F.3d at 793-794 (listing the pleading requirements that are met here).

Form 18 is addressed generally to the pleading requirements of direct infringement but

it also provides guidance on the pleading requirements for indirect infringement. Although

AdjustaCam's Amended Complaint, did indeed plead every element of direct and indirect

infringement for claim 1, Form 18 does not require pleading each element of the asserted

claims for direct infringement and such pleading is also not required for indirect infringement.

8

*See, e.g., McZeal*, 501 F.3d at 1357 (Referring to the predecessor to Form 18 (Form 16), "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent."); *Fotomedia Techs., LLC v. AOL*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Everingham, Mag.) (denying motion to dismiss indirect infringement because neither the sample complaint form nor the Federal Circuit require pleading every element of a claim for indirect infringement).

CDW's suggestion that the viability of Form 18 is somehow now in question is flatly wrong. It has been held that the Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the applicability of Form 18 to pleading patent infringement. *See, e.g., Eolas Techs.*, 6:09-cv-446, slip op. at 3; *Clear with Computers*, 6:09-cv-481, slip op. at 3. To hold otherwise would render Rule 84 and Form 18 invalid, which cannot be done by judicial action. *See Twombly*, 550 U.S. at 569 n.14; *Eolas Techs.*, 6:09-cv-446, slip op. at 3. In sum, a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face. See Rule 84, Fed.R.Civ.P.

## III.   ADJUSTACAM'S   COMPLAINT   FULLY   COMPLIES   WITH   THE APPLICABLE LAW

As demonstrated herein, AdjustaCam's complaint complies with the pleading requirements for  direct infringement and indirect infringement.

### A.   AdjustaCam's Accusation of Direct Infringement is Properly Pled.

AdjustaCam's Amended Complaint moots CDW's complaint about the lack of direct infringement allegations in AdjustaCam's Original Complaint.  There is no colorable dispute that the accusation of direct infringement in AdjustaCam's Amended Complaint is adequately pled. Among other things, AdjustaCam has properly pled jurisdiction, identified the patent at issue, the date of its issuance, AdjustaCam's ownership of the patent, identified the infringing

acts committed by CDW, and included a clear demand for relief. *E.g.*, Form 18, Fed.R.Civ.P.; *McZeal*, 501 F.3d at 1356-57; *Photometrics*, 203 F3d at 793-794. AdjustaCam identified the presently known accused webcams relative to CDW by name, and CDW does not deny that it sells them.  This identification is sufficient under the law. *See, e.g., Eolas Techs*., 6:09-cv-446, slip op. at 4.

**B.      AdjustaCam's Accusation of Indirect Infringement is Properly Pled.**

In order to meet its burden on a motion to dismiss, CDW must show that AdjustaCam failed to plead sufficient factual allegations sufficient to show a plausible entitlement to relief relief. *See, e.g., Twombly*, 550 U.S. at 570.  In this regard, CDW argues that AdjustaCam failed to identify the direct infringers who are the subject of CDW's indirect infringement.  This argument lacks appreciation for the language in the Amended Complaint. For the accusation of indirect infringement, the Amended Complaint identifies "users comprising this Defendant's customers" of the accused webcams. Ex. 2, p. 16, ¶¶ 76.  CDW sells and offers for sale multiple webcams which are accused of infringing the '343 patent, and the actual users of those webcams are also direct infringers. *See* 35 U.S.C. §271(a). CDW is most certailny aware of these direct infringers and has been put on notice of what it must defend against. *See McZeal*, 501 F.3d at 1357.

CDW's reliance upon this Court's decision in *Clear with Computers* is misplaced. In *Clear with Computers*, this Court dismissed an indirect infringement allegation because the complaint failed to identify *any entity* at all that was directly infringing. *Clear with Computers*, 6:09-cv-481, slip op. at 9. In this case, as explained above, AdjustaCam's allegation of indirect infringement identified the direct infringers, who are CDW's customers using the accused webcams.

