**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

ADJUSTACAM LLC
*Plaintiff*

v.

AMAZON.COM, INC., *et al.*
*Defendants*

Case No. 6:10-cv-329-LED

**JURY**

**EMERGENCY OPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT, BY HEWLETT-PACKARD COMPANY, FRY'S ELECTRONICS, INC., MICROCENTER ELECTRONICS, INC., AND OFFICE DEPOT, INC., AND REQUEST FOR EXPEDITED BRIEFING**

Defendants Hewlett-Packard Company ("HP"), Fry's Electronics, Inc. ("Fry's"), Microcenter Electronics, Inc. ("MEI"), and Office Depot, Inc. ("Office Depot") (collectively, "Defendants") hereby move for a fourteen-day extension of time to answer or otherwise respond to the Complaint filed by Adjustacam, LLC ("Adjustacam"), in order to give them sufficient time to evaluate the many accused products at issue. This extension brings the total days by which Defendants have extended their answer deadline to 44. Because Defendants' answers currently are due on September 3, 2010, and because the issues presented here are quite straightforward, Defendants have filed this motion as an emergency motion, and respectfully request an expedited briefing schedule, under which Plaintiff's responsive brief is due on Wednesday, September 1, 2010, and Defendants' reply, if any, will be due before 12:00pm on Thursday, September 2, 2010 (proposed Order attached). The basis for the Defendants' motion is as follows:

1. Plaintiff served its Complaint on all of the Defendants filing this motion on July 14, 2010.

2. On August 2, 2010, Andrew Spangler, counsel for plaintiff, agreed to an extension of time to answer of thirty days for all Defendants, making their answers due on September 3, 2010.

3. On August 27, 2010, Steven R. Daniels, counsel for Defendants, contacted Plaintiff's counsel and requested an additional thirty-day extension of the answer deadline. John Edmonds, counsel for Plaintiff, indicated that Plaintiff would oppose such an extension. In an attempt to compromise, Defendants then reduced their requested extension to 15 days. Counsel for Plaintiff again indicated it would oppose the extension.

4. Mr. Daniels and Mr. Edmonds met and conferred on the extension at 9:00am on Monday, August 30, 2010. As indicated in the attached Certificate of Conference, Mr. Edmonds reiterated Plaintiff's opposition to any extension. Plaintiff's sole justification for this refusal was Plaintiff's opinion that any further extension was "unreasonable and unwarranted" and that Defendants were "stalling."

5. Defendant HP requires the requested extension because, among other things, the alleged HP products identified by Plaintiff in its complaint bear different model names than any products of which HP is aware. HP has been acting diligently to research the products and has been in contact with resellers and distributors of its products to determine whether they offer HP products under alternative identifiers. HP cannot respond fully to the allegations in the complaint without certainty as to the identity of the products confused. HP requires additional time to complete its investigation. (Daniels Declaration, ¶ 2).

6. Defendants Fry's, MEI, and Office Depot require an extension because, inter alia, they are all accused of infringement based on alleged sales of products from multiple suppliers. These Defendants have been working diligently to contact their suppliers in order to obtain the

information necessary to answer the allegations in the Complaint fully and accurately. However, this process has been delayed by summer vacations and by the fact that certain of the suppliers appear no longer to be in business. These Defendants require additional time to complete this process and, as necessary, to address their contractual relationships with their suppliers. (Daniels Declaration, ¶ 3).

7. Under Local Rule CV-12, moving Defendants' request is "not more than 30 days and does not result in an overall extension of the defendant's deadline exceeding 45 days" and would ordinarily be decided under application to the clerk. Unfortunately, because Plaintiff opposes the moving Defendants' reasonable request for additional time, moving Defendants are therefore forced to file the present motion with the Court.

8. Plaintiff has not, and cannot, claim that the requested extension will, in any way, prejudice Plaintiff's ability to prosecute its case. Indeed, it appears from the Docket in this case that Plaintiff has not yet managed even to effect service on all of the potential defendants, so a fourteen-day extension of the moving Defendants' answers will not act to delay the progress of this matter at all.

WHEREFORE, Defendants pray that the Court grant their Motion for Extension of Time to Answer or Otherwise Respond by extending their deadlines to answer or otherwise respond to Plaintiff's Complaint until September 17, 2010, thus bringing the total days by which their answer deadlines have been extended to 44.

