IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC<br><br>v.<br><br>AMAZON.COM, INC.; ET AL. | NO. 6:10-cv-329-LED<br><br>JURY |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE
EMERGENCY MOTION FOR EXTENSION BY
HEWLETT-PACKARD, FRY'S, MICROCENTER, AND OFFICE DEPOT**

Plaintiff AdjustaCam LLC ("AdjustaCam") respectfully submits this Response in Opposition to the Emergency Motion for Extension filed by Hewlett-Packard, Fry's, Microcenter, and Office Depot (collectively "Movants") (Dkt. No. 118), as follows:

I.

It is disappointing that Movants saw fit to burden the Court with their Emergency Motion. AdjustaCam was previously agreeable to a thirty-day extension for Movants,[1] which has already passed. Unsatisfied with their thirty-day extension, Movants insist upon two weeks more. It is simply not credible that, coincidentally, none of the four clients represented by the Dechert law firm in this case can respond to AdjustaCam's Complaint in fifty days time, but they can all do so in sixty-four days time.

Aside from stretching credibility, the reasons propounded by Movants are unpersuasive. HP states that it is confused about which products have been named. However, HP never asked AdjustaCam for any clarification of the products named in its Complaint. One would think that, if HP was actually confused about the products named in the Complaint, it

---

[1] In fact, AdustaCam has agreed not to oppose an initial thirty day extension for every defendant who requested one. Moreover, AdjustaCam has agreed not to oppose several second extensions for those defendants who had good reasons for them. Movants, however, have no good reason for a second extension, and seem to simply consider it an entitlement.

would ask for clarification rather than going down an allegedly lengthy process of researching through a multitude of resellers and distributors.

Fry's, Microcenter, and Office Depot allege that they have been diligently working to contact their suppliers "in order to obtain the information necessary to answer the allegations to the Complaint fully and accurately." However, they fail to state what diligence has been used, why "information" from suppliers is necessary to respond to the Complaint, or how two weeks more would make a difference. It is difficult to believe that an extra two weeks will allow Movants' suppliers will let them know whether Movants should admit or deny infringing the '343 patent.

Fry's, Microcenter, and Office Depot also allege that they need more time "to address their contractual relationships with their suppliers." They fail to state what "contractual relationships" they need to address, why they could not have addressed them over the last fifty days, or why two weeks more would make any difference regarding their ability to respond to the Complaint.

More importantly, if Movants truly lack sufficient information to admit or deny any allegation in the Complaint, then Fed. R. Civ. P. 8 permits them to answer in that fashion. Further, Rule 15 permits Movants to freely amend their answers over a twenty-one day period, and this Court's scheduling order will very likely provide for a lengthy period of time during which parties may amend their pleadings without leave.

AdjustaCam is entitled to timely notice of Defendants' positions on such issues as whether the proper party has been named. Further, AdjustaCam is mindful of the need to keep this case moving towards a scheduling conference.

However, in view of the fact that Movants waited until the last minute to raise the issue of a second extension, in an effort at accommodation, AdjustaCam offered Movants the rest of this week, until Friday, September 3, to file their answers or otherwise respond to the Complaint.  Movants stubbornly refused this additional accommodation and insisted upon fourteen more days to respond.  At some point, enough is enough.

Finally, granting Defendants' Motion would set a precedent that defendants would use in every subsequent case to force Plaintiffs to freely grant not just a requisite 30-day extension, but now a 44-day extension.  Extension requests should be an accommodation based on need, and not an abusive tactic to stall the case and prevent the Court from setting a Scheduling Conference.

In sum, Movants have already been given one thirty-day extension to respond, it is not credible that none of the four clients represented by the Dechert law firm can respond to the Complaint in fifty days, and no good cause has been shown for a further extension to respond.  For these reasons and those more fully described above, Plaintiff respectfully requests that Movants' Motion be denied.

September 1, 2010                                       Respectfully submitted,

                                                        ADJUSTACAM LLC

                                                        By: /s/ John J. Edmonds
                                                        John J. Edmonds – LEAD COUNSEL
                                                        Texas Bar No. 789758
                                                        Michael J. Collins
                                                        Texas Bar No. 4614510
                                                        Henry M. Pogorzelski
                                                        Texas Bar No. 24007852
                                                        Erick Robinson
                                                        Texas Bar No. 24039142
                                                        COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                        1616 S. Voss Road, Suite 125

Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
hpogorzelski@cepiplaw.com
erobinson@cepiplaw.com

Andrew W. Spangler
Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
ADJUSTACAM LLC

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

September 1, 2010               /s/ *John J. Edmonds*
                                John J. Edmonds