IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC<br>    *Plaintiff*<br><br>v.<br><br>AMAZON.COM, INC., *et al.*<br>    *Defendants* | Case No. 6:10-cv-329-LED<br><br>**JURY** |

### REPLY BRIEF IN SUPPORT OF EMERGENCY OPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT, BY HEWLETT-PACKARD COMPANY, FRY'S ELECTRONICS, INC., MICRO ELECTRONICS, INC., AND OFFICE DEPOT, INC., AND REQUEST FOR EXPEDITED BRIEFING

Defendants Hewlett-Packard Company ("HP"), Fry's Electronics, Inc. ("Fry's"), Micro Electronics, Inc. ("MEI"), and Office Depot, Inc. ("Office Depot") (collectively, "moving Defendants") submit this reply brief in support of their motion for a 14-day extension of time to answer or otherwise respond to Plaintiff's First Amended Complaint. Plaintiff's opposition makes clear that the requested extension should be granted.

**I.**   **Plaintiff Has Not Shown a Shred of Prejudice or Inconvenience from the Extension**

The most startling fact about Plaintiff's opposition is the complete absence of any attempt to show that the requested extension will cause Plaintiff even a scintilla of prejudice or even inconvenience. Of course, Plaintiff can make no such showing for at least the following reasons:

  1)  Plaintiff fails to note that it filed an amended complaint on August 17, 2010, in which it amended its claims against each of the moving Defendants. In addition to amending its claims, AdjustaCam added additional retailers (Best Buy, Best Buy Stores, Bestbuy.com, Conn's, J&R Electronics, Kohl's Corp., Kohl's Illinois) and an additional webcam manufacturer/supplier (Solid Year Co.). AdjustaCam's own decision to amend its complaint necessitated additional

work by each of the moving defendants to investigate the amended claims and to evaluate the contractual relationships with these new defendants added by Plaintiff.  The extension requested by the moving Defendants makes their responsive pleading due just **31 days** after the Plaintiff amended its claims and added parties.

   2)  Plaintiff has agreed to additional 14-day extensions of time to answer to no less than **five** other Defendants since it refused to extend this same courtesy to the moving Defendants.  Many of the Defendants who have received these extensions now have answer deadlines <u>later</u> than the extended deadline requested by the moving Defendants.

   3)  The Defendants Plaintiff added to its First Amended Complaint have not answered, and several of the Defendants from the Original Complaint have not even made appearances in the case yet.

## II.   The Moving Defendants Require the Extension and Will Be Harmed Without It

In addition to the fact that Plaintiff amended its complaint just two weeks ago to add parties and amend its claims, the moving Defendants have other legitimate reasons for requiring a short extension, all of which were set forth in their opening brief.  To the extent further explanation is required, the moving Defendants respond to Plaintiff's criticisms as follows.

Defendant Hewlett-Packard requires an extension because a number of the accused HP products named in the Complaint are identified by names different from the identifiers HP itself uses.  This appears to be the result of the fact that certain retailers sell HP products under identifiers unique to them.  In order to determine which products are accused for each of the accused retailers of HP products, and to confirm that such products, in fact, are HP products, HP has been in contact with its retailers to clarify the product names.

In addition, because HP provides products that may be sold by some of the retailer defendants, HP also has been required to review its contracts with all of these retailers and to evaluate how these contracts may impact HP's defense of the case.  This process was further complicated when plaintiff amended its complaint, just two weeks ago, to add additional retailers accused of selling HP products (such as, for example, the Best Buy companies).

Fry's, MEI, and Office Depot require an extension because they are accused of selling products from a number of different manufacturers.  Where they do not have the accused products in stock, they have worked to obtain the products from the manufacturers in order to conduct the diligence necessary to answer the claims in the complaint.  Moreover, these retailer Defendants have had to evaluate their contracts with each of their suppliers to determine whether, for example, they are required to tender the defense of the claims to a supplier in order to perfect their right to indemnification.  Because of the large number of suppliers, this process has been lengthy and complicated.  Finally, in evaluating the claims in the Complaint, the retailer Defendants have encountered a number of products on which they are accused which, according to their records, they have not sold.  This has created confusion about the Plaintiff's claims and the need for substantial additional investigation to determine how to answer these allegations.

### III.  Plaintiff Did Not Offer Any Compromise, Contrary To Its Claim

Plaintiff claims that the moving Defendants "stubbornly refused" its offer to compromise by extending the moving Defendants' answer deadlines to September 3, 2010.  Since, as Plaintiff well knows, the Defendants' answers are <u>currently</u> due on September 3, the Plaintiff's "offer" was no compromise at all, and it is ironic that Plaintiff now holds this "offer" out as evidence of its courtesy and cooperation in this matter.

Further, while declaring a 30-day extension "requisite," Plaintiff fails to note that Local Rule CV-12 contemplates an overall extension not exceeding 45 days as so commonplace as to be treated precisely the same way as a 30 day extension, that is, by means of an application rather than a formal motion.  *See* Local Rule CV-12.  AdjustaCam does not explain why, despite the local rules, it regards a 30-day extension as "requisite" but an additional 14 day extension is to be characterized as "an abusive tactic" (though it was clearly not abusive the other **5** times AdjustaCam consented to the exact same extension).  Again, AdjustaCam's conduct here is simply arbitrary and capricious, and wholly inconsistent with Local Rule AT-3(J)'s requirement of cooperation among counsel.

## Conclusion

This motion should not have been necessary in this District, where cooperation and courtesy among counsel is the norm, but now that Plaintiff has rendered it necessary, the moving Defendants respectfully request that the Court grant their motion for a 14 day extension of their time to answer or otherwise respond to the Plaintiff's First Amended Complaint.

DATED:  September 2, 2010        By:     */s/ Steven R. Daniels*

            W. Bryan Farney
Lead Attorney
Texas State Bar No. 06826600
Steven R. Daniels
Texas State Bar No. 24025318
Bryan D. Atkinson
Texas State Bar No. 24036157
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, Texas 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
E-mails: bryan.farney@dechert.com
        steven.daniels@dechert.com
        bryan.atkinson@dechert.com

**ATTORNEYS FOR DEFENDANTS HEWLETT-PACKARD COMPANY, FRY'S ELECTRONICS, INC., MICROCENTER ELECTRONICS, INC., AND OFFICE DEPOT, INC.**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel of record who have consented to electronic service as this district requires.  Local Rule CV-5(a)(3)(A).

                           */s/ Steven R. Daniels*