IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC | |
| v. | NO. 6:10-cv-329-LED |
| AMAZON.COM, INC.;  ET AL. | JURY |

**PLAINTIFF'S SUR-REPLY TO THE EMERGENCY MOTION FOR EXTENSION BY HEWLETT-PACKARD, FRY'S, MICROCENTER, AND OFFICE DEPOT**

Plaintiff AdjustaCam LLC ("AdjustaCam") respectfully submits this Sur-Reply to the Emergency Motion for Extension filed by Hewlett-Packard, Fry's, Microcenter, and Office Depot (collectively "Movants") (Dkt. No. 118), as follows:

I.

The issues relative to Movant's "Emergency Motion" should be clear enough to the Court. AdjustaCam respectfully submits this sur-reply to address two points.

First, Movants accused AdjustaCam of being "arbitrary," "capricious" and they suggest we lack cooperation and courtesy.  However, the facts are the opposite.  AdjustaCam has agreed to first thirty day extensions to respond for every defendant who asked for one -- Dkt Nos. 12, 14, 16, 17, 18, 19, 22, 23, 25, 26, 27, 29, 30, 31, 68, 69, 71, 73, 86, 87, 88, 90, 94, 95, 96, 101, 106, 107, 108, 109, 116, 124 & 143 -- regardless of their reasons.  Further, AdjustaCam has agreed to multiple second extensions for defendants who had reasonable justifications for them. Dkt. Nos. 120, 121, 122, 125, 137, 138, 139, 141 & 142.

The record should be clear that AdjustaCam is liberal in agreeing to reasonable extensions when they are appropriate.  Yet, for the reasons stated in AdjustaCam's Response, here it is simply not credible that, coincidentally, none of the four defendants represented by the Dechert law firm in this case can respond to AdjustaCam's Complaint in fifty days time,

but they can all do so in sixty-four days time. In this regard, it should be noted that counsel for Movants originally requested a forty-five day extension back in late July, and when AdjustaCam indicated its agreement to thirty, they responded: "Okay. I will probably need to come back for more for AdjustaCam, but we will apply only for 30 days for now." Exhibit 1. One might conclude that Movants never intended to respond to the Complaint when their thirty day extension expired.

Second, AdjustaCam is shocked that Movants' Reply denies that AdjustaCam offered a few extra days to respond if Movants were pinched for time. During the meet and confer that took place on Monday, August 31st, Movants stated that their answers were due that same day. AdjustaCam was unpersuaded with all four Dechert represented clients each needing beyond the original thirty day extension, but -- without a doubt -- AdjustaCam offered a few extra days if they needed them. Rather than entertain an unseemly he said/she said on this issue, the Court need merely look at the written record, which followed minutes after the meet and confer:

> AdjustaCam: "I told you that, if you are pinched for time and need a few days to circulate proposed answers to your clients, we would not oppose an extension for a few days to get that done, but no additional extension appears justified."
>
> Movants: "What do you consider a 'few days'?"
>
> AdjustaCam: "As I stated during the meet and confer, if you are pinched for time and need a few days to circulate proposed answers to your clients, we would not oppose an extension for a few days to get that done. A few is three. If you need until this Friday, that is fine too.

Exhibit 2. Apparently since the meet and confer Movants recalculated the due date for their answers, and concluded it was September 3rd instead of August 31st. Their due date is what it

is, but their statement to the Court that AdjustaCam did not offer any more time to respond is flat wrong and inexcusable.  Fortunately there is a written record of what transpired.

Irrespective of whether AdjustaCam has agreed to more extensions for other defendants, or who said what at the meet and confer, for the reasons set forth in AdjustaCam's Response and for the reasons stated herein, Movants have failed to show good cause for a further extension to respond beyond their first thirty day extension, and their Emergency Motion should be denied.

September 2, 2010

Respectfully submitted,

ADJUSTACAM LLC

By: /s/ *John J. Edmonds*
John J. Edmonds – LEAD COUNSEL
Texas Bar No. 789758
Michael J. Collins
Texas Bar No. 4614510
Erick Robinson
Texas Bar No. 24039142
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
erobinson@cepiplaw.com

Andrew W. Spangler
Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
ADJUSTACAM LLC

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

September 2, 2010                 /s/ *John J. Edmonds*
                                               John J. Edmonds