UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC, | Case No. 6:10-CV-00329-LED |
| Plaintiff, | |
| vs. | |
| AMAZON.COM, INC., et al. | |
| Defendants. | |

**DEFENDANT WAL-MART STORES, INC.'S PARTIAL MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM, FED. R. CIV. P. 12(B)(6)**

LACA_2627995.4

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................... 1

II.     BACKGROUND ........................................................................................ 1

III.    APPLICABLE LEGAL STANDARDS ....................................................... 2

      A.      Motion To Dismiss Standards ......................................................... 2

            1.      Failure To Plead Required Elements Warrants Dismissal ......................... 5

            2.      Filing A Partial Motion To Dismiss Suspends The Time To Respond To Other Claims .............................................................. 5

      B.      Inducing And Contributory Infringement ....................................... 5

      C.      The Standards For Pleading Inducing And Contributory Infringement Are Different Than The Standards For Pleading Direct Infringement ......................... 7

IV.    THE COURT SHOULD DISMISS THE CONTRIBUTORY INFRINGEMENT AND INDUCING INFRINGEMENT CLAIMS ................................................ 8

      A.      Plaintiff Failed To Plead Inducing Infringement Adequately ................. 8

      B.      Plaintiff Failed To Plead Contributory Infringement Adequately .............. 10

V.      CONCLUSION ....................................................................................... 11

i

LACA_2627995.4

## <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

**FEDERAL CASES**

*Aro Manufacturing Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964).................................................................................................7

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009)...................................................................................Passim

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................3-4, 8

*Blackburn v. City of Marshall*,
   42 F.3d 925 (5th Cir. 1995) ...........................................................................5-6

*BMC Resources, Inc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007)...................................................................6

*C.R. Bard, Inc. v. Advanced Cardiovascular Systems, Inc.*,
   911 F.2d 670 (Fed. Cir. 1990)....................................................................7

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ......................................................................3

*Conley v. Gibson*,
   355 U.S. 41 (1957).......................................................................................4

*Doe v. MySpace, Inc.*,
   528 F.3d 413 (5th Cir. 2008) ......................................................................3

*DSU Medical Corporation, et al. v. JMS Co., LTD*,
   471 F.3d 1293 (Fed. Cir. 2006)...................................................................6

*Elan Microelectronics Corp. v. Apple, Inc.*,
   No. C 09-01531 RS.................................................................................7, 9

*Eolas Technologies, Inc. v. Adobe Systems, Inc.*,
   No. 6:09-CV-446, 2010 WL 2026627 (E.D. Tex. May 6, 2010) (Davis, J.).............................8

*Fernandez-Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) ......................................................................5

*Finnegan v. Univ. of Rochester Med. Ctr.*,
   180 F.R.D. 247 (W.D.N.Y. 1998).................................................................5

*Gortat v. Capala Bros., Inc.*,
   257 F.R.D. 353 (E.D.N.Y. 2009) ...............................................................5

LACA_2627995.4

## TABLE OF AUTHORITIES

**Page**

*Hewlett-Packard Co. v. Intergraph Corp.*,
No. C 03-2517 MJJ, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ......................................10

*Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*,
No. 6:09-CV-00208-LED, Dkt. No. 195 ........................................................................ 5, 8-10

*Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*,
No. 6:09-CV-00499-LED, Dkt. No. 56 ........................................................................... 6, 8-10

*Joy Technologies, Inc. v. Flakt, Inc.*,
6 F.3d 770 (Fed. Cir. 1993) ...............................................................................................6

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) ..................................................................................... 2-3, 7

*Performance Aftermarket Parts Group, Ltd. v. TI Group Automotive Sys., LLC*,
2007 WL 2818269 (S.D. Tex. Sept. 25, 2007) ..................................................................8, 10

*Ruffin v. Kansas City Southern Railway Co.*,
No. 2:07 CV 87, 2007 WL 4290006 (E.D. Tex. Dec. 5, 2007) (Davis, J.) ...............................3


FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

35 U.S.C. § 271 ..........................................................................................................2, 11

