

Page 1

Not Reported in F.Supp.2d, 2007 WL 4290006 (E.D.Tex.)
**(Cite as: 2007 WL 4290006 (E.D.Tex.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Texas,
Marshall Division.
Chad RUFFIN, Plaintiff
v.
KANSAS CITY SOUTHERN RAILWAY COMPANY, Defendant.
**No. 2:07 CV 87.**

Dec. 5, 2007.

Stephen Reed Morgan, Law Offices of S. Reed Morgan, Comfort, TX, Gregory George Paul, Robert Peirce & Associates, Pittsburgh, PA, for Plaintiff.

Paul O. Wickes, David Charles Lonergan, Hunton & Williams, Dallas, TX, James Rodney Gilstrap, Smith & Gilstrap, Marshall, TX, for Defendant.

### MEMORANDUM OPINION AND ORDER

LEONARD DAVIS, District Judge.

**\*1** Before the Court is Defendant Kansas City Southern Railway Company's ("KCS") Partial Motion to Dismiss for Failure to State a Claim (Docket No. 5). After considering the parties' written submissions and oral arguments, the Court **GRANTS** KCS's motion.

### BACKGROUND

Plaintiff Chad Ruffin is a railway worker, who resides in Louisiana. He worked for KCS as a laborer and diesel mechanic from March 8, 2005 through April 11, 2005. In his complaint, Ruffin brings a personal injury claim under the Federal Employers' Liability Act ("FELA") and a wrongful discharge claim for which he identifies four grounds: (1) retaliation for filing a FELA claim or for being injured while working, (2) retaliation under Texas Labor Code § 451.001, et seq., (3) implied contract of good faith and fair dealing, and (4) the public policies of Texas and Louisiana. KCS moves to dismiss Ruffin's wrongful discharge claim; KCS contends that Ruffin fails to state facts to support a claim under any of the above four theories.

### STANDARD OF REVIEW

Dismissal under Federal Rule of Civil Procedure 12( b)( 6) is appropriate where a party fails to state a claim upon which relief may be granted. SeeFED. R. CIV. P. 12( b)( 6). In ruling on a Rule 12( b)( 6) motion, a court construes the complaint in favor of the plaintiff and all facts pleaded are taken to be true, no matter how improbable those facts. Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir.1997). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); In re Katrina Canal Breaches Litig., 495 F.3d 191, 204 (5th Cir.2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965. However, "in order to avoid dismissal for failure to state a claim ... a plaintiff must plead specific facts, not mere conclusory allegations." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir.2000). A court "will thus not accept as true conclusory allegations or unwarranted deductions of fact." Id.

### ANALYSIS

The issue before the Court is whether Ruffin's wrongful discharge claim is cognizable under any of his four alleged bases.

**Texas Labor Code § 451.001, et seq.**

Ruffin conceded that Section 451.001 does not provide a retaliation claim for a FELA claim filer. The Texas Supreme Court addressed this very matter and held "any alleged retaliation by the Railway against [plaintiff] for filing a FELA claim and hiring a lawyer to assert the claim is not actionable under [Section 451.001] ." The Mexican Ry. Co. v. Bouchet, 963 S.W.2d 52, 56 (Tex.1998).

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT 2

Not Reported in F.Supp.2d, 2007 WL 4290006 (E.D.Tex.)
**(Cite as: 2007 WL 4290006 (E.D.Tex.))**

**Implied Contract of Good Faith and Fair Dealing**

***2** Ruffin asks the Court to recognize a claim for an implied contract of good faith and fair dealing. Ruffin claims that KCS owed him a duty of good faith and fair dealing arising from his employment. Ruffin contends that KCS breached this duty when it fired him after he allegedly suffered an injury at work.

The Texas Supreme Court expressly rejected such a claim in the employment context because Texas follows the at-will employment doctrine. *City of Midland v. O'Bryant,* 18 S.W.3d 209, 216 (Tex.2000). While offering no authority to support his position, Ruffin attempts to distinguish *O'Bryant* by claiming that *O'Bryant* is limited to cases where a state statute provides a remedy.

Although the *O'Bryant* court mentioned that a new common-law duty of good faith and fair dealing would subvert statutory schemes that regulate employment relationships, the court's holding is not limited to state statutory claims as Ruffin advances. In fact, the *O'Bryant* court explained that allowing a good faith and fair dealing claim would "completely alter the nature of at-will employment," and the court declined to change "the at-will nature of employment in Texas." *Id.* Focusing on protecting the sanctity of the at-will employment doctrine, the Texas Supreme Court refused to recognize an implied contract of good faith and fair dealing in the employment context; accordingly, the Court refuses to recognize such a claim here.

