IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JOAO BOCK TRANSACTION SYSTEMS OF TEXAS, LLC**<br><br>  Plaintiff,<br><br>vs.<br><br>**AT&T, INC., agent of AT&T, INC., et al.**<br><br>  Defendants. | **CASE NO. 6:09CV208**<br>**PATENT CASE** |

## MEMORANDUM OPINION AND ORDER

Before the Court are a series of related motions[1]: Defendants'[2] Motion to Dismiss (Docket No. 91), PNC Bank, N.A.'s Motion to Dismiss (Docket No. 116), Defendant Cellco Partnership d/b/a Verizon Wireless's ("Verizon Wireless") Motion to Dismiss for Failure to State a Claim (Docket No. 137), and Defendant T-Mobile U.S.A., Inc's Motion to Dismiss (Docket No. 155). Having considered the parties' written submissions, the Court **GRANTS** the motions and **GRANTS** Joao leave to amend its complaint within fifteen days.

## BACKGROUND

In its Second Amended Complaint for Patent Infringement, Joao accuses twenty defendants of infringing its U.S. Patent No. 7,096,003, entitled "Transaction Security Apparatus." The '003

---

[1] Defendant Visa also filed a motion to dismiss (Docket No. 74), but has since been dismissed from the case on the parties' agreement.

[2] The moving defendants are AT&T Mobility LLC, Zions First National Bank, The Northern Trust Company, Wells Fargo Bank, N.A., M&I Marshall & Ilsley Bank, Regions Bank, Bank of America, N.A., Discover Financial Services, Lindale State Bank, and Texas National Bank of Jacksonville.

EXHIBIT 3

patent contains 424 claims. In its substantive paragraph regarding infringement, Joao alleges direct and indirect infringement claims:

> Upon information and belief, the Defendants have infringed and continue to infringe one or more claims of the '003 patent by making, using, importing, providing, offering to sell, advertising and/or selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products and services. Upon information and belief, the Defendants have also contributed to the infringement of one or more claims of the '003 patent, and/or actively induced others to infringe one or more claims of the '003 patent, in this District and elsewhere in the United States.

Second Amended Complaint, Docket No. 45, ¶ 28, at 7.

Various Defendants have moved to dismiss Joao's complaint under Rule 12(b)(6), contending that Joao's complaint fails to state a claim for relief that is plausible on its face. Defendants argue that Joao's complaint does not contain enough facts to put them on notice as to what they must defend. Specifically, Defendants contend that Joao's direct infringement claims lack specificity and Joao's indirect infringement claims do not identify a direct infringer, a necessary element of indirect infringement. Defendants claim they are not seeking early Patent Rule 3-1 disclosures, but that Joao's complaint requires some additional facts to put Defendants on notice of what they must defend.

In its motion, T-Mobile enunciates the harm Defendants claim they will face if Joao's complaint is allowed to stand as is. T-Mobile argues that such a broad complaint forces T-Mobile to undertake broader infringement analysis to determine which products or services potentially infringe. T-Mobile also contends that document production will be more expensive because T-Mobile can begin collecting its documents now without knowing what is accused and thus relevant or it can wait to collect documents until it receives Joao's P.R. 3-1 disclosures and face a serious time shortage in getting the documents together. Additionally, T-Mobile is not able to properly

EXHIBIT 3

evaluate indemnification claims on products it obtains from third parties and cannot evaluate whether to name additional parties in the suit.  Finally, T-Mobile's overall case preparation is hampered because it cannot focus prior art searches and cannot search for an expert.

## APPLICABLE LAW

Regional circuit law applies to motions to dismiss for failure to state a claim.  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355 56 (Fed. Cir. 2007).  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555 56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8).  "Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 129 S. Ct. at 1950.

Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."  FED. R. CIV. P. 84.  Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

>           (Caption   See Form 1.)
> 1. (Statement of Jurisdiction--See Form 7.)
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
> Therefore, the plaintiff demands:
> (a) a preliminary and final injunction against the continuing infringement;
> (b) an accounting for damages; and
> (c) interest and costs.
>           (Date and sign   See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also McZeal*, 501 F.3d at 1356 57 (describing the requirements of the 2006 form, then Form 16).

The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18. To hold otherwise would render Rule 84 and Form 18 invalid. This cannot be the case. *See Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation); *McZeal*, 501 F. at 1360 (Dyk, J., concurring-in-part and dissenting-in-part) ("I agree that under Rule 84 of the Federal Rules of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form 16 would be sufficient under Rule 8 to state a claim. One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.") (footnote omitted); *see also Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 at *2 (N.D. Cal. Sept. 14, 2009) ("It is not easy to reconcile Form

EXHIBIT 3

18 with the guidance of the Supreme Court in *Twombly* and *Iqbal* . . . . Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms."). *But see Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18).

Thus, a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face. *See* FED. R. CIV. P. 84. However, a complaint that does not perfectly comply with Form 18 may still suffice to state a claim that is plausible on its face. The Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

Joao's allegation of direct infringement fails to adhere to Form 18 in that it does not identify any accused products or services. *See* FED. R. CIV. P. Form 18 (accusing "electric motors" of infringement). As to its indirect infringement claims, Joao also does not identify any accused products or services, nor does Joao expressly identify a direct infringer. Form 18 does not address indirect infringement claims, and courts are split on whether a direct infringer must be at least generically identified. *Compare PA Advisors v. Google Inc.*, 2008 WL 4136426 at *8 (E.D. Tex. Aug. 8, 2008)(Folsom, J.) (granting a motion for more definite statement requiring the plaintiff to at least generically identify the end user) *with Fotomedia Techs., LLC v. AOL, LLC*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Everingham, Mag.) (denying motion to dismiss indirect infringement because neither the sample complaint form nor the Federal Circuit require pleading every element of a claim for indirect infringement).

In the context of a patent containing 424 claims asserted against so many Defendants, Joao's

EXHIBIT 3

complaint taken as a whole, which fails to identify any asserted claims or any accused products or services and fails to identify a direct infringer in reference to Joao's indirect infringement claims, does not state a claim for relief that is plausible on its face. The complaint simply fails to inform Defendants as to what they must defend. While Form 18 does not set a high bar for what must be alleged, Joao has not met that bar. The Court does not require in a complaint the specificity that P.R. 3-1 requires, as that would go far beyond Rule 8's requirements, but some greater specificity is required here.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' motions, but **GRANTS** Joao leave to amend its complaint within the next fifteen days to comply with Rule 8. The Court strongly cautions Joao to narrow its case. Based on the Court's experience, a patent case involving the current number of claims (424) and Defendants is unmanageable. The Court will not lower its expectations of Joao's P.R. 3-1 disclosures because Joao has chosen to assert a large number of claims against a large number of defendants. *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (Davis, J.) ("The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun.").

**So ORDERED and SIGNED this 29th day of March, 2010.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

EXHIBIT 3