

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 23884794 (N.D.Cal.)  
**(Cite as: 2003 WL 23884794 (N.D.Cal.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court,  
N.D. California.  
HEWLETT-PACKARD COMPANY, Plaintiff,  
v.  
INTERGRAPH CORPORATION, Defendant.  
**No. C 03-2517 MJJ.**

Sept. 6, 2003.

Morgan Chu, David Isaac Gindler, Elliot Brown, Jason Dean Linder, Rachel Marie Capoccia, Irell & Manella LLP, Los Angeles, CA, Peter P. Chen, McDermott, Will & Emery, Palo Alto, CA, for Plaintiffs.

Bureden J. Warren, McDermott Will & Emery, Eric S. Namrow, James R. Burdett, Peter Curtin, William D. Coston, Venable LLP, Washington, DC, Cole M. Fauver, Inge Larish, William H. Manning, Robins Kaplan Miller & Ciresi, Minneapolis, MN, David V. Lucas, Todd P. Guthrie, Intergraph Corporation, Huntsville, AL, Bijal V. Vakil, McDermott, James E. Glore, Stephen J. Akerley, McDermott Will & Emery, Palo Alto, CA, Jeffrey G. Knowles, Coblentz, Patch, Duffy & Bass, Jennifer Lynn Polse, Martin D. Bern, Munger Tolles & Olson LLP, San Francisco, CA, George F. Pappas, Venable LLP, Baltimore, MD, Michael W. Robinson, Venable LLP, Vienna, VA, for Defendants.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

JENKINS, J.

*1 On May 28, 2003, Plaintiff Hewlett-Packard Company ("Plaintiff") filed a complaint against Defendant Intergraph Corporation ("Defendant") alleging direct patent infringement, contributorily infringement, and inducing infringement of four United States patents ("patents-in-suit") in violation of 35 U.S.C. § 271.[FN1] Defendant now moves to dismiss Plaintiff's complaint or, in the alternative, for a more definite statement. SeeFRCP 12(b), (e). Specifically, Defendant argues that Plaintiff's allegations are cursory and fail satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure. Having considered the briefing in this matter, the Court GRANTS Defendant's motion.

> FN1. The specific patents-in-suit are United States patents (1) 5,297,241; (2) 4,649,499; (3) 6,105,028; and (4) 4,635,208. See Complaint ¶¶ 7-10. Plaintiff is the owner by assignment of all rights, title, and interest in each of these patents.

A. Infringement Generally

According to Rule 8(a)(2) "a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has found that this provision is satisfied so long as the factual allegations give "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47-48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In the context of patent litigation, the Federal Circuit has noted that "[t]his requirement ensures that an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." Phonometrics v. Hospitality Franchise Systems, Inc., 203 F.3d 790, 794 (Fed.Cir.2000). In addition, Form 16 of the Federal Rules of Civil Procedure provides the following as an example of a direct patent infringement claim that is sufficient under Rule 8(a)(2):

> Defendant has for a long time past been and still is infringing [the patent-in-suit] by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court.

See alsoFRCP 84 ("[t]he forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate").

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT 8

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 23884794 (N.D.Cal.)  
**(Cite as: 2003 WL 23884794 (N.D.Cal.))**

Page 2

Here, the complaint simply alleges:

[Defendant], in violation of 35 U.S.C. § 271, has been and is currently infringing, contributorily infringing, or inducing infringement of [the patents-in-suit] by, among other things, *making, using, offering to sell and/or selling infringing software and hardware products* without authority or license from [Plaintiff].

Complaint ¶¶ 11 (emphasis added).

