UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC, § | |
| § | |
| PLAINTIFF § | |
| § | |
| § | Civil Action No. 6:10-cv-00329-LED |
| v. § | |
| § | JURY TRIAL DEMANDED |
| AMAZON.COM, INC. *et al.*, § | |
| § | |
| DEFENDANTS. § | |

**DEFENDANT DELL INC.'S MOTION TO DISMISS PLAINTIFF'S ALLEGATIONS
OF INDIRECT INFRINGEMENT AND WILLFUL INFRINGEMENT
<u>FOR FAILURE TO STATE A CLAIM</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Dell Inc. ("Dell") moves to dismiss Plaintiff AdjustaCam LLC's ("AdjustaCam") allegations of indirect infringement and willful infringement in AdjustaCam's First Amended Complaint (Dkt. No. 111) ("Complaint"). First, AdjustaCam fails to allege a cause of action for indirect infringement because the Complaint fails to allege that Dell had knowledge of the patent-in-suit *before* the lawsuit was filed. Second, AdjustaCam does not actually plead willful infringement facts, but instead includes merely a placeholder for a future willfulness allegation. AdjustaCam concedes that it has no factual basis for a willfulness allegation against Dell. Instead, AdjustaCam states that it "reserves the right" to take discovery regarding Dell's awareness of the '343 Patent prior to filing of the lawsuit and to seek a willfulness finding against Dell. AdjustaCam's purported reservation of rights does not sustain a willfulness count in a pleading.

## FACTS

AdjustaCam filed this action on July 2, 2010 alleging that Dell and numerous other companies infringe U.S. Patent No. 5,855,343 ("the '343 Patent"). In its infringement count against Dell, AdjustaCam alleges indirect infringement as follows:

> 92. Moreover, on information and belief, DELL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State or Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

(Complaint ¶ 92). AdjustaCam next "reserves the right" to take discovery on willfulness:

> 224. AdjustaCam reserves the right to take discovery from Defendants relative to their awareness/notice of the '343 Patent prior to the filing of suit. In any event, upon information at least AMAZON, AUDITEK, BLUE MICROPOHONES, CDW, COBRA DIGITAL, COMPUSA, CREATIVE, DELL, DIGITAL INNOVATIONS, EZONICS, FRY'S, GEAR HEAD, HP, IHOME, JASCO, JWIN, KLIP EXTREME, KMART, KODAK, MACALLY, MICRO CENTER, NEWEGG, OFFICE DEPOT, OVERSTOCK, PHOEBE, PROLYNKZ, RADIOSHACK, ROSEWILL, SAKAR, SEARS, TARGET, TIGERDIRECT, TRIPPE and/or WAL-MART have continued to infringe the '343 Patent since they became aware of the original filing of this suit, and such infringement has necessarily been willful and objectively reckless. Accordingly, upon information and belief, at least since they became aware of this suit, at least the foregoing Defendants have willfully infringed the '343 Patent. Further, at least to the extent that the foregoing Defendants and/or BEST BUY, CONN'S, J&R, KOHL'S, SOLID YEAR and/or WALGREENS continue to infringe the '343 Patent during the further pendency of this suit, such infringement would necessarily be willful and objectively reckless.

(Complaint ¶ 224). In keeping with its "reservation of rights" on discovery, AdjustaCam makes a similar reservation with regard to asserting willful infringement:

> 225. Accordingly, AdjustaCam seeks and/or reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '343 Patent, in accordance with the above.

(Complaint ¶ 225). AdjustaCam does not plead any willful infringement facts.

## ARGUMENT

### I. Applicable Law

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Factual allegations must be included in a complaint sufficient "to raise a right to relief above the speculative level." *Id*. This "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### II. AdjustaCam Does Not Plead a Claim For Indirect Infringement

AdjustaCam has failed to properly plead any claim for indirect infringement. Facts essential to a claim of indirect infringement include the defendant's knowledge of the patent-in suit. *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) (holding that, to prevail on indirect infringement, a plaintiff must demonstrate that a "defendant possessed the requisite knowledge or intent to be held vicariously liable."). More specifically, liability for inducing infringement requires that "the alleged infringer knew or should have known his actions would induce actual infringement [and this requirement] necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS*

*Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). Additionally, liability for contributory infringement requires "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Mfg. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964). Thus, to properly plead claims of inducement and contributory infringement, AdjustaCam must, at a bare minimum, plead that the defendant knew of the patent-in-suit. *See Mallinckrodt, Inc. v. Liebel-Flarsheim Co.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009).

AdjustaCam does not allege knowledge of the patent-in-suit in its Complaint. The Complaint only alleges that "such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit." (Complaint ¶ 92). Knowledge gained *after* filing of a suit cannot support a claim of indirect infringement for which knowledge of the patent is required *at the time* that the defendant is committing the allegedly infringing acts. *See Mallinckrodt*, 670 F. Supp. 2d. at 354 n.1 ("The Court is not persuaded . . . that the requisite knowledge can be established by the filing of the Plaintiff's Complaint."). AdjustaCam has not alleged that Dell knew of the '343 Patent prior to filing of the original complaint when Dell allegedly induced infringement and contributed to the infringement of the '343 Patent. Because AdjustaCam has not plead facts necessary to state a claim of indirect infringement under the standards articulated in *DSU Med. Corp.*, *Aro Mfg.*, and *Twombly*, the Court should dismiss Adjustacam's indirect infringement allegations.

