**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ADJUSTACAM LLC, | |
| Plaintiff, | |
| | CASE NO.  6:10-cv-00329-LED |
| v. | JURY TRIAL DEMANDED |
| AMAZON.COM, INC. et al., | |
| Defendants. | |

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Amazon.com, Inc. ("Amazon") answers the First Amended Complaint for Patent Infringement ("First Amended Complaint") filed in this action by Plaintiff AdjustaCam LLC ("Plaintiff") as follows:

1.      Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 3-57, 61, 67-222 of the First Amended Complaint.

2.      Amazon admits the allegations in paragraph 2 of the First Amended Complaint.

3.      In response to paragraph 58, Amazon admits that this action purports to state a claim under U.S. patent law and that such a claim, if proper, would arise within the Court's subject matter jurisdiction.  Amazon does not contest that it is subject to personal jurisdiction in the Eastern District of Texas in this action.  Amazon admits that the website www.amazon.com may be accessed over the internet by web browsers located in this District.  Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations relating to

-1-

any other Defendant.  Amazon denies all remaining allegations in paragraph 58 of the First Amended Complaint to the extent that they pertain to Amazon and call for a response.

4.      In response to paragraph 59, Amazon does not contest venue in this action as to the allegations against Amazon.  Amazon does not contest that it is subject to personal jurisdiction in the Eastern District of Texas in this action.  Amazon denies that this Action is properly brought or constituted under the Federal Rules of Civil Procedure.  Amazon admits that the website www.amazon.com  may be accessed over the internet by web browsers located in this District  Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations relating to any other Defendant.   Amazon denies all remaining allegations in paragraph 59 of the First Amended Complaint to the extent they pertain to Amazon.

5.      In response to paragraph 60, Amazon admits that U.S. Patent No. 5,855,343 (the "'343 patent") is titled "Camera Clip" and lists an application filing date of March 7, 1997.  Amazon denies that the '343 patent was "duly and legally issued."

6.      Amazon denies the allegations in paragraphs 62-66 of the First Amended Complaint.

7.      Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations relating to any other Defendant.  To the extent a response is required, Amazon denies the remaining allegations in paragraphs 223-24 and 226 of the First Amended Complaint.

8.      Paragraph 225 does not require a response.  To the extent paragraph 225 makes any allegations against Amazon, such allegations are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the First Amended Complaint, Amazon asserts the following defenses without assuming any burden that it would not otherwise have.  Amazon reserves the

right to amend its answer with additional defenses as further information is obtained.

### First Defense:  Non-Infringement of the Asserted Patent

1.      Amazon has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '343 patent, and is not liable for infringement thereof.

2.      Amazon methods, systems, apparatus, and/or products that are accused of infringement have substantial uses that do not infringe and therefore cannot induce or contribute to the infringement of the asserted patent.

### Second Defense:  Invalidity of the Asserted Patent

3.      On information and belief, the claims of the '343 patent are invalid for failing to comply with the provisions of Title 35 U.S.C., including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 135 *et seq.* and for double-patenting.

### Third Defense:  License and/or Covenant Not to Sue

4.      To the extent that any of Plaintiff's allegations of infringement are premised on the alleged use, sale, or offer for sale of methods, systems, apparatus, and/or products that were manufactured by or for a licensee of Plaintiff or its predecessors-in-interest and/or provided to Amazon by or to a licensee of Plaintiff or its predecessors-in-interest, or under a covenant not to sue, such allegations are barred pursuant to license and/or exhaustion.

### Fourth Defense:  Failure to State a Claim

5.      Plaintiff has failed to state a claim for infringement under 35 U.S.C. § 271.

### Fifth Defense:  No Willful Infringement

6.      Plaintiff is not entitled to a finding of willful infringement because Amazon's activities have not been objectively reckless, and Amazon has an objectively reasonable basis for believing that the accused activities do not infringe the '343 patent and that the '343 patent

-3-

is invalid and unenforceable.

### Sixth Defense:  Use/Manufacture By/For United States Government

7.      To the extent that any accused method, system, apparatus, and/or product has

been used or manufactured by or for the United States, Plaintiff's claims and demands for relief

are barred by 28 U.S.C. § 1498.

### Seventh Defense:  Dedication to the Public

8.      Plaintiff has dedicated to the public all methods, systems, apparatus, and/or

products disclosed in the asserted patent, but not literally claimed therein, and is estopped from

claiming infringement by any such public domain methods, systems, apparatus, and/or products.

### Eighth Defense:  Laches, Waiver, Estoppel

9.      Plaintiff's claims are barred, in whole or in part, by estoppel, laches, waiver,

and/or other equitable doctrines.

### Ninth Defense: Lack of Standing

10.      Plaintiff lacks standing.  In particular, and at minimum, Plaintiff lacks standing

to seek equitable remedies in connection with the '343 patent.

### Tenth Defense: Failure to Join Indispensable Parties

11.      On information and belief, GlobalMedia Group, LLC and/or APAC are

indispensable parties who must be joined.

