**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ADJUSTACAM LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 6:10-cv-329-LED |
| AMAZON.COM, INC. et al., | **JURY TRIAL DEMANDED** |
| Defendants. | |

### DEFENDANT RADIOSHACK CORPORATION'S ANSWER TO ADJUSTACAM LLC'S FIRST AMENDED COMPLAINT

Defendant RadioShack Corporation ("RadioShack"), by and through its undersigned counsel, hereby answers the First Amended Complaint for Patent Infringement ("Amended Complaint") of AdjustaCam LLC ("Plaintiff")  as follows:

### PARTIES

1.      AdjustaCam LLC ("AdjustaCam" or "Plaintiff") is a Texas Limited Liability Company with its principal place of business in Frisco, Texas.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.      On information and belief, Defendant AMAZON.COM, INC. ("AMAZON") has a place of business in Seattle, Washington.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3.      On information and belief, Defendant AUDITEK CORPORATION ("AUDITEK") has a place of business in Industry, California.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4.   On information and belief, Defendant BALTIC LATVIAN UNIVERSAL ELECTRONICS, LLC D/B/A BLUE MICROPHONES, LLC D/B/A BLUE MICROPHONE has a place of business in Westlake Village, California.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

5.   On information and belief, Defendant BLUE MICROPHONES, LLC has a place of business in Westlake Village, California. BALTIC LATVIAN UNIVERSAL ELECTRONICS, LLC D/B/A BLUE MICROPHONES, LLC D/B/A BLUE MICROPHONE and BLUE MICROPHONES, LLC are collectively referred to hereinafter as "BLUE MICROPHONES."

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

6.   On information and belief, Defendant CDW CORPORATION F/K/A CDW COMPUTER CENTERS, INC. has a place of business in Vernon Hills, Illinois.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7.   On information and belief, Defendant CDW, INC. has a place of business in Vernon Hills, Illinois. CDW CORPORATION F/K/A CDW COMPUTER CENTERS, INC. and CDW, INC. are collectively hereinafter referred to as "CDW."

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8.   On information and belief, Defendant COBRA DIGITAL, LLC ("COBRA DIGITAL") has a place of business in Wheeling, Illinois.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9.   On information and belief, Defendant COMPUSA.COM, INC. has a place of business in Miami, Florida.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.   On information and belief, Defendant CREATIVE TECHNOLOGY LTD. has a place of business in Milpitas, California.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11.   On information and belief, Defendant CREATIVE LABS, INC. has a place of business in Milpitas, California. CREATIVE TECHNOLOGY LTD. and CREATIVE LABS, INC. are collectively referred to hereinafter as "CREATIVE."

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12.   On information and belief, Defendant DELL, INC. ("DELL") has a place of business in Round Rock, Texas.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13.   On information and belief, Defendant DIGITAL INNOVATIONS, LLC; ("DIGITAL INNOVATIONS") has a place of business in Arlington Heights, Illinois.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14.   On information and belief, Defendant EASTMAN KODAK COMPANY ("KODAK") has a place of business in Rochester, New York.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15.   On information and belief, Defendant EZONICS CORPORATION D/B/A EZONICS CORPORATION USA D/B/A EZONICS ("EZONICS") has a place of business in Pleasanton, California.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16.   On information and belief, Defendant FRY'S ELECTRONICS, INC. ("FRY'S") has a place of business in San Jose, California.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17.   On information and belief, Defendant GEAR HEAD, LLC ("GEAR HEAD") has a place of business in Walpole, Massachusetts.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18.   On information and belief, Defendant HEWLETT-PACKARD COMPANY ("HP") has a place of business in Palo Alto, California.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19.   On information and belief, Defendant INTCOMEX, INC. has a place of business in Miami, Florida.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20.   On information and belief, Defendant JASCO PRODUCTS COMPANY LLC D/B/A JASCO PRODUCTS COMPANY D/B/A JASCO ("JASCO") has a place of business in Oklahoma City, Oklahoma.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21.   On information and belief, Defendant JWIN ELECTRONICS CORPORATION ("JWIN") has a place of business in Port Washington, New York.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22.     On information and belief, Defendant KLIP XTREME LLC has a place of business in Miami, Florida.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23.     On information and belief, Defendant KMART CORPORATION ("KMART") has a place of business in Hoffman Estates, Illinois.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24.     On information and belief, Defendant LIFEWORKS TECHNOLOGY GROUP, LLC has a place of business in New York, New York.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25.     On information and belief, Defendant MACALLY PERIPHERALS, INC. D/B/A MACALLY U.S.A. has a place of business in Ontario, California.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26.     On information and belief, Defendant MACE GROUP, INC. has a place of business in Ontario, California. MACALLY PERIPHERALS, INC. D/B/A MACALLY U.S.A. and MACE GROUP, INC. are collectively referred to herein as "MCCALLY."

