UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM, LLC. § § | |
| PLAINTIFF § § § § § § § § § § § | CIVIL ACTION<br><br>NO:  6-10-cv-329-LED |
| VERSUS | |
| AMAZON.COM, INC., ET AL. | |
| DEFENDANTS | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**CONN'S, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Conn's, Inc., d/b/a Conn's ("Conn's") hereby provides its Answer, Defenses, and Counterclaims to Plaintiff Adjustacam, LLC's ("Adjustacam") First Amended Complaint for Patent Infringement as follows:

**THE PARTIES**

1. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other Defendants contained in Paragraphs 1 to 51 inclusive and Paragraphs 53 to 57 inclusive.

2. Conn's admits that it has a place of business in Beaumont, Texas.

## JURISDICTION AND VENUE

3. Conn's admits that Plaintiff's First Amended Complaint purports to set forth an action for patent infringement, but denies the legal sufficiency of Plaintiff's claims and allegations.

4. Conn's admits that the Court has jurisdiction over the subject matter of the Complaint, but denies the legal sufficiency of Plaintiff's claims and allegations.

5. Conn's admits that the Court has personal jurisdiction over Conn's.  Conn's admits that venue is proper in this district.  Conn's denies that it has sold any of the accused products listed in the Complaint.  Conn's denies that it has induced and/or contributed to infringement of the patent-in-suit. Conn's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 58 and 59 as to the other Defendants, and therefore denies them.

## FACTS

6. Conn's admits that United States Patent No. 5,855,343 ("the '343 Patent"), entitled "Camera Clip" was filed on March 7, 1997.  Conn's denies that the '343 Patent was legally issued or that it is valid and/or enforceable.  Conn's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, and therefore denies them.

7. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies them.

8. Conn's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62, and therefore denies them.

9. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other Defendants contained in Paragraphs 63 to 202 inclusive and Paragraphs 207 to 222 inclusive.

10. Conn's admits that one or more of the claims of the patent-in-suit purport to cover "apparatuses for supporting cameras." Conn's denies Plaintiff's allegations that it has been and now is directly infringing the claims of the '343 Patent by selling and/or offering to sell apparatuses for supporting cameras. Conn's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 203, and therefore denies them.

11. Conn's denies Plaintiff's allegations that it has been and now is indirectly infringing by inducing infringement and/or contributing to infringement of the '343 Patent by providing "apparatuses for supporting cameras" to users comprising Conn's customers. Conn's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 204, and therefore denies them.

12. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, and therefore denies them.

13. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206, and therefore denies them.

14. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223, and therefore denies them.

15. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224, and therefore denies them.

16. Conn's denies that Plaintiff has the right to seek a willfulness finding against Conn's.

17. Conn's denies the allegations contained in Paragraph 226.

## JURY DEMAND

18. Conn's admits that Plaintiff demands a trial by jury on all issues so triable in this action pursuant to Local Rule CV 38(a) and Fed. R. Civ. P. 38. Conn's in turn demands a trial by jury on all issues so triable.

## PLAINTIFF'S PRAYER FOR RELIEF

Conn's denies that the '343 Patent, the patent-in-suit, is valid and enforceable. Conn's further denies that it has previously or is now infringing the claims of the '343 Patent. Therefore, Conn's denies that Plaintiff is entitled to the declarations sought in Paragraphs 1 and 2 of Plaintiff's Prayer for Relief; Conn's further denies that Plaintiff is entitled to a permanent injunction as sought in paragraph 3 of Plaintiff's Prayer for Relief; Conn's further denies that Plaintiff is entitled to recover from Conn's any damages, attorneys' fees, costs, expenses, or interest as sought in Paragraphs 4, 5, and 6 of Plaintiff's Prayer for Relief; and Conn's denies that Plaintiff is entitled to any relief as sought in Paragraph 7 of Plaintiff's Prayer for Relief.

## GENERAL DENIAL

Except as expressly admitted herein, Conn's denies each and every allegation contained in Plaintiff's First Amended Complaint.

**DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Conn's asserts the following defenses to Plaintiff's First Amended Complaint:

**First Defense**

Plaintiff has failed to state a claim upon which relief can be granted.

**Second Defense**

Conn's does not and has not infringed any valid and enforceable claim of the '343 Patent literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

**Third Defense**

The claims of the '343 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Fourth Defense**

By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application which resulted in the issuance of the '343 Patent, Plaintiff is estopped from claiming infringement by Conn's of one or more claims of the '343 Patent.

