SAKAR 6.0-018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM, L.L.C.<br><br>        Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., et al<br><br>        Defendants. | Civil Action No. 6:10-cv-00329 |

**DEFENDANT SAKAR INTERNATIONAL, INC.'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND**

## DEFENDANT SAKAR INTERNATIONAL, INC.'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND

Defendant Sakar International, Inc., ("Sakar") answers the Amended Complaint for Patent Infringement by Adjustacam, L.L.C. ("Plaintiff" or "Adjustacam"), and by way of its attorneys alleges and states as follows:

### PARTIES

1. In response to Paragraph 1 of the Amended Complaint, Sakar admits that Adjustacam is a limited liability company organized and existing under the laws of the State of Texas, and that Adjustacam maintains its principal place of business in Frisco, Texas.

2. To the extent that the allegations in Paragraphs 2 through 39 and 42 through 57 of the Amended Complaint contain allegations pertaining to named defendants other than Defendant Sakar, Sakar is without knowledge or information sufficient to form a belief as to the truth of these allegations.

3. As to Paragraphs 40 and 41 of the Amended Complaint, Sakar International has a place of business in Edison, New Jersey.

### JURISDICTION AND VENUE

4. To the extent the allegations set forth in Paragraph 58 of the Amended Complaint pertain to Defendant Sakar, Sakar denies that it has committed any acts of infringement. Sakar is investigating whether it is subject to the personal jurisdiction of this Court.

5. To the extent that the allegations set forth in Paragraph 59 of the Amended Complaint pertain to Defendant Sakar, Sakar is investigating this matter and is without sufficient knowledge

or information at this time to form a belief as to whether or not venue is proper in this District. However, Sakar hereby asserts that its witnesses and documents are located in New Jersey and not in Texas. Therefore, Sakar reserves its right to contest that venue is proper in this District.

## COUNT I - PATENT INFRINGEMENT OF THE `343 PATENT

6. In response to the allegations set forth in Paragraph 60 of the Amended Complaint, Sakar states that United States Patent No. 5,855,343 ("the `343 patent") is entitled "Camera Clip," and was granted on January 5, 1999.

7. With respect to the allegations set forth in Paragraph 61 of the Amended Complaint, Sakar lacks sufficient information on which to form a belief as to the truth of these allegations, and on that basis denies the allegation.

8. With respect to Paragraph 62 of the Amended Complaint, the claims of the `343 patent speak for themselves.

9. To the extent that the allegations in Paragraphs 63 through 174 and 179 through 222 contain allegations pertaining to the alleged actions of named defendants other than Defendant Sakar, Sakar is without knowledge or information sufficient to form a belief as to the truth of these allegations.

10. Sakar denies the allegations in Paragraphs 175 to 176 of the Amended Complaint. Sakar denies that it has infringed the `343 patent, either directly or indirectly, and therefore denies that Adjustacam is entitled to injunctive relief and monetary damages. In addition, Sakar requests that Adjustacam provide claim charts for each patent claim alleged to be infringed, showing which Sakar products infringe each claim of the `343 patent, which is being asserted.

11. Sakar denies the allegations in Paragraphs 177 and 178 of the Amended Complaint.

Sakar denies that it has infringed the '343 patent and therefore denies that Adjustacam is entitled to injunctive relief and monetary damages. In addition, Sakar requests that Adjustacam provide claim charts for each patent claim alleged to be infringed, showing which Sakar products infringe each patent claim of the '343 patent, which is being asserted.

12. To the extent that the allegations in Paragraph 223 of the Amended Complaint pertain to Defendant Sakar, Sakar denies all of the allegations contained therein, and Sakar denies that Adjustacam is entitled to money damages or an injunction.

13. To the extent that the allegations in Paragraph 224 of the Amended Complaint pertain to Defendant Sakar, Sakar denies all of the allegations contained therein, and denies that it has willfully infringed the '343 patent.

14. To the extent that Paragraph 225 of the Amended Complaint contains allegations that pertain to Defendant Sakar, Sakar denies all of the allegations contained therein, and denies that it has willfully infringed the '343 patent.

15. To the extent that Paragraph 226 of the Amended Complaint contains allegations that pertain to Defendant Sakar, Sakar denies all of the allegations contained therein, and denies that it had constructive notice of the patent in suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. Adjustacam's Amended Complaint fails to state facts sufficient to state a cause of action and fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

17. One or more claims of U.S. Patent No. 5,855,343 allegedly infringed by Sakar are **invalid** for failure to comply with one or more of the statutory requirements of 35 U.S.C. §§ 101, 102, 103, and 112. One or more claims of U.S. Patent No. 5,855,343 are invalid based on the following prior art patents: U.S. Patent No. 5,880,783 filed on December 11, 1996 claiming priority back to November 19, 1996 which shows a camera mounted on a computer screen; and U.S. Patent No. 5,768,163 filed on April 15, 1996 which shows in Figures 7 and 8 a digital camera 46 attached to the media clip pad mounted on a computer screen.

## THIRD AFFIRMATIVE DEFENSE

18. Sakar's making, use or sale of its products, and the use and sale of such products by Sakar's customers, **do not infringe** any of the claims of U.S. Patent No. 5,855,343 being asserted against Sakar. Sakar has not actively induced infringement of any claims of the patent being asserted against Sakar, and Sakar has not contributed to the infringement of any claims of the patent being asserted against Sakar. More specifically, Sakar's products do not include a cover for the camera lens, as recited in claims 3, 4 and 13, and they do not include a "support frame having a rear support element, and a first and a second front support element" as recited in at least claim 10.

