SAKAR 6.0-018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM, L.L.C.<br><br>              Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., et al<br><br>              Defendants. | Civil Action No. 6:10-cv-00329 |

**DEFENDANTS KOHL'S ILLINOIS, INC. AND KOHL'S CORPORATION'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND**

## DEFENDANTS KOHL'S ILLINOIS, INC. AND KOHLS CORPORATION'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND

Defendants Kohl's Illinois, Inc. and Kohl's Corporation, ("Defendants" or "Kohl's") answer the Amended Complaint for Patent Infringement by Adjustacam, L.L.C. ("Plaintiff" or "Adjustacam"), and by way of its attorneys alleges and states as follows:

### PARTIES

1. In response to Paragraph 1 of the Amended Complaint, Kohl's admits that Adjustacam is a limited liability company organized and existing under the laws of the State of Texas, and that Adjustacam maintains its principal place of business in Frisco, Texas.

2. To the extent that the allegations in Paragraphs 2 through 53 and 56 through 57 of the Amended Complaint contain allegations pertaining to named defendants other than Defendants Kohl's, Kohl's is without knowledge or information sufficient to form a belief as to the truth of these allegations.

3. As to Paragraphs 54 and 55 of the Amended Complaint, Defendant Kohl's Corporation is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located in Wisconsin. Defendant Kohl's Illinois, Inc. is a corporation organized and existing under the laws of the State of Nevada with its principal place of business located in Illinois. Defendants deny that Kohl's Corporation is doing business in and with the State of Texas. Defendants allege and aver that Kohl's Corporation does not have sufficient contacts with the State of Texas to permit a court in Texas to properly exercise personal jurisdiction over Kohl's Corporation. Defendants allege and aver that the business entity affiliated with Kohl's Corporation other than Kohl's Illinois, Inc. that actually does

business in Texas, and is the subsidiary of Kohl's Corporation and parent of Kohl's Illinois, Inc., is Kohl's Department Stores, Inc., a Delaware corporation, which has its principal place of business located in Wisconsin, and operates department stores.

## JURISDICTION AND VENUE

4. To the extent the allegations set forth in Paragraph 58 of the Amended Complaint pertain to Defendants Kohl's, Kohl's denies that it has committed any acts of infringement. Kohl's is investigating whether it is subject to the personal jurisdiction of this Court.

5. To the extent that the allegations set forth in Paragraph 59 of the Amended Complaint pertain to Defendants Kohl's, Defendants assert that venue is not proper in this district as to Defendant Kohl's Corporation, since it never sold any of the accused products, and therefore has not infringed the patent in suit. However, a different Kohl's entity, Kohl's Department Stores, Inc., a Delaware corporation, having its principle place of business in Wisconsin has sold the allegedly infringing product.

## COUNT I - PATENT INFRINGEMENT OF THE `343 PATENT

6. In response to the allegations set forth in Paragraph 60 of the Amended Complaint, Kohl's state that United States Patent No. 5,855,343 ("the `343 patent") is entitled "Camera Clip," and was granted on January 5, 1999.

7. With respect to the allegations set forth in Paragraph 61 of the Amended Complaint, Kohl's lacks sufficient information on which to form a belief as to the truth of these allegations, and on that basis denies the allegation.

8. With respect to Paragraph 62 of the Amended Complaint, the claims of the `343 patent speak for themselves.

9. To the extent that the allegations in Paragraphs 63 through 210 and 215 through 222 contain allegations pertaining to the alleged actions of named defendants other than Defendants Kohl's, Kohl's is without knowledge or information sufficient to form a belief as to the truth of these allegations.

10. Kohl's denies the allegations in Paragraphs 211 and 212 of the Amended Complaint. Kohl's denies that it has infringed the `343 patent, either directly or indirectly, and therefore denies that Adjustacam is entitled to injunctive relief and monetary damages. In addition, Kohl's requests that Adjustacam provide claim charts for each patent claim alleged to be infringed, showing which Kohl's products infringe each claim of the `343 patent, which is being asserted.

