IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:10-CV-00329-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| AMAZON.COM, INC., et al. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF ADJUSTACAM LLC'S OPPOSITION TO
WAL-MART STORES, INC.'S PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**

I.  **INTRODUCTION**

Defendant Wal-Mart Stores, Inc. ("Walmart") argues in its Partial Motion To Dismiss For Failure To State A Claim (Docket No. 147) ("Motion"), that AdjustaCam has not properly asserted its indirect infringement claims.[1]  Walmart makes this claim in spite of the fact that AdjustaCam in its Amended Complaint specifically names the following products sold and offered for sale by Walmart:  Gear Head i-Level WebCam, HP Elite Autofocus Webcam, HP Premium USB Webcam, KQ245AA, HP Pro Webcam, HP USB Webcam, iHome MyLife, His Home, Her Home Webcam Kit, iHome MyLife Webcam, iHome Your Home 1.3Mega Pixel USB Webcam 2 Pack, Kodak T130 Webcam and/or MacAlly IceCam2 Webcam. Amended Complaint at ¶ 197.  Including because Walmart sells and offers for sale infringing webcams, it encourages the manufactuers of the accused webcams (also named in the complaint) to continue their direct infringement by making the webcams.  Therefore, AdjustaCam has properly named products and third parties that are the basis of its indirect infringement claims.  This is particularly clear given that AdjustaCam has accused many of these manufacturers of direct infringement.

Further, AdjustaCam stated in its Amended Complaint that "WAL-MART has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including ***by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers***."  Amended Complaint at ¶ 196 (emphasis added).  Walmart's complaint, then, is that it does not know the identities of its own customers as to the specific products identified by AdjustaCam.  All that AdjustaCam is required to do in its

---

[1] Several Defendants filed notices joining Walmart's Motion, including Jasco Products Company D/B/A Jasco, Target Corp., and Radioshack Corporation.  AdjustaCam files this Opposition in response to these Defendants' notices as well as Walmart's Motion.

Amended Complaint is give Walmart fair notice of what the claim is and the grounds upon which it rests. Walmart has received such notice.

It is not necessary for AdjustaCam to provide the specific names of those induced by Walmart (and even if it were, direct infringers have been named as described above). Walmart also implies that AdjustaCam must allege knowledge or intent for its indirect infringement claims. However, this is not required. Further, intent is presumed for contributory infringement once the "no substantial noninfringing use" requirement is fulfilled.

AdjustaCam's indirect infringement claims should not be dismissed because AdjustaCam specifies infringing products that Walmart sells, resulting in direct infringement. Therefore, the best that Walmart can do is seek have AdjustaCam name a third party direct infringer to act as the object of AdjustaCam's indirect infringement claims. But as noted, direct infringers have already been identified, including by name. Walmart's Motion accomplishes nothing other than waste the resources of the Court.

## II.     LEGAL PRINCIPLES

When deciding a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). A motion to dismiss under Fed R. Civ. P. 12(b)(6) is "viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M University Sys.,* 117 F.3d 242, 247 (5th Cir. 1997); *Priester v. Lowndes County,* 354 F.3d 414, 418 (5th Cir. 2004).

Although "heightened fact pleading of specifics" is not required, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock,* 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). However, the "issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.*" Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp*., 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id*. at 1356 (internal quotations omitted); *Doe v. MySpace, Inc*., 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84. Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading.

Walmart cites no compelling need for greater specificity other than its mistaken belief that the rules require greater formalistic disclosure at the pleading stage of this case. The Court should deny Walmart Motion on the facts and the law.

### III.   ARGUMENT

#### A.   AdjustaCam Properly Alleged Indirect Infringement by Walmart

Because AdjustaCam's claim of *direct* infringement by Walmart is properly pled, the only question is whether AdjustaCam will be forced to amend its Complaint to add the details

requested by Walmart regarding AdjustaCam's indirect infringement claims. As shown below, the details requested by Walmart are not required under the law.

AdjustaCam alleged its indirect infringement claims against Walmart in ¶ 196 of the Amended Complaints:

> Moreover, on information and belief, WAL-MART has been and now is *indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent* in the State of Texas, in this judicial district, and elsewhere in the United States, *including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers*. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit. (Emphasis added).

For the purposes of a 12(b)(6) motion, all that is required is that the pleading give "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Walmart has notice that it is being sued for indirect infringement – based on both inducement to infringe and contributory infringement – and that the grounds upon which these claims rest are direct infringement by "users comprising this Defendant's customers." Walmart's argument, then, is that it does not know the identity of its customers to which it sold the specific products named in ¶ 197.[2] This is not a credible claim, and even if it were, AdjustaCam has still fulfilled the pleading standards. By identifying specific products and the parties that Walmart sold them to, AdjustaCam has met its burden. Walmart's implicit assertion that it is unaware, and needs guidance, regarding identification of its own customers is disingenuous.

Further, to require AdjustaCam to specifically name customers of Walmart that directly infringe the '137 patent would effectively require AdjustaCam to sue these entities.

