IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:10-CV-00329-LED |
| | § | |
| vs. | § | |
| | § | |
| AMAZON.COM, INC., et al. | § | |
| | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DELL'S CORRECTED MOTION TO DISMISS
PLAINTIFF'S ALLEGATIONS OF INDIRECT INFRINGEMENT
AND WILLFUL INFRINGEMENT FOR FAILURE TO STATE A CLAIM**

Plaintiff AdjustaCam LLC ("AdjustaCam") responds to Defendant Dell, Inc.'s ("Dell") Corrected Motion To Dismiss Plaintiff's Allegations of Indirect Infringement and Willful Infringement For Failure To State A Claim (the "Motion"), as follows:

**I.     INTRODUCTION**

Dell makes two arguments in its Motion: (1) that AdjustaCam has not properly asserted its indirect infringement claims, and (2) that AdjustaCam has not properly asserted its willfulness claims.  For the reasons described herein, Dell's Motion should be denied.[1]

**A.   Indirect Infringement**

Like Wal-Mart Stores, Inc. in its Motion (see Dkt. No. 147, and AdjustaCam's Opposition at Dkt. No. 235), Dell takes issue with AdjustaCam's indirect infringement claims. Rather than join in Wal-Mart's motion, Dell has included a subset of the Wal-Mart's arguments. Dell contends that AdjustaCam has not properly pled its indirect infringement claims in spite of the fact that AdjustaCam in its Amended Complaint specifically names the following accused

---

[1] Several Defendants have filed notices joining Dell's Motion.  AdjustaCam files this Opposition in response to these Defendants' notices as well as Dell's Motion.

webcams sold and offered for sale by Dell:  Creative Labs VF0420 Creative Live! Vista IM Web Camera and/or Lifeworks iHome MyLife His Home Her Home Webcam Kit. Amended Complaint at ¶ 93.  Including because Dell sells and offers for sale infringing webcams, it encourages the manufacturers of the accused webcams (also named in the complaint) to continue their direct infringement by making the webcams.  Therefore, AdjustaCam has properly named products and third parties that are the basis of its indirect infringement claims.  This is particularly clear given that AdjustaCam has accused the manufacturers of these products of direct infringement in this lawsuit.

Further, AdjustaCam stated in its Amended Complaint that "DELL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including *by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers*."  Amended Complaint at ¶ 92 (emphasis added). Dell's complaint, then, is that it does not know the identities of its own customers as to the specific products identified by AdjustaCam.  All that AdjustaCam is required to do in its Amended Complaint is give Dell fair notice of what the claim is and the grounds upon which it rests.  Dell has received such notice.

It is not necessary for AdjustaCam to provide the specific names of those induced by Dell (and even if it were, direct infringers have been named as described above).  Dell also implies that AdjustaCam must allege knowledge or intent for its indirect infringement claims.  However, this is not required.  Further, intent is presumed for contributory infringement once the "no substantial noninfringing use" requirement is fulfilled.

AdjustaCam's indirect infringement claims should not be dismissed because AdjustaCam specifies infringing products that Dell sells, resulting in direct infringement.  Therefore, the best that Dell can do is seek to have AdjustaCam name a third party direct infringer to act as the object of AdjustaCam's indirect infringement claims.  But as noted, direct infringers have already been identified, including by name.  For these reasons, Dell's Motion is flawed and should be denied.

### B.  Willful Infringement

Like its argument regarding indirect infringement, Dell attempts to prevent AdjustaCam from even being allowed to plead willful infringement.  In doing so, Dell seizes on *dicta* from *In re Seagate Tech. LLC*, 497 F.3d 1360 (Fed. Cir. 2007) and attempts to require any patentee with a willfulness claim to seek a preliminary injunction.  Doing so would not only waste judicial resources, but would be futile in cases such as this, in which the Plaintiff does not make or sell webcams of its own.  Dell had notice of the patent in suit when AdjustaCam filed its Original Complaint on July 2, 2010, and the fact that Dell has continued to sell infringing products since that date was properly a basis for AdjustaCam's willful infringement claims in its subsequently filed Amended Complaint.


