UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ADJUSTACAM LLC,

          Plaintiff,

   vs.

AMAZON.COM, INC., et al.

          Defendants.

Case No. 6:10-CV-00329-LED

**<ins>DEFENDANT WAL-MART STORES, INC.'S REPLY RE ITS PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, FED. R. CIV. P. 12(B)(6)</ins>**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................... 1

II.  PLAINTIFF MISUNDERSTANDS THE APPLICABLE LAW CONCERNING
PLEADING OF INDIRECT INFRINGEMENT ................................................... 1

  A.  Plaintiff Must Plead The Elements Of The Claims ............................... 1

  B.  The Elements Of Contributory And Inducing Infringement ................... 2

III.  PLAINTIFF FAILS TO REBUT WALMART'S ARGUMENT REGARDING
THE INADEQUACIES OF PLAINTIFF'S PLEADING ................................... 3

  A.  Walmart's Motion to Dismiss Does Not Challenge The Elements Of
Direct Infringement ................................................................................ 3

  B.  Plaintiff's Opposition Establishes That It Did Not, And Cannot, Plead
Contributory Infringement ...................................................................... 4

    1.  Plaintiff Cannot Plead That Walmart Sells Only A "Component"
Of The Allegedly Infringing Devices ......................................... 4

    2.  Plaintiff Did Not Plead The Knowledge Element Of Contributory
Infringement ................................................................................ 4

  C.  Plaintiff Fails To Identify Where It Pleaded The Elements Of Inducing
Infringement ............................................................................................ 5

  D.  Good Cause Exists To Rule Indirect Infringement Out Of This Case ................... 5

IV.  CONCLUSION ........................................................................................................ 5

LACA_2674876.1

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Aro Manufacturing Co. v. Convertible Top Replacement Co.*,
377 U.S. 476 (1964).......................................................................................4

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)............................................................................1-3, 5

*Blackburn v. City of Marshall*,
42 F.3d 925 (5th Cir. 1995) ..........................................................................2

*BMC Resources, Inc. v. Paymentech, L.P.*,
498 F.3d 1373 (Fed. Cir. 2007)......................................................................3

*DSU Medical Corporation, et al. v. JMS Co., LTD*,
471 F.3d 1293 (Fed. Cir. 2006)......................................................................3

*FotoMedia Techs., LLC v. AOL, LLC*,
2008 U.S. Dist. Lexis 109403 (E.D. Tex. Aug. 29, 2008).............................2

*Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*,
No. 6:09-CV-00499-LED, Dkt. No. 56 ..........................................................2

*Mallinckrodt, Inc. v. EZ-EM Inc.*,
670 F. Supp. 2d 349 (D. Del. 2009)................................................................5

*New Hampshire Ins. Co. v. R.L. Chaides Constr. Co.*,
847 F. Supp. 1452 (N.D. Cal. 1994) ..............................................................4


**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

35 U.S.C. § 271(a) ...............................................................................................4

Fed. R. Civ. P. 8....................................................................................................2

LACA_2674876.1

## I.    INTRODUCTION

Defendant Wal-Mart Stores, Inc. ("Walmart"), replies to Plaintiff's Opposition to Walmart's motion to dismiss Plaintiff's claims for inducing and contributory infringement. Plaintiff's Opposition demonstrates that it misunderstands the applicable pleading standards and Walmart's arguments.  Walmart's motion should be granted.

First, regarding the applicable pleading standards, Plaintiff fails to acknowledge that Fifth Circuit law requires a complaint to plead required elements of claims.  Similarly, after the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and this own Court's recent decisions regarding inadequate pleading of indirect infringement, a Plaintiff must plead an adequate factual basis for each element of an indirect infringement claim.

Second, Walmart stated in its opening brief that it was not attacking direct infringement allegations, or, therefore, the identification of allegedly infringing products, or that the Complaint stated that products were sold to customers.  Nevertheless, Plaintiff repeatedly argues that it identified products manufactured by third parties and alleged Walmart sold those same products to customers.  Plaintiff's arguments, however, establish that the case is **not** a contributory infringement case, as Plaintiff never accuses Walmart of selling a **component** of a patented article.  Further, Plaintiff fails to identify any facts that would support a pleading of the intent elements of inducing infringement, each of which is required to state a viable claim. Walmart's motion to dismiss should be granted.

