UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM LLC, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | Civil Action No. 6:10-cv-00329-LED |
| | § | |
| AMAZON.COM, INC. *et al.*, | § | JURY TRIAL DEMANDED |
| | § | |
| DEFENDANTS. | § | |
| | § | |

**DELL INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
ALLEGATIONS OF INDIRECT INFRINGEMENT AND WILLFUL INFRINGEMENT
FOR FAILURE TO STATE A CLAIM**

AdjustaCam's response to Dell's motion to dismiss demonstrates its fundamental lack of understanding of the pleading requirements set forth in Federal Rule of Civil Procedure 8(a), which when properly applied prohibits AdjustaCam from proceeding on theories of indirect infringement without alleging an essential fact and willful infringement without setting forth any plausible factual grounds. In its response, AdjustaCam utterly ignores Dell's argument that the Complaint fails to allege pre-suit knowledge of the patent-in-suit. Additionally, AdjustaCam's only counter to Dell's assertion that the Complaint fails to plead any facts to support a willful infringement claim boils down to an argument that, when alleged infringement continues even one day after the filing of a complaint, such post-filing infringement standing alone is a sufficient basis to plead a claim of willful infringement. AdjustaCam's opposition confounds stating a cause of action with pleading facts plausibly sufficient to support that cause of action. In the absence of alleging pre-suit knowledge of the patent-in-suit and any factual basis plausibly supporting AdjustaCam's willful infringement claim, Dell respectfully requests that the Court grant its motion to dismiss AdjustaCam's allegations of indirect and willful infringement.

## I.      AdjustaCam Ignores Dell's Assertion That The Complaint Fails to Allege Knowledge of the Patent-in-Suit Before Filing

AdjustaCam does not contest Dell's argument that it failed to properly plead a claim of indirect infringement because the Complaint does not allege that Dell had knowledge of the patent-in-suit before filing of the lawsuit.  Instead, AdjustaCam's response includes over four pages of arguments that are completely unrelated to Dell's allegations and appear to be almost identical to AdjustaCam's response (Dkt. No. 235) to Wal-Mart's motion to dismiss (Dkt. No. 147).  (AdjustaCam Resp. at 4-8).  Dell, however, did not join Wal-Mart's motion and did not, for example, contend in its motion that "it does not know the identity of its customers" as argued by AdjustaCam.  (*Id*. at 4).  The Court should dismiss the allegations of indirect infringement because the Complaint fails to allege that Dell had pre-suit knowledge of the patent-in-suit.

## II.     AdjustaCam Failed to Plead Facts Sufficient to Support Its Claim of Post-Filing Willful Infringement

The purpose of Rule 8(a) is to "give the defendant fair notice of what the . . . claim is, and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (emphasis added).  To satisfy this requirement, the claimant must allege facts, not legal conclusions, to support its claim; otherwise, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' upon which the claim rests."  *Id.* at 555 n. 3.

AdjustaCam concedes, as it must, that Rule 8(a) requires it to plead facts, not merely legal conclusions or theories, in its complaint against Dell.  AdjustaCam also concedes that it cannot assert the existence of any pre-filing activity by Dell to justify its willful infringement allegation.  Faced with these concessions, AdjustaCam incorrectly argues that it need not plead even a single fact showing post-filing conduct falling within the Federal Circuit's test for willful infringement.

AdjustaCam's only allegation to support post-filing willful infringement is that "Dell had notice of the patent in suit when AdjustaCam filed its Original Complaint on July 2, 2010, and . . . continued to sell infringing products since that date . . . ."  (AdjustaCam Resp. at 2).  This allegation fails to plead any *facts* that plausibly could support a finding of objectively reckless conduct.  Under AdjustaCam's formulation of the pleading requirement, alleged infringement occurring even one day after the filing of a complaint alone is a sufficient basis to plead a claim of willful infringement.[1]  AdjustaCam cites to *Automated Transactions, LLC v. First Niagara Financial Group, Inc.*, No. 10-CV-00407-RJA-JJM, Dkt. No. 66 (W.D.N.Y. Aug. 31, 2010) to support its position.  A close reading of the decision, however, reveals that the complaint in *Automated Transactions* clearly alleged pre-suit willful infringement.  *Id.* at 2.[2]  Instead of addressing Dell's argument, which exposes AdjustaCam's failure to allege any facts tending to show objectively reckless conduct, AdjustaCam uses its response to construct straw men arguments, claiming that Dell has proposed an improper extension of *Seagate*.  AdjustaCam's failure to allege any "objectively reckless" conduct or post-filing activity to warrant post-filing willful infringement warrants dismissal of this claim.[3]

The Federal Circuit in Seagate articulated a higher "objectively reckless" standard for willful infringement and characterized its standard as one in which "willful infringement in the main must find its basis in prelitigation conduct."  *In re Seagate Tech., LLC*, 497 F.3d 1360,

---

[1] AdjustaCam's claim that its willful infringement allegations against Dell are supported by the mere passage of time is belied by AdjustaCam's inclusion of like allegations of willful infringement against each of the defendants that AdjustaCam recently added to this case. (AdjustaCam Resp. at 11; First Amended Complaint, Dkt. No. 111 at ¶ 224).

[2] The complaint alleges that "[First Niagara's] actions in infringing the patents have been, and continue to be, willful."

[3] AdjustaCam seeks discovery on the issue of willful infringement despite its failure to allege any facts on which a claim of post-filing infringement could plausibly be based.  As the Supreme Court made clear in *Ashcroft v. Iqbal*, discovery regarding an insufficiently-pled claim is improper.  129 S. Ct. 1937, 1954 (2009).

