**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| ADJUSTACAM LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:10-cv-00329-LED |
| | § | |
| AMAZON.COM, INC., et al. | § | |
| | § | |
| Defendants. | § | |

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION,**
**IMPROPER VENUE AND FAILURE TO STATE A CLAIM OR IN THE**
**ALTERNATIVE TO TRANSFER TO THE SOUTHERN DISTRICT**
**OF FLORIDA AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Defendants Intcomex, Inc. ("Intcomex"), Klip Xtreme LLC ("Klip Xtreme") and Software Brokers of America, Inc. ("Software Brokers") (collectively, "Defendants") and hereby file this Motion to Dismiss[1], pursuant to Fed. R. Civ. P. 12(b)(2) and request that the Court dismiss the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff AdjustaCam LLC ("Plaintiff") because this Court lacks personal jurisdiction over the Defendants.  If this Court asserts personal jurisdiction over Defendants, they further request that this Court dismiss Plaintiff's allegations of indirect infringement and willful infringement in the Complaint under Rule 12(b)(6) because the Complaint fails to state a claim on which relief may be granted.

---

[1]  This Motion represents a special appearance by Defendants to contest personal jurisdiction.  In filing this Motion, Defendants do not consent to the jurisdiction of this Court and do not waive and specifically reserve all affirmative defenses available under the Federal Rules of Civil Procedure and any other applicable law, including, but not limited to, those defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

Alternatively, this Court should dismiss Plaintiff's Complaint under Rule 12(b)(3) for lack of venue or, if venue and jurisdiction are proper, transfer this action to a more appropriate venue.  Defendants submit that they are subject to personal jurisdiction in the Southern District of Florida and, if the Court decides to transfer the case, it should be transferred there.  In support, Defendants respectfully show the Court as follows:

## <u>INTRODUCTION</u>

Plaintiff has hand-selected a forum that, despite its convenience and cost-efficiency to Plaintiff, lacks personal jurisdiction over Defendants.  As set forth in the Declaration of Russell Olson, Chief Financial Officer and Treasurer of Intcomex and Treasurer of Software Brokers, Defendants do not have sufficient contacts with Texas to grant this Court personal jurisdiction over Defendants.  Intcomex is a Delaware corporation with its principal place of business currently located in Miami, Florida.  Klip Xtreme and Software Brokers are Florida corporations with their principal place of business currently located in Miami, Florida.  Defendants are not registered to do business in Texas, they have no place of business in Texas, own no real or personal property therein, and maintain no Texas telephone listing, bank account or mailing address.  Defendants do not advertise to or solicit Texas customers.  Most importantly, Defendants do not sell the alleged infringing product in Texas or to Texas residents.

Plaintiff's Complaint alleges that Defendants infringe its patent.  The alleged infringing conduct occurred outside this forum, if at all, and Plaintiff can only allege that the infringing conduct caused Plaintiff to suffer economic injury in Texas, which is insufficient to confer

personal jurisdiction.[2]  Consequently, Defendants' conduct and connection with Texas are such that they could not have reasonably anticipated being haled into Court there.

Moreover, Plaintiff fails to allege a cause of action for indirect infringement because the Complaint fails to allege that Defendants had knowledge of the patent-in-suit *before* the lawsuit was filed.  Instead of pleading facts to support a claim for willful infringement, Plaintiff merely reserves the right to allege these facts at a later date.  Accordingly, Plaintiff has conceded that it has no factual basis for a willfulness allegation against Defendants and its purported reservation of rights does not meet the pleading standard under the Federal Rules.

Finally, Defendants state that the dismissal of the Complaint does not leave Plaintiff without a cause of action if it insists upon continuing with litigation.  For instance, Plaintiff is entitled to re-file its Complaint in the United States District Court for the Southern District of Florida.

WHEREFORE, for the foregoing reasons as well as those set forth in the pleadings and attachments filed in support hereof, Defendants respectfully request that their Motion to Dismiss be granted, and that the Court award Defendants what other additional relief it deems just and proper.

## STATEMENT OF THE ISSUES

1.     Whether this suit should be dismissed for lack of personal jurisdiction because Defendants do not have the requisite minimum contacts with this District to satisfy federal due process.

