IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:10-CV-00329-LED |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| AMAZON.COM, INC., et al. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF ADJUSTACAM LLC'S SUR-REPLY REGARDING
WAL-MART STORES, INC.'S PARTIAL MOTION TO DISMISS
<u>FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)</u>**

Defendant Wal-Mart Stores, Inc. ("Walmart") in its Reply insists that because Form 18 does not specifically mention indirect infringement, a patent owner must necessarily plead all the elements for indirect infringement. Such is not the law in this District. Further, Walmart ignores that fact that the case it cites in support for its proposition states that courts are split on the pleading requirements for indirect infringement for cases in which the Plaintiff has, unlike the case here, not specifically identified the actions and products upon which the claims are based. Further, Walmart ignores the fact that 35 U.S.C. § 271 provides an action for an "infringement of patent" and then provides several forms in of such infringement. The statute does not call out any specific pleading standard for indirect infringement, but merely states that indirect infringement constitutes infringement. Therefore, so long as a patentee properly alleges infringement, no further allegation or facts are necessary. That Walmart's Motion should be denied is supported by a recent report and recommendation of Magistrate Judge McCarthy of the

Western District of New York, in which arguments regarding inducement similar to Walmart's were defeated. *Automated Transactions, LLC v. First Niagara Financial Group, Inc. et al.*. No. 10-CV-00407(A)(M), Dkt. No. 66 (W.D.N.Y., Aug. 31, 2010) (See Attached Exh. A).

Further, throughout its Reply, Walmart ignores the fact that a motion to dismiss is an extreme measure, and is rarely granted. See, e.g., Opp. At 2.  Walmart similarly ignores that the "issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id.* at 3.  Walmart does not, and cannot, assert that it does not understand the allegations:  that it has been accused of patent infringement under 35 U.S.C. § 271.  AdjustaCam in ¶ 196 of its Amended Complaint specifically alleges indirect infringement claims against Walmart:  "Moreover, on information and belief, WAL-MART has been and now is *indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent* in the State of Texas, in this judicial district, and elsewhere in the United States, *including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers*."  Walmart has therefore been provided "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Finally, in ¶ 197 of its Amended Complaint, AdjustaCam specifically names the products that form the basis of its indirect infringement allegations against Walmart.  This is not a case in which Walmart has a basis for confusion over why it has been sued for indirect infringement.  That Walmart does not agree with AdjustaCam's claim is neither surprising, nor relevant.  What Walmart is arguing is improper at the pleading stage.

Walmart in its Motion and again in its Reply insists that intent must be separately proven for indirect infringement.  However, liability for contributory infringement does not

require proof of an affirmative intent to cause direct infringement. *See Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1340 (Fed. Cir. 2008). As explained in AdjustaCam's Opposition at 6-7, intent is *presumed* for contributory infringement once the "no substantial noninfringing use" requirement implicit in any allegation of contributory infringement is fulfilled. Walmart's citation to the 1964 *Aro Manufacturing* case does not change this fact. Further, AdjustaCam alleges in ¶ 196 of its Amended Complaint that Walmart "became aware of the '343 Patent, at least through becoming aware of this lawsuit." *Id*. Thus, even if knowledge were necessary to plead indirect infringement, AdjustaCam has properly alleged knowledge of the patent-in-suit.

Walmart asserts that AdjustaCam's claim of contributory infringement is not proper because Walmart is selling the entire patented article, not just a component of the patented article. Reply at 4. However, Walmart does not cite any factual basis for what it asserts is the "entire patented article." Further, AdjustaCam is not required in its complaint to specifically name each facet of the accused device. Until the patent claims are construed, or at least until AdjustaCam's infringement contentions are served in this case, such arguments are premature. That Walmart has provided no factual support for its argument should be dispositive at this stage.

In the final full Paragraph of its Reply, Walmart asserts that not only should AdjustaCam be precluded from pleading indirect infringement, but also that it be barred from seeking further discovery regarding the issue. This unsupported assertion is problematic because, if Walmart's position is to be accepted, AdjustaCam would only be entitled to plead indirect infringement if it had means to obtain the requisite proof without resorting to the civil discovery process. It would be grossly unfair to preclude AdjustaCam from not only pleading indirect infringement, but also from seeking discovery regarding the issue.

For the reasons discussed herein and in its Opposition, AdjustaCam respectfully request that Walmart's Motion be denied in its entirety.  To the extent that the Court grants any part of Walmart's Motion, AdjustaCam respectfully requests that the Court allow AdjustaCam to amend its complaint and to seek early discovery regarding indirect infringement.

Dated:  October 14, 2010                             Respectfully submitted,

                                                     By: /s/ Erick S. Robinson
                                                     John J. Edmonds – LEAD COUNSEL
                                                     Texas Bar No. 789758
                                                     Michael J. Collins
                                                     Texas Bar No. 4614510
                                                     Henry M. Pogorzelski
                                                     Texas Bar No. 24007852
                                                     Erick Robinson
                                                     Texas Bar No. 24039142
                                                     COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                     1616 S. Voss Road, Suite 125
                                                     Houston, Texas 77057
                                                     Telephone: (281) 501-3425
                                                     Facsimile: (832) 415-2535
                                                     jedmonds@cepiplaw.com
                                                     mcollins@cepiplaw.com
                                                     hpogorzelski@cepiplaw.com
                                                     erobinson@cepiplaw.com

                                                     Andrew W. Spangler
                                                     Texas Bar No. 24041960
                                                     Spangler Law P.C.
                                                     208 N. Green Street, Suite 300
                                                     Longview, Texas 75601
                                                     (903) 753-9300
                                                     (903) 553-0403 (fax)
                                                     spangler@spanglerlawpc.com

                                                     ATTORNEYS FOR PLAINTIFF
                                                     ADJUSTACAM LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                     /s/ Erick S. Robinson