IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:10-CV-00329-LED |
| | § | |
| vs. | § | |
| | § | |
| AMAZON.COM, INC., et al. | § | |
| | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF ADJUSTACAM LLC'S SUR-REPLY REGARDING
DELL'S CORRECTED MOTION TO DISMISS PLAINTIFF'S
ALLEGATIONS OF INDIRECT INFRINGEMENT
AND WILLFUL INFRINGEMENT FOR FAILURE TO STATE A CLAIM**

Dell's Reply is full of rhetoric based on incorrect or incomplete facts.  For example, Dell asserts that AdjustaCam has a "fundamental lack of understanding of the pleading requirements set forth in Federal Rule of Civil Procedure 8(a)." Reply at 1.   However, Dell ignores that AdjustaCam in its complaint provided all of the Defendants, including Dell, with factual bases for its allegations.  AdjustaCam alleged its indirect infringement claims against Dell in ¶ 92 of the Amended Complaint:

> Moreover, on information and belief, DELL has been and now is *indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent* in the State of Texas, in this judicial district, and elsewhere in the United States, *including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers*. Upon information and belief, such induced and/or *contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.* (Emphasis added).

In ¶ 93 of its Amended Complaint, AdjustaCam spells out in detail these products:

> Upon present information and belief, DELL's infringing apparatuses comprise at least one or more of the Creative Labs VF0420 Creative Live! Vista IM Web Camera and/or Lifeworks iHome MyLife His Home Her Home Webcam Kit.

Further, in ¶ 91 of its Amended Complaint, AdjustaCam specifically describes the infringing apparatuses:

> apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

Dell has been provided fair notice of AdjustaCam's claims for indirect and willful infringement and the grounds upon which they are based.  Dell simply does not agree that

these grounds will be effective in proving indirect and willful infringement.   However, AdjustaCam need not prove its case at the pleading stage.   The "issue is not whether the plaintiff will ultimately prevail, but whether he is ***entitled to offer evidence to support his claim***." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (emphasis added).   Dell ignores the long-standing principle that a motion to dismiss under Fed R. Civ. P. 12(b)(6) is "viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M University Sys.,* 117 F.3d 242, 247 (5th Cir. 1997); *Priester v. Lowndes County,* 354 F.3d 414, 418 (5th Cir. 2004).

Dell in its Reply is still working under the incorrect assumption that AdjustaCam was required to plead each element of indirect infringement.   As AdjustaCam pointed out in its Opposition, Magistrate Judge Everingham observed in *FotoMedia Techs., LLC v. AOL, LLC*, 2008 U.S. Dist. LEXIS 109403 at *8 (E.D. Tex. Aug. 29, 2008) that "neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement."   Here, not only has Dell been specifically informed of the particular products which form the basis of AdjustaCam's indirect and willful infringement allegations, but also the method of infringement.   Further, AdjustaCam has specifically alleged in ¶ 92 of its Amended Complaint that Dell's indirect infringement has occurred at least since Dell became aware of the '343 Patent, at least through becoming aware of this lawsuit.

Dell continues to assert that post-filing infringement cannot provide a basis for indirect infringement, and also continues its rhetoric that "AdjustaCam effectively seeks the same relief of a preliminary injunction." Reply at 4.   The fact remains that willful infringement only requires Dell's knowledge of the patent and that Dell's continued actions, to the extent they are later shown to constitute infringement, amount to objective recklessness.   Here, Dell is

aware of the patent in suit.  Whether the bet that Dell is making by continuing the actions that AdjustaCam has accused of infringement is "objectively reckless" should be for a jury to decide.  Factors in the jury's decision might include how close the infringement argument is (something that only the jury can decide) as well as whether Dell will seek an opinion of counsel regarding infringement (something that will happen in the future and as such cannot be used at the pleading stage).  And the jury's decision is also likely to be based on the Court's claim construction ruling, which is many months away.  To shut down the willfulness calculus at the pleading stage is unfair. Although Dell's flippantly dismisses the argument, the fact remains that if Dell's Motion is granted, all patentees seeking to include a willfulness claim in their complaint will be forced to seek a preliminary injunction – a goal largely impossible under *eBay* for non-practicing entities, individual inventors, failed manufacturers, and any other patent owner that does not directly compete with the Defendant.

As AdjustaCam pointed out in its Opposition, a recent report and recommendation by Magistrate Judge McCarthy of the Western District of New York found that "in this Circuit at least, pre-filing knowledge of the patents is not essential to a claim of induced infringement." Exh. A, at 11.  Further, as AdjustaCam argued in its Opposition at 6-7, liability for contributory infringement does not require proof of an affirmative intent to cause direct infringement.  As for willfulness, Dell's assertion that the complaint in *Automated Transactions* was proper because it alleged, without any factual recitations, that the infringing actions "have been, and continue to be, willful" is confusing.  Dell's major objection is the alleged lack of facts, but then they point in their Reply to the *Automated Transaction* complaint as at least good enough to justify the Court's recommendation that the Defendant's motion to dismiss be denied.  Magistrate Judge McCarthy properly stated that as to willfulness – an allegation for which Dell cannot assert it

does not know the elements or basis of its assertion – "notwithstanding *Twombly* and *Iqbal*, conclusory pleadings "suffice" under Rule 84." *Automated Transactions* at 13.

Further, the Court pointed out that "the better view is that the conclusory style of pleading in the Appendix Forms (which according to Rule 84 "*illustrate* the simplicity and brevity that these rules contemplate" (emphasis added by Court)) is not limited to the particular claims alleged in the Forms, *citing CBT Flint Partners, LLC v. Goodmail Systems, Inc.*, 529 F. Supp. 2d 1376, 1380 (N.D.Ga. 2007) ("Although the Form only provides a model for pleading direct infringement, there is no principled reason . . . for requiring more factual detail when the claim is one for contributory infringement as opposed to direct infringement"). *Id.* at 13.

Dell has had fair notice of AdjustaCam's claims and the grounds on which they are based – it just disagrees with them. This disagreement should be decided by a jury, or at least after the pleading stage of this lawsuit. Therefore, AdjustaCam respectfully requests the Court deny Dell's Motion in its entirety. To the extent that the Court grants Dell's Motion, AdjustaCam respectfully requests leave to seek early discovery on the issues of indirect and willful infringement and to replead, if necessary.

Dated:  October 15, 2010                    Respectfully submitted,

                                            By: /s/ Erick S. Robinson
                                            John J. Edmonds – LEAD COUNSEL
                                            Texas Bar No. 789758
                                            Michael J. Collins
                                            Texas Bar No. 4614510
                                            Henry M. Pogorzelski
                                            Texas Bar No. 24007852
                                            Erick Robinson
                                            Texas Bar No. 24039142
                                            COLLINS, EDMONDS & POGORZELSKI, PLLC
                                            1616 S. Voss Road, Suite 125
                                            Houston, Texas 77057
                                            Telephone: (281) 501-3425
                                            Facsimile: (832) 415-2535
                                            jedmonds@cepiplaw.com
                                            mcollins@cepiplaw.com
                                            hpogorzelski@cepiplaw.com
                                            erobinson@cepiplaw.com

                                            Andrew W. Spangler
                                            Texas Bar No. 24041960
                                            Spangler Law P.C.
                                            208 N. Green Street, Suite 300
                                            Longview, Texas 75601
                                            (903) 753-9300
                                            (903) 553-0403 (fax)
                                            spangler@spanglerlawpc.com

                                            ATTORNEYS FOR PLAINTIFF
                                            ADJUSTACAM LLC


## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                            /s/ Erick S. Robinson