# Exhibit A

# To

# AdjustaCam's Sur-Reply Regarding Dell's Motion To Dismiss

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| AUTOMATED TRANSACTIONS, LLC, | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | |
| FIRST NIAGARA FINANCIAL GROUP, INC., and FIRST NIAGARA BANK, | 10-CV-00407(A)(M) |
| Defendants. | |

_____

## INTRODUCTION

This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a Report and Recommendation on dispositive motions [40].[1]  Before me is the motion by defendants First Niagara Financial Group, Inc. and First Niagara Bank (collectively referred to as "First Niagara") to dismiss the Second Amended Complaint of plaintiff Automated Transactions, LLC ("Automated Transactions") for failure to state a cause of action [62].  Oral argument was held on August 25, 2010 [65].

The motion raises the question of whether the pleading standard articulated by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, ___U.S.___, 129 S.Ct. 1937 (2009) can be reconciled with the standard exemplified by the Appendix of Forms to the Federal Rules of Civil Procedure ("Rules"). Since I conclude that they cannot, I must decide which standard governs.

---

[1]   References are to CM/ECF docket entries.

**BACKGROUND**

Automated Transactions commenced this patent infringement action on November 20, 2009 by filing a Complaint in the United States District Court for the Southern District of New York [1]. The action was subsequently transferred to this district [36]. Following the transfer, Automated Transactions filed an Amended Complaint [53], and First Niagara moved to dismiss that pleading for failure to state a cause of action [54].  In response to that motion, Automated Transactions moved for leave to file a Second Amended Complaint [56].  First Niagara agreed to allow the filing of the Second Amended Complaint, while reserving its right to seek dismissal of that pleading as well [60].  Following the filing of the Second Amended Complaint [59], First Niagara filed the pending motion to dismiss [62].

The Second Amended Complaint alleges that "First Niagara is using ATMs within this judicial district and elsewhere in the United States" which infringe four U.S. patents. [59, ¶¶11, 19, 27, 35].[2]  In addition, it alleges that First Niagara continues to infringe the patents after being advised of their existence and its infringement thereof shortly after commencement of the action (as to the '158, '248 and '677 patents), or April 28, 2010 (as to the '220 patent) [id., ¶¶12, 20, 28, 36]; that it provides "customers and others with detailed explanations . . . that promote and demonstrate how to use these ATMs in an infringing manner . . . . [which] constitute[s] inducement to infringe" [id., ¶¶13, 21, 29,37]; and that its "actions in infringing the [patents] have been, and continue to be, willful, deliberate and/or in conscious disregard to the rights of Automated Transactions and/or its predecessor in interest" [id., ¶¶14, 22, 30, 38].

---

[2]   The patents at issue are Nos. 5,575,158; 7,597,248; 7,600,677 and 7,699,220.

Automated Transactions seeks various forms of relief, including treble damages [id., pp. 13, 14 ¶¶C, D, G, K, H, L, P, Q].

In moving for dismissal of the Second Amended Complaint under Rule 12(b)(6) and (f), First Niagara argues that Automated Transactions fails to state a claim for infringement, induced infringement, willful infringement or treble damages. First Niagara's Memorandum of Law [62-2]. Each of these arguments will be addressed.

## ANALYSIS

**A.     Direct Infringement**

First Niagara argues that because Automated Transactions' cause of action for direct infringement "parrots claim language, as opposed to pleading facts that identify allegedly infringing ATMs, the purported infringement allegations are only bare assertions that First Niagara practices the patents-in-suit. These assertions are not accepted as true under *Twombly* and *Iqbal*." First Niagara's Memorandum of Law [62-2], p. 5.

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Interpreting this language, the Court in Twombly held that "[w]hile a complaint . . . does not need detailed factual allegations . . ., a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555.

At issue in Twombly was "what a plaintiff must plead in order to state a claim under §1 of the Sherman Act," 550 U.S. at 554-55. The Court emphasized that in order to sustain a §1 claim under the Sherman Act, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice . . . . [A] naked assertion of conspiracy in a §1 complaint . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" Id. at 556, 557.

Iqbal removed any doubt as to whether the Court's statements in Twombly were limited to the antitrust context: "Though Twombly determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . . Our decision in *Twombly* expounded the pleading standard for 'all civil actions.'" 129 S.Ct. at 1953. The Court again emphasized that under Rule 8, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. "Rule 8 does not empower respondent to plead the bare elements of his cause of action . . . and expect his complaint to survive a motion to dismiss." Id. at 1954.

If the sufficiency of the Second Amended Complaint is governed solely by Twombly and Iqbal, then the allegations of direct infringement should be dismissed. Automated Transactions' generalized reference to "ATMs" fails to identify any specific product which

allegedly infringes the patents,[3] and its allegations that the ATMs "incorporate every element of the [patent] claims" [59, ¶¶11, 19, 27, 35], and that "First Niagara is directly or indirectly infringing" the patents, are nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." Iqbal, 129 S.Ct. at 1949.

