# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

ADJUSTACAM LLC

      PLAINTIFF,

  v.

AMAZON.COM, INC.;
AUDITEK CORPORATION;
BALTIC LATVIAN UNIVERSAL
ELECTRONICS, LLC D/B/A BLUE
MICROPHONES, LLC D/B/A BLUE
MICROPHONE;
BLUE MICROPHONES, LLC;
CDW CORPORATION F/K/A CDW
COMPUTER CENTERS, INC.;
CDW, INC.;
COBRA DIGITAL, LLC;
COMPUSA.COM, INC.;
CREATIVE TECHNOLOGY LTD.;
CREATIVE LABS, INC.;
DELL, INC.;
DIGITAL INNOVATIONS, LLC;
EASTMAN KODAK COMPANY;
EZONICS CORPORATION D/B/A EZONICS
COPORATION USA D/B/A EZONICS;
FRY'S ELECTRONICS, INC.;
GEAR HEAD, LLC;
HEWLETT-PACKARD COMPANY;
INTCOMEX, INC.;
JASCO PRODUCTS COMPANY LLC D/B/A
JASCO PRODUCTS COMPANY D/B/A
JASCO;
JWIN ELECTRONICS CORPORATION;
KLIP XTREME LLC;
KMART CORPORATION;
LIFEWORKS TECHNOLOGY GROUP, LLC;
MACALLY PERIPHERALS, INC. D/B/A
MACALLY U.S.A;
MACE GROUP, INC.;
MICRO ELECTRONICS, INC. DBA MICRO
CENTER;
NEW COMPUSA CORPORATION;

Civil Action No. 6:10-cv-329-LED

**DEFENDANT DIGITAL
INNOVATIONS, LLC'S
ANSWER AND
COUNTERCLAIM**

NEWEGG, INC.;
NEWEGG.COM, INC.;
OFFICE DEPOT, INC.;
OVERSTOCK.COM, INC.;
PHOEBE MICRO INC.;
PROLYNKZ, LLC;
RADIOSHACK CORPORATION;
ROSEWILL INC.;
SEARS BRANDS, LLC;
SEARS HOLDINGS CORPORATION D/B/A
SEARS
SEARS, ROEBUCK AND COMPANY;
SAKAR INTERNATIONAL, INC.;
SAKAR, INC.;
SDI TECHNOLOGIES, INC.;
SOFTWARE BROKERS OF AMERICA INC.
DBA INTCOMEX CORPORATION D/B/A
INTCOMEX;
SYSTEMAX, INC. D/B/A COMPUSA;
TARGET CORP.;
TIGERDIRECT, INC.;
TRIPPE MANUFACTURING COMPANY
D/B/A TRIPP LITE;
WAL-MART STORES, INC.;
BEST BUY CO., INC. D/B/A BEST BUY
D/B/A ROCKETFISH;
BEST BUY STORES, LP;
BESTBUY.COM, LLC;
CONN' S, INC. D/B/A CONN' S;
J&R ELECTRONICS, INC. D/B/A J&R;
KOHL'S CORPORATION D/B/A KOHL'S;
KOHL'S ILLINOIS, INC.;
SOLID YEAR CO., LTD. AND
WALGREEN CO. D/B/A WALGREENS,

     DEFENDANTS.

**JURY TRIAL DEMANDED**

**DIGITAL INNOVATIONS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM – Page 2**
D-1919819_1.DOC

**DIGITAL INNOVATIONS, LLC'S ANSWER TO**
**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, DIGITAL INNOVATIONS, LLC ("Digital Innovations"), by and through its attorneys, in answer to Plaintiff AdjustaCam LLC's First Amended Complaint for Patent Infringement, states as follows:

**PARTIES**

1.     AdjustaCam LLC ("AdjustaCam" or "Plaintiff") is a Texas Limited Liability Company with its principal place of business in Frisco, Texas.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.     On information and belief, Defendant AMAZON.COM, INC. ("AMAZON") has a place of business in Seattle, Washington.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.     On information and belief, Defendant AUDITEK CORPORATION ("AUDITEK") has a place of business in Industry, California.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.     On information and belief, Defendant BALTIC LATVIAN UNIVERSAL ELECTRONICS, LLC D/B/A BLUE MICROPHONES, LLC D/B/A BLUE MICROPHONE has a place of business in Westlake Village, California.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.      On information and belief, Defendant BLUE MICROPHONES, LLC has a place of business in Westlake Village, California. BALTIC LATVIAN UNIVERSAL ELECTRONICS, LLC D/B/A BLUE MICROPHONES, LLC D/B/A BLUE MICROPHONE and BLUE MICROPHONES, LLC are collectively referred to hereinafter as "BLUE MICROPHONES."

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6.      On information and belief, Defendant CDW CORPORATION F/K/A CDW COMPUTER CENTERS, INC. has a place of business in Vernon Hills, Illinois.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7.      On information and belief, Defendant CDW, INC. has a place of business in Vernon Hills, Illinois. CDW CORPORATION F/K/A CDW COMPUTER CENTERS, INC. and CDW, INC. are collectively hereinafter referred to as "CDW."

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.      On information and belief, Defendant COBRA DIGITAL, LLC ("COBRA DIGITAL") has a place of business in Wheeling, Illinois.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.      On information and belief, Defendant COMPUSA.COM, INC. has a place of business in Miami, Florida.

**ANSWER:** Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. On information and belief, Defendant CREATIVE TECHNOLOGY LTD. has a place of business in Milpitas, California.

