**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ADJUSTACAM LLC | |
| *Plaintiff* | |
| | |
| v. | Case No. 6:10-cv-329-LED |
| | |
| AMAZON.COM, INC., *et al.* | **JURY** |
| *Defendants* | |

**DEFENDANTS' MOTION TO SEVER AND STAY CLAIMS AS TO RESELLER**
**DEFENDANTS BASED ON THE CUSTOMER SUIT EXCEPTION**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 4

II. BACKGROUND ....................................................................................................... 5

III. ARGUMENT ........................................................................................................... 6

A. This Court Has Broad Discretion to Stay All or Part of the Proceedings ...................... 6

B. A Stay Will Simplify the Issues of This Case ................................................................ 7

1. The "Customer Suit" Exception is Applicable, and Would Simplify the Issues
by Staying Claims as to Resellers .................................................................. 7

2. The "Customer Suit" Exception May be Used to Simplify a Single Proceeding
Against Numerous Upstream Providers and Their Customers ...................... 13

C. AdjustaCam Will Be Neither Prejudiced Nor Tactically Disadvantaged by a Stay .... 14

IV. CONCLUSION ....................................................................................................... 15

Defendants Amazon.com, Inc. ("Amazon"), Auditek Corporation ("Auditek"), Blue

Microphones, LLC, and Baltic Latvian Universal Electronics, LLC (collectively "Blue

Microphones"), CDW Corporation, CDW, Inc., and CDW LLC (collectively "CDW"), Cobra

Digital, LLC ("Cobra Digital"), CompUSA.com, Inc., New CompUSA Corporation, and

Systemax, Inc. (collectively "CompUSA"), Creative Labs, Inc. ("Creative"), Dell, Inc. ("Dell"),

Digital Innovations, LLC ("Digital Innovations"), Fry's Electronics Inc. ("Fry's"), Gear Head,

LLC ("Gear Head"), Hewlett-Packard Company ("HP"), jWIN Electronics Corporation

("jWIN"), KMart Corporation ("KMart"), Lifeworks Technology Group, LLC ("Lifeworks"),

Macally Peripherals, Inc. and Mace Group, Inc. (collectively "Macally"), Micro Electronics, Inc.

("Micro Center"), Newegg, Inc. and  Newegg.com, Inc. (collectively "Newegg"), Office Depot,

Inc.("Office Depot"), Overstock.com, Inc. ("Overstock"), Phoebe Micro Inc. ("Phoebe"),

Rosewill Inc. ("Rosewill"), Sears Brands, LLC, Sears Holdings Corporation, and Sears, Roebuck

and Company (collectively "Sears"), Sakar International, Inc. ("Sakar"), Target Corp. ("Target"),

TigerDirect, Inc. ("TigerDirect"), Wal-Mart Stores, Inc. ("Wal-Mart"), Best Buy Co Inc., Best

Buy Stores, LP, and BestBuy.com, LLC (collectively "Best Buy"), Kohl's Corporation, and

Kohl's Illinois, Inc. (collectively "Kohl's") hereby move[1] to sever and stay claims against certain

defendants (the "Resellers")[2] which are accused of patent infringement relating to products

supplied, directly or indirectly, by the other defendants named in Plaintiff's complaints (the

---

[1] Defendant Jasco Products Company LLC (Jasco) has indicated that it is in the process of
settling with AdjustaCam, and will therefore not join the motion.  Defendants Radio Shack
Corporation, J&R Electronics ("J&R") and Conn's, Inc. ("Conn's") have indicated that, although
they do not join the motion, they also do not oppose the motion nor the relief sought.

[2] "Resellers" refers to the following defendants: Amazon, CDW, CompUSA, Dell, Fry's, KMart,
Micro Center, Newegg, Office Depot, Overstock, Sears, Target, TigerDirect, Wal-Mart, Best
Buy, Conn's, J&R, and Kohls.

"Suppliers") under the "customer suit" exception as articulated in *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

