IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC<br><br>    PLAINTIFF,<br><br>  v.<br><br>ATLANTA NETWORK TECHNOLOGIES, INC. D/B/A ANTONLINE; CHANG - SHENG, INC. D/B/A DIRECTRON.COM, INC. D/B/A DIRECTRON.COM; COMPSOURCE, INC.; COMPUPLUS, INC. D/B/A COMP-U-PLUS; COMPUTER NERDS INTERNATIONAL, INC. D/B/A THENERDS.NET; CREATIVE TECHNOLOGY LTD.; ECOST.COM, INC. D/BA ECOST.COM GUILLEMOT CORPORATION, S.A.; GUILLEMOT, INC.; KYE INTERNATIONAL CORP.; KYE SYSTEMS AMERICA CORP.; KYE SYSTEMS CORP.; OFFICENATION, INC. D/B/A OFFICE NATION, INC. D/B/A OFFICENATION D/B/A PCNATION; PROMOTION AND DISPLAY TECHNOLOGY LTD. D/B/A PDT; PROVANTAGE CORP.; SIGNAL MICRO SYSTEMS, INC. D/B/A TECHONWEB; SAKAR, INC.; SOLID YEAR CO., LTD.; and TRUST INTERNATIONAL B.V.,<br><br>    DEFENDANTS. | Civil Action No. _____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff AdjustaCam LLC files this Complaint against the foregoing Defendants, namely

ATLANTA NETWORK TECHNOLOGIES, INC. D/B/A ANTONLINE; CHANG - SHENG,

INC. D/B/A DIRECTRON.COM, INC. D/B/A DIRECTRON.COM; COMPSOURCE, INC.;

COMPUPLUS, INC. D/B/A COMP-U-PLUS; COMPUTER NERDS INTERNATIONAL, INC. D/B/A THENERDS.NET; CREATIVE TECHNOLOGY LTD.; ECOST.COM, INC. D/BA ECOST.COM; GUILLEMOT CORPORATION, S.A.; GUILLEMOT, INC.; KYE INTERNATIONAL CORP.; KYE SYSTEMS AMERICA CORP.; KYE SYSTEMS CORP.; OFFICENATION, INC. D/B/A OFFICE NATION, INC. D/B/A OFFICENATION D/B/A PCNATION; DISPLAY TECHNOLOGY LTD. D/B/A PDT; PROVANTAGE CORP.; SAKAR, INC.; SIGNAL MICRO SYSTEMS, INC. D/B/A TECHONWEB; SOLID YEAR CO., LTD. and TRUST INTERNATIONAL B.V., (collectively "Defendants"), as follows:

## PARTIES

1. AdjustaCam LLC ("AdjustaCam" or "Plaintiff") is a Texas Limited Liability Company with its principal place of business in Frisco, Texas.

2. On information and belief, Defendant ATLANTA NETWORK TECHNOLOGIES, INC. D/B/A ANTONLINE ("ANTONLINE") has a place of business in Georgia.

3. On information and belief, Defendant CHANG - SHENG, INC. D/B/A DIRECTRON.COM, INC. D/B/A DIRECTRON.COM ("DIRECTRON") has a place of business in Texas.

4. On information and belief, Defendant COMPSOURCE, INC. ("COMPSOURCE") has a place of business in Ohio.

5. On information and belief, Defendant COMPUPLUS, INC. d/b/a COMP-U-PLUS ("COMPUPLUS") has a place of business in New York.

6. On information and belief, Defendant COMPUTER NERDS INTERNATIONAL, INC. D/B/A THENERDS.NET ("THENERDS") has a place of business in Florida.

2

7. On information and belief, Defendant CREATIVE TECHNOLOGY LTD.; ("CREATIVE") has a place of business in Singapore.

8. On information and belief, Defendant ECOST.COM, INC. D/BA ECOST.COM ("ECOST") has a place of business in Plano, Texas

9. On information and belief, Defendant GUILLEMOT CORPORATION, S.A. has a place of business in France.

10. On information and belief, Defendant GUILLEMOT, INC. has a place of business in Montreal, QC.  GUILLEMOT, INC. and GUILLEMOT CORPORATION, S.A. are collectively referred to as "GUILLEMOT."

