IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC<br>    *Plaintiff*<br><br>v.<br><br>AMAZON.COM, INC., *et al.*<br>    *Defendants* | Case No. 6:10-cv-329-LED<br><br>**JURY** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEVER AND STAY CLAIMS
AS TO RETAILER DEFENDANTS BASED ON THE CUSTOMER SUIT EXCEPTION**

I.  INTRODUCTION:

This Court should stay the claims against Reseller defendants because adjudication of the claims against the Supplier defendants alone would greatly enhance judicial economy by streamlining the case and will almost certainly dispose of all issues relating to the Suppliers' products.  Plaintiff's arguments to the contrary are merely attempts to obfuscate these clear benefits with irrelevant evidentiary complaints and unfounded legal assertions.

First, Plaintiff attempts to confuse the issues by alleging that certain statements in the Motion to Sever and Stay ("Motion") lack "evidentiary support." However, these statements either have no bearing on the Motion, or relate to facts forming the basis for Plaintiff's First Amended Complaint ("Complaint") and are therefore inherently *undisputed* by Plaintiff.

Second, Plaintiff mischaracterizes legal authority to argue that the "customer suit" exception is limited to contexts where there is a co-pending litigation by the Supplier in another district.  In fact, the customer suit exception has been applied outside the context of co-pending proceedings *in this district*, and Plaintiff cites no authority holding that the exception cannot be used as a docket control tool.  Moreover, Federal Circuit precedent clearly allows courts to use the exception to streamline a case and manage the court's docket.

Finally, Plaintiff's argument that the proposed stay will not enhance judicial economy is unfounded, given that a stay will streamline the issues and relieve this Court of the burden of dealing with numerous Reseller defendants having little stake in the case.  Plaintiff's assertion that a stay will result in duplicate litigation is also unfounded because all claims with respect to Suppliers' products would be resolved. Tellingly, Plaintiff's Opposition does not allege any "prejudicial" effects other than those present in *every* "customer suit" case.

II.  ARGUMENT:

    A.  **Plaintiff's arguments regarding lack of "evidentiary support" are irrelevant, and needlessly demand evidence for undisputed facts.**

Plaintiff bemoans the lack of "declarations or other sworn evidence" to show that the accused products allegedly sold by Resellers are "supplied, directly or indirectly, by the other defendants." *See* Plaintiff's Opposition ("Opp.") at 4. However, Plaintiff does not identify or contend that any Supplier is not an upstream source for any particular product. Whether an upstream source is "direct" or "indirect" is an irrelevant fact having no bearing on the disposition of the Motion.[1]

Moreover, it is *Plaintiff* that associated certain accused products with both Suppliers and Resellers in its Complaint.[2] Defendants have assumed that Plaintiff fulfilled its Rule 11 obligation prior to filing its Complaint and has a good faith basis for making these associations, and that Plaintiff does not contest the facts asserted in its own Complaint. Of course, there is no need for "evidentiary support" for facts Plaintiff does not dispute.[3] Plaintiff's argument that there is no "explanation" as to what is meant "for a product to be 'indirectly' supplied by a defendant" and "which specific 'Supplier' is a 'direct or indirect supplier'" is likewise irrelevant because it also demands "evidentiary support" for facts that are either not in dispute or irrelevant.[4]

### B. The law supports using the "customer suit" exception to streamline this case, and Plaintiff does not cite any authority to the contrary.

Plaintiff argues that the "customer suit" exception may only be used as "an exception to the general first-filed rule." Opp. at 6. While it is true that the "customer suit" exception is *often*

---

[1] According to the Motion's description of the chain of commerce, "directly" describes the circumstance where a Supplier is the manufacturer and supplies products directly to the Resellers, and "indirectly" describes the circumstance where a Supplier is the central distributor. *See* Motion at 3. Thus, the statement that the Suppliers "may be manufacturers or central distributors" simply indicates that the Suppliers in this case will belong in one of those categories. *Id*. at 5. As such, Plaintiff's objection to the word "may" is irrelevant to the outcome of the Motion.

[2] *Compare, e.g.*, Complaint at ¶ 113 (associating certain HP-branded products with defendant Hewlett Packard ("HP")), *with* ¶ 65 (accusing Reseller Amazon of infringing by selling some of the same HP-branded products).

