IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC | |
| v. | NO. 6:10-CV-329-LED |
| AMAZON.COM, INC.; ET AL. | JURY |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO THE MOTION TO SEVER AND STAY**

Plaintiff AdjustaCam LLC ("AdjustaCam") submits this Sur-Reply as follows:

**I.   The proposed stay does not promote efficiency or judicial economy.**

A stay of Plaintiffs' infringement claims against the so-called "Reseller Defendants" would not promote efficiency or judicial economy. Rather, it promotes burdensome third-party discovery and piecemeal litigation. The main issues in the case – *e.g*., infringement, validity and royalty damages – would still be litigated. However, Plaintiff would be forced to pursue costly, inefficient and burdensome (upon Plaintiff and the national court system) third-party discovery from the "Reseller Defendants" because third-party discovery, *i.e,*. subpoenas issued and enforced across the country, would be necessary to obtain relevant sales, revenue and profit information from the "Reseller Defendants." Moreover, Plaintiff and this Court would have to deal with piecemeal litigation unless Plaintiff's claims relative to all accused webcams are exhausted, something which is not certain to occur.

Defendants argue that staying claims against the "Reseller Defendants" would "relieve this Court of the burden of dealing with" them. However, such a stay would, at a minimum, shift the burden of dealing with the "Reseller Defendants" to numerous other courts around the country. Each such court would have to burden its docket with a separate enforcement action over Plaintiff's subpoenas, and each such court would have to familiarize itself with this case in order to resolve those subpoenas. In this regard, it should be noted that the "Reseller Defendants"

1

have indicated no willingness to voluntarily turn over sales and financial information in response to third-party subpoenas. In fact, Defendants' Reply asserts that "all relevant discovery may be had from the Suppliers." This position is baseless, including because the volume of sales in the U.S., and retail revenues and profits attributable to each accused webcam, are highly relevant to the reasonable royalty determination. Tellingly, the "Reseller Defendants" have already indicated that they will resist third-party discovery of their relevant information. This ensures there would be wasteful, costly and burdensome third-party discovery disputes if the "Reseller Defendants" are relegated to third-party status by a stay.

## II. The lack of evidentiary support for Defendants' assertions should result in denial of their motion.

Defendants' allegation that a stay would not result in duplicate litigation "because all claims with respect to Suppliers' products would be resolved" is unsupported. It is uncontested that webcams are overwhelming made overseas, primarily in Taiwan. The "Supplier Defendants" are presumably aware of where, and by whom, the accused webcams are made, sold and imported; yet they have not admitted that they make, import or sell the accused webcams in the United States. Nor has discovery in this case yet begun so that the full facts may be learned. The facts in this case may show that the "Reseller Defendants" are the primary real-parties-in-interest because they are the parties committing the actionable infringing acts, e.g., selling in the United States, for a substantial number of the accused webcams.

Setting aside the certainty of burdensome third-party discovery disputes with entities who should remain as Defendants in this case, the Defendants' judicial efficiency argument rests upon the premises that (1) the "Supplier Defendants" will have legal responsibility for all accused webcams sold in the United States; (2) the foreign "Supplier Defendants" in the *AdjustaCam II* case will not successfully contest personal jurisdiction once they are served via international

channels; and (3) Plaintiff will be able to collect upon any infringement judgments from all "Supplier" Defendants, and thus Plaintiff will not need to assert claims against any "Reseller Defendants." However, Defendants provide no sworn statements or assurances that any of the foregoing will occur.

Plaintiff's response noted the utter lack of factual support for the many allegations in Defendants' Motion. Defendants' Reply declines to provide any such support, and instead, Defendants assert that factual support for their motion is either "irrelevant" or "undisputed." This assertion is baseless. This Court should not grant motions, especially ones requesting such drastic relief, in the absence of sworn evidentiary support. If anything, the Defendants' failure to provide any factual support for their Motion is indicative that their position lacks it.

One example of Defendants being loose with the facts is their failure to identify which "Supplier Defendant" is a manufacturer of accused webcams, their failure to identify which Defendant is merely a so-called "central distributor" for accused webcams, and their failure to explain what it means to be a "central distributor" as opposed to a mere "Reseller" sought to be stayed. These omissions by Defendants are significant because the "customer suit exception," when appropriate to be applied against a first-filed case, would stay claims against manufacturers, not "central distributors," whatever that term is intended by Defendants to mean. Defendants point to Plaintiff's Complaint as showing that Plaintiff is aware that some Defendants are "upstream" from others. However, whether or not a party is "upstream" from another party is not the test for the customer suit exception, nor does it inform the Court which Defendant is the most real party in interest in terms of committing infringing activities in the United States relative to their accused webcams.

