IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ADJUSTACAM LLC

   v.                                                                NO. 6:10-CV-329-LED

AMAZON.COM, INC.; ET AL.                                 JURY

**PLAINTIFF'S RESPONSE TO MOVANTS' NOTICE OF SUPPLEMENTAL
AUTHORITY REGARDING THEIR MOTION TO SEVER AND STAY**

Plaintiff AdjustaCam LLC ("AdjustaCam") submits this response as follows:

The Movants, led by counsel for MicroCenter and Fry's, have submitted supplemental

authorities which they suggest support the notion that the "Retailer Defendants" in this case

should be exempt from discovery regarding the amount of their revenues and profits from sales

of infringing webcams.  Although it's understandable why the likes of MicroCenter and Fry's

prefer to be except from discovery regarding their profiting from patent infringement, the

Movants are mistaken on the law.

I.     *Itex* **does not stand for what Movants' purport.**

The unpublished *Itex* order involved a fabric manufacturer's lawsuit over its patent

covering fabrics.  The plaintiff had sought discovery of financial information from defendant

garment manufacturers regarding the profits from finished garments.  However, the requested

discovery was was rejected because, "*under the facts of this case*, a negotiation between the

customers and the plaintiffs would have been for the purchase and the sale of plaintiffs' fabric,

not for a license." *Itex v. Westex*, 1:05-cv-06110, (N.D. Ill. Mar. 9, 2011). The *Itex* court

recognized that, "[t]o calculate a reasonable royalty, the court considers the hypothetical

negotiations that would have played out between the patentee and the accused infringer as

willing licensor and willing licensee." *Id.* (citing *Fujifilm Corp. v. Benun*, 605 F.3d 1366, 1372

(Fed. Cir. 2010).  If not for the particular facts of the *Itex* case – facts which are inapplicable to the present case, because the "Retailer Defendants" do not provide any value-added finishing to the subject webcams -- the *Itex* court would have permitted the Plaintiff to take the same discovery that Movants suggest should be prohibited.

**II.      *Mitutoyo* does not stand for what Movants' purport.**

The *Mitutoyo* case involved Mitutoyo's patent infringement claims against Central Purchasing, LLC ("Central").  For reasons unknown, the district court permitted the royalty base to include sales not only from Central, but also from Harbor Freight Tools USA, Inc. ("HFTUSA").  The Federal Circuit properly held that sales from HFTUSA should not have been included in the *royalty base* for Central, including because Central would not have paid royalties on sales from a separate entity.  *Mitutoyo Corp. v. Central Purchasing, LLC*, 499 F.3d 1284, 1292 (Fed. Cir. 2007).  The *Mitutoyo* case involves the components of a *royalty base*, not the components of a *royalty rate*.  In short, *Mitutoyo* has no bearing on the present case.

**III.     Revenues, costs and profits from infringing retail sales are clearly relevant, and should be discoverable.**

As noted in the attached declaration from Plaintiff's damages expert Mr. Bratic, the revenues, costs and profits from retail sales of infringing webcam sales are relevant to the *Georgia-Pacific* analysis.  Exhibit 1.  This was acknowledged by the *Itex* opinion cited by Movants (although *Itex* involved peculiar facts not applicable here).   Moreover, the "Manufacturer Defendants" and "Retailer Defendants" are joint tortfeasors, making the "Manufacturer Defendants" jointly and severally liable for the infringing sales of the "Retailer Defendants." It is black-letter law that "[p]arties that make and sell an infringing device are joint tortfeasors with parties that purchase an infringing device for use or resale. *See Shockley v. Arcan*, 248 F.3d 1349, 1364 (Fed.Cir.2001).  Each joint tortfeasor is liable for the full amount of

damages (up to a full single recovery) suffered by the patentee *Id.*.  "Entry of judgment against

one infringer does not automatically release other related infringers." *Id.*  Movants' suggestion

that the financial aspects of such infringing sales should be undiscoverable is baseless.


March 24, 2011                                    Respectfully submitted,

                                                  ADJUSTACAM LLC

                                                  By: /s/ *John J. Edmonds*
                                                  John J. Edmonds – LEAD COUNSEL
                                                  Texas Bar No. 789758
                                                  Andrew P. Tower
                                                  Texas Bar No. 786291
                                                  COLLINS, EDMONDS & POGORZELSKI,
                                                  PLLC
                                                  1616 S. Voss Road, Suite 125
                                                  Houston, Texas 77057
                                                  Telephone: (281) 501-3425
                                                  Facsimile: (832) 415-2535
                                                  jedmonds@cepiplaw.com
                                                  atower@cepiplaw.com

                                                  Andrew W. Spangler
                                                  Texas Bar No. 24041960
                                                  Spangler Law P.C.
                                                  208 N. Green Street, Suite 300
                                                  Longview, Texas 75601
                                                  (903) 753-9300
                                                  (903) 553-0403 (fax)
                                                  spangler@spanglerlawpc.com

                                                  ATTORNEYS FOR PLAINTIFF
                                                  ADJUSTACAM LLC


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

March 24, 2011                                    /s/ *John J. Edmonds*
                                                  John J. Edmonds