IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM, LLC. | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:10-CV-329** |
| | § | **PATENT CASE** |
| | § | |
| AMAZON.COM, INC., ET AL. | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is CDW Corporation, CDW Computer Centers, Inc., CDW, Inc., CDW, LLC's (collectivly "CDW") Motion to Dismiss (Docket No. 98). Upon consideration of the parties' written submissions, the Court **GRANTS** the motion in part.

## BACKGROUND

Adjustacam accuses CDW of infringing U.S. Patent No. 5,855,343 ("the '343 patent"). Adjustacam alleges CDW indirectly infringes as follows:

> Moreover, on information and belief, CDW has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

> Upon present information and belief, CDW's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Business Webcam, HP Deluxe Webcam, HP Elite

Autofocus Webcam, HP Premium Autofocus Webcam and/or Tripp
Lite Notebook Clip-On Camera.

Docket No. 1 at 15( ¶¶67-68).

CDW moves under Federal Rule of Civil Procedure 12(c) and 12(h)(2)(B) for judgment arguing that Adjustacam's complaint fails to adequately state a claim under *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Adjustacam alleges the complaint fails to adequately allege a cause of action for indirect infringement for two reasons: 1) it fails to adequately allege direct infringement, a necessary predicate for indirect infringement; and 2) the allegations assert that CDW acquired knowledge of the patent-in-suit upon service of the complaint, which fails to support an action for indirect infringement at the time Adjustacam filed its Complaint.

## APPLICABLE LAW

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *MySpace, Inc.*, 528 F.3d at 418.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead

sufficient factual allegations to show that he is plausibly entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8).  "Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84.  Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

<div style="margin-left: 2em;">

(Caption—See Form 1.)

1. (Statement of Jurisdiction--See Form 7.)

2. On <u>date</u>, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an <u>electric motor</u>. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using <u>electric motors </u>that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all <u>electric motors</u> it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:

(a) a preliminary and final injunction against the continuing infringement;

(b) an accounting for damages; and

(c) interest and costs.

(Date and sign—See Form 2.)

</div>

FED. R. CIV. P. Form 18 (2007); *see also McZeal*, 501 F.3d at 1356–57 (describing the requirements of the 2006 form, then Form 16).

The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of

complying with Form 18.  To hold otherwise would render Rule 84 and Form 18 invalid.  This cannot be the case.  *See Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation); *McZeal*, 501 F. at 1360 (Dyk, J., concurring-in-part and dissenting-in-part) ("I agree that under Rule 84 of the Federal Rules of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form 16 would be sufficient under Rule 8 to state a claim.  One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.") (footnote omitted); *see also Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 at *2 (N.D. Cal. Sept. 14, 2009) ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal* . . . .  Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms.").  *But see Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18).

Thus, a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face.  *See* FED. R. CIV. P. 84.  However, a complaint that does not perfectly comply with Form 18 may still suffice to state a claim that is plausible on its face.  The Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense.  *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

CDW contends that Adjustacam's complaint is not adequate under the standard set forth in

*Twombly* and *Iqbal*.  CDW alleges the complaint fails to adequately allege a cause of action for indirect infringement because it does not specifically set forth the prerequisite allegations of direct infringement.  Specifically, CDW argues there is no allegation that "users" have directly infringed the '343 patent and the allegations of "providing . . . apparatuses for supporting cameras to users" is insufficient.  Docket No. 1 at 15.  CDW contends the "mere" reference to users is inadequate and that more detail is required (*i.e.* that "users" have supported the accused cameras in the manner recited in the patent's claims).  CDW also argues the claims must be dismissed because Adjustacam did not plead that CDW had the requisite knowledge to show it was liable of indirect infringement.

While it is obvious what Adjustacam accuses of infringement—"e.g., CDW's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Business Webcam, HP Deluxe Webcam, HP Elite Autofocus Webcam, HP Premium Autofocus Webcam and/or Tripp Lite Notebook Clip-On Camera"—Adjustacamn's indirect infringement claims do not satisfy Rule 8. Docket No. 1 at 15.  Form 18 does not expressly address indirect infringement claims, and courts are split on the pleading requirements of indirect infringement.  *Compare PA Advisors v. Google Inc.*, 2008 WL 4136426 at *8 (E.D. Tex. Aug. 8, 2008)(Folsom, J.) (granting a motion for more definite statement requiring the plaintiff to at least generically identify the end user) *with Fotomedia Techs., LLC v. AOL, LLC*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Everingham, Mag.) (denying motion to dismiss indirect infringement because neither the sample complaint form nor the Federal Circuit require pleading every element of a claim for indirect infringement).  Although Rule 8 does not require detailed factual support for each element of indirect infringement, Adjustacam has

not alleged a direct infringer in relation to its indirect infringement claims. *See PA Advisors*, 2008 WL 4136426 at *8 (requiring only the pleading of direct infringers and not other "material elements"); *Fotomedia Techs., LLC v. AOL, LLC*, 2008 WL 4135906.

## CONCLUSION

Accordingly, Adjustacam's complaint does not state a claim for indirect infringement that is plausible on its face. The Court **GRANTS** in part CDW's motion to dismiss and **GRANTS** Adjustacam leave to amend its complaint within fifteen days.

**So ORDERED and SIGNED this 31st day of March, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**