## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ADJUSTACAM, LLC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **CASE NO. 6:10-CV-329** |
| | § | **PATENT CASE** |
| | § | |
| **AMAZON.COM, INC., ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

As set forth at the status conference, the Court **DENIES** Defendants' Motion to Stay and Sever Claims as to Reseller Defendants Based on the Customer Suit Exception (Docket No. 370), and the Court **GRANTS** the parties' request for leave to file an early summary judgment motion regarding damages.

The parties in this case attended an initial status conference on February 7, 2011. In light of the number of defendants in the case, the Court set a second status conference on March 24, 2011 to discuss, among other things, Plaintiff's litigation and settlement strategy and streamlining discovery. At the second status conference, the parties were prepared to engage in meaningful, substantive discussions and offered effective, case specific suggestions regarding case management. The Court appreciated the parties' candor and preparation for the second status conference.

Adjustacam represented that its infringement allegations were relatively simple—it could determine infringement from visually inspecting the accused products—and the majority of discovery in the case would focus on damages. As such, Adjustacam suggested forgoing the Court's

mandatory disclosures, proceeding to document production relating to infringement and damages, and tailoring the scope of its requests to streamline the production.

Defendants agreed with Adjustacam in part. While Defendants conceded this is not a complex case, they maintained infringement is not a simple as Adjustacam represented due to the differences between the accused products. Defendants agreed that much of discovery would relate to damages and that a limited, initial damages disclosure would help streamline the case. Defendants also requested the Court consider an early summary judgment motion addressing pre-suit damages and laches. Defendants represented this could ripen the case for settlement and narrow the accused products. Defendants also proposed the parties mediate after the Court's summary judgment determination regarding pre-suit damages, to which Adjustacam did not object.

While the Patent Rules efficiently govern and manage most cases, the parties in this case have identified and agreed on specific modifications to the Court's standard schedule that would streamline and potentially lead to an early resolution of the dispute. In this case, the issues of laches and recoverable damages are amenable to an early determination. Therefore, the Court will consider an early summary judgment motion on these issues. As set forth at the hearing, the parties shall exchange limited damages disclosures relating to these issues (e.g., Adjustacam's compliance with the marking statute and the quantity of accused devices sold by Defendants in the United States and revenue from those sales). Although the parties may file an early summary judgment motion, the Court strongly encourages the parties to meaningfully meet and confer to potentially resolve or narrow these issues before expending significant resources and incurring unnecessary litigation costs. Although the parties have agreed to this specific course of action, they remain obligated to comply with the disclosure requirements provided in the Local Rules.

2

In accordance with the status conference held March 24, 2011, this case is set as follows:

*Markman* **Hearing: February 9, 2012 at 9:00 a.m.**

**Pretrial Conference: December 18, 2012 at 9:00 a.m.**

**Jury Selection: January 7, 2013 at 9:00 a.m.**

**Jury Trial: January 14, 2013 at 9:00 a.m.**

The parties shall submit agreed Docket Control and Discovery Orders to the Court by **May 9, 2011**.[1] The parties shall also include the following deadline in addition to the Court's standard Docket Control Order and Discovery Order: limited damages disclosures (e.g., quantity of accused devices sold in the United States and revenue from those sales) within **30** days of this Order.  The parties shall include in the Docket Control Order the name and contact information of their agreed mediator, with the first round of mediation taking place within 30 days of the Court's summary judgment ruling but before the claim construction hearing. If the parties cannot agree on a mediator, the Court will appoint one.  Requests or motions for extension of time for parties to agree on a mediator will not be considered by the Court.

If the parties are unable to resolve their disagreements concerning the Docket Control and Discovery Orders, the parties shall submit to the Court their competing proposals along with a summary of their disagreements.   For purposes of computing the time deadlines under the Patent Rules, the Court deems **May 9, 2011** as the effective Rule 16 Initial Case Management Conference date, and Plaintiff's P.R. 3-1 and 3-2 disclosures will be due **April 29, 2011.**

---

[1] The Court's standard Docket Control Order and Discovery Order are available on the Court's website at http://www.txed.uscourts.gov/Judges/Davis/Orders&Forms.htm.

So **ORDERED and SIGNED** this 27th day of April, 2011.

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**