IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ADJUSTACAM LLC

     PLAINTIFF,

   v.

Civil Action No. 6:10-cv-329-LED

AMAZON.COM, INC.;
AUDITEK CORPORATION;
BALTIC LATVIAN UNIVERSAL
ELECTRONICS, LLC D/B/A BLUE
MICROPHONES, LLC D/B/A BLUE
MICROPHONE;
BEST BUY CO., INC. D/B/A BEST BUY
D/B/A ROCKETFISH;
BEST BUY STORES, LP;
BESTBUY.COM, LLC;
BLUE MICROPHONES, LLC;
CDW CORPORATION F/K/A CDW
COMPUTER CENTERS, INC.;
CDW, INC.;
COMPUSA.COM, INC.;
CREATIVE LABS, INC.;
DELL, INC.;
DIGITAL INNOVATIONS, LLC;
FRY'S ELECTRONICS, INC.;
GEAR HEAD, LLC;
HEWLETT-PACKARD COMPANY;
J&R ELECTRONICS, INC. D/B/A J&R;
KOHL'S CORPORATION D/B/A KOHL'S;
KOHL'S ILLINOIS, INC.;
LIFEWORKS TECHNOLOGY GROUP, LLC;
MACALLY PERIPHERALS, INC. D/B/A
MACALLY U.S.A;
MACE GROUP, INC.;
MICRO ELECTRONICS, INC. D/B/A MICRO
CENTER;
NEW COMPUSA CORPORATION;
NEWEGG, INC.;
NEWEGG.COM, INC.;
OFFICE DEPOT, INC.;
OVERSTOCK.COM, INC.;
RADIOSHACK CORPORATION;

ROSEWILL INC.;
SAKAR INTERNATIONAL, INC.;
SYSTEMAX, INC. D/B/A COMPUSA;
TARGET CORP.;
TIGERDIRECT, INC.; AND
WAL-MART STORES, INC.

DEFENDANTS.                              JURY TRIAL DEMANDED

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff AdjustaCam LLC files this Second Amended Complaint against the foregoing Defendants, namely AMAZON.COM, INC.; AUDITEK CORPORATION; BALTIC LATVIAN UNIVERSAL ELECTRONICS, LLC D/B/A BLUE MICROPHONES, LLC D/B/A BLUE MICROPHONE; BEST BUY CO., INC. D/B/A BEST BUY D/B/A ROCKETFISH; BEST BUY STORES, LP; BESTBUY.COM, LLC; BLUE MICROPHONES, LLC; CDW CORPORATION F/K/A CDW COMPUTER CENTERS, INC.; CDW, INC.; COMPUSA.COM, INC.; CREATIVE LABS, INC.; DELL, INC.; DIGITAL INNOVATIONS, LLC; FRY'S ELECTRONICS, INC.; GEAR HEAD, LLC; HEWLETT-PACKARD COMPANY; J&R ELECTRONICS, INC. D/B/A J&R; KOHL'S CORPORATION D/B/A KOHL'S; KOHL'S ILLINOIS, INC.; LIFEWORKS TECHNOLOGY GROUP, LLC; MACALLY PERIPHERALS, INC. D/B/A MACALLY U.S.A; MACE GROUP, INC.; MICRO ELECTRONICS, INC. D/B/A MICRO CENTER; NEW COMPUSA CORPORATION; NEWEGG, INC.; NEWEGG.COM, INC.; OFFICE DEPOT, INC.; OVERSTOCK.COM, INC.; RADIOSHACK CORPORATION; ROSEWILL INC.; SAKAR INTERNATIONAL, INC.; SYSTEMAX, INC. D/B/A COMPUSA; TARGET CORP.; TIGERDIRECT, INC.; and WAL-MART STORES, INC. (collectively "Defendants"), as follows:

## PARTIES

1.     AdjustaCam LLC ("AdjustaCam" or "Plaintiff") is a Texas Limited Liability Company with its principal place of business in Frisco, Texas.

