SAKAR 6.0-018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM, L.L.C.<br><br>    Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., et al<br><br>    Defendants. | Civil Action No. 6:10-cv-00329 (LED) |

## DEFENDANT SAKAR INTERNATIONAL, INC.'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND

## DEFENDANT SAKAR INTERNATIONAL, INC.'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND

Defendant Sakar International, Inc., ("Sakar") answers the Second Amended Complaint ("Amended Complaint") for Patent Infringement by AdjustaCam, L.L.C. ("Plaintiff" or "AdjustaCam"), and by way of its attorneys alleges and states as follows. Except as hereinafter expressly admitted, qualified, or otherwise answered, Sakar denies each and every allegation and assertion made in the Amended Complaint.

### PARTIES

1. In response to Paragraph 1 of the Amended Complaint, Sakar admits that AdjustaCam is a limited liability company organized and existing under the laws of the State of Texas, and that AdjustaCam maintains its principal place of business in Frisco, Texas.

2. To the extent that the allegations in Paragraphs 2 through 32 and 34 through 38 of the Amended Complaint contain allegations pertaining to named defendants other than Defendant Sakar, Sakar is without knowledge or information sufficient to form a belief as to the truth of these allegations.

3. As to Paragraph 33 of the Amended Complaint, Sakar International admits that it has a place of business in Edison, New Jersey.

### JURISDICTION AND VENUE

4. As to Paragraph 39 of the Amended Complaint, Sakar admits that the Amended Complaint purports that this action "arises under the patent laws of the United States, Title 35 of the United States Code," and admits that the Court has subject matter jurisdiction over this action. To the extent the allegations set forth in Paragraph 39 of the Amended Complaint pertain

to Defendant Sakar, Sakar denies that it has committed any acts of infringement, inducement of infringement, and/or contributed to any infringement of the patent-in-suit by sellers, re-sellers, and/or infringing users in this forum or in any forum. Sakar is investigating whether it is subject to the personal jurisdiction of this Court, and therefore denies that this Court has personal jurisdiction over Sakar at this time.

5. To the extent that the allegations set forth in Paragraph 40 of the Amended Complaint pertain to Defendant Sakar, Sakar is investigating this matter and is without sufficient knowledge or information at this time to form a belief as to whether or not venue is proper in this District, and therefore denies that venue in this judicial district is proper at this time. However, Sakar hereby asserts that its witnesses and documents are located in New Jersey and not in Texas. Therefore, Sakar reserves its right to contest that venue is proper in this District. Also, to the extent that the allegations set forth in Paragraph 40 of the Amended Complaint pertain to Defendant Sakar, Sakar denies that it has committed "at least a portion of the infringements at issue in this case… from and within this Judicial District." Further, Sakar is investigating whether it is subject to the personal jurisdiction of this Court and the extent, if any, of its sales of accused products are within this forum. Therefore, Sakar denies that it has made any sales of the accused products are within this forum and denies that this Court has personal jurisdiction over Sakar, at this time. Sakar denies that it has committed any acts of infringement, inducement of infringement, and/or contributed to any infringement of the patent-in-suit by sellers, re-sellers, and/or infringing users located in this district.

## COUNT I - PATENT INFRINGEMENT OF THE '343 PATENT

6. In response to the allegations set forth in Paragraph 41 of the Amended Complaint,

Sakar admits that United States Patent No. 5,855,343 ("the '343 patent") is entitled "Camera Clip," and states that it was granted on January 5, 1999.

7. With respect to the allegations set forth in Paragraph 42 of the Amended Complaint, Sakar lacks sufficient information on which to form a belief as to the truth of these allegations, and on that basis denies the allegation.

8. With respect to Paragraph 43 of the Amended Complaint, the claims of the '343 patent speak for themselves.

9. To the extent that the allegations in Paragraphs 44 through 131 and 136 through 147 contain allegations pertaining to the alleged actions of named defendants other than Defendant Sakar, Sakar is without knowledge or information sufficient to form a belief as to the truth of these allegations.

10. Sakar denies all of the allegations in Paragraphs 132 through 135 of the Amended Complaint. Sakar denies that it has infringed the '343 patent, either directly or indirectly. In addition, Sakar denies that it has induced infringement, and/or contributed to any infringement of the '343 patent. Sakar further denies that it is liable for infringement of the '343 patent.

