IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC | |
| v. | NO. 6:10-cv-329-LED |
| AMAZON.COM, INC. ET AL. | JURY |

**PLAINTIFF'S RESPONSE TO THE MOTIONS (DKT NOS. 473, 476 AND 483) FOR PARTIAL SUMMARY JUDGMENT REGARDING PRE-SUIT DAMAGES PURSUANT TO SECTION 287(A) FILED BY CERTAIN DEFENDANTS**

The plaintiff, AdjustaCam, LLC ("AdjustaCam"), hereby responds to three Motions filed by certain Defendants, namely: (1) the Motion for Partial Summary Judgment Regarding Pre-Suit Damages Pursuant to Section 287(a) (Dkt No. 473) filed by Best Buy Co., Inc.; Best Buy Stores, LP and BestBuy.com, LLC; Baltic Latvian Universal Electronics, LLC d/b/a/ Blue Microphones, LLC and Blue Microphones, LLC; CompUSA.com, Inc.; Digital Innovations, LLC; Fry's Electronics Inc.; Gear Head, LLC; Hewlett-Packard Company; J&R Electronics, Inc., d/b/a J&R; Kohl's Corporation d/b/a Kohl's and Kohl's Illinois, Inc.; Micro Electronics, Inc., d/b/a Micro Center; Office Depot, Inc.; Overstock.com, Inc.; Systemax, Inc., d/b/a CompUSA; TigerDirect, Inc.; Sakar International, Inc.; and Target Corporation; (2) the Motion for Partial Summary Judgment Regarding Pre-Suit Damages Regarding Pre-Suit Damages Pursuant to Section 287(a) (Dkt No. 476) filed by Dell, Inc.; and (3) the Motion for Partial Summary Judgment Regarding Pre-Suit Damages Regarding Pre-Suit Damages Pursuant to Section 287(a) (Dkt No. 483) filed by Newegg Inc., Newegg.com Inc., and Rosewill Inc. (the foregoing defendants are collectively referred to as "Movants"), as follows:

**I.**

The two "issues" before the court are whether Movants had constructive or actual notice of the '343 patent which would entitle AdjustaCam to pre-suit damage under 35 U.S.C. § 287(a). Constructive notice, i.e., marking, has not been an issue in the case for months. As AdjustaCam informed the Defendants via email back on April 7, 2011 (consistent with even earlier discussions), "AdjustaCam does not contend that pre-suit marking occurred relative to the '343 patent. Thus, we're not understanding why your clients need to bother the court with a MSJ on a non-issue in the case." Further, in order to avoid any ambiguity over whether AdjustaCam is claiming pre-suit damages under the marking statute, on July 28, 2011, AdjustaCam amended its complaint to state that: "In this action AdjustaCam is not claiming pre-suit damages based upon constructive notice of the '343 patent." Dkt. No. 469, ¶ 148.

On the issue of actual notice, AdjustaCam became the exclusive licensee of the '343 patent shortly before suit was filed (i.e., in June 2010). Thus, in the absence of discovery, AdjustaCam lacks knowledge regarding pre-suit actual notice, if any, provided to the Defendants by AdjustaCam's predecessor-in-interest. In fact, AdjustaCam has outstanding interrogatories to all Defendants which inquire into, among other things, their pre-suit notice of the '343 patent.

Although AdjustaCam might be entitled to at least have its interrogatory on pre-suit notice answered before these Motions are ruled upon, and although AdjustaCam might be entitled to at least depose the Movants' declarants in order to determine the accuracy and completeness of their declarations – in view of the sworn declarations submitted by the Movants, AdjustaCam has decided not to contest the Motions for Partial Summary Judgment Regarding Pre-Suit Damages Pursuant to Section 287(a) (Dkt Nos. 473, 476 and 483). Had the Movants

provided their declarations to AdjustaCam prior to filing their motions, the parties likely could have resolved this issue without burdening the Court with the Motions.

Thus, to summarize, AdjustaCam does not contest the veracity of the Movants' declarations, and thus it does not claim entitlement to pre-suit damages against the Movants pursuant to 35 U.S.C. § 287(a).  Hopefully the parties can communicate better and work more constructively in the future, so as to avoid the filing of motions on resolvable issues.

II.

Irrespective of the foregoing, the proposed Order submitted by Movants appears overbroad and inappropriate.  Movants' proposed Order requests that, "AdjustaCam is not entitled to pre-suit damages pursuant to 35 U.S.C. § 287(a)."  On its face, Movants' proposed order might be construed to apply to other Defendants in this case who are not addressed by the Motions.  Although the lack of pre-suit marking is not a contested issue for any party to this case, only the Movants listed above have submitted declarations regarding a lack of actual notice, and only the Movants have moved for partial summary judgment under Section 287(a).  There are multiple Defendants in this case who have not moved for partial summary judgment, who have not provided declarations, and who have not provided any evidence to suggest a lack of actual notice.  Any Order broad enough to arguably cover non-Movants would be overbroad and erroneous.

Thus, the appropriate relief relative to the Motions would be either to deny the Motions as moot since Movants' issues are uncontested at this point, or if the Court is so inclined, to rule that AdjustaCam is not entitled to pre-suit damages *from the Movants* pursuant to 35 U.S.C. § 287(a)."  Submitted herewith are two proposed orders reflecting the foregoing choices for the Court.

WHEREFORE, premises considered, Plaintiff AdjustaCam LLC respectfully requests the foregoing relief, and any such other relief to which it may be entitled.

August 17, 2011

Respectfully submitted,

By: /s/ *John J. Edmonds*
John J. Edmonds – LEAD COUNSEL
Texas Bar No. 789758
Michael J. Collins
Texas Bar No. 4614510
Henry M. Pogorzelski
Texas Bar No. 24007852
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Rd., Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
hpogorzelski@cepiplaw.com

Andrew W. Spangler
Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
ADJUSTACAM LLC

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

August 17, 2011

/s/ *John J. Edmonds*
John J. Edmonds