SAKAR 6.0-018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM, L.L.C.<br><br>    Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., et al<br><br>    Defendants. | Civil Action No. 6:10-cv-00329 (LED) |

**DEFENDANT SAKAR INTERNATIONAL, INC.'S ANSWER TO THIRD AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS,
AND JURY DEMAND**

### DEFENDANT SAKAR INTERNATIONAL, INC.'S ANSWER TO THIRD AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND

Defendant Sakar International, Inc., ("Sakar") answers the Third Amended Complaint ("Amended Complaint") for Patent Infringement by AdjustaCam, L.L.C. ("Plaintiff" or "AdjustaCam"), and by way of its attorneys alleges and states as follows. Except as hereinafter expressly admitted, qualified, or otherwise answered, Sakar denies each and every allegation and assertion made in the Amended Complaint.

### PARTIES

1. In response to Paragraph 1 of the Third Amended Complaint, Sakar admits that AdjustaCam is a limited liability company organized and existing under the laws of the State of Texas, and that AdjustaCam maintains its principal place of business in Frisco, Texas.

2. To the extent that the allegations in Paragraphs 2 through 32 and 34 through 38 of the Third Amended Complaint contain allegations pertaining to named defendants other than Defendant Sakar, Sakar is without knowledge or information sufficient to form a belief as to the truth of these allegations.

3. As to Paragraph 33 of the Third Amended Complaint, Sakar International admits that it has a place of business in Edison, New Jersey.

### JURISDICTION AND VENUE

4. As to Paragraph 39 of the Third Amended Complaint, Sakar admits that the Amended Complaint purports that this action "arises under the patent laws of the United States, Title 35 of the United States Code," and admits that the Court has subject matter jurisdiction over this action. To the extent the allegations set forth in Paragraph 39 of the Amended Complaint pertain

to Defendant Sakar, Sakar denies that it has committed any acts of infringement, inducement of infringement, and/or contributed to any infringement of the patent-in-suit by sellers, re-sellers, and/or infringing users in this forum or in any forum. Sakar is investigating whether it is subject to the personal jurisdiction of this Court, and therefore denies that this Court has personal jurisdiction over Sakar at this time.

5. To the extent that the allegations set forth in Paragraph 40 of the Third Amended Complaint pertain to Defendant Sakar, Sakar is investigating this matter and is without sufficient knowledge or information at this time to form a belief as to whether or not venue is proper in this District, and therefore denies that venue in this judicial district is proper at this time. However, Sakar hereby asserts that its witnesses and documents are located in New Jersey and not in Texas. Therefore, Sakar reserves its right to contest that venue is proper in this District. Also, to the extent that the allegations set forth in Paragraph 40 of the Amended Complaint pertain to Defendant Sakar, Sakar denies that it has committed "at least a portion of the infringements at issue in this case… from and within this Judicial District." Further, Sakar is investigating whether it is subject to the personal jurisdiction of this Court and the extent, if any, of its sales of accused products are within this forum. Therefore, Sakar denies that it has made any sales of the accused products are within this forum and denies that this Court has personal jurisdiction over Sakar, at this time. Sakar denies that it has committed any acts of infringement, inducement of infringement, and/or contributed to any infringement of the patent-in-suit by sellers, re-sellers, and/or infringing users located in this district.

## **COUNT I - PATENT INFRINGEMENT OF THE `343 PATENT**

6. In response to the allegations set forth in Paragraph 41 of the Amended Complaint, Sakar admits that United States Patent No. 5,855,343 ("the `343 patent") is entitled "Camera Clip," and states that it was granted on January 5, 1999.

7. With respect to the allegations set forth in Paragraph 42 of the Amended Complaint, Sakar lacks sufficient information on which to form a belief as to the truth of these allegations, and on that basis denies the allegation.

8. With respect to Paragraph 43 of the Amended Complaint, the claims of the `343 patent speak for themselves.

9. To the extent that the allegations in Paragraphs 44 through 131 and 136 through 147 contain allegations pertaining to the alleged actions of named defendants other than Defendant Sakar, Sakar is without knowledge or information sufficient to form a belief as to the truth of these allegations.

10. Sakar denies all of the allegations in Paragraphs 132 through 135 of the Amended Complaint. Sakar denies that it has infringed the `343 patent, either directly or indirectly. In addition, Sakar denies that it has induced infringement, and/or contributed to any infringement of the `343 patent. Sakar further denies that it is liable for infringement of the `343 patent.

