IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ADJUSTACAM LLC

v.                                                                NO. 6:10-cv-329-LED

AMAZON.COM, INC., ET AL.                              JURY

## PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF

Plaintiff AdjustaCam LLC ("AdjustaCam"), through its undersigned legal counsel and pursuant to P.R. 4-5(a), respectfully submits its opening Claim Construction Brief.

## I.    INTRODUCTION

Plaintiff is the owner of U.S. Patent No. 5,855,343 (the "'343 patent"). The '343 patent is entitled "Camera clip." Apparatuses which comprise camera clips are often referred to as webcams. The '343 patent generally relates to a novel adjustable camera clip comprising one disposition on a generally horizontal, planar surface (e.g., a table top), and another disposition on an inclined object (e.g., the screen of a laptop computer).

## II.   TECHNOLOGY AT ISSUE

As noted above, the '343 patent generally relates to a novel adjustable camera clip comprising one disposition on a generally horizontal, planar surface (e.g., a table top), and another disposition on an inclined object (e.g., a laptop screen). Exemplary Fig. 2 shows a preferred embodiment webcam in a first disposition on a table top, and exemplary Fig. 4 shows the same webcam in a second disposition when attached to the laptop screen, as follows:




The independent claims are 1, 10, 19, 20 and 21. Exemplary claim 1 covers an apparatus comprising a hinge member rotatably attached to a camera, a support frame rotatably attached to the hinge member, the support frame having a first disposition on a surface and a second disposition on an inclined object.[1] To help the Court better envision claim 1, the following color-coded chart compares claim 1 to certain preferred embodiments disclosed in the '343 patent:

1. Apparatus for supporting a camera, having a lens, on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface, comprising:



a. a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member; and

b. a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object, said hinge member rotating about a second axis of rotation relative to said support frame,

said first axis of rotation being generally perpendicular to said second axis of rotation,

said second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object,

said support frame having a first disposition positioned on said generally horizontal, substantially planar surface,

and said support frame having a second disposition attached to the object when said first surface and said second surface are inclined from a generally horizontal orientation,

the camera being maintained adjacent said edge in said second disposition of said support frame.[2]

Independent claim 10 is similar to claim 1, except it comprises additional claim limitations related to the support frame being comprised of "a rear support element and a first and a second front support element..."  Independent claim 20 is similar to claim 1, except it comprises additional claim limitations related to "wherein said support frame protects the camera when said hinge member is not supported on the generally horizontal, substantially planar

---

[1] Exhibit 1 hereto is the '343 patent. Although the prosecution history of the '343 patent is not likely material to the claim construction process, in the interest of completeness it is included as Exhibit 2 hereto.
[2] For the Court's convenience, a copy of AdjustaCam's technology tutorial is at Exhibit 3 hereto.

surface ..." Independent claim 21 is similar to claim 1, except that it comprises additional claim limitations related to "wherein said support frame releasably holds and protects the camera when said hinge member is not supported by said support frame on the object..."

Independent claim 19 covers a "camera clip for supporting a camera on a laptop computer ... comprising ... a hinge member adapted to be rotatably attached to the camera, said camera rotating about a first axis of rotation relative to said hinge member; and a support frame hingedly attached to said hinge ..." Thus, claims 1, 10, 20 and 21 each comprise a "support frame rotatably attached to said hinge member ..." and claim 19 comprises a "support frame hingedly attached to said hinge member ..."

## III.    APPLICABLE LEGAL PRINCIPLES

Claim construction is a matter of law.[3] The court "indulge[s] a heavy presumption that claim terms carry their full ordinary and customary meaning unless the patentee unequivocally imparted a novel meaning to those terms or expressly relinquished claim scope during prosecution."[4] Claim terms are interpreted from the point of view of a person of ordinary skill in the art who "is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification."[5] However, "the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words."[6]

---

[3] *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996).
[4] *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003).
[5] *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc).
[6] *Id.* at 1314.

