5855343

5855343

| UTILITY SERIAL NUMBER | 08/814168 | PATENT DATE JAN 05 1999 | PATENT NUMBER |
|---|---|---|---|

| SERIAL NUMBER | FILING DATE | CLASS | SUBCLASS | GROUP ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 08/814,168 | 03/07/97 | 248 | | 3505 | Pha |

**APPLICANTS**

DAVID E. KREKELBERG, MINNETONKA, MN.

**CONTINUING DATA*********************
VERIFIED

NONE

LDP

**FOREIGN/PCT APPLICATIONS***********
VERIFIED

NONE

LDP

FOREIGN FILING LICENSE GRANTED 10/06/97     ***** SMALL ENTITY *****

| Foreign priority claimed 35 USC 119 conditions met | ☐ yes ☑ no ☐ yes ☑ no | AS FILED ➡ | STATE OR COUNTRY | SHEETS DRWGS. | TOTAL CLAIMS | INDEP. CLAIMS | FILING FEE RECEIVED | ATTORNEY'S DOCKET NO. |
|---|---|---|---|---|---|---|---|---|
| Verified and Acknowledged | Examiner's initials | | MN | 2 | | 2 | $516.00 | 19239/103,10 |

**ADDRESS**

LAWRENCE M NAWROCKI
NAWROCKI RONNEY & SIVERTSON
BROADWAY PLACE EAST SUITE 201
3433 BROADWAY STREET NORTHEAST
MINNEAPOLIS MN 55413

**TITLE**

CAMERA CLIP

U.S. DEPT. OF COMM./ PAT. & TM—PTO-436L  (Rev.12-94)

| PARTS OF APPLICATION FILED SEPARATELY | | Applications Examiner |
|---|---|---|

| NOTICE OF ALLOWANCE MAILED | LONG DINH PHAN | CLAIMS ALLOWED | |
|---|---|---|---|
| 7/15/98 | Assistant Examiner   LDP | Total Claims 21 | Print Claim 1 |

| ISSUE FEE | | DRAWING | | |
|---|---|---|---|---|
| Amount Due 660.00 | Date Paid 10/20/08 | Sheets Drwg. 2 | Figs. Drwg. 7 | Print Fig. 2 |

NAME (?)
2PE (?)
536.32
Primary Examiner

| | ISSUE BATCH NUMBER 654 |
|---|---|

Label Area

**PREPARED FOR ISSUE**

**WARNING:**  The information disclosed herein may be restricted.  Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368.  Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only

Form PTO-436A
(Rev. 8/92)

SCAN-6.
OK KNC

ADJCAM000009

# PATENT APPLICATION



08814168

08/814168

APPROVED FOR LICENSE

INITIALS _____ _ _

| Date Entered or Counted | | CONTENTS | Date Received or Mailed |
|---|---|---|---|

1. Application _____ 2 _____ papers.

2. _Ltt Reception_                                    6/25/97

3. _Fee - rechage + Lick_                             8 27

5. _Rej 3 mos_                                        2/6 /98

5. _Ext Times ( 1 )_                                  6/18/ 98 artid

6. _amdt a_                                           1-12-98 off zt

7. _E/R.S interview Summary_                          7/

8. _E/R.S amdt P / B_                                 7/15/98

10-27-98  9. _____ 2 __ 7/15/98   10-...

10.         PTO GRANT JAN 0 5 1999

11. _____

12. _____

13. _____

14. _____

15. _____

16. _____

17. _____

18. _____

19. _____

20. _____

21. _____

22. _____

23. _____

24. _____

25. _____

26. _____

27. _____

28. _____

29. _____

30. _____

31. _____

32. _____

(FRONT)

ADJCAM000010

## SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 248 | 121 | 12/15/97 | LDP |
|  | 126 |  |  |
|  | 440.1 |  |  |
|  | 166 |  |  |
|  | 176.1 |  |  |
|  | 688 |  |  |
|  | 918 |  |  |
| 224 | 908 |  |  |
| 396 | 421 |  |  |
|  | 422 |  |  |
|  | 423 |  |  |
|  | 424 |  |  |
|  | 425 |  |  |
|  | 426 |  |  |
|  | 427 |  |  |
|  | 428 |  |  |
| SEARCH | UPDATED | 06/30/98 |  |

## SEARCH NOTES

|  | Date | Exmr. |
|---|---|---|
| Denby Depth of Class 248 | 12/15/98 | LDP |
| APS searched | | |
| (text searched) | 06/30/98 | |
| class 396 | | |
| (not searched) | | |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 248 | 121 | 07/07/98 | LDP |
|  | 126 |  |  |
|  | 440.1 |  |  |
|  | 166 |  |  |
|  | 176.1 |  |  |
|  | 688 |  |  |
|  | 918 |  |  |
| 224 | 908 |  |  |
|  | 421 → |  |  |
|  | → 428 |  |  |

(RIGHT OUTSIDE)

ADJCAM000011

Staple Issue Slip Here

| POSITION | ID NO. | DATE |
|---|---|---|
| CLASSIFIER | 12 | 4/16/97 |
| EXAMINER | UA | 6/23/97 |
| TYPIST | E42 | 10-8-97 |
| VERIFIER | // | // |
| CORPS CORR. | | |
| SPEC. HAND | 242 | 10-8-97 |
| FILE MAINT. | | |
| DRAFTING | | |

## INDEX OF CLAIMS

| Final | Original | Date 01 28 98 | 07 1 98 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | ✓ | = | | | | | | | | |
| 2 | 2 | ✓ | = | | | | | | | | |
| | 3 | ✓ | | | | | | | | | |
| 3 | 4 | ✓ | = | | | | | | | | |
| 4 | 5 | ✓ | = | | | | | | | | |
| 5 | 6 | ✓ | = | | | | | | | | |
| 5 | 7 | ✓ | | | | | | | | | |
| 6 | 8 | ✓ | = | | | | | | | | |
| | 9 | ✓ | | | | | | | | | |
| | 10 | ✓ | | | | | | | | | |
| 7 | 11 | ✓ | = | | | | | | | | |
| 8 | 12 | ✓ | = | | | | | | | | |
| 9 | 13 | ✓ | = | | | | | | | | |
| 10 | 14 | ✓ | = | | | | | | | | |
| | 15 | ✓ | | | | | | | | | |
| 11 | 16 | ✓ | = | | | | | | | | |
| 12 | 17 | ✓ | = | | | | | | | | |
| 13 | 18 | ✓ | = | | | | | | | | |
| 14 | 19 | ✓ | = | | | | | | | | |
| 15 | 20 | ✓ | = | | | | | | | | |
| 16 | 21 | ✓ | = | | | | | | | | |
| | 22 | ✓ | | | | | | | | | |
| | 23 | ✓ | | | | | | | | | |
| | 24 | ✓ | | | | | | | | | |
| 17 | 25 | ✓ | = | | | | | | | | |
| 18 | 26 | ✓ | = | | | | | | | | |
| 19 | 27 | | = | | | | | | | | |
| 20 | 28 | | = | | | | | | | | |
| 21 | 29 | | = | | | | | | | | |
| | 30 | | | | | | | | | | |
| | 31 | | | | | | | | | | |
| | 32 | | | | | | | | | | |
| | 33 | | | | | | | | | | |
| | 34 | | | | | | | | | | |
| | 35 | | | | | | | | | | |
| | 36 | | | | | | | | | | |
| | 37 | | | | | | | | | | |
| | 38 | | | | | | | | | | |
| | 39 | | | | | | | | | | |
| | 40 | | | | | | | | | | |
| | 41 | | | | | | | | | | |
| | 42 | | | | | | | | | | |
| | 43 | | | | | | | | | | |
| | 44 | | | | | | | | | | |
| | 45 | | | | | | | | | | |
| | 46 | | | | | | | | | | |
| | 47 | | | | | | | | | | |
| | 48 | | | | | | | | | | |
| | 49 | | | | | | | | | | |
| | 50 | | | | | | | | | | |

SYMBOLS

✓ .................................. Rejected
= .................................. Allowed
- (Through numberal) Canceled
+ .................................. Restricted
N .................................. Non-elected
I .................................. Interference
A .................................. Appeal
O .................................. Objected

| Final | Original | Date | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 51 | | | | | | | | |
| | 52 | | | | | | | | |
| | 53 | | | | | | | | |
| | 54 | | | | | | | | |
| | 55 | | | | | | | | |
| | 56 | | | | | | | | |
| | 57 | | | | | | | | |
| | 58 | | | | | | | | |
| | 59 | | | | | | | | |
| | 60 | | | | | | | | |
| | 61 | | | | | | | | |
| | 62 | | | | | | | | |
| | 63 | | | | | | | | |
| | 64 | | | | | | | | |
| | 65 | | | | | | | | |
| | 66 | | | | | | | | |
| | 67 | | | | | | | | |
| | 68 | | | | | | | | |
| | 69 | | | | | | | | |
| | 70 | | | | | | | | |
| | 71 | | | | | | | | |
| | 72 | | | | | | | | |
| | 73 | | | | | | | | |
| | 74 | | | | | | | | |
| | 75 | | | | | | | | |
| | 76 | | | | | | | | |
| | 77 | | | | | | | | |
| | 78 | | | | | | | | |
| | 79 | | | | | | | | |
| | 80 | | | | | | | | |
| | 81 | | | | | | | | |
| | 82 | | | | | | | | |
| | 83 | | | | | | | | |
| | 84 | | | | | | | | |
| | 85 | | | | | | | | |
| | 86 | | | | | | | | |
| | 87 | | | | | | | | |
| | 88 | | | | | | | | |
| | 89 | | | | | | | | |
| | 90 | | | | | | | | |
| | 91 | | | | | | | | |
| | 92 | | | | | | | | |
| | 93 | | | | | | | | |
| | 94 | | | | | | | | |
| | 95 | | | | | | | | |
| | 96 | | | | | | | | |
| | 97 | | | | | | | | |
| | 98 | | | | | | | | |
| | 99 | | | | | | | | |
| | 100 | | | | | | | | |

(LEFT INSIDE)

ADJCAM000012

☆U.S.GOVERNMENT PRINTING OFFICE 1997-430-220

| PATENT NUMBER | ORIGINAL CLASSIFICATION | | |
|---|---|---|---|
| | CLASS | SUBCLASS | |
| | 248 | 121 | |

| APPLICATION SERIAL NUMBER | CROSS REFERENCE(S) | | | |
|---|---|---|---|---|
| 08/814,168 | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | |

APPLICANT'S NAME (PLEASE PRINT)

| | 248 | 126 | 918 | | |
|---|---|---|---|---|---|
| DAVID E. KREKELBERG | | | | | |

IF REISSUE, ORIGINAL PATENT NUMBER

| INTERNATIONAL CLASSIFICATION | | | | |
|---|---|---|---|---|
| A | 4 | 7 | G | 29/00 |

| | |
|---|---|
| GROUP ART UNIT | ASSISTANT EXAMINER (PLEASE STAMP OR PRINT FULL NAME) LONG DINH PHAN |
| 3632 | PRIMARY EXAMINER (PLEASE STAMP OR PRINT FULL NAME) RAMON O. RAMIREZ |

PTO 270
(REV. 5-91)

ISSUE CLASSIFICATION SLIP

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

ADJCAM000013



US005855343A

# United States Patent [19]

## Krekelberg

[11] **Patent Number:** **5,855,343**

[45] **Date of Patent:** **Jan. 5, 1999**

[54] **CAMERA CLIP**

[75] Inventor: **David E. Krekelberg**, Minnetonka, Minn.

[73] Assignee: **iREZ Research, Corporation**, Minnetonka, Minn.

[21] Appl. No.: **814,168**

[22] Filed: **Mar. 7, 1997**

[51] **Int. Cl.$^6$** ..................................................... **A47G 29/00**

[52] **U.S. Cl.** ........................... **248/121**; 248/126; 248/918

[58] **Field of Search** ..................................... 248/121, 126,
248/440.1, 166, 176.1, 688, 918; 224/908;
396/421, 422, 423, 424, 425, 426, 427,
428

[56] **References Cited**

U.S. PATENT DOCUMENTS

1,208,344   12/1916   McAll ..................................... 248/126

*Primary Examiner*—Ramon O. Ramirez
*Assistant Examiner*—Long Dinh Phan
*Attorney, Agent, or Firm*—Nawrocki, Rooney & Sivertson, P.A.

[57] **ABSTRACT**

A clip for supporting a portable camera either on a surface or on an edge of a housing, and for protecting the lens of the camera when the camera is not being supported. The clip provides two axis of rotation to position the camera to any desired viewing angle. The clip may be rotated to a first position to support the camera on a surface of a table or desk. The clip may be rotated to a second position to support the camera on the display screen of a laptop computer. When the camera is not being supported in the first position or the second position, the camera may be rotated to be releasably held by the clip to protect the camera and lens during storage.

**21 Claims, 2 Drawing Sheets**



**U.S. Patent**          Jan. 5, 1999          Sheet 1 of 2          **5,855,343**



**U.S. Patent**     Jan. 5, 1999     Sheet 2 of 2     **5,855,343**

*Fig. 5*



*Fig. 6*

*Fig. 7*



ADJCAM000016

5,855,343

1

# CAMERA CLIP

## FIELD OF THE INVENTION

This invention relates to a clip for holding a camera. More particularly it relates to a clip for supporting a portable camera either on a surface or on an edge of a housing, and for protecting the lens of the camera when the camera is not being supported.

## BACKGROUND OF THE INVENTION

With portable cameras, it is desirable to have an apparatus which can support the camera in any number of desired configurations. The apparatus must easily accommodate repositioning the camera to new orientations during use, and must be easily transportable. This is especially true when using the camera with a portable computer, such as a laptop computer. With increasing improvements in technology, both the laptop computer and camera have become smaller over time, emphasizing the need for a compatible camera support apparatus. The camera support apparatus must be versatile, light in weight, and be easily transportable to accommodate the new camera and laptop designs, and must desirably facilitate easy and safe storage of the camera. Often times portable computers are stored in carry bags which may be fully loaded with other hardware devices, such as disk drives or printers, as well as with personal effects, making for cramped storage conditions. The camera support apparatus must desirably protect the camera from damage during transport under these cramped storage conditions to avoid the necessity for separate storage means in order to maintain camera portability.

In the past, camera support apparatus were not easily transportable. Often times these apparatus utilized designs which incorporated a tripod approach, or which used one or more telescoping arms to support the camera. These designs attempted to support the camera during use, and then collapse to a smaller size to facilitate storage or transportation. While these designs were transportable, often times even the collapsed size of the prior art camera support apparatus could not be easily accommodated by a laptop computer bag. These prior art apparatus also did not provide means to protect the camera during transport, and if constructed of hard, exposed materials, tended to damage the cameras.

Another problem with prior art camera support apparatus was that they could not easily accommodate the variety of applications desired for portable cameras. These applications ranged from supporting the camera on the surface of a desk or table to supporting the camera on the upright display screen of a laptop computer. With the prior art, often times more than one camera support apparatus was necessary in order to support the desired range of applications. This unfortunately adversely impacted portability of the camera.

Thus, a desire was created within the industry for a small, easily transportable camera support apparatus for supporting the camera on both horizontal surfaces, such as the surface of a desk or table, and vertical surfaces, such as the display screen of a laptop computer, and to protect the camera during storage and transport.

## SUMMARY OF THE INVENTION

Accordingly, it is an object of the invention to provide a clip for supporting a portable camera either on a surface or on an edge of a housing, and for protecting the lens of the camera when the camera is not being supported. The clip provides two axis of rotation to position the camera to any

2

desired viewing angle. The clip may be rotated to a first position to support the camera on a surface of a table or desk. The clip may be rotated to a second position to support the camera on a display screen of a laptop computer. When the camera is not being supported in the first position or the second position, the camera may be rotated to be releasably held by the clip to protect the camera and lens during storage.

In a preferred embodiment of the present invention, an apparatus is provided for supporting a camera on an object where the apparatus comprises a hinge member and a support frame. The hinge member is rotatably attached to the camera where the camera rotates over a first axis of rotation relative to the hinge member. A support frame is hingedly attached to the hinge member to engagingly support the hinge member on the object, where the hinge member rotates over a second axis of rotation relative to the support frame. The first axis of rotation is perpendicular to the second axis of rotation, and the second axis of rotation is substantially parallel to a first surface of the object when the hinge member is engagingly supported on the object. In the preferred embodiment, the support frame further has a rear support element and first and second front support elements. In the preferred embodiment, the rear support element and the first and second front support elements support the camera in the first position on the first surface when the rear support element and the first and second front support elements are engaging the first surface when the first surface is substantially level. In the preferred embodiment, the rear support element and the first and second front support elements engage the first surface at three locations in a plane of the first surface to prevent rotation of the support frame relative to the first surface in any direction within the plane of the first surface. In the preferred embodiment, when the support frame is in the first position, the object may be the top of a table where the first surface is a top surface of the table. The object may also be a desk top where the first surface is a top surface of the desk.

In the preferred embodiment, the rear support element and the first and second front support elements support the camera in a second position on the first surface adjacent an edge when the first surface is inclined from the substantially level position. The object has a second surface wherein a thickness between the first surface and the second surface defines an edge therebetween. The camera is maintained adjacent to the edge in the second position where the uppermost portion of the object is the edge. The rear support element engages a first surface and the first and second support elements engage the edge and the second surface. The rear support element and the first and second front support elements, in combination, maintain the camera adjacent the edge and prevent rotation of the support frame along an axis substantially parallel to the second axis where the second axis is substantially parallel to the edge. In a preferred embodiment, the rear support element and the first and second front support elements support the camera in the second position on the first surface adjacent the edge when a first distance from the edge to the position where the rear support element engages the first surface is greater than a second distance from the edge to the position where the first and second front support elements engage the second surface, a center of gravity of the camera and the hinge member being adjacent and external to the first surface in combination with the first distance being greater than the second distance prevents rotation of the support frame along the axis substantially parallel to the second axis of rotation. In the preferred embodiment, when the support frame is in the

5,855,343

**3**

second position, the object may be a display screen for a laptop computer, where the second surface is the front of the display screen and the first surface is the back of the display screen.

In the preferred embodiment, the support frame has means to releasably hold and protect the camera during storage. The camera may be rotated about the second axis in a direction from the first and second front support elements towards the rear support element of the support frame until the camera is in a position between and is releasably held by the rear support element and the first and second front support elements. In the preferred embodiment, the rear support element has means to protect a lens of the camera which is a cover mounted at a distal end of the rear support element. The lens of the camera faces a direction of rotation about the second axis from the first and second front support elements to the rear support element of the support frame to allow the lens of the camera to be fitably received into the cover when the camera is releasably held between the rear support element and the first and second front support elements.

In the preferred embodiment, the first and second front support elements are spaced a distance apart at a distance less than a diameter of a housing of the camera, where the camera is rotated about the second axis in the direction towards the rear support element so that the housing passes between the first and second front support elements. The first and second front support elements resiliently and outwardly flex to accommodate passage of the housing. The housing is releasably held after passing between the first and second front support elements by the rear support element engaging the housing at the lens, where the first and second front support elements engage the housing backside at a first indentation and a second indentation respectively to resiliently urge the housing towards the rear support element.

In the preferred embodiment, the hinge member is further comprised of a body having a proximal and a distal end where a pivot element at the proximal end of the body rotatably attaches the camera to the body so that the camera rotates about the first axis relative to the body. A hinge element at the distal end of the body hingedly attaches the body to the support frame so that the body rotates about the second axis relative to the support frame. In the preferred embodiment, the camera has an electrical wiring harness to couple from an interior to an exterior of the camera, and the pivot element has a bore parallel to the first axis of rotation to receive the electrical wiring harness to pass the wiring harness from the interior to the exterior of the camera.

BRIEF DESCRIPTION OF THE DRAWINGS

Other objects of the present invention and many of the attendant advantages of the present invention will be readily appreciated as the same becomes better understood by reference to the following detailed description when considered in connection with the accompanying drawings, in which like reference numerals designate like parts throughout the figures thereof and wherein:

FIG. 1 is a perspective view of the "Camera Clip" invention;

FIG. 2 is a side view showing a first mode of a preferred embodiment of the present invention;

FIG. 3 is a detailed front view of the "Camera Clip" invention;

FIG. 4 is a side view showing a second mode of the preferred embodiment of the present invention;

FIG. 5 is a side view showing a third mode of the preferred embodiment of the present invention;

**4**

FIG. 6 is a detailed side view showing the third mode wherein the lens of the camera is being fitably received by the cover; and

FIG. 7 is a front view showing the third mode of the preferred embodiment of the present invention.

