IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC | |
| v. | NO. 6:10-cv-329-LED |
| AMAZON.COM, INC., ET AL. | JURY |

## PLAINTIFF'S REPLY CLAIM CONSTRUCTION BRIEF

Plaintiff AdjustaCam LLC respectfully submits this *Markman* Reply as follows:

Defendants' Response is long on citations to inapplicable case law but lacks citations to intrinsic support for their meritless attempt, under the guise of proving "context," to import unwarranted limitations into straight-forward claim terms.

### A.  Support Frame.

| **PLAINTIFF**: A structural element that supports a hinge member | **DEFENDANTS**: A physically distinct structural element whose different dispositions enable support of said hinge member |
|---|---|

The parties agree, in essence, that a "support frame" is a structural element that supports a hinge member.[1] Defendants improperly seek to add a "physically distinct" limitation. Their justification for adding this unsupported limitation is *Becton Dickenson*, which holds that "distinct" elements are not the same structure. *See Becton Dickenson v. Tyco Healthcare*, 616 F.3d 1249, 1254 (Fed. Cir. 2010). However, neither side's construction states, or even implies, that a support frame and hinge member are the same structure. Thus, the extraneous word "distinct" is unnecessary and inappropriate. Following Defendants' logic, every structure in an apparatus claim should be specified as "physically distinct," which would be a senseless practice.

Further, Defendants improperly seek to inject a "different dispositions enable support" limitation into the construction of "support frame." However, the specification and claims only

---

[1] Although "frame" is a word with plain and ordinary meaning, AdjustaCam has acceded to Defendants' terminology of "structural element" in order to help simply the issues in dispute.

1

state that the "support frame" is "configured to support" the hinge member, or that it "engagingly support[s]" the hinge member. There is no requirement in the specification or the claims that "different dispositions" of the "support frame" must be the thing that enables support. For example, a camera may be supported merely by virtue of being rotabably attached.

Defendants erroneously argue that Plaintiff leaves "support frame" in a "vacuum." This argument lacks merit. Further, it ignores that ample context and linkage to other structures is provided by the surrounding claim language which explains the relationship between the support frame and the surface, the support frame and the object, and the support frame and the hinge member. This structural relationship is readily apparent when one views "support frame" in context with other claim terms, including the hinge member, surface and object; and there is no need to inject unnecessary and improper limitations into "support frame."

## B. Disposition.

| **Plaintiff:** Plain and ordinary meaning; alternatively, configuration[2] or arrangement | **Defendants:** Configuration of the support frame enabling support of the hinge member, accomplished through rotation about the second axis |
|---|---|

Again, under the guise of "context," Defendants seek to import extraneous and improper limitations into a straight-forward term. Disposition is not a complicated word or technical jargon. It is the act of being disposed, which equates with "arrangement"[3] or "positioning."

Similar to their arguments relative to "support frame," Defendants seek to import an unwarranted limitation into the simple word "disposition," which would require that the configuration of the support frame must be the thing that enables support of the hinge member. As noted above relative to "support frame," this argument is erroneous and lacking in support.

---

[2] Should the Court determine that "disposition" is not a plain meaning word, then AdjustaCam would be agreeable with Defendants' terminology of "configuration" in order to help simply the issues in dispute.
[3] *See* Ex. 1.

The versatile "disposition" of the support frame involves disclosure in the specification and claim limitations whereby the support frame has a first disposition when positioned on a generally horizontal, substantially planar surface, and a second disposition when supported on an object.[4] There is no requirement in the specification or claims that the "disposition" of the support frame must be the thing that enables support of the hinge member.

Further, there is no requirement in the claims or preferred embodiments that "disposition" of the support frame must be "accomplished through rotation about the second axis." In fact, claim 1, which is the only support cited by Defendants, states that the *hinge member* rotates about a second axis relative to the support frame. Further, as noted above, the mere attachment of the support frame and the hinge member can be what supports the hinge member.

Defendants argue that AdjustaCam's construction of "disposition" leaves the word in a vacuum; however, ample context is provided by the surrounding claim language without importing improper limitations into the construction of a straight-forward term.

