IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DATE: 2/9/12

| JUDGE<br>JOHN LOVE | REPORTER: Shelly Holmes<br>LAW CLERK: Eman Soojodi |
|---|---|
| ADJUSTACAM LLC<br>Plaintiff<br><br>vs.<br>AMAZON.COM, INC., ET AL<br>Defendant | CIVIL ACTION NO: 6:10cv329<br><br>MARKMAN HEARING |

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| Refer to Attached Attorney Sign-In Sheet | Refer to Attached Attorney Sign-In Sheet |

On this day, came the parties by their attorneys and the following proceedings were had:

OPEN: 9:06 am                    ADJOURN: 11:36 am

| TIME: | MINUTES: |
|---|---|
| 9:06 am | Case called. The parties announced ready to proceed. |
|  | The Court greeted the parties and stated we are here for a Markman Hearing. The Court will take this term by term. There is no necessity for general tutorial. The Court wants a clear understanding of what term are in dispute. |
|  | Mr. Edmonds stated what terms that are still an issue. |
|  | The Court will begin with argument. |
| 9:13 | Mr. Edmonds stated that there is agreement on plain meaning and "hindgedly attached/hindgedly attaching". Argument began on first term **"support frame"**. Discussion made on '343 patent, exemplary claim 1. Points made on exemplary claim 1 vis-a-vis an exemplary embodiment. |
|  | The Court asked why defendant's proposal is wrong to the plaintiff about the "support frame". Mr. Edmonds responded. |

DAVID J. MALAND, CLERK

FILED: 2/8/12

BY: *Mechele Morris*, Courtroom Deputy

PAGE 2 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 9:23 am | Ms. Lu began argument on behalf of the defendants on proposed construction term **"support frame"**. She stated the two terms, "support frame and disposition" go together and asked if she can make argument on both. |
| | The Court will allow. |
| | Ms. Lu stated that the disagreement is, should the disputed terms be construed to take into account their context in the claimed clip, or not. Defendants say "yes". Discussion made on the patent-in-suit regarding "camera clip". The claims describe only two locations in/about the clip that can rotate. Argument began on term **"support frame"**. Defendants view is the "support frame" has a particular type of structure and role in relation to what the clip does. Plaintiff's construction is incomplete. Plaintiff cannot be allowed to claim all "means" for supporting the hinge member. The specification confirms that the "support frame's" configurations, the "dispositions," describe how the :support frame" provides support on different surfaces and objects. |
| 9:42 am | The Court questioned Ms. Lu about why the different dispositions enable support? Ms. Lu responded. The Court is not clear why the claim does not outline what defendant says. Ms. Lu further responded. The Court further questioned about defendants proposal. Ms. Lu continued argument on "disposition" and "support frame". |
| 9:50 am | Mr. Edmonds responded. The Court asked about the idea of "disposition". Argument continued on **"support frame"** by Mr. Edmonds. Discussion made on proposal of **"disposition"**. Further discussion made on the first and second axis regarding the "support frame". |
| | Ms. Lu further responded as to second access and "support frame". Further argument made on **"disposition"**. Reference made to the patent 5,857,684 regarding collapsible golf cart and patent 6,095,532 re: folding creeper. The word disposition considered in a vacumn, just indicates that some thing is configured/arranged in some way, but what is it? The claims can answer this. Disposition is a configuration of the support frame, enabling support of the hinge member, accomplished through rotation about the second axis. The claims to a functional device must describe how its pieces can function together, otherwise they would be incomplete. |
| | The Court questioned further questioned Ms. Lu about the claim and the animation shown. The Court asked about camera going from table to laptop. The Court asked why the issue is so important? Ms. Lu responded as to this point and what defendants are concerned about here. |
| 10:15 am | Mr. Edmonds discussed what is going on regarding configuration. Discussion made on plaintiff's theory. Further discussion made as to claim 1. |
| 10:19 am | Recess for 10 minutes. |
| 10:36 am | Court resumed. |
| | Mr. Edmonds began argument on proposed construction term **"hinge member"** on behalf of the plaintiff. Hinge members have rotatable and/or attachment. Hinge members can have pivot elements. Discussion made on the support frame and structural support for a hinge. |

PAGE 3 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
|  | Mr. Zarian responded and began argument on proposed construction term **"hinge member"**. The other part of the claimed clip, as set out in the claims, is the "hinge member". The disagreement is whether a "hinge" is a "hinge". Defendants say "yes". The patentee deliberately used the word "hinge" to modify "member" in every independent claim. Discussion made on the ordinary meaning. Plaintiff's constructions contradicts the ordinary meaning of "hinge" and new formulation is overbroad. |
| 10:59 am | The Court asked about pivot element 8. Mr. Zarian responded. The Court asked about claim 19 and the differences. Mr. Zarian responded as to this and the claim. |
|  | Mr. Edmonds responded and further argued **"hinge"**. Discussion made on "rotatably attached". |
|  | The Court asked Mr. Edmonds about the concern he is reading "hinge" out of the claim. Mr. Edmonds responded. Discussion further made on **"hinge member"** and pivot element 80. |
|  | Mr. Zarian responded as to the pivot element. Mr. Edmonds further responded as to **"hinge member"**. Discussion made on "hinge element". |
| 11:13 am | Mr. Edmonds began argument on proposed construction term **"rotatably attached"**. |
|  | Mr. Zarian responded and gave argument on proposed construction term **"rotatable attachment"**. There is no teaching or disclaimer that rotation is restricted to a single axis. Defendants construction gives "rotatably attached" its ordinary meaning in the context of the claims and the specification. |
|  | Ms. Lu gave further argument on term. The term is used to describe how two things are connected, these objects are described as moving about a single discrete axis. |
|  | The Court gave proposal on term **"rotatably attached"**. Mr. Edmonds had no objection. The Court further questioned the axis and the rotation of the camera. Mr. Edmonds responded. The Court stated that the question is if the camera pivot or turn on a ball joint. The Court wants to discuss "hinge member" again. The Court has a concern as to why he used "hinge member" and not hinge. Mr. Edmonds responded and further discussed **"hinge member"** and "hinge". |
|  | Mr. Zarian stated a pivot is different than a hinge. "Hinge" is a hinge. |
|  | Mr. Edmonds responded. Ms. Lu responded. |
|  | The Court thanked the parties and will have ruling as soon as possible. |
| 11:36 am | There being nothing further, Court is adjourned. |
|  |  |
|  |  |
|  |  |
|  |  |