## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

ADJUSTACAM LLC
*Plaintiff*

v.                                                            Case No. 6:10-cv-329-LED

AMAZON.COM, INC., *et al.*                                    **JURY**
*Defendants*

## AGREED PROTECTIVE ORDER

This Protective Order ("Protective Order" or "Order") is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation and shall survive the termination of this litigation, as provided in paragraph 17 herein.

1. **Scope.** This Order shall apply to all information, documents, and things within the scope of discovery in this action that are in the possession or custody of, or are owned or controlled by, the parties or non-parties, including but not limited to documents and things responsive to requests for production of documents and things under Federal Rule of Civil Procedure 34 (including business records produced pursuant to Federal Rule of Civil Procedure 33(d)) and Patent Rules 3-2 and 3-4; answers to interrogatories under Federal Rule of Civil Procedure 33; responses to requests for admission under Federal Rule of Civil Procedure 36; testimony provided at any deposition pursuant to Federal Rule of Civil Procedure 30 or 31; testimony provided at any trial or hearing in this action; documents and things responsive to, and testimony provided pursuant to, any subpoena issued in this action under Federal Rule of Civil Procedure 45; and documents, things, testimony or other information obtained through discovery from foreign third parties, including but not limited to such discovery taken under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. All information, documents, and things designated under this Order shall be used only in connection with the preparation, trial, and appeal of this action, and not for any other purposes, including, but not limited to, any other legal proceeding or any commercial or business purpose related or unrelated to this litigation. This limitation shall not apply to the party that created or produced such materials, or otherwise had possession, custody, ownership, or control of the materials prior to the initiation of this lawsuit.

   (a)    "Designated Material" shall mean and refer to all information and material subject to this Order that constitutes or contains a trade secret or other confidential research, development, commercial, or financial information. "Designated Material" includes information and material designated with any of one or more the Confidentiality Designations listed below.

(b)    "Confidentiality Designation" refers to one or more of the following designations: "CONFIDENTIAL" and/or "OUTSIDE ATTORNEYS' EYES ONLY."

(c)    The scope of this Order shall be understood to encompass not only Designated Material which is expressly designated with a Confidentiality Designation but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information.

(d)    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to any Designated Material shall be subject to the provisions of this Protective Order.  Nothing in this Protective Order shall be deemed to preclude any party or nonparty from seeking and obtaining additional protection with respect to the confidentiality of documents or other discovery materials, or relief from this Protective Order with respect to particular materials designated hereunder.

2.    **Designations.**  Any producing party may mark Designated Material as:

(a)    "CONFIDENTIAL," if the producing party claims in good faith that the Designated Material constitutes, contains, or includes the producing party's non-public information and that public disclosure of such information would result in competitive or other business injury to it;

(b)    "HIGHLY CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY," if the producing party claims in good faith that the Designated Material constitutes, contains, or includes sensitive technical, financial, or other business information that is of such a sensitive nature that the disclosure of such Designated Material to a receiving party would result in serious competitive or other business injury to it or any injury, embarrassment, or harm to any individual person; or

The parties agree to not use the Confidentiality Designations for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

3.    **Method for Designating Materials**

(a)    Any Designated Material that a producing party wishes to be made subject to this Protective Order shall be marked or labeled with the appropriate Confidentiality Designation at the time that it is produced or disclosed to the receiving party. Any copy made of such Designated Material, or any document or thing created (e.g., any abstract, summary, memorandum, or exhibit) containing Designated Material subject to this Protective Order shall likewise be marked or labeled with the same Confidentiality Designations.

(b)    Any response to written interrogatories or requests for admissions that contains or constitutes Designated Material shall be labeled or marked by the producing party

with the appropriate Confidentiality Designation, at the time it is provided or disclosed to the receiving party.

(c)     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof with a Confidentiality Designation pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as if designated as "CONFIDENTIAL."

4.      **Filing Under Seal.**  Any Designated Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" or a similar legend on at least the first page of the filing.

5.      **Disclosure of Designated Materials.**   Designated Material shall be maintained in confidence according to the terms of this Order and may be disclosed and used only as provided in this Order.

