IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ADJUSTACAM LLC | |
|---|---|
| v. | NO. 6:10-cv-329-LED |
| AMAZON.COM, INC., ET AL. | JURY |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S MEMORANDUM OPINION AND ORDER REGARDING CLAIM CONSTRUCTION (DOC NO. 627)**

Pursuant to Federal Rule of Civil Procedure 59, Plaintiff AdjustaCam LLC ("AdjustaCam"), respectfully objects to Magistrate Judge Love's Memorandum Opinion and Order Regarding Claim Construction, as follows:

**I.     INTRODUCTION**

Plaintiff is the owner of U.S. Patent No. 5,855,343 (the "'343 patent") entitled "Camera clip." Apparatuses which comprise camera clips are often referred to as webcams.

Magistrate Judge Love issued the Memorandum Opinion and Order Regarding Claim Construction (Doc. No. 627) (the "Opinion") on April 10, 2012.  A copy of the Memorandum Opinion is at <u>Exhibit 1</u> for the Court's convenience.  AdjustaCam's opening Markman Brief is at Doc. No. 575, and AdjustaCam's Reply Markman Brief is at Doc. No. 601.  Both are respectfully incorporated herein to the extent the Court deems them helpful in resolving these objections.

The great majority of the Opinion correctly addressed the disputed claim terms. AdjustaCam is objecting to the Magistrate's findings and statements solely with respect to the term "rotatably attached" and the like terms, "adapted to be rotatably attached" and "adapted to rotatably attach," which the Opinion refers to collectively as the "'rotatably attached' terms."

AdjustaCam objects because, with all due respect, the Magistrate erred in holding that "'rotatably attached' objects in the patent-in-suit are limited to a single axis of rotation.

> In this regard, the Magistrate held as follows:
>
> The Court finds that the claims of the '343 patent describe "rotatably attached" objects as rotating over a single axis
>
> the Court finds that the "rotatably attached" terms do not require construction beyond what is contained in the claims. While the Court has not explicitly construed the "rotatably attached" terms, the Court has resolved the parties' dispute regarding the proper scope of the claims, i.e., "rotatably attached" objects in the patent-in-suit are limited to a single axis of rotation
>
> No construction necessary, sufficiently defined in the claims; subject to the Court's resolution of the scope of the claims

Opinion at pp 8, 10 & 15.

Although the Magistrate did not explicitly construe the "rotatably attached" terms, the Opinion states that "rotatably attached objects" are "limited to a single-axis of rotation," and that "the parties may not contradict the Court's resolution of that dispute," Opinion at p. 11.  For the reasons stated herein, the District Judge should sustain AdjustaCam's objections and construe the "rotatably attached" terms such that "rotatably attached" objects are <u>not</u> limited to a single axis of rotation.

## II.   TECHNOLOGY AT ISSUE

The '343 patent generally relates to a novel adjustable camera clip comprising one disposition on a generally horizontal, planar surface (*e.g.*, a table top), and another disposition on an inclined object (*e.g.*, the screen of a laptop computer). Exemplary Fig. 2 shows a preferred embodiment webcam in a first disposition on a table top, and exemplary Fig. 4 shows the same webcam in a second disposition when attached to the laptop screen, as follows:





The independent claims of the '343 patent are claims 1, 10, 19, 20 and 21. Exemplary claim 1 covers an apparatus comprising a hinge member rotatably attached to a camera, a support frame rotatably attached to the hinge member, the support frame having a first disposition on a surface and a second disposition on an inclined object.[1] To help the Court better envision claim 1, the following color-coded chart compares claim 1 to certain preferred embodiments disclosed in the '343 patent:

---

[1] Exhibit 2 hereto is the '343 patent. Although the prosecution history of the '343 patent was not relied on with regard to the subject matter of the present motion, in the interest of completeness it is included as Exhibit 3 hereto.

3

1. Apparatus for supporting a camera, having a lens, on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface, comprising:
a. a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member; and
b. a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object, said hinge member rotating about a second axis of rotation relative to said support frame,
said first axis of rotation being generally perpendicular to said second axis of rotation,
said second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object,
said support frame having a first disposition positioned on said generally horizontal, substantially planar surface,
and said support frame having a second disposition attached to the object when said first surface and said second surface are inclined from a generally horizontal orientation,
the camera being maintained adjacent said edge in said second disposition of said support frame.



Independent claim 10 is similar to claim 1, except it comprises additional claim limitations related to the support frame being comprised of "a rear support element and a first and a second front support element."

Independent claim 20 is also similar to claim 1, except it comprises additional claim limitations related to "wherein said support frame protects the camera when said hinge member is not supported on the generally horizontal, substantially planar surface."

Independent claim 21 is similar to claim 1, except that it comprises additional claim limitations related to "wherein said support frame releasably holds and protects the camera when said hinge member is not supported by said support frame on the object."

