IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC | |
| v. | NO. 6:10-cv-329-LED |
| AMAZON.COM, INC., ET AL. | JURY |

## ORDER

CAME BEFORE THE COURT the Objections of the Plaintiff AdjustaCam LLC ("to the Magistrate Judge's Memorandum Opinion and Order Regarding Claim Construction (Doc No. 627) (the "Opinion"). Upon review of the Objections, the Opinion and the other papers on file, the Plaintiff's objections are SUSTAINED.

The Court finds that nothing in the '343 patent or its prosecution history states that rotation is "limited to one axis of rotation." Further, "[t]he claims themselves provide substantial guidance as to the meaning of particular claim terms." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc). Claims 1 and 10 of the '343 patent, at element (a), each comprises "a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member . . ." If "rotatably attached" was "limited to one axis of rotation," then it would be redundant to have a "first axis of rotation" limitation also present in element (a) of claims 1 and 10.

Likewise, Claims 1, 10 and 21 of the '343 patent, at element (b), each comprises "a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object, said hinge member rotating about a second axis of rotation relative to said support frame. . ." If "rotatably attached" was "limited to one axis of rotation" as

1

the Magistrate has erroneously ruled, then it would be redundant to have a "second axis of rotation" limitation also present in element (a) of claims 1, 10 and 21.

As the foregoing illustrates, it would be improper to import "single axis of rotation" into rotatably attached, including because it would make the "first axis of rotation" in element (a) redundant or superfluous, and it would make the "second axis of rotation" in element (b) redundant or superfluous. *See, e.g., Blackboard, Inc. v. Desire2Learn, Inc., 574 F.3d 1371, 1376 (Fed. Cir. 2009); Rambus Inc. v. Infineon Techs. AG,* 318 F.3d 1081, 1096 (Fed.Cir.2003) (claim limitation for a multiplexed bus, a limitation that would be redundant if "bus" already meant "multiplexed bus"). *See also Clearstream Wastewater Sys., Inc. v. Hydro–Action, Inc.,* 206 F.3d 1440, 1446–47 (Fed.Cir.2000) (explaining that the doctrine "prevents the narrowing of broad claims by reading into them the limitations of narrower claims").

Further, limiting the "rotatably attached" terms to a single axis of rotation would improperly limit the claims to a preferred embodiment. *See Phillips*, 415 F.3d at 1319-20.

Finally, the claims unequivocally refer to an apparatus "*comprising*" a "first axis of rotation" relative to the hinge member and camera and "second axis of rotation" relative to the hinge member and support frame. The word "comprising," which in patent lexicography means "including, but not limited to" is "open-ended and does not exclude additional, unrecited elements." *CIAS, Inc. v. Alliance Gaming Corp.,* 504 F.3d 1356, 1361 (Fed. Cir. 2007); *Georgia-Pacific Corp. v. United States Gypsum Co.*, 195 F.3d 1322, 1327-28 (Fed. Cir. 1999). While all that is required to infringe the claims is rotation in one axis per rotatable attachment, the claimed invention is not restricted to this embodiment.  Rather it *comprises* all types of "rotatable" attachments, including those which permit rotation in more than a single axis.  In addition, the

rotatable attachments *comprise* rotation over a first axis (as claimed), rotation over a second axis (as claimed), *and* rotation over other axes as well.

Accordingly, it is ORDERED that "rotatably attached," "adapted to be rotatably attached" and "adapted to rotatably attach" are herby construed as "connected such that the connected object is capable of being rotated" and "adapted to be connected such that the connected object is capable of being rotated," respectively, and that the Magistrate Judge's Ruling that the "rotatably attached" terms are limited to one axis of rotation is hereby OVERRULED.