IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC<br>     *Plaintiff*<br><br>v.<br><br>AMAZON.COM, INC. *et al.*,<br>     *Defendants* | Case No. 6:10-cv-329-LED<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE LOVE'S CLAIM
CONSTRUCTION ORDER**

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. 636 (b)(1), Defendants Best Buy Co. Inc., Best Buy Stores, LP, Bestbuy.Com, CDW LLC, Digital Innovations, LLC, Fry's Electronics, Inc., Gear Head, LLC, Hewlett-Packard Company, Kohls Corporation, Kohl's Illinois, Inc., Micro Electronics, Inc. d/b/a Micro Center, Newegg, Inc., Newegg.Com, Inc., Office Depot, Inc., Rosewill Inc., Sakar International, Inc., and Wal-Mart Stores, Inc., (collectively, "Defendants"), respectfully submit the following objections to Magistrate Judge Love's Memorandum Opinion and Order (Doc. No. 627; hereinafter "the Opinion") regarding construction of certain claim terms in U.S. Patent No. 5,855,343 ("the '343 patent") (Exh. A), and respectfully request that the District Court sustain Defendants objections and overrule the Opinion as stated herein.

**I.     INTRODUCTION**

The plaintiff, AdjustaCam, LLC ("Plaintiff") has asserted the '343 patent, entitled "Camera clip," against 33 defendants, of whom 17 remain in the case (the "Defendants"). The Court referred the present case for claim construction to United States Magistrate Judge Love on January 30, 2012. (Doc. No. 599). Magistrate Judge Love held the claim construction hearing in

this case on February 9, 2012, and issued the Opinion setting forth his claim constructions on April 10, 2012, and served on the parties that same day.

**"Rotatably Attached"**: Defendants agree with the Opinion's discussion relating to the term "rotatably attached" wherein the Opinion correctly determined that the scope of the claims was limited to a single axis of rotation, the Opinion stating, "the Court has resolved the parties' dispute regarding the proper scope of the claims, *i.e.*, 'rotatably attached' objects in the patent-in-suit are limited to a single axis of rotation." (Opinion at 10). Defendants agree with the Opinion that the correct scope of "rotatably attached" is "limited to a single axis of rotation."

**"Hinge Member"**: At the hearing, Plaintiff and Defendants disputed the construction of the term "hinge member." Defendants believe that the term "hinge member" is correctly understood as being a member that forms a hinge joint. However, because Defendants believe the Opinion resolves the correct claim scope for the term "rotatably attached," insofar as that term is limited to a single axis of rotation, Defendants do not presently object to the construction of the term, "hinge member," so long as the scope ascribed to the related term "rotatably attached" remains consistent with the Opinion. However, if, on review, Plaintiff's proposed construction of "rotatably attached" is adopted in lieu of Judge Love's, then "hinge" will be effectively read out of the claims. In that event, Defendants object to Judge Love's construction of "hinge member" as being overly broad.

**"Support Frame"**: Defendants further agree with the Opinion with respect to the term "Support Frame" insofar as the opinion correctly requires that the support frame have different dispositions. The Opinion properly recognizes that "the claims and the specification identify the first and second disposition as particular structural arrangements of the support frame" (Opinion at 12) and rejects Plaintiff's arguments regarding the proper claim scope, stating, "Plaintiff,

however, proposes a construction that ignores the different structural arrangements of the support frame, *i.e.* different dispositions." (*Id.*).  The Opinion states that the term "is sufficiently defined in the claims and no construction is necessary." (*Id.*).  As noted herein, Defendants respectfully disagree with and object to the Magistrate Judge's Opinion relating to the term "disposition."  However, Defendants agree with the opinion to the extent that the opinion properly recognizes that the support frame have at least first and second dispositions, and therefore Defendants do not object to the Opinion with regards to the construction of "Support Frame" except to the extent that Defendants disagree with and object to the term "Disposition" as stated herein.

