# EXHIBIT B

## Page 1

```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF TEXAS
                    TYLER DIVISION
ADJUSTACAM, LLC      )(
                     )(  CIVIL DOCKET NO.
                     )(  6:10-CV-329
VS.                  )(  TYLER, TEXAS
                     )(
                     )(  FEBRUARY 9, 2012
AMAZON.COM, INC., ET AL. )(  9:00 A.M.
              CLAIM CONSTRUCTION HEARING
         BEFORE THE HONORABLE JUDGE JOHN D. LOVE
              UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE PLAINTIFF:   (See Attorney Sign-In Sheet)

FOR THE DEFENDANTS:  (See Attorney Sign-In Sheet)

COURT REPORTER:      SHELLY HOLMES, Texas CSR 7804
                     Expiration Date:  12/31/12
                     Sunbelt Reporting & Litigation
                     6575 West Loop South, Suite 580
                     Bellaire, Texas 77401
                     (903) 593-3213

(Proceedings recorded by mechanical stenography,
transcript produced on a CAT system.)
```

## Page 2

```
 1              I N D E X
 2
 3
 4   February 9, 2012
 5                                  Page
 6      Appearances                     1
 7      Hearing                         3
 8      Court Reporter's Certificate   98
```

## Page 3

1    COURTROOM CLERK:  All rise.
2    THE COURT:  Please be seated.
3    All right.  Ms. Morris, you may call the case.
5    COURTROOM CLERK:  The Court calls Case No. 6:10-CV-329, Adjustacam versus Amazon.com, et al.
7    THE COURT:  Announcements.
8    MR. SPANGLER:  Good morning.  Andrew Spangler on behalf of the Plaintiff.  With me today is Mr. John Edmonds and Mr. Johnathan --
11   MR. YAZDANI:  Yazdani.
12   MR. SPANGLER:  -- Yazdani, yes.  And we're ready, Your Honor.
14   THE COURT:  All right.  And for the Defendants?
16   MR. CRAFT:  Morning, Your Honor, Brian Craft.  I'm here on behalf of Amazon.com with Jacqueline Lu, Steve Daniels, here on behalf of Best Buy entities, CDW, Fry's Electronics, Hewlett Packard Company, Micro Electronics, and Office Depot.
21   THE COURT:  Okay.
22   MR. HAMMOND:  Herbert Hammond on behalf of Gear Head.
24   MR. SMITH:  Michael Smith on behalf of Wal-Mart.

## Page 4

1    MR. YARBROUGH:  Trey Yarbrough, Your Honor, on behalf of the Newegg Defendants and Rosewill.  And John Zarian, as well.  Mr. Zarian will be arguing some of the disputed terms.
5    THE COURT:  All right.  Thank you.
6    We're here, of course, for claim construction hearing.  As the -- I'm sure you probably know, the way I want to approach this is to take this term-by-term.  I don't think there's, in this context, really any necessity of any general tutorial of any kind.  I think you can just jump right into the terms.  And we'll go back and forth on the -- term-by-term.
13   Let me, though, before we begin just kind of get a clear understanding of what terms are in dispute going forward here.  I'll just go kind of down the list.  I understand, I guess, that -- I'll just list them off, that hinge member, rotatably attached terms, disposition, support frame, I think these are the four that I'm fairly certain are in dispute.  Are there any other terms in dispute?  And I'm going off of what the Defendants briefed.  Support frame, disposition, hinge member, and rotatably attached.  Any other term in dispute?
24   MS. LU:  No, Your Honor.
25   THE COURT:  Okay.  Just those four?

1 (Pages 1 to 4)

Sunbelt Reporting & Litigation Services
Houston   Austin   Bryan/College Station   Corpus Christi   Dallas/Fort Worth   East Texas   San Antonio

Electronically signed by Shelly Holmes (601-132-921-6096)                              a5101796-2c83-4444-bd54-3e62930e0bb4

Page 49

1  back up a little bit then.  Now, what you've shown me in
2  this animation --
3       MS. LU:  Uh-huh.
4       THE COURT:  -- I'm assuming by showing me
5  that, you're saying that is what you believe this claim
6  comprises, that type of camera that goes from the table,
7  rotates on a second axis, and you set it on the laptop
8  screen; am I -- am I correct?
9       MS. LU:  Right.  That animation is drawn
10 from the figures in the patent, and that's an example
11 showing you how the invention works.  So, yes, that's
12 right.
13      THE COURT:  Okay.  Well, I guess -- okay.
14 Give me an idea.  We've argued here for an hour and 15
15 minutes about this -- this camera going from table to
16 laptop in such a fashion.  I think Plaintiff raised the
17 issue, well, does that camera in Defendants' estimation
18 infringe this claim?  Apparently the answer is yes.  So
19 what are we really arguing about here?  What's the
20 issue?  Why is this so important?
21      MS. LU:  The issue -- well...
22      THE COURT:  I mean, I guess what's the
23 Plaintiff's theory on how this -- if what you're saying
24 is correct --
25      MS. LU:  Uh-huh.

