**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ADJUSTACAM LLC<br>*Plaintiff* | |
| v. | Case No. 6:10-cv-329-LED |
| AMAZON.COM, INC. *et al.*,<br>*Defendants* | **JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S MEMORANDUM OPINION AND ORDER REGARDING CLAIM CONSTRUCTION**

Pursuant to Federal Rule of Civil Procedure 72(a), 28 USC § 636(b)(1)(A) and Local Rule 72(b), Defendants Best Buy Co. Inc., Best Buy Stores, LP, Bestbuy.Com, LLC, CDW LLC, Digital Innovations, LLC, Fry's Electronics, Inc., Gear Head, LLC, Hewlett-Packard Company, Kohls Corporation, Kohl's Illinois, Inc., Micro Electronics, Inc. d/b/a Micro Center, Newegg, Inc., Newegg.Com, Inc., Office Depot, Inc., Rosewill Inc., Sakar International, Inc., and Wal-Mart Stores, Inc., (collectively, "Defendants") hereby submit the following Reply to Plaintiff AdjustaCam, LLC's ("Plaintiff) Objections (Dkt. No. 629, hereinafter "Objections") to Magistrate Judge Love's Memorandum Opinion and Order (Doc. No. 627; hereinafter "the Opinion") regarding construction of the terms "rotatably attached" and "adapted to be rotatably attached" in U.S. Patent No. 5,855,343.

Defendants respectfully request that the Court deny Plaintiff's objections to Judge Love's construction of the "rotatably attached" terms. Indeed, far from identifying *any* aspect of Judge Love's analysis for the "rotatably attached" terms that could arguably constitute error under the proper standard of review, Plaintiff's arguments merely highlight the fact that the Opinion is

correct on the law and the facts. Plaintiff's Objections are nothing more than an unjustified attempt to reopen claim construction, and do not merit the Court's attention.

## I. INTRODUCTION

This case involves Plaintiff's assertion of U.S. Patent No. 5,855,343 ("the '343 patent"), entitled "Camera clip," which is directed to an apparatus (the titular "clip") that may be used to support a camera upon differently inclined surfaces and objects. On January 30, 2012, the Court referred claim construction of the '343 patent to Magistrate Judge Love. Judge Love conducted the hearing on February 9, 2012, and on April 10, 2012, issued the Memorandum Opinion and Order that is the subject of Plaintiff's Objections.

Specifically, Plaintiff takes issue with Judge Love's holding that under "the proper scope of the claims… 'rotatably attached' objects in the patent-in-suit are limited to a single axis of rotation." Objections at 2, quoting Opinion at 10 (emphasis added). However, Plaintiff's arguments in support its Objections are plagued with legal and factual errors:

- Plaintiff incorrectly requires the Court to revisit Judge Love's Opinion under a *de novo* standard of review. To the contrary, the proper standard requires only that the Court determine whether Plaintiff has shown that the Opinion contains clear error. As discussed in detail below, Plaintiff has fallen far short of the mark.
- Plaintiff wrongly suggests that Judge Love "import[ed] a single axis limitation into rotatably attached." To the contrary, Judge Love did not explicitly construe *the term* "rotatably attached" at all, but rather clarified that *the claims* already limited "rotatably attached objects" to one axis of rotation. Opinion at 10-11. Thus, Plaintiff's arguments concerning the scope of "rotatably attached" in the abstract simply ***miss the point***. *See* Objections at 8, 10-11.

- Plaintiff wrongly suggests that Judge Love's holding rendered the additional claim language specifying that a "rotatably attached" object may be moving about a "first axis" or a "second axis" redundant. There is no redundancy. Clarifying that "rotatably attached objects" are limited to a single axis of rotation does not limit such objects to *any particular* axis of rotation.
- Plaintiff errs in arguing that Judge Love should not have rejected its argument concerning "comprising." To the contrary, as Judge Love recognized in his Opinion, Plaintiff's "comprising" argument is manifestly wrong because it is premised on *misreading the claims*.

In sum, Plaintiff's Objections fail on multiple fronts. As such, Defendants respectfully request the Court deny Plaintiff's Objections and affirm Judge Love's resolution of the parties' dispute relating to the "rotatably attached" terms by clarifying the proper scope of the claims.