10

Likewise, CDW's citation to *PA Advisors* is misinformed, and based upon plucking a selective quote from the opinion. *See PA Advisors, LLC v. Google Inc.*, 2008 WL 4136426, *8, No. 2:07-CV-480-DF (E.D. Tex. August 08, 2008) (Folsom, J.).  In the *PA Advisors* case, the plaintiff had failed to allege direct infringement by anyone. *Id.*  Rather, the plaintiff had merely alleged that Yahoo's systems automatically generated "user profiles." *Id.* ("Plaintiff contends that the statement in the complaint 'that comprise systems and methods for automatically generating personalized user profiles' is sufficient to identify the parties other than Yahoo! that directly infringe.").   In direct contravention of CDW's cite to *PA Advisors*, that Court acknowledged it is permissible to allege direct infringement by a "generic group" such as "users" or "others who use." *Id.* ("Another court found that naming a generic group of 'others' was sufficient . . . the Court also notes that the pleading does not require much beyond the amended complaint other than identifying the generic group of end users). *See also Fuji Mach. Mfg. Co. v. Hover-Davis, Inc.*, 936 F. Supp. 93, 95 (W.D.N.Y.1996) (finding inducement pleading adequate which alleged, "Hover-Davis has infringed claims of U.S. Patent No. 4,740,136 by selling and marketing parts feeders, in this district and elsewhere in the United States, which have been used by others. . .")).  Contrary to CDW's apparent reading of *PA Advisors*, that Court granted the plaintiff leave to amend its complaint to allege a generic group of users of that defendants' accused systems. *PA Advisors,* 2008 WL 4136426, *8.

The Court in *PA Advisors* also wrote that, "[r]elative to Yahoo's claim that the plaintiff needed to name each specific user. . . the information that Yahoo! seeks is more appropriately requested through discovery." *Id.* Similarly, the identity of CDW's specific customers, who may number in the thousands or higher, who have purchased and used infringing webcams is properly a subject for discovery, not pleadings.  CDW knows the identity of its customers, and

AdjustaCam could not possibly know that information in the absence of discovery.  By CDW's logic, no retailer could likely ever be accused at the onset of a case of inducing its customers to infringe because no Plaintiff would likely know the identity of such customers without discovery.  And no doubt CDW would oppose discovery of its customers' identities unless inducement had been pled in the first instance.  Such a catch-22 is unjust and inconsistent with accepted pleading practice for indirect infringement nationwide in patent cases.

CDW's final argument is that AdjustaCam's Original Complaint improperly alleged awareness, i.e., knowledge, of the '343 patent because it alleged CDW "became aware of the '343 Patent, at least through becoming aware of this Complaint." Again, the issue raised by CDW is moot in view of AdjustaCam's Amended Complaint.  The Amended Complaint, filed on August 16, 2010, alleges that, "such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit," Ex. 2, pp. 16-17, ¶¶ 76-77, which was filed on July 2, 2010.  Clearly, at a minimum CDW has been aware of the '343 patent since it was served with a copy of the Original Complaint, which necessarily occurred prior to the filing of CDW's motion to dismiss, and also prior to the filing of AdjustaCam's Amended Complaint.  At a minimum, AdjustaCam has properly alleged knowledge and awareness of the patent at least for the period of time during the pendency of the lawsuit and prior to the filing of the Amended Complaint.  Thus, CDW's argument is a moot point and it lacks any merit.

## IV.    CONCLUSION.

CDW's contention that AdjustaCam's indirect infringement allegations are deficient for failing to identify users by name is based upon an incorrect reading of the relevant authorities. AdjustaCam has identified such indirect infringers as "users comprising this Defendant's customers," Ex. 2 p. 16, ¶ 76, which is as much specificity as the pleading rules require.  The other contentions asserted in CDW's motion lack merit, and at a minimum they are now moot in view of AdjustaCam's Amended Complaint. Accordingly, CDW's motion lacks any legal or factual merit and it should be denied.  Alternatively, in the event that this Court grants CDW's motion in whole or in part, AdjustaCam respectfully asks this Court to grant AdjustaCam leave to further amend its complaint.

August 23, 2010                                    Respectfully submitted,

                                                    ADJUSTACAM LLC

                                                    By: /s/ John J. Edmonds
                                                    John J. Edmonds – LEAD COUNSEL
                                                    Texas Bar No. 789758
                                                    Michael J. Collins
                                                    Texas Bar No. 4614510
                                                    Henry M. Pogorzelski
                                                    Texas Bar No. 24007852
                                                    Erick Robinson
                                                    Texas Bar No. 24039142
                                                    COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                    1616 S. Voss Road, Suite 125
                                                    Houston, Texas 77057
                                                    Telephone: (281) 501-3425
                                                    Facsimile: (832) 415-2535
                                                    jedmonds@cepiplaw.com
                                                    mcollins@cepiplaw.com
                                                    hpogorzelski@cepiplaw.com
                                                    erobinson@cepiplaw.com

                                                    Andrew W. Spangler

Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
ADJUSTACAM LLC

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

August 23, 2010                              /s/ *John J. Edmonds*
                                             John J. Edmonds