DATED: August 30, 2010

By: */s/ Steven R. Daniels*

W. Bryan Farney
Lead Attorney
Texas State Bar No. 06826600
Steven R. Daniels
Texas State Bar No. 24025318
Bryan D. Atkinson
Texas State Bar No. 24036157
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, Texas 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
E-mails: bryan.farney@dechert.com
steven.daniels@dechert.com
bryan.atkinson@dechert.com

**ATTORNEYS FOR DEFENDANTS HEWLETT-PACKARD COMPANY, FRY'S ELECTRONICS, INC., MICROCENTER ELECTRONICS, INC., AND OFFICE DEPOT, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel of record who have consented to electronic service as this district requires. Local Rule CV-5(a)(3)(A).

*/s/ Steven R. Daniels*

## CERTIFICATE OF CONFERENCE

On August 27, 2010, I, Steven R. Daniels of Dechert LLP, counsel for the moving Defendants, spoke in person with Andrew Spangler, counsel for Adjustacam, and requested a thirty-day extension of time to answer or otherwise respond to the Complaint in this matter, on behalf of Defendants Hewlett-Packard Company, Fry's Electronics, Inc., Microcenter Electronics, Inc., and Office Depot, Inc. (collectively "moving Defendants"). Mr. Spangler informed Mr. Daniels that Collins, Edmonds, and Pogorzelski ("CEP") had authority over the matter and that I would need to call them.

At 2:00pm on August 27, I called the offices of CEP in order to request the extension and then followed up by e-mail. Mr. John Edmonds of CEP stated that CEP was unavailable to confer that day, and that I should propose times on Monday. I did so, and on Monday, August 30, 2010, Mr. Edmonds confirmed that they would confer at 9:00am that day.

During the conference, I explained that my clients required the extension because the retailers each had several suppliers from whom they had to gather information regarding the accused products. I further explained that Hewlett-Packard required additional time because of uncertainty regarding which Hewlett-Packard products were accused. I informed Mr. Edmonds that granting the extension would not delay the case because it was my understanding that at least one defendant had not yet been served.

Mr. Edmonds responded that Adjustacam would not agree to the requested extension, and the call ended in an impasse.

Counsel for the moving Defendants has complied with the meet and confer requirement in Local Rule CV-7(h). As detailed above, the personal conference required by Local Rule CV-7(h) has been conducted by telephone on August 30, 2010 between myself and John Edmonds, counsel for Adjustacam. The parties reached an impasse for the reasons detailed above, and this motion is opposed by Plaintiff. Moving Defendants therefore reluctantly file this motion for an extension of fourteen days.

*/s/ Steven R. Daniels*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

ADJUSTACAM LLC
*Plaintiff*

v.

AMAZON.COM, INC., *et al.*
*Defendants*

Case No. 6:10-cv-329-LED

**JURY**

**DECLARATION OF STEVEN R. DANIELS IN SUPPORT OF EMERGENCY OPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT, BY HEWLETT-PACKARD COMPANY, FRY'S ELECTRONICS, INC., MICROCENTER ELECTRONICS, INC., AND OFFICE DEPOT, INC., AND REQUEST FOR EXPEDITED BRIEFING**

I, STEVEN R. DANIELS, declare and state as follows:

1. I am an attorney licensed to practice law in the State of Texas and a member of the bar of the Court. I am associated with the law firm of Dechert LLP, counsel for Defendants Hewlett-Packard Company ("HP"), Fry's Electronics, Inc. ("Fry's"), Microcenter Electronics, Inc. ("MEI"), and Office Depot, Inc. ("Office Depot") (collectively, "Defendants").

2. We have been conducting the due diligence required by Federal Rule of Civil Procedure 11 before we file answers on behalf of Defendants. Our clients require extensions of time to answer in order to complete this process. Defendant HP requires the requested extension because, among other things, the alleged HP products identified by Plaintiff in its complaint bear different model names than any products of which HP is aware. HP has been acting diligently to research the products and has been in contact with resellers and distributors of its products to determine whether they offer HP products under alternative identifiers. HP cannot respond fully

to the allegations in the complaint without certainty as to the identity of the products confused. HP requires additional time to complete its investigation.

3. Defendants Fry's, MEI, and Office Depot require an extension because, inter alia, they are all accused of infringement based on alleged sales of products from multiple suppliers. These Defendants have been working diligently to contact their suppliers in order to obtain the information necessary to answer the allegations in the Complaint fully and accurately. However, this process has been delayed by summer vacations and by the fact that certain of the suppliers appear no longer to be in business. These Defendants require additional time to complete this process and, as necessary, to address their contractual relationships with their suppliers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of August at Austin, Texas.

: ____*/s/ Steven R. Daniels*__________

Steven R. Daniels