35 U.S.C. § 271(b) ..........................................................................................................6

35 U.S.C. § 271(c) .................................................................................................. 6-7, 10

Fed. R. Civ. P. 8 ..........................................................................................................1, 3

Fed. R. Civ. P. 8(a) ........................................................................................................10

Fed. R. Civ. P. 8(a)(2) .......................................................................................................3

Fed. R. Civ. P. 12(b)(6) ...............................................................................................1, 3, 7

Fed. R. Civ. P. 84 ............................................................................................................8

iii

LACA_2627995.4

I.    **INTRODUCTION**

Defendant Wal-Mart Stores, Inc. ("Walmart"), brings this motion to dismiss Plaintiff's claims for inducing and contributory infringement under Fed. R. Civ. P. 12(b)(6).  To be clear, Walmart does not move to dismiss the claims for direct infringement.

The Supreme Court explained in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) that threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not meet even the liberal pleading standards of Fed. R. Civ. P. 8.  Here, however, Plaintiff's pleading of inducing and contributory infringement is even less than "threadbare." Plaintiff fails to plead even the basic elements of inducing and contributory infringement. Further, even if Plaintiff had pleaded the elements of inducing and contributory infringement, Plaintiff fails to plead any factual basis for those claims.   Because Plaintiff's pleading of inducing and contributory infringement is inadequate, those claims should be dismissed.

II.   **BACKGROUND**

This patent infringement lawsuit involves U.S. Patent No. 5,855,343 ("'343 patent") entitled "Camera Clip."  On July 2, 2010, Plaintiff filed its Complaint for Patent Infringement and on August 16, 2010 filed its First Amended Complaint, which is currently the operative version of the Complaint (Exh. 1) ("Complaint").  In the Complaint, under the section entitled "Count 1 – Infringement of U.S. Patent No. 5,855,343," Plaintiff alleges the following relative to Walmart, at ¶ 196:

> Moreover, on information and belief, WAL-MART has been and
> now is indirectly infringing by way of inducing infringement
> and/or contributing to the infringement of the '343 Patent in the

State of Texas, in this judicial district, and elsewhere in the United

States, including by providing the above-described apparatuses for

supporting cameras to users comprising this Defendant's

customers.   Upon information and belief, such induced and/or

contributory infringement has occurred at least since this

Defendant became aware of the '343 Patent, at least through

becoming aware of this lawsuit.

In Complaint ¶¶ 195 and 196 Plaintiff accuses Walmart of direct infringement and

purports to identify allegedly infringing products.   In Complaint ¶ 198, Plaintiff summarily

concludes: "WAL-MART is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C.

§ 271."  In the "Jurisdiction and Venue" section of the complaint, ¶¶ 58-59, Plaintiff alleges that

Walmart and other numerous other defendants "induce and/or contribute to the infringement of

the patent-in-suit by infringing users located in this forum," but does not provide a factual basis

that would support a pleading of the elements of inducing and contributory infringement.

Plaintiff mentions the patent infringement statute, 35 U.S.C. § 271 in Complaint ¶ 198,

but never even mentions the relevant subsections for indirect infringement, i.e., §§ 271(b) and

(c), and Plaintiff never states any facts that would support a pleading of the elements of indirect

infringement.

## III.   APPLICABLE LEGAL STANDARDS

### A.   Motion To Dismiss Standards

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v.

Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in

LACA_2627995.4

the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A party may move for dismissal of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8).  Nevertheless, "in order to avoid dismissal for failure to state a claim . . . a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A court "will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Id.  See Ruffin v. Kansas City Southern Railway Co.,* No. 2:07 CV 87, 2007 WL 4290006 at *1 (E.D. Tex. Dec. 5, 2007) (Davis, J.) (Exh. 2).

As the Supreme Court more recently explained in *Iqbal*, 129 S. Ct. at 1949, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[1]  The *Iqbal* court explained that the *Twombly* decision rested on two separate "working principles."

---

[1]     *Iqbal* also confirms that *Twombly* construes Fed. R. Civ. P. 8 and therefore applies to all actions and is not limited to antitrust cases. *Id.* at 1953.