**Public Policy**

Ruffin claims Texas's and Louisiana's public policy support his wrongful discharge claim. KCS contends that the present facts do not constitute a public policy exception to the at-will employment doctrine that either Texas or Louisiana recognize. Texas recognizes only certain, narrow common-law exceptions to at-will employment, for example, terminating an employee for refusing to commit an illegal act that carries criminal penalties. *O'Bryant,* 18 S.W.3d at 215; *Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). "The exceptions that have been recognized do not prohibit retaliating for filing a FELA claim." *Mayon v. S. Pac. Transp. Co.,* 805 F.2d 1250, (5th Cir.1986). Similarly, Louisiana only recognizes an exception to at-will employment if a federal or state statute provides one. *Quebedeaux v. Dow Chem. Co.,* 820 So.2d 542, 546 (La.2002) ("there are no broad policy considerations creating exceptions to employment at will and affecting relations between employer and employee"); *Godfrey v. Aab Amusement Co., Inc.,* No. Civ. A. 04-2052, 2005 WL 2467773, at *10 (W.D.La. Oct.6, 2005) ("wrongful termination in violation of public policy is not a cause of action"). Accordingly, Texas's and Louisiana's public policy do not provide a basis for Ruffin's wrongful discharge claim.

**FELA**

"The FELA provides no private cause of action for [Plaintiff's] alleged retaliatory discharge and the emotional distress that accompanied it." *Mayon,* 805 F.2d at 1253. However, Ruffin contends that public policy necessitates a FELA retaliation claim and urges the Court to create such a claim. Ruffin's argument relies on the reasoning in *Smith v. Atlas Off-Shore Boat Services, Inc.,* 653 F.2d 1057 (5th Cir.1980) (allowing a retaliatory discharge claim under the Jones Act). In *Smith,* the Fifth Circuit created a maritime tort to prohibit employers from firing maritime employees who had filed Jones Act claims. *Id.* at 1064. However, the *Smith* holding is limited to admiralty/Jones Act claims, and *Smith* is not a " 'green light' for federal courts to imply private causes of action under federal law." *Deubert v. Gulf Fed. Sav. Bank,* 820 F.2d 754, 759 n. 7 (5th Cir.1987).

***3** Ruffin also asserts that two courts have recognized that a retaliation cause of action is cognizable under FELA. See *Green v. Kansas City So. Ry. Co.,* 464 F.Supp.2d 610 (E.D.Tex.2006) (Love, Mag. J.); *White v. Kansas City So. Ry. Co.,* No. Civ. A. 00-2886, 2001 WL 736757 (E.D.La.2001). In both cases, the plaintiffs attempted to distinguish *Mayon* on the facts, stating they were not asserting retaliation claims for filing a FELA claim but rather for firing an employee who was injured while working. See *Green,* 464 F.Supp.2d at 615; *White,* 2005 WL 736757 at *3. However, neither court focused on whether such a claim existed; rather they focused on whether the Railway Labor Act preempted a retaliatory claim. See *Green,* 464 F.Supp.2d at 620 (concluding "Green's discharge claims are not preempted by the RLA," but not addressing whether a discharge claim is cognizable under FELA); *White,* 2005 WL

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT 2

Page 3

Not Reported in F.Supp.2d, 2007 WL 4290006 (E.D.Tex.)
**(Cite as: 2007 WL 4290006 (E.D.Tex.))**

736757 at *3 (concluding that "plaintiff's damage claims for wrongful discharge due to his accident and injury under the FELA are not preempted by the RLA," but not addressing the viability of a FELA discharge claim). Therefore, the decisions are not persuasive on whether a discharge claim is cognizable under FELA, and *Mayon* controls. "The FELA provides no private cause of action for [Plaintiff's] alleged retaliatory discharge." *Id.* at 1253.[FN1]

> FN1. Ruffin asserts in his supplemental brief that 45 U.S.C. Section 55 allows for a retaliatory discharge claim. *Mayon* addressed this argument and held Section 55 does not create such a claim. *Mayon, 805 F.2d at 1252*.

### CONCLUSION

Ruffin also contends that the wrongful discharge goes to the issues of lost wages and mental anguish damages. The Court will address whether certain evidence will be admissible to prove damages closer to trial.

Ruffin has not stated a cognizable basis for his wrongful discharge claim. Therefore, the Court **GRANTS** KCS's Partial Motion to Dismiss for Failure to State a Claim.

**So ORDERED.**

E.D.Tex.,2007.
Ruffin v. Kansas City Southern Ry. Co.
Not Reported in F.Supp.2d, 2007 WL 4290006 (E.D.Tex.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT 2