However, Defendant "produces some 150 core technology platforms which are implemented in over 4000 end-user application products."*See* Motion to Dismiss or For a More Definite Statement ("Motion") at 7:15-17. In light of these facts, Plaintiff's claim must be read as follows: one or more of Defendant's 4000-plus products directly infringes, contributorily infringes, or induces infringement of at least one claim in each of the patents-in-suit. Form 16 simply does not address a factual scenario of this sort. Not only is the example in Form 16 limited to a single "type" of product (*i.e.,* electric motors) there is no indication as to the number of different electric motors the hypothetical defendant made, sold, or used. In this case, there are at least 150 different "types" of products (*i.e.* core technology platforms) with more than 4000 end-user applications. Based on these facts, the Court finds that Plaintiff's allegations do not provide Defendant with "fair notice" of what Plaintiff's claim or claims are and, therefore, fail to satisfy Rule 8(a)(2).*See* Conley, 355 U.S. at 47-48 (1957).[FN2]

> FN2. The Court acknowledges Defendant's citation to several district court opinions, including one from this district, which seem to interpret Rule 8(a)(2) and Form 16 more liberally. *See, e.g.,* OKI Electric Industry Co. v. LG Semicon Co., Ltd., 1998 WL 101737, *3 (N.D.Cal.1998) ( "[t]he phrase 'devices that embody the patented methods' from [plaintiff's] allegation is substantially similar to the phrase 'electric motors embodying the patented invention' found in Form 16"). However, Plaintiff cites an equal number of decisions that reach the opposite conclusion based on similar facts. *See, e.g.,* Gen-Probe, Inc. v. Amoco Corporation, Inc., 926 F.Supp. 948, 961 (S.D.Cal.1996) ("Rule 8(a)(2) eliminates the needless distinctions and technicalities of code pleading, but still 'envisages the statement of circumstances, occurrences, and events in support of the claim ...' ") (quoting Advisory Committee's 1955 Report). None of these decisions are binding on this Court.

B. Specific Requirements for Contributory Infringement and Inducement

*2 Defendant also argues that Plaintiff's complaint fails to sufficiently allege particular elements necessary to state claims for contributory infringement and inducing infringement. The Court will address each of these claims in turn.

1. Contributory Infringement

In order to state a claim for contributory infringement pursuant to § 271(c), Plaintiff must allege that Defendant offered to sell or sold a *"component* of a patented machine ... constituting a material part of the invention, *knowing* the same to be especially made or especially adapted for use in an infringement of such patent...."*Id.*(emphasis added); *see also Aro Manufacturing Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 488, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964). Although Plaintiff alleges that Defendant's conduct was "willful," which implies knowledge, Plaintiff fails to allege that Defendant offered to sell or sold any particular component or that such component was a material part of an infringing device. Plaintiff merely alleges that Defendant "committed acts of infringement in this District, for example, by selling infringing products to Calpine Corporation, which is headquartered in this District."Complaint ¶ 5. This is not sufficient to state a claim for contributory infringement.

2. Inducing Infringement

An inducement claim requires allegations of (1) specific intent and (2) direct infringement by someone other than the inducer. See *Hewlett-Packard Co. v. Bausch & Lomb,* 909 F.2d 1464, 1449 (Fed.Cir.1990)("proof of actual intent to cause the

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT 8

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 23884794 (N.D.Cal.)  
**(Cite as: 2003 WL 23884794 (N.D.Cal.))**

Page 3

acts which constitute the infringement is a necessary prerequisite to finding active inducement"); *Met-Coil Systems v. Korners Unlimited, Inc.* 803 F.2d 684, 687 (Fed.Cir.1987). As stated above, although the allegation of willfulness is sufficient to satisfy the state of mind requirement necessary for inducement-in this case specific intent-there are no allegations of direct infringement by a third-party. Again, the alleged sales of "infringing products" to Calpine Corporation is insufficient to state a claim for inducing infringement.

Therefore, Defendant's motion to dismiss is GRANTED without prejudice; Plaintiff may file an amended complaint within twenty (20) days of this order.

IT IS SO ORDERED.

N.D.Cal.,2003.  
Hewlett-Packard Co. v. Intergraph Corp.  
Not Reported in F.Supp.2d, 2003 WL 23884794 (N.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT 8