### III. AdjustaCam Fails to Plead Any Facts to Support Its Allegations of Willful Infringement

AdjustaCam has plead *no facts* concerning Dell that could support a willfulness allegation. For example, AdjustaCam did not allege that Dell knew of the risk of infringement, or even that Dell had knowledge of the patent-in-suit, *before* the suit was filed. *In re Seagate*

*Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."). Instead, AdjustaCam merely states that Dell had "constructive notice of the '343 Patent by operation of law" (Complaint ¶ 226) and "continued to infringe the '343 Patent since they became aware of the original filing of this suit, and such infringement has necessarily been willful and objectively reckless." (Complaint ¶ 225).

In *Seagate*, the Federal Circuit stated that, "[i]n ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct." 497 F.3d at 1374. More specifically:

> **[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. Pro. 8, 11(b).** So a willfulness claim asserted in the original complaint **must necessarily be grounded exclusively in the accused infringer's pre-filing conduct**. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. *See* 35 U.S.C. § 283; *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). **A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.** Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*Id*. (emphasis added). Although post-filing conduct might be relevant to the evaluation of willful infringement as the case continues, any allegation at this stage in the case that Dell has committed willful infringement may not properly be based *solely* on Dell's post-filing activities. AdjustaCam's allegation that Dell had "constructive" notice of the '343 Patent, however, is not enough to provide a prelitigation factual basis for a claim of willful infringement. Willful infringement requires a showing of "objective recklessness" prior to filing of a suit. *Id*. at 1371.

5

Thus, AdjustaCam must allege at least some facts that plausibly suggest that Dell knew or should have known that the accused cameras risked infringing the '343 Patent.  *Id*.  Because AdjustaCam does not allege any prefiling conduct by Dell regarding any risk of infringement, the only factual basis for AdjustaCam's willful infringement claim against Dell is Dell's post filing conduct.  (Complaint ¶ 224).

AdjustaCam does not allege that Dell was aware of the potential risk of infringement before the lawsuit was filed.  Instead, AdjustaCam's Complaint merely "reserves the right to take discovery from Defendants relative to their awareness/notice of the '343 Patent prior to the filing of suit" (Complaint ¶ 224) and "reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '343 Patent."  (Complaint ¶ 225).  These statements lack a factual basis indicating that AdjustaCam is entitled to relief such that AdjustaCam's willfulness allegations fall short of the "good faith" evidentiary basis required by Rule 11 of the Federal Rules of Civil Procedure.  *Realtime Data, LLC v. Morgan Stanley*, __ F. Supp. 2d __, 2010 WL 2403779, *7 (E.D. Tex. June 10, 2010).

AdjustaCam also fails to state any facts showing that this case presents the extraordinary circumstances in which a defendant can be subject to a willful infringement finding based solely on pre-litigation conduct at this stage in the case.  *See Seagate*, 497 F.3d at 1374 ("In ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct.").  In particular, the conduct AdjustaCam identifies as willful infringement, namely continued operation of Dell's business, does not rise to the level of "reckless" conduct needed for a willful infringement finding.  AdjustaCam's apparent understanding of willful infringement is that every defendant must stop its business activities immediately upon the filing of a complaint alleging patent infringement or face a willful infringement finding.  In effect, AdjustaCam seeks

a preliminary injunction without the effort of moving for one or the requisite burden of proof. AdjustaCam's interpretation of willful infringement cannot be correct, as it would represent an end-run around the preliminary injunction procedure and burden of proof required.

Because AdjustaCam has not plead any facts in support of its willful infringement rights reservation against Dell, AdjustaCam does not afford the Court an opportunity to evaluate whether, if its factual allegations are "accepted as true," AdjustaCam's pleading can support a claim to relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949.  AdjustaCam's reservation of rights is therefore defective, and the Court should not credit this "allegation" as true. *Id.*; *see, e.g.*, *Celgene Corp. v. Teva Pharms. USA, Inc.*, 412 F. Supp. 2d 439, 445 (D.N.J. 2006) (dismissing and striking from complaint plaintiff's willful infringement claim because factual and legal allegations in complaint could not support a finding of willful infringement); *Aventis Pharma Deutschland GmBH v. Lupin Ltd.*, 409 F. Supp. 2d 722, 730-731 (E.D. Va. 2006) (same).  Dell accordingly requests that the Court dismiss the willfulness allegation of the Complaint, as it applies to Dell.

## CONCLUSION

AdjustaCam's failure to allege facts that plausibly suggest that Dell has indirectly and willfully infringed the patent-in-suit consigns its indirect and willful infringement allegations to failure.  Just as the complaint at issue in *Bell Atlantic* did not contain sufficient facts to nudge the plaintiff's claims "across the line from conceivable to plausible," *see Twombly*, 540 U.S. at 1974, AdjustaCam's Complaint does not include the required facts to support an allegation that Dell indirectly or willfully infringed.  Dell therefore respectfully requests that the Court dismiss AdjustaCam's indirect infringement claim and willfulness allegation, as they apply to Dell.

Date: September 3, 2010  Respectfully submitted,

/s/ *Roger Fulghum*
Scott F. Partridge
Lead Attorney
Texas State Bar No. 00786940
Roger Fulghum
Texas State Bar No. 00790724
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone:  (713) 229-1569
Facsimile:  (713) 229-7769
E-mail:  scott.partridge@bakerbotts.com
E-mail:  roger.fulghum@bakerbotts.com

Paula D. Heyman
Texas State Bar No. 24027075
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard
Suite 1500
Austin, Texas  78701-4078
Telephone:  (512) 322-2555
Facsimile:  (512) 322-3610
E-mail:  paula.heyman@bakerbotts.com

ATTORNEYS FOR DEFENDANT DELL INC.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served via e-mail on all counsel who are deemed to have consented to electronic service on September 3, 2010.  Local Rule CV-5(a)(3)(A).

>/s/ *Roger Fulghum*
> Roger Fulghum