### Eleventh Defense:  Failure to Mitigate Damages

12.      Plaintiff's claims are barred, in whole or in part, by its failure to mitigate

damages.

### Twelfth Defense:  Failure To Provide Notice

13.      On information and belief, Plaintiff has failed to meet the requirements of 35

U.S.C. §§ 271(b) and (c), 284 and/or 287.

### Thirteenth Defense:  Reverse Doctrine Of Equivalents

14.     The accused methods and/or systems operate in ways substantially different in principle from the way the purported invention described in the '343 patent operates and/or is programmed, and Plaintiff cannot sustain its burden of proving otherwise.

### Fourteenth Defense:  Prosecution History Estoppel

15.     Plaintiff is estopped from making any assertion inconsistent with or negating any argument, representation, or position taken in the course of the application that issued as the '343 patent.

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim-Plaintiff Amazon.com, Inc. ("Amazon"), for its counterclaims against Plaintiff AdjustaCam LLC ("Plaintiff") alleges as follows:

### PARTIES

1.     Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington.

2.     According to paragraph 1 of the First Amended Complaint, Plaintiff AdjustaCam LLC is a Texas limited liability company with its principal place of business in Frisco, Texas.

### JURISDICTION

3.     This is an action for a declaration of non-infringement and invalidity of U.S. Patent No. 5,855,343 (the "'343 patent").  Plaintiff alleges it has standing to sue.  If Plaintiff has standing to sue, then this Court has jurisdiction over these counterclaims pursuant to 35 U.S.C. §§ 1331, 1338, and 2201.

4.     Venue for these counterclaims is proper within this District because the

counterclaims arise from facts and circumstances alleged in the First Amended Complaint filed by Plaintiff in this District.

**COUNT ONE**

**DECLARATION OF NON-INFRINGEMENT OF THE '343 PATENT**

5.     Amazon incorporates and realleges the allegations of paragraphs 1-4 of these counterclaims.

6.     Plaintiff alleges that it is the "present exclusive licensee of, and owner of all substantial rights to the '343 Patent."

7.     Plaintiff has brought suit against Amazon for alleged infringement of the '343 patent.

8.     Amazon has not infringed, has not induced the infringement of, and has not contributed to the infringement of any valid claim of the '343 patent asserted by Plaintiff, and is not liable for infringement thereof.

9.     Plaintiff's actions and allegations have created an actual case and controversy between Plaintiff and Amazon under 28 U.S.C. §§ 2201 and 2202, and that controversy is ripe for adjudication by this Court.

10.     To resolve the legal and factual questions raised by Plaintiff, and to afford Amazon relief from the uncertainty and controversy precipitated by Plaintiff's accusations against it, Amazon is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that Amazon does not infringe and has not infringed any valid claim of the '343 patent.

**COUNT TWO**

**DECLARATION OF INVALIDITY OF THE '343 PATENT**

11.     Amazon incorporates and realleges the allegations of paragraphs 1-10 of these

counterclaims.

12.     One or more of the claims of the '343 patent are invalid or unenforceable under one or more sections of 35 U.S.C. §§ 101, 102, 103, 112, and/or 135(b), and for double-patenting.

13.     Plaintiff's actions and allegations have created an actual case and controversy between Plaintiff and Amazon under 28 U.S.C. §§ 2201 and 2202, and that controversy is ripe for adjudication by this Court.

14.     To resolve the legal and factual questions raised by Plaintiff, and to afford Amazon relief from the uncertainty and controversy precipitated by Plaintiff's accusations against it, Amazon is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that one or more claims of the '343 patent are invalid and/or unenforceable.

15.     Amazon demands a jury trial as to all elements that may be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Amazon prays for the following relief:

A.     A judgment for Amazon and against Plaintiff, dismissing with prejudice Plaintiff's First Amended Complaint and all claims asserted therein against Amazon;

B.     A judgment declaring that the asserted claims of the '343 patent have not been infringed by Amazon;

C.     A judgment declaring that the asserted claims of the '343 patent are invalid and/or unenforceable against Amazon;

D.     A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award to Amazon of its costs and reasonable attorney's fees, together with interest, including prejudgment interest, thereon; and

E.      Such other and further relief as may be deemed just and appropriate.


Respectfully submitted,


Dated:  September 7, 2010          By:  */s/* James E. Geringer
                                        James E. Geringer (admitted *pro hac vice*)
                                        james.geringer@klarquist.com
                                        Salumeh R. Loesch , OR State Bar No. 090074
                                        salumeh.loesch@klarquist.com
                                        KLARQUIST SPARKMAN, LLP
                                        121 S.W. Salmon Street, Suite 1600
                                        Portland, Oregon  97204
                                        Telephone:  (503) 595-5300
                                        Facsimile:  (503) 595-5301

                                        *ATTORNEYS FOR DEFENDANT*
                                        *AMAZON.COM, INC.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 7, 2010 a true and correct copy of the

above and foregoing document has been served on all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*s/*James E. Geringer