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.     On information and belief, Defendant MICRO ELECTRONICS, INC. DBA MICRO CENTER ("Micro Center") has a place of business in Hilliard, Ohio.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.     On information and belief, Defendant NEW COMPUSA CORPORATION has a place of business in Miami, Florida.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

29.     On information and belief, Defendant NEWEGG, INC. has a place of business in Industry, California.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.     On information and belief, Defendant NEWEGG.COM, INC. has a place of business in Industry, California. NEWEGG, INC. and NEWEGG.COM, INC. are collectively referred to hereinafter as "NEWEGG."

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

31.     On information and belief, Defendant OFFICE DEPOT, INC. ("OFFICE DEPOT") has a place of business in Delray Beach, Florida.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31.

32.     On information and belief, Defendant OVERSTOCK.COM, INC. ("OVERSTOCK") has a place of business in Salt Lake City, Utah.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.     On information and belief, Defendant PHOEBE MICRO INC. D/B/A AIRLINK101 ("PHOEBE") has a place of business in Fremont, California.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

34.     On information and belief, Defendant PROLYNKZ, LLC ("PROLYNKZ") has a place of business in Irvine, California.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35.    On information and belief, Defendant RADIOSHACK CORPORATION ("RADIOSHACK") has a place of business in Fort Worth, Texas.

**ANSWER:**    Admitted.

36.    On information and belief, Defendant ROSEWILL INC. ("ROSEWILL") has a place of business in Industry, California.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37.    On information and belief, Defendant SEARS BRANDS, LLC has a place of business in Hoffman Estates, Illinois.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38.    On information and belief, Defendant SEARS HOLDINGS CORPORATION D/B/A SEARS has a place of business in Hoffman Estates, Illinois.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

39.    On information and belief, Defendant SEARS, ROEBUCK AND COMPANY has a place of business in Hoffman Estates, Illinois.  SEARS BRANDS, LLC; SEARS HOLDINGS CORPORATION D/B/A SEARS and SEARS, ROEBUCK AND COMPANY are collectively referred to hereinafter as "SEARS."

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40.    On information and belief, Defendant SAKAR INTERNATIONAL, INC. has a place of business in Edison, New Jersey.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

41.    On information and belief, Defendant SAKAR, INC. has a place of business in Edison, New Jersey. SAKAR INTERNATIONAL, INC. and SAKAR, INC. are hereinafter referred to as "SAKAR."

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41.

42.   On information and belief, Defendant SDI TECHNOLOGIES, INC. ("SDI") has a place of business in Rahway, New Jersey. LIFEWORKS TECHNOLOGY GROUP, LLC and SDI are collectively referred to hereinafter as "IHOME."

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42.

43.   On information and belief, Defendant SOFTWARE BROKERS OF AMERICA INC. D/B/A INTCOMEX CORPORATION D/B/A INTCOMEX has a place of business in Miami, Florida. INTCOMEX, INC., KLIP XTREME, LLC and SOFTWARE BROKERS OF AMERICA INC. D/B/A INTCOMEX CORPORATION D/B/A INTCOMEX are hereinafter referred to as "KLIP XTREME."

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43.

44.   On information and belief, Defendant SYSTEMAX, INC. D/B/A COMPUSA has a place of business in Miami, Florida. SYSTEMAX, INC. D/B/A COMPUSA, COMPUSA.COM, INC. and NEW COMPUSA CORPORATION are hereinafter referred to as "COMPUSA."

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44.

45.   On information and belief, Defendant TARGET CORP. ("TARGET") has a place of business in Minneapolis, Minnesota.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45.

46.   On information and belief, Defendant TIGERDIRECT, INC. ("TIGERDIRECT") has a place of business in Miami, Florida.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

47.     On information and belief, Defendant TRIPPE MANUFACTURING COMPANY D/B/A TRIPP LITE COMPANY D/B/A TRIPP LITE ("TRIPPE") has a place of business in Chicago, Illinois.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47.

48.     On information and belief, Defendant WAL-MART STORES, INC. ("WAL-MART") has a place of business in Bentonville, Arkansas.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48.

49.     On information and belief, Defendant BEST BUY CO., INC. D/B/A BEST BUY D/B/A ROCKETFISH; has a place of business in Richfield, Minnesota.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49.

50.     On information and belief, Defendant BEST BUY STORES, LP; has a place of business in Richfield, Minnesota.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50.

51.     On information and belief, Defendant BESTBUY.COM, LLC has a place of business in Richfield, Minnesota. BEST BUY CO., INC. D/B/A BEST BUY D/B/A ROCKETFISH, BEST BUY STORES, LP and BESTBUY.COM, LLC are hereinafter referred to as "BEST BUY."

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51.

52.     On information and belief, Defendant CONN'S, INC. D/B/A CONN'S ("CONN'S") has a place of business in Beaumont, Texas.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52.