**Fifth Defense**

Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 286 or 287. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the

filing of the Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

### Sixth Defense

Plaintiff is barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands. Plaintiff is also barred by issue preclusion from re-asserting or altering its positions on factual and legal issues that were previously adjudicated.

### Seventh Defense

Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Conn's pursuant to 35 U.S.C. § 285.

### Eighth Defense

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

### Ninth Defense

Plaintiff is barred from asserting the '343 Patent and/or from collecting damages thereunder, pursuant to the doctrine of waiver.

### Tenth Defense

Plaintiff lacks standing to bring suit for alleged infringement of the '343 Patent.

### RESERVATION OF RIGHTS

Conn's reserves the right to add any additional defenses or counterclaims that discovery may reveal.

**PRAYER FOR RELIEF**

Conn's respectfully requests that Plaintiff's First Amended Complaint be dismissed with prejudice, that this case be found exceptional under 35 U.S.C. § 285, and that Conn's be awarded its reasonable attorney's fees, costs, and such further relief as the Court may deem just and proper.

**COUNTERCLAIMS**

Defendant/Counterclaimant Conn's, Inc. d/b/a Conn's ("Conn's") asserts counterclaims against Plaintiff/Counter-defendant as follows:

**Nature and Basis of Action**

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq*. Conn's requests declarations that (i) it does not infringe any valid, enforceable claim of United States Patent No. 5,855,343 ("the '343 Patent") – the patent-in-suit; and (ii) that the '343 Patent is invalid.

**The Parties Jurisdiction, and Venue**

2. Conn's is a Delaware corporation with its principal place of business at 3295 College Street, Beaumont, Texas 77701.

3. According to its First Amended Complaint, Plaintiff AdjustaCam, LLC ("AdjustaCam") is a Texas Limited Liability Company with its principal place of business in Frisco, Texas.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has personal jurisdiction over the Plaintiff by virtue of the fact that it has submitted to the jurisdiction of this Court by bringing the instant action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

**Factual Allegations**

7. Upon information and belief, AdjustaCam is the assignee and of an exclusive license of all substantial rights in the '343 Patent.

8. AdjustaCam has sued Conn's for infringement of the '343 Patent directly by selling and offering to sell "apparatuses for supporting cameras;" and indirect infringement by inducing infringement and/or contributing to infringement of the '343 Patent by providing "apparatuses for supporting cameras" to users comprising Conn's customers. These allegations are denied by Conn's.

9. Upon information and belief, all claims of the '343 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**COUNTERCLAIM I – Declaratory Judgment of Non-Infringement**

10. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.* concerning Conn's non-infringement of the claims of the '343 Patent.

11. Conn's is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution any valid, enforceable claim of the '343 Patent.

## COUNTERCLAIM II – Declaratory Judgment of Invalidity of the '343 Patent

12. There is an actual and justiciable controversy between the parties concerning the invalidity of the '343 Patent for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

13. Conn's is entitled to a judicial declaration and order that the '343 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Conn's requests judgment in its favor and against Plaintiff as follows:

(i) Plaintiff recovers nothing and its First Amended Complaint be dismissed with prejudice;

(ii) The Court deny any injunctive relief in favor of Plaintiff as against Conn's;

(iii) The Court declare that Conn's has not and does not directly infringe, induce infringement or contribute to the infringement of any claim of the '343 Patent;

(iv) The Court declare and order that the '343 Patent is invalid;

(v) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Conn's it's reasonable attorney's fees in this action;

(vi) All costs be taxed against the Plaintiff; and

(vii) Conn's be granted such other and further relief as the Court deems just and proper.

[SEE NEXT PAGE FOR SIGNATURE BLOCK]

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.**

  /s/ *Kent M. Adams* /s/
KENT M. ADAMS
Texas Bar No. 00869200
JOHN LYND
Texas Bar No. 24011213
3355 West Alabama, Suite 400
Houston, Texas 77098
(713) 659-6767 – Phone
(713) 759-6830 – Fax
kdams@lbbslaw.com
jlynd@lbbslaw.com
**ATTORNEYS FOR DEFENDANT
CONN'S, INC., D/B/A CONN'S**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel of record on September 13th, 2010.

  /s/ *Kent M. Adams* /s/
**KENT M. ADAMS**

10