## FOURTH AFFIRMATIVE DEFENSE

19. **Prosecution history estoppel** bars Adjustacam from proving infringement of the asserted claims under the doctrine of equivalents. Adjustacam is estopped from construing the claims of U.S. Patent No. 5,855,343 in such a way as may cover Sakar's products and activities by reason of statements made to the United States Patent and Trademark Office during the

prosecution of the application that issued as the '343 patent.

### FIFTH AFFIRMATIVE DEFENSE

20. One or more claims of the patent-in-suit are void, invalid, and **unenforceable** by virtue of the failure of the patentee to act with the degree of candor and good faith required of persons who prepare or prosecute a patent application before the United States Patent and Trademark Office ("PTO"), including the failure to disclose material prior art and information known to the patentee and/or persons having substantial responsibility for the prosecution of the patent-in-suit.

### SIXTH AFFIRMATIVE DEFENSE

21. One or more of the claims of the patent-in-suit is **unenforceable** under the doctrine of prosecution laches.

### SEVENTH AFFIRMATIVE DEFENSE

22. U.S. Patent No. 5,855,343 is unenforceable under the doctrine of patent misuse.

### EIGHTH AFFIRMATIVE DEFENSE

23. U.S. Patent No. 5,855,343 is unenforceable due to the inequitable conduct of those involved in the application for this patent before the U.S. Patent and Trademark Office.

### NINTH AFFIRMATIVE DEFENSE

24. U.S. Patent No. 5,855,343 is not infringed by any of Sakar's past and current products for the reasons stated in Paragraph 18 above.

### TENTH AFFIRMATIVE DEFENSE

25. There has been no prior notice in writing or otherwise given to Defendant Sakar of Adjustacam's '343 patent-in-suit and Adjustacam has not marked its patented products pursuant

to 35 U.S.C. § 287. Therefore, Sakar has not been given actual or constructive notice as required by 35 U.S.C. § 287 and is not responsible for any damages.

### ELEVENTH AFFIRMATIVE DEFENSE

26. Adjustacam's claims are barred by the equitable doctrines of laches, estoppel, acquiescence, waiver, implied license, and/or unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

27. Sakar reserves the right to amend this Answer to assert further defenses based on future discovery in the lawsuit.

### PRAYERS FOR RELIEF

28. Sakar requests that all of Plaintiff's prayers for relief be denied.

### COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Sakar International, Inc. ("Sakar"), hereby asserts the following counterclaims against Adjustacam and asserts as follows:

### NATURE AND BASIS OF ACTION

1. This is an action arising under the United States Patent Act, 35 U.S.C. § 1 *et seq.*

### PARTIES

2. Counterclaim Defendant Adjustacam is, on information and belief, a limited liability company under the laws of the State of Texas, and has its principal place of business in Frisco, Texas.

3. Counterclaimant Sakar is a corporation organized and existing under the laws of the State of New York, and has its principal place of business located at 195 Carter Drive, Edison, New Jersey 08817.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,855,343. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1131, 1338(a), 2201, and 2202.

5. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c).

## GENERAL ALLEGATIONS

6. Adjustacam has filed suit against Sakar, claiming infringement of U.S. Patent No. 5,855,343.

7. A justiciable controversy exists between Adjustacam and Sakar concerning the infringement and validity of U.S. Patent No. 5,855,343.

## FIRST COUNTERCLAIM

### (NON-INFRINGEMENT OF THE ADJUSTACAM PATENT-IN-SUIT)

8. Sakar incorporates Paragraphs 1-7 as if fully set forth herein.

9. Although Sakar is still investigating this matter, Sakar alleges that it has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the patent-in-suit asserted by Adjustacam in this litigation for the reasons stated in Paragraph 18 above.

10. Sakar is entitled to a declaratory judgment that Sakar does not infringe any of the asserted claims of the '343 patent-in-suit.

## SECOND COUNTERCLAIM

### (INVALIDITY AND UNENFORCEABILITY OF THE ADJUSTACAM PATENT-IN-SUIT)

11. Sakar incorporates Paragraphs 1-10 as if fully set forth herein.

12. Although Sakar is still investigating this matter, Sakar alleges that one or more claims of the '343 patent-in-suit are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 287 for the reasons stated in Paragraph 17 above.

13. Sakar is entitled to declaratory judgment that one or more of the asserted claims of the '343 patent-in-suit is invalid and/or unenforceable.

## REQUEST FOR RELIEF

WHEREFORE, Sakar prays for judgment that:

A. Adjustacam's Amended Complaint against Sakar be dismissed in its entirety with prejudice;

B. Adjustacam is not entitled to the relief prayed for in its Amended Complaint against Sakar, or to any relief whatsoever;

C. U.S. Patent No. 5,855,343 is invalid, void, and unenforceable against Sakar.

D. U.S. Patent No. 5,855,343 has never been, and is not now, infringed by Sakar or by any other person or entity using or selling Sakar's products in this judicial district or anywhere in the United States;

E. No damages or royalties are due or owing by Sakar for any of the acts alleged by Adjustacam in its Complaint;

F. This case is an exceptional case pursuant to 35 U.S.C. § 285, and Sakar should be awarded its reasonable attorney fees incurred un this action;

G. Sakar be awarded its costs (including expert fees), disbursements, and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

H.  Sakar be awarded such other relief as the Court may deem appropriate, just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Sakar demands a trial by jury on all issues so triable.

Dated: September 16, 2010

_____
EZRA SUTTON, Esq.
EZRA SUTTON, P. A.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel:  732-634-3520
Fax: 732-634-3511
Attorneys for Defendant Sakar International, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 16, 2010, a true and correct copy of the above and foregoing document has been served on behalf of Sakar International, Inc. all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                                                      s/Ezra Sutton