11. Kohl's denies the allegations in Paragraphs 213 and 214 of the Amended Complaint. Kohl's denies that it has infringed the `343 patent and therefore denies that Adjustacam is entitled to injunctive relief and monetary damages. In addition, Kohl's requests that Adjustacam provide claim charts for each claim alleged to be infringed, showing which Kohl's products infringe each patent claim of the `343 patent, which is being asserted.

12. To the extent that the allegations in Paragraph 223 of the Amended Complaint pertain to Defendants Kohl's, Kohl's denies all of the allegations contained therein, and Kohl's denies that Adjustacam is entitled to money damages or an injunction.

13. To the extent that the allegations in Paragraph 224 of the Amended Complaint pertain to Defendants Kohl's, Kohl's denies all of the allegations contained therein, and denies that it has willfully infringed the `343 patent.

14. To the extent that Paragraph 225 of the Amended Complaint contains allegations that pertain to Defendants Kohl's, Kohl's denies all of the allegations contained therein, and denies that it has willfully infringed the '343 patent.

15. To the extent that Paragraph 226 of the Amended Complaint contains allegations that pertain to Defendants Kohl's, Kohl's denies all of the allegations contained therein, and denies that it had constructive notice of the patent in suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. Adjustacam's Amended Complaint fails to state facts sufficient to state a cause of action and fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

17. One or more claims of U.S. Patent No. 5,855,343 allegedly infringed by Kohl's are **invalid** for failure to comply with one or more of the statutory requirements of 35 U.S.C. §§ 101, 102, 103, and 112. One or more claims of U.S. Patent No. 5,855,343 are invalid based on the following prior art patents: U.S. Patent No. 5,880,783 filed on December 11, 1996 claiming priority back to November 19, 1996 which shows a camera mounted on a computer screen; and U.S. Patent No. 5,768,163 filed on April 15, 1996 which shows in Figures 7 and 8 a digital camera 46 attached to the media clip pad mounted on a computer screen.

### THIRD AFFIRMATIVE DEFENSE

18. Kohl's making, use or sale of its products, and the use and sale of such products by Kohl's customers, **do not infringe** any of the claims of U.S. Patent No. 5,855,343 being asserted

against Kohl's. Kohl's has not actively induced infringement of any claims of the patent being asserted against Kohl's, and Kohl's has not contributed to the infringement of any claims of the patent being asserted against Kohl's. More specifically, Kohl's products do not include a cover for the camera lens, as recited in claims 3, 4 and 13, and they do not include a "support frame having a rear support element, and a first and a second front support element" as recited in at least claim 10.

### FOURTH AFFIRMATIVE DEFENSE

19. **Prosecution history estoppel** bars Adjustacam from proving infringement of the asserted claims under the doctrine of equivalents. Adjustacam is estopped from construing the claims of U.S. Patent No. 5,855,343 in such a way as may cover Kohl's products and activities by reason of statements made to the United States Patent and Trademark Office during the prosecution of the application that issued as the '343 patent.

### FIFTH AFFIRMATIVE DEFENSE

20. One or more claims of the patent-in-suit are void, invalid, and **unenforceable** by virtue of the failure of the patentee to act with the degree of candor and good faith required of persons who prepare or prosecute a patent application before the United States Patent and Trademark Office ("PTO"), including the failure to disclose material prior art and information known to the patentee and/or persons having substantial responsibility for the prosecution of the patent-in-suit.

### SIXTH AFFIRMATIVE DEFENSE

21. One or more of the claims of the patent-in-suit is **unenforceable** under the doctrine of prosecution laches.

### SEVENTH AFFIRMATIVE DEFENSE

22. U.S. Patent No. 5,855,343 is unenforceable under the doctrine of patent misuse.

### EIGHTH AFFIRMATIVE DEFENSE

23. U.S. Patent No. 5,855,343 is unenforceable due to the inequitable conduct of those involved in the application for this patent before the U.S. Patent and Trademark Office.

### NINTH AFFIRMATIVE DEFENSE

24. U.S. Patent No. 5,855,343 is not infringed by any of Kohl's past and current products for the reasons stated in Paragraph 18 above.

### TENTH AFFIRMATIVE DEFENSE

25. There has been no prior notice in writing or otherwise given to Defendants Kohl's of Adjustacam's '343 patent-in-suit and Adjustacam has not marked its patented products pursuant to 35 U.S.C. § 287. Therefore, Kohl's has not been given actual or constructive notice as required by 35 U.S.C. § 287 and is not responsible for any damages.