---

[2] Namely, the following products: Gear Head i-Level WebCam, HP Elite Autofocus Webcam, HP Premium USB Webcam, KQ245AA, HP Pro Webcam, HP USB Webcam, iHome MyLife His Home, Her Home Webcam Kit, iHome MyLife Webcam, iHome Your Home 1.3Mega Pixel USB Webcam 2 Pack, Kodak T130 Webcam and/or MacAlly IceCam2 Webcam.

Even before *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007), a patent owner informing a party that it infringed a patent, combined with a history of protecting that patent through litigation (such as this case) could trigger a declaratory judgment lawsuit, regardless of whether such jurisdiction would be proper. If AdjustaCam is forced to expressly identify third party direct infringers in a complaint, then AdjustaCam would have to add such parties to this lawsuit to be certain that such company would not file a declaratory judgment suit in another court,. This would be an absurd result.

Finally, in ¶ 196 of its Amended Complaint, AdjustaCam references the specific products forming the basis of its indirect infringement claims:

> Moreover, on information and belief, WAL-MART has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, *including by providing the above-described apparatuses for supporting cameras* to users comprising this Defendant's customers. (Emphasis added).

In ¶ 197 of its Amended Complaint, AdjustaCam spells out in detail these products:

> 197.   Upon present information and belief, WAL-MART's infringing apparatuses comprise at least one or more of the Gear Head i-Level WebCam, HP Elite Autofocus Webcam, HP Premium USB Webcam, KQ245AA, HP Pro Webcam, HP USB Webcam, iHome MyLife His Home, Her Home Webcam Kit, iHome MyLife Webcam, iHome Your Home 1.3Mega Pixel USB Webcam 2 Pack, Kodak T130 Webcam and/or MacAlly IceCam2 Webcam.

Walmart has been provided fair notice of AdjustaCam's claim and the grounds upon which it is based.

In *FotoMedia Techs., LLC v. AOL, LLC*, 2008 U.S. Dist. LEXIS 109403 (E.D. Tex. Aug. 29, 2008), Magistrate Judge Everingham, in a case of facts similar to this, determined that the defendants' motion to dismiss under Rule 12(b)(6), as well as their motion for more definite statement under Rule 12(e) should be denied. The court explained:

> The defendants argue that the allegations of indirect infringement and willful infringement in First Amended Complaint should be dismissed for failure to state a claim. According to the defendants, FotoMedia has not alleged sufficient facts to state a plausible claim for indirect infringement under *Bell Atlantic*. As FotoMedia points

>out, however, ***neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement***. The level of detail provided by FotoMedia in its allegations of indirect infringement are similar to those approved by Form 16, the Federal Circuit, and the courts in this district.

>*FotoMedia* at *8 (emphasis added).

Magistrate Judge Everingham's statement above that a plaintiff in a patent infringement case need not plead each individual element for indirect infringement is common sense in that by accusing Walmart of inducement to infringe and contributory infringement, AdjustaCam has necessarily accused Walmart of fulfilling each element of indirect infringement. Walmart's position that more is required would defeat the notion of notice pleading. And while Walmart is correct in saying that indirect infringement is not addressed in From 18, infringement is. Walmart's assertion that more is required for pleading indirect infringement than for direct infringement lacks any basis in common sense or the law.

In its Motion, Walmart repeats several times that intent must be proven for indirect infringement. However, liability for contributory infringement does not require proof of an affirmative intent to cause direct infringement. See *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1340 (Fed. Cir. 2008). For contributory infringement, intent is presumed for contributory infringement once the "no substantial noninfringing use" requirement is fulfilled. See *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006), citing *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 162 L. Ed. 2d 781, 125 S. Ct. 2764, 2777 (2005). The Federal Circuit confirmed this in *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1338 (Fed. Cir. 2008):

>The *Grokster* Court thus made clear that the purpose of the "substantial noninfringing use" exception of § 271(c) is to allow determination of instances where the intent to infringe may be presumed based on the distribution of a product that has an unlawful use. When a manufacturer includes in its product a component that can only infringe,

the inference that infringement is intended is unavoidable." (internal citations omitted).

Here, the accused products have no substantial noninfringing use vis-à-vis the '343 Patent. Since the issue is not whether AdjustaCam will ultimately prevail, but rather whether it is entitled to offer evidence to support its contributory infringement claim,[3] AdjustaCam's assertion of contributory infringement does not require proof or any other allegation of intent, because such intent is implied in the allegation. Indeed, Walmart's Motion makes clear throughout that it already knows exactly upon what facts and law AdjustaCam's allegations regarding both indirect and direct infringement are based.

AdjustaCam's claims of direct infringement and contributory infringement are clear and require no intent or specific identification of any third party for Walmart to be on proper notice to respond to the Complaint. As to AdjustaCam's claim of inducement to infringe, nothing is gained by requiring AdjustaCam to replead. Any confusion or requested need for clarity by Walmart is feigned, and should not be rewarded. As Judge Davis warned in his recent order in *Bedrock Computer Techs. V. Softlayer Techs*. (March 29, 2010, ED. Tex., Case No. 609-CV-269, Docket No. 189), "[t]he Court strongly encourages the parties to try this case on the merits and not unnecessarily burden the Court with technical issues that lack practical substance."