## II.     LEGAL PRINCIPLES

When deciding a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  A motion to dismiss under Fed R. Civ. P. 12(b)(6) is "viewed with disfavor and is rarely

granted." *Lowrey v. Texas A&M University Sys.,* 117 F.3d 242, 247 (5th Cir. 1997); *Priester v. Lowndes County,* 354 F.3d 414, 418 (5th Cir. 2004).

Although "heightened fact pleading of specifics" is not required, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock,* 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). However, the "issue is not whether the plaintiff will ultimately prevail, but whether he is ***entitled to offer evidence to support his claim**." Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (emphasis added).

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84.  Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading.

Dell cites no compelling need for greater specificity other than its mistaken belief that the rules require greater formalistic disclosure at the pleading stage of this case.  The Court should deny Dell Motion on the facts and the law.

III.   **ARGUMENT**

A.   **AdjustaCam Properly Alleged Indirect Infringement by Dell**

Because AdjustaCam's claim of *direct* infringement by Dell is properly pled, the only question is whether AdjustaCam will be forced to amend its Complaint to add the details requested by Dell regarding AdjustaCam's indirect infringement claims.  As shown below, the details requested by Dell are not required under the law.

AdjustaCam alleged its indirect infringement claims against Dell in ¶ 92 of the Amended Complaint:

> Moreover, on information and belief, DELL has been and now is *indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent* in the State of Texas, in this judicial district, and elsewhere in the United States, *including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers*. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit. (Emphasis added).

For the purposes of a 12(b)(6) motion, all that is required is that the pleading give "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).  Dell has notice that it is being sued for indirect infringement – based on both inducement to infringe and contributory infringement – and that the grounds upon which these claims rest are direct infringement by "users comprising this Defendant's customers."   Dell's argument, then, is that it does not know the identity of its customers to which it sold the specific products named in ¶ 93.[2]  This is not a credible claim, and even if it were, AdjustaCam has still fulfilled the pleading standards.  By identifying specific products and the parties that Dell

---

[2] Namely, the following products:  the Creative Labs VF0420 Creative Live! Vista IM Web Camera and/or Lifeworks iHome MyLife His Home Her Home Webcam Kit.

sold them to, AdjustaCam has met its burden.  Dell's implicit assertion that it is unaware, and needs guidance, regarding identification of its own customers is disingenuous.

Further, to require AdjustaCam to specifically name customers of Dell that directly infringe the '343 patent would effectively require AdjustaCam to sue these entities. Even before *MedImmune, Inc. v. Genentec*h, Inc., 549 U.S. 118, 127 S. Ct. 764 , 166 L. Ed. 2d 604 (2007), a patent owner informing a party that it infringed a patent, combined with a history of protecting that patent through litigation (such as this case) could trigger a declaratory judgment lawsuit, regardless of whether such jurisdiction would be proper.  If AdjustaCam is forced to expressly identify third party direct infringers in a complaint, then AdjustaCam would have to add such parties to this lawsuit or risk they would file a declaratory judgment suit in another court.  This would be an absurd result.

Finally, in ¶ 92 of its Amended Complaint, AdjustaCam references the specific products forming the basis of its indirect infringement claims:

> Moreover, on information and belief, DELL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, *including by providing the above-described apparatuses for supporting cameras* to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit. (Emphasis added).

In ¶ 93 of its Amended Complaint, AdjustaCam spells out in detail these products:

> Upon present information and belief, DELL's infringing apparatuses comprise at least one or more of the Creative Labs VF0420 Creative Live! Vista IM Web Camera and/or Lifeworks iHome MyLife His Home Her Home Webcam Kit.

Dell has been provided fair notice of AdjustaCam's claim and the grounds upon which it is based.

In *FotoMedia Techs., LLC v. AOL, LLC*, 2008 U.S. Dist. LEXIS 109403 (E.D. Tex.

Aug. 29, 2008), Magistrate Judge Everingham, in a case of facts similar to this, determined

that  the defendants' motion to dismiss under Rule 12(b)(6), as well as their motion for more

definite statement under Rule 12(e) should be denied.  The court explained:

> The defendants argue that the allegations of indirect infringement and willful
> infringement in First Amended Complaint should be dismissed for failure to state a
> claim. According to the defendants, FotoMedia has not alleged sufficient facts to state
> a plausible claim for indirect infringement under *Bell Atlantic*. As FotoMedia points
> out, however, ***neither the patent infringement pleading form nor the holdings from
> the Federal Circuit require the pleading of each individual element of a claim for
> indirect infringement***. The level of detail provided by FotoMedia in its allegations of
> indirect infringement are similar to those approved by Form 16, the Federal Circuit,
> and the courts in this district.