## II.   PLAINTIFF MISUNDERSTANDS THE APPLICABLE LAW CONCERNING PLEADING OF INDIRECT INFRINGEMENT

### A.    Plaintiff Must Plead The Elements Of The Claims

Although Plaintiff acknowledges at Opp. 2 that regional circuit law applies to motions to dismiss for failure to state a claim, Plaintiff fails to acknowledge that dismissal of a claim is

proper if a complaint fails to plead a required element.  *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  Plaintiff also appears to fail to understand that this Court's own opinions make clear that Form 18 does not apply to allegations of indirect infringement.  *See Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*, No. 6:09-CV-00499-LED, Dkt. No. 56, at 5, 6 (E.D. Tex. Mar. 29, 2010) (Davis, J.)[1].

Finally, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) establishes, at least in the absence of a pleading Form appended to the Federal Rules of Civil Procedure, that threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not meet even the liberal pleading standards of Fed. R. Civ. P. 8.  Pre-*Iqbal* cases that apply a different standard,[2] are no longer applicable.  To pass muster, a complaint must contain well pleaded facts that state "a plausible claim for relief."  *Id.* at 1950.  Here, Plaintiff's pleading of indirect infringement is even less than threadbare, as Plaintiff failed even to mention numerous elements.

### B.    The Elements Of Contributory And Inducing Infringement

Plaintiff also fails to acknowledge the elements of the two different types of indirect infringement, i.e., contributory and inducing infringement.  In addition to the existence of direct infringement, the elements of contributory infringement include the following: offering to sell or sell a "*component* of a patented machine . . . constituting a *material part* of the invention,

---

[1] ("Form 18 does not address indirect infringement claims, and courts are split on the pleading requirements for indirect infringement. . . . Joao does not allege and plead any facts relating to any elements of the indirect infringement claims, nor does Joao identify which of the 264 claims are indirectly infringed.")  In Plaintiff's reference at Opp. 8 to *Joao Control & Monitoring*, Plaintiff quotes a sentence pertaining to identification of accused products, but ignores the very next sentence relating to indirect infringement, which states in relevant part: "[Plaintiff] does not allege and plead any facts relating to any elements of the indirect infringement claims."

[2] Plaintiff's reliance on the pre-*Iqbal* case of *FotoMedia Techs., LLC v. AOL, LLC*, 2008 U.S. Dist. Lexis 109403 (E.D. Tex. Aug. 29, 2008) is inapplicable.

LACA_2674876.1

*knowing* the same to be especially made or especially adapted for use in an infringement of such

patent, and not a staple article or commodity of commerce suitable for substantial noninfringing

use." *Id.* (emphasis added).  Contributory infringement thus "requires a *mens rea* (knowledge)"

that a "component" of the invention being sold is made or adapted for use in an infringement.

*BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007).[3]

Perhaps implicitly recognizing the shortcomings of its complaint, Plaintiff's Opposition

does not acknowledge the elements of inducing infringement, which are, in addition another

party's direct infringement: the indirect infringer must intentionally aid and abet that direct

infringement with knowledge of the patent.  *DSU Medical Corporation, et al. v. JMS Co., LTD*,

471 F.3d 1293, 1305 (Fed. Cir. 2006).

## III.    PLAINTIFF FAILS TO REBUT WALMART'S ARGUMENT REGARDING THE INADEQUACIES OF PLAINTIFF'S PLEADING

### A.    Walmart's Motion to Dismiss Does Not Challenge The Elements Of Direct Infringement

Allegations of direct infringement require, among other things, the identification of a type

of product that allegedly infringes and an allegation that a party directly infringes a patent.  *See*

Form 18.  As Walmart plainly stated in its opening brief, it is not arguing about Plaintiff's

allegations of those elements in this motion.  Nevertheless, Plaintiff repeatedly attempts to recast

Walmart's argument as though Walmart were arguing that accused products or specific

customers were not named. (See Opp. p. 1, 2, 4, 5, 7, 9).  Those are <u>not</u> issues set forth in the