1374 (Fed. Cir. 2007).  With respect to post-filing willful infringement, the Federal Circuit raised the bar even higher, specifically cautioning against willful infringement for post-filing activity, especially when the plaintiff does not seek a preliminary injunction.  *Id.*  Disregarding the Federal Circuit's guidance in *Seagate*, AdjustaCam has chosen not to plead any facts tending to support a finding of objectively reckless post-filing conduct or to seek a preliminary injunction.

Nevertheless, and despite the Federal Circuit's decision in *Seagate*, AdjustaCam effectively seeks the same relief of a preliminary injunction.  In effect, AdjustaCam argues that an alleged infringer is required to cease allegedly infringing conduct upon the filing of a complaint for infringement or risk a claim for willful infringement.[4]  This is the precise scenario that the Federal Circuit sought to prevent in its decision in *Seagate* by stating that a "patentee who does not attempt to stop an accused infringer's activities [with a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct."  *Id.* at 1374.  AdjustaCam's proposition for rendering post-filing willfulness commonplace in all patent cases violates both of these cautions from the Federal Circuit.  AdjustaCam's allegations thus fail to satisfy Rule 8(a)'s pleading requirement and the "good faith" evidentiary basis requirement for alleging willful infringement.[5]

## III.    A Recent Decision in The Eastern District of Texas Supports Dell's Position

In its response, AdjustaCam ignores a recent decision from the Eastern District of Texas

---

[4] AdjustaCam grossly mischaracterizes this argument as a request by Dell to require all patentees to file a preliminary injunction when alleging willful infringement.  (AdjustaCam Resp. at 13).
[5] AdjustaCam mischaracterizes Dell's reliance on Magistrate Judge Love's recommendations in *Realtime Data*, which have now been adopted by Judge Davis.  Dell cites to *Realtime Data* for the proposition that by merely "reserving the right" to seek a willfulness finding AdjustaCam's pleading falls short of the "good faith" evidentiary basis required by Rule 11. *Realtime Data, LLC v. Morgan Stanley,* 2010 WL 2403779, at *7 (E.D. Tex. June 10, 2010).

that is directly on point.[6]  Specifically, Magistrate Judge Everingham issued a report and recommendation in *WebMap Technologies, LLC v. Google, Inc.*, No. 2:09-CV-343-DF-CE, slip op. at 6-7 (E.D. Tex. Sept. 10, 2010) dismissing WebMap's allegations of post-filing willful infringement against defendant Yahoo! because it failed to seek a preliminary injunction.  In making its determination, the court followed the reasoning of *Seagate* and concluded that *Seagate* "accurately reflects the general rule in the Federal Circuit" with respect to requiring that a patentee move for a preliminary injunction for post-filing willful infringement.  *Id* at 6.  On September 28, 2010, Judge Folsom adopted the report and recommendations in full.   (Exhibit A).  Almost identical facts are present here because AdjustaCam's allegations of willful infringement are based solely on Dell's post-filing activities and AdjustaCam has not sought a preliminary injunction.  Thus, the Court should grant Dell's motion to dismiss AdjustaCam's willful infringement allegations.

## III.    Conclusion

Dell respectfully requests that the Court dismiss AdjustaCam's claims of indirect and willful infringement against Dell.

---

[6] AdjustaCam argues that Dell fails to cite numerous decisions that it contends are relevant. (AdjustaCam Resp. at 9). These cases, however, do not support the propositions for which they are cited.  For example, AdjustaCam cites to *PA Advisors, LLC v. Google, Inc.*, 2008 WL 4136426 (E.D. Tex. Aug. 8, 2008) for the proposition that its claim of willful infringement is properly plead but willful infringement was not at issue in the motion to dismiss in *PA Advisors*. Additionally, AdjustaCam cites to *Fotomedia Technologies, LLC v. AOL, LLC*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) because "[t]he allegations of AdjustaCam's original complaint with respect to willfulness closely track language approved in *Fotomedia*." (AdjustaCam Resp. at 10).  This statement is misleading and incorrect as AdjustaCam's original complaint (Dkt. No. 1) merely "reserve[d] the right" to seek discovery relative to the defendants' knowledge of the patent-in-suit and claimed that "to the extent Defendants continue to infringe the '343 Patent during the pendency of this suit, such infringement would necessarily be willful and objectively reckless."  The complaint in *Fotomedia* (No. 2:07-cv-00255-TJW-CE, Dkt. No. 64; ¶¶ 22, 26 and 30) included pre-suit allegations of willfulness while AdjustaCam's complaints clearly only contain allegations of post-suit willful infringement.

Date: October 6, 2010                    Respectfully submitted,

                                         /s/ *Roger Fulghum*
                                         Scott F. Partridge
                                         Lead Attorney
                                         Texas State Bar No. 00786940
                                         Roger Fulghum
                                         Texas State Bar No. 00790724
                                         BAKER BOTTS L.L.P.
                                         One Shell Plaza
                                         910 Louisiana Street
                                         Houston, Texas 77002-4995
                                         Telephone:  (713) 229-1569
                                         Facsimile:  (713) 229-7769
                                         E-mail:  scott.partridge@bakerbotts.com
                                         E-mail:  roger.fulghum@bakerbotts.com

                                         Paula D. Heyman
                                         Texas State Bar No. 24027075
                                         BAKER BOTTS L.L.P.
                                         98 San Jacinto Boulevard
                                         Suite 1500
                                         Austin, Texas  78701-4078
                                         Telephone:  (512) 322-2555
                                         Facsimile:  (512) 322-3610
                                         E-mail:  paula.heyman@bakerbotts.com

                                         ATTORNEYS FOR DEFENDANT DELL INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served via e-mail on all counsel who are deemed to have consented to electronic service on October 6, 2010.  Local Rule CV-5(a)(3)(A).


/s/ *Roger Fulghum*
 Roger Fulghum