---

[2] *Southmark Corp. v. Life Investors, Inc.,* 851 F.2d 763, 772-773 (5th Cir.1988) (no personal jurisdiction without evidence that defendant expressly directed alleged tortious activities at the forum State).

2.      Whether this suit should be dismissed for improper venue because Defendants do not reside in Texas, a substantial part of the events or omissions giving rise to the claim did not occur in this District, Defendants are not subject to personal jurisdiction in Texas, Defendants did not commit acts of infringement in Texas and Defendants do not have any place of business in this District.

3.      Whether Plaintiff's claims for indirect infringement and willful infringement should be dismissed for failure to state a claim because Plaintiff has not pled the specific facts necessary to support these claims, namely, Defendants' knowledge of the patent-in-suit *before* the lawsuit was filed.

4.      To the extent the Court finds that jurisdiction and venue is proper, then, whether the case should be transferred to the Southern District of Florida for the convenience of the parties and witnesses and whether said transfer is in the interest of justice.

## FACTUAL BACKGROUND

Defendants have their principal place of business in Miami, Florida, and distribute information technology products mainly in Latin America and the Caribbean.  Declaration of Russell Olson ("Olson Dec.") at ¶ 4.  They are not incorporated in the State of Texas, they do not have a place of business in Texas, are not qualified or registered to do business in Texas, nor do they have a registered agent for service of process in Texas.  *Id.* at ¶ 5.  Moreover, Defendants maintain no telephone listing, mailing address or bank accounts in Texas, nor do they own any real estate in the State.  *Id.*  Defendants have never intentionally solicited or advertised directly to Texas customers.  *Id.*  Defendants Klip Xtreme and Software Brokers have no contracts with any vendors, purveyors or suppliers or sales representatives in Texas.  *Id.* at ¶ 6.  Defendants have

made no sales to Texas residents.  *Id.* at ¶ 8.  There are no Texas residents on Defendants' mailing lists.  *Id.*

The only contact Intcomex has with Texas is a Distributor Agreement it entered into with Dell World Trade L.P., which is located in Round Rock, Texas.  *Id.* at ¶ 7.  The Distributor Agreement allows Intcomex to purchase products and services from Dell and sell them in Central America, the Caribbean, Venezuela, Guyana, Suriname and French Guiana, excluding Cuba.  *Id.* The Distributor Agreement does not allow Intcomex to sell products in Texas and Intcomex has not sold any of these products in Texas.  *Id.*  Further, the Distributor Agreement does not cover or relate in any way to the alleged infringing products.  *Id.*  To date, Intcomex's sales under this Distributor Agreement amount to approximately 0.5% of its total sales.  *Id.*

Moreover, Defendants have never sold a product, let alone the alleged infringing product, to a Texas resident.  *Id.* at ¶ 9.  Defendants do not offer the alleged infringing product for sale online to Texas residents.  *Id.*  Finally, Software Brokers does not sell the alleged infringing products at all.  *Id.* at ¶ 17.

Plaintiff does not allege any specific contacts that Defendants have with Texas, nor does it allege that Defendants have purposefully availed itself of the forum.  Plaintiff merely asserts at ¶ 58 of its Complaint that Defendants are subject to personal jurisdiction based on information and belief that Defendants have: (1) "substantial business in this forum, including at least a portion of the infringements alleged herein", (2) "interactive websites which are used in and/or accessible in this forum"; and (3) "have engaged in at least the selling of the accused products listed herein" in this forum.  Plaintiff's contentions are incorrect because Defendants have never sold a product, including the alleged infringing product, in Texas.  Olson Dec. at ¶ 9.

In its infringement count against Defendants, Plaintiff alleges indirect infringement as follows:

> 128. Moreover, on information and belief, KLIP XTREME has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State or Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

(Complaint ¶ 128).