However, the infringement allegations of Automated Transactions' Second Amended Complaint are at least as detailed as those of Appendix Form 18 ("Complaint for Patent Infringement"), which alleges only that "[o]n *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor* . . . . The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention".

According to Rule 84, which is not even mentioned in Twombly or Iqbal, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate". "[T]he forms contained in the Appendix of Forms are sufficient to withstand attack under the rules under which they are drawn, and . . . the practitioner may rely on them to that extent . . . . [P]leaders in the federal courts are not to be left to guess as to the meaning of

---

[3] Automated Transactions argues in its Memorandum of Law that "all of Defendants' ATMs infringe the asserted patents". [63, p. 5]. However, "allegations made outside of the complaint introduced by plaintiffs in their memorandum of law in opposition to motions to dismiss are not properly before the court on a motion to dismiss". Goplen v. 51job, Inc., 453 F. Supp. 2d 759, 774 (S.D.N.Y. 2006).

the language in Rule 8(a) regarding the form of the complaint." Rule 84 Advisory Committee Note (1946 amendment).

"As several courts have noted, it is difficult to reconcile the guidelines set forth in *Twombly* and *Iqbal* with Form 18." Bender v. LG Electronics U.S.A., Inc., 2010 WL 889541, *5 (N.D.Cal. 2010). In my view, reconciling the dictates of Twombly and Iqbal with the Appendix Forms is not merely difficult, it is impossible. Whereas Iqbal decrees that "conclusions or a formulaic recitation of the elements of a cause of action will not do", 129 S.Ct. at 1954, the Appendix Forms allege conclusions which fail to even mention the elements of a cause of action.

For example, Form 11 ("Complaint for Negligence") merely alleges that "on *date*, at *place*, the defendant negligently drove a motor vehicle against the plaintiff". As Justices Stevens and Ginsburg pointed out in their Twombly dissent, "[t]he asserted ground for relief - namely, the defendant's negligent driving - would have been called a 'conclusion of law' under the code pleading of old . . . . But that bare allegation suffices." 550 U.S. at 576. Moreover, Form 11 does not allege the elements of a cause of action for negligence, namely "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." Akins v. Glens Falls City School District, 53 N.Y. 2d 325, 333 (1981).

Similarly, Form 15 ("Complaint for the Conversion of Property") alleges that "[o]n *date*, at *place*, the defendant converted to the defendant's own use property owned by the plaintiff", without mentioning the elements of a cause of action for conversion, namely "(1) intent; (2) interference with property rights to the exclusion of such rights; and (3) possession or

right to possession." McKinley Associates, LLC v. McKesson HBOC, Inc., 110 F. Supp. 2d 169, 192 (W.D.N.Y. 2000), aff'd, 8 Fed. Appx. 31 (2d Cir. 2001).

Finally, Form 19 ("Complaint for Copyright Infringement and Unfair Competition") alleges merely that "[t]he defendant infringed the copyright by publishing and selling a book entitled \_\_\_\_, which was copied largely from the plaintiff's book", whereas "[n]ot all copying . . . is copyright infringement. To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work *that are original*." Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991) (emphasis added).

Notwithstanding the Appendix Forms' failure to satisfy the pleading requirements of Twombly and Iqbal,[4] Rule 84 states that they "suffice under these rules", and "federal courts have no more discretion to disregard [a] Rule's mandate than they do to disregard constitutional or statutory provisions". Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988).  In a unanimous decision announced just four months before Twombly, the Court cautioned that "a requirement of greater specificity for particular claims must be obtained by amending the Federal Rules . . . . Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts." Jones v. Bock, 549 U.S. 199, 212-13 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515

---

[4] Ironically, the Court approved the renumbering and restyling of the Appendix Forms by Order dated April 30, 2007 - exactly three weeks before it decided Twombly.

(2002), Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993), and Hill v. McDonough, 547 U.S. 573, 582 (2006)).

Which line of authority, then, is to be followed: Twombly/Iqbal, which holds that conclusory pleadings do not suffice, or Bank of Nova Scotia/Jones/Swierkiewicz/ Leatherman/Hill, which holds that the language of a Rule must be obeyed?  When confronted with "an irreconcilable conflict in Supreme Court authority", I must apply that authority which "more closely adheres to the traditional view".  Stout v. International Business Machines Corp., 798 F. Supp. 998, 1001, 1007 (S.D.N.Y. 1992).