**ANSWER:** Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. On information and belief, Defendant CREATIVE LABS, INC. has a place of business in Milpitas, California. CREATIVE TECHNOLOGY LTD. and CREATIVE LABS, INC. are collectively referred to hereinafter as "CREATIVE."

**ANSWER:** Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. On information and belief, Defendant DELL, INC. ("DELL") has a place of business in Round Rock, Texas.

**ANSWER:** Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. On information and belief, Defendant DIGITAL INNOVATIONS, LLC; ("DIGITAL INNOVATIONS") has a place of business in Arlington Heights, Illinois.

**ANSWER:** Admitted.

14. On information and belief, Defendant EASTMAN KODAK COMPANY ("KODAK") has a place of business in Rochester, New York.

**ANSWER:** Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15.     On information and belief, Defendant EZONICS CORPORATION D/B/A EZONICS COPORATION USA D/B/A EZONICS ("EZONICS") has a place of business in Pleasanton, California.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.     On information and belief, Defendant FRY'S ELECTRONICS, INC. ("FRY'S") has a place of business in San Jose, California.

**ANSWER** Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17.     On information and belief, Defendant GEAR HEAD, LLC ("GEAR HEAD") has a place of business in Walpole, Massachusetts.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18.     On information and belief, Defendant HEWLETT-PACKARD COMPANY ("HP") has a place of business in Palo Alto, California.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19.     On information and belief, Defendant INTCOMEX, INC. has a place of business in Miami, Florida.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.    On information and belief, Defendant JASCO PRODUCTS COMPANY LLC D/B/A JASCO PRODUCTS COMPANY D/B/A JASCO ("JASCO") has a place of business in Oklahoma City, Oklahoma.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21.    On information and belief, Defendant JWIN ELECTRONICS CORPORATION ("JWIN") has a place of business in Port Washington, New York.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22.    On information and belief, Defendant KLIP XTREME LLC has a place of business in Miami, Florida.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23.    On information and belief, Defendant KMART CORPORATION ("KMART") has a place of business in Hoffman Estates, Illinois.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24.    On information and belief, Defendant LIFEWORKS TECHNOLOGY GROUP, LLC has a place of business in New York, New York.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25.    On information and belief, Defendant MACALLY PERIPHERALS, INC. D/B/A MACALLY U.S.A has a place of business in Ontario, California.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26.     On information and belief, Defendant MACE GROUP, INC. has a place of business in Ontario, California. MACALLY PERIPHERALS, INC. D/B/A MACALLY U.S.A and MACE GROUP, INC. are collectively referred to herein as "MCCALLY."

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27.     On information and belief, Defendant MICRO ELECTRONICS, INC. DBA MICRO CENTER ("Micro Center") has a place of business in Hilliard, Ohio.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.     On information and belief, Defendant NEW COMPUSA CORPORATION has a place of business in Miami, Florida.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29.     On information and belief, Defendant NEWEGG, INC. has a place of business in Industry, California.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30.     On information and belief, Defendant NEWEGG.COM, INC. has a place of business in Industry, California. NEWEGG, INC. and NEWEGG.COM, INC. are collectively referred to hereinafter as "NEWEGG."

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31.     On information and belief, Defendant OFFICE DEPOT, INC. ("OFFICE DEPOT") has a place of business in Delray Beach, Florida.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32.     On information and belief, Defendant OVERSTOCK.COM, INC. ("OVERSTOCK") has a place of business in Salt Lake City, Utah.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33.     On information and belief, Defendant PHOEBE MICRO INC. D/B/A AIRLINK101 ("PHOEBE") has a place of business in Fremont, California.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34.     On information and belief, Defendant PROLYNKZ, LLC ("PROLYNKZ") has a place of business in Irvine, California.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35.     On information and belief, Defendant RADIOSHACK CORPORATION ("RADIOSHACK") has a place of business in Fort Worth, Texas.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36.     On information and belief, Defendant ROSEWILL INC. ("ROSEWILL") has a place of business in Industry, California.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37.     On information and belief, Defendant SEARS BRANDS, LLC has a place of business in Hoffman Estates, Illinois.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38.     On information and belief, Defendant SEARS HOLDINGS CORPORATION D/B/A SEARS has a place of business in Hoffman Estates, Illinois.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39.     On information and belief, Defendant SEARS, ROEBUCK AND COMPANY has a place of business in Hoffman Estates, Illinois. SEARS BRANDS, LLC; SEARS HOLDINGS CORPORATION D/B/A SEARS and SEARS, ROEBUCK AND COMPANY are collectively referred to hereinafter as "SEARS."

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40.     On information and belief, Defendant SAKAR INTERNATIONAL, INC. has a place of business in Edison, New Jersey.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41.     On information and belief, Defendant SAKAR, INC. has a place of business in Edison, New Jersey. SAKAR INTERNATIONAL, INC. and SAKAR, INC. are hereinafter referred to as "SAKAR".

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42.     On information and belief, Defendant SDI TECHNOLOGIES, INC. ("SDI") has a place of business in Rahway, New Jersey. LIFEWORKS TECHNOLOGY GROUP, LLC and SDI are collectively referred to hereinafter as "IHOME."

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

43.     On information and belief, Defendant SOFTWARE BROKERS OF AMERICA INC. D/B/A INTCOMEX CORPORATION D/B/A INTCOMEX has a place of business in Miami, Florida. INTCOMEX, INC., KLIP XTREME, LLC and SOFTWARE BROKERS OF AMERICA INC. D/B/A INTCOMEX CORPORATION D/B/A INTCOMEX are hereinafter referred to as "KLIP XTREME."