## I.  INTRODUCTION

The Court should exercise its discretion to sever and stay the claims against the Reseller defendants involving products purchased from the Suppliers, following the "customer suit" exception. The fact that the instant proceeding is still in an early stage supports granting a stay because there will be no issue of wasted discovery or scheduling disruptions. Granting a stay under the "customer suit" exception would simplify the issues of this case for two reasons. First, the Resellers are mere customers of the Suppliers, and thus only peripherally involved in this lawsuit which concerns the Suppliers' products. Second, adjudication of the claims against Suppliers will also dispose of the claims against the Resellers that relate to the Suppliers' products. Significantly, granting the motion would dispose of all claims for at least 15 Resellers (specifically, Amazon, CDW, CompUSA, Dell, Fry's, KMart, NewEgg, Office Depot, Sears, Target, Wal-Mart, Best Buy, Conn's, J&R, and Kohl's).  Furthermore, Plaintiff has dismissed without prejudice its infringement claims against the Suppliers of the Ezonic EZCam Plus Webcam and ProLynkz PWC-010 products.  These are the only products for Resellers Overstock and TigerDirect not associated with a Supplier currently accused of infringement by AdjustaCam.  Consequently, the Court should also sever and stay all claims against Resellers Overstock and TigerDirect because these Suppliers are absent only as a result of AdjustaCam's unilateral decision to dismiss these Suppliers.  In any event, granting the motion would dispose of all claims except one product for the other 3 Resellers (Micro Center, Overstock, and TigerDirect) which would significantly narrow the scope of the case even as to those Resellers. (See Exh. A, Table showing accused Resellers' products and relation to Suppliers also accused

by AdjustaCam).  There will be no prejudice to Plaintiff AdjustaCam LLC ("AdjustaCam") because it will be free to litigate its claims against the Suppliers, and, if it can recover anything at all, its recovery from the Suppliers will exhaust any claims against downstream customer, including the Resellers.

## II.    BACKGROUND

AdjustaCam alleges to be the present exclusive licensee of, and owner of all substantial rights to, United States Patent No. 5,855,343 ("the '343 Patent"), entitled "Camera Clip." First Amended Complaint (Docket No. 111) at ¶ 61. The claims of the '343 Patent are alleged to cover a type of clip for webcams. *Id*. at ¶ 62.

The Suppliers directly or indirectly provide the Resellers with various models of webcams having clips that AdjustaCam accuses of infringing the '343 Patent. In other words, for the Suppliers' products, AdjustaCam has asserted claims against two links in the supply chain for a single product.  For example, a typical supply chain may consist of the manufacturer, who provides products to a central distributor, who then provides those products to a secondary distributor, who then sells those products to the ultimate reseller (typically a retailer), which is an entity that sells the products to consumers, businesses, or other end users. The Suppliers are the primary, or earlier, link in the chain of commerce for the accused products (generally, either manufacturers or central distributors). The Suppliers here may be manufacturers or central distributors, but in either case, the Supplier is the source of the product for the Reseller. The Resellers are customers of the Suppliers and are not in the business of importing, designing or manufacturing the products. Rather, the Resellers constitute a secondary or downstream link in the chain of commerce, purchasing their entire inventory from upstream providers such as the

Suppliers, and then reselling the products (in this case, webcams) to the ultimate consumers, or "end-users."

AdjustaCam has asserted infringement of the '343 Patent in this suit against 33 defendant groups, including the above named Suppliers and Resellers. Specifically, AdjustaCam alleges that the Suppliers have infringed the '343 Patent by importing, making, using, selling and/or offering to sell apparatuses embodying the '343 Patent. *See* First Amended Complaint at ¶ 58. AdjustaCam also alleges infringement against the Resellers for selling and/or offering to sell apparatuses embodying the '343 Patent. *Id.* As the Complaint makes clear, to the extent the Resellers are accused of selling and/or offering to sell products provided to them by the Suppliers, the Suppliers are accused of infringing with respect to exactly the same products.[3] Thus, there is no question in this context that the claims against the Resellers are entirely peripheral to this suit.

## III.   ARGUMENT

### A.   This Court Has Broad Discretion to Stay All or Part of the Proceedings

This Court has broad discretion to grant a stay in pending litigation as part of its inherent power to control its own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of

---

[3] The Suppliers of the Minoru and Hercules branded products are not defendants in this action although Minoru and Hercules branded products are accused as to some Resellers in this action. However, in a related case pending in this Court, AdjustaCam asserts the '343 patent against, among other defendants, Promotion and Display Technology Ltd ("PDT") and Guillemot Corporation, S.A. and Guillemot, Inc. (collectively "Guillemot"), the Suppliers of the Minoru branded webcams and Hercules branded webcams, respectively. (See *AdjustaCam v. Atlanta Network Technologies, Inc., et al.*, Civil Action 6:10-cv-644-LED, Docket No. 1 (E.D. Tex. Dec. 2, 2010) (Exh. B) at ¶¶ 33, 36). Claims against Resellers as to these products should also be stayed for the same reasons stated herein.

causes on its docket with economy of time and effort for itself, for counsel, and for the

litigants"). In determining whether to grant a stay, a court will typically consider three factors:

> 1) [W]hether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party,
>
> 2) whether a stay will simplify the issues in question and the trial of the case, and
>
> 3) whether discovery is complete and whether a trial date has been set.

*Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp. 2d 660, 661 (E.D. Tex. 2005) (Davis,

J.). In this case, all three factors weigh in favor of granting a stay as to the claims against

Resellers.