11. On information and belief, Defendant KYE INTERNATIONAL CORP. has a place of business in California.

12. On information and belief, Defendant KYE SYSTEMS AMERICA CORP. has a place of business in California.

13. On information and belief, Defendant KYE SYSTEMS CORP. has a place of business in Taiwan.  KYE INTERNATIONAL CORP., KYE SYSTEMS AMERICA CORP. and KYE SYSTEMS CORP. are hereinafter collectively referred to as "KYE."

14. On information and belief, Defendant OFFICENATION, INC. D/B/A OFFICE NATION, INC. D/B/A OFFICENATION D/B/A PCNATION ("OFFICENATION") has a place of business in Illinois.

15. On information and belief, Defendant PROMOTION AND DISPLAY TECHNOLOGY LTD. D/B/A PDT ("PDT") has a place of business in the United Kingdom.

16. On information and belief, Defendant PROVANTAGE CORP. ("PROVANTAGE") has a place of business in Ohio.

17. On information and belief, SAKAR, INC. ("SAKAR") has a place of business in New Jersey.

18. On information and belief, Defendant SIGNAL MICRO SYSTEMS, INC. D/B/A TECHONWEB ("SIGNAL MICRO") has a place of business in Addison, Texas.

19. On information and belief, Defendant SOLID YEAR CO., LTD. and ("SOLID YEAR") has a place of business in Taiwan.

20. On information and belief, Defendant TRUST INTERNATIONAL B.V. ("TRUST") has a place of business in the Netherlands.

## JURISDICTION AND VENUE

21. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein. Without limitation, on information and belief, within this forum each Defendant has engaged in at least the infringements noted herein. Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

22. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed

at least a portion of the infringements at issue in this case. Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this forum. Without limitation, within this forum each Defendant has engaged in at least the infringements noted herein. Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,855,343

23. United States Patent No. 5,855,343 ("the '343 patent"), entitled "Camera Clip" was filed on March 7, 1997 and duly and legally issued on January 5, 1999.

24. GlobalMedia Group, LLC ("Global Media") is the assignee of the '343 patent. GlobalMedia has granted an exclusive license to all substantial rights to the '343 patent, including the right to bring this suit, to Acacia Patent Acquisition LLC ("APAC"). Prior to this suit being filed, APAC assigned all of its rights in the '343 patent to AdjustaCam, which is the present exclusive licensee of, and owner of all substantial rights to the '343 patent. Accordingly, AdjustaCam has standing to bring this lawsuit for infringement of the '343 patent.

25. The claims of the '343 patent cover, *inter alia,* apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer,

when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

26. On information and belief, all Defendants are infringing at least claim 1 of the '343 patent under 35 U.S.C. § 271. Without limitation:

27. On information and belief, ANTONLINE has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, ANTONLINE's infringing webcams comprise at least one or more of the Agama V, Blue Microphones Eyeball, Creative Live!, GE 98078, GE 98079, GE 98090, Gear Head Quick, Genius eFace, Hercules Dualpix, Hercules Optical Glass, iHome MyLife/YourLife, iHome MyHome/YourHome, Macally IceCam2, Micro Innovations Basic and/or Micro Innovations ChatCam webcams.

28. On information and belief, COMPSOURCE has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, COMPSOURCE's infringing webcams comprise at least one or more of the Agama V, Blue Microphones Eyeball, Creative Live!, Digital Innovations ChatCam, GE 98079, Gear Head Quick, Genius eFace, Genius FaceCam, Hercules Classic, Hercules Deluxe Optical Glass, Hercules Dualpix, HP 2100, HP Business, HP Pro, iHome MyLife/YourLife, iHome MyHome/YourHome, jWIN JCAM300, jWIN JCAM400, Macally IceCam2, Micro Innovations Basic and/or Tripp Lite Premier Notebook Clip-On Camera.