[3] Plaintiff's argument that there is no "evidentiary support" for asserting the Resellers are not "in the business of importing" is irrelevant for similar reasons. Opp. at 5. As can be seen from the Complaint, Plaintiff has not accused Resellers of importing any accused products, and the Motion did not suggest otherwise. *See, e.g.*, Complaint at ¶¶ 65, 83.

[4] To the extent there may be some lingering confusion as to which Suppliers are associated with the products allegedly sold by Resellers, a table setting out these relations is attached to this Reply. *See* Exhibit A.

used to stay a proceeding against customers pending resolution of a competing proceeding against manufacturers, it is *not* confined to *only* that use.[5] To the contrary, this district has applied the "customer suit" exception, and its underlying reasoning, to circumstances beyond that of the first-to-file rule. *See, e.g., Shifferaw v. Emson USA*, 2010 U.S. Dist. LEXIS 25612 at *8 (E.D. Tex. Mar. 18, 2010) (Everingham, J.) (applying "customer suit" in a case against a supplier and retailers named in the same action). Furthermore, as discussed in the Motion, the Federal Circuit approved of using the "customer suit" exception as a case management tool to simplify proceedings involving numerous suppliers (such as manufacturers) and resellers. *See* Motion at 13-14, *citing Refac Int'l, Ltd. v. IBM*, 790 F.2d 79, 81 (Fed. Cir. 1986).

Plaintiff attempts to limit *Refac's* applicability by relying on cases that cite *Refac*, but these cases actually support applying *Refac* to the instant case. For instance, in *Rates Tech.* the court cited *Refac* as an instance in which the "customer suit exception has been applied to different claims within a single lawsuit." *Rates Tech. Inc. v. N.Y. Tel. Co.*, 1995 U.S. Dist. LEXIS 10254 at *5 (S.D.N.Y. July 23, 1995). The court declined to apply *Refac* to the facts of *Rates Tech* merely because, in *Refac*, "there were 37 defendants, and thus it made sense to simplify the case" whereas "[in *Rates Tech.*], there are only three defendants." *Id*. at *6. The instant case is far more like *Refac* than *Rates Tech.* because it involves *31 defendants*, and thus it makes sense to use the exception "to simplify the case." In contrast, the cases Plaintiff claims limit *Refac* are, like *Rates Tech.*, cases involving only a few (often only two) defendants.[6]

---

[5] The only Eastern District of Texas case cited by Plaintiff held only that the "customer suit" exception did not apply where resolution of pending claims against a component manufacturer would not resolve all issues as to the fully assembled products sold by the component manufacturer's customers. *Microsoft Corp. v. Commonwealth Scientific & Indus. Research Org*. ("CSIRO"), 2007 WL 4376104 at *3 (E.D. Tex. Dec. 13, 2007) (Davis, J.). Because the identified products are not components integrated into other products, this concern is inapplicable here.

[6] *See Naxon Telesign Corp. v. GTE Info. Sys., Inc*., 89 F.R.D. 333 (N.D. Ill. 1980) (declining to apply exception to two defendants); *Heinz Kettler Gmbh & Co v. Indian Indus., Inc*., 575 F. Supp. 2d 728 (E.D. Va. 2008) (two defendants); *Lifelink Pharms, Ind. V. NDA Consulting, Inc*., 2007 WL 2459879 (N.D. Ohio Aug. 24, 2007) (10 defendants); *Alloc, Inc. v. Unilin Decor N.V*., 2005 U.S. Dist. LEXIS 38066 (E.D. Wis. Dec. 15, 2005) (declining to

### C. Plaintiff's arguments that judicial economy would not be promoted and that it would suffer undue prejudice are unfounded.

Granting the Motion would streamline the case and promote judicial economy by limiting the number of defendants. Just as the Federal Circuit noted in *Refac*, a stay of the claims as to Resellers of this case would be "sensible case management." *Refac,* 790 F.2d at 81.