**III.    The extreme relief requested by Defendants lacks meaningful legal support.**

In response to solid precedent cited by Plaintiff that the customer suit exception should only be used as an exception to the general first-filed rule, Defendants argue there is precedent for using it as a "docket control tool." However, the few cases cited by Defendants involve unique circumstances not present in this case, and they do not support the extreme relief requested.

In *Shifferaw*, the pertinent facts were that Mishan designed, manufactured and imported the accused products, and supplied them directly to the other defendants. *See Shifferaw v. Emson USA*, 2010 U.S. Dist. LEXIS 25612 at *3 (E.D. Tex. Mar. 18, 2010) (Everingham, J.) . Those pertinent facts are inapplicable to the present case, in which Defendants merely allege that the "Supplier Defendants" are "upstream," "directly or indirectly" from the "Reseller Defendants." Moreover, in *Shifferaw*, the claims against the Defendants were not stayed merely as a "docket control tool." Rather, the claims were stayed for the purpose of transferring the case to Mishan's home state of New York, including because Mishan and Shifferaw had no ties to Texas – issues inapplicable to the present case. Further, in *Shifferaw*, the stayed Defendants had agreed to be bound by the rulings by the Southern District of New York, which "weigh[ed] heavily towards a finding that adjudication of the claims against Mishan would likely dispose of the rest of the case." *Id.* However, in the present case, the "Reseller Defendants" have not agreed to be bound any rulings, thus ensuring duplicative litigation unless Plaintiff's claims in the unstayed litigation are fully exhausted – something which may or may not occur, depending upon facts which are not yet developed, and/or which the Defendants have chosen to keep to themselves.

Defendants continued reliance upon the *Refac* case is misplaced. *See Refac Int'l, Ltd. v. IBM*, 790 F.2d 79, 81 (Fed. Cir. 1986). *Refac* provides no meaningful analysis of the customer suit exception. This is understandable because *Refac*'s entire discussion of customer suits,

including its mention of "sensible judicial management," is mere *dicta*. It is *dicta* because the Federal Circuit never reached the merits of Refac's appeal. Rather, the appeal was dismissed because it did not emanate from a final order. Moreover, to the extent the aging *Refac* case might constitute persuasive authority, "[s]ubsequent decisions have held that the stay fashioned in *Refac* was a product of the rare circumstances presented and have limited its application." *See Alloc v. Unilin Décor*, 2005 WL 3448060 *3 (E.D. Wis. Dec.15, 2005), and other cases cited in Plaintiff's Response. It is telling that *Refac* has been on the books for twenty-five years, yet Defendants cannot cite a single case following *Refac* that supports their requested relief under facts analogous to this case. Finally, it should be noted that *Refac* found it significant that all of the non-stayed Defendants were manufacturers, a fact critical to the "customer suit exception" that is missing from the present case.

**IV.     Defendants fail to address the flaws in their arguments relative to Micro Center, Overstock and TigerDirect.**

Exemplary of the inefficient and ill-conceived scheme proposed by Defendants are the situations involving Micro Center, Overstock and TigerDirect, as noted in Plaintiff's Response. Defendants propose that claims involving some webcams are stayed relative to these Defendants, while they remain parties to the case as to other webcams. Thus, Plaintiff would be required to pursue third-party discovery from actual parties to the case. This would be highly inefficient and frankly absurd.

**V.     Conclusion.**

For the foregoing reasons, and the reasons stated in Plaintiff's Response, the proposed stay is poorly conceived. Rather than promote efficiency or judicial economy, it unfairly prejudices Plaintiff with piecemeal and litigation and costly third-party discovery disputes. The motion should be denied and this case should proceed on its merits.

| | |
|---|---|
| February 22, 2011 | Respectfully submitted, |
| | ADJUSTACAM LLC |
| | By: /s/ *John J. Edmonds*<br>John J. Edmonds – LEAD COUNSEL<br>Texas Bar No. 789758<br>Andrew P. Tower<br>Texas Bar No. 786291<br>COLLINS, EDMONDS & POGORZELSKI, PLLC<br>1616 S. Voss Road, Suite 125<br>Houston, Texas 77057<br>Telephone: (281) 501-3425<br>Facsimile: (832) 415-2535<br>jedmonds@cepiplaw.com<br>atower@cepiplaw.com |
| | Andrew W. Spangler<br>Texas Bar No. 24041960<br>Spangler Law P.C.<br>208 N. Green Street, Suite 300<br>Longview, Texas 75601<br>(903) 753-9300<br>(903) 553-0403 (fax)<br>spangler@spanglerlawpc.com |
| | ATTORNEYS FOR PLAINTIFF<br>ADJUSTACAM LLC |

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

| | |
|---|---|
| February 22, 2011 | /s/ *John J. Edmonds*<br>John J. Edmonds |