2.     On information and belief, Defendant AMAZON.COM, INC. ("AMAZON") has a place of business in Seattle, Washington.

3.     On information and belief, Defendant AUDITEK CORPORATION ("AUDITEK") has a place of business in Industry, California.

4.     On information and belief, Defendant BALTIC LATVIAN UNIVERSAL ELECTRONICS, LLC D/B/A BLUE MICROPHONES, LLC D/B/A BLUE MICROPHONE has a place of business in Westlake Village, California.

5.     On information and belief, Defendant BEST BUY CO., INC. D/B/A BEST BUY D/B/A ROCKETFISH; has a place of business in Richfield, Minnesota.

6.     On information and belief, Defendant BEST BUY STORES, LP; has a place of business in Richfield, Minnesota.

7.     On information and belief, Defendant BESTBUY.COM, LLC has a place of business in Richfield, Minnesota.   BEST BUY CO., INC. D/B/A BEST BUY D/B/A ROCKETFISH, BEST BUY STORES, LP and BESTBUY.COM, LLC are hereinafter referred to as "BEST BUY".

8.     On information and belief, Defendant BLUE MICROPHONES, LLC has a place of business in Westlake Village, California.   BALTIC LATVIAN UNIVERSAL ELECTRONICS, LLC D/B/A BLUE MICROPHONES, LLC D/B/A BLUE MICROPHONE and BLUE MICROPHONES, LLC are collectively referred to hereinafter as "BLUE MICROPHONES."

3

9.      On information and belief, Defendant CDW CORPORATION F/K/A CDW COMPUTER CENTERS, INC. has a place of business in Vernon Hills, Illinois.

10.     On information and belief, Defendant CDW, INC. has a place of business in Vernon Hills, Illinois.  CDW CORPORATION F/K/A CDW COMPUTER CENTERS, INC. and CDW, INC. are collectively hereinafter referred to as "CDW."

11.     On information and belief, Defendant COMPUSA.COM, INC. has a place of business in Miami, Florida.

12.     On information and belief, Defendant CREATIVE LABS, INC. ("CREATIVE") has a place of business in Milpitas, California.

13.     On information and belief, Defendant DELL, INC. ("DELL") has a place of business in Round Rock, Texas.

14.     On information and belief, Defendant DIGITAL INNOVATIONS, LLC; ("DIGITAL INNOVATIONS") has a place of business in Arlington Heights, Illinois.

15.     On information and belief, Defendant FRY'S ELECTRONICS, INC.  ("FRY'S") has a place of business in San Jose, California.

16.     On information and belief, Defendant GEAR HEAD, LLC ("GEAR HEAD") has a place of business in Walpole, Massachusetts.

17.     On information and belief, Defendant HEWLETT-PACKARD COMPANY ("HP") has a place of business in Palo Alto, California.

18.     On information and belief, Defendant J&R ELECTRONICS, INC. D/B/A J&R ("J&R") has a place of business in New York, New York.

19.     On information and belief, Defendant KOHL'S CORPORATION D/B/A KOHL'S has a place of business in Menomonee Falls, Wisconsin.

20.     On information and belief, Defendant KOHL'S ILLINOIS, INC. has a place of business in Menomonee Falls, Wisconsin. KOHL'S CORPORATION D/B/A KOHL'S and KOHL'S ILLINOIS, INC. are hereinafter referred to as "KOHL'S".

21.     On information and belief, Defendant LIFEWORKS TECHNOLOGY GROUP, LLC has a place of business in New York, New York.

22.     On information and belief, Defendant MACALLY PERIPHERALS, INC. D/B/A MACALLY U.S.A has a place of business in Ontario, California.

23.     On information and belief, Defendant MACE GROUP, INC. has a place of business in Ontario, California.   MACALLY PERIPHERALS, INC. D/B/A MACALLY U.S.A and MACE GROUP, INC. are collectively referred to herein as "MCCALLY."

24.     On information and belief, Defendant MICRO ELECTRONICS, INC. DBA MICRO CENTER ("Micro Center") has a place of business in Hilliard, Ohio.