11. To the extent that the allegations in Paragraph 148 of the Amended Complaint pertain to Defendant Sakar, Sakar denies the allegations in Paragraph 148 of the Amended Complaint. Sakar denies that it has infringed the '343 patent and therefore denies that AdjustaCam is entitled to injunctive relief, a reasonable royalty, and/or monetary damages. Sakar admits that AdjustaCam is not claiming pre-suit damages based upon constructive notice of the '343 patent. Sakar reserves the right to object to discovery from Sakar relative to its actual awareness/notice of the '343 patent prior to the filing of suit, based on Sakar's Declaration filed

with the Court on July 29, 2011 specifically denying same.

12. To the extent that the allegations in Paragraph 149 of the Amended Complaint pertain to Defendant Sakar, Sakar denies all of the allegations contained therein. Sakar denies that it has continued to infringe the '343 patent since it became aware of this suit. Sakar further denies that it has willfully and/or with objective recklessness infringed the '343 patent. Sakar reserves the right to object to discovery from Sakar relative to its actual awareness/notice of the '343 patent prior to the filing of suit, based on Sakar's Declaration filed with the Court on July 29, 2011 specifically denying same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

13. AdjustaCam's Amended Complaint fails to state facts sufficient to state a cause of action and fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

14. One or more claims of U.S. Patent No. 5,855,343 allegedly infringed by Sakar are **invalid** for failure to comply with one or more of the statutory requirements of 35 U.S.C. §§ 101, 102, 103, and 112. More specifically, one or more claims of U.S. Patent No. 5,855,343 are invalid based on the following prior art references: U.S. Patent Nos. 5,880,783, D383,475; 4,526,308; 5,808,672; 4,493,542; Japanese Unexamined Utility Model Pub. No. H2-19997; and including the following prior art devices or systems: Bogen Photo Corp.'s Super Clamp and Bogen Photo Corp.'s Magic Arm; as referenced, detailed, and described in "Defendants' Joint Invalidity Contentions" served on July 23, 2011. In addition, one or more claims of U.S. Patent No. 5,855,343 are invalid under 35 U.S.C. § 112, ¶1 because the '343 specification fails to

sufficiently describe the claimed invention so as to convey to a person of ordinary skill in the art that the patentee has possession of the claimed invention at the time the application was filed, as referenced, detailed, and described in "Defendants' Joint Invalidity Contentions" served on July 23, 2011. Further, one or more claims of U.S. Patent No. 5,855,343 are invalid under 35 U.S.C. § 112, ¶1 because the '343 specification fails to describe the manner and process of making and using the invention so as to enable a person of skill in the art to make and use the full scope of the invention without undue experimentation, as referenced, detailed, and described in "Defendants' Joint Invalidity Contentions" served on July 23, 2011. Also, one or more claims of U.S. Patent No. 5,855,343 are invalid under 35 U.S.C. § 112, ¶2 because they are indefinite and fail to point out and distinctly claim the subject matter that the patentee regards as his invention, as referenced, detailed, and described in "Defendants' Joint Invalidity Contentions" served on July 23, 2011.

## THIRD AFFIRMATIVE DEFENSE

15. Sakar's making, use or sale of its products, and the use and sale of such products by Sakar's customers, **do not infringe** any of the claims of U.S. Patent No. 5,855,343 being asserted against Sakar. Sakar has not actively induced infringement of any claims of the patent being asserted against Sakar, and Sakar has not contributed to the infringement of any claims of the patent being asserted against Sakar. More specifically, Sakar's products do not include a cover for the camera lens, as recited in claims 3, 4 and 13, and they do not include a "support frame having a rear support element, and a first and a second front support element" as recited in at least claim 10.

## FOURTH AFFIRMATIVE DEFENSE

16. **Prosecution history estoppel** bars AdjustaCam from proving infringement of the asserted claims under the doctrine of equivalents. AdjustaCam is estopped from construing the claims of U.S. Patent No. 5,855,343 in such a way as may cover Sakar's products and activities by reason of statements made to the United States Patent and Trademark Office during the prosecution of the application that issued as the `343 patent.

## FIFTH AFFIRMATIVE DEFENSE

17. One or more claims of the patent-in-suit are void, invalid, and **unenforceable** by virtue of the failure of the patentee to act with the degree of candor and good faith required of persons who prepare or prosecute a patent application before the United States Patent and Trademark Office ("PTO"), including the failure to disclose material prior art and information known to the patentee and/or persons having substantial responsibility for the prosecution of the patent-in-suit.

## SIXTH AFFIRMATIVE DEFENSE

18. One or more of the claims of the patent-in-suit is **unenforceable** under the doctrine of prosecution laches.

## SEVENTH AFFIRMATIVE DEFENSE

19. U.S. Patent No. 5,855,343 is unenforceable under the doctrine of patent misuse.

## EIGHTH AFFIRMATIVE DEFENSE

20. U.S. Patent No. 5,855,343 is unenforceable due to the inequitable conduct of those involved in the application for this patent before the U.S. Patent and Trademark Office.