11. To the extent that the allegations in Paragraph 148 of the Amended Complaint pertain to Defendant Sakar, Sakar denies the allegations in Paragraph 148 of the Amended Complaint. Sakar denies that it has infringed the `343 patent and therefore denies that AdjustaCam is entitled to injunctive relief, a reasonable royalty, and/or monetary damages. Sakar admits that AdjustaCam is not claiming pre-suit damages based upon constructive notice

of the '343 patent. Sakar reserves the right to object to discovery from Sakar relative to its actual awareness/notice of the '343 patent prior to the filing of suit, based on Sakar's Declaration filed with the Court on July 29, 2011 specifically denying same.

12. To the extent that the allegations in Paragraph 149 of the Amended Complaint pertain to Defendant Sakar, Sakar denies all of the allegations contained therein. Sakar denies that it has continued to infringe the '343 patent since it became aware of this suit. Sakar further denies that it has willfully and/or with objective recklessness infringed the '343 patent. Sakar reserves the right to object to discovery from Sakar relative to its actual awareness/notice of the '343 patent prior to the filing of suit, based on Sakar's Declaration filed with the Court on July 29, 2011 specifically denying same.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (NON-INFRINGEMENT)

13. Sakar has not infringed, and is not infringing, either literally or under the doctrine of equivalents, any valid claim of the '343 Patent.

## SECOND AFFIRMATIVE DEFENSE

### (PATENT INVALIDITY)

14. Upon information and belief, the '343 Patent is invalid and unenforceable for failing to satisfy the conditions of patentability set forth in the U.S. patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. Defendant states that its invalidity contentions are set forth in DEFENDANTS' JOINT INVALIDITY CONTENTIONS.

## THIRD AFFIRMATIVE DEFENSE
## (ESTOPPEL)

15. Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel. Defendant states that its contentions are set forth in DEFENDANTS' JOINT INVALIDITY CONTENTIONS.

## FOURTH AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

16. Upon information and belief, the Third Amended Complaint fails to state facts upon which a claim for relief can be granted against Sakar. Defendant states that because the patent is invalid and not infringed, Plaintiff has no damages available to it. Accordingly, because no damages are available, Plaintiff has not stated a valid claim for relief.

## FIFTH AFFIRMATIVE DEFENSE
## (LACHES)

17. Plaintiff's claims are barred in whole or in part by the doctrine of laches. Defendant states that the patent-in-suit issued January 5, 1999, more than 12 years ago. For more than six years, parties have sold cameras of the type accused of infringement in this case, resulting in a presumption of laches.

## SIXTH AFFIRMATIVE DEFENSE
## (DAMAGES LIMITATIONS)

18. Upon information and belief, to the extent Plaintiff may be entitled to damages, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. §§

286 and by 287 to those damages occurring only after notice of infringement.

19.  Defendant states that Plaintiff has already admitted that it did not mark products and did not give Defendant notice of its alleged infringement prior to filing suit. Accordingly, no pre-suit damages are available to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

20.  Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

21.  Defendant states that Plaintiff has already admitted that it did not mark products and did not give Defendant notice of its alleged infringement prior to filing suit. Accordingly, Plaintiff has taken no action to mitigate any alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

22.  Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

23.  Defendant states that, upon information and belief, Plaintiff has at various times accused of infringement products for which it had already been paid a license fee. Plaintiff's attempts to accuse products of infringement for which it had already been paid a license fee constitutes unclean hands.

## NINTH AFFIRMATIVE DEFENSE
## (DISCLAIMER)

24.  The claims for relief are barred, in whole or in part, by the doctrine of disclaimer.  Defendant states that its contentions are set forth in DEFENDANTS' JOINT

INVALIDITY CONTENTIONS.

## TENTH AFFIRMATIVE DEFENSE
### (NO INJUNCTIVE RELIEF)

25. To the extent that Plaintiff seeks injunctive relief for alleged infringement, the relief sought by Plaintiff is unavailable because any alleged injury to Plaintiff is not immediate or irreparable and because Plaintiff has an adequate remedy at law for any alleged injury.

26. Plaintiff has repeatedly licensed the patent-in-suit and has not sought to protect its market share. Accordingly, Plaintiff cannot establish a right to relief under the factors set forth in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). Specifically, Plaintiff cannot establish that (1) that it has suffered an irreparable injury – there is no irreparable injury because Plaintiff is merely seeking licensing fees which are simply monetary damages; (2) that remedies available at law are inadequate to compensate for that injury – again, Plaintiff is merely seeking a licensing fee; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted – Plaintiff would suffer no hardship if it were compensated by licensing fees rather than an injunction; and (4) that the public interest would not be disserved by a permanent injunction – the public would not be benefited in any way by an injunction, as Plaintiff is not producing any products.