Intrinsic evidence includes the claims, written description, drawings, and the prosecution history."[7] A disputed term should be construed by first examining the intrinsic evidence of record from the perspective of one skilled in the relevant art.[8] "The claims themselves provide substantial guidance as to the meaning of particular claim terms."[9]

Extrinsic evidence is less significant than the intrinsic record in determining the legally operative meaning of claim language.[10] Where the ordinary meaning can be ascertained from the intrinsic evidence, a court does not have to evaluate extrinsic evidence.[11]

Although the specification is relevant to interpreting the meaning of disputed claim language, particular embodiments and examples appearing in the specification will not generally be read into the claims.[12] "One of the cardinal sins of patent law [is] reading a limitation from the written description into the claims."[13]

## IV.    CLAIM TERMS REQUIRING CONSTRUCTION

### A.    Hinge Member.

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| A structural element that joins to another for rotation in at least one axis of rotation | Structural element that may be joined to another so as to form a hinge joint and is capable of rotating on that hinge joint |

The term "hinge member" is found in claims 1, 8, 10, 17, 19, 20 and 21.[14]   The term "hinge member" was coined by the inventor of the '343 patent, who acted as his own

---

[7] *Teleflex Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1324 (Fed. Cir. 2002).
[8] *Phillips*, 415 F.3d at 1313-14.
[9] *Id.* at 1314.
[10] *Id.*
[11] *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996).
[12] *Comark Comms., Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998); *see also Phillips*, 415 F.3d at 1323.
[13] *Phillips*, 415 F.3d at 1319-20.
[14] This brief will primarily address the five independent claims.  Dependent claims, which incorporate all the elements of the claims from which they depend, are discussed only when pertinent to a specific issue.

lexicographer for this term.[15] The structure and function of a hinge member is taught by the specification and claims. Most importantly, a hinge member is (1) for rotatable attachment to a camera (claims 1, 10, 19, 20 & 21); and (2) for rotatable attachment (claims 1, 10, 20 & 21) or hinged attachment (claim 19) to a support frame.

Regarding rotatable attachment to a camera, the '343 patent teaches that in a preferred embodiment, "[h]inge member 16 is rotatably attached to camera 12." 4:17-19.[16] Further, each independent claim comprises: "a hinge member adapted to be rotatably attached to the camera."[17]

Regarding rotatable attachment to a support frame, the '343 patent teaches and claims, "a support frame *rotatably attached* to said hinge member and configured to support said hinge member on the surface and the object." Claims 1, 10, 20 & 21. *See also* Figs. 2-4.

Regarding hinged attachment to a support frame, the '343 patent teaches that in a preferred embodiment, "[s]upport frame 18 is hingedly attached to hinge member 16 to engagingly support hinge member 16 on an object 30." 4:21-20. *See also* 2:14-16; 3:40-41; 5:41-43. Further, independent claim 19 is distinct from the other independent claims in comprising: "a support frame *hingedly* attached to said hinge member."

Plaintiff and Defendants seem to largely agree that a hinge member comprises a structural element that joins[18] to another. The first half of Plaintiff's proposed construction

---

[15] A patentee is free to act as his or her own lexicographer. *See, e.g., MyMail, LTD v. Am. Online, Inc.,* 6:04-CV-189, 2005 WL 6225308 at *2 (E.D. Tex. June 3, 2005); *Acacia Media Technologies Corp. v. New Destiny Internet Group*, 405 F. Supp. 2d 1127, 1133 (N.D. Cal. 2005).  In acting as lexicographer, the patentee may coin a term.  *See, e.g., Acacia Media Technologies*, 405 F. Supp. 2d at 1133-1134.

[16] *See also* rotatable attachment of the hinge member and camera in Figs. 2-4; 3:9-14 & 5:37-41. Note that "4:17-19" is shorthand for column 4, lns. 17-19 of the '343 patent.

[17] "The claims themselves provide substantial guidance as to the meaning of particular claim terms." *Phillips*, 415 F.3d at 1314.