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENTS

Referring now to the drawings, wherein like reference numerals refer to like elements throughout the several views, FIG. 1 is a perspective view of the camera clip invention. FIG. 1 shows generally a camera apparatus 10 having a camera 12 and a camera clip 14. Camera clip 14 is further comprised of a hinge member 16 and a support frame 18. Camera 12 is comprised of housing 20 and lens 22, and has a housing backside 24 which is the side of the housing opposite of lens 22. Hinge member 16 is rotatably attached to camera 12, where camera 12 rotates over a first axis 26 in a direction shown by arrow 28 relative to hinge member 16. Support frame 18 is hingedly attached to hinge member 16 to engagingly support hinge member 16 on an object 30 (see also, FIG. 2). Hinge member 16 rotates over a second axis 32 in the direction shown by arrow 34 relative to support frame 18. First axis 26 is perpendicular to second axis 32. Second axis 32 is substantially parallel to a first surface 36 when hinge member 16 is engagingly supported on object 30 (see also, FIG. 2). Support frame 18 has a first portion consisting of first support element 38 and a second portion consisting of a first front support element 40 and a second front support element 42. Housing 20 has a first indentation 25 and a second indentation 27 to slidably and fittably receive distal end 41 of first front support element 40 and distal end 43 of second front support element 42 when first front support element 40 and second front support element 42 are rotated in the direction of arrow 34 to engage housing backside 24.

FIG. 2 is a side view showing a first mode of a preferred embodiment of the present invention. Rear support element 38, first front support element 40 and second front support element 42 support camera 12 in the first position 44, on the first surface 36, when rear support element 38, first front support element 40 and second front support element 42 are engaging first surface 36 and first surface 36 is substantially level. In the first position 44, camera 12 may be pivoted upon support frame 18 from a position 46 to a position 48. It is recognized that camera 12 may be pivoted to any number of positions about second axis 32 in the direction shown by arrow 34. In the preferred embodiment, rear support element 38, first front support element 40 and second front support element 42 support the camera in first position 44, on first surface 36, when rear support element 38, first front support element 40 and second front support element 42 engage first surface 36 at three locations in a plane 50 of first surface 36. Engagement of first surface 36 at three or more locations prevents rotation of support frame 18 relative to first surface 36 in any direction within plane 50 of first surface 36. It is understood that in the preferred embodiment, rear support element 38, first front support element 40 and second front support element 42 may utilize any number of desired geometries to engage first surface 36 to prevent rotation of support frame 18 relative to first surface 36 in any direction within plane 50 of first surface 36. In the preferred embodiment, when support frame 18 is in the first position 44, the object may be a top of a table and first surface 36 may be a top surface of the table. Likewise, object 30 may be a desk top, where first surface 36 is a top surface of the desk.

ADJCAM000018

5,855,343

5

FIG. 4 is a side view showing a second mode of the preferred embodiment of the present invention. The second mode occurs when rear support element 38, first front support element 40 and second front support element 42 support camera 12 in a second position 52 on a first surface 54 adjacent an edge 56. Second position 52 corresponds to first surface 54 being inclined from the substantially level position (see also, FIG. 2). In FIG. 4, object 58 has a second surface 60, where a thickness d1 between first surface 54 and second surface 60 defines the edge 56 therebetween. Camera 12 is maintained adjacent edge 56 in second position 52 when the uppermost portion of object 58 is edge 56. Rear support element 38 engages first surface 54, and first front support element 40 and second front support element 42 engage edge 56 and second surface 60. Rear support element 38, first front support element 40 and second front support element 42, in combination, maintain camera 12 adjacent edge 56 and prevent rotation of support frame 18 along an axis substantially parallel to second axis 32, where second axis 32 is substantially parallel to edge 56. Rear support element 38, first front support element 40 and second front support element 42 support camera 12 in second position 52 on the first surface 54 adjacent edge 56 when a first distance 64 measured between edge 56 and position 66 is greater than a second distance 68. Second distance 68 is measured between edge 56 and position 70, where first front support element 40 and second front support element 42 engage second surface 60. The center of gravity shown in the direction of arrow 72 of camera 12 and hinge member 16 being adjacent and external to first surface 54 in combination with first distance 64 being greater than second distance 68 prevent rotation in the direction of arrow 62 of support frame 18. In the preferred embodiment, object 58 may be a display screen for a laptop computer when support frame 18 is in second position 52, where second distance 60 is the front of the display screen and first surface 54 is the back of the display screen. FIG. 4 shows hinge member 16 comprised of a body 74 having a proximal end 76 and a distal end 78. A pivot element 80 at proximal end 76 of body 74 rotatably attaches camera 12 to body 74 so the camera may rotate about first axis 26 relative to body 74. A hinge element 82 at distal end 78 of body 74 hingedly attaches body 74 to support frame 18 so body 74 rotates about second axis 32 relative to support frame 18. FIG. 4 further shows camera 12 having an electrical wiring harness 84 to couple from an interior 86 to an exterior 88 of camera 12. Pivot element 80 has a bore 90 parallel to first axis 26 to receive electrical wiring harness 84 to pass wiring harness 84 from interior 86 to exterior 88 of camera 12. While the embodiments shown in the drawing figures and discussed herein illustrate a wiring harness 84 passing through a bore 90 parallel to first axis 26, it will be understood that other embodiments are contemplated. For example, wiring harness could enter body 74 at a location angularly spaced upward from bore 90.

FIGS. 5–7 show various perspectives of a third mode of the preferred embodiment of the present invention. FIG. 5 is a side view, FIG. 6 is a detailed side view showing the lens of the camera being fitably received by the cover, and FIG. 7 is a front view. The third mode of the preferred embodiment of the present invention is shown when camera 12 is rotated about second axis 32 along the direction shown by arrow 34 in a direction from the first front support element 40 and the second front support element 38 of support frame 18. This rotation is continued in the third mode until camera 12 is in a position 63 between rear support element 38 and first front support element 40 and second front support element 42. In this

6

position, distal end 41 of first support element 40 and distal end 43 of second front support element 42 slidably and fittably engage first indentation 25 and second indentation 27 respectively of housing 20 at housing backside 24. Camera 12 is then releasably held between rear support element 38 and first front support element 40 and second front support element 42. Rear support element 38 further has means to protect a lens 22 of camera 12, which is cover 90. Cover 90 is mounted at a distal end 92 of rear support element 38. Lens 22 of camera 12 faces in the direction of arrow 92, which is the direction of rotation about second axis 32 from first front support element 40 and second front support element 42 to rear support element 38 of support frame 18. Cover 90 fitably receives lens 22 of camera 12. Cover 90 has a raised portion 95 sized to be accommodated by lens 22 of camera 12. Support frame 14, in a third mode of the preferred embodiment of the present invention, releasably holds and protects camera 12 during storage.

FIG. 3 is a detailed front view of the camera clip invention. FIG. 3 shows first front support element 40 and second front support element 42 being spaced a distance apart by a distance 94. Camera 12 further has a housing 20 which may be spherical in shape in the preferred embodiment. Housing 20 has a diameter shown as distance 96, wherein the preferred embodiment, distance 96 is greater than distance 94. When camera 12 is rotated about the second axis 32 in the direction towards rear support element 38 in the direction of arrow 92 so that housing 20 passes between first front support element 40 and second front support element 42, first front support element 40 and second front support element 42 resiliently and outwardly flex to accommodate passage of housing 20. Housing 20 is releasably held once passing between first front support element 40 and second front support element 42 by rear support element 38 engaging housing 20 at lens 22 and distal end 41 of first front support element 40 and distal end 43 of second front support element 42 slidably and fittably engaging first indentation 25 and second indentation 27 respectively of housing 20 at housing backside 24. When housing 20 is releasably held, first front support element 40 and second front support element 42 resiliently urge housing 20 towards rear support element 38 so that lens 22 of camera 12 is fitably received into cover 90.

Having thus described the preferred embodiments of the present invention, those of skill in the art will readily appreciate that yet other embodiments may be made and used within the scope of the claims hereto attached.

What is claimed:

1. Apparatus for supporting a camera, having a lens, on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface, comprising:

   a. a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member; and

   b. a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object, said hinge member rotating about a second axis of rotation relative to said support frame, said first axis of rotation being generally perpendicular to said second axis of rotation, said second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object, said support frame having a first disposition positioned on said generally horizontal, substantially

5.855.343

7

planar surface, and said support frame having a second disposition attached to the object when said first surface and said second surface are inclined from a generally horizontal orientation, the camera being maintained adjacent said edge in said second disposition of said support frame.

2. Apparatus according to claim 1 wherein the support frame comprises a first portion and a second portion, the support frame being in the first disposition on the generally horizontal, substantially planar surface when distal extremities of said first portion and said second portion are engaging the generally horizontal, substantially planar surface, and the support frame being in the second disposition on the object when said first portion is engaging the first surface and said second portion is engaging the second surface, said first portion and said second portion in combination maintaining the camera adjacent the edge.

3. Apparatus according to claim 2 wherein the support frame includes a cover adapted to protect the camera lens when the camera is rotated about the second axis until the camera is between the first portion and the second portion.

4. Apparatus according to claim 3 wherein the first portion of the support frame further includes said cover, said cover being mounted at the distal end of the first portion and adapted the lens of the camera.

5. Apparatus according to claim 2 wherein the support frame is in the first disposition when the first portion and the second portion engage the generally horizontal, substantially planar surface at three or more locations in a common plane, thereby preventing rotation of the support frame relative to the generally horizontal, substantially planar surface in any direction.

6. Apparatus according to claim 2 wherein the support frame is in the second disposition when a first distance from the edge to a location where the first portion engages the first surface is greater than a second distance from the edge to a location where the second portion engages the second surface, thus preventing rotation of the support frame.

7. Apparatus according to claim 1 wherein the object is a display screen for a laptop computer, and the second surface is the front of the display screen and the first surface is the back of the display screen.

8. Apparatus according to claim 1 wherein the hinge member includes a body having a proximal and a distal end. a pivot element at said proximal end of said body adapted to rotatably attach the camera to the body so that the camera rotates about the first axis relative to the body, and a hinge element at said distal end of said body hingedly attaching said body to the support frame so that said body rotates. about the second axis, relative to the support frame.

9. Apparatus according to claim 8 wherein the pivot element has a bore along the first axis of rotation to receive an electrical wiring harness and pass said wiring harness to the camera.

10. Apparatus for supporting a camera, having a housing and a lens, on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface, and an edge intersecting the first surface and the second surface, comprising:

    a. a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation relative to said hinge member; and

    b. a support frame rotatably attached to said hinge member and configured to support said hinge member on the first surface and the object, said hinge member rotating about a second axis of rotation relative to said support

8

frame, said first axis of rotation being generally perpendicular to said second axis of rotation, said second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object, the support frame having a rear support element and a first and a second front support element, said support frame having a first disposition positioned on said generally horizontal, substantially planar surface when said rear support element and said first and second front support elements are engaging said generally horizontal, substantially planar surface, said support frame having a second disposition attached to the object when the first surface is inclined from a substantially horizontal position so that an uppermost extremity of the object is the edge, the support frame being maintained in said second disposition by said rear support element engaging said first surface and said first and second front support elements engaging the second surface, said rear support element and said first and second front support elements in combination preventing rotation of the support frame.

11. Apparatus according to claim 10 wherein the support frame adapted to protect the camera when the camera is rotated about the second axis towards the rear support element of the support frame until the camera is between the rear support element and the first and second front support elements, and is releasably held between the rear support element and the first and second front support elements.

12. Apparatus according to claim 11 wherein the first and second front support elements are spaced a distance apart, and wherein said distance is less than a diameter of the housing of the camera so that as the camera is being rotated about the second axis in the direction towards the rear support element, said housing passes between the first and second front support elements and the first and second front support elements resiliently flex outwardly to accommodate passage of said housing, said housing being releasably held once passing between the first and second front support elements by the rear support element engaging said housing at the lens.

13. Apparatus according to claim 11 wherein the first portion of the support frame further has a cover, said cover being mounted at a distal end of the rear support element and adapted to receive the lens of the camera when the camera is releasably held between the rear support element and the first and second front support elements.

14. Apparatus according to claim 10 wherein the support frame is in the first disposition when the rear support element and the first and second front support elements engage the generally horizontal, substantially planar surface at three or more locations in a common plane of the generally horizontal, substantially planar surface to prevent rotation of the support frame relative to the generally horizontal, substantially planar surface.

15. Apparatus according to claim 10 wherein the support frame is in the first disposition positioned on the generally horizontal, substantially planar surface when the rear support element and the first and second front support elements engage the generally horizontal, substantially planar surface to prevent rotation of the support frame relative to the generally horizontal, substantially planar surface.

16. Apparatus according to claim 10 wherein support frame is in the second disposition when a first distance from the edge to a location where the rear support element engages the first surface is greater than a second distance from the edge to a location where the first and second front support elements engage the second surface, the first dis-

ADJCAM000020

5,855,343

9            10

tance being greater than the second distance thus preventing rotation of the support frame.

**17.** Apparatus according to claim **10** wherein the hinge member includes a body having a proximal and a distal end, a pivot element at said proximal end of said body adapted to rotatably attach the camera to the body so that the camera rotates about the first axis relative to the body, and a hinge element at said distal end of said body hingedly attaching said body to the support frame so that said body rotates about the second axis relative to the support frame.

**18.** Apparatus according to claim **17** wherein the pivot element has a bore along the first axis of rotation to receive said electrical wiring harness and pass said wiring harness to the camera.

**19.** A camera clip for supporting a camera on a laptop computer, the laptop computer having a display screen which can be inclined from a generally horizontal position, an uppermost portion of the display screen defining an edge, comprising:

    a. a hinge member adapted to be rotatably attached to the camera, said camera rotating about a first axis of rotation relative to said hinge member; and

    b. a support frame hingedly attached to said hinge member to engagingly support said hinge member on the display screen, said hinge member rotating over a second axis of rotation relative to said support frame, the camera being maintained adjacent the edge, rotation of said support frame being prevented along an axis substantially parallel to said second axis where said second axis is substantially parallel to said edge.

**20.** Apparatus for supporting a camera having a lens on a substantially level surface, comprising:

    a. a hinge member adapted to be rotatably attached to the camera, the camera rotating about a first axis of rotation relative to said hinge member; and

    b. a support frame rotatably attached to said hinge member and configured to support said hinge member on a generally horizontal, substantially planar surface, said hinge member rotating about a second axis of rotation relative to said support frame, said first axis of rotation being generally perpendicular to said second axis of rotation, said second axis of rotation being substantially parallel to the generally horizontal, substantially planar surface when said hinge member is supported on the generally horizontal, substantially planar surface, said

support frame having a first portion and a second portion wherein said support frame protects the camera when said hinge member is not supported on the generally horizontal, substantially planar surface, and when the camera is rotated around said second axis in a direction from said second portion towards said first portion of said support frame until the camera is between said first portion and said second portion and is releasably held between said first portion and said second portion.

**21.** Apparatus for supporting a camera, having a lens, on an object having a first surface and a second surface, wherein a thickness measured between the first surface and the second surface defines an edge therebetween, comprising:

    a. a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so adapted, rotating about a first axis of rotation relative to said hinge member; and

    b. a support frame rotatably attached to said hinge member and configured to support said hinge member on the object, said hinge member rotating about a second axis of rotation relative to said support frame, said first axis of rotation being generally perpendicular to said second axis of rotation, said second axis of rotation being substantially parallel to the first surface when said hinge member is supported by said support frame on the object, said support frame supporting said hinge member on the object when said first surface is inclined from a substantially horizontal position, the camera being maintained adjacent the edge when an uppermost extremity of the object is the edge, rotation of said support frame being precluded about an axis substantially parallel to said second axis, said second axis being substantially parallel to said edge, said support frame having a first portion and a second portion wherein said support frame releasably holds and protects the camera when said hinge member is not supported by said support frame on the object and the camera is rotated around said second axis in a direction from said second portion towards said first portion of said support frame until the camera is between said first portion and said second portion and is releasably held between said first portion and said second portion.

*   *   *   *   *

ADJCAM000021

PATENT APPLICATION SERIAL NO. **08/874168**

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

10/31/97

PTO-1556
(5/87)

ADJCAM000022

## Abstract of the Disclosure

A clip for supporting a portable camera either on a surface or on an edge of a housing, and for protecting the lens of the camera when the camera is not being supported.

5    The clip provides two axis of rotation to position the camera to any desired viewing angle. The clip may be rotated to a first position to support the camera on a surface of a table or desk. The clip may be rotated to a second position to support the camera on the display screen of a laptop computer.

10   When the camera is not being supported in the first position or the second position, the camera may be rotated to be releasably held by the clip to protect the camera and lens during storage.

27

ADJCAM000023

08/814168

CAMERA CLIP

Field of the Invention

This invention relates to a clip for holding a camera.
More particularly it relates to a clip for supporting a
5     portable camera either on a surface or on an edge of a
housing, and for protecting the lens of the camera when the
camera is not being supported.

Background of the Invention

With portable cameras, it is desirable to have an
10    apparatus which can support the camera in any number of
desired configurations.  The apparatus must easily accommodate
repositioning the camera to new orientations during use, and
must be easily transportable.  This is especially true when
using the camera with a portable computer, such as a laptop
15    computer.  With increasing improvements in technology, both
the laptop computer and camera have become smaller over time,
emphasizing the need for a compatible camera support
apparatus.  The camera support apparatus must be versatile,
light in weight, and be easily transportable to accommodate
20    the new camera and laptop designs, and must desirably
facilitate easy and safe storage of the camera.  Often times
portable computers are stored in carry bags which may be fully
loaded with other hardware devices, such as disk drives or
printers, as well as with personal effects, making for cramped
25    storage conditions.  The camera support apparatus must
desirably protect the camera from damage during transport
under these cramped storage conditions to avoid the necessity

ADJCAM000024

for separate storage means in order to maintain camera portability.

In the past, camera support apparatus were not easily transportable. Often times these apparatus utilized designs which incorporated a tripod approach, or which used one or more telescoping arms to support the camera. These designs attempted to support the camera during use, and then collapse to a smaller size to facilitate storage or transportation. While these designs were transportable, often times even the collapsed size of the prior art camera support apparatus could not be easily accommodated by a laptop computer bag. These prior art apparatus also did not provide means to protect the camera during transport, and if constructed of hard, exposed materials, tended to damage the cameras.

Another problem with prior art camera support apparatus was that they could not easily accommodate the variety of applications desired for portable cameras. These applications ranged from supporting the camera on the surface of a desk or table to supporting the camera on the upright display screen of a laptop computer. With the prior art, often times more than one camera support apparatus was necessary in order to support the desired range of applications. This unfortunately adversely impacted portability of the camera.

Thus, a desire was created within the industry for a small, easily transportable camera support apparatus for supporting the camera on both horizontal surfaces, such as the

2

ADJCAM000025

surface of a desk or table, and vertical surfaces, such as the display screen of a laptop computer, and to protect the camera during storage and transport.

### Summary of the Invention

5      Accordingly, it is an object of the invention to provide a clip for supporting a portable camera either on a surface or on an edge of a housing, and for protecting the lens of the camera when the camera is not being supported.   The clip provides two axis of rotation to position the camera to any

10     desired viewing angle.   The clip may be rotated to a first position to support the camera on a surface of a table or desk.   The clip may be rotated to a second position to support the camera on a display screen of a laptop computer.  When the camera is not being supported in the first position or the

15     second position, the camera may be rotated to be releasably held by the clip to protect the camera and lens during storage.

In a preferred embodiment of the present invention, an apparatus is provided for supporting a camera on an object

20     where the apparatus comprises a hinge member and a support frame.   The hinge member is rotatably attached to the camera where the camera rotates over a first axis of rotation relative to the hinge member.   A support frame is hingedly attached to the hinge member to engagingly support the hinge

25     member on the object, where the hinge member rotates over a second axis of rotation relative to the support frame.   The

3

ADJCAM000026

first axis of rotation is perpendicular to the second axis of rotation, and the second axis of rotation is substantially parallel to a first surface of the object when the hinge member is engagingly supported on the object.   In the

5   preferred embodiment, the support frame further has a rear support element and first and second front support elements. In the preferred embodiment, the rear support element and the first and second front support elements support the camera in the first position on the first surface when the rear support

10   element and the first and second front support elements are engaging the first surface when the first surface is substantially level.   In the preferred embodiment, the rear support element and the first and second front support elements engage the first surface at three locations in a

15   plane of the first surface to prevent rotation of the support frame relative to the first surface in any direction within the plane of the first surface.   In the preferred embodiment, when the support frame is in the first position, the object may be the top of a table where the first surface is a top

20   surface of the table.   The object may also be a desk top where the first surface is a top surface of the desk.