## C. Hinge Member.

| PLAINTIFF'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|
| A structural element that joins to another for rotation | A structural element that may be joined to another so as to form a hinge joint and is capable of rotating on that hinge joint |

Defendants improperly seek to limit hinge member to a "hinge joint." However, the term "hinge joint" is not used in the specification or claims. Further, Defendants' overly restrictive construction would eliminate a preferred embodiment pivot joint, which is erroneous and presumptively incorrect. The '343 patent teaches that in a preferred embodiment, "pivot element 80 at proximal end 76 of body 74 rotatably attaches camera 12 to body 74." '343 patent, 5:37-41. This rotatable attachment depicted in Fig. 4 (and elsewhere in the '343 patent), which comprises

---

[4] The '343 patent uses the words "position" and "disposition" interchangeably.



pivot element 80 of hinge member 16, is a pivot joint, as follows:

The '343 patent teaches and claims that a "hinge member" can be "adapted to be rotatably attached," "rotatably attached" or "hingedly attached." *See, e.g.,* Claims 1, 10, 19 & 21. Preferred embodiments disclosed for rotatable and hinged attachment are "pivot element 80" and "hinge element 82." Further, the parties agree that "hingedly attached" requires a "hinge joint." "Rotatably attached" is broader than "hingedly attached," and it is broader than a hinge joint.

D.     **Rotatably attached/adapted to be rotatably attached/adapted to rotatably attach.**

| **Plaintiff:** Connected such that the connected object is capable of being rotated | **Defendants:** Connected such that the connected object is capable of being adjusted to different configurations via motion over one axis of rotation |
|---|---|

The term "rotate" and its various permutations, such as rotatable and rotatably, are plain words that a jury can readily understand. There is no good reason to omit any permutation of "rotate" out of the definition of "rotatably attached" and instead substitute "adjusted to different configurations." Further, Defendants' construction improperly suggests that "rotatably" is limited to "one axis of rotation." However, nothing in the '343 patent suggests or requires this restriction. Rather, the '343 patent refers to a "first axis of rotation" of the camera relative to the hinge member in order to distinguish it from the "second axis of rotation" of the hinge member relative to the support frame. There is no teaching or disclaimer that rotation is restricted to a single axis. In *Phillips,* the Federal Circuit "expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed.Cir.2005). "Much of the time, upon reading the specification in [ ] context, it will become clear whether the patentee is setting out specific examples of the invention to accomplish those goals, or whether the patentee

instead intends for the claims and the embodiments in the specification to be strictly coextensive." *Id.* Here, the patentee expressly states that, "[h]aving thus described the preferred embodiments of the present invention, those of skill in the art will readily appreciate that yet other embodiments may be made and used within the scope of the claims hereto attached. '343, 6:44-47. Moreover, the patentee repeatedly refers to the examples in the specification as a "preferred embodiment." As such, the claims are not limited to a preferred embodiment. *See, e.g., Phillips, supra*; *Dealertrack, Inc. v. Huber*, 2012 WL 164439, *5 (Fed. Cir. Jan. 20, 2012). Further, the plain meaning of "rotatably attached," is not limited to rotation on a single axis. If patents were arbitrarily limited to preferred embodiments, then claims would be unnecessary.

Defendants' discussion of "comprising" lacks merit, and appears to be mostly a re-hash of their unfounded argument that claims should be limited to a preferred embodiment. It cannot be reasonably disputed that an apparatus "comprising," i.e., including, but not limited to, rotation about a first axis and a second axis is not limited to rotation only around those two axes,

### E. Other claim terms not briefed by Defendants.

Inexplicably, Defendants chose not to submit any briefing in support of their prior proposed constructions for (1) hingedly attached / hingedly attaching; (2) maintained adjacent said edge; (3) when said first surface and said second surface are inclined from a generally horizontal orientation; (4) a display screen which can be inclined from a generally horizontal position; (5) body; (6) proximal…end; (7) distal end; (8) pivot element; (9) rotation of said support frame being prevented along an axis substantially parallel to said second axis; or (10) engagingly support. Here, Plaintiff can only assume that Defendants have abandoned their earlier proposed constructions, and that they now agree with Plaintiff's constructions.

January 31, 2012                                Respectfully submitted,

By: /s/ *John J. Edmonds*
John J. Edmonds – LEAD COUNSEL
Texas State Bar No. 789758
Michael J. Collins
Texas Bar No. 4614510
Stephen F. Schlather
Texas Bar No. 24007993
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Rd., Suite 125
Houston, Texas 77057
Telephone: (713) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
sschlather@cepiplaw.com

Andrew W. Spangler
Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
ADJUSTACAM LLC

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with this filing via the Court's CM/ECF system and/or email per Local Rule CV-5(a)(3).

January 31, 2012                                /s/ *John J. Edmonds*
                                                John J. Edmonds