(a)     Designated Material marked as "CONFIDENTIAL" may be disclosed only to:

(i)     any employee of the producing party;

(ii)    any person or entity that authored or received the Designated Material prior to its production or disclosure in this action (and where such receipt was not in breach of any obligation of confidentiality);

(iii)   outside litigation counsel of record for the parties, including their necessary support personnel (i.e., their own staff);

(iv)    in-house counsel for the parties who either have responsibility for making decisions dealing directly with the litigation of this action, or who are assisting outside counsel in the litigation of this action;

(v)     up to and including three (3) designated representatives of each of the parties to the extent reasonably necessary for the litigation of this action, except that a party may in good faith request the producing party's consent to designate one or more additional representatives, the producing party shall not unreasonably withhold such consent, and the receiving party may seek leave of Court to designate such additional representative(s) if it believes the producing party has unreasonably withheld such consent;

(vi)    court reporters and videographers engaged for depositions, inspections, and other proceedings in this action;

3

(vii)    persons or entities providing copying, imaging, electronic discovery, database, or coding services, or engaged by a party or counsel for a party to prepare graphic or visual aids or demonstrative exhibits, provided that such persons or entities execute an undertaking in the form attached as Exhibit A;

(viii)   subject to paragraph 6(b), approved persons or entities engaged by a party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate, or interpret in the case, excluding employees, officers or directors of a named party or of any parent, subsidiary, or affiliate of any named party, and provided that such persons or entities execute an undertaking in the form attached as Exhibit A;

(ix)    subject to paragraph 6(d), persons or entities engaged by a party or counsel for a party to provide jury or trial consulting services, provided that such persons or entities execute an undertaking in the form attached as Exhibit A;

(x)     mock jurors or focus group members, provided that such persons execute an undertaking in substantially the form attached as Exhibit A; and

(xi)    the Court, its personnel, and the jury in this action.

(b)    Designated Material marked as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" may only be disclosed to persons and entities listed in paragraph 5(a)(i–iii and vi–xi).

6.    **Experts, Consultants, Translators, and Interpreters.**  Designated Material may be disclosed to a party's bona fide, independent experts, nonparty consultants, translators, and interpreters assisting counsel with preparation, trial, or appeal of this action only in strict accordance with the following procedures, and only as otherwise provided by this Protective Order or otherwise agreed to in writing by the producing party:

(a)    Before any disclosure of Designated Material of another party is made to any expert, nonparty consultant, translator, or interpreter pursuant to this Protective Order, such person shall be furnished with a copy of this Protective Order and shall execute the undertaking in the form attached as Exhibit A.  Each such statement shall be retained by counsel for the party engaging the person for ninety (90) days after entry of final judgment or the exhaustion of all appeals in this action, whichever is later.

(b)    Before any disclosure of the Designated Material of another party is made to any translator or interpreter, counsel shall forward to the producing party a copy of the executed undertaking and a copy of the person's current curriculum vitae.  Any proposed translator or interpreter shall not be an employee of a party or any member of the party's corporate family.

(c)     Before any disclosure of the Designated Material of another party is made to any expert or nonparty consultant, counsel for the receiving party shall forward to the producing party a copy of the executed undertaking, a copy of the person's current curriculum vitae, a description of the person's past or present relationship, if any, with any of the parties to this litigation, and the information required to be disclosed under FRCP 26(a)(2)(iv) and (v).

(d)     No Designated Material may be provided or disclosed to an expert or nonparty consultant until after the expiration of a ten (10) day period commencing with the receipt of the notice pursuant to paragraph 6(c).  If during the ten (10) day period, any party issues a written objection to the expert or nonparty consultant, there shall be no disclosure of Designated Material, except by subsequent agreement of the parties, or by order of the Court upon ruling on the objecting party's motion. If a party needs further information regarding the expert, nonparty consultant, translator or interpreter to make a decision as to whether to object to that person, such party may request further information within five (5) business days after receipt of the notice pursuant to paragraph 6(c).  The party shall then be entitled to object to such disclosure to the expert, nonparty consultant, translator, or interpreter within five (5) additional business days after receipt of the requested information, or the failure to provide such information.  Upon receipt of such an objection, within five (5) business days or such other time as the parties may mutually agree, the parties shall meet and confer in good faith to resolve the objection.  If the parties cannot resolve the dispute, the objecting party may, within five (5) business days of the meet and confer, move the Court to bar disclosure of Designated Material.  Responses, replies and sur-replies, if any, to any such motions shall be filed within three (3) business days.  Absent a motion by the objecting party within the time specified, such disclosure is permissible.