Independent claim 19 covers a "camera clip for supporting a camera on a laptop computer ... comprising ... a hinge member adapted to be rotatably attached to the camera, said camera rotating about a first axis of rotation relative to said hinge member; and a support frame

hingedly attached to said hinge." Thus, claims 1, 10, 20 and 21 each comprise a "support frame rotatably attached to said hinge member ..." and claim 19 comprises a "support frame hingedly attached to said hinge member."

## III. APPLICABLE LEGAL PRINCIPLES

Claim construction is a matter of law.[2] The court "indulge[s] a heavy presumption that claim terms carry their full ordinary and customary meaning unless the patentee unequivocally imparted a novel meaning to those terms or expressly relinquished claim scope during prosecution."[3] Claim terms are interpreted from the point of view of a person of ordinary skill in the art who "is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification."[4] However, "the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words."[5]

Intrinsic evidence includes the claims, written description, drawings, and the prosecution history."[6] A disputed term should be construed by first examining the intrinsic evidence of record from the perspective of one skilled in the relevant art.[7] "The claims themselves provide substantial guidance as to the meaning of particular claim terms."[8]

---

[2] *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996).
[3] *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003).
[4] *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc).
[5] *Id.* at 1314.
[6] *Teleflex Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1324 (Fed. Cir. 2002).
[7] *Phillips*, 415 F.3d at 1313-14.
[8] *Id.* at 1314.

Extrinsic evidence is less significant than the intrinsic record in determining the legally operative meaning of the claim language.[9] Where the ordinary meaning can be ascertained from the intrinsic evidence, a court does not have to evaluate extrinsic evidence.[10]

Although the specification is relevant to interpreting the meaning of disputed claim language, particular embodiments and examples appearing in the specification will not generally be read into the claims.[11] As the Federal Circuit has held, "[o]ne of the cardinal sins of patent law [is] reading a limitation from the written description into the claims."[12]

The Magistrate's Opinion is not dispositive of the parties' claims, and therefore, the question before the Court is whether it is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Here, claim construction is a legal conclusion. The District Judge reviews the Magistrate Judge's legal conclusions de novo (reviews his factual findings for clear error). *See Lahr v. Fulbright & Jaworski*, 164 F.R.D. 204, 209 (N.D. Tex. 1996).

AdjustaCam respectfully submits that the Magistrate's Opinion is contrary to the law and that limiting of the "rotatably attached terms" to a single axis of rotation is a legal conclusion that must be reviewed de novo. To the extent that the Court deems the Magistrate's Opinion regarding the "rotatably attached terms" to be a factual finding, then AdjustaCam respectfully submits that it was clearly erroneous.

## IV. THE CORRECT CONSTRUCTION OF ROTATABLY ATTACHED/ADAPTED TO BE ROTATABLY ATTACHED/ADAPTED TO ROTATABLY ATTACH.

During the Markman process, AdjustaCam advocated a construction for the "rotatably attached" terms of "connected such that the connected object is capable of being rotated." Doc.

---

[9] *Id.*
[10] *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996).
[11] *Comark Comms., Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998); *see also Phillips*, 415 F.3d at 1323.
[12] *Phillips*, 415 F.3d at 1319-20.

No. 601, p. 4.  In objecting to the Magistrate Judge's ruling regarding the "rotatably attached terms," AdjustaCam respectfully submits that its proposed construction should be adopted by the District Court, or alternatively, the District Court should adopt the Magistrate Judge's ruling that the "rotatably attached" terms do not require construction; while overruling and not adopting the Magistrate Judge's unwarranted limitation that rotatably attached objects are "limited to one axis of rotation."

To understand "rotatably attached" in the context of the patent and claims, one must also understand a "hinge member" and a "support frame."  The Magistrate Judge correctly construed hinge member as "a structural element that joins to another for construction." Opinion at p. 7. The Magistrate Judge also correctly construed "support frame" as having a plain meaning and requiring "no construction," subject to the Court's resolution of certain disputes over "support frame."

A hinge member, *i.e.*, a structural element that joins another for construction, is (1) for rotatable attachment to a camera (claims 1, 10, 19, 20 & 21); and (2) for rotatable attachment (claims 1, 10, 20 & 21) or hinged attachment (claim 19) to a support frame. Regarding rotatable attachment to a camera, the '343 patent teaches that in a preferred embodiment, "[h]inge member 16 is rotatably attached to camera 12." 4:17-19.[13] Further, each independent claim comprises: "a hinge member adapted to be rotatably attached to the camera."[14]  Regarding rotatable attachment to a support frame, the '343 patent teaches and claims, "a support frame *rotatably attached* to said hinge member and configured to support said hinge member on the surface and the object." Claims 1, 10, 20 & 21. *See also* Figs. 2-4.