**"Disposition"**:  Defendants respectfully disagree and object to the construction and the Opinion as to the term, "disposition."  For this term, the Opinion states as follows:

> Beyond an agreement that a disposition is a "configuration," the parties' proposed constructions wildly diverge. Plaintiff contends that "disposition" is an easily understood term and does not require construction beyond its plain and ordinary meaning. Defendants argue that a "disposition" is a functional configuration of the "support frame" and such function can only be accomplished through rotational motion through the second axis. DEF.'S RESP. at 11–13.
>
> A plain reading of the claims discloses that the support frame has two "dispositions" or configurations, one allowing for the apparatus to be placed on a generally flat surface, the second allowing for the apparatus to be attached to an inclined object. Defendants appear to contend that these "dispositions" may only be functionally accomplished through rotational motion of the support frame about the second axis. DEF.'S RESP. at 12. On the contrary, the claims describe the hinge member, not the support frame, as rotating about the second axis. See, e.g., '343 patent at 6:60–61 ("[S]aid hinge member rotating about a second axis of rotation."). Further, the first clause of Defendants' proposed construction is merely a second bite at the same argument they advanced in construing "support frame." The claims, however, do not require the specific dispositions of the support frame to enable support of the hinge member.

> Defendants appear to be masquerading a noninfringement position as an issue of claim construction by injecting rotation into an easily understood structural term. Accordingly, the Court construes "disposition" as "a configuration or arrangement of the support frame."

(Opinion at 13). It appears that Magistrate Judge Love believed that Defendants' construction excluded embodiments in which the hinge member rotated about the second axis relative to the support frame. However, Defendants' proposed construction merely requires a configuration "*accomplished* through rotation about the second axis" and NOT "accomplished through rotation about the second axis *by the support frame alone*." To the extent Defendants' position was not made clear to the Court, Defendants regretfully apologize. Nevertheless, Defendants' proposed construction is consistent with, and indeed dictated by, the plain language of Claim 1, which requires a "hinge member rotating about a second axis of rotation *relative to said support frame*" (emphasis added). As such, Defendants respectfully request that Magistrate Judge Love's construction be overruled and Defendants' proposed construction be adopted.

## II.  TECHNOLOGY BACKGROUND

The '343 patent is directed toward an apparatus (the titular "clip") that may be used to support a camera upon differently inclined surfaces and objects, such as a table top or a laptop screen. ('343 patent (Exh. A) at 2:1-4). The camera is adapted to these different surfaces and objects by rotating its supporting apparatus. (*Id.*) ("The clip may be rotated to a first position to support the camera on a surface of a table or a desk. The clip may be rotated to a second position to support the camera on a display screen of a laptop computer").

The claims of the '343 patent set forth the elements and specific structural interrelationships that enable these rotational adjustments. Specifically, the claims require that the apparatus comprise two elements, a "hinge member" and a "support frame." (*Id.*, claims 1,

19[1]). The "hinge member" is that element to which a camera may be attached, such that the camera can be rotated relative to the "hinge member" about a "first axis of rotation." (*Id.*) at claim 1(a). The "hinge member" is in turn "rotatably attached" to the second element, the "support frame," such that the "hinge member" may rotate about a "second axis of rotation" relative to the "support frame." (*Id*. at claim 1(b)). It is this "support frame" that may be "configured to support said hinge member" upon variously inclined surfaces and objects, such that it would have "a first disposition" when positioned on a generally horizontal surface, and "a second disposition" when attached to an inclined object. (*Id.*)

The structural relationships between these elements become clearer by reference to the '343's illustrations of the preferred embodiment, shown below. As shown in Fig. 1 (below), the "support frame" is generally located at 18, and comprised of front and back support elements 40, 42, and 38. (*Id.* at Fig. 1). The "hinge member" is located at 16, and is attached to the "support frame" such that the "support frame" may rotate about axis 32, which is also referred to as the "second axis" in the claims.[2]



---

[1] Defendants will refer to exemplary claim 1 from this point forward for the sake of simplicity.