Page 50

1       THE COURT:  -- and I think the Plaintiff
2  will probably agree to a large extent that this patent
3  is about a camera that can set up on a table and set up
4  on a laptop, what is their theory as to what's your --
5  how your cameras meet these claims, and then what's
6  different about the camera you're showing me in the
7  animation?
8       MS. LU:  Well, correct me if I'm wrong, Your
9  Honor, but I didn't think that it was actually
10 permissible for us to talk about -- import our
11 non-infringement case into the claim construction, so --
12      THE COURT:  Well, if I'm going to spend over
13 an hour talking about this, I need to know what's going
14 on here.  Why is this important?  I mean --
15      MS. LU:  Right.  Excellent point, Your
16 Honor.
17      THE COURT:  I'm going to make it an issue,
18 so tell me what's going on in this case.
19      MS. LU:  Okay.  So what Defendants are
20 concerned about with Plaintiff's construction is saying
21 that a configuration or physical arrangement exists, but
22 I'm not going to tell you how to make that
23 configuration, and moreover, the only means of making
24 that configuration in the claims, the second axis should
25 not be taken into account -- taken into account when

Page 51

1  you're trying to tell me what the configuration is.
2       What Defendants are concerned about here is
3  Plaintiffs will say anything connected to something else
4  connected to a camera where the thing that's closest to
5  the bottom could have different shapes.  I'm not -- it
6  doesn't matter how it makes it, it doesn't matter if the
7  claim tells -- if -- if that product makes different
8  shapes in a way that's taught by the claims, it doesn't
9  matter if those have any relationship, then that's going
10 to infringe because there are two pieces, and it can
11 move, and one of those pieces can take different shapes.
12      If you're going to tell me that you're going
13 to read the claim on things that can take different
14 shapes, well, then, the shape has to at least be enabled
15 by the patent.  It has to be -- you can't just say that
16 you take a camera and some piece that allows the camera
17 to rotate around two axes and stick it on to, say, a
18 giant magnet, and you move the magnet from tabletop to
19 laptop and say, oh, look, it's taking different shape,
20 or a big sticky ball and you change that big sticky ball
21 from one shape to another and say, look, it has
22 different dispositions, that something like that would
23 be covered by the claims.
24      THE COURT:  Okay.  All right.  Well, let's
25 move -- I want to move on from this, but I do want to

Page 52

1  get Plaintiff up one more time on this because we've got
2  to move on.
3       Mr. Edmonds, you know, I want to raise the
4  issue here what really is -- is going on.  I mean, what
5  they're saying is, look, what you claimed was this
6  configuration on the table, you move it, you rotated
7  this second axis that's referred to in the claim, you
8  set it up on the laptop.  And they're saying, you're
9  trying to make this into something that if it's got
10 anything that supports this camera and you move it from
11 table to laptop, as long as it's got this axis -- two
12 axes you can find, it infringes.
13      And they're saying, no, what you invented
14 was this thing you can move from one surface to the
15 another -- a surface to an object by rotating it, and
16 that's what you've got, and now you're trying to make it
17 into something that covers, I guess, a multitude of
18 webcams that your claim is not supportive of, so --
19      MR. EDMONDS:  Yes, Your Honor, and I
20 think --
21      THE COURT:  What is your theory here?
22 What's going on here?
23      MR. EDMONDS:  Good question.  So -- and I
24 think this illustrates the point.  My question to
25 them -- I think everybody agrees that the illustration

13 (Pages 49 to 52)

Sunbelt Reporting & Litigation Services
Houston   Austin   Bryan/College Station   Corpus Christi   Dallas/Fort Worth   East Texas   San Antonio

Electronically signed by Shelly Holmes (601-132-921-6096)                                    a5101796-2c83-4444-bd54-3e62930e0bb4

CLAIM CONSTRUCTION HEARING

Page 97

1    THE COURT: All right. Thank you for your
2  arguments, and we're adjourned.
3    COURTROOM CLERK: All rise.
4    (Hearing concluded.)

Page 98

1             CERTIFICATION
2
3       I HEREBY CERTIFY that the foregoing is a
4  true and correct transcript from the stenographic notes
5  of the proceedings in the above-entitled matter to the
6  best of my ability.
7
8
                           March 2, 2012
9  _____
   SHELLY HOLMES           Date
10 Deputy Official Reporter
   State of Texas No.: 7804
11 Expiration Date: 12/31/12

25 Job No. 98620

25 (Pages 97 to 98)

Sunbelt Reporting & Litigation Services
Houston   Austin   Bryan/College Station   Corpus Christi   Dallas/Fort Worth   East Texas   San Antonio