## II. LEGAL STANDARD

### *A. The Standard of Review*

Among its many errors, Plaintiff invokes the wrong standard of review. Plaintiff asserts that because claim construction is generally a matter of law, it is therefore entitled to ask the Court to reopen claim construction and review Judge Love's Opinion *de novo*. Objections at 6. Plaintiff is mistaken.

Contrary to Plaintiff's assumption, the Court referred claim construction in this case to Judge Love "for *disposition*," (Dkt. No. 599) and, pursuant to this authority, Judge Love issued a memorandum *opinion* and *order*, rather than a report and recommendation. *See* Appendix B to Local Civil Rules, Subsection C. Unlike recommendations on case dispositive matters, a magistrate judge's pretrial order on a non-dispositive matter is *not* subject to a *de novo* review,

but is rather subject to the more deferential "clearly erroneous and contrary to law" standard. *Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. 1981); *also Biasco v. U.S. EPA*, 2001 U.S. Dist. LEXIS 15796 at *3 (N.D. Tex. Sept. 27, 2001) (the "clearly erroneous" standard "has been described as extremely deferential").  Under this standard, a finding is "clearly erroneous" only when the court is "left with the definite and firm conviction that *a mistake* has been committed." *Epicrealm Licensing v. Autoflex Leasing, 2007 U.S. Dist. LEXIS 68784* at *7 (E.D. Tex. Aug. 27, 2007) (emphasis added).

Indeed, this Court has *consistently* considered claim construction orders to be non-dispositive orders and subject to the "clearly erroneous" standard.  *E.g. SciCo Tec GmbH v. Boston Sci. Corp.*, 599 F. Supp. 2d 741, 742-743 (E.D. Tex. 2009) (holding that defendant's objections to magistrate's claim construction order was subject to "clearly erroneous" standard, reasoning that "Congress … did not choose to add claim construction orders to the list of matters that may not be considered under §636(b)(1)(A) [as a non-dispositive matter]. While construction of a particular claim can be very important in a case, so too an order denying discovery or a continuance, or striking an expert, can affect the outcome of a case."); *see also Coopervision v. CIBA Vision, 2007 U.S. Dist. LEXIS 61461* at *3 (E.D. Tex. Aug. 21, 2007) ("[T]he court cannot conclude that [Magistrate] Judge Hine's [claim construction] decision was clearly erroneous or contrary to law.").

Thus, Plaintiff errs to the extent it believes itself entitled to ask the Court to reopen claim construction anew simply by declaring that it disagrees with Judge Love's Opinion.  To the contrary, the proper standard of review requires only that the Court determine whether Plaintiff has shown that Judge Love's holding with respect to "rotatably attached" resulted from a *mistake*,

or a failure to apply or misapplication of the relevant law. As discussed below, Plaintiff has failed to make any such showing. Its Objections, therefore, should be rejected.

### *B. Relevant Principles of Claim Construction*

In its Objections to the construction of the "rotatably attached" terms, Plaintiff sets out a number of generic principles of claim construction, including that claim terms are generally given their ordinary meaning and that intrinsic evidence (including the specification and file history) are relevant sources of evidence regarding claim scope. Objections at 5. As such, Defendants shall not repeat them here. However, Plaintiff omits mention of two principles of claim construction that are actually *pertinent* to the issues currently before the Court.

The first principle that Plaintiff fails to address relates to how the scope of ordinary meaning is affected by how a term is used. For instance, while as an abstract principle claim terms are generally given their ordinary meaning, it is important to note that the *proper scope* of ordinary meaning may be clarified by the manner in which that term is *consistently used* in the patent. *See e.g., Nystrom v. TREX Co.*, 424 F.3d 1136, 1144-45 (Fed. Cir. 2005) (holding that where patentee "*consistently used* the term 'board' to refer to wood cut from a log… [even though] there was no clear disavowal of claim scope, there was nothing in the intrinsic record to support the conclusion that a skilled artisan would have construed the term 'board' more broadly than a piece of construction material made from wood cut from a log") (emphasis added). Thus, there is no reason to search for limiting or disavowing language when it is clear from context what the proper scope should be.