3

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Iqbal*, 129 S. Ct. at 1949-50.

The second principle of *Twombly* is that even where a complaint pleads more than legal conclusions, it still may not be sufficient.

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S. Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.* at 1950.

In opposition to CDW's earlier motion to dismiss, Plaintiff relied heavily on pre-*Iqbal* and *Twombly* cases (see Dkt. # 114 at pp. 6-7), and even quoted the *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) language that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Plaintiff's understanding of the applicable legal standard is incorrect, as the standard Plaintiff relies on was abrogated by the Supreme  Court in *Twombly*, 129 S. Ct. at 1968-69, and the Supreme Court again stated in *Iqbal*, 129 S. Ct. at 1944, that the *Conley* "no-set-of-facts test"

LACA_2627995.4

had been "retired."  Given that Plaintiff's understanding of the appropriate legal standard is incorrect, it is not surprising that its other arguments and conclusions are also incorrect.

### 1.    Failure To Plead Required Elements Warrants Dismissal

More specifically, dismissal of a claim is proper if a complaint fails to plead a required element.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (dismissing First Amendment claim for failure to allege the violation of a clearly established constitutional right).  Further, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

### 2.    Filing A Partial Motion To Dismiss Suspends The Time To Respond To Other Claims

Filing a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion. *See Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998) (collecting cases).  If the opposite rule controlled and partial motions to dismiss did not suspend a party's obligation to reply to additional claims, the result would be "a procedural thicket" of piecemeal answers that would poorly serve judicial economy.  *See Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009).  Thus, Walmart need not answer with respect to the direct infringement claim until this motion is resolved.

### B.    Inducing And Contributory Infringement

Although Form 18 to the Federal Rules of Civil Procedure addresses what is needed to pleading <u>direct</u> infringement, "Form 18 does not address indirect infringement claims."  *See Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*, No. 6:09-CV-00208-LED, Dkt. No. 195, at 5

LACA_2627995.4

(E.D. Tex. Mar. 29, 2010) (Davis, J.) (Ex. 3); *Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*, No. 6:09-CV-00499-LED, Dkt. No. 56, at 5 (E.D. Tex. Mar. 29, 2010) (emphasis added) (Davis, J.) (Ex. 4). Thus, in the absence of a Federal Civil Procedure Form, this Court should apply the Fifth Circuit pleading rule that a claim should be dismissed if the complaint fails to plead a required element. *Blackburn*, 42 F.3d at 931.

To infringe a patent indirectly, whether by inducing another's infringement, or by contributing to another's infringement, there must be some act of direct infringement in this country by a third party. *See BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007)*; Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993). Moreover, to be liable for inducing another's infringement under 35 U.S.C. § 271(b), the indirect infringer must intentionally aid and abet that direct infringement with knowledge of the patent. *DSU Medical Corporation, et al. v. JMS Co., LTD*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) ("In order to induce infringement, there must first be an act of direct infringement and proof that the defendant knowingly induced infringement with the intent to encourage the infringement. The defendant must have intended to cause the acts that constitute the direct infringement and must have known or should have known that its action would cause the direct infringement."). Thus, contrary to Plaintiff's position in Opposition to CDW's Motion to Dismiss (Dkt. # 114 at pp. 10-12), that a third party direct infringes a patent and that a defendant has become "aware" of a patent is not sufficient to establish inducing infringement.

In order to state a claim for contributory infringement pursuant to § 271(c), Plaintiff must allege that Defendant offered to sell or sold a "*component* of a patented machine . . . constituting a *material part* of the invention, *knowing* the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce

6

suitable for substantial noninfringing use." *Id.* (emphasis added); *see also Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).   Regarding the "staple article or commodity of commerce" exclusion, a device that has substantial non-infringing uses is considered a staple article.  *See C.R. Bard, Inc. v. Advanced Cardiovascular Systems, Inc.*, 911 F.2d 670, 674-75 (Fed. Cir. 1990).