53.     On information and belief, Defendant J&R ELECTRONICS, INC. D/B/A J&R ("J&R") has a place of business in New York, New York.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53.

54.     On information and belief, Defendant KOHL'S CORPORATION D/B/A KOHL'S has a place of business in Menomonee Falls, Wisconsin.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54.

55.     On information and belief, Defendant KOHL'S ILLINOIS, INC. has a place of business in Menomonee Falls, Wisconsin. KOHL'S CORPORATION D/B/A KOHL'S and KOHL'S ILLINOIS, INC. are hereinafter referred to as "KOHL'S".

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55.

56.     On information and belief, Defendant SOLID YEAR CO., LTD. ("SOLID YEAR") and has a place of business in Taiwan, ROC.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56.

57.     On information and belief, Defendant WALGREEN CO. D/B/A WALGREENS ("WALGREENS") has a place of business in Deerfield, Illinois.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57.

## JURISDICTION AND VENUE

58.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein. Without limitation, within this forum the Defendants have engaged in at least the selling of the accused products listed herein. In addition, on information and belief, at least one or more of the Defendants, namely AUDITEK, BEST BUY, BLUE MICROPHONES, COBRA

DIGITAL, CREATIVE, DIGITAL INNOVATIONS, EZONICS, GEAR HEAD, HP, IHOME, JASCO, JWIN, KLIP XTREME, KODAK, MACALLY, MICRO CENTER, PHOEBE, PROLYNKZ, RADIOSHACK, ROSEWILL, SAKAR, SOLID YEAR and/or TRIPPE induce and/or contribute to infringement of the patent-in-suit by sellers, re-sellers and/or infringing users located in this forum. In addition, upon information and belief, at least one or more of the Defendants, namely AMAZON, CDW, COMPUSA, CONN'S, DELL, FRY'S, J&R, KMART, KOHL'S, NEWEGG, OFFICE DEPOT, OVERSTOCK, SEARS, TARGET, TIGERDIRECT, WAL-MART and/or WALGREENS induce and/or contribute to infringement of the patent-in-suit by infringing users located in this forum. Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

**ANSWER:**   RadioShack admits that the present action purports to arise under the patent laws of the United States, and that subject matter in a patent case may be based on 28 U.S.C. §§ 1331 and 1338(a).  RadioShack also admits that it has a website which may be accessible in the Eastern District of Texas.  RadioShack further admits that it has transacted business throughout the United States, including in the Eastern District of Texas.  RadioShack denies that it has committed any acts of infringement within this judicial district or elsewhere. RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Amended Complaint as they relate to other defendants. Except as so admitted, RadioShack denies the remainder of the allegations in paragraph 58.

59.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case. Without limitation, Defendants are subject to personal jurisdiction in this forum. Further, within this forum the Defendants have engaged in at least the selling of the accused products listed herein. In addition, on information and belief, at least one or more of the Defendants, namely AUDITEK, BEST BUY, BLUE MICROPHONES, COBRA DIGITAL, CREATIVE, DIGITAL INNOVATIONS, EZONICS, GEAR HEAD, HP, IHOME, JASCO, JWIN, KLIP XTREME, KODAK, MACALLY, MICRO CENTER, PHOEBE, PROLYNKZ, RADIOSHACK, ROSEWILL, SAKAR, SOLID YEAR and/or TRIPPE induce and/or contribute to infringement of the patent-in-suit by sellers, re-sellers and/or infringing users located in this district. In addition, upon information and belief, at least one or more of the Defendants, namely AMAZON, CDW, COMPUSA, CONN'S, DELL,

FRY'S, J&R, KMART, KOHL'S, NEWEGG, OFFICE DEPOT, OVERSTOCK, SEARS, TARGET, TIGERDIRECT, WAL-MART and/or WALGREENS induce and/or contribute to infringement of the patent-in-suit by infringing users located in this district. Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

**ANSWER:**    RadioShack admits for the purposes of this case only that venue is proper in this judicial district.  RadioShack admits that it has a website which may be accessible in the Eastern District of Texas.  RadioShack further admits that it has transacted business throughout the United States, including in the Eastern District of Texas.  RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 as they relate to the other defendants.  Except as so admitted, RadioShack denies the remainder of the allegations in paragraph 59.

## COUNT 1

### INFRINGEMENT OF U.S. PATENT NO. 5,855,343 (

60.    United States Patent No. 5,855,343 ("the '343 Patent"), entitled "Camera Clip" was filed on March 7, 1997 and duly and legally issued on January 5, 1999.

**ANSWER:**    RadioShack admits that U.S. Patent No. 5,855,343 (the "'343 patent") states on its front cover that it was filed on March 7, 1997.  RadioShack further admits that the '343 patent states on its front cover that it was issued on January 5, 1999.  RadioShack also admits that '343 patent is entitled "Camera Clip".   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 60 of the Amended Complaint.