### ELEVENTH AFFIRMATIVE DEFENSE

26. Adjustacam's claims are barred by the equitable doctrines of laches, estoppel, acquiescence, waiver, implied license, and/or unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

27. Kohl's reserves the right to amend this Answer to assert further defenses based on future discovery in the lawsuit.

### PRAYERS FOR RELIEF

28. Kohl's requests that all of Plaintiff's prayers for relief be denied.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendants Kohl's hereby assert the following counterclaims against Adjustacam and asserts as follows:

### NATURE AND BASIS OF ACTION

1. This is an action arising under the United States Patent Act, 35 U.S.C. § 1 *et seq.*

### PARTIES

2. Counterclaim Defendant Adjustacam is, on information and belief, a limited liability company under the laws of the State of Texas, and has its principal place of business in Frisco, Texas.

3. Counterclaimant Kohl's Department Stores, Inc. is a Delaware corporation, and has its principal place of business in Wisconsin, and counterclaimant Kohl's Illinois, Inc. is a Nevada corporation and has its principal place of business in Illinois (hereinafter Kohl's).

### JURISDICTION AND VENUE

4. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,855,343. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1131, 1338(a), 2201, and 2202.

5. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c).

### GENERAL ALLEGATIONS

6. Adjustacam has filed suit against Kohl's, claiming infringement of U.S. Patent No. 5,855,343.

7. A justiciable controversy exists between Adjustacam and Kohl's concerning the infringement and validity of U.S. Patent No. 5,855,343.

## FIRST COUNTERCLAIM

## (NON-INFRINGEMENT OF THE ADJUSTACAM PATENT-IN-SUIT)

8. Kohl's incorporates Paragraphs 1-7 as if fully set forth herein.

9. Although Kohl's is still investigating this matter, Kohl's alleges that it has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the patent-in-suit asserted by Adjustacam in this litigation for the reasons stated in Paragraph 18 above.

10. Kohl's is entitled to a declaratory judgment that Kohl's do not infringe any of the asserted claims of the '343 patent-in-suit.

## SECOND COUNTERCLAIM

## (INVALIDITY AND UNENFORCEABILITY OF THE ADJUSTACAM PATENT-IN-SUIT)

11. Kohl's incorporates Paragraphs 1-10 as if fully set forth herein.

12. Although Kohl's is still investigating this matter, Kohl's alleges that one or more claims of the '343 patent-in-suit are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 287 for the reasons stated in Paragraph 17 above.

13. Kohl's is entitled to declaratory judgment that one or more of the asserted claims of the '343 patent-in-suit is invalid and/or unenforceable.

## REQUEST FOR RELIEF

WHEREFORE, Kohl's prays for judgment that:

A. Adjustacam's Amended Complaint against Kohl's be dismissed in its entirety with prejudice;

B. Adjustacam is not entitled to the relief prayed for in its Amended Complaint against Kohl's, or to any relief whatsoever;

C. U.S. Patent No. 5,855,343 is invalid, void, and unenforceable against Kohl's.

D. U.S. Patent No. 5,855,343 has never been, and is not now, infringed by Kohl's or by any other person or entity using or selling Kohl's products in this judicial district or anywhere in the United States;

E. No damages or royalties are due or owing by Kohl's for any of the acts alleged by Adjustacam in its Complaint;

F. This case is an exceptional case pursuant to 35 U.S.C. § 285, and Kohl's should be awarded its reasonable attorney fees incurred un this action;

G. Kohl's be awarded its costs (including expert fees), disbursements, and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

H. Kohl's be awarded such other relief as the Court may deem appropriate, just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Kohl's demands a trial by jury on all issues so triable.

Dated: September 17, 2010

EZRA SUTTON, Esq.
EZRA SUTTON, P. A.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel: 732-634-3520
Fax: 732-634-3511
Attorneys for Defendants Kohl's Illinois, Inc. and Kohl's Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 17, 2010, a true and correct copy of the above and foregoing document has been served on behalf of Kohl's all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

s/Ezra Sutton