Walmart asserts that "[s]imilar inadequate pleadings of inducing infringement have been dismissed by this and other courts" and then cites several unpublished rulings. Motion at 9. However, each of these cases is factually distinguishable because here, Walmart has been informed of the specific products that form the basis of the indirect infringement claims, and Walmart's only complaint is that it does not know the identity of its own customers as to

---

[3] *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

Page | 7

these particular products.  For example, in *Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.,* No. 6:09-CV-00208-LED, Dkt. No. 195, at 5 (Mar. 29, 2010) (Davis, J.), the Court noted as a basis for its ruling that "Joao's allegation of direct infringement fails to adhere to Form 18 in that it does not identify any accused products or services." See Order at 5. Because of this, the Court determined that "[t]he complaint simply fails to inform Defendants as to what they must defend." *Id.* at 6.  The Court noted further that without any understanding of the accused products, Defendants would be prejudiced in collecting relevant documents or evaluate indemnification claims.  *Id.* at 2-3.  Here, however, Walmart knows exactly what products are accused, the parties that manufacture those products, and should know better than AdjustaCam the identity of Walmart's customers who bought these products.

Walmart also *cites Joao Control & Monitoring Sys. Of Tex., LLC v. Playboy Enters. Inc.*, No. 6:09-CV-00499-LED, Dkt. No. 56, at 5 (E.D. Tex. Mar. 29, 2010) (Davis, J.). However, again, the facts are quite different from the instant case.  In the cited case, the Court again mentions as a basis for its ruling that, unlike here, "[Plaintiff] does not identify any accused products or services" and that "[t]he complaint simply fails to inform Defendants as to what they must defend."  *Id*. at 6. Here, Walmart knows exactly what it must defend against – allegations that it sold specific identified products to "its customers."  Again, the only complaint that Walmart has is that it does not know the identity of its own customers as to specific products.

Finally, Walmart cites an unpublished order from Magistrate Judge Seeborg in the Northern District of California, *Elan Microelectronics Corp. v. Apple, Inc*., No. C 09-01531 RS, at 7 (N.D. Cal. 2009).  In that case, Apple included but a single sparse statement

Page | 8

regarding its allegation of indirect infringement: "Upon information and belief, Elan has been and is currently, directly and/or indirectly, infringing, in violation of 35 U.S.C. § 271, the '218 patent through its design, marketing, manufacture and/or sale of touch-sensitive input devices or touchpads, including but not limited to the Smart-Pad." Unlike the case at bar, Apple did not name third-party products or manufacturers for the products upon which the indirect infringement claims were based, nor did it identify Elan's customers as persons being induced to infringe.

Walmart is fully aware of the products and manufacturers (all of which are Defendants in this case) of the products that form the basis of AdjustaCam's indirect infringement claims. Walmart's only claim is that in order to defend this case, it must be informed of the specific identity of which of its customers purchased the specific identified products. That Walmart is implying that it does not know who its customers are – for specifically identified products – is preposterous. Further, by advertising the identified products produced by third party manufacturers already accused of infringement in this lawsuit, Walmart indirectly infringes the patent in suit. The Court should resist Walmart's call to heighten the pleading standard for indirect infringement beyond that exemplified in Form 18, and beyond the common sense standard of providing Defendants with fair notice of the claim and the grounds upon which it rests.

## IV.     CONCLUSION

For the reasons discussed herein, AdjustaCam respectfully request that Walmart's Motion be denied in its entirety. To the extent that the Court grants any part of Walmart's Motion, AdjustaCam respectfully requests that the Court allow AdjustaCam to amend its complaint.

Dated: September 24, 2010                                    Respectfully submitted,

                                                             By: /s/ Erick S. Robinson
                                                             John J. Edmonds – LEAD COUNSEL
                                                             Texas Bar No. 789758
                                                             Michael J. Collins
                                                             Texas Bar No. 4614510
                                                             Henry M. Pogorzelski
                                                             Texas Bar No. 24007852
                                                             Erick Robinson
                                                             Texas Bar No. 24039142
                                                             COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                             1616 S. Voss Road, Suite 125
                                                             Houston, Texas 77057
                                                             Telephone: (281) 501-3425
                                                             Facsimile: (832) 415-2535
                                                             jedmonds@cepiplaw.com
                                                             mcollins@cepiplaw.com
                                                             hpogorzelski@cepiplaw.com
                                                             erobinson@cepiplaw.com

                                                             Andrew W. Spangler
                                                             Texas Bar No. 24041960
                                                             Spangler Law P.C.
                                                             208 N. Green Street, Suite 300
                                                             Longview, Texas 75601
                                                             (903) 753-9300
                                                             (903) 553-0403 (fax)
                                                             spangler@spanglerlawpc.com

                                                             ATTORNEYS FOR PLAINTIFF
                                                             ADJUSTACAM LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of September, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                             /s/ Erick S. Robinson