*FotoMedia* at *8 (emphasis added).  Magistrate Judge Everingham's statement above that a

plaintiff in a patent infringement case need not plead each individual element for indirect

infringement is common sense in that by accusing Dell of inducement to infringe and

contributory infringement, AdjustaCam has necessarily accused Dell of fulfilling each element

of indirect infringement.  Dell's position that more is required would defeat the notion of notice

pleading.  And while Dell is correct in saying that indirect infringement is not addressed in

Form 18, infringement is.   Dell's assertion that more is required for pleading indirect

infringement than for direct infringement lacks any basis in common sense or the law.

In its Motion, Dell states that intent must be proven for indirect infringement.  However,

liability for contributory infringement does not require proof of an affirmative intent to cause

direct infringement. See *Ricoh Co., Ltd. v. Quanta Computer Inc*., 550 F.3d 1325, 1340 (Fed.

Cir. 2008).  For contributory infringement, intent is presumed for contributory infringement

once the "no substantial noninfringing use" requirement is fulfilled.  See *DSU Med. Corp. v.

JMS Co*., 471 F.3d 1293, 1303 (Fed. Cir. 2006), citing *Metro-Goldwyn-Mayer Studios, Inc. v.

Grokster, Ltd.*, 545 U.S. 913, 162 L. Ed. 2d 781, 125 S. Ct. 2764, 2777 (2005).  The Federal

Circuit confirmed this in *Ricoh Co., Ltd. v. Quanta Computer Inc*., 550 F.3d 1325, 1338 (Fed. Cir. 2008):

> The *Grokster* Court thus made clear that the purpose of the "substantial noninfringing use" exception of § 271(c) is to allow determination of instances where the intent to infringe may be presumed based on the distribution of a product that has an unlawful use. When a manufacturer includes in its product a component that can only infringe, the inference that infringement is intended is unavoidable." (internal citations omitted).

Here, the accused products have no substantial noninfringing use vis-à-vis the '343 Patent. Since the issue is not whether AdjustaCam will ultimately prevail, but rather whether it is entitled to offer evidence to support its contributory infringement claim,[3] AdjustaCam's assertion of contributory infringement does not require proof or any other allegation of intent, because such intent is implied in the allegation.   Indeed, Dell's Motion makes clear throughout that it already knows exactly upon what facts and law AdjustaCam's allegations regarding both indirect and direct infringement are based.

AdjustaCam's claims of direct infringement and contributory infringement are clear and require no intent or specific identification of any third party for Dell to be on proper notice to respond to the Complaint.  As to AdjustaCam's claim of inducement to infringe, nothing is gained by requiring AdjustaCam to replead.  Any confusion or requested need for clarity by Dell is feigned, and should not be rewarded.  As Judge Davis warned in his recent order in *Bedrock Computer Techs. V. Softlayer Techs*. (March 29, 2010, ED. Tex., Case No. 609-CV-269, Docket No. 189) ("[t]he Court strongly encourages the parties to try this case on the merits and not unnecessarily burden the Court with technical issues that lack practical substance.").

AdjustaCam's claims of direct infringement and contributory infringement are clear

Dell is fully aware of the products and manufacturers (which are Defendants in this

---

[3] *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

case) of the products that form the basis of AdjustaCam's indirect infringement claims. Dell's only claim is that in order to defend this case, it must be informed of the specific identity of which of its customers purchased the specific identified products. That Dell is implying that it does not know who its customers are – for specifically identified products – is preposterous. Further, by advertising the identified products produced by third party manufacturers already accused of infringement in this lawsuit, Dell indirectly infringes the patent in suit. The Court should resist Dell's call to heighten the pleading standard for indirect infringement beyond that exemplified in Form 18, and beyond the common sense standard of providing Defendants with fair notice of the claim and the grounds upon which it rests.