---

[3] See also, the American Intellectual Property Law Association Model Jury Instruction on Contributory Infringement, providing, in part, that plaintiff must prove defendant had: "(3) [] knowledge that the component was especially made or adopted for use in an infringing product [method]."

instant motion.[4]   As set forth above, the issues are whether Plaintiff pleaded the elements of **in**direct infringement.[5]

### B.   Plaintiff's Opposition Establishes That It Did Not, And Cannot, Plead Contributory Infringement

#### 1.   Plaintiff Cannot Plead That Walmart Sells Only A "Component" Of The Allegedly Infringing Devices

Contributory infringement addresses liability for selling a component of a patented article, not the entire article itself.  Here, Plaintiff pleads at ¶¶ 195 and 197 that Walmart is selling the entire accused patented article and not a component of the patented article.  Plaintiff has no good faith basis to contend that Walmart is only selling a component of the allegedly infringing apparatuses for supporting cameras.   On this basis alone, Plaintiff's contributory infringement claim should be dismissed.

#### 2.   Plaintiff Did Not Plead The Knowledge Element Of Contributory Infringement

As noted above, for contributory infringement, the Supreme Court has plainly stated: "On this question a majority of the Court is of the view that § 271 (c) does require a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488-89 (1964).  Plaintiff failed to plead that requisite element.

---

[4] Thus, statements by Plaintiff such as: "Again, the only complaint that Walmart has is that it does not know the identity of its own customers as to specific products" (Opp. 8) are incorrect and baseless.

[5] Plaintiff's assertion that the same act constitutes both direct infringement and indirect infringement is meritless.  Indirect infringement claims actions are limited to situations where the defendant itself has not directly infringed the patent under 35 U.S.C. § 271(a).  *See New Hampshire Ins. Co. v. R.L. Chaides Constr. Co.*, 847 F. Supp. 1452, 1458 (N.D. Cal. 1994)("However, one who is a direct infringer cannot also be an inducer.")

LACA_2674876.1

Plaintiff attempts to justify its failure to plead the _knowledge_ element by arguing that "contributory infringement does not require proof of an affirmative _intent_ to cause direct infringement." (Opp. 6) (emphasis added). The issue with respect to contributory infringement is knowledge rather than intent, and Plaintiff again misunderstands the relevant pleading requirements. Further, Plaintiff fails to plead that Walmart knew some especially designed, unidentified combination of components, of which Walmart sold one component, infringed. Rather, Plaintiff only makes accusations that might suffice to plead direct infringement.

### C.  Plaintiff Fails To Identify Where It Pleaded The Elements Of Inducing Infringement

Plaintiff fails to address the legal standard for inducing infringement, let alone identify where it pleaded a factual basis for the elements of inducing infringement. The reason for Plaintiff's omission is that it cannot plead any facts to support allegations that Walmart intentionally aided and abetted direct infringement with knowledge of the patent. *See also Mallinckrodt, Inc. v. EZ-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) (dismissing indirect infringement claims pleaded similarly to Plaintiff's allegations here). Because Plaintiff did not, and cannot, plead these elements, the inducing infringement claim should be dismissed.

### D.  Good Cause Exists To Rule Indirect Infringement Out Of This Case

As to both accusations of indirect infringement, again, this Court should not accept as adequate abstract, inadequate, recitations of the elements of a cause of action or conclusory legal statements. Moreover, discovery about indirect infringement would likely be extremely costly and Plaintiff's defective pleading should not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *See Iqbal*, 129 S. Ct. at 1949-50.

## IV.  <u>CONCLUSION</u>

Walmart's motion to dismiss claims for indirect infringement should be granted.

5

Dated:  October 4, 2010

Respectfully submitted,

/s/ Victor de Gyarfas
Victor de Gyarfas
(Texas Bar No. 24071250)
e-mail:  vdegyarfas@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Ph: 213.972.4500; Fax: 213.486.0065
Attorneys for Defendant Wal-Mart Stores, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned certified that DEFENDANT WAL-MART STORES, INC.'S REPLY RE ITS PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, FED. R. CIV. P. 12(b)(6)  was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.


                                     /s/   Victor de Gyarfas
_____