> Plaintiff also "reserves the right" to take discovery on willfulness:

> 224. AdjustaCam reserves the right to take discovery from Defendants relative to their awareness/notice of the '343 Patent prior to the filing of suit. In any event, upon information at least AMAZON, AUDITEK, BLUE MICROPOHONES, CDW, COBRA DIGITAL, COMPUSA, CREATIVE, DELL, DIGITAL INNOVATIONS, EZONICS, FRY'S, GEAR HEAD, HP, IHOME, JASCO, JWIN, KLIP EXTREME, KMART, KODAK, MACALLY, MICRO CENTER, NEWEGG, OFFICE DEPOT, OVERSTOCK, PHOEBE, PROLYNKZ, RADIOSHACK, ROSEWILL, SAKAR, SEARS, TARGET, TIGERDIRECT, TRIPPE and/or WAL-MART have continued to infringe the '343 Patent since they became aware of the original filing of this suit, and such infringement has necessarily been willful and objectively reckless. Accordingly, upon information and belief, at least since they became aware of this suit, at least the foregoing Defendants have willfully infringed the '343 Patent. Further, at least to the extent that the foregoing Defendants and/or BEST BUY, CONN'S, J&R, KOHL'S, SOLID YEAR and/or WALGREENS continue to infringe the '343 Patent during the further pendency of this suit, such infringement would necessarily be willful and objectively reckless.

(Complaint ¶ 224).  In keeping with its "reservation of rights" on discovery, Plaintiff makes a similar reservation with regard to asserting willful infringement:

> 225. Accordingly, AdjustaCam seeks and/or reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '343 Patent, in accordance with the above.

(Complaint ¶ 225).  Plaintiff does not plead any willful infringement facts.

## ARGUMENT AND CITATION OF AUTHORITIES

I.   **THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS**

A.   **Legal Standard For Personal Jurisdiction**

In patent infringement cases, personal jurisdiction is governed by Federal Circuit law. *See, e.g., T-Netix, Inc. v. Global Tel*Link Corp.,* No. 2:06-CV-426, slip op., 2007 WL 2819742, at * 1 (E.D. Tex. September 26, 2007) (citing *Silent Drive, Inc. v. Strong Indus.,* 326 F.3d 1194, 1201 (Fed. Cir. 2003)).   The existence of personal jurisdiction over an out-of-state defendant involves two inquiries: (i) whether a forum state's long-arm statute permits service of process, and (ii) whether the assertion of personal jurisdiction would violate due process. *Id.* at *1.

Texas' long-arm statute has been interpreted to be coextensive with the limits of federal due process.   *Central Freight Lines Inc. v. APA Transport Corp.,* 322 F.3d 376, 380 (5th Cir. 2003).   Consequently, the personal jurisdiction analysis collapses into a single inquiry; that is, whether the exercise of jurisdiction over Defendants by this Court comports with federal due process. *Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.,* 142 F.3d 1266, 1270 (Fed. Cir. 1998); *WNS, Inc. v. Farrow,* 884 F.2d 200, 202 (5th Cir. 1989).   The requirements of federal due process are satisfied only if the defendant has certain minimum contacts with the forum state such that traditional notions of fair play and substantial justice are not offended by the exercise of jurisdiction over the foreign defendant. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The requisite minimum contacts are met when the underlying facts support either specific jurisdiction or general jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1375 (Fed. Cir. 2001).

Specific jurisdiction "arises out of" or "relates to" the contacts giving rise to the cause of action even if those contacts are "isolated and sporadic." *Burger King Corp.,* 471 U.S. at 472-

73.   General jurisdiction, on the other hand, permits a court to exercise jurisdiction over a defendant when the defendant maintains "continuous and systematic" contacts with the forum state even though the cause of action may have no relation to those contacts."  *Helicopteros Nacionales de Colombia S.A.,* 466 U.S. at 414-16.  That said, the "continuous and systematic" test "is a difficult standard to satisfy."  *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C. V.,* 249 F.3d 413, 419 (5th Cir. 2001).  In either instance, the burden is on the Plaintiff to establish facts supporting at least a prima facie case of personal jurisdiction.  *Alpine View Co. Ltd. v. Atlas Copco AB,* 205 F.3d 208, 215 (5th Cir. 2000).

In the Complaint, Plaintiff merely makes false and conclusory statements to the effect that Defendants conduct regular transactions with Texas residents.  *See* Complaint, ¶¶ 58, 59, 127-128.  This is untrue.  Olson Dec. at ¶¶ 5-10.  Plaintiff's failure to properly investigate the factual underpinnings of this action coupled with its blatantly false allegations does not suffice to force Defendants to defend against Plaintiff's claim in a foreign jurisdiction.