The "traditional view" recognizes that "[c]ourts are not free to amend a rule outside the process Congress ordered".  Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997). "[C]ourts must be mindful that the Rule as now composed sets the requirements they are bound to enforce.  Federal Rules take effect after an extensive deliberative process involving many reviewers: a Rules Advisory Committee, public commenters, the Judicial Conference, this Court, the Congress.  See 28 U.S.C. §§2073, 2074.  The text of a rule thus proposed and reviewed limits judicial inventiveness." Id. "[T]he value of the reservation of the power to examine proposed rules . . . before they become effective is well understood by Congress.  It is frequently . . . employed to make sure that the action under the delegation squares with the Congressional purpose." Sibbach v. Wilson & Co., 312 U.S. 1, 15 (1941).

Adherence to this rulemaking procedure is not only "essential to maintaining the constitutional system of checks and balances among the branches of government", 1 Moore's

Federal Practice (Third Ed. 2010), §1.04[3][a], but it also "vindicate[s] . . . the law's insistence on neutrality and fidelity to principle". Hollingsworth v. Perry, ___U.S.___, 130 S.Ct. 705, 713 (2010) (in which the Court, in staying the broadcast of a federal trial because the district court had improperly amended its local rules of practice, held that "[c]ourts enforce the requirement of procedural regularity on others, and must follow those requirements themselves". Id. at 706).

Therefore, unless or until Rule 84 is amended, I conclude that the sufficiency of Automated Transactions' direct infringement allegations is governed by Appendix Form 18, not by the requirements of Twombly and Iqbal.[5] Automated Transactions' allegations of direct infringement, albeit conclusory, are at least as detailed as those of Form 18, and its identification of "ATMs" as the infringing products is comparable to Form 18's reference to "electric motors".

First Niagara argues that "[t]he Form's example of 'electric motors' might be an acceptable level of specificity where defendant only carries on type of electric motor. However . . . identifying a generic category of products does not provide enough specificity to a defendant, like First Niagara, that carries a variety of models in that category". First Niagara's

---

[5] *Accord*, Mark IV Industries Corp. v. Transcore, L.P.*,* 2009 WL 4828661, *4 (D.Del. 2009) ("*Iqbal* did not squarely address the continued vitality of the pleading forms appended to the Federal Rules of Civil Procedure. Absent an explicit abrogation of these forms by the Supreme Court, this court presumes that they are 'sufficient to withstand attack under the rules under which they are drawn' and 'practitioner[s] using them may rely on them to that extent.' [Rule] 84 advisory committee's note (1946 Amendment)"); Eolas Technologies, Inc. v. Adobe Systems, Inc., 2010 WL 2026627, *2 (E.D.Tex. 2010) ("The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18. To hold otherwise would render Rule 84 and Form 18 invalid. This cannot be the case"). *But see* Gudenas v. Cervenik, 2010 WL 987699, *3 (N.D.Ohio 2010), *adopted*, 2010 WL 1006532 (N.D.Ohio 2010) ("Presumably, certain of the Forms provided in accordance with Civil Rule 84 will be eliminated or modified . . . . [T]he allegations as set forth in Forms 11 and 15 would surely fail as 'legal conclusions [of negligence and conversion] couched as factual allegation[s],' under Twombly and Iqbal.")

Memorandum of Law [62-2], p. 6. While there are cases which hold that view, *e.g.*, Hewlett-Packard Co. v. Intergraph Corp., 2003 WL 23884794, *1 (N.D.Cal. 2003) ("Form 16 [now Form 18] simply does not address a factual scenario of this sort. Not only is the example in Form 16 limited to a single 'type' of product (*i.e.*, electric motors) there is no indication as to the number of different electric motors the hypothetical defendant made, sold, or used. In this case, there are at least 150 different 'types' of products"), the simple answer is that if Form 18 were intended to require a greater level of specificity in identifying the infringing products, it could easily have said so, and it does not.

Therefore, no greater specificity than that of Form 18 is necessary in order to state a cause of action for infringement. *See* Xpoint Technologies, Inc. v. Microsoft Corp., 2010 WL 3187025, *3 (D.Del. 2010) ("it is not necessary to identify specific products, i.e. model names, but plaintiff's pleadings must mimic Form 18 and identify a general category of products"). A defendant seeking greater detail as to the identity of the infringing products may either move for a more definite statement pursuant to Rule 12(e) (*see*, *e.g.*, Agilent Technologies, Inc. V. Micromuse, Inc., 2004 WL 2341652 (S.D.N.Y. 2004); Taurus IP, LLC v. Ford Motor Company, et al., 539 F. Supp.2d 1122 (W.D.Wis. 2008)) or serve an interrogatory requesting that information.

Applying the standard of Appendix Form 18 and Rule 84, I conclude that Automated Transactions' allegations of direct infringement are sufficient to withstand the motion to dismiss.