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44.     On information and belief, Defendant SYSTEMAX, INC. D/B/A COMPUSA has a place of business in Miami, Florida. SYSTEMAX, INC. D/B/A COMPUSA, COMPUSA.COM, INC. and NEW COMPUSA CORPORATION are hereinafter referred to as "COMPUSA."

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

45.     On information and belief, Defendant TARGET CORP. ("TARGET") has a place of business in Minneapolis, Minnesota.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46.     On information and belief, Defendant TIGERDIRECT, INC. ("TIGERDIRECT") has a place of business in Miami, Florida.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47.     On information and belief, Defendant TRIPPE MANUFACTURING COMPANY D/B/A TRIPP LITE COMPANY D/B/A TRIPP LITE ("TRIPPE") has a place of business in Chicago, Illinois.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

48.     On information and belief, Defendant WAL-MART STORES, INC. ("WAL¬MART") has a place of business in Bentonville, Arkansas.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49.     On information and belief, Defendant BEST BUY CO., INC. D/B/A BEST BUY D/B/A ROCKETFISH; has a place of business in Richfield, Minnesota.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50.     On information and belief, Defendant BEST BUY STORES, LP; has a place of business in Richfield, Minnesota.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

51.     On information and belief, Defendant BESTBUY.COM, LLC has a place of business in Richfield, Minnesota. BEST BUY CO., INC. D/B/A BEST BUY D/B/A ROCKETFISH, BEST BUY STORES, LP and BESTBUY.COM, LLC are hereinafter referred to as "BEST BUY".

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

52.     On information and belief, Defendant CONN' S, INC. D/B/A CONN' S ("CONN'S") has a place of business in Beaumont, Texas.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

53.     On information and belief, Defendant J&R ELECTRONICS, INC. D/B/A J&R ("J&R") has a place of business in New York, New York.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

54.     On information and belief, Defendant KOHL'S CORPORATION D/B/A KOHL'S has a place of business in Menomonee Falls, Wisconsin.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

55.     On information and belief, Defendant KOHL'S ILLINOIS, INC. has a place of business in Menomonee Falls, Wisconsin. KOHL'S CORPORATION D/B/A KOHL'S and KOHL'S ILLINOIS, INC. are hereinafter referred to as "KOHL'S".

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56.      On information and belief, Defendant SOLID YEAR CO., LTD. ("SOLID YEAR") and has a place of business in Taiwan, ROC.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57.      On information and belief, Defendant WALGREEN CO. D/B/A WALGREENS ("WALGREENS") has a place of business in Deerfield, Illinois.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## JURISDICTION AND VENUE

58.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein. Without limitation, within this forum the Defendants have engaged in at least the selling of the accused products listed herein. In addition, on information and belief, at least one or more of the Defendants, namely AUDITEK, BEST BUY, BLUE MICROPHONES, COBRA DIGITAL, CREATIVE, DIGITAL INNOVATIONS, EZONICS, GEAR HEAD, HP, IHOME, JASCO, JWIN, KLIP XTREME, KODAK, MACALLY, MICRO CENTER, PHOEBE, PROLYNKZ, RADIOSHACK, ROSEWILL, SAKAR, SOLID YEAR and/or TRIPPE induce and/or contribute to infringement of the patent-in-suit by sellers, re-sellers and/or infringing

users located in this forum. In addition, upon information and belief, at least one or more of the

Defendants, namely AMAZON, CDW, COMPUSA, CONN' S, DELL, FRY'S, J&R, KMART,

KOHL'S, NEWEGG, OFFICE DEPOT, OVERSTOCK, SEARS, TARGET, TIGERDIRECT,

WAL-MART and/or WALGREENS induce and/or contribute to infringement of the patent-in-

suit by infringing users located in this forum. Further, on information and belief, Defendants

have interactive websites which are used in and/or accessible in this forum. Further, on

information and belief, Defendants are subject to the Court's general jurisdiction, including from

regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or

deriving substantial revenue from goods and services provided to persons or entities in Texas.

**ANSWER:**   Digital Innovations admits that Plaintiff has alleged patent infringement of U.S.

Patent No. 5,855,343 (the "'343 patent") under the patent laws of the United States, Title 35 of

the United States Code.  Digital Innovations therefore admits that this Court has subject matter

jurisdiction over the claims alleged by Plaintiff's First Amended Complaint in accordance with

28 U.S.C. §§ 1331 and 1338(a).  Digital Innovations denies that it has directly infringed, induced

the infringement, or contributed to the infringement of the '343 patent and denies any liability to

Plaintiff.  Digital Innovations admits that it operates a website that is accessible through the

internet.  Digital Innovations is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 58 which relate to other defendants.  To the

extent that paragraph 58 of the Complaint contains additional factual allegations as to Digital

Innovations, Digital Innovations denies them.

     59.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

On information and belief, from and within this Judicial District each Defendant has committed

at least a portion of the infringements at issue in this case. Without limitation, Defendants are

subject to personal jurisdiction in this forum. Further, within this forum the Defendants have engaged in at least the selling of the accused products listed herein. In addition, on information and belief, at least one or more of the Defendants, namely AUDITEK, BEST BUY, BLUE MICROPHONES, COBRA DIGITAL, CREATIVE, DIGITAL INNOVATIONS, EZONICS, GEAR HEAD, HP, IHOME, JASCO, JWIN, KLIP XTREME, KODAK, MACALLY, MICRO CENTER, PHOEBE, PROLYNKZ, RADIOSHACK, ROSEWILL, SAKAR, SOLID YEAR and/or TRIPPE induce and/or contribute to infringement of the patent-in-suit by sellers, re-sellers and/or infringing users located in this district. In addition, upon information and belief, at least one or more of the Defendants, namely AMAZON, CDW, COMPUSA, CONN'S, DELL, FRY'S, J&R, KMART, KOHL'S, NEWEGG, OFFICE DEPOT, OVERSTOCK, SEARS, TARGET, TIGERDIRECT, WAL-MART and/or WALGREENS induce and/or contribute to infringement of the patent-in-suit by infringing users located in this district. Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

**ANSWER:**  Digital Innovations admits that Plaintiff has alleged patent infringement of the '343 patent under the patent laws of the United States, Title 35 of the United States Code.  Digital Innovations admits that patent claim venue is governed by 28 U.S.C. §§ 1391 and 1400.  Digital Innovations denies that it has directly infringed, induced the infringement, or contributed to the infringement of the '343 patent and denies any liability to Plaintiff.  Digital Innovations admits that it operates a website that is accessible through the internet.  Digital Innovations is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 which relate to other defendants.  To the extent that paragraph 59 of the Complaint contains additional factual allegations as to Digital Innovations, Digital Innovations denies them.

<u>COUNT I</u>
<u>INFRINGEMENT OF U.S. PATENT NO. 5,855,343</u>

60.     United States Patent No. 5,855,343 ("the '343 Patent"), entitled "Camera Clip" was filed on March 7, 1997 and duly and legally issued on January 5, 1999.

**ANSWER:**  Digital Innovations admits that the face of the '343 patent states that it was filed on March 7, 1997 and issued on January 5, 1999 under the title, "Camera Clip."  Digital Innovations denies the remaining allegations of paragraph 60.

61.     GlobalMedia Group, LLC ("Global Media") is the assignee of the '343 Patent. GlobalMedia has granted an exclusive license to all substantial rights to the '343 Patent, including the right to bring this suit, to Acacia Patent Acquisition LLC ("APAC"). Prior to this suit being filed, APAC assigned all of its rights in the '343 Patent to AdjustaCam, which is the present exclusive licensee of, and owner of all substantial rights to the '343 Patent. Accordingly, AdjustaCam has standing to bring this lawsuit for infringement of the '343 Patent.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

62.     The claims of the '343 Patent cover, inter alia, apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer,

when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER**:   Digital Innovations admits that the '343 patent relates generally to a clip for supporting a portable camera.   Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.     On information and belief, AMAZON has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

64.     Moreover, on information and belief, AMAZON has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343

Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65.     Upon present information and belief, AMAZON's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball USB Webcam Microphone, Creative Labs Creative Live Cam Video IM Pro Webcam, Creative Labs Creative Live! Cam Vista IM Webcam, Gear Head Quick Webcam Advanced, HP Deluxe Webcam, HP Premium Autofocus Webcam, HP Pro Webcam, iHome IH-W301DW MyLife Webcam, Kodak 1.3 MP Webcam, MacAlly ICECAM2 Webcam, Micro Innovations Basic Webcam, Minoru Webcam 3D Webcam and/or Pixxo AW-I1130 Webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

66.     AMAZON is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

67.     On information and belief, AUDITEK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting

cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

68.    Moreover, on information and belief, AUDITEK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

69.    Upon present information and belief, AUDITEK's infringing apparatuses comprise at least one or more of the Pixxo AW-I1130, AW-M2130 and/or AW-U1131 Webcam.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

70.     AUDITEK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

71.     On information and belief, BLUE MICROPHONES has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

72.     Moreover, on information and belief, BLUE MICROPHONES has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement

of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

73.     Upon present information and belief, BLUE MICROPHONES' infringing apparatuses comprise at least one or more of the Eyeball, Mini Eyeball and/or Eyeball 2.0.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

74.     BLUE MICROPHONES is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

75.     On information and belief, CDW has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer,

when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

76.     Moreover, on information and belief, CDW has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

77.     Upon present information and belief, CDW's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Business Webcam, HP Deluxe Webcam, HP Elite Autofocus Webcam, HP Premium Autofocus Webcam and/or Tripp Lite Notebook Clip-On Camera.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

78.     CDW is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:** Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

79.     On information and belief, COBRA DIGITAL has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:** Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

80.     Moreover, on information and belief, COBRA DIGITAL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of

this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

81.     Upon present information and belief, COBRA DIGITAL's infringing apparatuses comprise at least the Cobra Digital 3D Webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

82.     COBRA DIGITAL is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

83.     On information and belief, COMPUSA has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table

top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

84.     Moreover, on information and belief, COMPUSA has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

85.     Upon present information and belief, COMPUSA's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball Webcam and/or iHome MyLife His Home Her Home Webcam Kit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

86.     COMPUSA is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

87.     On information and belief, CREATIVE has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

88.     Moreover, on information and belief, CREATIVE has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

89.    Upon present information and belief, CREATIVE's infringing apparatuses comprise at least one or more of the Creative Live! Cam Video IM Pro Webcam, Creative Live! Cam Video IM Ultra Webcam, Creative Live! Cam Vista IM Webcam, Creative Live! Cam Voice, and/or Creative Live! Video IM Ultra Webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

90.    CREATIVE is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

91.    On information and belief, DELL has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

92.    Moreover, on information and belief, DELL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

93.    Upon present information and belief, DELL's infringing apparatuses comprise at least one or more of the Creative Labs VF0420 Creative Live! Vista IM Web Camera and/or Lifeworks iHome MyLife His Home Her Home Webcam Kit.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

94.    DELL is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

95.    On information and belief, DIGITAL INNOVATIONS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling

and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations denies each and every allegation in paragraph 95.

96.      Moreover, on information and belief, DIGITAL INNOVATIONS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations denies each and every allegation in paragraph 96.

97.      Upon present information and belief, DIGITAL INNOVATIONS' infringing apparatuses comprise at least one or more of the Basic Webcam, Webcam Basic, Webcam IC014C and/or Webcam USB 2.0 Autofocus.

**ANSWER:**  Digital Innovations denies each and every allegation in paragraph 97.

98.     DIGITAL INNOVATIONS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations denies each and every allegation in paragraph 98.

99.     On information and belief, EZONICS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

100.     Moreover, on information and belief, EZONICS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and

belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

101.    Upon present information and belief, EZONICS' infringing apparatuses comprise at least one or more of EZCam Plus.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

102.    EZONICS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

103.    On information and belief, FRY'S has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table

top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

104.    Moreover, on information and belief, FRY'S has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

105.    Upon present information and belief, FRY'S infringing apparatuses comprise at least one or more of the HP Pro Webcam, Blue Microphones Mini Eyeball WebCam 2.0, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Desktop Web Cam, HP Premium Autofocus Webcam, Kodak S100 Webcam, Kodak T130 Webcam, Kodak W100 Twin Pack Webcams, MacAlly USB 2.0 WebCam, Pixxo AW-I1130 WebCam and/or Pixxo AW-U1131 Webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

106.    FRY'S is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

107.    On information and belief, GEAR HEAD has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

108.    Moreover, on information and belief, GEAR HEAD has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

109.    Upon present information and belief, GEAR HEAD's infringing apparatuses comprise at least one or more of the Gearhead Quick WebCam , Gearhead Quick WebCam Advanced and/or i-Level WebCam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

110.    GEAR HEAD is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

111.    On information and belief, HP has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

112.     Moreover, on information and belief, HP has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

113.     Upon present information and belief, HP's infringing apparatuses comprise at least one or more of the HP Business WebCam, HP Deluxe Webcam, HP Desktop Web Cam, HP Elite Autofocus Webcam, HP NX252AA Business Webcam, HP NX252AT Webcam, HP Premium Autofocus Webcam, HP Premium USB Webcam, HP Pro Webcam, HP Elite Webcam, HP USB Webcam, HP VGA Desktop Webcam, HP WebCam 2100 and/or HP Webcam for Notebooks.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

114.     HP is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER**:  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

115.    On information and belief, IHOME has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

116.    Moreover, on information and belief, IHOME has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to r resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

117.    Upon present information and belief, IHOME's infringing apparatuses comprise at least one or more of the iHome MyLife Dual Webcams, iHome MyLife His Home Her Home Webcams/Webcam Kit, including the IH-W305DB, iHome MyLife MyHome YourHome Webcams/Webcam Kit, including the IH-W306DW, iHome MyLife WebCam, iHome MyLife Webcam/Webcam Kit, iHome Your Home Webcam Pack.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

118.    IHOME is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

119.    On information and belief, JASCO has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

120.    Moreover, on information and belief, JASCO has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

121.    Upon present information and belief, JASCO's infringing apparatuses comprise at least one or more of the GE EasyCam, GE EasyCam Pro, GE Minicam Pro, GE Perfect Image, GE Picture Perfect and/or GE VOIP Webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

122.    JASCO is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

123.    On information and belief, JWIN has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses

for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

124.    Moreover, on information and belief, JWIN has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

125.    Upon present information and belief, JWIN's infringing apparatuses comprise at least one or more of the jWin EZ-CAM Professional Series, JCAM300 and/or JCAM400.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

126.    JWIN is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

127.    On information and belief, KLIP XTREME has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

128.    Moreover, on information and belief, KLIP XTREME has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of

the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

129.    Upon present information and belief, KLIP XTREME's infringing apparatuses comprise at least one or more of the Klip Xtreme KWC-101 GoCam and/or Klip Xtreme Xcam 2100 KDC-580.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

130.    KLIP XTREME is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

131.    On information and belief, KMART has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being

substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

132.    Moreover, on information and belief, KMART has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

133.    Upon present information and belief, KMART's infringing apparatuses comprise at least the Creative Labs Live Cam Video IM Pro Webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

134.    KMART is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

135.    On information and belief, KODAK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

136.    Moreover, on information and belief, KODAK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

137.   Upon present information and belief, KODAK's infringing apparatuses comprise at least one or more of the Kodak 1.3MP, S100 Webcam and/or T130 Webcam, and/or Kodak W 100 Twin Pack Webcams.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

138.   KODAK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

139.   On information and belief, MACALLY has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

140.    Moreover, on information and belief, MACALLY has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

141.    Upon present information and belief, MACALLY's infringing apparatuses comprise at least the MacAlly IceCam 2 Webcam and/or MacAlly USB 2.0 Webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

142.    MACALLY is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

143.    On information and belief, MICRO CENTER has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably

attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

144.    Moreover, on information and belief, MICRO CENTER has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

145.    Upon present information and belief, MICRO CENTER's infringing apparatuses comprise at least the one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Business Webcam, HP Deluxe

Webcam, HP Elite Autofocus Webcam, HP Premium Autofocus Webcam, Tripp Lite Notebook Clip-On Camera and/or WinBook WB-6185 WebCam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

146.    MICRO CENTER is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

147.    On information and belief, NEWEGG has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

148.    Moreover, on information and belief, NEWEGG has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

149.    Upon present information and belief, NEWEGG's infringing apparatuses comprise at least one or more of the Creative Live! Cam Video IM Pro WebCam, HP Premium Autofocus Webcam, iHome IH-W301DW MyLife WebCam, iHome IH-W305DB MyLife MyHome YourHome Webcams, iHome IH-W306DW MyLife MyHome/YourHome Webcams, jWIN JCAM300 Webcam, jWIN JCAM400 Webcam, Micro Innovations Basic Webcam, Minoru 3D Webcam, Pixxo AW-I1130, Pixxo AW-M2130 WebCam, Pixxo AW-U1131 WebCam and/or Rosewill RCM-8163 Webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

150.    NEWEGG is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

151.    On information and belief, OFFICE DEPOT has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

152.    Moreover, on information and belief, OFFICE DEPOT has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

153.    Upon present information and belief, OFFICE DEPOT's infringing apparatuses comprise at least one or more of the Gear Head Quick Night Vision WebCam, HP Business Webcam, iHome Dual WebCam Pack, iHome MyLife WebCam Kit and/or Micro Innovations WebCam Basic.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

154.    OFFICE DEPOT is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

155.    On information and belief, OVERSTOCK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

156.    Moreover, on information and belief, OVERSTOCK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

157.    Upon present information and belief, OVERSTOCK's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Voice Webcam, Ezonic EZCam Plus Webcam, Gear Head Quick WebCam, HP NX252AT Webcam, iHome MyLife IH-W305DB My Home Your Home Webcam, JWIN JCAM400 Webcam, MacAlly IceCam2 Webcam, Rosewill RCM-3201V WebCam and/or Rosewill RCM-8163 WebCam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

158.    OVERSTOCK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

159.    On information and belief, PHOEBE has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

160.    Moreover, on information and belief, PHOEBE has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

161.    Upon present information and belief, PHOEBE's infringing apparatuses comprise at least the Airlink101 AWCN200 Webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

162.    PHOEBE is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

163.    On information and belief, PROLYNKZ has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

164.    Moreover, on information and belief, PROLYNKZ has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

165.    Upon present information and belief, PROLYNKZ's infringing apparatuses comprise at least one or more of PWC-010 and/or PWC-0103K.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

166.    PROLYNKZ is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

167.    On information and belief, RADIOSHACK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating

about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

168.   Moreover, on information and belief, RADIOSHACK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

169.   Upon present information and belief, RADIOSHACK's infringing apparatuses comprise at least the Gigaware 2.0MP (8.0MP Interpolated) PC Camera with Auto Focus.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

170.    RADIOSHACK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

171.    On information and belief, ROSEWILL has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

172.    Moreover, on information and belief, ROSEWILL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and

belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

173.    Upon present information and belief, ROSEWILL's infringing apparatuses comprise at least the RCM-3201V and/or RCM-8163 webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

174.    ROSEWILL is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

175.    On information and belief, SAKAR has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface,

for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

176.    Moreover, on information and belief, SAKAR has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

177.    Upon present information and belief, SAKAR's infringing apparatuses comprise at least one or more of the I-Concepts Infrared Webcam, Eco Trends See Me Infrared Webcam, Kodak 1.3MP, S100 Webcam, T130 Webcam and/or Kodak W100 Twin Pack Webcams.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

178.    SAKAR is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

179.    On information and belief, SEARS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

180.    Moreover, on information and belief, SEARS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

181.    Upon present information and belief, SEARS' infringing apparatuses comprise at least one or more of the Blue Microphones WebCam, Creative Labs Live! Cam Video IM Pro Webcam, Creative Labs Live! Cam Video IM Ultra Webcam, iHome MyLife Dual Webcams, iHome Mylife My Home Your Home Webcams, iHome MyLife WebCam, jWin JCAM 300 Webcam and/or Micro Innovations Basic Webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

182.    SEARS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

183.    On information and belief, TARGET has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

184.   Moreover, on information and belief, TARGET has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

185.   Upon present information and belief, TARGET infringing apparatuses comprise at least one or more of the GE Picture Perfect Webcam and/or HP Premium Autofocus Webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

186.   TARGET is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

187.   On information and belief, TIGERDIRECT has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the

camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

188.    Moreover, on information and belief, TIGERDIRECT has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

189.    Upon present information and belief, TIGERDIRECT infringing apparatuses comprise at least one or more of the HP NX252AA USB 2.0MP Business Webcam, iHome IH¬W305DB MyLife His Home Her Home Webcam Kit, Klip Xtreme KWC-101 GoCam Webcam and/or ProLynkz PWC-010.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

190.    TIGERDIRECT is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

191.    On information and belief, TRIPPE has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

192.    Moreover, on information and belief, TRIPPE has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including

by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

193.    Upon present information and belief, TRIPPE's infringing apparatuses comprise at least one or more of Trippe Lite Notebook Clip-On Camera, IN3003CAM2 and/or Tripp Lite IN3002CAM1 webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

194.    TRIPPE is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

195.    On information and belief, WAL-MART has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer,

when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

196.    Moreover, on information and belief, WAL-MART has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

197.    Upon present information and belief, WAL-MART's infringing apparatuses comprise at least one or more of the Gear Head i-Level WebCam, HP Elite Autofocus Webcam, HP Premium USB Webcam, KQ245AA, HP Pro Webcam, HP USB Webcam, iHome MyLife His Home, Her Home Webcam Kit, iHome MyLife Webcam, iHome Your Home 1.3Mega Pixel USB Webcam 2 Pack, Kodak T130 Webcam and/or MacAlly IceCam2 Webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

198.    WAL-MART is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

199.    On information and belief, BEST BUY has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

200.    Moreover, on information and belief, BEST BUY has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory

infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

201.   Upon present information and belief, BEST BUY's infringing apparatuses comprise at least one or more of the Creative - Live! Cam Video IM Ultra , GE Easycam, GE Easycam PRO, GE Perfect Image, HP 2100, HP Elite Autofocus, HP Webcam, JWIN Webcam – black and/or Rocketfish webcams.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

202.   BEST BUY is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

203.   On information and belief, CONN'S has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first

disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

204.    Moreover, on information and belief, CONN'S has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

205.    Upon present information and belief, CONN'S infringing apparatuses comprise at least one or more of the Gearhead Quick Webcam Pro, Hercules Deluxe Optical Glass, LifeWorks MyLife His Home Her Home, and/or Mcally Ice-Cam2 webcams.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

206.    CONN'S is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

207.   On information and belief, J&R has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

208.   Moreover, on information and belief, J&R has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

209.    Upon present information and belief, J&R's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball, Blue Microphones Eyeball 2.0, JWIN JCAM300, JWIN JCAM400, Kodak P310, Kodak W100, Macally Ice-Cam 2 and/or Minoru 3-D webcams.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

210.    J&R is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

211.    On information and belief, KOHL'S has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

212.    Moreover, on information and belief, KOHL'S has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

213.    Upon present information and belief, KOHL'S infringing apparatuses comprise at least the Kodak W 100 webcam.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

214.    KOHL'S is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

215.    On information and belief, SOLID YEAR has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a

support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

216.    Moreover, on information and belief, SOLID YEAR has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

217.    Upon present information and belief, SOLID YEAR infringing apparatuses comprise at least one or more of the BallCam A1300, CrystalCam Plus C100, EasyCam Plus A100, EasyCam Plus D100, EasyCam Plus 300IR, EasyCam Plus 600IR, iLevel A1300, NoteCam Plus D100, NoteCam Plus E100, NoteCam Plus F100, PianoCam Plus A1300, PianoCam Plus B1300, QueenCam A1300, QueenCam B1300 and/or QueenCam 2 webcams.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

218.    SOLID YEAR is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

219.    On information and belief, WALGREENS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

220.    Moreover, on information and belief, WALGREENS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including

by providing the above-described apparatuses for supporting cameras to users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

221.    Upon present information and belief, WALGREENS' infringing apparatuses comprise at least the iHome MyLife His Home Her Home Webcam Kit and/or iHome MyLife My Home Your Home Webcam Kit.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

222.    WALGREENS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

223.    As a result of Defendants' infringing conduct, Defendants have damaged AdjustaCam. Defendants are liable to AdjustaCam in an amount that adequately compensates AdjustaCam for their infringement, which, by law, can be no less than a reasonable royalty.

**ANSWER:**   Digital Innovations denies the allegations in paragraph 223 as to Digital Innovations.  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 223.

224.    AdjustaCam reserves the right to take discovery from Defendants relative to their awareness/notice of the '343 Patent prior to the filing of suit. In any event, upon information at least AMAZON, AUDITEK, BLUE MICROPHONES, CDW, COBRA DIGITAL, COMPUSA,

CREATIVE, DELL, DIGITAL INNOVATIONS, EZONICS, FRY'S, GEAR HEAD, HP, IHOME, JASCO, JWIN, KLIP XTREME, KMART, KODAK, MACALLY, MICRO CENTER, NEWEGG, OFFICE DEPOT, OVERSTOCK, PHOEBE, PROLYNKZ, RADIOSHACK, ROSEWILL, SAKAR, SEARS, TARGET, TIGERDIRECT, TRIPPE and/or WAL-MART have continued to infringe the '343 Patent since they became aware of the original filing of this suit, and such infringement has necessarily been willful and objectively reckless. Accordingly, upon information and belief, at least since they became aware of this suit, at least the foregoing Defendants have willfully infringed the '343 Patent. Further, at least to the extent that the foregoing Defendants and/or BEST BUY, CONN'S, J&R, KOHL'S, SOLID YEAR and/or WALGREENS continue to infringe the '343 Patent during the further pendency of this suit, such infringement would necessarily be willful and objectively reckless.

**ANSWER:**   Digital Innovations denies the allegations in paragraph 224 as to Digital Innovations.  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 224.

225.    Accordingly, AdjustaCam seeks and/or reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '343 Patent, in accordance with the above.

**ANSWER:**   Digital Innovations denies that it has committed any act of willful infringement.  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225.

226.    On information and belief, all Defendants have at least had constructive notice of the '343 Patent by operation of law.

**ANSWER:**   Digital Innovations denies the allegations in paragraph 226 as to Digital Innovations.  Digital Innovations is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 226

\* \* \*

All remaining allegations not specifically admitted herein are denied

## PRAYER FOR RELIEF

WHEREFORE, AdjustaCam respectfully requests that this Court enter:

1.      A judgment in favor of AdjustaCam that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '343 Patent;

2.      A judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

3.      A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '343 Patent;

4.      A judgment and order requiring Defendants to pay AdjustaCam its damages, including for infringement going back at least six years, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '343 Patent as provided under 35 U.S.C. § 284;

5.      An award to AdjustaCam for enhanced damages as provided under 35 U.S.C. § 284;

6.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to AdjustaCam its reasonable attorneys' fees; and

7.      Any and all other relief to which AdjustaCam may show itself to be entitled.

**ANSWER:**   Digital Innovations denies that Plaintiff is entitled to any relief as to Digital Innovations.

## AFFIRMATIVE DEFENSES

1.      Digital Innovations has not been and is not now infringing, contributorily infringing, or inducing infringement of any claim of the '343 patent.

2.      Digital Innovations cannot be liable for infringement because the '266 patent is invalid for failure to comply with the conditions of patentability, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

3.      Plaintiff's claims for damages are barred, in whole or in part, because of a failure to satisfy the requirements of 35 U.S.C. § 287(a).

4.      Plaintiff is estopped from asserting infringement by Digital Innovations due to prior art and the conduct and representations of the patent applicant and/or its counsel during prosecution of the '343 patent.

5.      On information and belief, Plaintiff is not entitled to injunctive relief because, *inter alia*, any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## COUNTERCLAIM

For its counterclaim against Plaintiff, Digital Innovations states as follows:

### PARTIES

1.      Digital Innovations LLC ("Digital Innovations") is a limited liability company organized under the laws of the State of Illinois, with its principal place of business located at 3436 N. Kennicott Ave., Ste. 200, Arlington Heights, IL 60004.

2.      On information and belief, AdjustaCam LLC ("Adjustacam") is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Frisco, Texas.

### JURISDICTION AND VENUE

3.      The counterclaim includes claims for declaratory judgment of patent non-infringement and patent invalidity, arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

### COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

4.      Adjustacam has charged Digital Innovations with infringement of U.S. Patent No. 5,855,343 (the "'343 patent") by filing a First Amended Complaint against Digital Innovations.

5.      Digital Innovations has not been and is not now infringing, contributorily infringing, or inducing infringement of any claim of the '343 patent.  Given Adjustacam's First Amended Complaint, there exists an actual controversy between Digital Innovations and Adjustacam concerning the '343 patent.

6.      Accordingly, a valid and justiciable controversy has arisen and exists between Digital Innovations and Adjustacam.  In accordance with the Declaratory Judgment Act, 28

U.S.C. §§ 2201 and 2202, Digital Innovations requests a judicial determination and declaration of non-infringement of the '343 patent.

## COUNT II – DECLARATORY JUDGMENT OF INVALIDITY

7.      Adjustacam has charged Digital Innovations with infringement of the '343 patent by filing a First Amended Complaint against Digital Innovations.

8.      Digital Innovations contends that the claims of the '343 patent are invalid for failure to comply with the conditions of patentability, including 35 U.S.C. §§ 101, 102, 103, and/or 112.  Given Adjustacam's First Amended Complaint, Digital Innovations believes that Adjustacam contends that the claims of the '343 patent are valid and enforceable.

9.      Accordingly, a valid and justiciable controversy has arisen and exists between Digital Innovations and Adjustacam.  In accordance with the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Digital Innovations requests a judicial determination and declaration that the claims of the '343 patent are invalid for failure to comply with the conditions of patentability, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNTERCLAIMANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant-Counterclaimant Digital Innovations respectfully requests that the Court enter judgment in Digital Innovations' favor and against Plaintiff-Counterdefendant Adjustacam as follows:

A.      That Adjustacam's First Amended Complaint be dismissed with prejudice and that Adjustacam takes nothing by way of the First Amended Complaint;

B.      That judgment be entered that Digital Innovations does not infringe and has not infringed any claim of the '343 patent under any theory;

C.     That judgment be entered declaring each asserted claim of the '343 patent is invalid and/or unenforceable;

D.     That no injunctive relief issue to Adjustacam;

E.     That no damages be awarded to Adjustacam;

F.     That no costs, expenses, or attorneys' fees be awarded to Adjustacam;

G.     That no other relief be awarded to Adjustacam;

H.     That this case be declared exceptional under 35 U.S.C. § 285 and that attorneys' fees be awarded to Digital Innovations;

I.     That costs and expenses be awarded to Digital Innovations; and

J.     That the Court order such other and further relief as the Court deems just and proper.

## JURY DEMAND

Digital Innovations demands trial by jury on all issues so triable.


Date:  December 16, 2010                    Respectfully submitted,


                                            s/ Phillip B. Philbin
                                            Phillip B. Philbin
                                            phillip.philbin@haynesboone.com
                                            Texas State Bar No. 15909020
                                            HAYNES AND BOONE, L.L.P.
                                            2323 Victory Avenue, Suite 700
                                            Dallas, Texas 75219
                                            Tel: 214-651-5000
                                            Fax: 214-651-5940

Kenneth K. Dort
kdort@mcguirewoods.com
Gary Y. Leung
gleung@mcguirewoods.com
MCGUIREWOODS LLP
77 W. Wacker Dr. Ste. 4100
Chicago, IL 60601-1818
312.849.8100
312.849.3690 (fax)
*Pro hac vice admission pending*

ATTORNEYS FOR DIGITAL INNOVATIONS

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Other Defendants will be served in accordance with the Federal Rules of Civil Procedure.

December 16, 2010                    /s/ Phillip B. Philbin