As an initial matter, the third factor clearly supports a stay.  This case is still in its early

stages, no trial date has been set, no discovery has occurred, and no scheduling order has been

entered. *See*, *e.g.*, *Tesco Corp. v. Weatherford Int'l, Inc*., 599 F.Supp. 2d 848, 853 (S.D. Tex.

2009) (holding that the third *Soverain* factor weighed in favor of a stay because "the case has just

begun, no trial date has yet been set," and no scheduling order had been entered).

The first and second *Soverain* factors also clearly favor granting a stay. For the sake of

logic, these two factors are discussed in reverse order below, and they make clear that a stay

would greatly simplify the issues of this case, and no prejudice to AdjustaCam will result from a

stay.

**B.**     **A Stay Will Simplify the Issues of This Case**

### *1.*     *The "Customer Suit" Exception is Applicable, and Would Simplify the Issues by Staying Claims as to Resellers*

The "customer suit" exception reflects a preference in the law that infringement suits

involve the parties directly responsible for bringing accused products to market, such as

manufacturers or distributors, instead of their customers, who are only secondarily involved. *See*

*Katz v. Lear Siegler, Inc*., 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer"). Thus, where a patent holder has sued both the manufacturers or distributors as well as their reseller customers, it is preferable to stay the customer claims while allowing the claims against manufacturers or central distributors to proceed first. *See, e.g*., *Katz*, 909 F.2d at 1464 (affirming stay of proceeding against dealers pending resolution of proceeding against manufacturers); *Refac Int'l, Ltd. v. IBM*, 790 F.2d 79, 81 (Fed. Cir. 1986) (holding that an appeal of a district court's order to stay claims against customers was frivolous). The exception is also an effective case management tool for simplifying proceedings with a large number of defendants. *Refac*, 790 F.2d at 81 (partial stay of claims against customer defendants where there were 31 total defendants was "sensible judicial management"). This practice is premised on "the recognition that, in reality, *the manufacturer is the true defendant* in the customer suit… [I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Id*. (emphasis added), quoting *Codex Corp. v. Milgo Elec. Corp*., 553 F.2d 735, 737-38 (1st Cir. 1977).

For the purposes of the exception, there is no meaningful distinction between manufacturers and central distributors/importers, because central distributors also act as the first link in the chain that provides products to the relevant market. *See, e.g., Rhode Gear U.S.A. v. Frank's Spoke N. Wheel, Inc*., 225 U.S.P.Q. 1256, 1259 (D. Mass. 1985) (finding that an importer that was the "source of the allegedly infringing products in this country" to be "in the same position as a manufacturer," and therefore applying the "customer suit" exception); *LG Elec., Inc. v. Asustek Computers*, 126 F.Supp. 2d 414, 422 (E.D. Va. 2000) ("[u]ltimately, the

infringement claim against the manufacturer and central distributor is more likely to restore [patent rights] than enjoining [a single downstream retailer]").

> a.    *AdjustaCam's Claims Against Resellers are Merely Peripheral to This Suit*

In the instant matter, case law shows that the Resellers are not "true defendants" contemplated under the "customer suit" exception because the Resellers are downstream in the supply chain from the Suppliers, and thus the claims against the Resellers are peripheral to the allegations of patent infringement for the Suppliers' products. *See, e.g.*, *Shifferaw v. Emson USA*, 2010 U.S. Dist. LEXIS 25612 at *8 (E.D. Tex. Mar. 18, 2010) (Everingham, J.) (Exh. C) (discussed *infra*), citing *LG Elec.*, 126 F.Supp. 2d at 422 ("[a] patent infringement claim against a distributor is peripheral to a claim against the manufacturer"); *LG Elec. Inc. v. First Int'l Computer, Inc.*, 138 F.Supp. 2d 574, 585 (D.N.J. 2001) ("[a] patent infringement claim against a reseller is peripheral to a claim against the manufacturer and central distributor").

Unlike customers, "true defendants" to infringement have some upstream control over the accused products, either through designing and manufacturing the accused products, or by otherwise acting as the first link in the commercial chain, i.e. the upstream provider of the products. *See Microsoft Corp. v. Commonwealth Scientific & Industrial Research Org.*, 2007 WL 4376104 at *2, (E.D. Tex. Dec. 2007) (Davis, J.), (the "customer suit" exception prefers infringement suits to be "involving the true defendant in the plaintiff's suit, i.e., the party that controls the product's design, rather than in suits involving secondary parties, i.e. customers"); *see Rhode Gear*, 225 U.S.P.Q. at 1259 (the upstream importer of accused products is not like resellers who are "peripheral" to the infringement). By contrast, where a customer's allegedly infringing conduct consists solely of "the resale of products" purchased from an upstream

provider, the claims against these customers are merely peripheral to an infringement suit. *See e.g., Shifferaw*, 2010 U.S. Dist. LEXIS 25612 at *8. Thus, the "customer suit" exception may properly be applied to stay claims against customers who only deal in, or resell, products purchased from others.  *See Katz*, 909 F.2d at 1464 (affirming application of "customer suit" exception to stay claims against customers who were "dealers in infringing goods of several manufacturers").

The Eastern District of Texas recognized this distinction in *Shifferaw v. Emson USA*, 2010 U.S. Dist. LEXIS 25612 at *8. In *Shifferaw*, the patent holder instituted suit against both the manufacturer of an accused product as well as its customers, Amazon and Academy. *Id.* at *2. The defendants moved to sever the claims as to the customers, arguing that, as mere retailers, they were not the true parties in interest. *Id.* The court agreed, noting that the retailers' "only relevant conduct" was in reselling products purchased from the primary parties in interest. *Id.* at *9-10. On this basis, the court found that the retailers are "only peripherally involved," and held that severance of these claims was proper. *Id.*; *see also LG Elec. Inc.*, 138 F.Supp. 2d at 585 (holding that the claims against a reseller are peripheral because the reseller's only activity was to resell products purchased from the manufacturer and central distributor).

Here, the Resellers' situation is identical to that of the retailers described in cases like *Shifferaw*. As in those cases, the Resellers are involved in this suit because they have resold products purchased from the Suppliers. Thus, the Resellers cannot be "true defendants" for the Suppliers' products. As a clear case in point, one of the retailers described in *Shifferaw*, Amazon, is also one of the Resellers in this case. While the names of the Suppliers from whom Amazon receives its products have changed, Amazon's role in the chain of commerce with respect to the

accused products is identical. Therefore, just as Amazon and its *Shifferaw* co-retailers were found to be only "peripherally involved," so should the Resellers be in this case.

>    b.    *Adjudication Against Suppliers Will Dispose of the Major Issues Against Resellers as to Suppliers' Products*

The "customer suit" exception would simplify the issues in this case because adjudication of the claims against the Suppliers will also dispose of the issues involving the same products against Resellers. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

In *Katz*, the Federal Circuit found that allowing non-customer claims to proceed first would dispose of the issues of patent infringement and validity as to the customers as well. *Id*. The customers in *Katz* were "dealers in infringing goods of several manufacturers." *Id*. The plaintiff had asserted the same patent against these customers as it had against the manufacturers, for the same products. *Id*. at 1460. Thus, the customers would not be liable for infringement if the manufacturers' products were found not to have infringed, and they would be exonerated if the manufacturers could prove invalidity. *See id*. at 1464; *see also Shifferaw*, 2010 U.S. Dist. LEXIS 25612 at *10 ("[i]f [the manufacturer] is not found liable, then [plaintiff] has no claims against the Retailer Defendants [whose only infringing conduct is selling manufacturer's products]"). The Court held that it did not matter that the customers had not agreed to be bound by the result against manufacturers, nor did it matter that there may be "additional issues" involving only the customers. *Id*. It sufficed for purposes of the "customer suit" exception that the "major issues" of infringement and validity would be resolved. *See id*.

A court may also find that adjudication against manufacturers will dispose of the major issues where the claims alleged against both manufacturers and customers read identically. *See Ultra Products., Inc. v. Best Buy Co*. 2009 U.S. Dist. LEXIS 78678 at *17-18 (D.N.J. 2009)

(Exh. D). Although the court in *Ultra* recognized that it was possible for there to be some issues particular to the customers, it nonetheless found that there was substantial identity of the issues through a comparison of the complaints against manufacturers and customers. *Id*. at *17. The court noted that the patent holder had uniformly alleged "that both the manufacturers and their various customers, aid, abet, and otherwise induce the infringement [of plaintiff's patent]," such that "a comparison of the complaint filed [against the customers with that against manufacturers] reveals nearly identical allegations." *Id*. Thus, the court found the issues involving customers to be "very similar, if not identical, to the issues as to the respective manufacturers." *Id*. at *18. Under such circumstances, "it makes sense for the case against the actual manufacturers [of accused products] to proceed first." *Id*.

Applying the "customer suit" exception to stay claims against the Resellers would have the same effect as that described in *Katz* and *Ultra*. Just as the patent holders had done in *Katz*, in this case AdjustaCam has asserted the *same* patent against the *same* products as between the both the Suppliers and Resellers. Because the Resellers' only relevant conduct is buying and selling the Suppliers' products, liability of the Resellers is premised on whether the products made or imported by the Suppliers are found to infringe. Furthermore, just as in *Ultra*, a comparison of the counts alleged against the Resellers to the counts alleged against the Suppliers show that they are essentially identical. *Compare, e.g.,* First Amended Complaint ¶¶ 63-64 (counts against Amazon, one of the Resellers) *with* ¶¶ 111-112 (counts against HP, one of the Suppliers), (allegations against Resellers and Suppliers are identical with the obvious exception that Resellers are not alleged to make or import the accused products). Thus, just as in *Ultra*, it "makes sense" to allow the claims against the Suppliers to proceed first.

Even if staying these claims against the Resellers does not absolve them as to products not purchased directly from the Suppliers joining this motion, the rationale underlying cases such as *Katz* and *Ultra* still applies. The fact that the Resellers cannot be liable if no infringement is found against Suppliers remains unchanged. Likewise, the fact that the Resellers cannot be liable if the patent is found invalid in the action against Suppliers also remains unchanged. Neither *Katz* nor *Ultra* expressly predicated their holdings on being able to remove all customers from the case. Rather, the *Katz* and *Ultra* courts emphasized removal of *identical issues* as the ground for applying the "customer suit" exception. *See Katz*, 909 F.2d at 1464; *see Ultra*, 2009 U.S. Dist. LEXIS 78678 at *18. Therefore, the exception should also be applied in this case.

### 2.    The "Customer Suit" Exception Would Simplify a Single Proceeding Against Numerous Upstream Providers and Their Customers

The "customer suit" exception would simplify a single, comprehensive suit against numerous upstream providers and their customers. *See Refac*, 790 F.2d at 81. In *Refac*, the Federal Circuit upheld a district court's order to separate 31 customer defendants from six manufacturer defendants during the liability stage, and further staying the proceedings against the customers. *Id*. The Court cited "sensible judicial management" as a ground for upholding the order, taking note of the fact that the order simplified the ponderous proceeding that would otherwise take place. *Id*.

The customer suit exception should also be applied to stay claims against the Resellers because the circumstances of this case are analogous to those of *Refac*. Just as in *Refac*, this case involves a comprehensive suit by AdjustaCam against both the upstream providers of the accused products as well as their customers, the Resellers. AdjustaCam has asserted infringement by no less than 69 products and against a total of 33 defendants, of whom 18 are participants

only by virtue of their reseller capacity. Thus, it is clearly within this Court's discretion to simplify the instant proceedings using the "customer suit" exception. Granting a stay as to the claims against Resellers would simplify a liability determination by eliminating the duplicative issues with regard to the same products. (*See* Exh. A, Table showing accused Resellers' products and relation to Suppliers also accused by AdjustaCam). Accordingly, staying the claims against Resellers would be "sensible judicial management." *See Refac*, 790 F.2d at 80.

### C.    AdjustaCam Will Be Neither Prejudiced Nor Tactically Disadvantaged by a Stay

AdjustaCam will not be prejudiced or tactically disadvantaged if this Court grants a stay as to the claims against Resellers.

First, AdjustaCam may still litigate the same issues if the claims against the Resellers are stayed. As discussed above, the Resellers are only peripherally involved in AdjustaCam's allegations of infringement. Furthermore, the issues as to non-infringement and invalidity are identical as between the Suppliers and Resellers with respect to the same products, such that adjudication of claims in favor of the Suppliers would dispose of these issues against Resellers as well. Indeed, a stay would benefit AdjustaCam by eliminating duplicative discovery expenses relating to the Resellers.

Even if there were issues involving only the Resellers, AdjustaCam would not be prejudiced or disadvantaged by having the major issues of infringement and validity resolved first – rather, resolution of these threshold issues will advance adjudication of these latter issues, or alternatively conserve resources by rendering them moot. *See, e.g., Katz*, 909 F.2d at 1464 (affirming a stay of proceedings against dealers of manufacturers' products, "[a]lthough there

may be additional issues [involving the dealers' proceeding], their prosecution will be advanced if [manufacturer] is successful…and may well be mooted if he is unsuccessful").

Second, in the unlikely event that AdjustaCam recovers at all with respect to its claims, it will be limited to a single recovery, and cannot collect from both the Suppliers and Resellers for the same products. *See Shifferaw*, 2010 U.S. Dist. LEXIS 25612 at *10-11 ("If [manufacturer] is found liable and [plaintiff] collects damages from [manufacturer], then the plaintiff cannot then in turn collect damages from the Reseller Defendants, because [plaintiff] cannot receive a double recovery for the same sales"); *see also Thibodeaux v. Fibreboard Corp.*, 706 F.2d 728, 729 (5th Cir. 1983) ("[A]n injured plaintiff is entitled to only one satisfaction for the full amount of his damages"). Furthermore, AdjustaCam itself has recognized that it can only collect once from the upstream provider – when AdjustaCam settled its claims against Trippe Manufacturing Company ("Trippe"), all Trippe's downstream resellers were informed that the claims as to Trippe's products had been resolved. (*See* Exh. E, Letter from Trippe to its resellers regarding settlement of claims against Trippe products). Thus, AdjustaCam cannot deny that it will suffer no prejudice or disadvantage as a result of a stay.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this court stay the claims against Reseller defendants that involve products made by the Suppliers, pending resolution of the claims against said Suppliers.

DATED:  January 13, 2011

By:  _____/s/ Steven R. Daniels_____
W. Bryan Farney
Lead Attorney
Texas State Bar No. 06826600
Steven R. Daniels
Texas State Bar No. 24025318
Bryan D. Atkinson
Texas State Bar No. 24036157
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, Texas 78701
Telephone:    (512) 394-3000
Facsimile:    (512) 394-3001
E-mails: bryan.farney@dechert.com
steven.daniels@dechert.com
bryan.atkinson@dechert.com
**ATTORNEYS FOR DEFENDANTS
CREATIVE LABS, INC., FRY'S
ELECTRONICS INC., HEWLETT-
PACKARD COMPANY,
MICROCENTER ELECTRONICS,
INC., OFFICE DEPOT, INC., BEST
BUY CO. INC., BEST BUY STORES,
LP, AND BESTBUY.COM, LLC**

By:  _____/s/ Jen-Feng Lee_____
Jen-Feng Lee (pro hac vice)
LT Pacific Law Group LLP
17800 Castleton Street, Suite 383
City of Industry, CA 91748
Tel: (626) 810-7200
Fax: (626) 810-7300
Email: jflee@ltpacificlaw.com
**ATTORNEYS FOR DEFENDANT
AUDITEK CORPORATION**

By:  _____/s/ Eric H. Findlay_____
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
Findlay Craft, LLP
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX  75703
 (903) 534-1100
 (903) 534-1137 FAX
efindlay@findlaycraft.com
bcraft@findlaycraft.com

James E. Geringer (pro hac vice)
james.geringer@klarquist.com
Salumeh R. Loesch
salumeh.loesch@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301
**ATTORNEYS FOR DEFENDANT
AMAZON.COM, INC.**

By:      /s/ Michael D. Harris
      Michael D. Harris (pro hac vice)
      MHarris@socalip.com
      Kala Sarvaiya (pro hac vice)
      KSarvaiya@socalip.com
      SOCAL IP LAW GROUP LLP
      310 N. Westlake Blvd., Suite 120
      Westlake Village, CA 91362-3788
      Phone: (805) 230-1350
      Fax: (805) 230-1355

      Michael E. Jones
      State Bar No. 10929400
      mikejones@potterminton.com
      Allen F. Gardner
      State Bar No. 24043679
      allengardner@potterminton.com
      POTTER MINTON, A Professional
      Corporation
      110 North College, Suite 500
      Tyler, TX 75702
      Phone: (903) 597-8311
      Fax: (903) 593-0846

**ATTORNEYS FOR DEFENDANTS BALTIC LATVIAN UNIVERSAL ELECTRONICS, LLC AND BLUE MICROPHONES, LLC**

By:      /s/ Eric H. Findlay
      Eric H. Findlay
      State Bar No. 00789886
      Brian Craft
      State Bar No. 04972020
      Findlay Craft, LLP
      6760 Old Jacksonville Hwy
      Suite 101
      Tyler, TX  75703
      (903) 534-1100
      (903) 534-1137 FAX
      efindlay@findlaycraft.com
      bcraft@findlaycraft.com

      Thomas L. Duston
      tduston@marshallip.com
      Anthony S. Gabrielson
      agabrielson@marshallip.com
      Benjamin T. Horton
      bhorton@marshallip.com
      Marshall, Gerstein & Borun LLP
      6300 Willis Tower
      233 South Wacker Drive
      Chicago, IL 60606-6357
      (312) 474-6300

**ATTORNEYS FOR DEFENDANT CDW, INC, CDW CORPORATION, AND CDW LLC**

By:      /s/ David W. Denenberg
      David W. Denenberg (pro hac vice)
      Davidorr Malito & Hutcher LLP
      200 Garden City Plaza
      Garden City, New York 1 1530
      (516) 247-4440 (Telephone)
      (516) 248-6422 (Facsimile)
      dwd@dmlegal.com

**ATTORNEYS FOR DEFENDANTS SYSTEMAX, INC., COMPUSA.COM, INC., NEW COMPUSA CORPORATION, AND TIGERDIRECT, INC.**

By:  _____/s/ Allison Standish Miller____
 Allison Standish Miller
 Texas Bar No. 24046440
 Federal I.D. No. 602411
 Email amiller@sschlaw.com
 Shepherd, Scott, Clawater &
 Houston, L.L.P.
 2777 Allen Parkway, 7th Floor
 Houston, Texas  77019
 Telephone No. (713) 650–6600
 Telecopier No. (713) 650–1720

**ATTORNEYS FOR DEFENDANTS**
**COBRA DIGITAL, LLC**

By:  _____/s/ Roger Fulghum_____
 Scott F. Partridge
 Lead Attorney
 Texas State Bar No. 00786940
 Roger Fulghum
 Texas State Bar No. 00790724
 BAKER BOTTS L.L.P.
 One Shell Plaza
 910 Louisiana Street
 Houston, Texas 77002-4995
 Telephone:  (713) 229-1569
 Facsimile:  (713) 229-7769
 E-mail:
 scott.partridge@bakerbotts.com
 E-mail:
 roger.fulghum@bakerbotts.com

 Paula D. Heyman
 Texas State Bar No. 24027075
 BAKER BOTTS L.L.P.
 98 San Jacinto Boulevard
 Suite 1500
 Austin, Texas  78701-4078
 Telephone:  (512) 322-2555
 Facsimile:  (512) 322-3610
 E-mail:
 paula.heyman@bakerbotts.com

**ATTORNEYS FOR DEFENDANT**
**DELL INC.**

By:  _____/s/ Phillip B. Philbin_____
 Phillip B. Philbin
 phillip.philbin@haynesboone.com
 Texas State Bar No. 15909020
 HAYNES AND BOONE, L.L.P.
 2323 Victory Avenue, Suite 700
 Dallas, Texas 75219
 Tel: 214-651-5000
 Fax: 214-651-5940

 *Of Counsel:*
 Kenneth K. Dort
 kdort@mcguirewoods.com
 Gary Y. Leung
 gleung@mcguirewoods.com
 MCGUIREWOODS LLP
 77 W. Wacker Dr. Ste. 4100
 Chicago, IL 60601-1818
 312.849.8100
 312.849.3690 (fax)

**ATTORNEYS FOR DEFENDANT**
**DIGITAL INNOVATIONS, LLC**

By:  _____/s/ Hyunjung Kim, Esq._____
 General Counsel
 jWIN Electronics Corp.
 2 Harbor Park Drive
 Port Washington, NY 11050
 516-626-7188, ext. 215
 PRO SE

**ATTORNEY FOR DEFENDANT JWIN**
**ELECTRONICS CORPORATION**

By:        /s/ Herbert J. Hammond
 Herbert J. Hammond
 Attorney-In-Charge
  State Bar No. 08858500
 Vishal Patel
  State Bar No. 24065885
 THOMPSON & KNIGHT LLP
 One Arts Plaza
 1722 Routh St., Suite 1500
 Dallas, Texas 75201
 (214) 969-1700
 (214) 969-1751 (Fax)

 Patricia L. Davidson
 MIRICK, O'CONNELL,
 DEMALLIE & LOUGEE, LLP
 100 Front Street
 Worcester, Massachusetts  01608-1477
 (508) 860-1540
 (508) 983-6240 (Fax)

**ATTORNEYS FOR DEFENDANT
GEAR HEAD, LLC**

By:        /s/ Peter M. Lukevich
 Attorney at Law
 APEX JURIS, PLLC
 12733 Lake City Way NE
 peter@apexjuris.com
 Seattle, WA  98125
 Telephone: (206) 664.0314
 Facsimile: (206) 664.0329

**ATTORNEYS FOR DEFENDANTS
MACALLY PERIPHERALS, INC.
D/B/A MACALLY U.S.A  MACE
GROUP, INC.**

By:        /s/ John H. Barr, Jr.
 John H. Barr, Jr.
 Attorney-in-Charge
 State Bar No. 00783605
 Bracewell & Giuliani LLP
 711 Louisiana, Suite 2300
 Houston, Texas 77002
 (713) 223-2300 - Telephone
 (713) 221-1212 – Facsimile

 Of counsel:
 Christopher A. Shield
 State Bar No. 24046833
 John A. Yates
 State Bar No. 24056569
 Bracewell & Giuliani LLP
 711 Louisiana, Suite 2300
 Houston, Texas 77002
 (713) 223-2300 - Telephone
 (713) 221-1212 – Facsimile

**ATTORNEYS FOR DEFENDANTS
KMART CORPORATION,
OVERSTOCK.COM, INC., SEARS
BRANDS, LLC., SEARS HOLDING
CORPORATION D/B/A SEARS, SEARS,
ROEBUCK AND COMPANY**

By: _____/s/ Thomas Carulli_____
    Thomas G. Carulli (pro hac vice)
    Jennifer Huang (pro hac vice)
    Kaplan, Massamillo & Andrews, LLC
    70 East 55th Street, 25th Floor
    New York, NY 10022
    Tel: (212) 991-5916
    Fax: (212) 922-0530
    Email: tcarulli@kmalawfirm.com
    jhuang@kmalawfirm.com

    Collin Maloney
    State Bar No. 00794219
    Ireland, Carroll & Kelley, P.C.
    6101 S. Broadway, Suite 500
    Tyler, Texas 75703
    Tel: (903) 561-1600
    Fax: (903) 581-1071
    Email: fedserv@icklaw.com

**ATTORNEYS FOR DEFENDANT
LIFEWORKS TECHNOLOGY GROUP,
LLC**

By: _____/s/ Nena W. Wong_____
    Nena W. Wong (pro hac vice)
    Attorney at Law
    6080 Center Drive
    Suite 600
    Los Angeles, CA 90045
    310/704-6603
    Fax: 310/689-2339
    Email: nenawong@earthlink.net

**ATTORNEY FOR DEFENDANT
PHOEBE MICRO INC.**

By: _____/s/ Trey Yarbrough_____
    Trey Yarbrough
    State Bar No. 22133500
    Debby E. Gunter
    State Bar No. 24012752
    Yarbrough Wilcox, PLLC
    100 E. Ferguson St., Ste. 1015
    Tyler, Texas 75702
    (903) 595-3111 Telephone
    (903) 595-0191 Facsimile
    E-mail: trey@yw-lawfirm.com
     debby@yw-lawfirm.com

    Of Counsel:
    Christopher J. Cuneo
    Zarian Midgley & Johnson PLLC
    960 Broadway, Suite 250
    Boise, Idaho 83706
    (208) 562-4900 Telephone
    (208) 562-4901 Facsimile
    E-mail: Cuneo@zarianmidgley.com

**ATTORNEYS FOR DEFENDANTS
NEWEGG, INC., NEWEGG.COM,
INC., AND ROSEWILL INC.**

By: _____/s/ Ezra Sutton_____
    EZRA SUTTON, Esq. (pro hac vice)
    EZRA SUTTON, P. A.
    Plaza 9, 900 Route 9
    Woodbridge, New Jersey 07095
    Tel: 732-634-3520
    Fax: 732-634-3511
    Email: esutton@ezrasutton.com

**ATTORNEYS FOR DEFENDANTS
SAKAR INTERNATIONAL, INC.,
KOHL'S CORPORATION, and
KOHL'S ILLINOIS, INC.**

By:   _____/s/ Michael C. Smith_____ ___
Michael C. Smith
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
P.O. Box 1556
Marshall, Texas 75671-1556
(903) 938-8900 (office)
(972) 767-4620 (fax)
michaelsmith@siebman.com

Of Counsel:
R. David Donoghue
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th floor
Chicago, IL 60603
Tel: (312) 263-3600
Fax: (312)578-6666
david.donoghue@hklaw.com

Peter Sanborn
HOLLAND & KNIGHT LLP
10 St. James Ave.
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850
peter.sanborn@hklaw.com

**ATTORNEYS FOR DEFENDANT
TARGET CORPORATION**

By:   _____/s/ Victor de Gyarfas_____ ___
Victor de Gyarfas
Texas Bar No. 24071250
e-mail:  vdegyarfas@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
213.972.4500
213.486.0065

**ATTORNEYS FOR DEFENDANT
WAL-MART STORES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel of record who have consented to electronic service as this district requires.  Local Rule CV-5(a)(3)(A).

_____/s/ Steven R. Daniels_____


## CERTIFICATE OF CONFERENCE

The parties have conferred regarding the relief sought through this motion and have been unable to reach an agreement.  Attorneys for movants, including myself, and attorneys for AdjustaCam, including Mr. John Edmonds, met and conferred via teleconference on December 27, 2010, but were unable to reach agreement.  Attorneys for movants, including myself, and attorneys for AdjustaCam, including Mr. John Edmonds, again met and conferred via teleconference on December 30, 2010, but were again unable to reach agreement.  Attorneys for movants, including Mr. Steven R. Daniels and myself, and attorneys for AdjustaCam, including Mr. John Edmonds, exchanged correspondence regarding this motion from January 6, 2010 to January 10, 2010, but were unable to reach an agreement.  Attorneys for movants, including myself, and attorneys for AdjustaCam, including Mr. John Edmonds, again met and conferred via teleconference on January 10, 2010, and agreed that the parties could not agree and that the discussions had reached an impasse.  Unfortunately, therefore, the parties are at an impasse and this motion requires Court intervention.  Besides AdjustaCam, I have conferred with counsel for all other parties in this action, and counsel for all other parties have represented that they either join this motion or do not oppose the motion and the relief sought.

_____/s/ Bryan D. Atkinson _____

**DEFENDANTS' MOTION TO SEVER AND STAY CLAIMS AS TO RESELLER DEFENDANTS**
**CASE NO.  6:10-CV-329-LED**