29. On information and belief, COMPUPLUS has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, COMPUPLUS's infringing webcams comprise at least one or more of the Agama V, Creative Live!, Genius eFace, Hercules Dualpix, HP Business, HP HD-3110, HP 2100, HP Pro, iHome MyLife/YourLife, iHome MyHome/YourHome, Kodak P310, Kodak T130, Macally IceCam2 and/or Micro Innovations Basic webcams.

30. On information and belief, CREATIVE has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising making, importing selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, CREATIVE's infringing webcams comprise at least one or more of the Creative Live! webcams.

31. On information and belief, DIRECTRON has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, DIRECTRON's infringing webcams comprise at least one or more of the Blue Microphones Eyeball, Creative Live! And/or Genius eFace webcams.

32. On information and belief, ECOST has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, ECOST's infringing webcams comprise at least one or more of the Agama V, Creative Live!, Gear Head Quick, Genius FaceCam, Hercules Classic, Hercules

Deluxe Optical Glass, HP Elite, iHome MyLife/YourLife, iHome MyHome/YourHome, Macally IceCam2 webcams and/or Micro Innovations Basic webcams.

33. On information and belief, GUILLEMOT has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising making, importing selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, GUILLEMOT's infringing webcams comprise at least one or more of the Hercules webcams, including without limitation the Hercules Classic, Hercules Deluxe Optical Glass and/or Hercules Dualpix webcams.

34. On information and belief, KYE has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising making, importing selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, KYE's infringing webcams comprise at least one or more of the Agama V, Genius eFace and/or Genius FaceCam webcams.

35. On information and belief, OFFICENATION has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, OFFICENATION's infringing webcams comprise at least one or more of the Agama V, Creative Live!, Gear Head Quick, Genius FaceCam, Hercules Classic, Hercules Dualpix, Hercules Deluxe Optical, HP Business, iHome MyLife/YourLife, iHome MyHome/YourHome webcams, Micro Innovations Basic and/or Micro Innovations Deluxe webcams.

36. On information and belief, PDT has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising making, importing selling and/or

8

offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, PDT's infringing webcams comprise at least one or more of the Minoru webcams.

37. On information and belief, PROVANTAGE has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, PROVANTAGE's infringing webcams comprise at least one or more of the Agama V, Blue Microphones Eyeball, Gear Head Quick, Genius eFace, Hercules Classic, Hercules Dualpix webcam, iHome MyLife/YourLife and/or iHome MyHome/YourHome webcams.

38. On information and belief, SAKAR has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising making, importing selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, SAKAR's infringing webcams comprise at least one or more of the I-Concepts Infrared, Eco Trends See Me Infrared, Kodak P130, Kodak S100, Kodak T130 and/or Kodak W100 webcams.

39. On information and belief, SIGNAL MICRO has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, SIGNAL MICRO's infringing webcams comprise at least one or more of Blue Microphones, HP Business, HP NX252AT and/or Tripp Lite webcams.

40. On information and belief, SOLID YEAR has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising making, importing selling

9

and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, SOLID YEAR's infringing products comprise at least one or more of the BallCam A1300, CrystalCam Plus C100, EasyCam Plus A100, EasyCam Plus D100, EasyCam Plus 300IR, EasyCam Plus 600IR, iLevel A1300, NoteCam Plus D100, NoteCam Plus E100, NoteCam Plus F100, PianoCam Plus A1300, PianoCam Plus B1300, QueenCam A1300, QueenCam B1300 and/or QueenCam 2 webcams.

41. On information and belief, THENERDS has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, THENERDS's infringing webcams comprise at least one or more of the Blue Microphones Eyeball, Creative Live!, Digital Innovations ChatCam, Genius eFace, Genius FaceCam, Gear Head Quick, Genius V, HP2100, HP 3100, HP Business, HP Elite, HP Pro, Hercules Classic, Hercules Deluxe Optical Glass, Hercules Classic, Hercules Dualpix, iHome MyLife/YourLife, iHome MyHome/YourHome, Macally IceCam2 and/or Micro Innovations Basic webcams.

42. On information and belief, TRUST has been and now is infringing at least claim 1 the '343 patent under 35 U.S.C. § 271 by actions comprising making, importing selling and/or offering to sell apparatuses for supporting cameras, including as described in paragraph 25 above. On information and belief, TRUST's infringing webcams comprise at least one or more of the Trust USB and/or Trust Widescreen HD webcams, and further comprising at least one or more of the eCoza, Exis, InTouch, Invidio, Megapixel, Multicover and/or SpotLight webcams, including to the extent such webcams are sold and/or imported into the United States.

10

43. AdjustaCam reserves the right to take discovery regarding pre-suit knowledge of the '343 patent by the Defendants.

44. On information and belief, to the extent CREATIVE, GUILLEMOT, KYE, PDT, SAKAR, SOLID YEAR and/or TRUST continue to infringe the '343 patent after receiving notice of the '343 patent, including at a minimum from this lawsuit, then such infringement, including by selling infringing apparatuses, would necessarily comprise intentionally inducing others, including their re-sellers and/or customers, to infringe the '343 patent, including by selling and/or using such apparatuses.

45. On information and belief, to the extent CREATIVE, GUILLEMOT, KYE, PDT, SAKAR, SOLID YEAR and/or TRUST continue to infringe the '343 patent after receiving such notice, including by selling infringing apparatuses, then such infringement would necessarily comprise contributing to the infringement by others, including their re-sellers and/or customers, including by selling and/or using such apparatuses. On information and belief, such Defendants would know that such apparatuses are, at a minimum, especially made or especially adapted for use in an infringement of the '343 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

46. On information and belief, to the extent ANTONLINE, DIRECTRON, COMPSOURCE, COMPUPLUS, THENERDS, ECOST, OFFICENATION, PROVANTAGE and/or SIGNAL MICRO continue to infringe the '343 patent after receiving notice of the '343 patent, including at a minimum from this lawsuit, then such infringement, including by selling infringing apparatuses, would necessarily comprise intentionally inducing others, including their customers, to infringe the '343 patent, including by using such apparatuses.

11

47. On information and belief, to the extent ANTONLINE, DIRECTRON, COMPSOURCE, COMPUPLUS, THENERDS, ECOST, OFFICENATION, PROVANTAGE and/or SIGNAL MICRO continue to infringe the '343 patent after receiving such notice, including by selling infringing apparatuses, then such infringement would necessarily comprise contributing to the infringement by others, including their customers, including by using such apparatuses. On information and belief, such Defendants would know that such apparatuses are, at a minimum, especially made or especially adapted for use in an infringement of the '343 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

48. To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

49. As a result of Defendants' infringing conduct, Defendants have damaged AdjustaCam. Defendants are liable to AdjustaCam in an amount that adequately compensates AdjustaCam for their infringement, which, by law, can be no less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, AdjustaCam respectfully requests that this Court enter:

1. A judgment in favor of AdjustaCam that Defendants have infringed the '343 patent;

2. A permanent injunction enjoining Defendants, their employees and agents, and all others acting in active concert therewith from infringing the '343 patent;

3. A judgment and order requiring Defendants to pay AdjustaCam its damages, enhanced damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '343 patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to AdjustaCam its reasonable attorneys' fees; and

5. Any and all other relief to which AdjustaCam may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

December 2, 2010

Respectfully submitted,

ADJUSTACAM LLC

By: */s/Andrew W. Spangler*
John J. Edmonds – LEAD COUNSEL
Texas Bar No. 789758
Andrew P. Tower
Texas Bar No. 786291
Michael J. Collins
Texas Bar No. 4614510
Henry M. Pogorzelski
Texas Bar No. 24007852
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
atower@cepiplaw.com
mcollins@cepiplaw.com
hpogorzelski@cepiplaw.com

Andrew W. Spangler
Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300

(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
ADJUSTACAM LLC