Plaintiff does not identify any authority showing that, under facts such as those present in this case, judicial economy would not be served by granting the Motion.[7] For instance, Plaintiff incorrectly relies on *Teleconference Sys.*, where the court declined to apply the "customer suit" exception because the "plaintiff alleges that [manufacturer's] customers are *not mere reseller."  Teleconference Sys. v. Proctor & Gamble Pharms, Inc*., 676 F. Supp. 2d 321, 327 (D. Del. 2009) (emphasis added). However, there is no allegation that the Resellers in the instant case are anything but "mere resellers." Indeed, the **only** allegedly infringing acts identified in Plaintiff's Complaint with respect to the Resellers are "selling and offering to sell" the **very same** products the Complaint associated with the Suppliers.[8]  Thus, *Teleconference Sys.* is inapplicable here.

To the extent that Plaintiff alleges that separate issues exist with respect to a few Resellers accused on products other than Suppliers' products, this does not negate the fact that the case would be greatly simplified by having all issues with respect to the Suppliers' products resolved. *See* Exhibit A (Table of Accused Products).[9] Contrary to Plaintiff's suggestion, the Suppliers' products would not be subject to duplicate litigation because Plaintiff can only

---

apply exception to two defendants, distinguishing *Refac* on the ground that "the number of defendants in this action does not pose case management issues").
  [7] As discussed *supra*, Plaintiff's reliance on *Lifelink* is misplaced because that case only involved two defendants, and thus did not present the case management issues present in *Refac* and the instant case.
  [8] *See e.g.,* Complaint ¶¶ 65, 85.
  [9] Plaintiff's Opp., Exh. 2 identifies, for the first time, various products purportedly associated with various Suppliers named in the *AdjustaCam II* case for some Resellers.  Defendants have not had sufficient time to assess these new allegations.  However, because Plaintiff admits these new products are associated with Suppliers named in *AdjustaCam II*, these products should all be stayed for this reason and are irrelevant to the outcome of the Motion.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEVER AND STAY**
**CASE NO. 6:10-CV-329-LED**

recover once for the same products. *See* Motion at 15, citing *Shifferaw*, 2010 U.S. Dist. LEXIS 25612 at *10-11 (stating that plaintiff cannot recover a second time from resellers in the event it is entitled to recover from manufacturers of accused products).

Furthermore, even in the event that Plaintiff's rank speculation that it may not be able to recover from certain foreign defendants in the *AdjustaCam II* case, Plaintiff would not be prejudiced because it could then simply move this Court to lift the stay as to those products. The present motion requests only a stay, not dismissal, of such claims. There is no reason to encumber the instant proceeding based on mere speculation that jurisdiction may be lacking over the defendants in *AdjustaCam II*.

Plaintiff's other arguments with regard to prejudice are likewise unfounded. Plaintiff argues that staying claims against Resellers would subject it to costly third-party discovery relating to damages issues. Opp. at 9-10. First, this argument ignores well-established law that Plaintiffs are entitled to a single recovery for each accused product and thus that all relevant discovery may be had from the Suppliers. *See* Motion at 15.  Second, Plaintiff fails to explain how this issue distinguishes the instant case from every other case in which the "customer suit" exception was applied and a stay granted. Plaintiff's argument that it would be prejudiced by "delay" fails for the same reason.

### III. CONCLUSION

It remains undisputed that severing and staying the claims relating to the Suppliers' products against Resellers would significantly reduce the number of parties and potential issues in this case. Therefore, and for the foregoing reasons, the Motion to Sever and Stay should be granted.

DATED:  February 11, 2011

By:     */s/ Steven R. Daniels*
    W. Bryan Farney
    Lead Attorney
    Texas State Bar No. 06826600
    Steven R. Daniels
    Texas State Bar No. 24025318
    Bryan D. Atkinson
    Texas State Bar No. 24036157
    DECHERT LLP
    300 W. 6th Street, Suite 2010
    Austin, Texas 78701
    Telephone:     (512) 394-3000
    Facsimile:     (512) 394-3001
    E-mails: bryan.farney@dechert.com
    steven.daniels@dechert.com
    bryan.atkinson@dechert.com

**ATTORNEYS FOR DEFENDANTS CREATIVE LABS, INC., FRY'S ELECTRONICS INC., HEWLETT-PACKARD COMPANY, MICROCENTER ELECTRONICS, INC., OFFICE DEPOT, INC., BEST BUY CO. INC., BEST BUY STORES, LP, AND BESTBUY.COM, LLC**

By:     */s/ Jen-Feng Lee*

    Jen-Feng Lee (pro hac vice)
    LT Pacific Law Group LLP
    17800 Castleton Street, Suite 383
    City of Industry, CA 91748
    Tel: (626) 810-7200
    Fax: (626) 810-7300
    Email: jflee@ltpacificlaw.com

**ATTORNEYS FOR DEFENDANT AUDITEK CORPORATION**

By:     */s/ Eric H. Findlay*

    Eric H. Findlay
    State Bar No. 00789886
    Brian Craft
    State Bar No. 04972020
    Findlay Craft, LLP
    6760 Old Jacksonville Hwy
    Suite 101
    Tyler, TX  75703
    (903) 534-1100
    (903) 534-1137 FAX
    efindlay@findlaycraft.com
    bcraft@findlaycraft.com

    James E. Geringer (pro hac vice)
    james.geringer@klarquist.com
    Salumeh R. Loesch
    salumeh.loesch@klarquist.com
    KLARQUIST SPARKMAN, LLP
    121 S.W. Salmon Street, Suite 1600
    Portland, Oregon  97204
    Telephone:  (503) 595-5300
    Facsimile:  (503) 595-5301

**ATTORNEYS FOR DEFENDANT AMAZON.COM, INC.**

By:  ____/s/ Michael D. Harris____

    Michael D. Harris (pro hac vice)
    MHarris@socalip.com
    Kala Sarvaiya (pro hac vice)
    KSarvaiya@socalip.com
    SOCAL IP LAW GROUP LLP
    310 N. Westlake Blvd., Suite 120
    Westlake Village, CA 91362-3788
    Phone: (805) 230-1350
    Fax: (805) 230-1355

    Michael E. Jones
    State Bar No. 10929400
    mikejones@potterminton.com
    Allen F. Gardner
    State Bar No. 24043679
    allengardner@potterminton.com
    POTTER MINTON, A Professional
    Corporation
    110 North College, Suite 500
    Tyler, TX 75702
    Phone: (903) 597-8311
    Fax: (903) 593-0846

**ATTORNEYS FOR DEFENDANTS BALTIC LATVIAN UNIVERSAL ELECTRONICS, LLC AND BLUE MICROPHONES, LLC**

By:  ____/s/ Eric H. Findlay____

    Eric H. Findlay
    State Bar No. 00789886
    Brian Craft
    State Bar No. 04972020
    Findlay Craft, LLP
    6760 Old Jacksonville Hwy
    Suite 101
    Tyler, TX  75703
    (903) 534-1100
    (903) 534-1137 FAX
    efindlay@findlaycraft.com
    bcraft@findlaycraft.com

    Thomas L. Duston
    tduston@marshallip.com
    Anthony S. Gabrielson
    agabrielson@marshallip.com
    Benjamin T. Horton
    bhorton@marshallip.com
    Marshall, Gerstein & Borun LLP
    6300 Willis Tower
    233 South Wacker Drive
    Chicago, IL 60606-6357
    (312) 474-6300

**ATTORNEYS FOR DEFENDANT CDW, INC, CDW CORPORATION, AND CDW LLC**


By:  ____/s/ David W. Denenberg____

    David W. Denenberg (pro hac vice)
    Davidoff Malito & Hutcher LLP
    200 Garden City Plaza
    Garden City, New York 1 1530
    (516) 247-4440 (Telephone)
    (516) 248-6422 (Facsimile)
    dwd@dmlegal.com

**ATTORNEYS FOR DEFENDANTS SYSTEMAX, INC., COMPUSA.COM, INC., NEW COMPUSA CORPORATION, AND TIGERDIRECT, INC.**


By: _____/s/ Allison Standish Miller_____

    Allison Standish Miller
    Texas Bar No. 24046440
    Federal I.D. No. 602411
    Email amiller@sschlaw.com
    Shepherd, Scott, Clawater & Houston, L.L.P.
    2777 Allen Parkway, 7th Floor
    Houston, Texas 77019
    Telephone No. (713) 650–6600
    Telecopier No. (713) 650–1720

**ATTORNEYS FOR DEFENDANTS COBRA DIGITAL, LLC**

By: _____/s/ Roger Fulghum_____

    Scott F. Partridge
    Lead Attorney
    Texas State Bar No. 00786940
    Roger Fulghum
    Texas State Bar No. 00790724
    BAKER BOTTS L.L.P.
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002-4995
    Telephone: (713) 229-1569
    Facsimile: (713) 229-7769
    E-mail: scott.partridge@bakerbotts.com
    E-mail: roger.fulghum@bakerbotts.com

    Paula D. Heyman
    Texas State Bar No. 24027075
    BAKER BOTTS L.L.P.
    98 San Jacinto Boulevard
    Suite 1500
    Austin, Texas 78701-4078
    Telephone: (512) 322-2555
    Facsimile: (512) 322-3610
    E-mail: paula.heyman@bakerbotts.com

**ATTORNEYS FOR DEFENDANT DELL INC.**

By: _____/s/ Phillip B. Philbin_____

    Phillip B. Philbin
    phillip.philbin@haynesboone.com
    Texas State Bar No. 15909020
    HAYNES AND BOONE, L.L.P.
    2323 Victory Avenue, Suite 700
    Dallas, Texas 75219
    Tel: 214-651-5000
    Fax: 214-651-5940

    *Of Counsel:*
    Kenneth K. Dort
    kdort@mcguirewoods.com
    Gary Y. Leung
    gleung@mcguirewoods.com
    MCGUIREWOODS LLP
    77 W. Wacker Dr. Ste. 4100
    Chicago, IL 60601-1818
    312.849.8100
    312.849.3690 (fax)

**ATTORNEYS FOR DEFENDANT DIGITAL INNOVATIONS, LLC**

By: _____/s/ Hyunjung Kim, Esq._____
    General Counsel
    jWIN Electronics Corp.
    2 Harbor Park Drive
    Port Washington, NY 11050
    516-626-7188, ext. 215
    PRO SE

**ATTORNEY FOR DEFENDANT JWIN ELECTRONICS CORPORATION**

By:  ____/s/ Herbert J. Hammond____

   Herbert J. Hammond
   Attorney-In-Charge
     State Bar No. 08858500
   Vishal Patel
     State Bar No. 24065885
   THOMPSON & KNIGHT LLP
   One Arts Plaza
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   (214) 969-1700
   (214) 969-1751 (Fax)

   Patricia L. Davidson
   MIRICK, O'CONNELL,
   DEMALLIE & LOUGEE, LLP
   100 Front Street
   Worcester, Massachusetts 01608-1477
   (508) 860-1540
   (508) 983-6240 (Fax)

**ATTORNEYS FOR DEFENDANT GEAR HEAD, LLC**

By:  ____/s/ Peter M. Lukevich____

   Attorney at Law
   APEX JURIS, PLLC
   12733 Lake City Way NE
   peter@apexjuris.com
   Seattle, WA 98125
   Telephone: (206) 664.0314
   Facsimile: (206) 664.0329

**ATTORNEYS FOR DEFENDANTS MACALLY PERIPHERALS, INC. D/B/A MACALLY U.S.A MACE GROUP, INC.**

By:  ____/s/ John H. Barr, Jr.____

   John H. Barr, Jr.
   Attorney-in-Charge
   State Bar No. 00783605
   Bracewell & Giuliani LLP
   711 Louisiana, Suite 2300
   Houston, Texas 77002
   (713) 223-2300 - Telephone
   (713) 221-1212 – Facsimile

   Of counsel:
   Christopher A. Shield
   State Bar No. 24046833
   John A. Yates
   State Bar No. 24056569
   Bracewell & Giuliani LLP
   711 Louisiana, Suite 2300
   Houston, Texas 77002
   (713) 223-2300 - Telephone
   (713) 221-1212 – Facsimile

**ATTORNEYS FOR DEFENDANTS KMART CORPORATION, OVERSTOCK.COM, INC., SEARS BRANDS, LLC., SEARS HOLDING CORPORATION D/B/A SEARS, SEARS, ROEBUCK AND COMPANY**

By:      */s/ Thomas Carulli*

   Thomas G. Carulli (pro hac vice)
   Jennifer Huang (pro hac vice)
   Kaplan, Massamillo & Andrews, LLC
   70 East 55th Street, 25th Floor
   New York, NY 10022
   Tel: (212) 991-5916
   Fax: (212) 922-0530
   Email: tcarulli@kmalawfirm.com
   jhuang@kmalawfirm.com

   Collin Maloney
   State Bar No. 00794219
   Ireland, Carroll & Kelley, P.C.
   6101 S. Broadway, Suite 500
   Tyler, Texas 75703
   Tel: (903) 561-1600
   Fax: (903) 581-1071
   Email: fedserv@icklaw.com

**ATTORNEYS FOR DEFENDANT LIFEWORKS TECHNOLOGY GROUP, LLC**


By:      */s/ Nena W. Wong*

   Nena W. Wong (pro hac vice)
   Attorney at Law
   6080 Center Drive
   Suite 600
   Los Angeles, CA 90045
   310/704-6603
   Fax: 310/689-2339
   Email: nenawong@earthlink.net

**ATTORNEY FOR DEFENDANT PHOEBE MICRO INC.**

By:      */s/ Trey Yarbrough*

   Trey Yarbrough
   State Bar No. 22133500
   Debby E. Gunter
   State Bar No. 24012752
   Yarbrough Wilcox, PLLC
   100 E. Ferguson St., Ste. 1015
   Tyler, Texas 75702
   (903) 595-3111 Telephone
   (903) 595-0191 Facsimile
   E-mail: trey@yw-lawfirm.com
     debby@yw-lawfirm.com

   Of Counsel:
   Christopher J. Cuneo
   Zarian Midgley & Johnson PLLC
   960 Broadway, Suite 250
   Boise, Idaho 83706
   (208) 562-4900 Telephone
   (208) 562-4901 Facsimile
   E-mail: Cuneo@zarianmidgley.com

**ATTORNEYS FOR DEFENDANTS NEWEGG, INC., NEWEGG.COM, INC., AND ROSEWILL INC.**


By:      */s/ Ezra Sutton*

   EZRA SUTTON, Esq. (pro hac vice)
   EZRA SUTTON, P. A.
   Plaza 9, 900 Route 9
   Woodbridge, New Jersey 07095
   Tel: 732-634-3520
   Fax: 732-634-3511
   Email: esutton@ezrasutton.com

**ATTORNEYS FOR DEFENDANTS SAKAR INTERNATIONAL, INC., KOHL'S CORPORATION, and KOHL'S ILLINOIS, INC.**

| | |
|---|---|
| By: _/s/ Michael C. Smith_ | By: _/s/ Victor de Gyarfas_ |
| Michael C. Smith<br>Siebman, Burg, Phillips & Smith, LLP<br>113 East Austin Street<br>P.O. Box 1556<br>Marshall, Texas 75671-1556<br>(903) 938-8900 (office)<br>(972) 767-4620 (fax)<br>michaelsmith@siebman.com<br><br>Of Counsel:<br>R. David Donoghue<br>HOLLAND & KNIGHT LLP<br>131 South Dearborn Street, 30th floor<br>Chicago, IL 60603<br>Tel: (312) 263-3600<br>Fax: (312)578-6666<br>david.donoghue@hklaw.com<br><br>Peter Sanborn<br>HOLLAND & KNIGHT LLP<br>10 St. James Ave.<br>Boston, MA 02116<br>Tel: (617) 523-2700<br>Fax: (617) 523-6850<br>peter.sanborn@hklaw.com<br>**ATTORNEYS FOR DEFENDANT TARGET CORPORATION** | Victor de Gyarfas<br>Texas Bar No. 24071250<br>e-mail: vdegyarfas@foley.com<br>FOLEY & LARDNER LLP<br>555 South Flower Street, Suite 3500<br>Los Angeles, CA 90071-2411<br>213.972.4500<br>213.486.0065<br>**ATTORNEYS FOR DEFENDANT WAL-MART STORES, INC.** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel of record who have consented to electronic service as this district requires.  Local Rule CV-5(a)(3)(A).

　　　　　　　　　　　　　　　　　　　　　　　　____/s/ Steven R. Daniels_____