25.     On information and belief, Defendant NEW COMPUSA CORPORATION has a place of business in Miami, Florida.

26.     On information and belief, Defendant NEWEGG, INC. has a place of business in Industry, California.

27.     On information and belief, Defendant NEWEGG.COM, INC. has a place of business in Industry, California.  NEWEGG, INC. and NEWEGG.COM, INC. are collectively referred to hereinafter as "NEWEGG."

28.     On information and belief, Defendant OFFICE DEPOT, INC. ("OFFICE DEPOT") has a place of business in Delray Beach, Florida.

29.     On information and belief, Defendant OVERSTOCK.COM, INC. ("OVERSTOCK") has a place of business in Salt Lake City, Utah.

5

30.     On information and belief, Defendant RADIOSHACK CORPORATION ("RADIOSHACK") has a place of business in Fort Worth, Texas

31.     On information and belief, Defendant ROSEWILL INC. ("ROSEWILL") has a place of business in Industry, California.

32.     On information and belief, Defendant SEARS BRANDS, LLC has a place of business in Hoffman Estates, Illinois.

33.     On information and belief, Defendant SAKAR INTERNATIONAL, INC. ("SAKAR") has a place of business in Edison, New Jersey.

34.     On information and belief, Defendant LIFEWORKS TECHNOLOGY GROUP, LLC ("LIFEWORKS") has a place of business in Rahway, New Jersey.

35.     On information and belief, Defendant SYSTEMAX, INC. D/B/A COMPUSA has a place of business in Miami, Florida.     SYSTEMAX, INC. D/B/A COMPUSA, COMPUSA.COM, INC. and NEW COMPUSA CORPORATION are hereinafter referred to as "COMPUSA."

36.     On information and belief, Defendant TARGET CORP. ("TARGET") has a place of business in Minneapolis, Minnesota.

37.     On information and belief, Defendant TIGERDIRECT, INC. ("TIGERDIRECT") has a place of business in Miami, Florida.

38.     On information and belief, Defendant WAL-MART STORES, INC. ("WAL-MART") has a place of business in Bentonville, Arkansas.

## JURISDICTION AND VENUE

39.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1338(a). On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein. Without limitation, within this forum the Defendants have engaged in at least the selling of the accused products listed herein. In addition, on information and belief, at least one or more of the Defendants, namely AUDITEK, BEST BUY, BLUE MICROPHONES, CREATIVE, DIGITAL INNOVATIONS, GEAR HEAD, HP, LIFEWORKS, MACALLY, MICRO CENTER, RADIOSHACK, ROSEWILL and/or SAKAR induce and/or contribute to infringement of the patent-in-suit by sellers, re-sellers and/or infringing users located in this forum. In addition, upon information and belief, at least one or more of the Defendants, namely AMAZON, CDW, COMPUSA, DELL, FRY'S, J&R, KMART, KOHL'S, NEWEGG, OFFICE DEPOT, OVERSTOCK, TARGET, TIGERDIRECT and/or WAL-MART induce and/or contribute to infringement of the patent-in-suit by infringing users located in this forum. Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

40. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case. Without limitation, Defendants are subject to personal jurisdiction in this forum. Further, within this forum the Defendants have engaged in at least the selling of the accused products listed herein. In addition, on information

and belief, at least one or more of the Defendants, namely AUDITEK, BEST BUY, BLUE MICROPHONES, CREATIVE, DIGITAL INNOVATIONS, GEAR HEAD, HP, LIFEWORKS, MACALLY, MICRO CENTER, RADIOSHACK, ROSEWILL and/or SAKAR induce and/or contribute to infringement of the patent-in-suit by sellers, re-sellers and/or infringing users located in this district.  In addition, upon information and belief, at least one or more of the Defendants, namely  AMAZON, CDW, COMPUSA, DELL, FRY'S, J&R, KMART, KOHL'S, NEWEGG, OFFICE DEPOT, OVERSTOCK, TARGET, TIGERDIRECT and/or WAL-MART induce and/or contribute to infringement of the patent-in-suit by infringing users located in this district.  Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,855,343

41.     United States Patent No. 5,855,343 ("the '343 Patent"), entitled "Camera Clip" was filed on March 7, 1997 and duly and legally issued on January 5, 1999.

42.     GlobalMedia Group, LLC ("Global Media") is the assignee of the '343 Patent. GlobalMedia has granted an exclusive license to all substantial rights to the '343 Patent, including the right to bring this suit, to Acacia Patent Acquisition LLC ("APAC"). Prior to this suit being filed, APAC assigned all of its rights in the '343 Patent to AdjustaCam, which is the present exclusive licensee of, and owner of all substantial rights to the '343 Patent. Accordingly, AdjustaCam has standing to bring this lawsuit for infringement of the '343 Patent.

43.     The claims of the '343 Patent cover, *inter alia,* apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

44.     On information and belief, AMAZON has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

45.     Moreover, on information and belief, AMAZON has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

46.     Upon present information and belief, AMAZON's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball USB Webcam Microphone, Creative Labs Creative Live Cam Video IM Pro Webcam, Creative Labs Creative Live! Cam Vista IM Webcam, Gear Head Quick Webcam Advanced, HP Deluxe Webcam, HP Premium Autofocus Webcam, HP Pro Webcam, iHome IH-W301DW MyLife Webcam, Kodak 1.3 MP Webcam, MacAlly ICECAM2 Webcam, Micro Innovations Basic Webcam, Minoru Webcam 3D Webcam and/or Pixxo AW-I1130 Webcam.

47.     AMAZON is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

48.     On information and belief, AUDITEK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being

substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

49.     Moreover, on information and belief, AUDITEK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

50.     Upon present information and belief, AUDITEK's infringing apparatuses comprise at least one or more of the Pixxo AW-I1130, AW-M2130 and/or AW-U1131 Webcam.

51.     AUDITEK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

52.     On information and belief, BLUE MICROPHONES has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally

perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

53.     On information and belief, BEST BUY has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

54.     Moreover, on information and belief, BEST BUY has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory

infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

55.     Upon present information and belief, BEST BUY's infringing apparatuses comprise at least one or more of the Creative - Live! Cam Video IM Ultra , GE Easycam, GE Easycam PRO, GE Perfect Image, HP 2100, HP Elite Autofocus, HP Webcam and/or Rocketfish webcams.

56.     BEST BUY is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

57.     Moreover, on information and belief, BLUE MICROPHONES has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

58.     Upon present information and belief, BLUE MICROPHONES' infringing apparatuses comprise at least one or more of the Eyeball, Mini Eyeball and/or Eyeball 2.0.

59.     BLUE MICROPHONES is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

60.     On information and belief, CDW has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first

axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

61.     Moreover, on information and belief, CDW has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

62.     Upon present information and belief, CDW's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Business Webcam, HP Deluxe Webcam,  HP Elite Autofocus Webcam, and/or HP Premium Autofocus Webcam.

63.     CDW is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

64.     On information and belief, COMPUSA has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

65.     Moreover, on information and belief, COMPUSA has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

66.     Upon present information and belief, COMPUSA's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball Webcam and/or iHome MyLife His Home Her Home Webcam Kit.

67.     COMPUSA is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

68.     On information and belief, CREATIVE has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

69.     Moreover, on information and belief, CREATIVE has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

70.     Upon present information and belief, CREATIVE's infringing apparatuses comprise at least one or more of the Creative Live! Cam Video IM Pro Webcam, Creative Live! Cam Video IM Ultra Webcam, Creative Live! Cam Vista IM Webcam, Creative Live! Cam Voice, and/or Creative Live! Video IM Ultra Webcam.

71.     CREATIVE is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

72.     On information and belief, DELL has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

73.     Moreover, on information and belief, DELL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

74.     Upon present information and belief, DELL's infringing apparatuses comprise at least one or more of the Creative Labs VF0420 Creative Live! Vista IM Web Camera and/or Lifeworks  iHome MyLife His Home Her Home Webcam Kit.

75.     DELL is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

76.     On information and belief, DIGITAL INNOVATIONS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

77.     Moreover, on information and belief, DIGITAL INNOVATIONS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers.  Upon

information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

78.     Upon present information and belief, DIGITAL INNOVATIONS' infringing apparatuses comprise at least one or more of the Basic Webcam, Webcam Basic, Webcam IC014C and/or Webcam USB 2.0 Autofocus.

79.     DIGITAL INNOVATIONS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

80.     On information and belief, FRY'S has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

81.     Moreover, on information and belief, FRY'S has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this

19

Defendant's customers.    Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

82.    Upon present information and belief, FRY'S infringing apparatuses comprise at least one or more of the HP Pro Webcam, Blue Microphones Mini Eyeball WebCam 2.0, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Desktop Web Cam, HP Premium Autofocus Webcam, Kodak S100 Webcam, Kodak T130 Webcam, Kodak W100 Twin Pack Webcams, MacAlly USB 2.0 WebCam, Pixxo AW-I1130 WebCam and/or Pixxo AW-U1131 Webcam.

83.    FRY'S is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

84.    On information and belief, GEAR HEAD has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

85.     Moreover, on information and belief, GEAR HEAD has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers.     Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

86.     Upon present information and belief, GEAR HEAD's infringing apparatuses comprise at least one or more of the Gearhead Quick WebCam , Gearhead Quick WebCam Advanced and/or i-Level WebCam.

87.     GEAR HEAD is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

88.     On information and belief, HP has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for

21

example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

89.     Moreover, on information and belief, HP has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

90.     Upon present information and belief, HP's infringing apparatuses comprise at least one or more of the HP Business WebCam, HP Deluxe Webcam, HP Desktop Web Cam, HP Elite Autofocus Webcam, HP NX252AA Business Webcam, HP NX252AT Webcam, HP Premium Autofocus Webcam, HP Premium USB Webcam, HP Pro Webcam, HP Elite Webcam, HP USB Webcam, HP VGA Desktop Webcam, HP WebCam 2100 and/or HP Webcam for Notebooks.

91.     HP is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

92.     On information and belief, LIFEWORKS has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first

axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

93.     Moreover, on information and belief, LIFEWORKS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to r resellers of this Defendant's products and/or users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

94.     Upon present information and belief, LIFEWORKS's infringing apparatuses comprise at least one or more of the iHome MyLife Dual Webcams, iHome MyLife His Home Her Home Webcams/Webcam Kit, including the IH-W305DB, iHome MyLife MyHome YourHome Webcams/Webcam Kit, including the IH-W306DW, iHome MyLife WebCam, iHome MyLife Webcam/Webcam Kit,  iHome Your Home Webcam Pack.

95.     LIFEWORKS is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

96.     On information and belief, J&R has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first

axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

97.     Moreover, on information and belief, J&R has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

98.     Upon present information and belief, J&R's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball, Blue Microphones Eyeball 2.0, Kodak P310, Kodak W100, Macally Ice-Cam 2 and/or Minoru 3-D webcams.

99.     J&R is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

100.     On information and belief, KOHL'S has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting

cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

101.     Moreover, on information and belief, KOHL'S has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this Complaint.

102.     Upon present information and belief, KOHL'S infringing apparatuses comprise at least the Kodak W100 webcam.

103.     KOHL'S is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

104.     On information and belief, MACALLY has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell

apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

105.    Moreover, on information and belief, MACALLY has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

106.    Upon present information and belief, MACALLY's infringing apparatuses comprise at least the MacAlly IceCam 2 Webcam and/or MacAlly USB 2.0 Webcam.

107.    MACALLY is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

108.    On information and belief, MICRO CENTER has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or

offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

109.    Moreover, on information and belief, MICRO CENTER has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers.    Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

110.    Upon present information and belief, MICRO CENTER's infringing apparatuses comprise at least the one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Vista IM Webcam, Creative Video IM Ultra Webcam, HP Business Webcam, HP Deluxe Webcam, HP Elite Autofocus Webcam, HP Premium Autofocus Webcam and/or WinBook WB-6185 WebCam.

111.    MICRO CENTER is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

112.    On information and belief, NEWEGG has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

113.    Moreover, on information and belief, NEWEGG has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.    Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

114.    Upon present information and belief, NEWEGG's infringing apparatuses comprise at least one or more of the Creative Live! Cam Video IM Pro WebCam, HP Premium

Autofocus Webcam, iHome IH-W301DW MyLife WebCam, iHome IH-W305DB MyLife MyHome YourHome Webcams, iHome IH-W306DW MyLife MyHome/YourHome Webcams, Micro Innovations Basic Webcam, Minoru 3D Webcam, Pixxo AW-I1130, Pixxo AW-M2130 WebCam, Pixxo AW-U1131 WebCam and/or Rosewill RCM-8163 Webcam.

115.    NEWEGG is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

116.    On information and belief, OFFICE DEPOT has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

117.    Moreover, on information and belief, OFFICE DEPOT has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.   Upon information and belief, such induced and/or

contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

118.    Upon present information and belief, OFFICE DEPOT's infringing apparatuses comprise at least one or more of the Gear Head Quick Night Vision WebCam, HP Business Webcam, iHome Dual WebCam Pack, iHome MyLife WebCam Kit and/or Micro Innovations WebCam Basic.

119.    OFFICE DEPOT is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

120.    On information and belief, OVERSTOCK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

121.    Moreover, on information and belief, OVERSTOCK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,

including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

122.    Upon present information and belief, OVERSTOCK's infringing apparatuses comprise at least one or more of the Blue Microphones Eyeball 2.0 Webcam, Creative Live! Cam Voice Webcam, Ezonic EZCam Plus Webcam, Gear Head Quick WebCam, HP NX252AT Webcam, iHome MyLife IH-W305DB My Home Your Home Webcam, MacAlly IceCam2 Webcam, Rosewill RCM-3201V WebCam and/or Rosewill RCM-8163 WebCam.

123.    OVERSTOCK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

124.    On information and belief, RADIOSHACK has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to

31

the object, with the camera being maintained adjacent an edge of the object in the second disposition.

125.   Moreover, on information and belief, RADIOSHACK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

126.   Upon present information and belief, RADIOSHACK's infringing apparatuses comprise at least the Gigaware 2.0MP (8.0MP Interpolated) PC Camera with Auto Focus.

127.   RADIOSHACK is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

128.   On information and belief, ROSEWILL has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface,

for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

129.    Moreover, on information and belief, ROSEWILL has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

130.    Upon present information and belief, ROSEWILL's infringing apparatuses comprise at least the RCM-3201V and/or RCM-8163 webcam.

131.    ROSEWILL is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

132.    On information and belief, SAKAR has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising importing, making, using, selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface,

for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

133.   Moreover, on information and belief, SAKAR has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to resellers of this Defendant's products and/or users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

134.   Upon present information and belief, SAKAR's infringing apparatuses comprise at least one or more of the I-Concepts Infrared Webcam, Eco Trends See Me Infrared Webcam, Kodak 1.3MP, S100 Webcam, T130 Webcam and/or Kodak W100 Twin Pack Webcams.

135.   SAKAR is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

136.   On information and belief, TARGET has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame having a first

disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

137.    Moreover, on information and belief, TARGET has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

138.    Upon present information and belief, TARGET infringing apparatuses comprise at least one or more of the GE Picture Perfect Webcam and/or HP Premium Autofocus Webcam.

139.    TARGET is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

140.    On information and belief, TIGERDIRECT has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer, when the hinge member is supported on the object, (3) the support frame

having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

141. Moreover, on information and belief, TIGERDIRECT has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

142. Upon present information and belief, TIGERDIRECT infringing apparatuses comprise at least one or more of the HP NX252AA USB 2.0MP Business Webcam, iHome IH-W305DB MyLife His Home Her Home Webcam Kit and/or ProLynkz PWC-010.

143. TIGERDIRECT is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

144. On information and belief, WAL-MART has been and now is directly infringing at least claim 1 the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising selling and/or offering to sell apparatuses for supporting cameras comprising (1) a hinge member rotatably attached to the camera, the camera rotating about a first axis of rotation relative to the hinge member, (2) a support frame rotatably attached to the hinge member, the hinge member rotating about a second axis of rotation relative to the frame, the second axis being generally perpendicular to said first axis, and the second axis being substantially parallel to a first surface on an object, for example a laptop or portable computer,

when the hinge member is supported on the object, (3) the support frame having a first disposition positioned on a generally horizontal, substantially planar surface, for example a table top, and having a second disposition attached to the object, with the camera being maintained adjacent an edge of the object in the second disposition.

145.    Moreover, on information and belief, WAL-MART has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '343 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, including by providing the above-described apparatuses for supporting cameras to users comprising this Defendant's customers.   Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '343 Patent, at least through becoming aware of this lawsuit.

146.    Upon present information and belief, WAL-MART's infringing apparatuses comprise at least one or more of the Gear Head i-Level WebCam, HP Elite Autofocus Webcam, HP Premium USB Webcam, KQ245AA, HP Pro Webcam, HP USB Webcam, iHome MyLife His Home, Her Home Webcam Kit, iHome MyLife Webcam, iHome Your Home 1.3Mega Pixel USB Webcam 2 Pack, Kodak T130 Webcam and/or MacAlly IceCam2 Webcam.

147.    WAL-MART is thus liable for infringement of the '343 Patent pursuant to 35 U.S.C. § 271.

148.    As a result of Defendants' infringing conduct, Defendants have damaged AdjustaCam. Defendants are liable to AdjustaCam in an amount that adequately compensates AdjustaCam for their infringement, which, by law, can be no less than a reasonable royalty.   In this action AdjustaCam is not claiming pre-suit damages based upon constructive notice of the

'343 patent.  AdjustaCam reserves the right to take discovery from Defendants relative to their actual awareness/notice of the '343 Patent prior to the filing of suit.

149.    AdjustaCam reserves the right to take discovery from Defendants relative to their actual awareness/notice of the '343 Patent prior to the filing of suit.  In any event, the Defendants have continued to infringe the '343 Patent since they became aware of this suit, and such infringement has necessarily been willful and objectively reckless.  Accordingly, upon information and belief, at least since they became aware of this suit, the Defendants have willfully infringed the '343 Patent.  Accordingly, AdjustaCam seeks and/or reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '343 Patent, in accordance with the above.

## PRAYER FOR RELIEF

WHEREFORE, AdjustaCam respectfully requests that this Court enter:

1.    A judgment in favor of AdjustaCam that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '343 Patent;

2.    A judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

3.    A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '343 Patent;

4.      A judgment and order requiring Defendants to pay AdjustaCam its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '343 Patent as provided under 35 U.S.C. § 284;

5.      An award to AdjustaCam for enhanced damages as provided under 35 U.S.C. § 284;

6.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to AdjustaCam its reasonable attorneys' fees; and

7.      Any and all other relief to which AdjustaCam may show itself to be entitled.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

July 28, 2011                                    Respectfully submitted,

                                                ADJUSTACAM LLC

                                                By: *<u>/s/ John J. Edmonds</u>*
                                                John J. Edmonds – Lead Counsel
                                                Texas Bar No. 789758
                                                Michael J. Collins
                                                Texas Bar No. 4614510
                                                Stephen F. Schlather
                                                Texas Bar No. 24007993
                                                COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                1616 S. Voss Road, Suite 125
                                                Houston, Texas 77057
                                                Telephone: (281) 501-3425
                                                Facsimile: (832) 415-2535
                                                jedmonds@cepiplaw.com
                                                mcollins@cepiplaw.com
                                                sschlather@cepiplaw.com

                                                Andrew W. Spangler
                                                Texas Bar No. 24041960
                                                Spangler Law P.C.
                                                208 N. Green Street, Suite 300
                                                Longview, Texas 75601

(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
ADJUSTACAM LLC


CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Other Defendants will be served in accordance with the Federal Rules of Civil Procedure.

July 28, 2011                                    */s/ John J. Edmonds*
                                                 John J. Edmonds