### NINTH AFFIRMATIVE DEFENSE

21. U.S. Patent No. 5,855,343 is not infringed by any of Sakar's past and current products for the reasons stated in Paragraph 15 above.

### TENTH AFFIRMATIVE DEFENSE

22. There has been no prior notice in writing or otherwise given to Defendant Sakar of AdjustaCam's `343 patent-in-suit and AdjustaCam has not marked its patented products pursuant to 35 U.S.C. § 287. Therefore, Sakar has not been given actual or constructive notice as required by 35 U.S.C. § 287 and is not responsible for any damages or royalties prior to this suit being filed.

### ELEVENTH AFFIRMATIVE DEFENSE

23. AdjustaCam's claims are barred by the equitable doctrines of laches, estoppel, acquiescence, waiver, implied license, and/or unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

27. Sakar reserves the right to amend this Answer to assert further defenses based on future discovery in the lawsuit.

### PRAYERS FOR RELIEF

28. Sakar requests that all of Plaintiff's prayers for relief be denied.

### COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Sakar International, Inc. ("Sakar"), hereby asserts the following counterclaims against AdjustaCam and asserts as follows:

### NATURE AND BASIS OF ACTION

1. This is an action arising under the United States Patent Act, 35 U.S.C. § 1 *et seq.*

## PARTIES

2. Counterclaim Defendant AdjustaCam is, on information and belief, a limited liability company under the laws of the State of Texas, and has its principal place of business in Frisco, Texas.

3. Counterclaimant Sakar is a corporation organized and existing under the laws of the State of New York, and has its principal place of business located at 195 Carter Drive, Edison, New Jersey 08817.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,855,343. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1131, 1338(a), 2201, and 2202.

5. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c).

## GENERAL ALLEGATIONS

6. AdjustaCam has filed suit against Sakar, claiming infringement of U.S. Patent No. 5,855,343.

7. A justiciable controversy exists between AdjustaCam and Sakar concerning the infringement and validity of U.S. Patent No. 5,855,343.

## FIRST COUNTERCLAIM

### (NON-INFRINGEMENT OF THE ADJUSTACAM PATENT-IN-SUIT)

8. Sakar incorporates Paragraphs 1-7 as if fully set forth herein.

9. Although Sakar is still investigating this matter, Sakar alleges that it has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the patent-in-

suit asserted by AdjustaCam in this litigation for the reasons stated in Paragraph 15 above.

10. Sakar is entitled to a declaratory judgment that Sakar does not infringe any of the asserted claims of the '343 patent-in-suit.

## SECOND COUNTERCLAIM

## (INVALIDITY AND UNENFORCEABILITY OF THE ADJUSTACAM PATENT-IN-SUIT)

11. Sakar incorporates Paragraphs 1-10 as if fully set forth herein.

12. Although Sakar is still investigating this matter, Sakar alleges that one or more claims of the '343 patent-in-suit are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, 112, 287, and/or 305 for the reasons stated in Paragraph 14 above.

13. Sakar is entitled to declaratory judgment that one or more of the asserted claims of the '343 patent-in-suit is invalid and/or unenforceable.

## REQUEST FOR RELIEF

WHEREFORE, Sakar prays for judgment that:

A. AdjustaCam's Amended Complaint against Sakar be dismissed in its entirety with prejudice;

B. AdjustaCam is not entitled to the relief prayed for in its Amended Complaint against Sakar, or to any relief whatsoever;

C. U.S. Patent No. 5,855,343 is invalid, void, and unenforceable against Sakar.

D. U.S. Patent No. 5,855,343 has never been, and is not now, infringed by Sakar or by any other person or entity using or selling Sakar's products in this judicial district or anywhere in

the United States;

E. No damages or royalties are due or owing by Sakar for any of the acts alleged by Adjustacam in its Complaint;

F. This case is an exceptional case pursuant to 35 U.S.C. § 285, and Sakar should be awarded its reasonable attorney fees incurred un this action;

G. Sakar be awarded its costs (including expert fees), disbursements, and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

H. Sakar be awarded such other relief as the Court may deem appropriate, just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Sakar demands a trial by jury on all issues so triable.

Dated: August 3, 2011

EZRA SUTTON, Esq.
EZRA SUTTON, P. A.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel: 732-634-3520
Fax: 732-634-3511
Attorneys for Defendant Sakar
International, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 3, 2011, a true and correct copy of the above and foregoing document has been served on behalf of Sakar International, Inc. on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

s/ Ezra Sutton