## ELEVENTH AFFIRMATIVE DEFENSE
### (NO ATTORNEYS' FEES OR COSTS)

27. On information and belief, Sakar has not engaged in any conduct that entitles Plaintiff to attorneys' fees or costs.

28. Defendant did not have notice of the patent prior to the filing of the lawsuit, and Defendant has a good faith belief that the patent is invalid and not infringed. Accordingly, this is not an exceptional case and Plaintiff is not entitled to attorney's fees or costs.

## TWELFTH AFFIRMATIVE DEFENSE
## (LICENSE, IMPLIED LICENSE, AND/OR PATENT EXHAUSTION)

29. Plaintiff's infringement claims are barred by one or more of the doctrines of license, implied license, and patent exhaustion. Upon information and belief, Plaintiff has licensed numerous parties, including parties for whom it has claimed are infringing the patent-in-suit.

## PRAYERS FOR RELIEF

30. Sakar requests that all of Plaintiff's prayers for relief be denied.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Sakar International, Inc. ("Sakar"), hereby asserts the following counterclaims against AdjustaCam and asserts as follows:

## NATURE AND BASIS OF ACTION

1. This is an action arising under the United States Patent Act, 35 U.S.C. § 1 *et seq.*

## PARTIES

2. Counterclaim Defendant AdjustaCam is, on information and belief, a limited liability company under the laws of the State of Texas, and has its principal place of business in Frisco, Texas.

3. Counterclaimant Sakar is a corporation organized and existing under the laws of the State of New York, and has its principal place of business located at 195 Carter Drive, Edison,

New Jersey 08817.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,855,343. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1131, 1338(a), 2201, and 2202.

5. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c).

## GENERAL ALLEGATIONS

6. AdjustaCam has filed suit against Sakar, claiming infringement of U.S. Patent No. 5,855,343.

7. A justiciable controversy exists between AdjustaCam and Sakar concerning the infringement and validity of U.S. Patent No. 5,855,343.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ADJUSTACAM PATENT-IN-SUIT

8. Sakar incorporates Paragraphs 1-7 as if fully set forth herein.

9. Although Sakar is still investigating this matter, Sakar alleges that it has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the patent-in-suit asserted by AdjustaCam in this litigation for the reasons stated in Paragraph 15 above.

10. Sakar is entitled to a declaratory judgment that Sakar does not infringe any of the asserted claims of the `343 patent-in-suit.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF THE ADJUSTACAM PATENT-IN-SUIT

11. Sakar incorporates Paragraphs 1-10 as if fully set forth herein.

12. Although Sakar is still investigating this matter, Sakar alleges that one or more claims of the '343 patent-in-suit are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, 112, 287, and/or 305 for the reasons stated in Paragraph 14 above.

13. Sakar is entitled to declaratory judgment that one or more of the asserted claims of the '343 patent-in-suit is invalid and/or unenforceable.

## REQUEST FOR RELIEF

WHEREFORE, Sakar prays for judgment that:

A. AdjustaCam's Amended Complaint against Sakar be dismissed in its entirety with prejudice;

B. AdjustaCam is not entitled to the relief prayed for in its Amended Complaint against Sakar, or to any relief whatsoever;

C. U.S. Patent No. 5,855,343 is invalid, void, and unenforceable against Sakar.

D. U.S. Patent No. 5,855,343 has never been, and is not now, infringed by Sakar or by any other person or entity using or selling Sakar's products in this judicial district or anywhere in the United States;

E. No damages or royalties are due or owing by Sakar for any of the acts alleged by Adjustacam in its Complaint;

F. This case is an exceptional case pursuant to 35 U.S.C. § 285, and Sakar should be awarded its reasonable attorney fees incurred in this action;

G. Sakar be awarded its costs (including expert fees), disbursements, and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

H. Sakar be awarded such other relief as the Court may deem appropriate, just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Sakar demands a trial by jury on all issues so triable.

Dated: September 14, 2011

s/ Ezra Sutton
EZRA SUTTON, Esq.
EZRA SUTTON, P. A.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel: 732-634-3520
Fax: 732-634-3511
Attorneys for Defendant Sakar
International, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 14, 2011, a true and correct copy of the above and foregoing document has been served electronically on behalf of Sakar International, Inc. on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

s/ Ezra Sutton