[18] A hinge member is "rotatably attached" (claims 1, 10, 20 & 21) or "hingedly attached" (claim 19). "Attach" is commonly defined as (1) "to fasten on or affix to; connect or join. American Heritage Dictionary of the English Language (1981) (Exhibit 4); (2) "to fasten by sticking, tying, etc.; to join. Webster's New World Dictionary (2003)

5

comprises: "structural element that joins to another," and the first half of Defendants' proposed construction comprises: "structural element that may be joined to another." It is not clear why Defendants use "may be joined," since each claim requires an apparatus, meaning all the "rotatably attached" and "hingedly attached" parts must be attached.

The second half of Plaintiff's proposed construction of hinge element is for rotation in at least one axis of rotation. The '343 patent teaches and claims that a hinge member comprises rotation about a first axis relative to a camera and rotation about a second axis relative to a support frame. Regarding the first axis of rotation, the '343 patent teaches that, in a preferred embodiment, "[h]inge member 16 is rotatably attached to camera 12, where camera 12 rotates over a first axis 26 in a direction shown by arrow 28 relative to hinge member 16." 4:17-19. *See also* 2:12-14; 3:36-40 & 5:38-41. Further, independent claim 1 comprises, "said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member," and independent claims 10, 19, 20 and 21 each comprises: "a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation relative to said hinge member."

Regarding the second axis of rotation, the '343 patent teaches that, in a preferred embodiment, "[h]inge member 16 rotates over a second axis 32 in the direction shown by arrow 34 relative to support frame 18." 4:22-24. *See also* 2:14-18; 3:40-43 & 5:41-44. Further, claim 1 comprises: "a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object." Claims 10, 20 and 21 comprise: "said hinge member rotating about a second axis of rotation relative to said support frame." Claim 19

---

(also at Ex. 4); or "connect; to fasten; make fast or join; to fix or fasten itself. Webster's Third New International Dictionary (1961) (also at Exhibit 4).

comprises: "said hinge member rotating over a second axis of rotation relative to said support frame."

Thus, the hinge member of the '343 patent is a structural element that joins to another for rotation in at least one axis of rotation.

Defendants contend that a hinge member must "form a hinge joint and is capable of rotating on that hinge joint." Defendants' proposed construction seeks to unduly restrict hinge member in order to advance a non-infringement position. Defendants' proposed construction is erroneous for multiple reasons.

First, under the guise of claim interpretation, Defendants seek to subvert the straight-forward concept of a hinge member which rotatably attaches into a verbose definition with extra words (i.e., limitations) neither found in the patent nor warranted by the intrinsic evidence.

Second, the only possible justification for Defendants' restrictive definition would be to limit the claims to Defendants' contention of what constitutes a preferred embodiment. However, limiting the claims to a preferred embodiment is a "cardinal sin" of claim construction.[19] Further, the claims unequivocally refer to an apparatus "***comprising***" a "first axis of rotation" relative to the hinge member and camera and "second axis of rotation" relative to the hinge member and support frame. The word "comprising," which in patent lexicography means "including, but not limited to" is "open-ended and does not exclude additional, unrecited elements."[20] While all that is required to infringe the claims is rotation in one axis per rotatable attachment, the claimed invention is not restricted to this embodiment.  Rather it ***comprises*** all types of "rotatable" attachments, including those which permit rotation in more than a single axis.

---

[19] *Phillips*, 415 F.3d at 1319-20.
[20] *CIAS, Inc. v. Alliance Gaming Corp.*, 504 F.3d 1356, 1361 (Fed. Cir. 2007); *Georgia-Pacific Corp. v. United States Gypsum Co.*, 195 F.3d 1322, 1327-28 (Fed. Cir. 1999).

Third, as noted above, the specification teaches, and all claims include, that the hinge member is "rotatably attached" to the camera. A "rotatable attachment" is broader than a hinge joint. A few well known examples of rotatable attachments are pivot joints, ball and socket joints and saddle joints. *See, e.g., http://science.howstuffworks.com/environmental/life/human-biology/bone11.htm; http://www.teachpe.com/anatomy/joints.php; http://www.livestrong.com/article/102854-different-types-joints/.*

Fourth, the preferred embodiment rotatable attachment between the hinge member and the camera depicted in Figs. 2, 3 and 4 is a pivot joint, not a hinge joint. "It is elementary that a claim construction that excludes a preferred embodiment is rarely, if ever correct."[21]

Fifth, independent claims 1, 10, 20 and 21 comprise a hinge member which "rotatably" attaches to a support frame, while claim 19 comprises a hinge member which "hingedly" attaches to a support frame. Common sense and the doctrine of claim differentiation[22] dictate that "rotatably" attached is different from, and broader than, "hingedly" attached.  As noted in Section IV.D below, the parties agree that "hingedly attached" comprises a hinge joint. However, Defendants improperly seek to shoehorn a "hinge joint" limitation in their constructions of "hinge member" and "rotatably attached," which would eviscerate the broader "rotatable" aspect of each.

For the foregoing reasons, Plaintiff's proposed construction should be adopted.

### B.     Rotatably attached.

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
| --- | --- |
| Connected such that the connected object is capable of being adjustably rotated | Connected such that the connected object is capable of being adjusted to different configurations via motion over one axis of rotation |

---

[21] *See, e.g., NeoMagic Corp. v. Trident Microsystems, Inc.*, 287 F.3d 1062, 1074 (Fed. Cir. 2002).

[22] *See, e.g., Kara Technology, Inc. v. Stamps.com, Inc.,* 582 F.3d 1341 (Fed. Cir. 2009).

As noted in Section IV.A above, the term "rotatably attached" is found in independent claims 1, 10, 19, 20 and 21. Relevant intrinsic evidence, including how the phrase is used in the claims, is noted in Section IV.A. Here, the parties essentially agree that "rotatably attached" means at least "connected such that the connected object is capable of being adjustably rotated." This is Plaintiff's proposed construction, and it is very near the first half of Defendants' proposed construction. However, it is unclear why Defendants seek to substitute "different configurations" for the word "rotatably," or why Defendants omit any permutation of the word "rotate" from their proposed construction. The term "rotate" and its various permutations,  such as rotatable and rotatably, are plain words that a jury can readily understand. There is no good reason to omit any permutation of "rotate" out of the definition of "rotatably attached" and instead substitute "adjusted to different configurations." Plaintiff's use of "adjustably rotated" captures the "rotatably" aspect of "rotatably attached" and should be adopted.

The second half of Defendants' proposed construction again seeks to unduly restrict "rotatably attached" to "one axis of rotation." The five reasons why this restriction is erroneous are discussed in Section IV.A.

For the foregoing reasons, Plaintiff's proposed construction should be adopted.

### C.       Adapted to be rotatably attached/ Adapted to rotatably attach.

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| Formed in a manner to be connected such that the connected object is capable of being adjustably rotated. | Formed in a manner to allow an object connected thereto to be adjusted to different configurations via movement over one axis of rotation |

The term "adapted to be rotatably attached" is found in claims 1, 10, 19, 20 and 21, and "adapted to rotatably attach" is found in claim 8. The issues here are the same as with "rotatably attached" at Section IV.B above. For the reasons stated in Section IV.B, Plaintiff's proposed construction should be adopted.

### D.      Hingedly attached / Hingedly attaching.

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| Connected or joined via a hinge joint | Connected or joined via a hinge joint so as to allow swinging motion about said hinge joint |

The phrase "hingedly attached" is found in claim 19, and "hingedly attaching" is found in claim 8. The parties agree that these phrases mean at least "connected or joined via a hinge joint." However, Defendants seek to add an additional limitation in the claims of, "so as to allow swinging motion about said hinge joint." The word "swinging" is not included in the claims or specification, nor is it clear what "swinging" is intended by Defendants to mean. The only possible justification for adding this unnecessary limitation to the claims would be to limit the claims to Defendants' contention of what constitutes the preferred embodiment. However, limiting the claims to a preferred embodiment is the "cardinal sin" of claim construction.  Thus, Plaintiff's proposed construction should be adopted.

### C.      Support Frame.

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| A structural element that supports another structure | A physically distinct structural element attached to the hinge member so as to form a hinge joint, that can take different dispositions via rotation about said hinge joint |

The term "support frame" is found in claims 1 - 8, 10 - 11, 13 - 17 and 19 - 21. The structure and function of a support frame is taught by the specification and claims. The specification teaches that the support frame supports the hinge element on a surface and on an object (for example a display screen for a laptop computer). For example, the specification teaches that, in a preferred embodiment, "[s]upport frame 18 is hingedly attached to hinge member 16 to engagingly support hinge member 16 on an object 30," and that "when the support frame is in the first position, the object may be the top of a table where the first surface is a top

10

surface of the table." 4:20-21 & 2:14-37. *See also* 2:14-16: 2:66 – 3:2. Claims 1, 10, 20, 21 and 22 comprise a support frame "configured to support" the hinge member on a "surface" and an "object," and claim 19 comprises a support frame which "engagingly supports" the hinge member on a "surface" and on an "object."

Defendants agree that a support frame is a "structural element," yet they seek to impose a restriction that it be "a physically distinct structural element." The words "physically distinct" are not found in the patent. Further, it is not known what Defendants mean by "physically distinct," or why this limitation would be appropriate to impose. In short, this additional limitation sought to be imposed by Defendants lacks support.

Next, Defendants seek to include "attached to the hinge member" in the definition of "support frame." This is unnecessary and inappropriate because the "attached" aspect of the support frame is addressed elsewhere in the claims. As noted above at Section IV.A, each of independent claims 1, 10, 20 and 21 separately specifies rotatable attachment of the hinge member to the support frame, and independent claim 19 separately specifies hinged attachment of the hinge and the support frame.

Finally, Defendants erroneously seek to import their hinge joint limitation into the definition of support frame. This is erroneous for two reasons. First, as noted in Section IV.A above, the hinge member and support frame are "rotatably attached" in claims 1, 10, 20 and 21, and "rotatably attached" is broader than a hinge joint. Second, the connection between the support frame and the hinge member is already addressed elsewhere in each of the claims. Specifically, claims 1, 10, 20 and 21 separately specifies rotatable attachment (which the Court is going to construe) of the hinge member to the support frame, and independent claim 19 separately specifies hinged attachment (which the Court is also going to construe) of the hinge

11

and the support frame. Defendants' attempt to slip their unwarranted "hinge joint" limitation into almost every conceivable term, including into "support frame," lacks merit.

     For the foregoing reasons, Plaintiff's proposed construction should be adopted.

**F.**    **Disposition.**

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| Configuration or position. | Configuration of the support frame relative to the hinge member accomplished through rotation about the second axis, enabling support of the hinge member on a surface or edge |

     The term "disposition" is found in claims 1, 2, 5, 6 and 10. Although disposition is an easily understandable word that needs no construction, in the interest of compromise, Plaintiff has agreed with Defendants that disposition means "configuration," or "position," which in this context are synonymous. The patent teaches and claims that the support frame has at least one disposition/configuration when positioned on a surface (e.g., "first <u>position</u> 44"), and at least another disposition/configuration when positioned on an inclined object (e.g., second <u>position</u> 52). *See, e.g.,* 2:1-4; 2:24-29; 2:34-37; 2:66-3:4; 3:39-43; 3:63-65; 4:27-30; 4:49-54; 5:2-6; 5:33-37. Further, both independent claims 1 and 10 comprise a support frame having "a first disposition positioned on said generally horizontal, substantially planar surface" and a "second disposition attached to the object" when the object is inclined. Exemplary dispositions are shown at Figs. 2 and 4. Again, "disposition" and "position" are used synonymously.

     Defendants' proposed construction seeks to import multiple inappropriate limitations into the simple term "disposition." First, Defendants seek to restrict disposition of the support frame to being "relative to the hinge member" and "accomplished through rotation about the second axis." Neither restriction is required by the claims or any other intrinsic evidence. For example, claims 1 and 10 comprise a support frame having "a first disposition positioned on said generally

horizontal, substantially planar surface" and a "second disposition attached to the object" when the object is inclined. There is no requirement that the differences in these depositions be "relative to the hinge member" or that they be "accomplished through rotation about the second axis." Further, none of the descriptions of preferred embodiments mention the different positioning of the support frame being "relative to the hinge member" or that they be "accomplished through rotation about the second axis." *See, e.g.,* 2:1-4; 2:24-29; 2:34-37; 2:66-3:4; 3:39-43; 3:63-65; 4:27-30; 4:49-54; 5:2-6; 5:33-37. Further, even if either restriction was consistent with a preferred embodiment, which is not apparent, it would be improper to limit the claimed invention to a preferred embodiment.

Defendants' final suggested limitation to impose on "disposition," which is "enabling support of the hinge member on a surface or edge" is confusing. If Defendants mean that the disposition of the support frame must be what enables support of the hinge member, then they are mistaken. Nothing in the intrinsic evidence, including nothing in the claims, requires the disposition of the support frame to be what enables support of the hinge member. For example, the mere attachment (i.e., "rotatably attachment") of the support frame and the hinge member could be what supports the hinge member. Further, the support frame being enabled to support the hinge member is already addressed elsewhere in the claims. Separately from the term "disposition," claims 1, 10, 20, 21 and 22 comprise a support frame "configured to support" the hinge member on a "surface" and an "object," and claim 19 comprises a support frame which "engagingly supports" the hinge member on a "surface" and on an "object."

For the foregoing reasons, Plaintiff's proposed construction should be adopted.

**G.      Maintained adjacent said edge.**

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| Plain and ordinary meaning. NCN.[23] Alternatively, positioned near said edge | Positioned near said edge without engaging or contacting the edge |

The phrase "maintained adjacent said edge" is found in claim 1 of the '343 patent, wherein it comprises the "the camera being maintained adjacent said edge in said second disposition of said support frame." This phrase is made up of ordinary words that have a plain and ordinary meaning. It uses non-technical words that can easily be understood by a lay juror. Attempting to construe it would add nothing in the way of clarity for the jury. Thus, no construction is necessary.[24]

Alternatively, in an effort at compromise, Plaintiff would agree with Defendants that the phrase could be interpreted as "positioned near said edge" without any apparent change to its meaning.

However, Defendants seek to add the negative limitation of "without engaging or contacting the edge." It is unclear why this negative limitation is necessary or appropriate. Nothing in the specification says "without engaging or contacting the edge." Further, the "edge" in claim 1 is the "edge intersecting the first surface and the second surface." Further, claim 1 requires a support frame which supports and is rotatably attached to a hinge member, and that the hinge member be adapted to be rotatably attached to the camera. This structure seems to already ensure that the camera supported by the camera clip will not be contacting the edge of the surface; however, in any event, there is no cause for reading the Defendants' proposed negative limitation into the claim.

For the foregoing reasons, Plaintiff's proposed construction should be adopted.

---

[23] "NCN" is short for "no construction necessary."
[24] *See, e.g., CEATS, Inc. v. Continental Airlines,* 2011 WL 2971243, *8  (E.D. Tex. July 21, 2011); *Stragent, LLC v. Amazon.com, Inc.,* 2011 WL 2199498, *8-9 (E.D. Tex. June 07, 2011).

### H. When said first surface and said second surface are inclined from a generally horizontal orientation.

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| Plain and ordinary meaning. NCN. Alternatively, when the object is inclined from a generally horizontal orientation | When the object upon which the claimed apparatus rests is not generally horizontal but inclined from the horizontal |

The term "when said first surface and said second surface are inclined from a generally horizontal orientation" is found in claim 1, which comprises "said support frame having a second disposition attached to the object when said first surface and said second surface are inclined from a generally horizontal orientation." This phrase is made up of ordinary words that have a plain and ordinary meaning. It uses non-technical words that can easily be understood by a lay juror. Attempting to construe it would add nothing in the way of clarity for the jury. Thus, no construction is necessary.

Alternatively, Plaintiff deems its alternate construction – i.e., when the object is inclined from a generally horizontal orientation – to be acceptable, albeit unnecessary.

Defendants' proposed construction is cumbersome and overly verbose. There is no reason to, or clarity gained from, defining "object" as the "object upon which the claimed apparatus rests." Further, there is no reason to elaborate upon "inclined" by specifying that it is "not generally horizontal." No such clarification is needed to the plain language already present that the object is "inclined *from* a generally horizontal orientation" (emphasis added). A jury can easily understanding that an object inclined *from* a generally horizontal orientation is "not generally horizontal" once so inclined.

For the foregoing reasons, Plaintiff's proposed construction should be adopted.

### I. A display screen which can be inclined from a generally horizontal position.

15

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| Plain and ordinary meaning. NCN. Alternatively, a display screen that may be adjusted from a generally horizontal position to a non-generally horizontal position | A display screen that may be adjusted from a generally horizontal position to a non-horizontal position |

The phrase "a display screen which can be inclined from a generally horizontal position" is found in claim 19 of the '343 patent. This phrase is made up of ordinary words that have a plain and ordinary meaning. It uses non-technical words that can easily be understood by a lay juror. Attempting to construe it would add nothing in the way of clarity for the jury. Thus, no construction is necessary.

Alternatively, although unnecessary, Defendants' proposed construction does not seem to materially change the meaning of this phrase, with one caveat. Plaintiff's proposed alternative construction adds the word "non-generally," as in, "a display screen that may be adjusted from a generally horizontal position to a *non-generally* horizontal position." This should be added for clarity and symmetry between "generally horizontal" and "non-generally horizontal."

For the foregoing reasons, Plaintiff's proposed construction should be adopted.

**J.     Body.**

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| A structural element | One unitary structural element |

The term "body" is found in claim 8 of the '343 patent. Its context is "... wherein the hinge member includes a body having a proximal and a distal end, a pivot element at said proximal end of said body adapted to rotatably attach the camera to the body so that the camera rotates about the first axis relative to the body, and a hinge element at said distal end of said body hingedly attaching said body to the support frame so that said body rotates, about the second axis, relative to the support frame." Plaintiff and Defendants seem to agree that a body is a structural element. Defendants further propose that a body is "one unitary structural element."

16

However, the phrase "one unitary structural element" is not used in the claims or specification. Moreover, it is not known what Defendants intend by adding the limitation, "unitary structural element." Does this mean that a body cannot be fabricated out of two or more pieces joined (e.g., glued, fused or screwed) together? Nothing in the claims or specification would support such a limitation. Thus, Plaintiff's proposed construction should be adopted.

**K.     Proximal…end.**

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| Plain and ordinary meaning | One end of the hinge member, distinct from the distal end |

The term "proximal…end" is found in claim 8 of the '343 patent. The context is "wherein the hinge member includes a body having a proximal and a distal end, a pivot element at said proximal end of said body adapted to rotatably attach the camera to the body so that the camera rotates about the first axis relative to the body, and a hinge element at said distal end of said body hingedly attaching said body to the support frame..."

This phrase is made up of ordinary words that have a plain and ordinary meaning. It uses non-technical words that can easily be understood by a lay juror. Attempting to construe it would add nothing in the way of clarity for the jury. Thus, no construction is necessary.

The only purpose of Defendants' proposed construction appears to be stating that a proximal end is "distinct" from a distal end. Plaintiff does not know what Defendants mean by "distinct." The claim requires the body of the hinge member, which Defendants' assert is a "one unitary structural element," to have proximal and distal ends.  It is not known what Defendants intend when they argue that the proximal and distal ends of a "unitary structural element" must be "distinct." If anything, Defendants' positions on "body" and "distal end" seem at odds with each other.   Further, the word "distinct" is not found in the specification or the claims.

Defendants proposed addition of "distinct" is either confusing or unnecessary, and in either case is inappropriate.

For the foregoing reasons, Plaintiff's proposed construction should be adopted.

### L.    Distal end.

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| Plain and ordinary meaning.  NCN. | Other end of the hinge member distinct from the proximal end |

The term "distal end" involves the same issues as "proximal ...end" addressed in Section IV.K above. For those reasons, no construction is necessary and Defendants' proposed construction is inappropriate.

### M.    Pivot element.

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| An element about which something rotates | One unitary structural element around which an attached camera rotates |

The term "pivot element" is found in claims 8, 9, 17 and 18. The context is that the pivot is "adapted to rotatably attach the camera to the body..." Claims 8 and 17. Further, the specification refers multiple times to pivot elements comprising "pivot element 80." *See* 3:36-40; 3:43-48; 5:38-41; 5:36-49.  Here again, Defendants seek to add "one unitary structural element" as a limitation. However, the phrase "one unitary structural element" is not used in the claims or specification.  Moreover, it is not known what Defendants intend by adding the limitation, "unitary structural element." Does this mean that a body cannot be fabricated out of two or more pieces joined (e.g., glued, fused or screwed) together? Nothing in the claims or specification would support such a limitation. For the foregoing reasons, Plaintiff's proposed construction should be adopted.

### N.    Rotation of said support frame being prevented along an axis substantially parallel to said second axis.

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| Plain and ordinary meaning.  NCN. | The support frame, or portions thereof, is prevented from moving about the second axis, and thus remains in one particular disposition relative to said second axis |

The phrase "rotation of said support frame being prevented along an axis substantially parallel to said second axis" is found in claim 19 of the '343 patent. This phrase is made up of ordinary words that have a plain and ordinary meaning. It uses non-technical words that can easily be understood by a lay juror. Attempting to construe it would add nothing in the way of clarity for the jury. Thus, no construction is necessary.

Defendants' proposed construction adds no clarity to the phrase, and instead seeks to depart from its plain language.   First, Defendants inexplicably seek to delete the word "substantially" from the phrase.   Second, Defendants seek to substitute "moving about" for "rotation."    However, "rotation" has a plain and ordinary meaning that would be easily understood by a lay juror.  Third, Defendants seek to create new language of whole cloth and require that the support frame "remains in one particular disposition relative to said second axis." However, the plain language of the claim does not require that the support frame "remains in one particular disposition relative to said second axis."   Rather, the plain language states that "rotation of said support frame being prevented along an axis."   Thus, Defendants improperly seek to rewrite this easily understood phrase under the guise of construing it.  Accordingly, no construction of this phrase is necessary.

O.     **Engagingly support.**

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| Maintained in a stable position by physical contact | Maintained in a stable position relative to an object by the support frame via physical contact between the support frame and said object |

The term "engagingly support" is found in claim 19. The context is "a support frame hingedly attached to said hinge member to engagingly support said hinge member on the display screen." The parties agree that "engagingly support" at least means maintained in a stable position by physical contact. However, Defendants' proposed construction is overly verbose and includes limitations inappropriate for "engagingly support." First, Defendants refer to "support frame" twice in their definition of "engagingly support." However, the plain language of claim 19 already specifies that the support frame provides "engaging support" for the hinge member. Thus, there is no need to refer to "support frame" in the definition of "engagingly support." Second, Defendants refer to "an object" while claim 19 refers to a "display screen." Further, it is unnecessary to refer to "an object" in the definition of "engagingly support."

For the foregoing reasons, Plaintiff's proposed construction should be adopted.

## V.      CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court adopt Plaintiff's definitions, where proposed.

December 19, 2011                                Respectfully submitted,

                                                INTERNET MACHINES LLC

                                                By: /s/ *John J. Edmonds*
                                                John J. Edmonds – LEAD COUNSEL
                                                Texas State Bar No. 789758
                                                Michael J. Collins
                                                Texas Bar No. 4614510
                                                Stephen F. Schlather
                                                Texas Bar No. 24007993
                                                COLLINS, EDMONDS &
                                                POGORZELSKI, PLLC
                                                1616 S. Voss Rd., Suite 125
                                                Houston, Texas 77057
                                                Telephone: (713) 501-3425
                                                Facsimile: (832) 415-2535

jedmonds@cepiplaw.com
mcollins@cepiplaw.com
sschlather@cepiplaw.com

Andrew W. Spangler
Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
ADJUSTACAM LLC


## CERTIFICATE OF SERVICE

       I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with this filing via the Court's CM/ECF system and/or email per Local Rule CV-5(a)(3).

December 19, 2011                              _/s/ John J. Edmonds_
                                               John J. Edmonds