In the preferred embodiment, the rear support element and the first and second front support elements support the camera in a second position on the first surface adjacent an edge

25   when the first surface is inclined from the substantially level position.   The object has a second surface wherein a

4

ADJCAM000027

thickness between the first surface and the second surface defines an edge therebetween.   The camera is maintained adjacent to the edge in the second position where the uppermost portion of the object is the edge.   The rear support

5      element engages a first surface and the first and second support elements engage the edge and the second surface.   The rear support element and the first and second front support elements, in combination, maintain the camera adjacent the edge and prevent rotation of the support frame along an axis

10     substantially parallel to the second axis where the second axis is substantially parallel to the edge.   In a preferred embodiment, the rear support element and the first and second front support elements support the camera in the second position on the first surface adjacent the edge when a first

15     distance from the edge to the position where the rear support element engages the first surface is greater than a second distance from the edge to the position where the first and second front support elements engage the second surface.   A center of gravity of the camera and the hinge member being

20     adjacent and external to the first surface in combination with the first distance being greater than the second distance prevents rotation of the support frame along the axis substantially parallel to the second axis of rotation.   In the preferred embodiment, when the support frame is in the second

25     position, the object may be a display screen for a laptop computer, where the second surface is the front of the display

5

ADJCAM000028

screen and the first surface is the back of the display screen.

In the preferred embodiment, the support frame has means to releasably hold and protect the camera during storage. The camera may be rotated about the second axis in a direction from the first and second front support elements towards the rear support element of the support frame until the camera is in a position between and is releasably held by the rear support element and the first and second front support elements. In the preferred embodiment, the rear support element has means to protect a lens of the camera which is a cover mounted at a distal end of the rear support element. The lens of the camera faces a direction of rotation about the second axis from the first and second front support elements to the rear support element of the support frame to allow the lens of the camera to be fitably received into the cover when the camera is releasably held between the rear support element and the first and second front support elements.

In the preferred embodiment, the first and second front support elements are spaced a distance apart at a distance less than a diameter of a housing of the camera, where the camera is rotated about the second axis in the direction towards the rear support element so that the housing passes between the first and second front support elements. The first and second front support elements resiliently and outwardly flex to accommodate passage of the housing. The

6

ADJCAM000029

housing is releasably held after passing between the first and second front support elements by the rear support element engaging the housing at the lens, where the first and second front support elements engage the housing backside at a first

5   indentation and a second indentation respectively to resiliently urge the housing towards the rear support element.

In the preferred embodiment, the hinge member is further comprised of a body having a proximal and a distal end where a pivot element at the proximal end of the body rotatably

10   attaches the camera to the body so that the camera rotates about the first axis relative to the body. A hinge element at the distal end of the body hingedly attaches the body to the support frame so that the body rotates about the second axis relative to the support frame. In the preferred embodiment,

15   the camera has an electrical wiring harness to couple from an interior to an exterior of the camera, and the pivot element has a bore parallel to the first axis of rotation to receive the electrical wiring harness to pass the wiring harness from the interior to the exterior of the camera.

20                     Brief Description of the Drawings

Other objects of the present invention and many of the attendant advantages of the present invention will be readily appreciated as the same becomes better understood by reference to the following detailed description when considered in

25   connection with the accompanying drawings, in which like reference numerals designate like parts throughout the figures

7

ADJCAM000030

thereof and wherein:

FIG. 1 is a perspective view of the "Camera Clip" invention;

FIG. 2 is a side view showing a first mode of a preferred embodiment of the present invention;

FIG. 3 is a detailed front view of the "Camera Clip" invention;

FIG. 4 is a side view showing a second mode of the preferred embodiment of the present invention;

FIG. 5 is a side view showing a third mode of the preferred embodiment of the present invention;

FIG. 6 is a detailed side view showing the third mode wherein the lens of the camera is being fitably received by the cover; and

FIG. 7 is a front view showing the third mode of the preferred embodiment of the present invention.

## Detailed Description of the Preferred Embodiments

Referring now to the drawings, wherein like reference numerals refer to like elements throughout the several views, Fig. 1 is a perspective view of the camera clip invention. Fig. 1 shows generally a camera apparatus 10 having a camera 12 and a camera clip 14. Camera clip 14 is further comprised of a hinge member 16 and a support frame 18. Camera 12 is comprised of housing 20 and lens 22, and has a housing backside 24 which is the side of the housing opposite of lens 22. Hinge member 16 is rotatably attached to camera 12, where

8

ADJCAM000031

camera 12 rotates over a first axis 26 in a direction shown by
arrow 28 relative to hinge member 16.   Support frame 18 is
hingedly attached to hinge member 16 to engagingly support
hinge member 16 on an object 30 (see also, Fig. 2).   Hinge

5       member 16 rotates over a second axis 32 in the direction shown
by arrow 34 relative to support frame 18.   First axis 26 is
perpendicular  to  second  axis  32.     Second  axis  32  is
substantially parallel to a first surface 36 when hinge member
16 is engagingly supported on object 30 (see also, Fig. 2).

10      Support  frame  18  has  a  first  portion  consisting  of  first
support element 38 and a second portion consisting of a first
front support element 40 and a second front support element
42.    Housing  20  has  a  first  indentation  25  and  a  second
indentation 27 to slidably and fittably receive distal end 41

15      of first front support element 40 and distal end 43 of second
front support element 42 when first front support element 40
and  second  front  support  element  42  are  rotated  in  the
direction of arrow 34 to engage housing backside 24.

        Fig. 2 is a side view showing a first mode of a preferred

20      embodiment of the present invention.   Rear support element 38,
first  front  support  element  40  and  second  front  support
element 42 support camera 12 in the first position 44, on the
first surface 36, when rear support element 38, first front
support element 40 and second front support element 42 are

25      engaging  first  surface  36  and  first  surface  36  is
substantially level.   In the first position 44, camera 12 may

9

be pivoted upon support frame 18 from a position 46 to a position 48. It is recognized that camera 12 may be pivoted to any number of positions about second axis 32 in the direction shown by arrow 34. In the preferred embodiment,

5   rear support element 38, first front support element 40 and second front support element 42 support the camera in first position 44, on first surface 36, when rear support element 38, first front support element 40 and second front support element 42 engage first surface 36 at three locations in a

10  plane 50 of first surface 36. Engagement of first surface 36 at three or more locations prevents rotation of support frame 18 relative to first surface 36 in any direction within plane 50 of first surface 36. It is understood that in the preferred embodiment, rear support element 38, first front

15  support element 40 and second front support element 42 may utilize any number of desired geometries to engage first surface 36 to prevent rotation of support frame 18 relative to first surface 36 in any direction within plane 50 of first surface 36. In the preferred embodiment, when support frame

20  18 is in the first position 44, the object may be a top of a table and first surface 36 may be a top surface of the table. Likewise, object 30 may be a desk top, where first surface 36 is a top surface of the desk.

Fig. 4 is a side view showing a second mode of the

25  preferred embodiment of the present invention. The second mode occurs when rear support element 38, first front support

10

ADJCAM000033

element 40 and second front support element 42 support camera 12 in a second position 52 on a first surface 54 adjacent an edge 56.  Second position 52 corresponds to first surface 54 being inclined from the substantially level position (see

5     also, Fig. 2).  In Fig. 4, object 58 has a second surface 60, where a thickness d1 between first surface 54 and second surface 60 defines the edge 56 therebetween.  Camera 12 is maintained adjacent edge 56 in second position 52 when the uppermost portion of object 58 is edge 56.  Rear support

10    element 38 engages first surface 54, and first front support element 40 and second front support element 42 engage edge 56 and second surface 60.  Rear support element 38, first front support element 40 and second front support element 42, in combination, maintain camera 12 adjacent edge 56 and prevent

15    rotation of support frame 18 along an axis substantially parallel to second axis 32, where second axis 32 is substantially parallel to edge 56.  Rear support element 38, first front support element 40 and second front support element 42 support camera 12 in second position 52 on the

20    first surface 54 adjacent edge 56 when a first distance 64 measured between edge 56 and position 66 is greater than a second distance 68.  Second distance 68 is measured between edge 56 and position 70, where first front support element 40 and second front support element 42 engage second surface 60.

25    The center of gravity shown in the direction of arrow 72 of camera 12 and hinge member 16 being adjacent and external to

11

ADJCAM000034

first surface 54 in combination with first distance 64 being greater than second distance 68 prevent rotation in the direction of arrow 62 of support frame 18.  In the preferred embodiment, object 58 may be a display screen for a laptop

5    computer when support frame 18 is in second position 52, where second surface 60 is the front of the display screen and first surface 54 is the back of the display screen.  Fig. 4 shows hinge member 16 comprised of a body 74 having a proximal end 76 and a distal end 78.  A pivot element 80 at proximal end 76

10   of body 74 rotatably attaches camera 12 to body 74 so the camera may rotate about first axis 26 relative to body 74.  A hinge element 82 at distal end 78 of body 74 hingedly attaches body 74 to support frame 18 so body 74 rotates about second axis 32 relative to support frame 18.  Fig. 4 further shows

15   camera 12 having an electrical wiring harness 84 to couple from an interior 86 to an exterior 88 of camera 12.  Pivot element 80 has a bore 90 parallel to first axis 26 to receive electrical wiring harness 84 to pass wiring harness 84 from interior 86 to exterior 88 of camera 12.  While the

20   embodiments shown in the drawing figures and discussed herein illustrate a wiring harness 84 passing through a bore 90 parallel to first axis 26, it will be understood that other embodiments are contemplated.  For example, wiring harness could enter body 74 at a location angularly spaced upward from

25   bore 90.

      Figs. 5-7 show various perspectives of a third mode of

12

ADJCAM000035

the preferred embodiment of the present invention.  Fig. 5 is a side view, Fig. 6 is a detailed side view showing the lens of the camera being fitably received by the cover, and Fig. 7 is a front view.  The third mode of the preferred embodiment

5    of the present invention is shown when camera 12 is rotated about second axis 32 along the direction shown by arrow 34 in a direction from the first front support element 40 and the second front support element 42 towards rear support element 38 of support frame 18.  This rotation is continued in the

10   third mode until camera 12 is in a position between rear support element 38 and first front support element 40 and second front support element 42.  In this position, distal end 41 of first support element 40 and distal end 43 of second front support element 42 slidably and fittably engage first

15   indentation 25 and second indentation 27 respectively of housing 20 at housing backside 24.  Camera 12 is then releasably held between rear support element 38 and first front support element 40 and second front support element 42. Rear support element 38 further has means to protect a lens 22

20   of camera 12, which is cover 90.  Cover 90 is mounted at a distal end 92 of rear support element 38.  Lens 22 of camera 12 faces in the direction of arrow 92, which is the direction of rotation about second axis 32 from first front support element 40 and second front support element 42 to rear support

25   element 38 of support frame 18.  Cover 90 fitably receives lens 22 of camera 12.  Cover 90 has a raised portion 95 sized

13

to be accommodated by lens 22 of camera 12.  Support frame 14,
in a third mode of the preferred embodiment of the present
invention, releasably holds and protects camera 12 during
storage.

5          Fig. 3 is a detailed front view of the camera clip
invention.  Fig. 3 shows first front support element 40 and
second front support element 42 being spaced a distance apart
by a distance 94.  Camera 12 further has a housing 20 which
may be spherical in shape in the preferred embodiment.
10    Housing 20 has a diameter shown as distance 96, wherein the
preferred embodiment, distance 96 is greater than distance 94.
When camera 12 is rotated about the second axis 32 in the
direction towards rear support element 38 in the direction of
arrow 92 so that housing 20 passes between first front support
15    element 40 and second front support element 42, first front
support element 40 and second front support element 42
resiliently and outwardly flex to accommodate passage of
housing 20.  Housing 20 is releasably held once passing
between first front support element 40 and second front
20    support element 42 by rear support element 38 engaging housing
20 at lens 22 and distal end 41 of first front support element
40 and distal end 43 of second front support element 42
slidably and fittably engaging first indentation 25 and second
indentation 27 respectively of housing 20 at housing backside
25    24.  When housing 20 is releasably held, first front support
element 40 and second front support element 42 resiliently

14

ADJCAM000037

urge housing 20 towards rear support element 38 so that lens 22 of camera 12 is fitably received into cover 90.

Having thus described the preferred embodiments of the present invention, those of skill in the art will readily
5   appreciate that yet other embodiments may be made and used within the scope of the claims hereto attached.

15

ADJCAM000038

What is Claimed:

1. An apparatus for supporting a camera on an object, comprising:

   a. a hinge member rotatably attached to the camera, said camera rotating over a first axis of rotation relative to said hinge member; and

   b. a support frame hingedly attached to said hinge member to engagingly support said hinge member on the object, said hinge member rotating over a second axis of rotation relative to said support frame, said first axis of rotation being perpendicular to said second axis of rotation, said second axis of rotation being substantially parallel to a first surface when said hinge member is engagingly supported on the object, said support frame supporting said camera in a first position on the object when said first surface is substantially level, said support frame supporting the camera in a second position on the object when said first surface is inclined from said substantially level position, the object having a second surface wherein a thickness between the first surface and said second surface defines an edge therebetween, the camera being maintained adjacent said edge in said second position when the uppermost portion of the object is the edge, rotation of said support

16

ADJCAM000039

frame being prevented along an axis substantially parallel to said second axis, said second axis being substantially parallel to said edge.

2. An apparatus according to claim 1 wherein the support frame comprises a first portion and a second portion, said first portion and said second portion supporting the camera in the first position on the first surface when said first portion and said second portion are engaging the first surface when the first surface is substantially level, said first portion and said second portion supporting the camera in the second position on the first surface adjacent the edge when said first portion is engaging the first surface and said second portion is engaging the edge and the second surface, said first portion and said second portion in combination maintaining the camera adjacent the edge and preventing rotation of the support frame along the axis substantially parallel to the second axis.

3. An apparatus according to claim 2 wherein the support frame has means to releasably hold and protect the camera during storage.

4. An apparatus according to claim 3 wherein the means to releasably hold and protect the camera comprises the

17

ADJCAM000040

camera being rotated around the second axis in a direction from the second portion towards the first portion of the support frame until the camera is in a position between the first portion and the second portion and is releasably held between the first portion and the second portion, the first portion having means to protect a lens of the camera.

5. An apparatus according to claim 4 wherein the means to protect the lens of the camera is a cover mounted at the distal end of the first portion, the lens of the camera facing in the direction of rotation about the second axis from the second portion to the first portion of the support frame to allow the lens of the camera to be fitably received into said cover when the camera is releasably held between the first portion and the second portion.

6. An apparatus according to claim 2 wherein the first portion and the second portion support the camera in the first position on the first surface when the first portion and the second portion engage the first surface at three or more locations in a plane of the first surface to prevent rotation of the support frame relative to the first surface in any direction within said plane of the first surface.

18

7.    An apparatus according to claim 2 wherein the first portion and the second portion support the camera in the first position on the first surface when the first portion and the second portion engage the first surface to prevent rotation of the support frame relative to the first surface in any direction within a plane of the first surface.

8.    An apparatus according to claim 2 wherein the first portion and the second portion support the camera in the second position on the first surface adjacent the edge when a first distance from the edge to the position where the first portion engages the first surface is greater than a second distance from the edge to the position where the second portion engages the second surface, a center of gravity of the camera and said hinge member being adjacent and external to the first surface in combination with the first distance being greater than the second distance preventing rotation of the support frame along an axis substantially parallel to the second axis of rotation.

9.    An apparatus according to claim 1 wherein the object is a top of a table when the support frame is in the first position, the first surface being a top surface of the table.

ADJCAM000042

10.   An apparatus according to claim 1 wherein the object is
      a desk top when the support frame is in the first
      position, the first surface being a top surface of the
      desk.

11.   An apparatus according to claim 1 wherein the object is
      a display screen for a laptop computer when the support
      frame is in the second position, the second surface being
      the front of the display screen and the first surface
      being the back of the display screen.

12.   An apparatus according to claim 1 wherein the hinge
      member is comprised of a body having a proximal and a
      distal end, a pivot element at said proximal end of said
      body rotatably attaching the camera to the body so that
      the camera rotates about the first axis relative to the
      body, a hinge element at said distal end of said body
      hingedly attaching said body to the support frame so that
      said body rotates about the second axis relative to the
      support frame.

13.   An apparatus according to claim 12 wherein the camera has
      an electrical wiring harness to couple from an interior
      to an exterior, the pivot element having a bore parallel
      to the first axis of rotation to receive said electrical
      wiring harness to pass said wiring harness from said

20

interior to said exterior of the camera.

14.   An  apparatus  for  supporting  a  camera  on  an  object,
comprising:

  a.    a hinge member rotatably attached to the camera,
         said camera rotating over a first axis of rotation
         relative to said hinge member; and

  b.    a  support  frame  hingedly  attached  to  said  hinge
         member to engagingly support said hinge member on
         the  object,  said  hinge  member  rotating  over  a
         second axis of rotation relative to said support
         frame,   said   first   axis   of   rotation   being
         perpendicular to said second axis of rotation, said
         second  axis  of  rotation  being  substantially
         parallel to a first surface when said hinge member
         is engagingly supported on the object, the support
         frame having a rear support element and a first and
         second front support element,  said rear support
         element  and  said  first  and  said  second  front
         support elements supporting the camera in the first
         position on said first surface when said rear
         support element and said first and second front
         support elements are engaging said first surface
         when  said  first  surface  is  substantially  level,
         said rear support element and said first and said
         second front support elements supporting the camera

21

in a second position on said first surface adjacent an edge when said first surface is inclined from said substantially level position, the object having a second surface wherein a thickness between said first surface and said second surface defines said edge therebetween, the camera being maintained adjacent said edge in said second position when the uppermost portion of the object is the edge, said rear support element engaging said first surface and said first and second front support elements engaging the edge and the second surface, said rear support element and said first and second front support elements in combination maintaining the camera adjacent the edge and preventing rotation of the support frame along an axis substantially parallel to the second axis, said second axis being substantially parallel to said edge.

15.   An apparatus according to claim 14 wherein the support frame has means to releasably hold and protect the camera during storage.

16.   An apparatus according to claim 15 wherein the means to releasably hold and protect the camera comprises the camera being rotated around the second axis in a direction from the first and second front support

22

elements towards the rear support element of the support frame until the camera is in a position between the rear support element and the first and second front support elements and is releasably held between the rear support element and the first and second front support elements, the rear support element having means to protect a lens of the camera.

17. An apparatus according to claim 16 wherein the first and second front support elements are spaced a distance apart at a distance less than a diameter of a housing of the camera, the camera being rotated around the second axis in the direction towards the rear support element so that said housing passes between the first and second front support elements, the first and second front support elements resiliently and outwardly flexing to accommodate passage of said housing, said housing being releasably held once passing between the first and second front support elements by the rear support element engaging said housing at the lens, the first and second front support elements engaging said housing backside to resiliently urge said housing towards the rear support element.

18. An apparatus according to claim 16 wherein the means to protect the lens of the camera is a cover mounted at the

23

distal end of the rear support element, the lens of the camera facing in the direction of rotation about the second axis from the first and second front support elements to the rear support element of the support frame to allow the lens of the camera to be fitably received into said cover when the camera is releasably held between the rear support element and the first and second front support elements.

19. An apparatus according to claim 14 wherein the rear support element and the first and second front support elements support the camera in the first position on the first surface when the rear support element and the first and second front support elements engage the first surface at three or more locations in a plane of the first surface to prevent rotation of the support frame relative to the first surface in any direction within said plane of the first surface.

20. An apparatus according to claim 14 wherein the rear support element and the first and second front support elements support the camera in the first position on the first surface when the rear support element and the first and second front support elements engage the first surface to prevent rotation of the support frame relative to the first surface in any direction within a plane of

24

the first surface.

21. An apparatus according to claim 14 wherein the rear
support element and the first and second front support
elements support the camera in the second position on the
first surface adjacent the edge when a first distance
from the edge to the position where the rear support
element engages the first surface is greater than a
second distance from the edge to the position where the
first and second front support elements engage the second
surface, a center of gravity of the camera and said hinge
member being adjacent and external to the first surface
in combination with the first distance being greater than
the second distance preventing rotation of the support
frame along an axis substantially parallel to the second
axis of rotation.

22. An apparatus according to claim 14 wherein the object is
a top of a table when the support frame is in the first
position, the first surface being a top surface of the
table.

23. An apparatus according to claim 14 wherein the object is
a desk top when the support frame is in the first
position, the first surface being a top surface of the
desk.

25

24.  An apparatus according to claim 14 wherein the object is
a display screen for a laptop computer when the support
frame is in the second position, the second surface being
the front of the display screen and the first surface
being the back of the display screen.

25.  An apparatus according to claim 14 wherein the hinge
member is comprised of a body having a proximal and a
distal end, a pivot element at said proximal end of said
body rotatably attaching the camera to the body so that
the camera rotates about the first axis relative to the
body, a hinge element at said distal end of said body
hingedly attaching said body to the support frame so that
said body rotates about the second axis relative to the
support frame.

26.  An apparatus according to claim 25 wherein the camera has
an electrical wiring harness to couple from an interior
to an exterior, the pivot element having a bore parallel
to the first axis of rotation to receive said electrical
wiring harness to pass said wiring harness from said
interior to said exterior of the camera.

26

**COMBINED DECLARATION/POWER OF ATTORNEY FOR PATENT APPLICATION**

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe that I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled  CAMERA CLIP , the specification of which (check one)

> XX is attached hereto
>
> __ was filed on _____
> as U.S. Application
> Serial No. _____
>
> __ and was amended on (if
> applicable) _____

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56(a).

I hereby claim foreign priority benefit(s) under Title 35, United States Code §119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application(s) for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

| Prior Foreign Application(s) | | | Priority Claimed | |
|---|---|---|---|---|
| (Number) | (Country) | (Day/Month/Year Filed) | YES | NO |
| (Number) | (Country) | (Day/Month/Year Filed) | YES | NO |
| (Number) | (Country) | (Day/Month/Year Filed) | YES | NO |

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which

occurred between the filing date of the prior application and the
national or PCT international filing date of this application:

| (Serial No.) | (Filing Date) | (Status) (patented, pending, abandoned) |
|---|---|---|

| (Serial No.) | (Filing Date) | (Status-patented, pending, abandoned) |
|---|---|---|

**POWER OF ATTORNEY:**   As a named inventor, I hereby appoint the
following attorney(s) and/or agent(s) to prosecute this application
and transact all business in the Patent and Trademark Office
connected therewith.

        John L. Rooney, Reg. No. 28,898;
        Lawrence M. Nawrocki, Reg. No. 29,333;
        Wayne A. Sivertson, Reg. No. 25,645;
        David M. Crompton, Reg. No. 36,772;
        Glenn M. Seager, Reg. No. 36,926;
        Steven E. Dicke, Reg. No. 38,431;
        Brian N. Tufte, Reg. No. 38,638;
        Craig F. Taylor, Reg. No. 40,199;
        Donald A. Jacobson, Reg. No. 22,308; and
        Lew Schwartz, Reg. No. 22,067

Send correspondence to:

        Lawrence M. Nawrocki
        NAWROCKI, ROONEY & SIVERTSON, P.A.
        Suite 401, Broadway Place East
        3433 Broadway Street Northeast
        Minneapolis, Minnesota 55413
        (612) 331-1464

I hereby declare that all statements made herein of my own
knowledge are true and that all statements made on information and
belief are believed to be true; and further that these statements
were made with the knowledge that willful false statements and the
like so made are punishable by fine or imprisonment, or both, under
Section 1001 of Title 18 of the United States Code and that such
willful false statements may jeopardize the validity of the
application or any patent issued thereon, I further declare that I
understand the content of this declaration.

Full name of sole or first inventor __David E. Krekelberg__
Inventor's Signature _____ Date _____
Residence  15604 Dawn Drive, Minnetonka, Minnesota 55345
_____ Citizenship _U.S.A._
Post Office Address   15604 Dawn Drive
_____ Minnetonka, Minnesota  55345

ADJCAM000051

-3-

## 1.56 Duty to disclose information material to patentability.

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability.  Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned.  Information material to the patentability of a claim that is cancelled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application.  There is no duty to submit information which is not material to the patentability of any existing claim.  The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§1.97(b)-(d) and 1.98.  However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct.  The Office encourages applicants to carefully examine:

(1) prior art cited in search reports of a foreign patent office in a counterpart application, and

(2) the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or
(ii) Asserting an argument of patentability.

A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1) Each inventor named in the application;

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d) Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

Applicant or Patentee: David E. Krekelberg Attorney's Docket No.: 19139/103/101

Serial or Patent No.: N/A

Filed or Issued: Herewith

For: CAMERA CLIP

**VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS (37 CFR 1.9(f) AND 1.27(c)) -- SMALL BUSINESS CONCERN**

I hereby declare that I am

[ ] the owner of the small business concern identified below:

[X] an official of the small business concern empowered to act on behalf of the concern identified below:

NAME OF CONCERN iREZ Research, Corporation

ADDRESS OF CONCERN 15604 Dawn Drive, Minnetonka, Minnesota 55345

I hereby declare that the above-identified small business concern qualifies as a small business concern as defined in 13 CFR 121.3-18, and reproduced in 37 CFR 1.9(d), for purposes of paying reduced fees under section 41(a) and (b) of Title 35, United States Code, in that the number of employees of the concern, including those of its affiliates, does not exceed 500 persons. For purposes of this statement, (1) the number of employees of the business concern is the average over the previous fiscal year of the concern of the persons employed on a full-time, part-time or temporary basis during each of the pay periods of the fiscal year, and (2) concerns are affiliates of each other when either, directly or indirectly, one concern controls or has power to control the other, or a third party or parties controls or has the power to control both.

I hereby declare that rights under contract or law have been conveyed to and remain with the small business concern identified above with regard to the invention, entitled CAMERA CLIP by inventor(s) David E. Krekelberg described in

[X] the specification filed herewith

[ ] application serial no.__________, filed____________________

[ ] patent no.________________, issued____________________

If the rights held by the above-identified small business concern are not exclusive, each individual, concern or organization having rights to the invention is listed below* and no rights to the invention are held by any person, other than the inventor, who could not qualify as a small business concern under 37 CFR 1.9(b) or by any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

*NOTE: Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27)

NAME____________________

ADDRESS____________________

[ ] INDIVIDUAL [ ] SMALL BUSINESS CONCERN [ ] NONPROFIT ORGANIZATION

NAME____________________

ADDRESS____________________

[ ] INDIVIDUAL [ ] SMALL BUSINESS CONCERN [ ] NONPROFIT ORGANIZATION

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue

fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate.
(37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisionment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

NAME OF PERSON SIGNING David E. Krekelberg

TITLE OF PERSON OTHER THAN OWNER  CEO and CTO

ADDRESS OF PERSON SIGNING 15604 Dawn Drive, Minnetonka, Minnesota 55345

SIGNATURE_____DATE_____

08/814168



*fig. 1*

*fig. 2*

*fig. 3*

*fig. 4*

224/408
346/421-428
428
425

24

ADJCAM000055

PRINTS OF DRAWINGS
AS ORIGINA    FILED

08/814168



TOTAL P.03

## 08/814168

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

David E. Krekelberg

67137 U.S. PTO

Serial No.:  N/A

03/07/97

Filing Date:  Herewith

For:  CAMERA CLIP

Docket No.:  19239/103/101

### *TRANSMITTAL SHEET*

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

> **CERTIFICATE UNDER 37 C.F.R. 1.10:**  The undersigned hereby certifies that this paper or papers, as described herein, are being deposited in the United States Postal Service, "Express Mail Post Office to Addressee" having an Express Mail mailing label number of : EM 609 179 413 US, in an envelope address to: Assistant Commissioner for Patents, Washington, D.C., 20231 on this 7th day of March , 1997
>
> By_____
> Carolyn I. Erickson

We are transmitting herewith the attached Patent Application including the following:

[XXXX]    15   sheet(s) of specification.

[XXXX]    11   sheet(s) of claim(s).

[XXXX]    1   sheet(s) of Abstract.

[XXXX]    2   sheet(s) of drawings.

[XXXX]    Unexecuted Declaration and Power of Attorney.

[XXXX]    An unexecuted verified statement(s) to establish small entity status under 37 C.F.R. 1.9 and/or 1.27 is enclosed.

[    ]    An Assignment of the invention to iREZ Research, Corporation is being filed contemporaneous with this patent application.

[    ]    A certified copy of a _____ application, serial no. _____, filed _____, 19___, the right of priority of which is claimed under 35 U.S.C. 119.

1

ADJCAM000057

| CLAIMS AS FILED | | | | | | |
|---|---|---|---|---|---|---|
| | (1) | (2) | SMALL ENTITY | | OTHER | |
| FOR: | # FILED | # EXTRA | Rate | Fee | Rate | Fee |
| BASIC FEE | | | | $385 | | $770 |
| TOTAL CLAIMS | 26-20 = | 6 | x11= | $ 66 | x22= | $ |
| INDEPENDENT CLAIMS | 2 -3 = | 0 | x40= | $ 0 | x80= | $ |
| ( ) MULTIPLE DEPENDENT CLAIM PRESENTED | | | +130= | $ 0 | +260= | $ |
| TOTAL | | | $451.00 | | $ | |

*If the difference in Column (1) is less than zero, enter "0" in Column 2.

[    ]    Other  _____
         _____
         _____ .

[    ]    Checks in the amounts of $_____ and $_____ are enclosed.

[    ]    Please charge any deficiencies or credit any overpayment in the enclosed fees to Deposit Account 14-0620.

                    By: _Lawrence M. Nawrocki_____
                        Lawrence M. Nawrocki
                        Reg. No. _29,333_____

NAWROCKI, ROONEY & SIVERTSON, P.A.
Suite 401, Broadway Place East
3433 Broadway Street N.E.
Minneapolis, Minnesota 55413
Telephone:  (612) 331-1464
Facsimile:  (612) 331-2239

2



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 08/7814,162 | | | |

NAWROCKI RODNEY SIVERTSON
BROADWAY PLACE EAST   SUITE 300
3433 BROADWAY STREET NE
MINNEAPOLIS MN 55413

**DATE MAILED:**

## NOTICE TO FILE MISSING PARTS OF APPLICATION
### *Filing Date Granted*

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $ _____ for a ☑ large entity ☐ small entity in compliance with 37 CFR 1.27. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

*If all required items on this form are filed within the period set above, the total amount owed by applicant as a* ☑ *large entity* ☐ *small entity (verified statement filed), is $ _____.*

☒ 1. The statutory basic filing fee is:
    ☒ missing.
    ☐ insufficient.
    Applicant must submit $ _____ to complete the basic filing fee and/or file a verified small entity statement claiming such status (37 CFR 1.27).

☒ 2. Additional claim fees of $ _____, including any multiple dependent claim fees, are required.
    Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.

☐ 3. The oath or declaration:
    ☐ is missing.
    ☐ does not cover the newly submitted items.
    ☐ does not identify the application to which it applies.
    ☐ does not include the city and state or foreign country of applicant's residence.
    *An oath or declaration in compliance with 37 CFR 1. 63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

☒ 4. The signature(s) to the oath or declaration is/are:
    ☐ missing.
    ☐ by a person other than inventor or person qualified under 37 CFR 1.42, 1.43, or 1.47.
    *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:
    _____
    *An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

☐ 6. A $ _____ processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application does not comply with the Sequence Rules.
    *See attached "Notice to Comply with Sequence Rules 37 CFR 1.821-1.825."*

☐ 9. OTHER:

Direct the response and any questions about this notice to "Attention: Box Missing Parts."

### *A copy of this notice MUST be returned with the response.*

_____
Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM **PTO-1533** (REV.7-96)                    PART 3 - OFFICE COPY                    *U.S. GPO: 1996-404-496/40515

ADJCAM000059



P A T E N T

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

David E. Krekelberg

Serial No.:  08/814,168

Filed:  March 7, 1997

For:  CAMERA CLIP

Docket No.:  19239/103/101

---

### COMMUNICATION

Assistant Commissioner
  for Patents
Washington, D.C.   20231

CERTIFICATE UNDER 37 C.F.R. 1.8
I hereby certify that this correspondence is being
deposited with the United States Postal Service on
the date shown below with sufficient postage as
first class mail in an enveloped addressed to the
Assistant Commissioner for Patents, Washington,
D.C. 20231 on this _____ day of _August_, 1997

By:_____
        Carolyn I. Erickson

---

Sir:

Applicant filed the application covered by the caption
indicated above on March 7, 1997.   The signature of the inventor
was, however, missing on the DECLARATION.   In response to the
filing, the United States Patent and Trademark Office issued a
NOTICE TO FILE MISSING PARTS OF APPLICATION – FILING DATE GRANTED
document (FORM PTO-1533).   That paper documented the fact that the
filing date was granted for the application.   Further, however, it
documented a requirement that a properly signed Declaration in
compliance with 37 CFR §1.63, identifying the application by

1

ADJCAM000060

Application Number and Filing Date, be submitted.  That paper also required that a surcharge in the amount of $130, for a large entity, or $65, for a small entity, be submitted.  It documented a requirement that the statutory basic filing fee be paid, and that large entity filing fees in the amount of $770 be submitted.  Also, it documented that additional claim fees in the amount of $132.00 for a large entity, including any required multiple dependent claim fees be submitted.

In view of the filing of small entity affidavit contemporaneous with this document, and the other documents filed with this package, the surcharge is in the amount of $65.00, the filing fees are in the amount of $385.00, and the additional claim fees are in the amount of $66.00, for a total amount of $516.00.

The period for response was set to expire two months from the date of that paper.  The unextended deadline for responding is, therefore, August 25, 1997.

Please find enclosed the "RESPONSE" copy of the NOTICE TO FILE MISSING PARTS OF APPLICATION - FILING DATE GRANTED document, a Declaration signed by the named inventor, one (1) VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS, and a check in the amount of $516.00 (the amount of the surcharge for a small entity, the small entity filing fees, and additional claim fees for a small business entity).

In view of the action taken herein, Applicant would submit that the requirements imposed by the NOTICE TO FILE MISSING PARTS OF APPLICATION - FILING DATE GRANTED paper have been complied with.

2

ADJCAM000061

It is, therefore, requested that the application be passed for issuance of the formal FILING RECEIPT document.

Respectfully submitted,

David E. Krekelberg

By his attorney,

Dated: _August 25, 1997_

_Lawrence M. Nawrocki_

Lawrence M. Nawrocki, Reg. No. 29,333
NAWROCKI, ROONEY & SIVERTSON, P.A.
Suite 401, Broadway Place East
3433 Broadway Street Northeast
Minneapolis, MN 55413
Telephone:  (612) 331-1464
Facsimile:  (612) 331-2239

3

ADJCAM000062

**COMBINED DECLARATION/POWER OF ATTORNEY FOR PATENT APPLICATION**

a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe that I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled _CAMERA CLIP_ , the specification of which (check one)

     __ is attached hereto

     XX was filed on March 7, 1997
         as U.S. Application
         Serial No. 08/814,168

     __ and was amended on (if
         applicable) _____

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56(a).

I hereby claim foreign priority benefit(s) under Title 35, United States Code §119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application(s) for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Prior Foreign Application(s)

| (Number) | (Country) | (Day/Month/Year Filed) | Priority Claimed YES | NO |
|---|---|---|---|---|
| (Number) | (Country) | (Day/Month/Year Filed) | YES | NO |
| (Number) | (Country) | (Day/Month/Year Filed) | YES | NO |

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which

ADJCAM000063

occurred between the filing date of the prior application and the
national or PCT international filing date of this application:

_____          _____      _____
(Serial No.)               (Filing Date)    (Status) (patented, pending, abandoned)


_____          _____      _____
(Serial No.)               (Filing Date)    (Status-patented, pending, abandoned)

**POWER OF ATTORNEY:**  As a named inventor, I hereby appoint the
following attorney(s) and/or agent(s) to prosecute this application
and transact all business in the Patent and Trademark Office
connected therewith.

     John L. Rooney, Reg. No. 28,898;
     Lawrence M. Nawrocki, Reg. No. 29,333;
     Wayne A. Sivertson, Reg. No. 25,645;
     David M. Crompton, Reg. No. 36,772;
     Glenn M. Seager, Reg. No. 36,926;
     Steven E. Dicke, Reg. No. 38,431;
     Brian N. Tufte, Reg. No. 38,638;
     Craig F. Taylor, Reg. No. 40,199;
     Donald A. Jacobson, Reg. No. 22,308; and
     Lew Schwartz, Reg. No. 22,067

Send correspondence to:

     Lawrence M. Nawrocki
     NAWROCKI, ROONEY & SIVERTSON, P.A.
     Suite 401, Broadway Place East
     3433 Broadway Street Northeast
     Minneapolis, Minnesota 55413
     (612) 331-1464

I hereby declare that all statements made herein of my own
knowledge are true and that all statements made on information and
belief are believed to be true; and further that these statements
were made with the knowledge that willful false statements and the
like so made are punishable by fine or imprisonment, or both, under
Section 1001 of Title 18 of the United States Code and that such
willful false statements may jeopardize the validity of the
application or any patent issued thereon, I further declare that I
understand the content of this declaration.

Full name of sole or first inventor __David E. Krekelberg__
Inventor's Signature _____ Date _8-19?_
Residence __15604 Dawn Drive, Minnetonka, Minnesota 55345__
                                Citizenship _U.S.A._
Post Office Address __15604 Dawn Drive__
                       __Minnetonka, Minnesota  55345__

ADJCAM000064

-3-

**1.56 Duty to disclose information material to patentability.**

(a) A patent by its very nature is affected with a public interest.  The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability.  Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section.  The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned.  Information material to the patentability of a claim that is cancelled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application.  There is no duty to submit information which is not material to the patentability of any existing claim.  The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§1.97(b)-(d) and 1.98.  However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct.  The Office encourages applicants to carefully examine:

(1) prior art cited in search reports of a foreign patent office in a counterpart application, and

(2) the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or
(ii) Asserting an argument of patentability.

A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1) Each inventor named in the application:

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d) Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

ADJCAM000065

Applicant or Patentee: David E. Krekelberg_____   Attorney's Docket No.:__19139/103/101_____

Serial or Patent No.: 08/814,168_____

Filed or Issued: March 7, 1997_____

For: CAMERA CLIP_____

## VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS (37 CFR 1.9(f) AND 1.27(c)) -- SMALL BUSINESS CONCERN

I hereby declare that I am

    [ ]     the owner of the small business concern identified below:

    [X]    an official of the small business concern empowered to act on behalf of the concern identified below:

NAME OF CONCERN_iREZ Research, Corporation_____

ADDRESS OF CONCERN_15604 Dawn Drive, Minnetonka, Minnesota 55345_____

I hereby declare that the above-identified small business concern qualifies as a small business concern as defined in 13 CFR 121.3-18, and reproduced in 37 CFR 1.9(d), for purposes of paying reduced fees under section 41(a) and (b) of Title 35, United States Code, in that the number of employees of the concern, including those of its affiliates, does not exceed 500 persons. For purposes of this statement, (1) the number of employees of the business concern is the average over the previous fiscal year of the concern of the persons employed on a full-time, part-time or temporary basis during each of the pay periods of the fiscal year, and (2) concerns are affiliates of each other when either, directly or indirectly, one concern controls or has power to control the other, or a third party or parties controls or has the power to control both.

I hereby declare that rights under contract or law have been conveyed to and remain with the small business concern identified above with regard to the invention, entitled _CAMERA CLIP_ by inventor(s)_ David E. Krekelberg described in

    [X]    the specification filed herewith

    [ ]     application serial no._____, filed_____

    [ ]     patent no._____, issued_____

If the rights held by the above-identified small business concern are not exclusive, each individual, concern or organization having rights to the invention is listed below* and no rights to the invention are held by any person, other than the inventor, who could not qualify as a small business concern under 37 CFR 1.9(b) or by any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

*NOTE:    Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27)

NAME_____

ADDRESS_____

[ ] INDIVIDUAL    [ ] SMALL BUSINESS CONCERN    [ ] NONPROFIT ORGANIZATION

NAME_____

ADDRESS_____

[ ] INDIVIDUAL    [ ] SMALL BUSINESS CONCERN    [ ] NONPROFIT ORGANIZATION

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue

ADJCAM000066

fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

NAME OF PERSON SIGNING Michael D. Harris

TITLE OF PERSON OTHER THAN OWNER  President

ADDRESS OF PERSON SIGNING 15604 Dawn Drive, Minnetonka, Minnesota 55345

SIGNATURE _____ DATE  8-13-97

ADJCAM000067





**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 08/914,168 | 08/27/97 | | |

MANROCKI ROONEY SIVERTSON
BROADWAY PLACE EAST
3433 BROADWAY STREET N.E.
MINNEAPOLIS MN 55413

DATE MAILED:

## NOTICE TO FILE MISSING PARTS OF APPLICATION
### *Filing Date Granted*

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $ _130.00_ for a ☒ large entity ☐ small entity in compliance with 37 CFR 1.27. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

*If all required items on this form are filed within the period set above, the total amount owed by applicant as a*
☒ *large entity* ☐ *small entity (verified statement filed), is $ _____.*

☒ 1. The statutory basic filing fee is:
  ☒ missing.
  ☐ insufficient.
  *Applicant must submit $ _770.00_ to complete the basic filing fee and/or file a verified small entity statement claiming such status (37 CFR 1.27).*

☒ 2. Additional claim fees of $ _132.00_ , including any multiple dependent claim fees, are required.
  *Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☐ 3. The oath or declaration:
  ☐ is missing.
  ☐ does not cover the newly submitted items.
  ☐ does not identify the application to which it applies.
  ☐ does not include the city and state or foreign country of applicant's residence.
  *An oath or declaration in compliance with 37 CFR 1. 63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

☒ 4. The signature(s) to the oath or declaration is/are:
  ☒ missing.
  ☐ by a person other than inventor or person qualified under 37 CFR 1.42, 1.43, or 1.47.
  *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:

  _____
  *An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

☐ 6. A $ _____ processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application does not comply with the Sequence Rules.
  *See attached "Notice to Comply with Sequence Rules 37 CFR 1.821-1.825."*

☐ 9. OTHER:

Direct the response and any questions about this notice to "Attention: Box Missing Parts."

### *A copy of this notice MUST be returned with the response.*

M.R. Green

Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV.7-96)          PART 2 - COPY TO BE RETURNED WITH RESPONSE

00000055 0814168
385.00
66.00
65.00

09/19/1997 DBEACH
01 FC:201
02 FC:203
03 FC:205
SPO: 1996-404-498/40515

ADJCAM000068

*SECTOR #*

*(MAIL ROOM stamp: AUG 27 1997 — PAT. & TRADEMARK OFF.)*

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

David E. Krekelberg

Serial No.:  08/814,168

Filing Date:  March 7, 1997

For:  CAMERA CLIP

Docket No.:  19239/103/101

## *TRANSMITTAL SHEET*

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

---

**CERTIFICATE UNDER 37 C.F.R. 1.8:**  I hereby certify that this correspondence and the documents described herein are being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the: Assistant Commissioner for Patents, Washington, D.C. 20231, on this 25th day of *August*, 19 97

By_____
Carolyn J. Erickson

---

We are transmitting herewith the attached:

[   ]    Amendment

    [  ] No additional fee required
    [  ] The fee has been calculated as shown:

| CLAIMS AS AMENDED | | | | | | | |
|---|---|---|---|---|---|---|---|
| | (3) | (4) | (5) | SMALL ENTITY | | OTHER | |
| | REMAINING CLAIMS | HIGHEST PAID | EXTRA | RATE | ADD'L FEE | RATE | ADD'L FEE |
| TOTAL CLAIMS | – | = | | x11= | $ | x22= | $ |
| INDEPEN-DENT CLAIMS | – | = | | x40= | $ | X80= | $ |
| (   ) FIRST MULTIPLE DEPENDENT CLAIM | | | | +130= | $ | +260 = | $ |
| TOTAL | | | | | $ | | $ |

1

ADJCAM000069

[XXXX]     Checks in the amounts of $516.00 and $40.00 are
           enclosed.

[     ]     Small entity status of this application under 37 C.F.R.
           1.9 and 1.27 has been established by verified statement
           previously submitted.

[XXXX]     Other:  Response Copy of Notice to File Missing Parts
           of Application-Filing Date Granted; Communication;
           Combined Declaration/Power of Attorney for Patent
           Application; Verified Statement (Declaration) Claiming
           Small Entity Status; Recordation Form Cover Sheet-
           Patents Only; Assignment.

[XXXX]     Please charge any deficiencies or credit any over
           payment in the enclosed fees to Deposit Account 14-
           0620.

                    By:  _Lawrence M. Nawrocki_____
                         Lawrence M. Nawrocki
                         Reg. No.  __29,333_____

NAWROCKI, ROONEY & SIVERTSON, P.A.
Suite 401, Broadway Place East
3433 Broadway Street N.E.
Minneapolis, Minnesota 55413
Telephone:  (612) 331-1464
Facsimile:  (612) 331-2239

2



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
                Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/814,168 | 03/07/97 | KREKELBERG | D | 19239/103/10 |

PM31/0206

LAWRENCE M NAWROCKI
NAWROCKI ROONEY & SIVERTSON
BROADWAY PLACE EAST SUITE 401
3433 BROADWAY STREET NORTHEAST
MINNEAPOLIS MN 55413

| EXAMINER |
|---|
| PHAN, L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3632 | |

**DATE MAILED:**   02/06/98

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

| **Office Action Summary** | Application No. 08/814,168 | Applicant(s) David E. Krekelberg | |
|---|---|---|---|
| | Examiner Long Dinh Phan | Group Art Unit 3632 | |

[X] Responsive to communication(s) filed on *Mar 7, 1997*                                          .

[ ] This action is **FINAL**.

[ ] Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____*3*_____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

   [X] Claim(s) *1-26*_____ is/are pending in the application.

      Of the above, claim(s) _____ is/are withdrawn from consideration.

   [ ] Claim(s) _____ is/are allowed.

   [X] Claim(s) *1-26*_____ is/are rejected.

   [ ] Claim(s) _____ is/are objected to.

   [ ] Claims _____ are subject to restriction or election requirement.

**Application Papers**

   [X] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

   [ ] The drawing(s) filed on _____ is/are objected to by the Examiner.

   [ ] The proposed drawing correction, filed on _____ is [ ]approved [ ]disapproved.

   [ ] The specification is objected to by the Examiner.

   [ ] The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

   [ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

      [ ] All [ ] Some* [ ] None   of the CERTIFIED copies of the priority documents have been

         [ ] received.

         [ ] received in Application No. (Series Code/Serial Number) _____ .

         [ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

      *Certified copies not received: _____ .

   [ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

   [X] Notice of References Cited, PTO-892

   [ ] Information Disclosure Statement(s), PTO-1449, Paper No(s). _____ __

   [ ] Interview Summary, PTO-413

   [X] Notice of Draftsperson's Patent Drawing Review, PTO-948

   [ ] Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

Serial Number: 08/814,168                                                           Page 2

Art Unit: 3632

## DETAILED ACTION

This is the first Office Action for serial number 08/814,168, Camera Clip, filed on March

07, 1997.  This application contains 1-26 claims.

### *Claim Objections*

Claims 2-13 and 15-26 are objected to because of the following informalities: on line 1 of

claims 2-13 and 15-26, before "apparatus", "An" should be replaced with --The--.  Appropriate

correction is required.

### *Claim Rejections - 35 USC § 112*

Claim 1-26 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for

failing to particularly point out and distinctly claim the subject matter which applicant regards as

the invention.

The preamble of claim 1 is drawn to a subcombination of an apparatus comprising a hinge

member and a support frame per se whereas line 3 appears to positively recite "rotatable attached

to the camera" this implying a combination claim.  On lines 12 and 13, "being substantially parallel

to a first surface" is a combination claim.  On lines 20-28, "the object having a second surface ...,

the camera being maintained ..." is also claiming combination.  It is not clear whether applicant

intends to claim a subcombination or combination.

In claim 2, lines 3-6, "said second portion supporting the camera" and "said second

portion are engaging the first surface" are claiming combination.

In claim 3, line 2, "to releasably hold and protect the camera" is a combination claim.

ADJCAM000073

Serial Number: 08/814,168                                                    Page 3

Art Unit: 3632

On lines 2, 3, 5, 8, and 9 of claim 4, " comprises the camera" and " to protect a lens of the camera" are claiming combination.

On lines 2, 3, 6, and 7 of claim 5, "to protect the lens of the camera" and "the camera" are a combination claim.

In claims 6 and 7, lines 2-7, "support the camera" and "engage the first surface" are claiming combination.

On lines 2, 5, 7, and 8 of claim 8, "support camera", "engage the first and the second surfaces", and "a center gravity of the camera" are not a sucombination claim.

On lines 1 and 3 of claims 9 and 10, "the object" and "the first surface" are not claiming subcombination.

In claim 11, lines 1, 3, and 4, "the object", "the second surface", and "the first surface" are a combination claim.

In claim 12, line 4, "rotatably attaching the camera" is claiming combination.

On lines 1 and 6 of claim 13, "the camera" is a combination claim.

Claims 14-26 are having the same 112 problems of combination and subcombination as indicated in the above claims 1-14.

Applicant is advised to make all the necessary corrections for all the above claims 1-26.

*Allowable Subject Matter*

Claims 1-26 would be allowable if rewritten or amended to overcome the rejection(s) under 35 U.S.C. 112 set forth in this Office action.

ADJCAM000074

Serial Number: 08/814,168                                                                                          Page 4

Art Unit: 3632

### *Conclusion*

The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure.  U.S. Patent 1,208,344 to McAll discloses a camera holding device.

Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Long Dinh Phan whose telephone number is (703) 308-3409.  The examiner

can normally be reached on Tuesday through Friday from 8:00 A.M. to 6:00 P.M. E.S.T.

Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the Group receptionist whose telephone number is (703) 308-2168.  The fax

number for this Group is (703) 305-3597 or 3598.


Long Dinh Phan   ᒐᗑᖝ

January 30, 1998

RAMON O. RAMIREZ
PRIMARY EXAMINER
ART UNIT 355

ADJCAM000075

FORM PTO 948 (REV. 01-97)   U.S. DEPARTMENT OF COMMERCE-Patent and Trademark Office   Application No. _814168_

# NOTICE OF DRAFTPERSON'S
## PATENT DRAWING REVIEW

The drawing filed (insert date) _3/7/97_ are:

A. _____ not objected to by the Draftperson under 37 CFR 1.84 or 1.152.

B. _X_ objected to by the Draftperson under 37 CFR 1.84 or 1.152 as indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawings must be submitted according to the instructions on the back of this notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings:
Black ink. Color.
_____ Color drawing are not acceptable until petition is granted. Fig.(s)_____
_____ Pencil and non black ink is not permitted. Fig(s)_____

2. PHOTOGRAPHS. 37 CFR 1.84(b)
_____ Photographs are not acceptable until petition is granted,
_____ 3 full-tone sets are required. Fig(s)_____
_____ Photographs not properly mounted (must bristol board or photographic double-weight paper). Fig(s)_____
_____ Poor quality (half-tone). Fig(s)_____

3. TYPE OF PAPER. 37 CFR 1.84(e)
_____ Paper not flexible, strong, white and durable. Fig.(s)_____
_____ Erasures, alterations, overwritings, interlineations, folds, copy machine marks not acceptable. (too thin)
_____ Mylar, vellum paper is not acceptable (too thin). Fig(s)_____

4. SIZE OF PAPER. 37 CFR 1.84(F): Acceptable sizes:
_____ 21.0 cm by 29.7 cm (DIN size A4)
_____ 21.6 cm by 27.9 cm (8 1/2 x 11 inches)
_____ All drawings sheets not the same size. Sheet(s)_____

5. MARGINS. 37 CFR 1.84(g): Acceptable margins:
Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm SIZE: A4 Size
Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm SIZE: 8 1/2 x 11
_X_ Margins not acceptable. Fig(s) _1-3_
_X_ Top (T) _X_ Left (L)
_____ Right (R) _____ Bottom (B)

6. VIEWS. CFR 1.84(h)
REMINDER: Specification may require revision to correspond to drawing changes.
_____ Views connected by projection lines or lead lines. Fig.(s)_____
Partial views. 37 CFR 1.84(h)(2)
_____ Brackets needed to show figure as one entity. Fig.(s)_____
_____ Views not labeled separately or properly. Fig.(s)_____
_____ Enlarged view not labeled separately or properly. Fig.(s)_____

7. SECTIONAL VIEWS. 37 CFR 1.84(h)(3)
_____ Hatching not indicated for sectional portions of an object. Fig.(s)_____
_____ Sectional designation should be noted with Arabic or Roman numbers. Fig.(s)_____

8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
_____ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned, so that the top becomes the right side, except for graphs. Fig.(s)_____
_____ Views not on the same plane on drawing sheet. Fig.(s)_____

9. SCALE. 37 CFR 1.84(k)
_____ Scale not large enough to show mechansim with crowding when drawing is reduced in size to two-thirds in reproduction. Fig.(s)_____

10. CHARACTER OF LINES, NUMBERS, & LETTERS. 37 CFR 1.84(l)
_X_ Lines, numbers & letters not uniformly thick and well defined, clean, durable and black (poor line quality). Fig.(s) _1-6_

11. SHADING. 37 CFR 1.84(m)
_____ Solid black areas pale. Fig.(s)_____
_____ Solid black shading not permitted. Fig.(s)_____
_____ Shade lines, pale, rough and blurred. Fig.(s)_____

12. NUMBERS, LETTERS, & REFERENCE CHARACTERS. 37 CFR 1.48(p)
_____ Numbers and reference characters not plain and legible. Fig.(s)_____
_____ Figure legends are poor. Fig.(s)_____
_____ Numbers and reference characters not oriented in the same direction as the view. 37 CFR 1.84(p)(3) Fig.(s)_____
_____ Engligh alphabet not used. 37 CFR 1.84(p)(3) Fig.(s)_____
_X_ Numbers, letters and reference characters must be at least .32 cm (1/8 inch) in height. 37 CFR 1.84(p)(3) Fig.(s) _1-6_

13. LEAD LINES. 37 CFR 1.84(q)
_____ Lead lines cross each other. Fig.(s)_____
_____ Lead lines missing. Fig.(s)_____

14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.48(t)
_____ Sheets not numbered consecutively, and in Arabic numerals beginning with number 1. Fig.(s)_____

15. NUMBERING OF VIEWS. 37 CFR 1.84(u)
_____ Views not numbered consecutively, and in Abrabic numerals, beginning with number 1. Fig.(s)_____

16. CORRECTIONS. 37 CFR 1.84(w)
_____ Corrections not made from PTO-948 dated _____

17. DESIGN DRAWINGS. 37 CFR 1.152
_____ Surface shading shown not appropriate. Fig.(s)_____
_____ Solid black shading not used for color contrast. Fig.(s)_____

COMMENTS

REVIEWER _A. Doan_   DATE _10/18/97_   TELEPHONE NO. _70330584UU_

ATTACHMENT TO PAPER NO. _4_

ADJCAM000076

## Notice of References Cited

| Application No. 08/814,168 | Applicant(s) David E. Krekelberg | |
|---|---|---|
| Examiner Long Dinh Phan | Group Art Unit 3632 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 1,208,344 | 12/1916 | McAll | 248 | 126 |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

### NON-PATENT DOCUMENTS

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |



#5 *Reg $1...*
*1/2*
*6-25-99*

P A T E N T

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

In re Application of:

David E. Krekelberg

Serial No.:  08/814,168                         Examiner:  Phan, L.

Filed       :  March 7, 1997              Group Art Unit:  3632

For         :  CAMERA CLIP

Docket No.:  19239/103/101

---

Assistant Commissioner
for Patents
Washington, D.C.   20231

CERTIFICATE UNDER 37 C.F.R. 1.8
I hereby certify that this correspondence is being
deposited with the United States Postal Service on
the date shown below with sufficient postage as
first class mail in an enveloped addressed to the
Assistant Commissioner for Patents, Washington,
D.C. 20231 on this ___ day of _June_ , 19 _98_

By:_____
          Carolyn I. Erickson

Sir:

### PETITION FOR EXTENSION OF TIME

It is requested that the time for filing the enclosed

AMENDMENT, now set to expire on May 7, 1998, be extended for <u>one</u>

month to now expire on <u>June 7, 1998</u>.  A check in the amount of

$55.00 is enclosed.

Respectfully submitted,

David E. Krekelberg

By his attorney

Date  _June 8, 1998_          *Lawrence M. Nawrocki*
                              Lawrence M. Nawrocki
06/17/1998 NAWROCKI  00000025 00814168      Reg. No. 29,333
                                   NAWROCKI, ROONEY & SIVERTSON, P.A.
02 FC:215                55.00 OP      Suite 401, Broadway Place East
                              3433 Broadway St. N.E.       Req Ext of Time
                              Minneapolis, MN  55413       Approved *1/mo*
                              (612) 331-1464               Clerk, Group 350

                                   *PN*
                                   *6-25-98*

ADJCAM000078

Gp3632



# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

re Application of:

David E. Krekelberg

Serial No.:   08/814,168                    Examiner:   Phan, L.

Filing Date:  March 7, 1997                 Group Art Unit:   3632

For:  CAMERA CLIP

Docket No.:   19239/103/101

## *TRANSMITTAL SHEET*

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

> **CERTIFICATE UNDER 37 C.F.R. 1.8:** I hereby certify that this correspondence and the documents described herein are being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the: Assistant Commissioner for Patents, Washington, D.C. 20231, on this ___ day of ____, 19__
>
> By_____
>        Carolyn J. Erickson

We are transmitting herewith the attached:

[XXX]     Amendment

    [ ] No additional fee required
    [XX] The fee has been calculated as shown:

| CLAIMS AS AMENDED | | | | | | | |
|---|---|---|---|---|---|---|---|
| | (3) | (4) | (5) | SMALL ENTITY | | OTHER | |
| | REMAINING CLAIMS | HIGHEST PAID | EXTRA | RATE | ADD'L FEE | RATE | ADD'L FEE |
| TOTAL CLAIMS | 21 - | 26= | 0 | x11= | $ | x22= | $ |
| INDEPEN-DENT CLAIMS | 5 - | 3= | 2 | x41= | $82 | X82= | $ |
| (  ) FIRST MULTIPLE DEPENDENT CLAIM | | | | +135= | $ | +270 = | $ |
| TOTAL | | | | $82.00 | | $ | |

1

ADJCAM000079

[XXXX]      Checks in the amounts of $55.00 and $82.00 are enclosed.

[XXXX]      Small entity status of this application under 37 C.F.R. 1.9 and 1.27 has been established by verified statement previously submitted.

[XXXX]      Other: Petition for Extension of Time.

[XXXX]      Please charge any deficiencies or credit any over payment in the enclosed fees to Deposit Account 14-0620.

By: _Lawrence M. Nawrocki_____
     Lawrence M. Nawrocki
     Reg. No. __29,333_____

NAWROCKI, ROONEY & SIVERTSON, P.A.
Suite 401, Broadway Place East
3433 Broadway Street N.E.
Minneapolis, Minnesota 55413
Telephone:  (612) 331-1464
Facsimile:  (612) 331-2239

2



P A T E N T

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

David E. Krekelberg

Serial No.:    08/814,168          Examiner:  Phan, L.

Filed     :    March 7, 1997       Group Art Unit:  3632

For       :    CAMERA CLIP

Docket No.:    19239/103/101

Assistant Commissioner for Patents
Washington, D.C. 20231

---

**CERTIFICATE UNDER 37 C.F.R. 1.8:**  I hereby certify that this correspondence is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the: Assistant Commissioner for Patents, Washington, D.C., 20231 on this _____ day of ____June____ , 19_98_ .

By_____
        Carolyn I. Erickson

---

Sir:

## AMENDMENT

This Amendment is being filed in response to the presently outstanding Official Action issued by the Examiner regarding the above-captioned matter.  Please amend the case as follows.

## In the claims

Please amend Claim 1 as follows:

1.    (Amended) [An apparatus] <u>Apparatus</u> for supporting a camera, having a lens, on any generally horizontal, substantially planar surface and on an object <u>having a first surface and a second surface and an edge</u>

06/17/1998 MMMMML 00000026 08814168
01 FC:202                    82.00 OP

$a$ /

intersecting the first surface and the second surface,
comprising:

a.    a hinge member adapted to be rotatably attached to
      the camera, said camera, when the hinge member is
      so attached, rotating, [over] about a first axis
      of rotation, relative to said hinge member; and

b.    a support frame [hingedly] rotatably attached to
      said hinge member [to engagingly support said
      hinge member on the object] and configured to
      support said hinge member on the surface and the
      object, said hinge member rotating [over] about a
      second axis of rotation relative to said support
      frame, said first axis of rotation being generally
      perpendicular to said second axis of rotation,
      said second axis of rotation being substantially
      parallel to [a] the first surface when said hinge
      member is [engagingly] supported on the object,
      said support frame [supporting said camera in]
      having a first [position] disposition positioned
      on [the object when said first surface is] said
      generally horizontal, substantially [level] planar
      surface, and said support frame [supporting the
      camera in] having a second [position on]
      disposition attached to the object when said first
      surface and said second surface are [is] inclined
      from [said] a generally horizontal orientation

2

ADJCAM000082

[substantially level position], [the object having
a second surface wherein a thickness between the
first surface and said second surface defines an
edge therebetween,] the camera being maintained
adjacent said edge in said second disposition of
said support frame [position when the uppermost
portion of the object is the edge, rotation of
said support frame being prevented along an axis
substantially parallel to said second axis, said
second axis being substantially parallel to said
edge].

Please amend Claim 2 as follows:

2.    (Amended) [An apparatus] Apparatus according to claim 1
wherein the support frame comprises a first portion and
a second portion, [said first portion and said second
portion supporting the camera in] the support frame
being in the first [position] disposition on the
[first] generally horizontal, substantially planar
surface when  distal extremities of  said first portion
and said second portion are engaging the generally
horizontal, [first surface when the first surface is]
substantially [level] planar surface, [said first
portion and said second portion supporting the camera
in] and the support frame being in the second
[position] disposition on the [first surface adjacent
the edge] object when said first portion is engaging

3

the first surface and said second portion is engaging
[the edge and] the second surface, said first portion
and said second portion in combination maintaining the
camera adjacent the edge [and preventing rotation of
the support frame along the axis substantially parallel
to the second axis].

Please cancel Claim 3.

Please amend Claim 4 as follows:

(Amended) [An apparatus] Apparatus according to claim
[3] 2 wherein the support frame includes a cover to
[means to releasably hold and] protect the camera
[comprises] lens when the camera [being] is rotated
[around] about the second axis [in a direction from the
second portion towards the first portion of the support
frame] until the camera is [in a position] between the
first portion and the second portion [and is releasably
held between the first portion and the second portion,
the first portion having means to protect a lens of the
camera].

Please amend Claim 5 as follows:

(Amended) [An apparatus] Apparatus according to Claim
wherein the [means to] first portion of the support
frame further includes said cover, [protect the lens of

4

the camera is a] said cover being mounted at the distal
end of the first portion[,] to receive the lens of the
camera [facing in the direction of rotation about the
second axis from the second portion to the first
portion of the support frame to allow the lens of the
camera to be fitably received into said cover when the
camera is releasably held between the first portion and
the second portion].

Please amend Claim 6 as follows:

(Amended) [An apparatus] Apparatus according to Claim 2
wherein the [first portion and the second portion
support the camera] support frame is in the first
[position on the first surface] disposition when the
first portion and the second portion engage the [first]
generally horizontal, substantially planar surface at
three or more locations in a common plane [of the first
surface to prevent], thereby preventing rotation of the
support frame relative to the [first] generally
horizontal, substantially planar surface in any
direction [within said plane of the surface].

Please cancel Claim 7.

Please amend Claim 8 as follows:

5

ADJCAM000085

6 8. (Amended) [An apparatus] Apparatus according to Claim 2
wherein the [first portion and the second portion
support the camera] support frame is in the second
[position on the first surface adjacent the edge]
disposition  when a first distance from the edge to
[the position] a location where the first portion
engages the first surface is greater than a second
distance from the edge to [the position] a location
where the second portion engages the second surface, [a
center of gravity of the camera and said hinge member
being adjacent and external to the first surface in
combination with the first distance being greater than
the second distance] thus preventing rotation of the
support frame [along an axis substantially parallel to
the second axis of rotation].

Please cancel Claims 9-10, inclusive.

Please amend Claim 11 as follows:

9 11. (Amended) [An apparatus] Apparatus according to Claim 1
wherein the  object is a display screen for a laptop
computer [when the support frame is in the second
position], and the second surface [being] is the front
of the display screen and the first surface [being] is
the back of the display screen.

Please amend Claim 12 as follows:

6

8 12. (Amended) [An apparatus] <u>Apparatus</u> according to Claim 1
wherein the hinge member [is comprised of] <u>includes</u> a
body having a proximal and a distal end, a pivot
element at said proximal end of said body <u>adapted to</u>
rotatably [attaching] <u>attach</u> the camera to the body so
that the camera rotates about the first axis relative
to the body, <u>and</u> a hinge element at said distal end of
said body hingedly attaching said body to the support
frame so that said body rotates<u>,</u> about the second axis<u>,</u>
relative to the support frame.

a 4

Please amend Claim 13 as follows:

9 13. (Amended) [An apparatus] <u>Apparatus</u> according to Claim
12 wherein [the camera has an electrical wiring harness
to couple from an interior to an exterior,] the pivot
element [having] <u>has</u> a bore[ parallel to] <u>along</u> the
first axis of rotation to receive an electrical wiring
harness [to] <u>and</u> pass said wiring harness [from said
interior] to [said exterior of] the camera.

Please amend Claim 14 as follows:

10 14. (Amended) [An apparatus] <u>Apparatus</u> for supporting a
camera<u>, having a housing and a lens,</u> on any generally
<u>horizontal, substantially planar surface and</u> on an
object <u>having a first surface and a second surface, and
an edge intersecting the first surface and the second</u>

7

surface, comprising:

a.   a hinge member adapted to be rotatably attached to
     the camera, said camera, when the hinge member is
     so attached, rotating, [over] about a first axis
     of rotation relative to said hinge member; and

b.   a support frame [hingedly] rotatably attached to
     said hinge member [to engagingly support said
     hinge member on the object] and configured to
     support said hinge member on the surface and the
     object, said hinge member rotating [over] about a
     second axis of rotation relative to said support
     frame, said first axis of rotation being generally
     perpendicular to said second axis of rotation,
     said second axis of rotation being substantially
     parallel to [a] the first surface when said hinge
     member is [engagingly] supported on the object,
     the support frame having a rear support element
     and a first and a second front support element,
     said [rear support element and said first and said
     second front support elements supporting the
     camera in the] support frame having a first
     [position] disposition positioned on [said first]
     said generally horizontal, substantially planar
     surface when said rear support element and said
     first and second front support elements are
     engaging said [first] generally horizontal,

8

_Ce 4_

_Cont'd_

ADJCAM000088

substantially planar surface [when said first
surface is substantially level], said [rear
support element and said first and said second
front support elements supporting the camera in]
support frame having a second [position]
disposition attached to the object [on said first
surface adjacent an edge] when [said] the first
surface is inclined from [said] a substantially
[level] horizontal position so that an uppermost
extremity of the object is the edge, [the object
having a second surface wherein a thickness
between said first surface and said second surface
defines said edge therebetween, the camera] the
support frame being maintained [adjacent said
edge] in said second [position when the uppermost
portion of the object is the edge,] disposition by
said rear support element engaging said first
surface and said first and second front support
elements engaging [the edge and] the second
surface, said rear support element and said first
and second front support elements in combination
[maintaining the camera adjacent the edge and]
preventing rotation of the support frame [along an
axis substantially parallel to the second axis,
said second axis being substantially parallel to
said edge].

9

ADJCAM000089

Please cancel Claim 15.

Please amend Claim 16 as follows:

16. (Amended) [An apparatus] Apparatus according to claim
[15] 14 wherein the [means to] support frame
[releasably hold and protect] protects *adapted to protect* the camera
[comprises] when the camera [being] is rotated [around]
about the second axis [in a direction from the first
and second front support elements] towards the rear
support element of the support frame until the camera
is [in a position] between the rear support element and
the first and second front support elements, and is
releasably held between the rear support element and
the first and second front support elements[, the rear
support element having means to protect a lens of the
camera].

Please amend Claim 17 as follows:

17. (Amended) [An apparatus] Apparatus according to Claim
16 wherein the first and second front support elements
are spaced a distance apart [at a], and wherein said
distance is less than a diameter of [a] the housing of
the camera[,] so that as the camera is being rotated
[around] about the second axis in the direction towards
the rear support element, [so that] said housing passes
between the first and second front support elements[,]

10

ADJCAM000090

and the first and second front support elements
resiliently [and outwardly flexing] flex outwardly to
accommodate passage of said housing, said housing being
releasably held once passing between the first and
second front support elements by the rear support
element engaging said housing at the lens[, the first
and second front support elements engaging said housing
backside to resiliently urge said housing towards the
rear support element].

Please amend Claim 18 as follows:

(Amended) [An apparatus] Apparatus according to Claim
wherein the [means to] first portion of the support
frame further has a cover, [protect the lens of the
camera is a] said cover being mounted at [the] a distal
end of the rear support element[,] and adapted to receive the lens
of the camera [facing in the direction of rotation
about the second axis from the first and second front
support elements to the rear support element of the
support frame to allow the lens of the camera to be
fitably received into said cover] when the camera is
releasably held between the rear support element and
the first and second front support elements.

Please amend Claim 19 as follows:

11

ADJCAM000091

14.   (Amended)  [An apparatus]  <u>Apparatus</u> according to Claim
10  wherein the [rear support element and the first and
second front support elements support the camera]
<u>support frame is</u> in the first [position on the first
surface] <u>disposition</u> when the rear support element and
the first and second front support elements engage the
[first] <u>generally horizontal, substantially planar</u>
surface at three or more locations in a <u>common</u> plane of
the [first] <u>generally horizontal, substantially planar</u>
surface to prevent rotation of the support frame
relative to the [first] <u>generally horizontal,</u>
<u>substantially planar</u> surface [in any direction within
said plane of the first surface].

     Please amend Claim 20 as follows:

20.   (Amended)  [An apparatus]  <u>Apparatus</u> according to Claim
10  wherein the [rear support element and the first and
second front support elements support the camera]
<u>support frame is</u> in the first [position] <u>disposition</u>
<u>positioned</u> on the [first] <u>generally horizontal,</u>
<u>substantially planar</u> surface when the rear support
element and the first and second front support elements
engage the [first] <u>generally horizontal, substantially</u>
<u>planar</u> surface to prevent rotation of the support frame
relative to the [first] <u>generally horizontal,</u>
<u>substantially planar</u> surface [in any direction within a

                              12

ADJCAM000092

plane of the first surface].

Please amend Claim 21 as follows:

21. (Amended) [An apparatus] Apparatus according to Claim 10 wherein the [rear support element and the first and second front support elements support the camera] support frame is in the second [position on the first surface adjacent the edge] disposition when a first distance from the edge to [the position] a location where the rear support element engages the first surface is greater than a second distance from the edge to [the position] a location where the first and second front support elements engage the second surface, [a center of gravity of the camera and said hinge member being adjacent and external to the first surface in combination with] the first distance being greater than the second distance thus preventing rotation of the support frame [along an axis substantially parallel to the second axis of rotation].

Please cancel Claims 22-24, inclusive.

Please amend Claim 25 as follows:

25. (Amended) [An apparatus] Apparatus according to Claim 10 wherein the hinge member [is comprised of] includes a body having a proximal and a distal end, a pivot

13

element at said proximal end of said body <u>adapted to</u> rotatably [attaching] <u>attach</u> the camera to the body so that the camera rotates about the first axis relative to the body, <u>and</u> a hinge element at said distal end of said body hingedly attaching said body to the support frame so that said body rotates about the second axis relative to the support frame.

Please amend Claim 26 as follows:

26. (Amended) [An apparatus] <u>Apparatus</u> according to claim 25 wherein [the camera has an electrical wiring harness to couple from an interior to an exterior,] the pivot element [having] <u>has</u> a bore [parallel to] <u>along</u> the first axis of rotation to receive said electrical wiring harness [to] <u>and</u> pass said wiring harness [from said interior] to [said exterior of] the camera.

Please add new Claims 27-29 as follows:

27. (Newly presented) A camera clip for supporting a camera on a laptop computer, the laptop computer having a display screen which can be inclined from a generally horizontal position, an uppermost portion of the display screen defining an edge, comprising:

a.   a hinge member adapted to be rotatably attached to the camera, said camera rotating about a first axis of rotation relative to said hinge member;

14

and

b.   a support frame hingedly attached to said hinge
     member to engagingly support said hinge member on
     the display screen, said hinge member rotating
     over a second axis of rotation relative to said
     support frame, the camera being maintained
     adjacent the edge, rotation of said support frame
     being prevented along an axis substantially
     parallel to said second axis where said second
     axis is substantially parallel to said edge.

28.   (Newly presented) Apparatus for supporting a camera
      having a lens on a substantially level surface,
      comprising:

a.   a hinge member adapted to be rotatably attached to
     the camera, the camera rotating about a first axis
     of rotation relative to said hinge member; and

b.   a support frame rotatably attached to said hinge
     member and configured to support said hinge member
     on a generally horizontal, substantially planar
     surface, said hinge member rotating about a second
     axis of rotation relative to said support frame,
     said first axis of rotation being generally
     perpendicular to said second axis of rotation,
     said second axis of rotation being substantially
     parallel to the generally horizontal,

15

ADJCAM000095

substantially planar surface when said hinge

member is supported on the generally horizontal,

substantially planar surface, said support frame

having a first portion and a second portion

wherein said support frame protects the camera

when said hinge member is not supported on the

generally horizontal, substantially planar

surface, and when the camera is rotated around

said second axis in a direction from said second

portion towards said first portion of said support

frame until the camera is between said first

portion and said second portion and is releasably

held between said first portion and said second

portion.

29. (Newly presented) Apparatus for supporting a camera,

having a lens, on an object having a first surface and

a second surface, wherein a thickness measured between

the first surface and the second surface defines an

edge therebetween, comprising:

a.    a hinge member adapted to be rotatably attached to

the camera, said camera, when the hinge member is

so adapted, rotating about a first axis of

rotation relative to said hinge member; and

b.    a support frame rotatably attached to said hinge

member and configured to support said hinge member

16

ADJCAM000096

on the object, said hinge member rotating about a
second axis of rotation relative to said support
frame, said first axis of rotation being generally
perpendicular to said second axis of rotation,
said second axis of rotation being substantially
parallel to the first surface when said hinge
member is supported by said support frame on the
object, said support frame supporting said hinge
member on the object when said first surface is
inclined from a substantially horizontal position,
the camera being maintained adjacent the edge when
an uppermost extremity of the object is the edge,
rotation of said support frame being precluded
about an axis substantially parallel to said
second axis, said second axis being substantially
parallel to said edge, said support frame having a
first portion and a second portion wherein said
support frame releasably holds and protects the
camera when said hinge member is not supported by
said support frame on the object and the camera is
rotated around said second axis in a direction
from said second portion towards said first
portion of said support frame until the camera is
between said first portion and said second portion
and is releasably held between said first portion
and said second portion.

17

## R E M A R K S

The preceding amendment and following remarks are
submitted in response to the presently outstanding Official
Action of the examiner.  Having fully responded to each
objection and ground of rejection of the examiner, all
pending claims are believed to be in condition for
allowance.  Entry of these amendments and reconsideration by
the examiner to that end is respectfully requested.

The examiner objected to claims 2-13 and 15-26 because,
at line 1 of claims 2-13 and 15-26, before "apparatus", "An"
should be replaced with --The--.  In response, Applicant has
amended claims 1-2, 4-6, 8, 11-14, 16-21 and 25-26 to make
appropriate correction.

Claims 1-26 were rejected under 35 U.S.C. §112, second
paragraph, as being indefinite for failing to particularly
point out and distinctly claim the subject matter which
Applicant regards as the invention.  The Examiner stated
that the preamble of claim 1 is drawn to a subcombination of
an apparatus comprising a hinge member and a support frame
per se whereas line 3 appears to positively recite
"rotatable attached to the camera", thus implying a
combination claim.  The Examiner further stated that, at
lines 12 and 13, "being substantially parallel to a first
surface" is a combination claim.  The Examiner further
stated that, at lines 20-28, "the object having a second
surface . . ., the camera being maintained . . . " is also

18

claiming a combination.  The Examiner stated that it is not clear whether Applicant intends to claim a subcombination or a combination.

In response, Applicant has amended claim 1 to more clearly identify the "work pieces" in the preamble and thereby focus upon the elements of the invention, e.g. the hinge member and the support frame, in the claim body. Applicant has amended the preamble of claim 1 to recite "a camera having a lens on an object, the object having a first surface and a second surface" wherein a thickness between the first surface and the second surface defines an edge therebetween.  Applicant has also amended other portions of claim 1 to be consistent with the above changes.

The Examiner stated that in claim 2, lines 3-6, "said second portion supporting the camera" and "said second portion are engaging the first surface" are claiming combination.  In response, Applicant has amended claim 2 to remove the language "said first portion and said second portions supporting the camera in" and replace it with "the support frame being in...".

The Examiner stated that in claim 3, line 2 "to releasably hold and protect the camera" is a combination claim.  Claim 3 has been cancelled.

The Examiner stated that on lines 2, 3, 5, 8, and 9 of claim 4, "comprises the camera" and "to protect a lens of the camera" are claiming combination.  In response Applicant

19

ADJCAM000099

has amended claim 4 to make it clear that the camera is a
"work piece" and to make other clarifications.

The Examiner stated on lines 2, 3, 6, and 7 of claim 5,
"to protect the lens of the camera" and "the camera" are a
combination claim.  In response, Applicant has amended claim
5, and it is clear that the camera and the lens of the
camera are "work pieces" and to make other amendments for
clarification.

The Examiner stated that in claims 6 and 7, lines 2-7,
"support the camera" and "engage the first surface" are
claiming combination.  In response, Applicant has amended
claims 6 and 7 to clarify inventive structure and "work
pieces".

The Examiner stated on lines 2, 5, 7, and 8 of claim 8,
"support camera", "engage the first and the second
surfaces", and "a center of gravity of the camera" are not a
subcombination claim.  In response, Applicant has amended
claim 8 to remove "first portion and the second portion
support the camera" to replace it with "support frame".
Applicant has amended claim 8 to remove any ambiguity
regarding combination/subcombination issues.

The Examiner states in lines 1 and 3 of Claims 9 and
10, "the object" and "the first surface" are not claiming
subcombination.  In response, Applicant has cancelled Claims
9 and 10.

The Examiner states that in claim 11, lines 1, 3 and 4,

20

ADJCAM000100

"the object", and "the second surface", and "the first surface" are a combination claim. In response, Applicant has amended claim 11 to make amendments to further clarify the combination/subcombination issues.

The Examiner stated that in claim 12, line 4, "rotatably attaching the camera" is claiming combination. In response, Applicant has amended claim 12 to define the interaction between the work piece, the camera, and the body, an element of the invention.

The Examiner stated on lines 1 and 6 of claim 13, "the camera" is a combination claim.  In response, Applicant has amended claim 13 to remove "the camera" as an element of the invention.

The Examiner stated that claims 14-26 have the same §112 problems of combination and subcombination as indicated in the above claims 1-14.  In response, Applicant has amended these claims to overcome the §112 problems of combination and subcombination as were discussed above.

Applicant has added newly presented claims 27-29. Applicant submits that, in view of the above arguments regarding pending Claims 1-2, 4-6, 8, 11-14, 16-21, and 25-26; Claims 27-29 are also in condition for allowance.

Having thus addressed each objection and ground of rejection of the Examiner, pending claims 1-2, 4-6, 8, 11-14, 16-21, and 25-26, as well as newly presented claims 27-29, are now believed to be in condition for allowance.

21

Entry of the present amendment and reconsideration to that end is respectfully requested.

Please charge any deficiencies or credit any overpayment to Deposit Account 14-0620.

Respectfully submitted,

David E. Krekelberg

By his attorney,

Dated: *June 8, 1998*    *Lawrence M. Nawrocki*
Lawrence M. Nawrocki
Reg. No. 29,333
NAWROCKI, ROONEY & SIVERTSON, P.A.
Suite 401, Broadway Place East
3433 Broadway Street Northeast
Minneapolis, MN 55413
Telephone:   (612) 331-1464
Facsimile:   (612) 331-2239

22

ADJCAM000102

| *Interview Summary* | Application No.<br>08/814,168 | Applicant(s)<br><br>**David E. Krekelberg** |
|---|---|---|
| | Examiner<br><br>**Long Dinh Phan** | Group Art Unit<br><br>**3632** |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Long Dinh Phan* _____   (3) _____

(2) *Lawrence M. Nawroki* _____   (4) _____

Date of Interview _____ *Jul 7, 1998* _____

Type:   [X] Telephonic   [ ] Personal (copy is given to   [ ] applicant   [ ] applicant's representative).

Exhibit shown or demonstration conducted:   [ ] Yes   [X] No.  If yes, brief description:

_____

_____

Agreement   [X] was reached.   [ ] was not reached.

Claim(s) discussed: *4, 5, 16, and 18* _____

Identification of prior art discussed:
*None* _____

_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
*Applicant agreed to amend the claims to overcome possible 112 problems and pass the case to issue.*

_____
_____
_____
_____
_____
_____
_____
_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached.  Also, where no copy of the amendents which would render the claims allowable is available, a summary thereof must be attached.)

1.  [X]   It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2.  [ ]   Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.  Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note:  You must sign and stamp this form unless it is an attachment to a signed Office action.

ADJCAM000103



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/814,168 | 03/07/97 | KREKELBERG | D | 19239/103/1 |

PM31/0715

LAWRENCE M. NAWROCKI
NAWROCKI, ROONEY & SIVERTSON
BROADWAY PLACE EAST SUITE 401
3433 BROADWAY STREET NORTHEAST
MINNEAPOLIS MN 55413

| EXAMINER |
|---|
| PHAN, L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3632 | 8/B |

DATE MAILED:   07/15/98

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

| *Notice of Allowability* | Application No.<br>**08/814,168** | Applicant(s)<br>**David E. Krekelberg** | |
|---|---|---|---|
| | Examiner<br>**Long Dinh Phan** | Group Art Unit<br>**3632** | ‖‖‖‖‖‖ |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application.  If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

[X] This communication is responsive to *amendment filed on 06/12/1998*_____ .

[X] The allowed claim(s) is/are *1, 2, 4-6, 8, 11-14, 16-21, and 25-29.*  _____ . . ___ .

[ ] The drawings filed on _____ are acceptable.

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

  [ ] All [ ] Some* [ ] None  of the CERTIFIED copies of the priority documents have been

    [ ] received.

    [ ] received in Application No. (Series Code/Serial Number) _____ .

    [ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

  *Certified copies not received: _____ .

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action.  Failure to timely comply will result in ABANDONMENT of this application.  Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

[ ] Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient.  A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

[X] Applicant MUST submit NEW FORMAL DRAWINGS

  [ ] because the originally filed drawings were declared by applicant to be informal.

  [X] including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. ___4___ .

  [ ] including changes required by the proposed drawing correction filed on _____ , which has been approved by the examiner.

  [ ] including changes required by the attached Examiner's Amendment/Comment.

  **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings.  The drawings should be filed as a separate paper with a transmittal lettter addressed to the Official Draftsperson.**

[ ] Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER).  If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

  [ ] Notice of References Cited, PTO-892

  [ ] Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

  [ ] Notice of Draftsperson's Patent Drawing Review, PTO-948

  [ ] Notice of Informal Patent Application, PTO-152

  [X] Interview Summary, PTO-413

  [X] Examiner's Amendment/Comment

  [ ] Examiner's Comment Regarding Requirement for Deposit of Biological Material

  [X] Examiner's Statement of Reasons for Allowance

ADJCAM000105

Serial Number: 08/814,168                                                Page 2

Art Unit: 3632

## EXAMINER'S AMENDMENT

An examiner's amendment to the record appears below.  Should the changes and/or

additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312.

To ensure consideration of such an amendment, it MUST be submitted no later than the payment

of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with Mr.

Lawrence M. Nawrocki on July 07, 1998.

The application has been amended as follows:

In the Claims:

**Claim 4**- line 2: after "cover", inserted --adapted--.

**Claim 5**- line 5: before "to receive", inserted --and adapted--.

**Claim 16**- line 3: before "the camera", replaced "protects" with --adapted to protect--.

**Claim 18**- line 5: before "to receive", inserted --and adapted--.

The following is an examiner's statement of reasons for allowance: The prior art of record

does not disclose nor suggest apparatus for supporting a camera, comprising a hinge member

adapted to be rotatably attached to the camera about a first axis of rotation; and a support frame

rotatably attached to the hinge member about a second axis of rotation and configured to support

the hinge member on a surface and an object.  Applicant's invention is deemed to be novel and

unobvious over the prior art of record and thus allowable for patent.

Any comments considered necessary by applicant must be submitted no later than the

Serial Number: 08/814,168                                                    Page 3

Art Unit: 3632


payment of the issue fee and, to avoid processing delays, should preferably accompany the issue

fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for

Allowance."

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Long Dinh Phan whose telephone number is (703) 308-3409.  The examiner

can normally be reached on Tuesday through Friday from 8:00 A.M. to 6:00 P.M. E.S.T.

Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the Group receptionist whose telephone number is (703) 308-2168. The fax

number for this Group is (703) 305-3597 or 3598.

Long Dinh Phan  ᴸᵇ ʔ

July 14, 1998

RAMON O. RAMIREZ
PRIMARY EXAMINER
ART UNIT 3632

 **UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

PN51201710

LAWRENCE M. NAWROCKI
NAWROCKI, ROONEY & SIVERTSON
BRODWAY PLACE EAST SUITE 401
3433 BROADWAY STREET NORTHEAST
MINNEAPOLIS MN 55413

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/814,168 | 03/07/97 | 021 | PHAN | 3632 | |
| First Named Applicant | KREKELBERG, DAVID L. | | | | |

TITLE OF
INVENTION CAMERA CLIP

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3  19239/103/10 | 248-121.000 | G65 | UTILITY | YES | $660.00 | |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.**
**_PROSECUTION ON THE MERITS IS CLOSED._**

**THE ISSUE FEE MUST BE PAID WITHIN _THREE MONTHS_ FROM THE MAILING DATE OF THIS NOTICE OR THIS**
**APPLICATION SHALL BE REGARDED AS ABANDONED.  _THIS STATUTORY PERIOD CANNOT BE EXTENDED._**

## HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
   If the SMALL ENTITY is shown as YES, verify your
   current SMALL ENTITY status:

   A. If the status is changed, pay twice the amount of the
      FEE DUE shown above and notify the Patent and
      Trademark Office of the change in status, or
   B. If the status is the same, pay the FEE DUE shown
      above.

If the SMALL ENTITY is shown as NO:

   A. Pay FEE DUE shown above, or

   B. File verified statement of Small Entity Status before, or with,
      payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your
    ISSUE FEE.  Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal
    should be completed and returned.  If you are charging the ISSUE FEE to your deposit account, section "4b" of Part
    B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
    Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of**
**maintenance fees.  It is patentee's responsibility to ensure timely payment of maintenance**
**fees when due.**

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)

*U.S. GPO. 1998-437-639/80023

ADJCAM000108

**PART B—ISSUE FEE TRANSMITTAL**

242 - 660
561 - 30

Complete and mail this form, together with app . e fees, to:   **Box ISSUE FEE**
**Assistant Commissioner for Patents**
**Washington, D.C. 20231**

**MAILING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

LAWRENCE M. NAWROCKI            PM31/0715
NAWROCKI, ROONEY & SIVERTSON   **RECEIVED**
BRODWAY PLACE EAST SUITE 40    Publishing Division
3433 BROADWAY STREET NORTHEAST  **OCT 2 0 1998**
MINNEAPOLIS MN 55413
                                        16

Carolyn V. Erickson

_____ (Depositor's name)

_____ (Signature)

10/15/98 _____ (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08/814,168 | 03/07/97 | 021 | PHAN, L. | 3632 | 07/15/98 |

| First Named Applicant | KREKELBERG, | DAVID E. |
|---|---|---|

TITLE OF
INVENTION CAMERA CLIP

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3  19239/103/10 | 248-121.000 | G54 | UTILITY | YES | $660.00 | 10/15/98 |

1. Change of correspondence address or indication of " Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" indication form PTO/SB/47) attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  NAWROCKI, ROONEY & SIVERTSON, P.A.

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
**PLEASE NOTE:** Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropiate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a subsititue for filing an assignment.

(A) NAME OF ASSIGNEE
  iREZ Research, Corporation

(B) RESIDENCE: (CITY & STATE OR COUNTRY)
  Minnetonka, Minnesota
Please check the appropriate assignee category indicated below (will not be printed on the patent)

☐ individual   ☒ corporation or other private group entity   ☐ government

4a. The following fees are enclosed (make check payable to Comissioner of Patents and Trademarks):

☒ Issue Fee
☒ Advance Order - # of Copies __10__

4b. The following fees or deficiency in these fees should be chrged to:

DEPOSIT ACCOUNT NUMBER _____
(ENCLOSE AN EXTRA COPY OF THIS FORM)

☐ Issue Fee
☐ Advance Order - # of Copies _____

The COMMISSIONER OF PATENTS AND TRADEMARKS IS requested to apply the Issue Fee to the application identified above.

(Authorized Signature)  Lawrence M. Nawrocki
Lawrence M. Nawrocki

(Date) Oct. 15, 1998

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

10/23/1998 CASHBY   00000026 08814168
01 FC:242                        660.00 OP
02 FC:561                         30.00 OP

**Burden Hour Statement:** This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**TRANSMIT THIS FORM WITH FEE**

PTOL-85B (REV.10-96) Approved for use through 06/30/99. OMB 0651-0033

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

ADJCAM000109

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

David E. Krekelberg

Serial No.: 08/814,168                                          Examiner: L. Phan

Filing Date: March 7, 1997                            Group Art Unit: 3632

For: CAMERA CLIP

Docket No.: 19239/103/101

### *TRANSMITTAL SHEET*

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

---

**CERTIFICATE UNDER 37 C.F.R. 1.8:**  I hereby certify that this correspondence
and the documents described herein
are being deposited with the United States Postal Service on the date shown below
with sufficient postage as first class mail in an envelope addressed to the:
Assistant Commissioner for Patents, Washington, D.C. 20231, on this /5th day of ____
October , 1998

By_____
Carolyn L. Erickson

---

We are transmitting herewith the attached:

[  ]        Amendment

    [  ] No additional fee required
    [  ] The fee has been calculated as shown:

| CLAIMS AS AMENDED | | | | | | | |
|---|---|---|---|---|---|---|---|
| | (3) | (4) | (5) | SMALL ENTITY | | OTHER | |
| | REMAINING CLAIMS | HIGHEST PAID | EXTRA | RATE | ADD'L FEE | RATE | ADD'L FEE |
| TOTAL CLAIMS | - | = | | x11= | $ | x22= | $ |
| INDEPEN-DENT CLAIMS | - | = | | x41= | $ | X82= | $ |
| (  ) FIRST MULTIPLE DEPENDENT CLAIM | | | | +135= | $ | +270 = | $ |
| TOTAL | | | | $ | | $ | |

1

ADJCAM000110

[XXXX]    A check in the amount of $ 690.00 is enclosed.

[XXXX]    Small entity status of this application under 37 C.F.R.
          1.9 and 1.27 has been established by verified statement
          previously submitted.

[XXXX]    Other:  Part B-Issue Fee Transmittal (with Certificate of
          Mailing); Letter to Official Draftsperson; Two (2) Sheets
          of Formal Drawings.

[XXXX]    Please charge any deficiencies or credit any over payment
          in the enclosed fees to Deposit Account 14-0620.

                    By: _____
                        Lawrence M. Nawrocki
                        Reg. No. _29,333_____

NAWROCKI, ROONEY & SIVERTSON, P.A.
Suite 401, Broadway Place East
3433 Broadway Street N.E.
Minneapolis, Minnesota 55413
Telephone:  (612) 331-1464
Facsimile:  (612) 331-2239

2

ADJCAM000111

**P A T E N T**

Serial No.: 08/814,168
Filed: March 7, 1997
Batch No.: G54

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

David E. Krekelberg

Serial No.: 08/814,168

**RECEIVED**
Publishing Division

**OCT 2 0 1998**

**16**

Examiner:   L. Phan

Filed: March 7, 1997

Group Art: 3632

For:  CAMERA CLIP

Docket No.: 19239/103/101

---

Assistant Commissioner
 for Patents
Washington, D.C.   20231

CERTIFICATE UNDER 37 C.F.R. 1.8
I hereby certify that this correspondence is being
deposited with the United States Postal Service on
the date shown below with sufficient postage as
first class mail in an enveloped addressed to the
Assistant Commissioner for Patents, Washington,
D.C. 20231 on this 15th day of October, 1998

By: _____
           Carolyn F. Erickson

Sir:

### LETTER TO OFFICIAL DRAFTSPERSON

Submitted herewith are two (2) sheets of formal drawings for
filing in the above-identified application.

Respectfully submitted,

David E. Krekelberg

By his attorney,

Date _October 15, 1998_   _Lawrence M. Nawrocki_

Lawrence M. Nawrocki
Reg. No. 29,333
NAWROCKI, ROONEY & SIVERTSON, P.A.
Suite 401, Broadway Place East
3433 Broadway St. N.E.
Minneapolis, MN  55413
(612) 331-1464

ADJCAM000112

| APPROVED | O.G. FIG. | |
| --- | --- | --- |
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | | |

5855343



Fig. 1

Fig. 2

Fig. 3

Fig. 4

ADJCAM000113

| APPROVED | O.G. FIG. | |
|---|---|---|
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | | |

**_Fig. 5_**



**_Fig. 6_**

**_Fig. 7_**



ADJCAM000114

PTO UTILITY GRANT

Paper Number____/.O.___

## The Commissioner of Patents
## and Trademarks

*Has received an application for a patent for a new and useful invention. The title and description of the invention are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the invention shall be granted under the law.*

*Therefore, this*

## United States Patent

*Grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America for the term set forth below, subject to the payment of maintenance fees as provided by law.*

*If this application was filed prior to June 8, 1995, the term of this patent is the longer of seventeen years from the date of grant of this patent or twenty years from the earliest effective U.S. filing date of the application, subject to any statutory extension.*

*If this application was filed on or after June 8, 1995, the term of this patent is twenty years from the U.S. filing date, subject to an statutory extension. If the application contains a specific reference to an earlier filed application or applications under 35 U.S.C. 120, 121 or 365(c), the term of the patent is twenty years from the date on which the earliest application was filed, subject to any statutory extension.*

*Commissioner of Patents and Trademarks*

*Attest*

The United States of America

Form **PTO-1584** (Rev. 2/97)

(RIGHT INSIDE)

ADJCAM000115

Text Input HTML page

http://151.207.28.21:457/cgi-bin/text

```
        59116 CAMERA
        58127 CLIP
L1          2 CAMERA CLIP
             (CAMERA(W)CLIP)

=>
```

12/5/97 11:57 AM

ADJCAM000116

Tex: Input HTML page                                                http://151.207.28.21:457/cgi-bin/text_to

```
US PAT NO:      4,403,717 [IMAGE AVAILABLE]          L1: 1 of 2
TITLE:          Camera carrying device

4,403,717 [IMAGE AVAILABLE]     5 CLASSIFICATIONS      L1: 1 of 2

     1.   224/666        OR
     2.   224/268        XR
     3.   224/269        XR
     4.   224/667        XR
     5.   224/908        XR
US PAT NO:      3,962,711 [IMAGE AVAILABLE]          L1: 2 of 2
TITLE:          Accessory adapter for photographic apparatus

3,962,711 [IMAGE AVAILABLE]     3 CLASSIFICATIONS      L1: 2 of 2

     1.   396/544        OR
     2.   396/529        XR
     3.   D16/211        XR

=>
```

1 of 1                                                          12/5/97 11:57 AM

ADJCAM000117

```
US PAT NO:      5,111,983 [IMAGE AVAILABLE]              L1: 1 of 5

5,111,983 [IMAGE AVAILABLE]      3 CLASSIFICATIONS       L1: 1 of 5

       1.    224/258          OR
       2.    224/908          XR
       3.    248/118          XR
US PAT NO:      5,025,320 [IMAGE AVAILABLE]              L1: 2 of 5

5,025,320 [IMAGE AVAILABLE]      4 CLASSIFICATIONS       L1: 2 of 5

       1.    348/373          OR
       2.    348/335          XR
       3.    348/722          XR
       4.    379/202          XR
US PAT NO:      4,676,622 [IMAGE AVAILABLE]              L1: 3 of 5

4,676,622 [IMAGE AVAILABLE]      2 CLASSIFICATIONS       L1: 3 of 5

       1.    396/428          OR
       2.    248/179.1        XR
US PAT NO:      4,297,756 [IMAGE AVAILABLE]              L1: 4 of 5

4,297,756 [IMAGE AVAILABLE]      2 CLASSIFICATIONS       L1: 4 of 5

       1.    7/127            OR
       2.    81/367           XR
US PAT NO:      4,198,150 [IMAGE AVAILABLE]              L1: 5 of 5

4,198,150 [IMAGE AVAILABLE]      2 CLASSIFICATIONS       L1: 5 of 5

       1.    396/422          OR
       2.    362/3            XR

=>
```

ADJCAM000118

# PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 1996

**Application or Docket Number**

814168

## CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 385.00 | OR | | 770.00 |
| TOTAL CLAIMS | 26 minus 20 = | * 6 | x$11= | | OR | x$22= | 132.00 |
| INDEPENDENT CLAIMS | 2 minus 3 = | * | x40= | | OR | x80= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +130= | | OR | +260= | |
| | | | TOTAL | | OR | TOTAL | 902.00 |

\* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * 21 | Minus | ** 26 | = | x$11= | | OR | x$22= | |
| Independent | * 5 | Minus | *** 3 | = 2 | x40= | 2.00 | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | 2.00 | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 10/96)

\*U.S. Government Printing Office: 1996 - 413-288/49191

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

ADJCAM000119

Form PTO 1130
(REV 2-94)

# PACE DATA ENTRY CODING SHEET

## U.S. DEPARTMENT OF COMMERCE
### Patent and Trademark Office

| 1ST EXAMINER | DATE |
|---|---|
| 2ND EXAMINER | DATE |

APPLICATION NUMBER: 08/914168

TOTAL CLAIMS: 26

INDEPENDENT CLAIMS: 2

TYPE APPL: 1

SMALL ENTITY?

FILING DATE: MONTH 03 DAY 30 YEAR 97

FILING FEE

FOREIGN LICENSE: Y

SPECIAL HANDLING: 0

GROUP ART UNIT: 3505

CLASS: 248

ATTORNEY DOCKET NUMBER: 9234/1831 0

SHEETS OF DRAWING: 2

CONT STATUS CODE

STATUS CODE

PARENT APPLICATION SERIAL NUMBER

### CONTINUITY DATA

PCT APPLICATION SERIAL NUMBER

| | P | C | T | / |
|---|---|---|---|---|
| | P | C | T | / |
| | P | C | T | / |
| | P | C | T | / |
| | P | C | T | / |

PARENT PATENT NUMBER

PARENT FILING DATE: MONTH DAY YEAR

FOREIGN PRIORITY CLAIMED

COUNTRY CODE

### PCT/FOREIGN APPLICATION DATA

PCT/FOREIGN APPLICATION SERIAL NUMBER

FOREIGN FILING DATE: MONTH DAY YEAR

ADJCAM000120

E. S. McALL.
CAMERA HOLDING DEVICE.
APPLICATION FILED APR. 29, 1915.

1,208,344.

Patented Dec. 12, 1916.
2 SHEETS—SHEET 1.



Fig. 4.

Fig. 3.

Fig. 2.

Fig. 1.

INVENTOR.
Edward S. McAll

THE NORRIS PETERS CO., PHOTO-LITHO. WASHINGTON, D. C.

ADJCAM000121

E. S. McALL.
CAMERA HOLDING DEVICE.
APPLICATION FILED APR. 29, 1915.

1,208,344.

Patented Dec. 12, 1916.
2 SHEETS—SHEET 2.



*Fig. 5.*

*Fig. 6.*

INVENTOR.
Edward S. McAll

THE NORR'S PETERS CO. PHOTO-LITHO., WASHINGTON, D. C.

ADJCAM000122

# UNITED STATES PATENT OFFICE.

## EDWARD S. McALL, OF ILION, NEW YORK.

## CAMERA-HOLDING DEVICE.

**1,208,344.**          Specification of Letters Patent.          **Patented Dec. 12, 1916.**

Application filed April 29, 1915.   Serial No. 24,666.

*To all whom it may concern:*

Be it known that I, EDWARD S. McALL, a citizen of the United States, and a resident of Ilion, in the county of Herkimer and State of New York, have invented a certain new and useful Improvement in Camera-Holding Devices, of which the following is a full, clear, and exact description, reference being made to the accompanying drawings, forming part of this specification.

This invention relates to improvements in camera-holding devices which include means to enable a camera to be adjusted for use by moving it angularly on a horizontal axis, the main object of the invention being to facilitate the operation of cameras under conditions which now are apt to be more or less troublesome.

The invention consists of a camera-holding device comprising the parts, and having the construction and arrangement of parts, which are hereinafter described and specified in the claims.

On the accompanying two sheets of drawings, on which like reference-numerals designate like parts of different views: Figure 1 is a side elevation of a camera-holding device which embodies the invention in its preferred form; Fig. 2, a front elevation of this device; Fig. 3, a plan thereof; Fig. 4, another side elevation thereof; Fig. 5, another plan, the relative positions of the parts differing from those shown in Fig. 3; and Fig. 6, a side and sectional view, the relative positions of the parts being the same as shown in Fig. 5.

The particular camera-holding device shown comprises what is essentially a low tripod, a platform hinged thereto, and a clamp which is effective to hold the platform adjusted with relation to the base in any of a large number of positions. That it differs much in character from ordinary tripods is plainly indicated by its utility in various places where any of them are useless, as well as by peculiarities of its construction and its mode of operation. For example, it will properly support a camera in a desired position when the device is held by the hand against a wall, or post, or trunk of a tree, or the steeply sloping or vertical face of a rock or cliff, as illustrated in Fig. 1, in which the surface against which the device is held is represented by the irregular line *a*, and the camera by broken lines,

or when the device stands, as shown in Fig. 4, on a small and inclined surface *b*, such as that of a rock, log, or branch of a tree, or on a flat surface which is too small to enable a common tripod to stand on it and which may be the top of a post, stump of a tree, or something else.

The tripod and platform of this device are made from thin sheet metal, the head of the tripod consisting of a single piece of stock and being the base on which the platform is mounted. This base is an approximately V-shaped frame including the flat portion 1 (Fig. 2), the lateral flanges or sides 2 and 3, which are preferably straight, and the perforated parts 4 and 5 which are continuations of the flanges and form a pair of eyes at the broad end of the base. The projection 6, consisting of a struck up portion of the stock of the frame or base, is one of the feet of the tripod. The platform, which is also a single piece of stock, includes the part 7, the lateral flanges or sides 8 and 9, and the perforated continuations 10 and 11 of the flanges, the part 7 being flat except where it forms the annular struck up camera-seat 12, and the portions 10 and 11 forming eyes similar to the eyes 4 and 5 of the base. The eyes of the platform fit loosely between the eyes of the base and the flanges of the platform between the flanges of the base, so that the platform and base may lie close together as appears by Figs. 5 and 6. The screw 13 having the milled head 14 extends loosely through the part 7 at the center of the seat 12, the cotter pin 15, which passes through the stem of the screw and lies close to the face of the platform, being a keeper for the screw.

The bolt 16, having at one end the head 17 and at the other the winged nut 18, passes through the eyes of the platform and base, and on this bolt are also the spacing-sleeve 19, the friction-washers 20 and 21, and a yoke comprising the bar 22, eyes 23 and 24, and parts 25 and 26 which form both the ends of the yoke and the two other feet of the tripod. The sleeve 19 fits closely between the eyes 10 and 11, each friction-washer is between an eye of the base and the adjacent eye of the platform, and the eyes of the yoke surround the bolt outside of the eyes of the base.

Although the parts of the device might be otherwise arranged, the arrangement shown and described is preferred because it en-

ADJCAM000123

**2**                                              **1,208,344**

ables the parts to fit together as shown in Figs. 5 and 6, and renders the distance between the feet 25 and 26 greater than the width of the base or frame at its broad end. The bolt and three pairs of eyes constitute means by which the base, platform and yoke are hinged together, each of these three parts being angularly movable on the axis of the bolt with relation to the two others, and the bolt, spacing-sleeve and nut form a clamp by which the parts may be tightly held in various positions to which they may be adjusted.

It will be seen that whether the base is vertical or nearly horizontal the platform may be either horizontal or vertical or may be inclined at any desired angle to the plane of the horizon. The yoke so turns that the feet 25 and 26, which are fast together and turn together on the axis of the bolt, may be located behind the bolt as they are shown in Figs. 1, 3 and 4, or at the sides of the base as they are shown in Figs. 5 and 6, their length being much less than that of the base or that of the bolt, so that they do not project far from the base at the sides thereof and so that when the device either is held against a vertical or steeply sloping surface, or rests on a flat or slightly inclined surface, there is but little space between the base and that surface and the device is far more stable than an ordinary tripod having legs that are many times as long as the head of the tripod. The camera rests on the seat 12 and is fastened to the platform by the screw 13, when the holding-device and camera are in use, the screw fitting in a hole in the frame of the camera and engaging with an internal screw-thread formed in that frame. Then the feet 25 and 26 are behind the bolt. The platform may be readily adjusted and clamped in the desired position when the feet rest on the object on which the device is to stand or against which it is to be held. Of course the axis of the bolt will usually be horizontal when the platform is adjusted and the camera operated.

A camera-holding device like that described and suitable to hold a small camera may be conveniently carried in an ordinary coat-pocket.

It will be understood that the invention may be embodied in devices differing in details of construction from the camera-holding device shown and particularly described herein.

Having thus described my invention, what I claim as new and desire to secure by Letters Patent, is:

1. A camera-holding device comprising a base, a platform hinged thereto, feet adjacent to the ends of the hinge, and a clamp effective to hold the platform adjusted with relation to the base, these feet being fast together and their length being less than that of the base and less than the width of that part of the base which is next to the hinge.

2. A camera-holding device comprising a base, a platform hinged thereto, a clamp effective to hold the platform adjusted with relation to the base, and angularly movable feet adjacent to the ends of the hinge, these feet being fast together and their length being less than that of the base and less than the width of that part of the base which is next to the hinge.

3. A camera-holding device comprising a base, a platform hinged thereto, a clamp effective to hold the platform adjusted with relation to the base, and three short feet which with the base form a low tripod, two of the feet being adjacent to the ends of the hinge, and the other being fast on the base.

4. A camera-holding device comprising a base, a platform hinged thereto, a clamp effective to hold the platform adjusted with relation to the base, and three short feet which with the base form a low tripod, two of the feet being adjacent to the ends of the hinge and being pivotally connected with the base, and the other being fast on the base.

5. A camera-holding device comprising a base, a platform hinged thereto, a fastening to secure the camera on the platform, a clamp effective to hold the platform adjusted with relation to the base, and three short feet which with the base form a low tripod, two of the feet being adjacent to the ends of the hinge and the other being fast on the base.

6. A camera-holding device comprising a base, a platform hinged thereto, a screw attached to and extending through the platform, a clamp effective to hold the platform adjusted with relation to the base, and three short feet which with the base form a low tripod, two of the feet being adjacent to the ends of the hinge, and the platform including a camera-seat surrounding the screw and the other being fast on the base.

7. A camera-holding device comprising a base, a platform, a yoke, and a bolt on which the three other parts are mounted and on which they are angularly movable, the ends of the yoke forming feet.

8. A camera-holding device comprising a base, a platform, a yoke, a bolt on which said three other parts are mounted and on which they are angularly movable, a spacing-sleeve, and a pair of friction-washers, the ends of the yoke forming feet, the base, platform and yoke each having a pair of eyes through which the bolt extends, the spacing-sleeve being on the bolt between the eyes of each pair, each of the friction-washers being on the bolt between an eye of the base and an eye of the platform, and the eyes of both the base and platform being between those of the yoke.

1,208,344

9. A camera-holding device comprising a base, a platform hinged thereto, a clamp, and two feet which are pivotally connected with the base, the clamp being effective to hold the platform and feet adjusted with relation to the base.

10. A camera-holding device comprising a base, a platform hinged thereto, a clamp, and three feet which with the base form a tripod, two of the feet being adjacent to the ends of the hinge, the clamp being effective to hold the platform adjusted with relation to the base, and the base and platform each having lateral flanges, those of one part fitting between those of the other.

11. A camera-holding device comprising a base which is narrow at one end and the lateral edges of which are straight and diverge as they recede from that end and which has eyes at its broad end, a platform which is broader at one end than at the other and which has eyes at its broad end and a camera-seat at its narrow end, a bolt which extends through the eyes of the base and platform, a spacing-sleeve on the bolt, and three feet which with the base form a tripod, two of the feet being adjacent to the eyes of the base and the other being on the base close to its narrow end.

12. A camera-holding device comprising a base which is narrow at one end and the lateral edges of which are straight and diverge as they recede from that end and which has eyes at its broad end, a platform which is broader at one end than at the other and which has eyes at its broad end and a camera-seat at its narrow end, a bolt which extends through the eyes of the base and platform and on which at one end is a winged nut, the eyes of the platform being between those of the base, a spacing-sleeve which surrounds the bolt and fits between the eyes of the platform, and three feet which with the base form a tripod, one of the feet being on the base close to its narrow end and the others being on the bolt and being angularly movable thereon, one of them being next to the head of the bolt and the other next to the winged nut.

13. A camera-holding device comprising a base which is narrow at one end and the lateral edges of which diverge as they recede from that end, a platform which is broader at one end than at the other and has on it a camera-seat, the base and platform being pivotally connected together at their broad ends, a fastening to secure a camera on the platform, and a clamp effective to hold the platform adjusted with relation to the base.

14. A camera-holding device comprising a base which is narrow at one end and has lateral flanges which diverge as they recede from that end, a platform which is broader at one end than at the other and has on it a camera-seat, the base and platform being pivotally connected together at their broad ends, a fastening to secure a camera on the platform, and a clamp effective to hold the platform adjusted with relation to the base, the platform being adjustable to a position in which it fits close to the base from end to end and between the flanges of the base.

EDWARD S. McALL.

Copies of this patent may be obtained for five cents each, by addressing the "Commissioner of Patents, Washington, P. C."

Corrections in Letters Patent No. 1,208,344.

It is hereby certified that in Letters Patent No. 1,208,344, granted December 12, 1916, upon the application of Edward S. McAll, of Ilion, New York, for an improvement in "Camera-Holding Devices," errors appear in the printed specification requiring correction as follows: Page 2, line 109, claim 6, after the word "hinge" and before the comma insert the words *and the other being fast on the base;* same page and claim, at the end of line 110 insert a period and strike out line 111; and that the said Letters Patent should be read with these corrections therein that the same may conform to the record of the case in the Patent Office.

Signed and sealed this 9th day of January, A. D., 1917.

[SEAL.]

F. W. H. CLAY,
*Acting Commissioner of Patents.*

ADJCAM000126

# MPI Family Report (Family Bibliographic and Legal Status)

In the MPI Family report, all publication stages are collapsed into a single record, based on identical application data. The bibliographic information displayed in the collapsed record is taken from the latest publication.

**Report Created Date:**    2010-02-22

**Name of Report:**

**Number of Families:**   1

**Comments:**

## Table of Contents

1.   **US5855343A**   19990105   IREZ RESEARCH CORP     US
       Camera clip ................................................................................................................................................   1



*MicroPatent Patent Index - an enhanced INPADOC database*

## Family1

## 1 records in the family.

## US5855343A    19990105



**(ENG) Camera clip**

**Assignee:**  IREZ RESEARCH CORP      US

**Inventor(s):**  KREKELBERG DAVID E   US

**Application No:**  US  81416897  A

**Filing Date:**  19970307

**Issue/Publication Date:**  19990105

**Abstract:**  (ENG) A clip for supporting a portable camera either on a surface or on an edge of a housing, and for protecting the lens of the camera when the camera is not being supported. The clip provides two axis of rotation to position the camera to any desired viewing angle. The clip may be rotated to a first position to support the camera on a surface of a table or desk. The clip may be rotated to a second position to support the camera on the display screen of a laptop computer. When the camera is not being supported in the first position or the second position, the camera may be rotated to be releasably held by the clip to protect the camera and lens during storage.

**Priority Data:**  US 81416897 19970307 A I;

**IPC (International Class):**    A47G02900

**ECLA (European Class):**    F16M01302; F16M01112; F16M01120; G06F00116P2C

**US Class:**  248121; 248126; 248918

**Agent(s):**   Nawrocki, Rooney &  Sivertson, P

**Examiner Primary:**  Ramirez, Ramon O.

**Examiner Assistant:**  Phan, Long Dinh

**US Post Issuance:**
--US Litigations: NOTICE OF LITIGATION; NOTICE OF LITIGATION PAR Technologies, Inc. v. Philips Electronics North America Corporation, et al, Filed Jul. 9, 2001, D.C.
Arizona (Phoenix), Doc. No. CIV '01 1273 PHX MHM; NOTICE OF LITIGATION Logitech, Inc. v. Par Technologies, Inc. ,
Filed May 21, 2001, D.C. N.D. California, Doc. No. C01-1983 SI   Order
of dismissal with prejudice pursuant to the parties' settlement agreement,
Filed January 14, 2002,HonorableSusan Illston, United States District
Court, Northern District of California

**Assignments Reported to USPTO:**
Reel/Frame:  08730/0592   **Date Signed:**  19970813   **Date Recorded:**  19970827
**Assignee:**  IREZ RESEARCH, CORPORATION SUITE 485 5929 BAKER ROAD MINNETONKA
MINNESOTA 55345

**Assignor:**  KREKELBERG, DAVID E.

**Corres. Addr:**  NAWROCKI, ROONEY & SIVERTSON, P.A. LAWRENCE M. NAWROCKI 3433
BROADWAY STREET N.E., SUITE 401 MINNEAPOLIS, MN 55413
**Brief:**  ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).



**Reel/Frame:** 09669/0507  **Date Signed:** 19981219  **Date Recorded:** 19981231
**Assignee:** ANCHOR BANK NA 1055 E. WAYZATA BLVD. WAYZATA MINNESOTA 55391

**Assignor:** IREZ RESEARCH CORP.

**Corres. Addr:** HUGH D. JAEGER 1000 SUPERIOR BLVD., STE. 302 WAYZATA, MN 55391
**Brief:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).


**Reel/Frame:** 09671/0084  **Date Signed:** 19981219  **Date Recorded:** 19981231
**Assignee:** PAR TECHNOLOGIES, INC. 14605 AIRPORT DRIVE, SUITE 304 SCOTTSDALE ARIZONA
       85260

**Assignor:** ANCHOR BANK NA

**Corres. Addr:** HUGH D. JAEGER 1000 SUPERIOR BLVD., SUITE 302 WAYZATA, MN 55391
**Brief:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).


**Reel/Frame:** 12745/0992  **Date Signed:** 20020312  **Date Recorded:** 20020403
**Assignee:** WIYN INVESTMENTS 865 EAST SWEETWATER AVENUE SCOTTSDALE ARIZONA

**Assignor:** PAR TECHNOLOGIES, INC.

**Corres. Addr:** KINNEY & LANGE, P.A. ALANA BERGMAN 312 SOUTH THIRD STREET
       MINNEAPOLIS, MN 55415-1002
**Brief:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FORDETAILS).


**Reel/Frame:** 12813/0714  **Date Signed:** 20020312  **Date Recorded:** 20020422
**Assignee:** GLOBALMEDIA GROUP 15020 NORTH 74TH STREET SCOTTSDALE ARIZONA 85260

**Assignor:** WIYN INVESTMENTS

**Corres. Addr:** KINNEY & LANGE, P.A. ALANA T. BERGMAN 312 SOUTH THIRD STREET
       MINNEAPOLIS, MN 55415-1002
**Brief:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENTFOR DETAILS).


**Reel/Frame:** 17198/0952  **Date Signed:** 20060222  **Date Recorded:** 20060222
**Assignee:** WIYN INVESTMENTS, LLC 8665 E. SWEETWATER SCOTTSDALE ARIZONA 85260

**Assignor:** PAR TECHNOLOGIES, INC.

**Corres. Addr:** JOEL E. BARTHELEMY 8281 EAST GELDING DRIVE SCOTTSDALE, AZ 85260
**Brief:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).


**Reel/Frame:** 17207/0320  **Date Signed:** 20060223  **Date Recorded:** 20060223
**Assignee:** GLOBALMEDIA GROUP, LLC 8281 EAST GELDING DRIVE SCOTTSDALE ARIZONA
       85260

**Assignor:** WIYN INVESTMENTS, LLC

**Corres. Addr:** JOEL E. BARTHELEMY 8281 EAST GELDING DRIVE SCOTTSDALE, AZ 85018
**Brief:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).


**Legal Status:**

| Date | +/- | Code | Description |
|------|-----|------|-------------|
| 19970827 | () | AS | New owner name: IREZ RESEARCH, CORPORATION, MINNESOTA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:KREKELBERG, DAVID E.;REEL/FRAME:008730/0592; Effective date: 19970813; |



| | | | |
|---|---|---|---|
| 19970827 | ( ) | AS02 | ASSIGNMENT OF ASSIGNOR'S INTEREST New owner name: IREZ RESEARCH, CORPORATION SUITE 485 5929 BAKER RO; Effective date: 19970813; |
| 19970827 | ( ) | AS02 | ASSIGNMENT OF ASSIGNOR'S INTEREST New owner name: KREKELBERG, DAVID E.; Effective date: 19970813; |
| 19970827 | () | AS02 | New owner name: IREZ RESEARCH, CORPORATION SUITE 485 5929 BAKER RO; Effective date: 19970813; |
| 19970827 | () | AS02 | New owner name: KREKELBERG, DAVID E.; Effective date: 19970813; |
| 19981231 | () | AS | New owner name: ANCHOR BANK NA, MINNESOTA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:IREZ RESEARCH CORP.;REEL/FRAME:009669/0507; Effective date: 19981219; |
| 19981231 | () | AS | New owner name: PAR TECHNOLOGIES, INC., ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:ANCHOR BANK NA;REEL/FRAME:009671/0084; Effective date: 19981219; |
| 19981231 | ( ) | AS02 | ASSIGNMENT OF ASSIGNOR'S INTEREST New owner name: PAR TECHNOLOGIES, INC. 14605 AIRPORT DRIVE, SUITE; Effective date: 19981219; |
| 19981231 | ( ) | AS02 | ASSIGNMENT OF ASSIGNOR'S INTEREST New owner name: ANCHOR BANK NA; Effective date: 19981219; |
| 19981231 | () | AS02 | New owner name: PAR TECHNOLOGIES, INC. 14605 AIRPORT DRIVE, SUITE; Effective date: 19981219; |
| 19981231 | () | AS02 | New owner name: ANCHOR BANK NA; Effective date: 19981219; |
| 20020403 | ( ) | AS | ASSIGNMENT New owner name: WIYN INVESTMENTS 865 EAST SWEETWATER AVENUE SCOTTS; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC.;REEL/FRAME:012745/0992; Effective date: 20020312; |
| 20020403 | ( ) | AS | ASSIGNMENT New owner name: WIYN INVESTMENTS 865 EAST SWEETWATER AVENUESCOTTSD; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC. /AR;REEL/FRAME:012745/0992; Effective date: 20020312; |
| 20020403 | () | AS | New owner name: WIYN INVESTMENTS, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC.;REEL/FRAME:012745/0992; Effective date: 20020312; |
| 20020403 | () | AS | New owner name: WIYN INVESTMENTS 865 EAST SWEETWATER AVENUE SCOTTS; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC.;REEL/FRAME:012745/0992; Effective date: 20020312; |
| 20020403 | () | AS | New owner name: WIYN INVESTMENTS 865 EAST SWEETWATER AVENUESCOTTSD; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC. /AR;REEL/FRAME:012745/0992; Effective date: 20020312; |
| 20020422 | ( ) | AS | ASSIGNMENT New owner name: GLOBALMEDIA GROUP 15020 NORTH 74TH STREET SCOTTSDA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS;REEL/FRAME:012813/0714; Effective date: 20020312; |



| | | | |
|---|---|---|---|
| 20020422 | ( ) | AS | ASSIGNMENT New owner name: GLOBALMEDIA GROUP 15020 NORTH 74TH STREETSCOTTSDAL; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS /AR;REEL/FRAME:012813/0714; Effective date: 20020312; |
| 20020422 | () | AS | New owner name: GLOBALMEDIA GROUP, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS;REEL/FRAME:012813/0714; Effective date: 20020312; |
| 20020422 | () | AS | New owner name: GLOBALMEDIA GROUP 15020 NORTH 74TH STREET SCOTTSDA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS;REEL/FRAME:012813/0714; Effective date: 20020312; |
| 20020422 | () | AS | New owner name: GLOBALMEDIA GROUP 15020 NORTH 74TH STREETSCOTTSDAL; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS /AR;REEL/FRAME:012813/0714; Effective date: 20020312; |
| 20060222 | ( ) | AS | ASSIGNMENT New owner name: WIYN INVESTMENTS, LLC, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC.;REEL/FRAME:017198/0952; Effective date: 20060222; |
| 20060222 | () | AS | New owner name: WIYN INVESTMENTS, LLC, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC.;REEL/FRAME:017198/0952; Effective date: 20060222; |
| 20060222 | () | AS | New owner name: WIYN INVESTMENTS, LLC, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC.;REEL/FRAME:017198/0952; Effective date: 20060222; |
| 20060223 | ( ) | AS | ASSIGNMENT New owner name: GLOBALMEDIA GROUP, LLC, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS, LLC;REEL/FRAME:017207/0320; Effective date: 20060223; |
| 20060223 | () | AS | New owner name: GLOBALMEDIA GROUP, LLC, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS, LLC;REEL/FRAME:017207/0320; Effective date: 20060223; |
| 20060223 | () | AS | New owner name: GLOBALMEDIA GROUP, LLC, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS, LLC;REEL/FRAME:017207/0320; Effective date: 20060223; |

# USPTO Maintenance Report

| Patent Bibliographic Data | | | | 02/22/2010 05:21 PM | |
|---|---|---|---|---|---|
| Patent Number: | 5855343 | | Application Number: | 08814168 | |
| Issue Date: | 01/05/1999 | | Filing Date: | 03/07/1997 | |
| Title: | CAMERA CLIP | | | | |
| Status: | 12th year fee window opens: 01/05/2010 | | | Entity: | Small |
| Window Opens: | 01/05/2010 | Surcharge Date: | 07/07/2010 | Expiration: | N/A |
| Fee Amt Due: | $2,055.00 | Surchg Amt Due: | $0.00 | Total Amt Due: | $2,055.00 |
| Fee Code: | 2553 | MAINTENANCE FEE DUE AT 11.5 YEARS | | | |
| Surcharge Fee Code: | | | | | |
| Most recent events (up to 7): | 08/23/2006<br>08/23/2006<br>07/26/2006<br>08/19/2002<br>08/19/2002<br>07/23/2002 | Payment of Maintenance Fee, 8th Yr, Small Entity.<br>7.5 yr surcharge - late pmt w/in 6 mo, Small Entity.<br>Maintenance Fee Reminder Mailed.<br>Payment of Maintenance Fee, 4th Yr, Small Entity.<br>Surcharge for late Payment, Small Entity.<br>Maintenance Fee Reminder Mailed.<br>--- End of Maintenance History --- | | | |
| Address for fee purposes: | GLOBAL MEDIA GROUP, LLC<br>15020 N. 74TH STREET, SUITE B<br>SCOTTSDALE, AZ<br>85260 | | | | |

ADJCAM000132