7.     **Discoverability of Expert Materials.**  Only the final expert report served on an opposing party and the materials that the expert relied upon or otherwise considered in forming his or her opinions are discoverable.  Draft reports, draft declarations or affidavits, or notes taken by experts will not be subject to discovery.  Communications, and documents relating to communications, between experts and counsel (including e-mail communications), except for documents, information, and things included in or attached to such communications or documents that are relied upon by the expert in his or her expert report, will not be subject to discovery.

8.     **Public Information.**  The restrictions and limitations set forth in this Protective Order shall not apply to any of the following:

(a)     any specific information or material that is available to the public at or prior to the time of the production or disclosure by the producing party;

(b)     any specific information or material that, after disclosure, becomes available to the public through no act, or failure to act, by or on behalf of the receiving party, its counsel, its expert(s) or other nonparty consultant(s), or any other person to whom disclosure was authorized pursuant to this Protective Order;

(c)     any specific information or material that the receiving party, its counsel, or its expert(s) or consultant(s) can demonstrate: (i) was already known or in the possession or control of the receiving party; (ii) was obtained from the producing party without having been designated as Designated Material; or (iii) was produced by a party in this action, or by a third party, without being designated as Designated Material, provided the party or third party so producing such information or material had the right to do so.

9.      **Disputes.**  In the event of any dispute with respect to the designation of information, including testimony and documents, as Designated Material, the parties shall attempt to resolve the dispute by good faith negotiation.  If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a noticed motion for an appropriate order.  The information shall be continue to be treated by its Confidentiality Designation until the issue is resolved by the Court or by agreement of the parties.

10.     **Designation Challenges.**  No party shall be obligated to challenge a designation of information as Designated Material, and a failure to do so shall not preclude a subsequent challenge to such designation.  The burden of proof with respect to a designation of Designated Material shall rest on the producing party, except that the burden of proving any exception set forth in paragraph 8 of this Order shall rest on the party asserting the exception.

11.     **Inadvertent Disclosure or Incorrect Designations.**

(a)     If a producing party inadvertently discloses any document or thing containing information that it deems Designated Material without designating it with a Confidentiality Designation or inadvertently applies an incorrect Confidentiality Designation to any document or thing, the producing party shall promptly upon discovery of such inadvertent disclosure or erroneous designation inform the receiving party in writing of the error.  The receiving party shall thereafter treat the information with the corrected Confidentiality Designation given by the producing party.  To the extent such information may have been disclosed to persons other than persons authorized to receive such Designated Material, the receiving party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons. The receiving party shall make all reasonable efforts to retrieve any original and all copies of the documents from any employee, in-house counsel, expert, nonparty consultant, translator, interpreter, jury consultant, or other vendor for this litigation to whom such information was distributed.  Such efforts shall also include the removal of any incorrectly marked materials from any litigation database or other document storage maintained for this litigation.

(b)     If a producing party inadvertently discloses to a receiving party information that is subject to the attorney-client privilege, the attorney work product doctrine, or that is otherwise immune from discovery, the producing party shall promptly upon learning of such disclosure so advise the receiving party in writing and request that the item or items of information, and all copies thereof, and notes or other

electronic or paper documents created or drafted therefrom, be returned or destroyed, and no party to this action shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other immunity.  It is further agreed that the receiving party will return or certify the destruction of all copies of such inadvertently produced item or items of information and all copies thereof within two (2) days of receipt of a written request for the return or destruction of such item or items of information.  The party returning or destroying such inadvertently produced item or items of information may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

12.   **Return or Destruction of Materials.**  Within ninety (90) days following the final dismissal or entry of final judgment in this action and the exhaustion of all appeals in this action, each party shall return or destroy all documents and things designated by the producing party as Designated Material, all copies thereof, and all documents and things containing information based on such Designated Material in its possession, custody or control or in the possession, custody or control of any person or entity to which the party disclosed such documents, including employees, in-house counsel, experts, nonparty consultants, translators, interpreters, jury consultants, or other vendors it used during the course of this litigation.  Notwithstanding the foregoing, counsel of record for each party may retain one copy of the pleadings, correspondence, trial and/or deposition exhibits and transcripts in this action.  Counsel for the receiving party shall certify the return or destruction of Designated Material, including the permanent erasure of such materials from any electronic storage, including but not limited to networked computer systems or document management systems, and such certification shall be made within the 90 days provided by this paragraph.

13.   **Third-Party Discovery.**  Discovery of non-parties to this action may involve the discovery of information, documents, objects or testimony that constitute or contain Designated Material of the nonparty or of a party to this action.  A nonparty producing such materials in this case may use any appropriate Confidentiality Designation for such materials.  Nonparty materials designated by a nonparty or party with a Confidentiality Designation shall be governed by all of the terms of this Protective Order.

14.   **Subpoenas.**  If any party or person subject to this Protective Order and having possession, custody, or control of any Designated Material produced by another party receives from a nonparty a subpoena or other process to produce such information, such information shall not be produced without prior written consent from the producing party, or unless and until ordered to do so by a court of competent jurisdiction.  In addition:

(a)   The party or person receiving the subpoena or other process shall promptly notify, by overnight mail, email or facsimile, counsel of record for the producing party of the demand for production of the information, and simultaneously shall provide a copy of the subpoena or other process; and

(b)     At its sole discretion and expense, the producing party may move against the subpoena or other process, or may otherwise oppose entry of an order by a court of competent jurisdiction compelling production of such Designated Material.

15.     **Advising Clients.**  This Protective Order shall not bar any attorney herein in the course of rendering advice to a client with respect to this action from conveying to the client his or her evaluation, in a general way, of the claims and defenses specifically at issue in this action.  In rendering such advice, and otherwise communicating with his or her client, the attorney shall not disclose the contents of any Designated Material produced by another party or nonparty, unless such disclosure of the specific contents of the Designated Material is expressly authorized under the terms of this Protective Order.

16.     **Obligation of Due Care.**  Each of the parties to this action, and its counsel of record and other legal representatives, agrees to abide by and be bound by the provisions of this Protective Order, and to use due care to see that its provisions are known by, and adhered to, by its support staff, others under its supervision or control, and any person or entity retained by counsel to work on this matter.

17.     **Survival.**  Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action.  This Court shall retain jurisdiction over the subject matter of this Order and the parties herein for purposes of enforcing this Order.


**So ORDERED and SIGNED this 2nd day of April, 2012.**


_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

ADJUSTACAM LLC
       *Plaintiff*

v.                                                                  Case No. 6:10-cv-329-LED

AMAZON.COM, INC., *et al.*                      **JURY**
       *Defendants*

## **UNDERTAKING**

I, _____, state that:

     My residence address is:   _____

                                                _____

     My business address is:   _____

                                                _____

     My relationship to one or more of the parties to this action is as follows:

                                                _____

     I have read and understand the Protective Order ("Order") that has been signed and entered in the above-captioned action.  I hereby agree to be bound by and comply with the terms of the Order, and not to disseminate or disclose any Designated Materials, or reveal their contents, to anyone for any reason, except in accordance with the terms of the Order.  I will not use Designated Materials for any purpose other than in connection with this action.

     I understand that in addition to any other remedy available by law, contempt sanctions may be entered for violation of this Order.  I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of the Order and this Undertaking.

     DATED this _____ day of _____, ____.


                                      _____
                                      (Signature)
                                      _____
                                      (Typed or Printed Name)