---

[13] *See also* rotatable attachment of the hinge member and camera in Figs. 2-4; 3:9-14 & 5:37-41. Note that "4:17-19" is shorthand for column 4, lns. 17-19 of the '343 patent.
[14] "The claims themselves provide substantial guidance as to the meaning of particular claim terms." *Phillips*, 415 F.3d at 1314.

7

Regarding the first axis of rotation, the '343 patent teaches that, in a preferred embodiment, "[h]inge member 16 is rotatably attached to camera 12, where camera 12 rotates over a first axis 26 in a direction shown by arrow 28 relative to hinge member 16." 4:17-19. *See also* 2:12-14; 3:36-40 & 5:38-41. Further, independent claim 1 comprises, "said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member," and independent claims 10, 19, 20 and 21 each comprises: "a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation relative to said hinge member."

Regarding the second axis of rotation, the '343 patent teaches that, in a preferred embodiment, "[h]inge member 16 rotates over a second axis 32 in the direction shown by arrow 34 relative to support frame 18." 4:22-24. *See also* 2:14-18; 3:40-43 & 5:41-44. Further, claim 1 comprises: "a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object." Claims 10, 20 and 21 comprise: "said hinge member rotating about a second axis of rotation relative to said support frame." Claim 19 comprises: "said hinge member rotating over a second axis of rotation relative to said support frame."

With all due respect, the Magistrate Judge's limitation that the "rotatably attached" terms mean that an object is "limited to one axis of rotation" is erroneous.  First, nothing in the '343 patent or its prosecution history states that rotation is "limited to one axis of rotation."  To the contrary, in the summary of the invention, the patents states that "[t]he clip provides two axis of rotation to position the camera to any desired viewing angle. 1:66 – 2:1.  Further, although a preferred embodiment comprises "where camera 12 rotates over a first axis 26," the specification does <u>not</u> state that camera 12 cannot rotate over any axis besides first axis 26. Likewise, although

8

a preferred embodiment comprises where "Hinge member 16 rotates around a second axis 32," the specification does <u>not</u> state that hinge member 16 cannot rotate over any axis besides second axis 32.

More importantly, "[t]he claims themselves provide substantial guidance as to the meaning of particular claim terms."[15] Claims 1 and 10 of the '343 patent, at element (a), each comprise "a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member." If "rotatably attached" was "limited to one axis of rotation" as the Magistrate Judge has erroneously ruled, then it would be redundant to have a "first axis of rotation" limitation also present in element (a) of claims 1 and 10.[16] The same issue exists with Claims 19 and 20, wherein element (a) of each is worded: "a hinge member adapted to be rotatably attached to the camera, said camera rotating about a first axis of rotation relative to said hinge member."

Likewise, Claims 1, 10 and 21 of the '343 patent, at element (b), each comprises "a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object, said hinge member rotating about a second axis of rotation relative to said support frame." If "rotatably attached" was "limited to one axis of rotation" as the Magistrate Judge has erroneously ruled, then it would be redundant to have a "second axis of rotation" limitation also present in element (a) of claims 1, 10 and 21. The same issue exists with Claim 20, wherein element (b) is worded: "a support frame rotatably attached to said hinge member and configured to support said hinge member on a generally horizontal, substantially

---

[15] *Phillips*, 415 F.3d at 1314.
[16] Claim 21 has almost the exact same language, except its element (a) is written in terms of "a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so adapted, rotating about a first axis of rotation relative to said hinge member."

planar surface, said hinge member rotating about a second axis of rotation relative to said support frame, said first axis of rotation being generally perpendicular to said second axis of rotation."

As the foregoing illustrates, it would be improper to import a "single axis of rotation" limitation into rotatably attached, including because it would make the "first axis of rotation" in element (a) redundant or superfluous, and it would make the "second axis of rotation" in element (b) redundant or superfluous.[17]

The Opinion "finds that the claims of the '343 patent describe 'rotatably attached' objects as rotating over a single axis." Opinion at p. 8. To the contrary, the applicable claims[18] *require* certain rotation over a first axis, and certain rotation over a second axis. This does not mean that "rotatably attached" objects that rotate over more than a single axis cannot meet the claim limitations, provided that they rotate over the required first and second axes.

The Opinion also states that the specification is "consistent in disclosing the camera and support frame rotating over a first and second axis of rotation." Opinion at p. 9. However, here the the Opinion is referring to what the specification specifically calls out as "preferred embodiments." Yet, the "cardinal sin" of claim construction is limiting the claims to a preferred embodiment.[19] Moreover, as noted above, while the preferred embodiment does involve certain rotation over a first axis of rotation and certain rotation over a second axis of rotation, it never states, or even implies, that "rotatable attachment" must be limited to a single axis of rotation, or that something that rotates in more than one axis of rotation cannot fall within the plain meaning of the broad "rotatable attachment" terms.

---

[17] *See, e.g., Blackboard, Inc. v. Desire2Learn, Inc.,* 574 F.3d 1371, 1376 (Fed. Cir. 2009); *Rambus Inc. v. Infineon Techs. AG,* 318 F.3d 1081, 1096 (Fed.Cir.2003) (claim limitation for a multiplexed bus, a limitation that would be redundant if "bus" already meant "multiplexed bus"). *See also Clearstream Wastewater Sys., Inc. v. Hydro–Action, Inc.,* 206 F.3d 1440, 1446–47 (Fed.Cir.2000) (explaining that the doctrine "prevents the narrowing of broad claims by reading into them the limitations of narrower claims").
[18] Claim 19 involves hinged attachment at element (b), so it is inapplicable to this issue.
[19] *Phillips*, 415 F.3d at 1319-20.

Further, while the Magistrate Judge correctly acknowledged that one preferred embodiment comprises a pivot joint for rotatable attachment, he erred in writing that "the specification explicitly describes the 'pivot element' as rotating around a single axis of rotation." Opinion at p. 10. To the contrary, in the subject preferred embodiment, the specification describes that, "a pivot element 80 at proximal end 76 of body 74 rotatably attached camera 12 to body 74 so the camera may rotate about first axis 26. 5:38:41. Rotating about a "first axis" does not mean that something is restricted to *only* a single axis.

Finally, the claims unequivocally refer to an apparatus "***comprising***" a "first axis of rotation" relative to the hinge member and camera and a "second axis of rotation" relative to the hinge member and support frame. The word "comprising," which in patent lexicography means "including, but not limited to" is "open-ended and does not exclude additional, unrecited elements."[20] While all that is required to infringe the claims is rotation in one axis per rotatable attachment, the claimed invention is not restricted to this embodiment. Rather it ***comprises*** all types of "rotatable" attachments, including those which permit rotation in more than a single axis.

With all due respect, the Magistrate Judge erred in rejecting Plaintiff's "comprising" argument. *See* Opinion at p. 10. First, the claims ***comprise*** all types of "rotatable" attachments, including those which permit rotation in more than a single axis. This does not mean that "rotatably attached" is completely open ended; rather, it means that it is not limited to the specific rotatable attachments (*i.e.*, a hinge and a pivot joint) in the preferred embodiments. Second, the rotatable attachments ***comprise*** rotation over a first axis (as claimed), rotation over a second axis (as claimed), *and* rotation over a third axis, and so on. This does not mean that

---

[20] *CIAS, Inc. v. Alliance Gaming Corp.,* 504 F.3d 1356, 1361 (Fed. Cir. 2007); *Georgia-Pacific Corp. v. United States Gypsum Co.*, 195 F.3d 1322, 1327-28 (Fed. Cir. 1999).

"rotatably attached" is completely open ended, it means that the claimed invention can involve rotatable attachment over multiple axes, provided that it meets the first axis and second axis limitations of the claims. For example, a claim directed to a vehicle comprising a car which drives forward and reverse would be infringed by a car which drives forward, in reverse, and turns to the side, and a claim directed to a chair comprising three straight legs would be infringed by a chair having three straight legs and one crooked leg.

## V. CONCLUSION

For the reasons stated herein and in its prior *Markman* briefing, Plaintiff AdjustaCam respectfully submits that its proposed construction[21] of the "rotatably attached" terms should be adopted by the District Court, or alternatively, the District Court should adopt the Magistrate Judge's ruling that the "rotatably attached" terms do not require construction; while overruling the Magistrate Judge's unwarranted limitation that rotatably attached objects are "limited to one axis of rotation." AdjustaCam also requests such other relief to which it may be justly entitled.

April 24, 2012                                              Respectfully submitted,

By: /s/ *John J. Edmonds*
John J. Edmonds – LEAD COUNSEL
Texas State Bar No. 789758
Michael J. Collins
Texas Bar No. 4614510
Stephen F. Schlather
Texas Bar No. 24007993
COLLINS, EDMONDS &
POGORZELSKI, PLLC
1616 S. Voss Rd., Suite 125
Houston, Texas 77057
Telephone: (713) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
sschlather@cepiplaw.com

---

[21] *i.e.* "connected such that the connected object is capable of being rotated."

> Andrew W. Spangler
> Texas Bar No. 24041960
> Spangler Law P.C.
> 208 N. Green Street, Suite 300
> Longview, Texas 75601
> (903) 753-9300
> (903) 553-0403 (fax)
> spangler@spanglerlawpc.com
>
> ATTORNEYS FOR PLAINTIFF
> ADJUSTACAM LLC

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with this filing via the Court's CM/ECF system and/or email per Local Rule CV-5(a)(3).

April 24, 2012              /s/ *John J. Edmonds*
                                  John J. Edmonds

13