[2] The "first axis" recited in the claims refers to the axis about which an attached camera rotates when connected to the "hinge member."

**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S CLAIM CONSTRUCTION ORDER**
**CASE NO. 6:10-CV-329-LED**

The different "dispositions" of the "support frame" upon differently inclined surfaces and objects are illustrated as follows:



As shown in Figure 2, the "support frame" and the "hinge member" rotate relative to one another about the "second axis" when in "a first disposition," (on horizontal surface 36). The "support frame" and the "hinge member" may be rotated about the "second axis" relative to each other into a different orientation in a "second disposition" (on vertical surface 60) in Figure 4. Thus, rotation about the second axis enables the apparatus to support a camera upon differently inclined surfaces and objects. *See* above.

In sum, the claimed invention relies on two and only two separate and distinct axes of rotation for camera maneuverability. The camera rotates about the "first axis" to enable "left to right" movement of the camera, and the "hinge member" rotates about the "second axis" relative to the "support frame" to enable "up and down movement." By manipulating the camera and the "hinge member" about the "first axis of rotation" and by manipulating the "hinge member" and the "support frame" about the second axis of rotation, the webcam lens can be positioned sufficiently to focus on the intended object to be viewed by the camera.

### III.     LEGAL STANDARD

Claim construction begins with the words of the claims themselves. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996); *see also ACTV, Inc. v. Walt Disney Co.*, 346 F.3d 1082, 1088 (Fed. Cir. 2003) ("the analytical focus of claim construction must begin, and remain centered, on the language of the claims themselves"). Indeed, "it is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)). Claim terms are generally given their ordinary customary meaning. *Phillips*, 415 F.3d at 1312-13.

Nonetheless, construction of a term does not take place in a vacuum. *See Hockerson-Halberstadt, Inc. v. Converse Inc.*, 183 F.3d 1369, 1374 (Fed. Cir. 1999) ("proper claim construction…demands interpretation of the entire claim in context, not a single element in isolation"). Indeed, a claim term "can be defined only in a way that comports with the instrument as a whole." *Phillips*, 415 F.3d at 1316. Moreover, "claims are interpreted with an eye toward giving effect to all terms in the claim." *Bicon, Inc. v. Straumann Co.*, 441 F.3d at 950. Thus, "[w]hile certain terms may be at the center of the claim construction debate, ***the context of the surrounding words of the claim also must be considered*** in determining the ordinary and customary meaning of those terms." *ACTV, Inc. v. Walt Disney Co.*, 346 F.3d 1082, 1088 (Fed. Cir. 2003) (emphasis added), citing *Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.*, 334 F.3d 1294, 1299 (Fed. Cir. 2003). In addition, the Court may look to the specification to clarify claim scope. *Phillips*, 415 F.3d at 1315. Indeed, the specification is often "the single best guide to the meaning of a disputed term." *Id*.

## IV.     DEFENDANTS' OBJECTION: The Construction of "Disposition" is Incorrect Because it Ignores Claim Language and the Specification

Defendants respectfully object to the Opinion's construction of the claim term "Disposition." The Opinion construed the term to mean "a configuration or arrangement of the support frame." Defendants proposed that the term "Disposition" means "Configuration of the support frame enabling support of the hinge member, accomplished through rotation about the second axis." Defendants respectfully object to the Opinion's construction because it ignores the claim language and the specification in that the specification and claims make clear that "dispositions" in the claimed invention are the result of rotation of the "hinge member" about the "second axis" relative to the "support frame." As an alternative to Defendants' original construction, Defendants' would, in the alternative, propose a modification of the construction in the Opinion of "a configuration or arrangement of the support frame accomplished through rotation about the second axis," a construction which Defendants believe addresses Judge Love's concerns with their proposed construction, but avoids the errors contained in the Opinion's construction.

The Opinion states:

> A plain reading of the claims discloses that the support frame has two "dispositions" or configurations, one allowing for the apparatus to be placed on a generally flat surface, the second allowing for the apparatus to be attached to an inclined object. Defendants appear to contend that these "dispositions" may only be functionally accomplished through rotational motion of the support frame about the second axis. DEF.'S RESP. at 12. On the contrary, the claims describe the hinge member, not the support frame, as rotating about the second axis. *See, e.g.,* '343 patent at 6:60-61 ("[S]aid hinge member rotating about a second axis of rotation.")

(Opinion at 13).  However, the full language of the claim referenced in the Opinion demonstrates that in any "disposition," the *only* rotational mobility of the "support frame" described in the claims is rotation about the "second axis" at which it is joined to the "hinge member":

> b. **a support frame rotatably attached to said hinge member** and configured to support said hinge member on the surface and the object, **said hinge member rotating about a second axis of rotation relative to said support frame**, said first axis of rotation being generally perpendicular to said second axis of rotation, said **second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object**, said support frame **having a first disposition positioned on said generally horizontal, substantially planar surface, and said support frame having a second disposition attached to the object** when said first surface and said second surface are inclined from a generally horizontal orientation, the camera being maintained adjacent said edge in said second disposition of said support frame.

('343 patent (Exh. A) at claim 1) (emphases added).  The claim demonstrates that the rotational attachment of the "support frame" to the "hinge member" recited in the claims enables the first and second dispositions recited in the claims, and the only rotational motion through which the "support frame" could be "configured" into different "dispositions" is about the "second axis."

Significantly, the asserted claims in this case describe *only one* structural relationship rendering the "support frame" adjustable, and that is the capability of rotation of the "hinge member" and the "support frame" about the recited "second axis."  Importantly, although the specification never uses the term "disposition," the specification states that the position of the invention is accomplished through rotation:

> **The clip provides two axis of rotation to position the camera** to any desired viewing angle.  The clip may be **rotated to a first position** to support the camera on a surface of a table or desk.  The clip may be **rotated to a second position** to support the camera on a display screen of a laptop computer.

**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S CLAIM CONSTRUCTION ORDER**
**CASE NO.  6:10-CV-329-LED**

(*Id* at 1:66-2:4) (emphasis added).  As such, in the context of the claims the only rotation associated with the two "dispositions" relates to rotation between the "hinge member" and the "support frame" from one "disposition" to another.  The structure of the claim itself bolsters this functional relationship – indeed, the recitation of motion about the "second axis" appears in the same sub-paragraph defining the structure and function of the "support frame." *See e.g.,Utah Med. Prods., Inc. v. Graphic Controls Corp.*, 350 F.3d 1376, 1382 (Fed. Cir. 2003) (affirming construction of claimed element specifying structural relationship with another element "based on structure of the claim"); *ASM Am., Inc. v. Genus, Inc*., 401 F.3d 1340, 1346-47 (Fed. Cir. 2005) (holding that "the structure of the claim supports the district court's construction" of the functional relation of a claim term to other recited components based on where that term appeared in the body).

The Opinion's construction of the term "disposition" is incorrect insofar as the construction provides *no* guidance to the trier of fact for what a "disposition" might mean *in the context of the '343 patent*.  Indeed, the Opinion implies mischief in Defendants' proposed construction by stating, "Defendants appear to be masquerading a noninfringement position as an issue of claim construction by injecting rotation into an easily understood structural term." (Opinion at 13).  In fact, it is the *divorce* of the term "disposition" from rotation that invites mischief by Plaintiff.  As shown above, the patent figures, the claim language, and the claim language itself demonstrate that the dispositions of the clip disclosed in the '343 patent result from rotation between the "hinge member" and the "support frame":

 

('343 patent (Exh. A) at Fig. 2, Fig. 4). However, if "disposition" is not linked to rotation, then the Plaintiff may use such a broad construction to cover even a camera attached to a "big sticky ball" as Defendants pointed out during the claim construction hearing:

> THE COURT: I'm going to make it an issue, so tell me what's going on in this case.
>
> MS. LU: Okay. So what Defendants are concerned about with Plaintiff's construction is saying that a configuration or physical arrangement exists, but I'm not going to tell you how to make that configuration, and moreover, the only means of making that configuration in the claims, the second axis should not be taken into account -- taken into account when 1 you're trying to tell me what the configuration is.
>
> **What Defendants are concerned about here is Plaintiffs will say anything connected to something else connected to a camera where the thing that's closest to the bottom could have different shapes**. I'm not -- it doesn't matter how it makes it, it doesn't matter if the claim tells -- if -- **if that product makes different shapes in a way that's taught by the claims, it doesn't matter if those have any relationship, then that's going to infringe because there are two pieces, and it can move, and one of those pieces can take different shapes.**
>
> If you're going to tell me that you're going to read the claim on things that can take different shapes, well, then, the shape has to

at least be enabled by the patent. It has to be -- **you can't just say that you take a camera and** some piece that allows the camera to rotate around two axes and stick it on to, say, a giant magnet, and you move the magnet from tabletop to laptop and say, oh, look, it's taking different shape, or **a big sticky ball and you change that big sticky ball from one shape to another and say, look, it has different dispositions**, that something like that would be covered by the claims.

(See Exh. B at 50:19 – 51:23) (excerpt from Markman hearing transcript). In particular, cameras attached to such a moldable ball are problematic because Plaintiff could argue that the clip could be configured to lay flat on a "generally horizontal, substantially planar surface" ('343 patent (Exh. A), Claim 1) (aka, the first disposition):



(See Exh. C at 1) (photograph of model camera and clay support on table), and which can be molded into a second configuration configured for attachment to an object (such as a laptop screen) "when said first surface and said second surface [of the object] are inclined from a generally horizontal orientation" (aka, the second disposition):



**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S CLAIM CONSTRUCTION ORDER**
**CASE NO. 6:10-CV-329-LED**

(See Exh. C at 2) (photograph of model camera and clay support on laptop).  Notably, such a ludicrous result could potentially be reached despite the fact that the only change in "configuration" between the first photograph above and the second photograph above is a change in the molding of the clay support to accommodate the edge of the object (the laptop screen).  This result, plainly outside the scope of any embodiment disclosed in that '342 patent specification, demonstrates the clear danger of divorcing "disposition" from the rotational claim language in the very claim element introducing the term "dispositions" and from the context and teachings presented in the '343 patent's written description.

Although Defendants believe the Defendants' original construction is correct, Defendants would, in the alterative, modify Magistrate Judge Love's construction of the term "disposition" to "a configuration or arrangement of the support frame <u>accomplished through rotation about the second axis</u>." (additional proposed language underlined).  This construction correctly links the change in disposition to the rotation about the second axis already recited in the asserted claims of the '343 patent in the very element in which the "disposition" elements are introduced.

## V. CONCLUSION

For at least the foregoing reasons, Defendants respectfully object to the Opinion's construction of the term "disposition" and respectfully request the Court to overrule such construction.  Defendants urge the Court to adopt Magistrate Judge Love's constructions of the remaining terms, but if the Court elects instead to amend those constructions, Defendants respectfully reserve their rights to raise additional issues with respect to the remaining constructions.

DATED: April 27, 2012

By:    */s/ Steven R. Daniels*

    W. Bryan Farney
    Lead Attorney
    Texas State Bar No. 06826600
    Steven R. Daniels
    Texas State Bar No. 24025318
    Bryan D. Atkinson
    Texas State Bar No. 24036157
    Jia-Geng Lu
    California Bar No. 271589
    FARNEY DANIELS, LLP
    800 S. Austin Ave., Suite 200
    Georgetown, Texas 78626
    Telephone: (512) 582-2828
    Facsimile: (512) 582-2829
    bfarney@farneydaniels.com
    sdaniels@farneydaniels.com
    batkinson@farneydaniels.com
    jlu@farneydaniels.com

**ATTORNEYS FOR DEFENDANTS**
**BEST BUY CO., INC.**
**BEST BUY STORES, LP**
**BESTBUY.COM, LLC**
**CDW LLC**
**FRY'S ELECTRONICS, INC.**
**HEWLETT-PACKARD COMPANY**
**MICRO ELECTRONICS, INC**
**OFFICE DEPOT, INC.**

By:    */s/ Trey Yarbrough*

Trey Yarbrough
State Bar No. 22133500
Debby E. Gunter
State Bar No. 24012752
Yarbrough Wilcox, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
(903) 595-3111 Telephone
(903) 595-0191 Facsimile
E-mail: trey@yw-lawfirm.com
debby@yw-lawfirm.com

Of Counsel:
John N. Zarian
Christopher J. Cuneo (admitted *pro hac vice*)
Dana M. Herberholz
Parsons Behle & Latimer
960 Broadway, Suite 250
Boise, Idaho 83706
(208) 562-4900 Telephone
(208) 562-4901 Facsimile
JZarian@parsonsbehle.com
ccuneo@parsonsbehle.com
dherberholz@parsonsbehle.com
**ATTORNEYS FOR DEFENDANT**
**ROSEWILL INC.**

By:    /s/Trey Yarbrough
Trey Yarbrough
State Bar No. 22133500
Debby E. Gunter
State Bar No. 24012752
Yarbrough Wilcox, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
(903) 595-3111 Telephone
(903) 595-0191 Facsimile
E-mail: trey@yw-lawfirm.com
debby@yw-lawfirm.com

Of Counsel:
John N. Zarian
Christopher J. Cuneo (admitted *pro hac vice*)
Dana M. Herberholz
Parsons Behle & Latimer
960 Broadway, Suite 250
Boise, Idaho 83706
(208) 562-4900 Telephone
(208) 562-4901 Facsimile
JZarian@parsonsbehle.com
ccuneo@parsonsbehle.com
dherberholz@parsonsbehle.com

**ATTORNEYS FOR DEFENDANTS NEWEGG INC. AND NEWEGG.COM INC.**

By:    /s/Gary Y. Leung
Gary Y. Leung
gleung@mcguirewoods.com
MCGUIREWOODS LLP
77 W. Wacker Dr. Ste. 4100
Chicago, IL 60601-1818
312.849.8100
312.849.3690 (fax)
**ATTORNEYS FOR DEFENDANT DIGITAL INNOVATIONS, LLC**

By:    /s/ Herbert J. Hammond
Herbert J. Hammond
Attorney-In-Charge
  State Bar No. 08858500
Vishal Patel
  State Bar No. 24065885
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700
(214) 969-1751 (Fax)

Patricia L. Davidson
MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP
100 Front Street
Worcester, Massachusetts 01608-1477
(508) 860-1540
(508) 983-6240 (Fax)
**ATTORNEYS FOR DEFENDANT GEAR HEAD, LLC**

By:    /s/ Victor de Gyarfas
Victor de Gyarfas
Texas Bar No. 24071250
e-mail: vdegyarfas@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
213.972.4500
213.486.0065
**ATTORNEYS FOR DEFENDANT WAL-MART STORES, INC.**

**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S CLAIM CONSTRUCTION ORDER**
**CASE NO. 6:10-CV-329-LED**

By: ____/s/ Ezra Sutton____
      EZRA SUTTON, Esq. (pro hac vice)
      EZRA SUTTON, P. A.
      Plaza 9, 900 Route 9
      Woodbridge, New Jersey 07095
      Tel:  732-634-3520
      Fax: 732-634-3511
      Email: esutton@ezrasutton.com

**ATTORNEYS FOR DEFENDANTS**
**SAKAR INTERNATIONAL, INC.,**
**KOHL'S CORPORATION, and**
**KOHL'S ILLINOIS, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 27th day of April, 2012.

                                                    ___*/s/ Steven R. Daniels*_____
                                                       Steven R. Daniels