The second principle that Plaintiff conspicuously omits is one that is addressed both in Judge Love's Opinion and in Defendants' briefing, which relates to the role of the transitional word "comprising" as used in a claim. While the general understanding of "comprising" when it

terminates a claim preamble is that the list of elements that follow it is nonexclusive, it is "not a weasel word with which to abrogate claim limitations." Defendants' Claim Construction Br. (Dkt. No. 595, "Defendant's Br.") at 22 (attached as Exhibit A), quoting *Dippin' Dots, Inc., v. Mosey*, 476 F.3d 1337, 1343 (Fed. Cir. 2007). Indeed, the word "comprising" does ***not*** allow a patentee to read out *explicit limitations* recited with respect to a given element. *E.g.*, *id.* (although use of the transition "comprising the steps of" "indicates that an infringing process could practice other steps *in addition* to the ones mentioned," the "*enumerated steps* must, however, all be practiced as *recited in the claim*… [the term] '***comprising' does not reach into each of the six steps to render every word and phrase therein open-ended***") (emphases added); *also Power Mosfet Tech., LLC v. Siemens AG,* 378 F.3d 1396, 1409 (Fed. Cir. 2004) ("'Comprising,' while permitting additional *elements* not required by a claim, does not remove the *limitations* that are present") (emphasis added).

## III. TECHNOLOGY BACKGROUND

Defendants set forth herein an abbreviated recital of the technology so as to focus on those portions relevant to the issues before the Court. The '343 patent, as briefly outlined above, is directed to a clip that is used to support a camera, more particularly a webcam, on differently inclined surfaces, such as a table top and a laptop computer screen. *E.g.*, '343 patent at 2:1-4. The claimed clip is comprised of two parts: a "hinge member" (blue) and a "support frame," (red) as shown below:



The term "rotatably attached" relates to the manner in which these parts are connected to each other, and also the manner in which the clip as a whole is connected to a camera. Specifically, the claims describe the "hinge member" to be "adapted to be rotatably attached to the camera." The claims further specify that "when the hinge member is so attached" the camera is "rotating, *about a first axis* of rotation relative to the hinge member." '343 patent at claim 1(a) (emphasis added). The nature of this connection is illustrated by the below figure indicating how the camera, once "rotatably attached" to the hinge member, may move (red):



The term "rotatably attached" is also used to describe the physical connection between the "support frame" and "hinge member." Specifically, the claims state that when the support frame is "rotatably attached to said hinge member," the hinge member is "rotating *about a second axis* of rotation relative to said support frame." '343 patent at claim 1(b) (emphasis added). The nature of this connection is illustrated by the below figure indicating how the hinge member, once "rotatably attached" to the support frame, may move (blue):



"Rotatably attached" also appears in the specification, and as used therein also describes the manner of physical attachment between parts of the clip, and between the clip as a whole and a camera. Just like the claims, the specification consistently describes "rotatably attached" objects as moving about an axis. *E.g.* '343 patent at 4:17-19 (describing the point of attachment shown in Fig. 1 above, hinge member 16 is "***rotatably attached*** to camera 12, where camera 12 ***rotates over a first axis 26*** in a direction shown by arrow 28") (emphases added); *see also* 5:38-41 ("a pivot element 80 at proximal end 76 of the body 74 ***rotatably attaches*** camera 12 to body 74 so that camera may ***rotate about first axis 26***") (emphases added).

## IV. PLAINTIFF FAILS TO IDENTIFY ANY ERROR IN JUDGE LOVE'S ANALYSIS OF "ROTATABLY ATTACHED"

Plaintiff makes several arguments to support its contention that Judge Love's analysis of "rotatably attached" was wrong. However, far from showing any error in Judge Love's analysis, these arguments merely highlight the fact that it is Plaintiff that errs on both the facts and the law.

### *A. Judge Love Did Not Import Any Limitations into "Rotatably Attached"*

Plaintiff fundamentally mischaracterizes Judge Love's holding when it asserts that Judge Love "import[ed] a 'single axis of rotation' limitation into rotatably attached." Objections at 10; *also* at 9 ("[if] 'rotatably attached' was 'limited to one axis of rotation' as the Magistrate Judge

has erroneously ruled…"). Plaintiff is mistaken – Judge Love did not explicitly construe *the term* "rotatably attached," but rather *clarified* the scope of *the claims*, based on the language of *the claims* as a whole. Opinion at 10-11. Contrary to Plaintiff's view, Judge Love actually held that "the 'rotatably attached' terms do not require construction beyond what is contained in the claims," because under "the proper scope of the claims… 'rotatably attached' objects in the patent-in-suit are limited to a single axis of rotation." Opinion at 10 (emphases added). Indeed, Judge Love specifically pointed to the *claim language*, which describes each "rotatably attached" object as rotating about an axis, as support for his conclusion. *See id.* Thus, Plaintiff's suggestion that anything was "imported" into "rotatably attached" from the specification simply misses the mark.

For the same reason, Plaintiff's criticism that Judge Love's Opinion did not identify limiting language from the '343 patent or prosecution in support of his holding is irrelevant. *See* Objections at 8-9. There is simply no reason to require Judge Love to seek out limiting language from the specification or prosecution history, when the *claim language already limits* "rotatably attached" objects to one axis of rotation. *See* Opinion at 9-10. Judge Love's Opinion did not *import* anything into the claims – rather, it is Plaintiff that is trying to erase explicit limitations from claim language. *See id*. ("Every reference to a 'rotatably attached' object in the specification and the claims describes the attachment as permitting motion over a single axis of rotation…Plaintiff's position would render the claim language meaningless").

### *B. Judge Love's Analysis of "Rotatably Attached" Does Not Render the Claim Language Redundant*

Plaintiff further argues that it is error to limit the movement of objects that are "rotatably attached" to "one axis of rotation" because this would render the claim language requiring "a

first axis of rotation" and "a second axis of rotation" redundant. Objections at 9-10. Plaintiff misapprehends the claims and Judge Love's analysis.

Indeed, Judge Love's holding does not create *any* purported "redundancy" with the claim language whatsoever. As discussed in the Opinion, "rotatably attached" is a term used to describe *the manner* in which objects are *physically connected* together. *See* Opinion at 8 ("a 'rotatably attached' object in the specification and the claims describes the attachment as permitting motion over a single axis of rotation") (emphasis added). This manner of connection is properly limited to permitting motion about *a single axis*, because that is how "rotatably attached" is *consistently* used *throughout* the entire '343 patent. *Id.* at 9; *see also Nystrom*, 424 F.3d at 1144-45 (consistent usage of the term "board" to refer to wooden boards throughout the specification and claims supports limiting "boards" to wooden boards).

Clarifying what this physical connection between two objects looks like creates no redundancy, because the *nature* of the physical connection does ***not*** limit a point of connection to being located at *any particular* axis. Indeed, as Judge Love recognized:

> …claim 1 explains that when the hinge member is "rotatably attached" to the camera, it rotates "about a first axis of rotation." '343 patent at 6:54-57. Claim 1 further describes that when the hinge member is rotatably attached to the support frame, it rotates "about a second axis of rotation." *Id*. at 5:58-65. In other words, in claim 1, the hinge member may rotate about a single axis relative to the camera and a single axis relative to the support frame, and the two axes are "generally perpendicular" to one another. *Id.* All of the remaining claims that discuss "rotatably attached" objects are consistent with this understanding…

*Id.* (emphasis added), citing '343 patent at cl. 1.

Thus, it is not at all redundant for the claims to *further specify*, for example, that in addition to being a single-axis connection, the point of attachment between the "support frame" and the "hinge member" *is located at* "a second axis," so as to differentiate it from the "first axis" at which the camera and "hinge member" are connected. Indeed, the claims must differentiate

between the "first axis" and "second axis" in order to coherently describe the spatial relationship between the two as "generally perpendicular." *See e.g.* '343 patent at cl. 1. Plaintiff's argument fails to show any error in Judge Love's holding, and as such must be rejected.

### ***C. Judge Love Correctly Rejected Plaintiff's Argument Regarding "Comprising" as Wrong on the Law and the Facts***

Plaintiff further argues that it was error for Judge Love to reject its argument regarding the transitional word "comprising." Objections at 11. Plaintiff slightly modifies, but substantially regurgitates the argument it presented in its earlier briefing, arguing now that "the claims ***comprise*** all types of 'rotatable' attachments, including those which permit rotation in more than a single axis," and thus limiting "rotatably attached" to a single axis of rotation would effectively confine the '343 patent to the preferred embodiment. Objections at 11 (emphasis in original). This modified argument, however, fails because it relies upon the errors of Plaintiff's original briefing, which, as Judge Love pointed out to Plaintiff in the Opinion, resulted from a fundamental misreading of the claims and the applicable law.

First, the claimed clip is ***not*** comprised of "rotatable attachments." To the contrary, the claims state that the clip is comprised of the recited "hinge member" and "support frame." Neither component is described/identified as a member of some sort of "rotatable attachment" category *anywhere* in the '343 patent. By attempting to broaden "hinge member" and "support frame" into "rotatable attachments," Plaintiff is once again improperly using the word "comprising" as an excuse to reach into and read out explicit limitations recited. *See Dippin' Dots*, 476 F.3d at 1343 (although use of the transition "comprising the steps of" "indicates that an infringing process could practice other steps *in addition* to the ones mentioned," the "*enumerated steps* must, however, all be practiced a*s recited in the claim*… [the term]

‘***comprising’ does not reach into each of the six steps to render every word and phrase therein open-ended***”) (emphases added); *see also Power Mosfet Tech., LLC v. Siemens AG*, 378 F.3d 1396, 1409 (Fed. Cir. 2004) (“‘Comprising,’ while permitting additional *elements* not required by a claim, does not remove the *limitations* that are present”) (emphasis added).

Moreover, Plaintiff’s modified argument regarding “rotatable attachments” relies upon the same erroneous assertion that Judge Love properly rejected as being contrary to the claim language – namely, that “the claims unequivocally refer to an apparatus ‘***comprising***’ a ‘first axis of rotation’ relative to the hinge member and camera and a ‘second axis of rotation’ relative to the hinge member and support frame.” Objections at 11 (emphasis in original). In the Opinion, Judge Love pointed out that ***the claims simply do not say “comprising a first axis,”*** going so far as to *reproduce the entirety of claim 1* to show Plaintiff where it went wrong:

> Plaintiff contends that that claims refer to the apparatus as "comprising" a first and second axis of rotation; therefore, Plaintiff argues that the use of "comprising" broadens the claims to allow attachments which rotate over multiple axes. PL.'S BR. at 7. Plaintiff is mistaken. For example, claim 1 recites:
>
> 1. Apparatus for supporting a camera, having a lens, on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface, comprising:
>
> a. a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member; and
>
> b. a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object, said hinge member rotating about a second axis of rotation relative to said support frame, said first axis of rotation being generally perpendicular to said second axis of rotation, said second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object, said support frame having a first disposition positioned on said generally horizontal, substantially planar surface, and said support frame having a second disposition attached to the object when said first surface and said second surface are inclined from a generally horizontal orientation, the camera being maintained adjacent said edge in said second disposition of said support frame.
>
> 9

As Judge Love pointed out, the word "'[c]omprising' appears before the individual elements of the claimed camera clip, *i.e.*, the hinge member and support frame. Therefore, the word 'comprising' may suggest that other elements exist beyond the *hinge member* and *support frame*. However, the term 'comprising' does not render each and every word in the claim open-ended as the Plaintiff suggests. Plaintiff's position would render the claim language meaningless." Opinion at 10.

The modified argument that Plaintiff presents in its Objections, therefore, fails for the same reasons that its original argument with respect to "comprising" failed. There is no error in Judge Love's analysis of the word "comprising."

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Objections.

DATED: May 7, 2012

By: *\/s/ Steven R. Daniels*

W. Bryan Farney
Lead Attorney
Texas State Bar No. 06826600
Steven R. Daniels
Texas State Bar No. 24025318
Bryan D. Atkinson
Texas State Bar No. 24036157
Jia-Geng Lu
California Bar No. 271589
FARNEY DANIELS, LLP
800 S. Austin Ave., Suite 200
Georgetown, Texas 78626
Telephone: (512) 582-2828
Facsimile: (512) 582-2829
bfarney@farneydaniels.com
sdaniels@farneydaniels.com
batkinson@farneydaniels.com
jlu@farneydaniels.com
**ATTORNEYS FOR DEFENDANTS**
**BEST BUY CO., INC.**
**BEST BUY STORES, LP**
**BESTBUY.COM, LLC**
**CDW LLC**
**FRY'S ELECTRONICS, INC.**
**HEWLETT-PACKARD COMPANY**
**MICRO ELECTRONICS, INC.**

By: *\/s/ Trey Yarbrough*

Trey Yarbrough
State Bar No. 22133500
Debby E. Gunter
State Bar No. 24012752
Yarbrough Wilcox, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
(903) 595-3111 Telephone
(903) 595-0191 Facsimile
E-mail: trey@yw-lawfirm.com
debby@yw-lawfirm.com

Of Counsel:
John N. Zarian
Christopher J. Cuneo (admitted *pro hac vice*)
Dana M. Herberholz
Parsons Behle & Latimer
960 Broadway, Suite 250
Boise, Idaho 83706
(208) 562-4900 Telephone
(208) 562-4901 Facsimile
JZarian@parsonsbehle.com
ccuneo@parsonsbehle.com
dherberholz@parsonsbehle.com
**ATTORNEYS FOR DEFENDANT**
**ROSEWILL INC.**

By: *_/s/Trey Yarbrough_*
Trey Yarbrough
State Bar No. 22133500
Debby E. Gunter
State Bar No. 24012752
Yarbrough Wilcox, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
(903) 595-3111 Telephone
(903) 595-0191 Facsimile
E-mail: trey@yw-lawfirm.com
debby@yw-lawfirm.com

Of Counsel:
John N. Zarian
Christopher J. Cuneo (admitted *pro hac vice*)
Dana M. Herberholz
Parsons Behle & Latimer
960 Broadway, Suite 250
Boise, Idaho 83706
(208) 562-4900 Telephone
(208) 562-4901 Facsimile
JZarian@parsonsbehle.com
ccuneo@parsonsbehle.com
dherberholz@parsonsbehle.com

**ATTORNEYS FOR DEFENDANTS NEWEGG INC. AND NEWEGG.COM INC.**

By: *_/s/Gary Y. Leung_*
Gary Y. Leung
gleung@mcguirewoods.com
MCGUIREWOODS LLP
77 W. Wacker Dr. Ste. 4100
Chicago, IL 60601-1818
312.849.8100
312.849.3690 (fax)
**ATTORNEYS FOR DEFENDANT DIGITAL INNOVATIONS, LLC**

By: *_/s/ Herbert J. Hammond_*

Herbert J. Hammond
Attorney-In-Charge
State Bar No. 08858500
Vishal Patel
State Bar No. 24065885
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700
(214) 969-1751 (Fax)

Patricia L. Davidson
MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP
100 Front Street
Worcester, Massachusetts 01608-1477
(508) 860-1540
(508) 983-6240 (Fax)
**ATTORNEYS FOR DEFENDANT GEAR HEAD, LLC AND OFFICE DEPOT, INC.**

By: *_/s/ Victor de Gyarfas_*

Victor de Gyarfas
Texas Bar No. 24071250
e-mail: vdegyarfas@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
213.972.4500
213.486.0065
**ATTORNEYS FOR DEFENDANT WAL-MART STORES, INC.**

By: ____*/s/ Ezra Sutton*____________
EZRA SUTTON, Esq. (pro hac vice)
EZRA SUTTON, P. A.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel: 732-634-3520
Fax: 732-634-3511
Email: esutton@ezrasutton.com
**ATTORNEYS FOR DEFENDANTS SAKAR INTERNATIONAL, INC., KOHL'S CORPORATION, and KOHL'S ILLINOIS, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 7th day of May, 2012.

___*/s/ Steven R. Daniels*______
Steven R. Daniels