### C.   The Standards For Pleading Inducing And Contributory Infringement Are Different Than The Standards For Pleading Direct Infringement

The Federal Circuit considered the adequacy of a pro se litigant's complaint for direct patent infringement and other claims in *McZeal v. Sprint Nextel Corporation*, 501 F.3d 1354 (Fed. Cir. 2007).   In the *McZeal* complaint, the allegations of patent infringement were conclusory in much the same way as those here.  The Federal Circuit, however, concluded that the pleading "met the low bar for pro se litigants to avoid dismissal on the basis of Fed. R. Civ. P. 12(b)(6)."  *Id.* at 1358.  In analyzing the complaint's adequacy, the *McZeal* court looked to what was then Form 16 appended to the Federal Rules of Civil Procedure, entitled "Complaint for Patent Infringement" (it now appears at Form 18).  That form, which provides an example for alleging direct patent  infringement, requires only conclusory statements, but those types of conclusory allegations have been accepted as adequate by district courts and the Federal Circuit. *Id.*   Accordingly, by this motion Walmart is not challenging the inadequacy of Plaintiff's pleading of direct infringement.

Form 18, however, only provides an example of how *direct* patent infringement may be alleged.  Form 18 does not purport to address inducing and contributory infringement, both of which have different elements than direct infringement.  *See Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, at  3-4 (N.D. Cal. 2009) (Exh. 5).  "In the absence of any other

7

form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*" to inducing and contributory infringement claims.  *Id. See, Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*, No. 6:09-CV-00208-LED, Dkt. No. 195, at 5 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Exh. 3); *Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*, No. 6:09-CV-00499-LED, Dkt. No. 56, at 5 (E.D. Tex. Mar. 29, 2010)  (Davis, J.) (Exh. 4); *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, No. 6:09-CV-446, 2010 WL 2026627 (E.D. Tex. May 6, 2010) (Davis, J.) (Exh. 6).

Finally, to the extent Plaintiff would argue that its failures to plead the elements of inducing and contributory infringement could be remedied by its providing of infringement contentions or some other disclosure in discovery, Plaintiff's discovery related disclosures cannot amend its pleadings.  *See Performance Aftermarket Parts Group, Ltd. v. TI Group Automotive Sys., LLC*, 2007 WL 2818269, at n.2 (S.D. Tex. Sept. 25, 2007) (Exh. 7).  Therefore, such an argument should be rejected.

## IV.  THE COURT SHOULD DISMISS THE CONTRIBUTORY INFRINGEMENT AND INDUCING INFRINGEMENT CLAIMS

### A.  Plaintiff Failed To Plead Inducing Infringement Adequately

Here, Plaintiff's allegation of inducing infringement is nothing more than a bare assertion, made on "information and belief" that Walmart "has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent . . . .including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers." (Complaint ¶ 196).  Plaintiff's use of "and/or" is an indication that it is not even sure what type of infringement Walmart has allegedly committed. Further, Plaintiff does not even attempt to plead the necessary elements of inducing

LACA_2627995.4

infringement, i.e., that a third party committed direct infringement which the defendant knowingly induced, that the defendant intended to encourage the infringement, that the defendant must have intended to cause the acts that constitute the direct infringement, and that the defendant must have known or should have known that its action would cause the direct infringement.

Specifically, while Plaintiff pleads that unidentified customers infringe, Plaintiff fails to plead any facts supporting any of the following elements: that Walmart knowingly induced infringement; that Walmart intended to encourage infringement; that Walmart must have intended to cause the acts that constitute the direct infringement; or that Walmart knew or should have known that its action would case direct infringement.

In Opposition to CDW's arguments about Plaintiff's inadequate pleading of indirect infringement, Plaintiff contended that its amended Complaint pleads direct infringement by customers and CDW's "awareness" of the patent (Dkt. # 114 at pp. 10-12).  Those issues are not the issues Walmart is raising on this motion.  Rather, what is at issue are Plaintiff's failure to plead facts in support of the elements identified in the immediately preceding paragraph.

Similar inadequate pleadings of inducing infringement have been dismissed by this and other courts.  *See, Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*, No. 6:09-CV-00208-LED, Dkt. No. 195, at 5 (Mar. 29, 2010) (Davis, J.) (Exh. 3); *Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*, No. 6:09-CV-00499-LED, Dkt. No. 56, at 5 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Exh. 4); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, at 7 (N.D. Cal. 2009) (Exh. 5).

9

As in the cases noted above, Plaintiff's inadequate pleading of inducing infringement does not meet the pleading standards of Rule 8(a) and *Iqbal*, and Plaintiff's claim for inducing infringement should be dismissed.

### B.     Plaintiff Failed To Plead Contributory Infringement Adequately

The elements of contributory infringement under 35 U.S.C. § 271(c) include offering to sell or selling a "component" of a patented machine, constituting a "material part" of the invention, along with the accused contributory infringer's "knowledge" that the component was especially made or especially adapted for use in an infringement of the patent-in-suit. Threadbare recitals of the words "contributed to the infringement" without even an allegation that a Defendant offered to sell or sold any particular component or that such component was a material part of an infringing device are inadequate to plead contributory infringement. *See Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517 MJJ, 2003 WL 23884794, at *2 (N.D. Cal. Sept. 6, 2003) (Exh. 8) (dismissing claims for contributory infringement); *Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*, No. 6:09-CV-00208-LED, Dkt. No. 195 at 5 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Exh. 3); *Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*, No. 6:09-CV-00499-LED, Dkt. No. 56 at 5 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Exh. 4).

Similarly, a claim for contributory infringement is inadequate when Subsection (c) is not cited in the pleading, nor are there any factual allegations in the pleading that would support a contributory infringement claim.    Merely mentioning "contributory infringement" without reference to any subsection of the statute, and without any factual allegations regarding contributory infringement is inadequate. *See Performance Aftermarket Parts Group*, 2007 WL

LACA_2627995.4

2818269, at *2 (concluding that a defendant who cited to 35 U.S.C. § 271 but did not provide any facts regarding contributory infringement had not properly pled contributory infringement).

Here, Plaintiff failed to plead virtually all of the necessary elements of a contributory infringement claim, i.e., selling a "component" of a patented machine that is a "material" part of the invention, the accused contributory infringer's "knowledge" that the component was especially made or especially adapted for use in an infringement of the patent-in-suit, and that the component does not have a substantial non-infringing use.  Indeed, in Plaintiff's Opposition to CDW's motion to dismiss (Dkt. #114 at pp. 10-12), Plaintiff does not even attempt to address these issues.  It is remarkable, and dispositive of this issue, that Plaintiff never even uses the word "component" in the Complaint or its Opposition to CDW's motion to dismiss.  Further, a contributory infringement claim makes no sense in this case because Plaintiff does not accuse Walmart of selling a component of a different infringing apparatus.  Instead, Plaintiff accuses Walmart of selling the entire allegedly infringing apparatus.  Because Plaintiff has not pleaded the elements of contributory infringement, its contributory infringement claim should also be dismissed.

## V.    <u>CONCLUSION</u>

For all the foregoing reasons, this motion to dismiss Plaintiff's claims against Walmart for inducing and contributory infringement should be dismissed.

11

Dated:  September 3, 2010                    Respectfully submitted,


                                            /s/ Victor de Gyarfas
                                            Victor de Gyarfas
                                            Attorney-in-Charge
                                            (Texas Bar No. 24071250)
                                            e-mail:  vdegyarfas@foley.com
                                            FOLEY & LARDNER LLP
                                            555 South Flower Street, Suite 3500
                                            Los Angeles, CA 90071-2411
                                            213.972.4500
                                            213.486.0065

                                            Attorneys for Defendant Wal-Mart Stores, Inc.

12

### <u>CERTIFICATE OF SERVICE</u>

The undersigned certified that DEFENDANT WAL-MART STORES, INC.'S PARTIAL

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, FED. R. CIV. P. 12(b)(6)  was

filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served

on all counsel who have consented to electronic service.


        /s/   Victor de Gyarfas