61.    GlobalMedia Group, LLC ("Global Media") is the assignee of the '343 Patent. GlobalMedia has granted an exclusive license to all substantial rights to the '343 Patent, including the right to bring this suit, to Acacia Patent Acquisition LLC ("APAC"). Prior to this suit being filed, APAC assigned all of its rights in the '343 Patent to AdjustaCam, which is the

present exclusive licensee of, and owner of all substantial rights to the '343 Patent. Accordingly, AdjustaCam has standing to bring this lawsuit for infringement of the '343 Patent.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 61.

62.   The claims of the '343 Patent cover, *inter alia,* apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 62.

63.   On information and belief, AMAZON has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 63.

64.   Moreover, on information and belief, AMAZON has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64.

65.    Upon present information and belief, AMAZON'S infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball USB Webcam Microphone, Creative Labs Creative Live Cam Video IM Pro Webcam, Creative Labs Creative Live! Cam Vista IM Webcam, Gear Head Quick Webcam Advanced, HP Deluxe Webcam, HP Premium Autofocus Webcam, HP Pro Webcam, iHome IH-W301DW MyLife Webcam, Kodak 1.3 MP Webcam, MacAlly ICECAM2 Webcam, Micro Innovations Basic Webcam, Minoru Webcam 3D Webcam and/or Pixxo AW-I1130 Webcam.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65.

66.    AMAZON is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66.

67.    On information and belief, AUDITEK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67.

68.    Moreover, on information and belief, AUDITEK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory

infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 68.

69.    Upon present information and belief, AUDITEK's infringing apparatuses comprise at least one or more of the Pixxo AW-I1130, AW-M2130 and/or AW-U1131 Webcam.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 69.

70.    UDITEK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 70.

71.    On information and belief, BLUE MICROPHONES has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 71.

72.    Moreover, on information and belief, BLUE MICROPHONES has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72.

73.   Upon present information and belief, BLUE MICROPHONES' infringing apparatuses comprise at least one or more of the Eyeball, Mini Eyeball and/or Eyeball 2.0.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73.

74.   BLUE MICROPHONES is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74.

75.   On information and belief, CDW has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75.

76.   Moreover, on information and belief, CDW has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76.

77.     Upon present information and belief, CDW's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Business Webcam, HP Deluxe Webcam, HP Elite Autofocus Webcam, HP Premium Autofocus Webcam and/or Tripp Lite Notebook Clip-On Camera.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 77.

78.     CDW is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 78.

79.     On information and belief, COBRA DIGITAL has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 79.

80.     Moreover, on information and belief, COBRA DIGITAL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 80.

81.     Upon present information and belief, COBRA DIGITAL'S infringing apparatuses comprise at least the Cobra Digital 3D Webcam.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81.

82.     COBRA DIGITAL is thus liable for infringement of the '343 Patent pursuant to 35U.S.C. §271.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82.

83.     On information and belief, COMPUSA has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83.

84.     Moreover, on information and belief, COMPUSA has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84.

85.     Upon present information and belief, COMPUSA's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball Webcam and/or iHome MyLife His Home Her Home Webcam Kit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85.

86.   COMPUSA is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86.

87.   On information and belief, CREATIVE has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87.

88.   Moreover, on information and belief, CREATIVE has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88.

89.   Upon present information and belief, CREATIVE's infringing apparatuses comprise at least one or more of the Creative Live! Cam Video IM Pro Webcam, Creative Live! Cam Video IM Ultra Webcam, Creative Live! Cam Vista IM Webcam, Creative Live! Cam Voice, and/or Creative Live! Video IM Ultra Webcam.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89.

90.    CREATIVE is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90.

91.    On information and belief, DELL has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91.

92.    Moreover, on information and belief, DELL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92.

93.    Upon present information and belief, DELL's infringing apparatuses comprise at least one or more of the Creative Labs VF0420 Creative Live! Vista IM Web Camera and/or Lifeworks iHome MyLife His Home Her Home Webcam Kit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93.

94.   DELL is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94.

95.   On information and belief, DIGITAL INNOVATIONS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95.

96.   Moreover, on information and belief, DIGITAL INNOVATIONS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96.

97.   Upon present information and belief, DIGITAL INNOVATIONS' infringing apparatuses comprise at least one or more of the Basic Webcam, Webcam Basic, Webcam IC014C and/or Webcam USB 2.0 Autofocus.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97.

98.   DIGITAL INNOVATIONS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98.

99.   On information and belief, EZONICS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99.

100.   Moreover, on information and belief, EZONICS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100.

101.   Upon present information and belief, EZONICS' infringing apparatuses comprise at least one or more of EZCam Plus.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101.

102.     EZONICS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102.

103.     On information and belief, FRY'S has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103.

104.     Moreover, on information and belief, FRY'S has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104.

105.     Upon present information and belief, FRY'S infringing apparatuses comprise at least one or more of the HP Pro Webcam, Blue Microphones Mini Eyeball WebCam 2.0, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Desktop Web Cam, HP Premium Auto focus Webcam, Kodak S100 Webcam, Kodak T130 Webcam, Kodak W100 Twin Pack Webcams, MacAlly USB 2.0 WebCam, Pixxo AW-I1130 WebCam and/or Pixxo AW-U1131 Webcam.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105.

106.    FRY'S is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106.

107.    On information and belief, GEAR HEAD has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107.

108.    Moreover, on information and belief, GEAR HEAD has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108.

109.    Upon present information and belief, GEAR HEAD's infringing apparatuses comprise at least one or more of the Gearhead Quick WebCam , Gearhead Quick WebCam Advanced and/or i-Level WebCam.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109.

110.    GEAR HEAD is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110.

111.   On information and belief, HP has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111.

112.   Moreover, on information and belief, HP has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112.

113.   Upon present information and belief, HP's infringing apparatuses comprise at least one or more of the HP Business WebCam, HP Deluxe Webcam, HP Desktop Web Cam, HP Elite Autofocus Webcam, HP NX252AA Business Webcam, HP NX252AT Webcam, HP Premium Autofocus Webcam, HP Premium USB Webcam, HP Pro Webcam, HP Elite Webcam, HP USB Webcam, HP VGA Desktop Webcam, HP WebCam 2100 and/or HP Webcam for Notebooks.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113.

114.   HP is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114.

115.    On information and belief, IHOME has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115.

116.    Moreover, on information and belief, IHOME has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to r resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116.

117.    Upon present information and belief, IHOME's infringing apparatuses comprise at least one or more of the iHome MyLife Dual Webcams, iHome MyLife His Home Her Home Webcams/Webcam Kit, including the IH-W305DB, iHome MyLife MyHome YourHome Webcams/Webcam Kit, including the IH-W306DW, iHome MyLife WebCam, iHome MyLife Webcam/Webcam Kit, iHome Your Home Webcam Pack.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117.

118.    IHOME is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118.

119.   On information and belief, JASCO has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119.

120.   Moreover, on information and belief, JASCO has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120.

121.   Upon present information and belief, JASCO's infringing apparatuses comprise at least one or more of the GE EasyCam, GE EasyCam Pro, GE Minicam Pro, GE Perfect Image, GE Picture Perfect and/or GE VOIP Webcam.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121.

122.   JASCO is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122.

123.    On information and belief, J WIN has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123.

124.    Moreover, on information and belief, JWIN has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124.

125.    Upon present information and belief, JWIN's infringing apparatuses comprise at least one or more of the jWin EZ-CAM Professional Series, JCAM300 and/or JCAM400.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125.

126.    JWIN is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126.

127.    On information and belief, KLIP XTREME has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127.

128.    Moreover, on information and belief, KLIP XTREME has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128.

129.    Upon present information and belief, KLIP XTREME's infringing apparatuses comprise at least one or more of the Klip Xtreme KWC-101 GoCam and/or Klip Xtreme Xcam 2100KDC-580.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129.

130.    KLIP XTREME is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130.

131.    On information and belief, KMART has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131.

132.    Moreover, on information and belief, KMART has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132.

133.    Upon present information and belief, KMART's infringing apparatuses comprise at least the Creative Labs Live Cam Video IM Pro Webcam.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133.

134.    KMART is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134.

135.    On information and belief, KODAK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell

apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 135.

136.   Moreover, on information and belief, KODAK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 136.

137.   Upon present information and belief, KODAK'S infringing apparatuses comprise at least one or more of the Kodak 1.3MP, S100 Webcam and/or T130 Webcam, and/or Kodak W100 Twin Pack Webcams.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 137.

138.   KODAK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 138.

139.   On information and belief, MACALLY has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a

support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 139.

140.    Moreover, on information and belief, MACALLY has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 140.

141.    Upon present information and belief, MACALLY's infringing apparatuses comprise at least the MacAlly IceCam 2 Webcam and/or MacAlly USB 2.0 Webcam.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 141.

142.    MACALLY is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 142.

143.    On information and belief, MICRO CENTER has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface

on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143.

144.   Moreover, on information and belief, MICRO CENTER has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 144.

145.   Upon present information and belief, MICRO CENTER'S infringing apparatuses comprise at least the one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Business Webcam, HP Deluxe Webcam, HP Elite Autofocus Webcam, HP Premium Autofocus Webcam, Tripp Lite Notebook Clip-On Camera and/or WinBook WB-6185 WebCam.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 145.

146.   MICRO CENTER is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 146.

147.   On information and belief, NEWEGG has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being

33

substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

> **ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 147.

148.   Moreover, on information and belief, NEWEGG has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

> **ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 148.

149.   Upon present information and belief, NEWEGG's infringing apparatuses comprise at least one or more of the Creative Live! Cam Video IM Pro WebCam, HP Premium Autofocus Webcam, iHome IH-W301DW MyLife WebCam, iHome IH-W305DB MyLife MyHome YourHome Webcams, iHome IH-W306DW MyLife MyHome/YourHome Webcams, jWIN JCAM300 Webcam, jWIN JCAM400 Webcam, Micro Innovations Basic Webcam, Minoru 3D Webcam, Pixxo AW-I1130, Pixxo AW-M2130 WebCam, Pixxo AW-U1131 WebCam and/or Rosewill RCM-8163 Webcam.

> **ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 149.

150.   NEWEGG is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

> **ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 150.

151.   On information and belief, OFFICE DEPOT has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame

rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151.

152.   Moreover, on information and belief, OFFICE DEPOT has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152.

153.   Upon present information and belief, OFFICE DEPOT'S infringing apparatuses comprise at least one or more of the Gear Head Quick Night Vision WebCam, HP Business Webcam, iHome Dual WebCam Pack, iHome MyLife WebCam Kit and/or Micro Innovations WebCam Basic.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 153.

154.   OFFICE DEPOT is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 154.

155.   On information and belief, OVERSTOCK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the

frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 155.

156.   Moreover, on information and belief, OVERSTOCK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 156.

157.   Upon present information and belief, OVERSTOCK'S infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Voice Webcam, Ezonic EZCam Plus Webcam, Gear Head Quick Webcam, HP NX252AT Webcam, iHome MyLife IH-W305DB My Home Your Home Webcam, JWIN JCAM400 Webcam, Mac Ally IceCam2 Webcam, Rosewill RCM-3201V WebCam and/or Rosewill RCM-8163 WebCam.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 157.

158.   OVERSTOCK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 158.

159.   On information and belief, PHOEBE has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a

support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

      **ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 159.

      160.   Moreover, on information and belief, PHOEBE has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

      **ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 160.

      161.   Upon present information and belief, PHOEBE's infringing apparatuses comprise at least the AirlinklOl AWCN200 Webcam.

      **ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 161.

      162.   PHOEBE is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

      **ANSWER:**   RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 162.

      163.   On information and belief, PROLYNKZ has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a

laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

> **ANSWER:**    RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 163.

164.    Moreover, on information and belief, PROLYNKZ has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

> **ANSWER:**    RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 164.

165.    Upon present information and belief, PROLYNKZ's infringing apparatuses comprise at least one or more of PWC-010 and/or PWC-0103K.

> **ANSWER:**    RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 165.

166.    PROLYNKZ is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

> **ANSWER:**    RadioShack is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 166.

167.    On information and belief, RADIOSHACK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to

the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   Denied.

168.   Moreover, on information and belief, RADIOSHACK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   Denied.

169.   Upon present information and belief, RADIOSHACK's infringing apparatuses comprise at least the Gigaware 2.0MP (8.0MP Interpolated) PC Camera with Auto Focus.

**ANSWER:**   Denied.

170.   RADIOSHACK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**   Denied.

171.   On information and belief, ROSEWILL has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 171.

172.   Moreover, on information and belief, ROSEWILL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this

Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 172.

173.   Upon present information and belief, ROSEWILL's infringing apparatuses comprise at least the RCM-3201V and/or RCM-8163 webcam.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173.

174.   ROSEWILL is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 174.

175.   On information and belief, SAKAR has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 175.

176.   Moreover, on information and belief, SAKAR has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 176.

177.   Upon present information and belief, SAKAR's infringing apparatuses comprise at least one or more of the I-Concepts Infrared Webcam, Eco Trends See Me Infrared Webcam, Kodak 1.3MP, SI00 Webcam, T130 Webcam and/or Kodak W100 Twin Pack Webcams.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 177.

178.   SAKAR is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 178.

179.   On information and belief, SEARS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 179.

180.   Moreover, on information and belief, SEARS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 180.

181.     Upon present information and belief, SEARS' infringing apparatuses comprise at least one or more of the Blue Microphones WebCam, Creative Labs Live! Cam Video IM Pro Webcam, Creative Labs Live! Cam Video IM Ultra Webcam, iHome MyLife Dual Webcams, iHome Mylife My Home Your Home Webcams, iHome MyLife WebCam, jWin JCAM 300 Webcam and/or Micro Innovations Basic Webcam.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 181.

182.     SEARS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 182.

183.     On information and belief, TARGET has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**     RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 183.

184.     Moreover, on information and belief, TARGET has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 184.

185.   Upon present information and belief, TARGET infringing apparatuses comprise at least one or more of the GE Picture Perfect Webcam and/or HP Premium Autofocus Webcam.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 185.

186.   TARGET is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 186.

187.   On information and belief, TIGERDIRECT has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 187.

188.   Moreover, on information and belief, TIGERDIRECT has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 188.

189.    Upon present information and belief, TIGERDIRECT infringing apparatuses comprise at least one or more of the HP NX252AA USB 2.0MP Business Webcam, iHome IH-W305DB MyLife His Home Her Home Webcam Kit, Klip Xtreme KWC-101 GoCam Webcam and/or ProLynkz PWC-010.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 189.

190.    TIGERDIRECT is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 190.

191.    On information and belief, TRIPPE has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 191.

192.    Moreover, on information and belief, TRIPPE has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 192.

193.    Upon present information and belief, TRIPPE's infringing apparatuses comprise at least one or more of Trippe Lite Notebook Clip-On Camera, IN3003CAM2 and/or Tripp Lite IN3002CAM1 webcam.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 193.

194.    TRIPPE is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 194.

195.    On information and belief, WAL-MART has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 195.

196.    Moreover, on information and belief, WAL-MART has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 196.

197.    Upon present information and belief, WAL-MART's infringing apparatuses comprise at least one or more of the Gear Head i-Level WebCam, HP Elite Autofocus Webcam,

HP Premium USB Webcam, KQ245AA, HP Pro Webcam, HP USB Webcam, iHome MyLife His Home, Her Home Webcam Kit, iHome MyLife Webcam, iHome Your Home 1.3Mega Pixel USB Webcam 2 Pack, Kodak T130 Webcam and/or Mac Ally IceCam2 Webcam.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 197.

198.    WAL-MART is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 198.

199.    On information and belief, BEST BUY has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 199.

200.    Moreover, on information and belief, BEST BUY has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 200.

201.    Upon present information and belief, BEST BUY's infringing apparatuses comprise at least one or more of the Creative - Live! Cam Video IM Ultra , GE Easycam, GE

Easycam PRO, GE Perfect Image, HP 2100, HP Elite Autofocus, HP Webcam, JWIN Webcam - black and/or Rocketfish webcams.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 201.

202.   BEST BUY is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 202.

203.   On information and belief, CONN'S has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 203.

204.   Moreover, on information and belief, CONN'S has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 204.

205.   Upon present information and belief, CONN'S infringing apparatuses comprise at least one or more of the Gearhead Quick Webcam Pro, Hercules Deluxe Optical Glass, Life Works MyLife His Home Her Home, and/or Mcally Ice-Cam2 webcams.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205.

206.   CONN'S is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 206.

207.   On information and belief, J&R has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 207.

208.   Moreover, on information and belief, J&R has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 208.

209.   Upon present information and belief, J&R's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball, Blue Microphones Eyeball 2.0, JWIN JCAM300, JWIN JCAM400, Kodak P310, Kodak W100, Macally Ice-Cam 2 and/or Minoru 3-D webcams.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 209.

210.   J&R is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 210.

211.   On information and belief, KOHL'S has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 211.

212.   Moreover, on information and belief, KOHL'S has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 212.

213.   Upon present information and belief, KOHL'S infringing apparatuses comprise at least the Kodak W100 webcam.

**ANSWER:**   RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 213.

214.    KOHL'S is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 214.

215.    On information and belief, SOLID YEAR has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to said apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 215.

216.    Moreover, on information and belief, SOLID YEAR has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 216.

217.    Upon present information and belief, SOLID YEAR infringing apparatuses comprise at least one or more of the BallCam A1300, CrystalCam Plus C100, EasyCam Plus A100, EasyCam Plus D100, EasyCam Plus 300IR, EasyCam Plus 600IR, iLevel A1300, NoteCam Plus D100, NoteCam Plus El00, NoteCam Plus F100, PianoCam Plus A1300, PianoCam Plus B1300, QueenCam A1300, QueenCam B1300 and/or QueenCam 2 webcams.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 217.

218.    SOLID YEAR is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 218.

219.    On information and belief, WALGREENS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 219.

220.    Moreover, on information and belief, WALGREENS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 220.

221.    Upon present information and belief, WALGREENS' infringing apparatuses comprise at least the iHome MyLife His Home Her Home Webcam Kit and/or iHome MyLife My Home Your Home Webcam Kit.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 221.

222.    WALGREENS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. §271.

**ANSWER:**    RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 222.

223.    As a result of Defendants' infringing conduct, Defendants have damaged AdjustaCam. Defendants are liable to AdjustaCam in an amount that adequately compensates AdjustaCam for their infringement, which, by law, can be no less than a reasonable royalty.

**ANSWER:**    RadioShack denies the allegations set forth in paragraph 223 to the extent they relate to RadioShack.  RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223 as they relate to the other defendants.

224.    AdjustaCam reserves the right to take discovery from Defendants relative to their awareness/notice of the '343 Patent prior to the filing of suit. In any event, upon information at least AMAZON, AUDITEK, BLUE MICROPHONES, CDW, COBRA DIGITAL, COMPUSA, CREATIVE, DELL, DIGITAL INNOVATIONS, EZONICS, FRY'S, GEAR HEAD, HP, IHOME, JASCO, JWIN, KLIP XTREME, KMART, KODAK, MACALLY, MICRO CENTER, NEWEGG, OFFICE DEPOT, OVERSTOCK, PHOEBE, PROLYNKZ, RADIOSHACK, ROSEWILL, SAKAR, SEARS, TARGET, TIGERDIRECT, TRIPPE and/or WAL-MART have continued to infringe the '343 Patent since they became aware of the original filing of this suit, and such infringement has necessarily been willful and objectively reckless. Accordingly, upon information and belief, at least since they became aware of this suit, at least the foregoing Defendants have willfully infringed the '343 Patent. Further, at least to the extent that the foregoing Defendants and/or BEST BUY, CONN'S, J&R, KOHL'S, SOLID YEAR and/or WALGREENS continue to infringe the '343 Patent during the further pendency of this suit, such infringement would necessarily be willful and objectively reckless.

**ANSWER:**    RadioShack denies the allegations set forth in paragraph 224 to the extent they relate to RadioShack.  RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 224 as they relate to the other defendants.

225.    Accordingly, AdjustaCam seeks and/or reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '343 Patent, in accordance with the above.

**ANSWER:**    RadioShack denies the allegations set forth in paragraph 225 to the extent they relate to RadioShack.  RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 as they relate to the other defendants.

226.    On information and belief, all Defendants have at least had constructive notice of the '343 Patent by operation of law.

**ANSWER:**    RadioShack denies the allegations set forth in paragraph 226 to the extent they relate to RadioShack.  RadioShack is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 226 as they relate to the other defendants.

## PRAYER FOR RELIEF

**(1)** A judgment in favor of AdjustaCam that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '343 Patent;

**(2)** a judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

**(3)** a permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '343 Patent;

**(4)** a judgment and order requiring Defendants to pay AdjustaCam its damages, including for infringement going back at least six years, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '343 Patent as provided under 35 U.S.C. § 284;

**(5)** an award to AdjustaCam for enhanced damages as provided under 35 U.S.C. § 284;

**(6)** a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to AdjustaCam its reasonable attorneys' fees; and **(7)** any and all other relief to which AdjustaCam may show itself to be entitled.

**ANSWER:**    RadioShack denies that the Plaintiff is entitled to the relief it prays for, or any relief at all, for the allegations contained in the Amended Complaint that relate to RadioShack.  RadioShack is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Plaintiff's Prayer for Relief as they relate to other defendants, and on that basis, denies those allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to state a claim)

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Invalidity)

Upon information and belief, the '343 patent and each and every claim contained therein is invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. §§ 101, 102, 103, 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.  In particular, there are numerous prior art cameras with clip mechanisms that anticipate or make obvious the '343 patent.

### Third Affirmative Defense
### (Non-Infringement)

RadioShack has not and does not infringe, induce infringement, or contribute to the infringement of any claim of the '343 patent, either literally or under the doctrine of equivalents. RadioShack does not infringe the '343 patent at least because its accused products do not have

hinge members as required in each of the claims.  Furthermore, to the extent it has hinges they are not rotatable along the required axes in each case.

### Fourth Affirmative Defense
### (Patent Marking)

Upon information and belief, Plaintiff is not entitled to any damages for alleged infringement because of its failure to comply with 35 U.S.C. § 287 and / or its failure to otherwise give proper notice that RadioShack's actions allegedly infringed the '343 patent.

### Fifth Affirmative Defense
### (Laches)

Upon information and belief, Plaintiff's claims are barred by the equitable doctrine of laches, unclean hands, estoppel, and/or waiver.

### Sixth Affirmative Defense
### (Unavailability of Injunctive Relief)

Plaintiff is not entitled to injunctive relief, because any injury to it is not immediate and irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

### Seventh Affirmative Defense
### (Other Affirmative Defenses Based on Later Discovered Evidence)

RadioShack reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

DATED:  September 8, 2010                    Respectfully submitted,


                                             /s/ *Michael C. Smith*
                                             Michael C. Smith
                                             Siebman, Burg, Phillips & Smith, LLP

113 East Austin Street
P.O. Box 1556
Marshall, Texas 75671-1556
(903) 938-8900 (office)
(972) 767-4620 (fax)
michaelsmith@siebman.com

OF COUNSEL:

R. David Donoghue
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th floor
Chicago, IL 60603
Tel: (312) 263-3600
Fax: (312)578-6666
david.donoghue@hklaw.com

Peter Sanborn
HOLLAND & KNIGHT LLP
10 St. James Ave.
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850
peter.sanborn@hklaw.com

Attorneys for RadioShack Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) this 8th day of September, 2010.  Any other counsel

of record will be served by facsimile transmission or first-class mail on this same date.

s/ <i>Michael C. Smith</i>
Michael C. Smith

# 9704320_v4