### B.  AdjustaCam Properly Alleged Willful Infringement by Dell

Similar to its argument regarding indirect infringement, Dell asserts that it has not been provided proper notice regarding AdjustaCam's claim of willful infringement. Again, though, the issue is not whether AdjustaCam will "prevail on indirect infringement," as Dell asserts through it citations to *Dynacore Holdings* and *DSU Medical* (see Motion at 3), but whether AdjustaCam is entitled to offer evidence to support its claim. *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

Dell's Motion is without merit because AdjustaCam's Amended Complaint provides fair notice of the Plaintiff's claims regarding willfulness. AdjustaCam's original allegations of willfulness are set forth in ¶ 224:

> In any event, upon information at least…DELL…have continued to infringe the '343 Patent since they became aware of the original filing of this suit, and such infringement has necessarily been willful and objectively reckless. Accordingly, upon information and belief, at least since they became aware of this suit, at least [Dell has] willfully infringed the '343 Patent. Further, at least to the extent that [Dell] continue[s] to infringe the '343

Patent during the further pendency of this suit, such infringement would necessarily be willful and objectively reckless.

A fair reading of paragraph 224 makes clear that AdjustaCam, in addition to reserving the right to seek a willfulness finding, actually *seeks* such a finding against those Defendants who continue to infringe during the pendency of this suit, including Dell. Thus, the allegation is more than a mere placeholder.

Dell complains that AdjustaCam has pled insufficient facts to support a willfulness allegation. In support of that argument, Dell cites the Federal Circuit's opinion in *In re Seagate Tech. LLC*, 497 F.3d 1360 (Fed. Cir. 2007). However, Dell's reliance on *Seagate* is misplaced. That opinion deals with the evidentiary requirements for establishing willful infringement; *Seagate* does not address the standards for pleading willfulness under Fed.R.Civ.P. 8(a).

The post-*Twombly* standards governing the sufficiency of complaints in patent infringement actions were addressed by the Federal Circuit in *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1357 (Fed. Cir. 2007). In that case, the Federal Circuit reaffirmed that a complaint for patent infringement need only contain basic allegations of the type set forth in the sample complaint for patent infringement embodied in Form 18 (formerly Form 16) of the Federal Rules of Civil Procedure. *Id.* at 1356-57. However, Dell fails to cite *McZeal*. Dell also fails to cite *PA Advisors, LLC v. Google, Inc.*, 2008 WL 4136426 (E.D. Tex. Aug. 8, 2008), an opinion in which this Court adopted and applied the standards enunciated in *McZeal*. Dell further fails to cite Judge Everingham's opinion in *Fotomedia Technologies, Inc. v. AOL, LLC*, 2008 WL 4135906 (E.D. Tex. August 29, 2008), *report and recommendation adopted,* 2008 WL 4372348 (E.D. Tex. September 24, 2008), which is almost directly on point.

In *Fotomedia*, the complaint at issue alleged that certain defendants, including Dell, had

willfully infringed the patents-in-suit, but it did not detail how the defendants were alleged to have done so. *Fotomedia*, 2008 WL 4135906 at *2. Dell and the other defendants argued that these allegations were factually insufficient and that Plaintiff's willfulness counts should be dismissed. *Id.* Magistrate Judge Everingham disagreed, ruling that neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for willful infringement. *Id.* The allegations of AdjustaCam's original complaint with respect to willfulness closely track language approved in *Fotomedia* and clearly meet the notice pleading standards reaffirmed by the Federal Circuit in *McZeal*.

C.     ***Seagate* Did Not Announce a New Rule Prohibiting a Finding of Willful Infringement Based Solely Upon the Accused Infringer's Post-Filing Conduct**

Dell argues that the Federal Circuit's opinion in *In re Seagate Tech. LLC*, 497 F.3d 1360 (Fed. Cir. 2007) prohibits a finding of willful infringement based solely upon the accused infringer's post-filing conduct. Thus, according to Dell, AdjustaCam's amended willfulness allegations do not state a legally sufficient claim for relief because they are based upon Defendants' conduct since the filing of AdjustaCam's Original Complaint.

Dell's reliance on *Seagate* is misplaced. Dell takes what is clearly dicta in *Seagate*, lifts a selected portion of it out of context, misconstrues it, and urges this Court to hold that there can be no cause of action for post-filing willful infringement absent an allegation of facts that would support a finding of pre-filing willfulness. Such is not the law and *Seagate* does not promulgate such a rule.

A fair reading of *Seagate* confirms that the Federal Circuit's discussion of post-filing willfulness is dicta, and not part of any holding in the case. The Federal Circuit is simply acknowledging the unremarkable fact that any allegation of willfulness "asserted in the ***original***

*complaint* must necessarily be grounded in the accused infringer's pre-filing conduct." *In re Seagate*, 497 F.3d at 1374 (emphasis added). This logically follows from the fact that at the moment an original complaint is filed, there can be no post-filing conduct. It does not stand for the proposition of law urged by Dell – that there can be no claim for willful infringement based on post-filing conduct absent a claim based on pre-filing conduct. Dell ignores the fact that this *dicta* is referring to allegations in an original complaint, not an amended complaint like AdjustaCam's, filed after litigation has commenced. This Court should decline Dell's invitation to turn its misinterpretation of *dicta* into a new rule of law.

### D. AdjustaCam's Allegations Properly State a Claim For Post-Filing Willful Infringement Under the Objective Standard Adopted in *Seagate\*

AdjustaCam's Amended Complaint properly states a claim for post-filing willful infringement against Dell. In *Seagate*, the Federal Circuit abandoned a subjective test for willful infringement in favor of an objective one. *In re Seagate*, 497 F.3d at 1371. To establish willful infringement, AdjustaCam only has to show that (1) Dell acted, i.e., continued to operate the web-based interactive mapping methods accused of infringement, despite an objectively high likelihood that its actions constituted infringement of a valid patent, and (2) Dell knew or should have known of this objectively defined risk. *Id*. Dell's post-filing state of mind, as well as any actions that it may or may not have taken post-filing, are of little relevance under the objective standard announced in *Seagate*.

Paragraph 224 of AdjustaCam's Amended Complaint alleges that Dell has:

"continued to infringe the '343 Patent since they became aware of the original filing of this suit, and such infringement has necessarily been willful and objectively reckless. Accordingly, upon information and belief, at least since they became aware of this suit, at least [Dell has] willfully infringed the '343 Patent. Further, at least to the extent that [Dell] continue[s] to infringe the '343 Patent during the further pendency of this suit, such infringement would necessarily be willful and objectively reckless."

It is Dell's continued infringement after formal notice of the patent that constitutes the alleged objectively reckless conduct. This allegation tracks the elements of willful infringement set forth in *Seagate* and fully meets the notice pleading requirements of Fed.R.Civ.P. 8 and fully comports with AdjustaCam's "good faith" obligations under Fed.R.Civ.P. 11. A trier of fact could certainly conclude that given the strength of AdjustaCam's infringement reads on Dell's interactive mapping methods, Dell's continued operation of those methods after learning of the patent was objectively reckless.

*Seagate* does not provide any support for Dell's creative new rule of law. In fact, there is no discussion whatsoever in *Seagate* about whether continued operation of a business during the pendency of a lawsuit can be the basis for a finding of willful infringement. Under the standard announced in *Seagate*, continued operation of a business incorporating a method accused of infringement, despite an objectively high likelihood that such continued operation constituted infringement of a valid patent, most certainly can be the basis for a finding of willful infringement. *In re Seagate*, 497 F.3d at 1371.

### E.   *Realtime Data* Did Not Address The Sufficiency of Allegations of Willfulness Based on Post-Filing Conduct

According to Dell, the Court in *Realtime Data, LLC v. Morgan Stanley*, 2010 WL 2403876 (E.D. Tex. May 7, 2010) found that allegations of willfulness with respect to post-filing conduct suggested a lack of a "good faith" evidentiary basis. Motion at 6.   That is simply incorrect. A reading of both Magistrate Judge Love's opinion and Judge Davis adoption of Judge Love's recommendations reveals that there were no allegations of willfulness based on post-filing conduct before the Court. Thus, *Realtime Data* does not provide a basis for dismissing AdjustaCam's allegations of post-filing willfulness against Dell.

**F.     Dell Should Not Be Permitted to Use Rule 12(b)(6) to Obtain a No-Evidence Summary Judgment or Foreclose Discovery on it Post-Suit Conduct**

It is apparent that, while urged pursuant to Fed.R.Civ.P. 12(b)(6), Dell's Motion is more akin to a no-evidence motion for summary judgment under Fed.R.Civ.P. 56. Dell is asking the Court to rule that its ongoing activities since the filing of the lawsuit are not objectively reckless, and are thus insufficient to support a claim for willful infringement. Of course, a summary judgment motion at this stage of the litigation, before any discovery has commenced, should be denied as premature, or continued to allow AdjustaCam to conduct discovery related to its willfulness claim under Fed.R.Civ.P. 56(f).  Dell should not be permitted to use Rule 12(b)(6) to make an end run around Rule 56(f).

Nor should Dell be allowed to use Rule 12(b)(6) to foreclose discovery  on the issue of willfulness. To the extent that the Court grants Dell's Motion as to the willfulness issue, AdjustaCam should be allowed to conduct discovery on pre-suit willfulness and amend its complaint to add any such factual findings.

**G.     AdjustaCam is Not Asking for a Preliminary Injunction, and the Court Should Not Require Non-Competitor Plaintiffs to Waste Court Resources on Such a Futile Procedure**

According to Dell, AdjustaCam is effectively "seek[ing] a preliminary injunction without the effort of moving for one or the requisite burden of proof".  AdjustaCam's interpretation of willful infringement cannot be correct, as it would represent an end-run around the preliminary injunction procedure and burden of proof required." Motion at 6-7.  Dell is seeking the Court impose a requirement that every patentee with a willful infringement claim be forced to file for a preliminary injunction.  Such a requirement ignores that a major reason why patent owners who do not make and sell competing products do not seek preliminary injunctions is not that the Defendants infringement is not willful, but rather the relative unlikelihood of success after *eBay*

*Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

### H.    A Recent New York Case Supports AdjustaCam's Position on Willfulness

In a recent report and recommendation, Magistrate Judge McCarthy of the Western District of New York held that if a party provides notice of infringement via an original complaint for patent infringement, an amended complaint may reference such notice in a willful infringement allegation. *Automated Transactions, LLC v. First Niagara Financial Group, Inc. et al.*. No. 10-CV-00407(A)(M) (W.D.N.Y., Aug. 31, 2010) at 13-14. In doing so, the Magistrate Judge pointed out that such notice provides a proper basis for proving willfulness, which requires that "the patent must exist and one must have knowledge of it" *Id*., citing *State Industries, Inc. v. A.O. Smith Corp*., 751 F.2d 1226, 1236 (Fed. Cir. 1985).

### IV.    CONCLUSION

For the reasons discussed herein, AdjustaCam respectfully request that Dell's Motion be denied in its entirety. To the extent that the Court grants any part of Dell's Motion, AdjustaCam respectfully requests that the Court allow AdjustaCam to amend its complaint.

Dated:  September 27, 2010                    Respectfully submitted,

                                              By: /s/ Erick S. Robinson
                                              John J. Edmonds – LEAD COUNSEL
                                              Texas Bar No. 789758
                                              Michael J. Collins
                                              Texas Bar No. 4614510
                                              Henry M. Pogorzelski
                                              Texas Bar No. 24007852
                                              Erick Robinson
                                              Texas Bar No. 24039142
                                              COLLINS, EDMONDS & POGORZELSKI, PLLC
                                              1616 S. Voss Road, Suite 125
                                              Houston, Texas 77057
                                              Telephone: (281) 501-3425
                                              Facsimile: (832) 415-2535
                                              jedmonds@cepiplaw.com
                                              mcollins@cepiplaw.com
                                              hpogorzelski@cepiplaw.com
                                              erobinson@cepiplaw.com

                                              Andrew W. Spangler
                                              Texas Bar No. 24041960
                                              Spangler Law P.C.
                                              208 N. Green Street, Suite 300
                                              Longview, Texas 75601
                                              (903) 753-9300
                                              (903) 553-0403 (fax)
                                              spangler@spanglerlawpc.com

                                              ATTORNEYS FOR PLAINTIFF
                                              ADJUSTACAM LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                    /s/ Erick S. Robinson

                                                              Page | 15