In support of their Motion to Dismiss, Defendants have submitted a Declaration establishing that insufficient contacts exist for the proper exercise of personal jurisdiction over Defendants by this Court.  *See* Olson Dec.  Where well-alleged facts within a declaration are not contradicted by counter-affidavit, they must be taken as true.  *See Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n.3 (Former 5th Cir. 1977).  Accordingly, if the statements made by Mr. Olson are not factually refuted by counter-affidavit, the facts alleged therein must be accepted as true. *Id.*   Accordingly, this Court cannot, consistent with due process, entertain jurisdiction over Defendants in this action and should dismiss Plaintiff's Complaint in its entirety.

B.     **Defendants Do Not Have Sufficient "Minimum Contacts"
       With Texas For Them to be Subject to General Jurisdiction**

General jurisdiction requires the defendant to maintain continuous and systematic contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 4416 (1984). In its Complaint, Plaintiff makes the unsupported allegation that Defendants engage in "substantial business in this forum,…engaged in at least the selling of the accused products [in this forum]…[and] have interactive websites." Complaint at ¶ 58. Contrary to Plaintiff's unsubstantiated assertion, Defendants' contacts with this forum - as set forth in Mr. Olson's Declaration - are virtually non-existent. Indeed, it is indisputable that Defendants do not have "continuous and systematic" contacts.

For example, Defendants are not licensed (and never have been licensed) to conduct business in Texas, they do not have (and never had) a registered agent in Texas, and do not have (and never had) customers in Texas. Olson Dec. at ¶¶ 5-11. Defendants do not solicit business in the State through a local office or agent, nor do Defendants send agents or sales representatives into Texas to solicit business. *Id.* at ¶ 11. Defendants do not have a telephone listing, bank account or own real estate in Texas. *Id.* at ¶ 5.

While Intcomex has entered into a Distributor Agreement with Dell World Trade L.P., which is located in Round Rock, Texas, the Agreement strictly prohibits Intcomex from selling its products in Texas and Intcomex's sales under this Agreement only amount to approximately 0.5% of its total sales. *Id.* at ¶ 7. Furthermore, this Agreement does not cover or relate in any way to the alleged infringing products. *Id.* This negligible connection to Texas is insufficient to confer general jurisdiction on Intcomex in this District. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 217 (5th Cir. 2000) (general jurisdiction is only found when the unrelated

contacts are substantial, continuous and systematic); *Wilson v. Belin*, 20 F.3d 644, 650-651 (5th Cir. 1994).

Thus, Mr. Olson's Declaration plainly demonstrates that Defendants do not have continuous and systematic contacts and have not "purposefully availed" themselves of the privilege of doing business in the State of Texas.[3]  In light of these facts, Defendants have not approached the degree of continuous and systematic contact required to support a finding of general jurisdiction.

**C.     Defendants Do Not Have Sufficient "Minimum Contacts"
        With Texas For Them to be Subject to Specific Jurisdiction**

The test for specific jurisdiction involves two separate inquiries.  The first prong of this test is whether Defendants' actions create a "substantial connection with the forum State" and whether Defendants' conduct with the forum are such that Defendants "should reasonably anticipate being haled into court there."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).  This requires a determination of whether Defendants "purposefully directed [their] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."  *Id.* at 472 (internal quotations and citations omitted).  The second inquiry is whether Defendants created sufficient minimum contacts with the forum state to not

---

[3]  As do many companies, Intcomex and Klip Xtreme maintain internet websites at www.intcomex.com and www.klipxtreme.com, where an interested person can obtain information about Defendants' products and request a catalogue.  Olson Dec. at ¶¶ 18-19.  A customer within the United States cannot order or purchase products through Intcomex or Klip Xtreme's websites. *Id.*  Software Brokers does not maintain a website. *Id.* at ¶ 17.  The mere operation and maintenance of a website through which forum residents may obtain information regarding Defendants' products, however, is insufficient to form a basis for general jurisdiction over a non-resident Defendant. *See Mink v. AAAA Development LLC*, 190 F.3d 333, 337 (5th Cir. 1999) ("While the website provides users with a printable mail-in order form, AAAA's toll-free telephone number, a mailing address and an electronic mail ("e-mail") address, orders are not taken through AAAA's website. This does not classify the website as anything more than passive advertisement which is not grounds for the exercise of personal jurisdiction.").

offend "traditional notions of fair play and substantial justice."  *Id.* at 477-78.  Therefore, even if Defendants have purposefully availed themselves in the forum state, exercising jurisdiction must not be unreasonable in light of the circumstances of the case.  *Id.*

**1.    *There Has Been no Purposeful Availment or Reasonable Expectation That Defendants Would be Haled Into Court in Texas***

Defendants have not purposefully availed themselves to the residents of Texas. Defendants have absolutely no sales to Texas residents.  While Intcomex has entered into a Distributor Agreement with Dell World Trade L.P., which is located in Round Rock, Texas, the Agreement does not cover or relate in any way to the alleged infringing products.  Olson Dec. at ¶ 7.  Moreover, the Distributor Agreement only allows Intcomex to purchase products and services from Dell and sell them in Central America, the Caribbean, Venezuela, Guyana, Suriname and French Guiana, excluding Cuba.  *Id.*

Additionally, Software Brokers does not maintain a website and Intcomex and Klip Xtreme's websites are similarly insufficient to establish personal jurisdiction in Texas based on the *Zippo* "sliding scale" approach that looks at "the nature and quality of commercial activity that an entity conducts over the Internet."  *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).  *See also Mink*, 190 F.3d at 337.   Under *Zippo*, Internet activities/websites are divided into three categories: (1) where a defendant clearly transacts business over the Internet through its active website; (2) where a defendant maintains an interactive website that can exchange information with the host computer; and (3) where a defendant maintains a passive website that is only informative in nature.  *Id.* at 1123-25.

Arguably, Intcomex and Klip Xtreme's websites fall into category (2), above, because, while they do not make products or services available for sale or enter into contracts with residents of the United States, they do enable users to e-mail Defendants and give users the

option of signing up for Defendants' catalogues.  In the case of category (2) websites, where the interaction between website and user falls short of an actual sale or offer for sale, courts have deemed such websites insufficient to support the exercise of personal jurisdiction over a non-resident defendant.  *See Revell v. Lidov*, 317 F.3d 467, 476 (5th Cir. 2002); *Mink*, 190 F.3d 333, 336-37; s*ee also Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 419 (9th Cir. 1997) (no personal jurisdiction where there was no evidence that any part of defendant's business was sought or achieved in Arizona); *Barton Southern Co., Inc. v. Manhole Barrier Systems, Inc.*, 318 F.Supp.2d 1174, 1177-78 (N.D. Ga. 2004) (finding no personal jurisdiction because the website did not reach out to Georgia residents and there was no evidence that any Georgia residents had done business with the defendant through the Internet.); *Fairbrother v. American Monument Foundation, LLC*, 340 F.Supp.2d, 1155-56 (D. Colo. 2004) (finding defendant's website to be a category 2 website and insufficient to constitute personal jurisdiction).

Furthermore, Defendants' alleged misconduct does not arise out of or relate in any way to the forum state.  When out-of-state defendants are accused of patent infringement, the Federal Circuit requires specific evidence that the defendants infringed the patent[4] in the forum state.  *Hollyanne Corp. v. TFT, Inc.,* 199 F.3d 1304, 1308 (Fed. Cir. 1999); *3D Systems, Inc. v. Aarotech Labs., Inc.,* 160 F.3d 1373, 1378 (Fed. Cir. 1998).  As previously stated, Defendants do not make, use, sell or offer to sell their products in Texas, nor have they directed any third party to do so.  Without doing business in Texas, it is impossible for Defendants to have infringed Plaintiff's patents in Texas.

The fact that one or more of Defendants' customers may conduct business in Texas likewise is insufficient to confer specific jurisdiction over the Defendants.  "In simple terms,

---

[4] Patent infringement occurs when someone "without authority makes, uses, offers to sell or sells any patented invention."  35 U.S.C. § 271(a).

doing business with a company that does business in [Texas] is not the same as doing business in [Texas]." *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1361 (Fed. Cir. 1998) (rejecting a "stream of commerce" argument for jurisdiction over a patent holder through its licensees' downstream business in the forum state).  "The Supreme Court has made clear that contacts resulting from 'the unilateral activities of another party or third person' are not attributable to a defendant." *Id. (quoting Burger King,* 471 U.S. at 475 n.17).  Otherwise, a defendant would be subject to nationwide personal jurisdiction "if it decides to do business with a company that does business nationwide." *Id.*

Because Defendants did not purposefully avail themselves of the benefits of Texas law or engage in conduct that arose from or related in any way to the forum state, Defendants' alleged conduct falls far short of that necessary to establish personal jurisdiction in Texas.

### 2. *The Assertion of Personal Jurisdiction Over Defendants Would Grossly Offend Traditional Notions of Fair Play and Substantial Justice*

Assuming *arguendo*, that even if Defendants did have sufficient minimum contacts with Texas, the court must then consider, if, in light of those minimum contacts and other considerations, the exercise of jurisdiction would offend "traditional notions of fair play and substantial injustice."  *Int'l Shoe*, 326 U.S. at 316.  The "other considerations" include "the burden on the defendant" in having to litigate in a foreign jurisdiction.  *Asahi Metal Indus. Co. v. Super Ct. of Cal.*, 480 U.S. 102, 113 (1987).

Defendants are located over 1,000 miles from this Court and it is tremendously inconvenient for Defendants to litigate in this forum.  Olson Dec. at ¶¶ 11-12.  Plaintiff should not be allowed to force Defendants into litigation in Plaintiff's own backyard where Defendants do not have sufficient contacts with the forum and where litigating in such forum will place an enormous financial strain on Defendants.  Defendants simply do not have the requisite minimum

contacts with Texas to ever have reasonably foreseen being haled into court there.  Accordingly, the exercise of jurisdiction over Defendants is unwarranted as contrary to the well-settled notions of fair play and substantial justice.

## II.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR INDIRECT INFRINGEMENT AND WILLFUL INFRINGEMENT

### A.   Legal Standard

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  Factual allegations must be included in a complaint sufficient "to raise a right to relief above the speculative level."  *Id.*  This "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

### B.   Plaintiff Does Not Plead a Claim For Indirect Infringement

Plaintiff has failed to properly plead any claim for indirect infringement.  Facts essential to a claim of indirect infringement include the defendant's knowledge of the patent-in suit.  *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004) (holding that, to prevail on indirect infringement, a plaintiff must demonstrate that a "defendant possessed the requisite knowledge or intent to be held vicariously liable.").

More specifically, liability for inducing infringement requires that "the alleged infringer knew or should have known his actions would induce actual infringement [and this requirement]

necessarily includes the requirement that he or she knew of the patent."  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006).  Additionally, liability for contributory infringement requires "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing."  *Aro Mfg. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).  Thus, to properly plead claims of inducement and contributory infringement, Plaintiff must, at a bare minimum, plead that Defendants knew of the patent-in-suit.  *See Mallinckrodt, Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009).

Plaintiff does not allege in its Complaint– because it cannot – that Defendants had knowledge of the patent pre-suit.  Indeed, the Olson Declaration clearly demonstrates that the Defendants were not aware of Plaintiff's patent prior to Plaintiff filing suit.  Olson Dec. at ¶ 20.

The Complaint only alleges that "such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit."  (Complaint ¶ 128).  Knowledge gained *after* filing of a suit cannot support a claim of indirect infringement for which knowledge of the patent is required *at the time* that the defendant is committing the allegedly infringing acts.  *See Mallinckrodt*, 670 F. Supp. 2d. at 354 n.1 ("The Court is not persuaded . . . that the requisite knowledge can be established by the filing of the Plaintiff's Complaint.").  Plaintiff has not alleged that Defendants knew of the '343 Patent prior to filing of the Complaint when Defendants allegedly induced infringement and contributed to the infringement of the '343 Patent.  Because Plaintiff has not pled facts necessary to state a claim of indirect infringement under the standards articulated in *DSU Med. Corp.*, *Aro Mfg.*, and *Twombly*, the Court should dismiss Plaintiff's indirect infringement allegations.

### C.   Plaintiff Fails to Plead Any Facts to Support Its Allegations of Willful Infringement

Plaintiff has pled *no facts* concerning Defendants that could support a willfulness allegation.   For example, Plaintiff did not allege that Defendants knew of the risk of infringement, or even that Defendants had knowledge of the patent-in-suit, *before* the suit was filed.   *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.").   Instead, Plaintiff merely states that Defendants had "constructive notice of the '343 Patent by operation of law" (Complaint ¶ 226) and "continued to infringe the '343 Patent since they became aware of the original filing of this suit, and such infringement has necessarily been willful and objectively reckless."  (Complaint ¶ 224).

In *Seagate*, the Federal Circuit stated that, "[i]n ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct." 497 F.3d at 1374.  More specifically:

> [W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. Pro. 8, 11(b). So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.   By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement.   *See* 35 U.S.C. § 283; *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).  A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.   Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*Id*.  Although post-filing conduct might be relevant to the evaluation of willful infringement as the case continues, any allegation at this stage in the case that Defendants have committed willful infringement may not properly be based *solely* on Defendants' post-filing activities.

Plaintiff's allegation that Defendants had "constructive" notice of the '343 Patent, however, is not enough to provide a prelitigation factual basis for a claim of willful infringement. Willful infringement requires a showing of "objective recklessness" prior to filing of a suit.  *Id*. at 1371.  Thus, Plaintiff must allege at least some facts that plausibly suggest that Defendants knew or should have known that the accused products risked infringing the '343 Patent.  *Id*. Because Plaintiff does not allege any pre-filing conduct by Defendants regarding any risk of infringement, the only factual basis for Plaintiff's willful infringement claim against Defendants is Defendants' post filing conduct.  (Complaint ¶ 224).  *See WebMap Technologies, LLC v. Google, Inc.*, No. 2:09-CV-343-DF-CE (E.D. Tex. Sept. 10, 2010) (dismissing WebMap's allegations of post-filing willful infringement against defendant Yahoo! because it failed to seek a preliminary injunction.).

Plaintiff does not allege that Defendants were aware of the potential risk of infringement before the lawsuit was filed.  Instead, Plaintiff's Complaint merely "reserves the right to take discovery from Defendants relative to their awareness/notice of the '343 Patent prior to the filing of suit" (Complaint ¶ 224) and "reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '343 Patent."  (Complaint ¶ 225).  These statements lack a factual basis indicating that Plaintiff is entitled to relief such that Plaintiff's willfulness allegations fall short of the "good faith" evidentiary basis required by Rule 11 of the Federal Rules of Civil Procedure.  *Realtime Data, LLC v. Morgan Stanley*, No. 6:09 CV 326, 2010 WL 2403779, *7 (E.D. Tex. June 10, 2010).

Plaintiff also fails to state any facts showing that this case presents the extraordinary circumstances in which a defendant can be subject to a willful infringement finding based solely on prelitigation conduct at this stage in the case.  *See Seagate*, 497 F.3d at 1374 ("In ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct.").  In particular, the conduct Plaintiff identifies as willful infringement, namely continued operation of Defendants' businesses, does not rise to the level of "reckless" conduct needed for a willful infringement finding.  Plaintiff's apparent understanding of willful infringement is that every defendant must stop its business activities immediately upon the filing of a complaint alleging patent infringement or face a willful infringement finding.  In effect, Plaintiff seeks a preliminary injunction without the effort of moving for one or the requisite burden of proof.  Plaintiff's interpretation of willful infringement cannot be correct, as it would represent an end-run around the preliminary injunction procedure and burden of proof required.

Because Plaintiff has not pled any facts in support of its willful infringement against Defendants, Plaintiff's pleading cannot support a claim to relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949.  Plaintiff's reservation of rights is therefore defective, and the Court should not credit this "allegation" as true.  *Id.*; *see, e.g.*, *Celgene Corp. v. Teva Pharms. USA, Inc.*, 412 F. Supp. 2d 439, 445 (D.N.J. 2006) (dismissing and striking from complaint plaintiff's willful infringement claim because factual and legal allegations in complaint could not support a finding of willful infringement); *Aventis Pharma Deutschland GmBH v. Lupin Ltd.*, 409 F. Supp. 2d 722, 730-731 (E.D. Va. 2006) (same).  Defendants accordingly request that the Court dismiss the willfulness allegation of the Complaint, as it applies to Defendants.

III.   **PLAINTIFF'S CLAIMS AGAINST DEFENDANTS**
       **SHOULD BE DISMISSED FOR IMPROPER VENUE**

Federal Rule of Civil Procedure 12(b)(3) allows Defendants to move for dismissal based on improper venue.  FED. R. CIV. P. 12(b)(3).  When a defendant objects to venue, the burden shifts to the plaintiff to establish that the district chosen is a proper venue.  *ATEN Intern. Co. Ltd. v. Emine Technology Co., Ltd.,* 261 F.R.D. 112, 120 (E.D. Tex. 2009).

According to Plaintiff, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  Complaint at ¶ 59.  28 U.S.C. § 1391 states that:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

With respect to 28 U.S.C. § 1400(b), venue is only proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).

None of the criteria set forth in 28 U.S.C. § 1391(b), 1391(c) or 1400(b) are present.  For example, and as previously discussed, Defendants do not reside in Texas.  There are also no allegations in Plaintiff's Complaint that "a substantial part of the events or omissions giving rise to the claim occurred" in this District as required by 28 U.S.C. § 1391(b)(2).  As discussed above, Defendants are not subject to personal jurisdiction in this Court, have not committed acts of infringement in Texas nor do they have any place of business in this District.  Finally, there is another district in which Defendants are located - the Southern District of Florida - in which this

action properly could have been brought.   Thus, venue in this District is improper and the

Complaint should be dismissed.

## IV.   IN THE ALTERNATIVE, PLAINTIFF'S CLAIMS SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA

If this Court nonetheless finds that it has personal jurisdiction and that venue is proper,

Defendants ask this Court to transfer venue to Florida under 28 U.S.C.A. § 1404(a).  *See, e.g.,*

*TIG Ins. Co. v. NAFCO Ins. Co., Ltd.*, 177 F.Supp.2d 561, 567-68 (E.D. Tex. 2001) ("Even

where there is personal jurisdiction and proper venue, 'for the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought.'") (quoting 28 U.S.C. § 1404(a)).

According to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice,

a district court may transfer any civil action to any other district or division where it might have

been brought."  28 U.S.C.A. § 1404(a); *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004).

In deciding whether transfer is appropriate, the Fifth Circuit has recognized that courts

are to consider the following factors, "none of which are given dispositive weight:"

> The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application.

*Id.*

The balance of these factors strongly favors the transfer of this action to the Southern

District of Florida.   For example, all of Defendants' witnesses and other sources of proof

regarding Defendants reside in Florida.  Olson Dec. at ¶ 12.  Defendants are Florida residents, all

with principal places of business in Florida.  *Id.* at ¶ 4.  All of Defendants' records and accounts are in Florida and it would be tremendously inconvenient and an enormous financial strain on the Defendants to litigate in Texas.  *Id.* at ¶¶ 11-12.  Moreover, the witnesses that reside in Florida are outside the subpoena power of this Court.

The administrative difficulties caused by court congestion should not be a concern here as the Southern District of Florida is more than capable to handle this case.  Moreover, the Southern District of Florida, where all of the Defendants reside, has a local interest in adjudicating a dispute involving its corporate citizens.  There is no question that this Court is knowledgeable about and adept at handling matters involving federal patent law.  That said, inasmuch as the governing law is federal law overseen by the Federal Circuit, Florida's federal judiciary also is experienced and capable of handling the adjudication of the Plaintiff's claims.  Therefore, the balancing of these factors strongly favor transfer to Florida to promote efficiency and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.

## CONCLUSION

Defendants' contacts with the state of Texas are non-existent.  For this Court to assert personal jurisdiction over Defendants would violate their due process rights and offend traditional notions of fair play and substantial justice.  Plaintiff is free to pursue legal remedies in a forum where Defendants could reasonably anticipate being haled into court; Texas is not such a place.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss and award Defendants what other additional relief it deems just and proper.  In the alternative, Defendants request that this case be transferred to the Southern District of Florida.

Date:  October 6, 2010                  /s/ Russell T. Wong
                                        Russell T. Wong – Lead Attorney
                                        Texas Bar No. 21884235
                                        Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP
                                        20333 State Hwy. 249, Suite 600
                                        Houston, Texas 77070
                                        Telephone: 832-446-2400
                                        Fax: 832-446-2424
                                        Email: rwong@counselip.com

                                        **Counsel for Defendants**
                                        **Intcomex, Inc.**
                                        **Klip Xtreme LLC**
                                        **Software Brokers of America Inc.**


### CERTIFICATE OF SERVICE

        The undersigned certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served via e-mail on all counsel who are deemed to have consented to electronic service on October 6, 2010.  Local Rule CV-5(a)(3)(A).


                                         /s/ Sarah R. Cabello