B.     **Indirect (Induced) Infringement**

First Niagara argues that Automated Transactions' indirect (or induced) infringement claim "does not allege First Niagara's pre-filing knowledge of the asserted patents - a requirement of the first element of an inducement claim". First Niagara's Memorandum of Law [62-2], p. 8.

However, in this Circuit at least, pre-filing knowledge of the patents is not essential to a claim of induced infringement. *See* Wing Shing Products (BVI), Ltd. v. Simatelex Manufactory Co., Ltd., 479 F. Supp. 2d 388, 408 (S.D.N.Y. 2007) ("Simatelex knew of Wing Shing's patent at least at the time this lawsuit was filed on February 9, 2001, and all the primarily infringing sales at issue in this litigation post-date the filing of the complaint"); SEB, S.A. v. Montgomery Ward & Co., Inc., 412 F. Supp.2d 336, 344 (S.D.N.Y. 2006) ("Because Defendants knew about SEB's patent at least as of July 10, 1998 yet continued to sell the deep fryer . . . a reasonable jury could conclude that Defendants improperly induced infringement . . . . SEB added Defendants to the lawsuit on July 10, 1998. Thus, at least as of that date, Defendants were aware of the existence of SEB's patent").

First Niagara next argues that "Automated Transactions has no Rule 11 basis for [its] unsupported statement" that "First Niagara also provides the above ATMs for use by customers and others . . . and provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner". First Niagara's

Memorandum of Law [62-2], p. 9. However, the issue raised by this motion is whether Automated Transactions has alleged a cause of action, not whether it has a proper basis for doing so. If First Niagara believes that Automated Transactions has violated Rule 11, its remedy lies under that Rule, not under Rule 12(b)(6).

First Niagara next argues that Automated Transactions "has not provided facts to permit a reasonable inference that First Niagara's actions explicitly or implicitly induced anyone to use the allegedly infringing device". First Niagara's Memorandum of Law [62-2], p. 9. I disagree. The allegations that First Niagara "provides those customers and others with detailed explanations, instructions and information as to arrangements, applications and uses of these ATMs that promote and demonstrate how to use these ATMs in an infringing manner" [59, ¶¶13, 21, 29, 37] certainly supports a reasonable inference that it induced the customers to use the allegedly infringing devices.

First Niagara's final argument is that "Automated Transactions fails to properly plead that any of the alleged - encouraged - direct infringement actually occurred - the fourth element of an inducement claim". First Niagara's Memorandum of Law [62-2], p. 10. However, since I have concluded that the direct infringement allegations have been adequately alleged, this argument fails.

### C. Willful Infringement

First Niagara argues that Automated Transactions' "willfulness allegations are nothing more than legal conclusions, and are no better than the allegations rejected in *Twombly*". First Niagara's Memorandum of Law [62-2], p.10. However, as stated previously, I conclude that notwithstanding Twombly and Iqbal, conclusory pleadings "suffice" under Rule 84.

I recognize that the Appendix of Forms does not contain a Form for pleading willful infringement, and it has been suggested that "[i]n the absence of any other form that . . . is made binding on the courts through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*". Elan Microelectronics Corp. v. Apple, Inc., 2009 WL 2972374, *2 (N.D.Cal. 2009). However, I think the better view is that the conclusory style of pleading in the Appendix Forms (which according to Rule 84 "*illustrate* the simplicity and brevity that these rules contemplate" (emphasis added)) is not limited to the particular claims alleged in the Forms. *See* CBT Flint Partners, LLC v. Goodmail Systems, Inc., 529 F. Supp. 2d 1376, 1380 (N.D.Ga. 2007) ("Although the Form only provides a model for pleading direct infringement, there is no principled reason . . . for requiring more factual detail when the claim is one for contributory infringement as opposed to direct infringement").

In any event, Automated Transactions' allegations that First Niagara was notified of the existence of the patents and continued to infringe [59, ¶¶ 12, 20, 28, 36] are sufficient to support a claim of willfulness, which requires that "the patent must exist and one must have

knowledge of it". State Industries, Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236 (Fed.Cir. 1985).

### D.     Treble Damages

Finally, First Niagara argues that "the Court should likewise strike under [Rule] 12(f) the portions of the Prayer for Relief that request treble damages", arguing that "plaintiff failed to allege knowledge of the patents-in-suit". First Niagara's Memorandum of Law [62-2], pp.11-12 (citing Nichia Corp. V. Seoul Semiconductor Ltd., 2006 WL 1233148 (N.D.Cal 2006)). However, since I have concluded that First Niagara's knowledge of the patents has been adequately alleged, this request should be denied.

### CONCLUSION

For these reasons, I recommend that defendants' motion to dismiss the Second Amended Complaint pursuant to Rules 12(b)(6) and (f) [62] be denied, without prejudice to a later motion for summary judgment. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by September 17, 2010 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED.**

DATED:	August 31, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge