*Sector #*

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

David E. Krekelberg

Serial No.:  08/814,168

Filing Date:  March 7, 1997

For:  CAMERA CLIP

Docket No.:  19239/103/101

## TRANSMITTAL SHEET

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

> **CERTIFICATE UNDER 37 C.F.R. 1.8:**  I hereby certify that this correspondence and the documents described herein are being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the:  Assistant Commissioner for Patents, Washington, D.C. 20231, on this 25th day of *August*, 19 97
>
> By _____
>                Carolyn J. Erickson

We are transmitting herewith the attached:

[   ]   Amendment

      [   ] No additional fee required
      [   ] The fee has been calculated as shown:

| CLAIMS AS AMENDED | | | | | | | |
|---|---|---|---|---|---|---|---|
| | (3) | (4) | (5) | SMALL ENTITY | | OTHER | |
| | REMAINING CLAIMS | HIGHEST PAID | EXTRA | RATE | ADD'L FEE | RATE | ADD'L FEE |
| TOTAL CLAIMS | – | = | | x11= | $ | x22= | $ |
| INDEPEN- DENT CLAIMS | – | = | | x40= | $ | X80= | $ |
| (   ) FIRST MULTIPLE DEPENDENT CLAIM | | | | +130= | $ | +260 = | $ |
| TOTAL | | | | $ | | $ | |

1

ADJCAM000069

[XXXX]    Checks in the amounts of $516.00 and $40.00 are
          enclosed.

[     ]    Small entity status of this application under 37 C.F.R.
          1.9 and 1.27 has been established by verified statement
          previously submitted.

[XXXX]    Other:  Response Copy of Notice to File Missing Parts
          of Application-Filing Date Granted; Communication;
          Combined Declaration/Power of Attorney for Patent
          Application; Verified Statement (Declaration) Claiming
          Small Entity Status; Recordation Form Cover Sheet-
          Patents Only; Assignment.

[XXXX]    Please charge any deficiencies or credit any over
          payment in the enclosed fees to Deposit Account 14-
          0620.

          By: _____
              Lawrence M. Nawrocki
              Reg. No.   29,333

NAWROCKI, ROONEY & SIVERTSON, P.A.
Suite 401, Broadway Place East
3433 Broadway Street N.E.
Minneapolis, Minnesota 55413
Telephone:  (612) 331-1464
Facsimile:  (612) 331-2239

ADJCAM000070



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
                   Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY  DOCKET NO. |
|---|---|---|---|---|
| 08/814,168 | 03/07/97 | KREKELBERG | D | 19239/103/10 |

PM31/0206

LAWRENCE M NAWROCKI
NAWROCKI ROONEY & SIVERTSON
BROADWAY PLACE EAST SUITE 401
3433 BROADWAY STREET NORTHEAST
MINNEAPOLIS MN 55413

| EXAMINER |
|---|
| PHAN, L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3632 | |

DATE MAILED:   02/06/98

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

| **Office Action Summary** | Application No. 08/814,168 | Applicant(s) David E. Krekelberg | |
|---|---|---|---|
| | Examiner Long Dinh Phan | Group Art Unit 3632 | |

[X] Responsive to communication(s) filed on *Mar 7, 1997* .

[ ] This action is **FINAL.**

[ ] Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____*3*____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

### Disposition of Claims

[X] Claim(s) *1-26* _____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

[ ] Claim(s) _____ is/are allowed.

[X] Claim(s) *1-26* _____ is/are rejected.

[ ] Claim(s) _____ is/are objected to.

[ ] Claims _____ are subject to restriction or election requirement.

### Application Papers

[X] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

[ ] The drawing(s) filed on _____ is/are objected to by the Examiner.

[ ] The proposed drawing correction, filed on _____ is [ ] approved [ ] disapproved.

[ ] The specification is objected to by the Examiner.

[ ] The oath or declaration is objected to by the Examiner.

### Priority under 35 U.S.C. § 119

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    [ ] All [ ] Some* [ ] None  of the CERTIFIED copies of the priority documents have been

        [ ] received.

        [ ] received in Application No. (Series Code/Serial Number) _____ .

        [ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____ .

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

### Attachment(s)

[X] Notice of References Cited, PTO-892

[ ] Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

[ ] Interview Summary, PTO-413

[X] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

*--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---*

Serial Number: 08/814,168                                                    Page 2

Art Unit: 3632

## DETAILED ACTION

This is the first Office Action for serial number 08/814,168, Camera Clip, filed on March

07, 1997.  This application contains 1-26 claims.

### *Claim Objections*

Claims 2-13 and 15-26 are objected to because of the following informalities: on line 1 of

claims 2-13 and 15-26, before "apparatus", "An" should be replaced with --The--.  Appropriate

correction is required.

### *Claim Rejections - 35 USC § 112*

Claim 1-26 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for

failing to particularly point out and distinctly claim the subject matter which applicant regards as

the invention.

The preamble of claim 1 is drawn to a subcombination of an apparatus comprising a hinge

member and a support frame per se whereas line 3 appears to positively recite "rotatable attached

to the camera" this implying a combination claim.  On lines 12 and 13, "being substantially parallel

to a first surface" is a combination claim.  On lines 20-28, "the object having a second surface ...,

the camera being maintained ..." is also claiming combination.  It is not clear whether applicant

intends to claim a subcombination or combination.

In claim 2, lines 3-6, "said second portion supporting the camera" and "said second

portion are engaging the first surface" are claiming combination.

In claim 3, line 2, "to releasably hold and protect the camera" is a combination claim.

Serial Number: 08/814,168                                              Page 3

Art Unit: 3632

On lines 2, 3, 5, 8, and 9 of claim 4, " comprises the camera" and " to protect a lens of the camera" are claiming combination.

On lines 2, 3, 6, and 7 of claim 5, "to protect the lens of the camera" and "the camera" are a combination claim.

In claims 6 and 7, lines 2-7, "support the camera" and "engage the first surface" are claiming combination.

On lines 2, 5, 7, and 8 of claim 8, "support camera", "engage the first and the second surfaces", and "a center gravity of the camera" are not a sucombination claim.

On lines 1 and 3 of claims 9 and 10, "the object" and "the first surface" are not claiming subcombination.

In claim 11, lines 1, 3, and 4, "the object", "the second surface", and "the first surface" are a combination claim.

In claim 12, line 4, "rotatably attaching the camera" is claiming combination.

On lines 1 and 6 of claim 13, "the camera" is a combination claim.

Claims 14-26 are having the same 112 problems of combination and subcombination as indicated in the above claims 1-14.

Applicant is advised to make all the necessary corrections for all the above claims 1-26.

### *Allowable Subject Matter*

Claims 1-26 would be allowable if rewritten or amended to overcome the rejection(s) under 35 U.S.C. 112 set forth in this Office action.

ADJCAM000074

Serial Number: 08/814,168                                                      Page 4

Art Unit: 3632

### Conclusion

The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure.  U.S. Patent 1,208,344 to McAll discloses a camera holding device.

Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Long Dinh Phan whose telephone number is (703) 308-3409.  The examiner

can normally be reached on Tuesday through Friday from 8:00 A.M. to 6:00 P.M. E.S.T.

Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the Group receptionist whose telephone number is (703) 308-2168.  The fax

number for this Group is (703) 305-3597 or 3598.

Long Dinh Phan   ᒪᗝᒥ

January 30, 1998

RAMON O. RAMIREZ
PRIMARY EXAMINER
ART UNIT 355

FORM PTO 948 (REV. 01-97)   U.S. DEPARTMENT OF COMMERCE-Patent and Trademark Office      Application No. _814168_

# NOTICE OF DRAFTPERSON'S
# PATENT DRAWING REVIEW

The drawing filed (insert date) _3/7/97_ are:

A. _____ not objected to by the Draftperson under 37 CFR 1.84 or 1.152.

B. __X__ objected to by the Draftperson under 37 CFR 1.84 or 1.152 as indicated below.  The Examiner will require submission of new, corrected drawings when necessary.  Corrected drawings must be submitted according to the instructions on the back of this notice.

1. DRAWINGS.  37 CFR 1.84(a):  Acceptable categories of drawings:
   Black ink.  Color.
   _____ Color drawing are not acceptable until petition is granted.
      Fig.(s) _____
   _____ Pencil and non black ink is not permitted. Fig(s) _____

2. PHOTOGRAPHS.  37 CFR 1.84(b)
   _____ Photographs are not acceptable until petition is granted.
   _____ 3 full-tone sets are required. Fig(s) _____
   _____ Photographs not properly mounted (must bristol board or photographic double-weight paper). Fig(s) _____
   _____ Poor quality (half-tone). Fig(s) _____

3. TYPE OF PAPER.  37 CFR 1.84(e)
   _____ Paper not flexible, strong, white and durable.
      Fig.(s) _____
   _____ Erasures, alterations, overwritings, interlineations, folds, copy machine marks not acceptable.  (too thin)
   _____ Mylar, vellum paper is not acceptable (too thin).
      Fig(s) _____

4. SIZE OF PAPER.  37 CFR 1.84(F): Acceptable sizes:
   _____ 21.0 cm by 29.7 cm (DIN size A4)
   _____ 21.6 cm by 27.9 cm (8 1/2 x 11 inches)
   _____ All drawings sheets not the same size.
      Sheet(s) _____

5. MARGINS.  37 CFR 1.84(g): Acceptable margins:
   Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm
   SIZE: A4 Size
   Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm
   SIZE: 8 1/2 x 11
   __X__ Margins not acceptable. Fig(s) _1-3_
   __X__ Top (T) __X__ Left (L)
   _____ Right (R) _____ Bottom (B)

6. VIEWS. CFR 1.84(h)
   REMINDER: Specification may require revision to correspond to drawing changes.
   _____ Views connected by projection lines or lead lines.
      Fig.(s) _____
   Partial views. 37 CFR 1.84(h)(2)
   _____ Brackets needed to show figure as one entity.
      Fig.(s) _____
   _____ Views not labeled separately or properly.
      Fig.(s) _____
   _____ Enlarged view not labeled separately or properly.
      Fig.(s) _____

7. SECTIONAL VIEWS.  37 CFR 1.84(h)(3)
   _____ Hatching not indicated for sectional portions of an object.
      Fig.(s) _____
   _____ Sectional designation should be noted with Arabic or Roman numbers. Fig.(s) _____

8. ARRANGEMENT OF VIEWS.  37 CFR 1.84(i)
   _____ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned, so that the top becomes the right side, except for graphs. Fig.(s) _____
   _____ Views not on the same plane on drawing sheet. Fig.(s) _____

9. SCALE.  37 CFR 1.84(k)
   _____ Scale not large enough to show mechanism with crowding when drawing is reduced in size to two-thirds in reproduction.
      Fig.(s) _____

10. CHARACTER OF LINES, NUMBERS, & LETTERS.  37 CFR 1.84(l)
    __X__ Lines, numbers & letters not uniformly thick and well defined, clean, durable and black (poor line quality).
      Fig.(s) _1 - 6._

11. SHADING.  37 CFR 1.84(m)
    _____ Solid black areas pale. Fig.(s) _____
    _____ Solid black shading not permitted. Fig.(s) _____
    _____ Shade lines, pale, rough and blurred. Fig.(s) _____

12. NUMBERS, LETTERS, & REFERENCE CHARACTERS.
    37 CFR 1.48(p)
    _____ Numbers and reference characters not plain and legible.
      Fig.(s) _____
    _____ Figure legends are poor. Fig.(s) _____
    _____ Numbers and reference characters not oriented in the same direction as the view. 37 CFR 1.84(p)(3) Fig.(s) _____
    _____ English alphabet not used. 37 CFR 1.84(p)(3) Fig.(s) _____
    __X__ Numbers, letters and reference characters must be at least .32 cm (1/8 inch) in height. 37 CFR 1.84(p)(3) Fig.(s) _1 - 6_

13. LEAD LINES.  37 CFR 1.84(q)
    _____ Lead lines cross each other. Fig.(s) _____
    _____ Lead lines missing. Fig.(s) _____

14. NUMBERING OF SHEETS OF DRAWINGS.  37 CFR 1.48(t)
    _____ Sheets not numbered consecutively, and in Arabic numerals beginning with number 1. Fig.(s) _____

15. NUMBERING OF VIEWS.  37 CFR 1.84(u)
    _____ Views not numbered consecutively, and in Arabic numerals, beginning with number 1. Fig.(s) _____

16. CORRECTIONS.  37 CFR 1.84(w)
    _____ Corrections not made from PTO-948 dated _____

17. DESIGN DRAWINGS.  37 CFR 1.152
    _____ Surface shading shown not appropriate. Fig.(s) _____
    _____ Solid black shading not used for color contrast.
      Fig.(s) _____

COMMENTS

REVIEWER _A. Doan_    DATE _10/18/97_  TELEPHONE NO. _7033058400_

ATTACHMENT TO PAPER NO. _4_

ADJCAM000076

## Notice of References Cited

| | |
|---|---|
| Application No. 08/814,168 | Applicant(s) David E. Krekelberg |
| Examiner Long Dinh Phan | Group Art Unit 3632 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 1,208,344 | 12/1916 | McAll | 248 | 126 |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

### NON-PATENT DOCUMENTS

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

#5 *Reg. fee...*
*110*
*6.25 '9*

P A T E N T



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

David E. Krekelberg

Serial No.:   08/814,168                    Examiner:  Phan, L.

Filed      :   March 7, 1997              Group Art Unit:  3632

For        :   CAMERA CLIP

Docket No.:   19239/103/101

---

Assistant Commissioner
 for Patents
Washington, D.C.   20231

<u>CERTIFICATE UNDER 37 C.F.R. 1.8</u>
I hereby certify that this correspondence is being
deposited with the United States Postal Service on
the date shown below with sufficient postage as
first class mail in an enveloped addressed to the
Assistant Commissioner for Patents, Washington,
D.C. 20231 on this ___ day of  June  , 1998

By:_____
              Carolyn I. Erickson

Sir:

### PETITION FOR EXTENSION OF TIME

It is requested that the time for filing the enclosed

<u>AMENDMENT</u>, now set to expire on <u>May 7, 1998</u>, be extended for <u>one</u>

month to now expire on <u>June 7, 1998</u>.  A check in the amount of

$55.00 is enclosed.

                    Respectfully submitted,

                    David E. Krekelberg

                    By his attorney

Date  *June 8, 1998*        *Lawrence M. Nawrocki*

06/17/1998 NAWROCKI   00000026 00814168

02 FC:215                        55.00 OP

                    Lawrence M. Nawrocki
                    Reg. No. 29,333
                    NAWROCKI, ROONEY & SIVERTSON, P.A.
                    Suite 401, Broadway Place East
                    3433 Broadway St. N.E.
                    Minneapolis, MN  55413
                    (612) 331-1464

Req Ext of Time
Approved /mb
Clerk, Group 350

*PN*
*6-25-98*

ADJCAM000078

---

Gp3632



# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

David E. Krekelberg

Serial No.: 08/814,168

Filing Date: March 7, 1997

For: CAMERA CLIP

Docket No.: 19239/103/101

Examiner: Phan, L.

Group Art Unit: 3632

## *TRANSMITTAL SHEET*

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

> **CERTIFICATE UNDER 37 C.F.R. 1.8:** I hereby certify that this correspondence and the documents described herein are being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the: Assistant Commissioner for Patents, Washington, D.C. 20231, on this ___ day of June, 1998.
>
> By_____
> Carolyn J. Erickson

We are transmitting herewith the attached:

[XXX]   Amendment

[ ] No additional fee required
[XX] The fee has been calculated as shown:

| | (3) REMAINING CLAIMS | (4) HIGHEST PAID | (5) EXTRA | SMALL ENTITY RATE | SMALL ENTITY ADD'L FEE | OTHER RATE | OTHER ADD'L FEE |
|---|---|---|---|---|---|---|---|
| CLAIMS AS AMENDED | | | | | | | |
| TOTAL CLAIMS | 21 - | 26= | 0 | x11= | $ | x22= | $ |
| INDEPENDENT CLAIMS | 5 - | 3= | 2 | x41= | $82 | X82= | $ |
| ( ) FIRST MULTIPLE DEPENDENT CLAIM | | | | +135= | $ | +270= | $ |
| TOTAL | | | | | $82.00 | | $ |

1

[XXXX]    Checks in the amounts of $55.00 and $82.00 are
          enclosed.

[XXXX]    Small entity status of this application under 37 C.F.R.
          1.9 and 1.27 has been established by verified statement
          previously submitted.

[XXXX]    Other: Petition for Extension of Time.

[XXXX]    Please charge any deficiencies or credit any over
          payment in the enclosed fees to Deposit Account 14-
          0620.

                          By: _Lawrence M. Nawrocki_____
                              Lawrence M. Nawrocki
                              Reg. No. _29,333_____

NAWROCKI, ROONEY & SIVERTSON, P.A.
Suite 401, Broadway Place East
3433 Broadway Street N.E.
Minneapolis, Minnesota 55413
Telephone:  (612) 331-1464
Facsimile:  (612) 331-2239

2

ADJCAM000080



P A T E N T

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

David E. Krekelberg

Serial No.:     08/814,168          Examiner:  Phan, L.

Filed      :    March 7, 1997       Group Art Unit:  3632

For        :    CAMERA CLIP

Docket No.:     19239/103/101

Assistant Commissioner for Patents
Washington, D.C. 20231

---

**CERTIFICATE UNDER 37 C.F.R. 1.8:**  I hereby certify that this correspondence is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the: Assistant Commissioner for Patents, Washington, D.C., 20231 on this _____ day of _____ June _____, 19_98_.

By: _____
        Carolyn I. Erickson

---

Sir:

## AMENDMENT

This Amendment is being filed in response to the presently outstanding Official Action issued by the Examiner regarding the above-captioned matter.  Please amend the case as follows.

## In the claims

Please amend Claim 1 as follows:

1.   (Amended) [An apparatus] <u>Apparatus</u> for supporting a camera, having a lens, on any generally horizontal, <u>substantially planar surface and</u> on an object <u>having a first surface and a second surface and an edge</u>

06/17/1998 MMMKKL 00000025 05814168
01 FC:202          82.00 OP

intersecting the first surface and the second surface,
comprising:

a.   a hinge member adapted to be rotatably attached to
     the camera, said camera, when the hinge member is
     so attached, rotating, [over] about a first axis
     of rotation, relative to said hinge member; and

b.   a support frame [hingedly] rotatably attached to
     said hinge member [to engagingly support said
     hinge member on the object] and configured to
     support said hinge member on the surface and the
     object, said hinge member rotating [over] about a
     second axis of rotation relative to said support
     frame, said first axis of rotation being generally
     perpendicular to said second axis of rotation,
     said second axis of rotation being substantially
     parallel to [a] the first surface when said hinge
     member is [engagingly] supported on the object,
     said support frame [supporting said camera in]
     having a first [position] disposition positioned
     on [the object when said first surface is] said
     generally horizontal, substantially [level] planar
     surface, and said support frame [supporting the
     camera in] having a second [position on]
     disposition attached to the object when said first
     surface and said second surface are [is] inclined
     from [said] a generally horizontal orientation

2
ADJCAM000082

[substantially level position], [the object having a second surface wherein a thickness between the first surface and said second surface defines an edge therebetween,] the camera being maintained adjacent said edge in said second disposition of said support frame [position when the uppermost portion of the object is the edge, rotation of said support frame being prevented along an axis substantially parallel to said second axis, said second axis being substantially parallel to said edge].

Please amend Claim 2 as follows:

2.   (Amended) [An apparatus] Apparatus according to claim 1 wherein the support frame comprises a first portion and a second portion, [said first portion and said second portion supporting the camera in] the support frame being in the first [position] disposition on the [first] generally horizontal, substantially planar surface when distal extremities of said first portion and said second portion are engaging the generally horizontal, [first surface when the first surface is] substantially [level] planar surface, [said first portion and said second portion supporting the camera in] and the support frame being in the second [position] disposition on the [first surface adjacent the edge] object when said first portion is engaging

3

the first surface and said second portion is engaging
[the edge and] the second surface, said first portion
and said second portion in combination maintaining the
camera adjacent the edge [and preventing rotation of
the support frame along the axis substantially parallel
to the second axis].

Please cancel Claim 3.

Please amend Claim 4 as follows:

(Amended) [An apparatus] Apparatus according to claim
[3] 2 wherein the support frame includes a cover, to
[means to releasably hold and] protect the camera
[comprises] lens when the camera [being] is rotated
[around] about the second axis [in a direction from the
second portion towards the first portion of the support
frame] until the camera is [in a position] between the
first portion and the second portion [and is releasably
held between the first portion and the second portion,
the first portion having means to protect a lens of the
camera].

Please amend Claim 5 as follows:

(Amended) [An apparatus] Apparatus according to Claim
wherein the [means to] first portion of the support
frame further includes said cover, [protect the lens of

4

ADJCAM000084

the camera is a] said cover being mounted at the distal

*B*

end of the first portion[,] ~~to receive~~ the lens of the

*and adapted ..*

camera [facing in the direction of rotation about the

second axis from the second portion to the first

portion of the support frame to allow the lens of the

*Cl 2*

camera to be fitably received into said cover when the

camera is releasably held between the first portion and

the second portion].

Please amend Claim 6 as follows:          )

**5.**

(Amended) [An apparatus] Apparatus according to Claim 2

wherein the [first portion and the second portion

support the camera] support frame is in the first

[position on the first surface] disposition when the

first portion and the second portion engage the [first]

generally horizontal, substantially planar surface at

three or more locations in a common plane [of the first

surface to prevent], thereby preventing rotation of the

support frame relative to the [first] generally

horizontal, substantially planar surface in any

direction [within said plane of the surface].

Please cancel Claim 7.

Please amend Claim 8 as follows:

5

6 8.   (Amended) [An apparatus] <u>Apparatus</u> according to Claim 2
wherein the [first portion and the second portion
support the camera] <u>support frame is</u> in the second
[position on the first surface adjacent the edge]
<u>disposition</u>  when a first distance from the edge to
[the position] <u>a location</u> where the first portion
engages the first surface is greater than a second
distance from the edge to [the position] <u>a location</u>
where the second portion engages the second surface, [a
center of gravity of the camera and said hinge member
being adjacent and external to the first surface in
combination with the first distance being greater than
the second distance] <u>thus</u> preventing rotation of the
support frame [along an axis substantially parallel to
the second axis of rotation].

Please cancel Claims 9-10, inclusive.

Please amend Claim 11 as follows:

11.   (Amended) [An apparatus] <u>Apparatus</u> according to Claim 1
wherein the  object is a display screen for a laptop
computer [when the support frame is in the second
position], <u>and</u> the second surface [being] <u>is</u> the front
of the display screen and the first surface [being] <u>is</u>
the back of the display screen.

Please amend Claim 12 as follows:

6

ADJCAM000086

12.    (Amended) [An apparatus] Apparatus according to Claim 1

wherein the hinge member [is comprised of] includes a

body having a proximal and a distal end, a pivot

element at said proximal end of said body adapted to

rotatably [attaching] attach the camera to the body so

that the camera rotates about the first axis relative

to the body, and a hinge element at said distal end of

said body hingedly attaching said body to the support

frame so that said body rotates, about the second axis,

relative to the support frame.

Please amend Claim 13 as follows:

13.    (Amended) [An apparatus] Apparatus according to Claim

12 wherein [the camera has an electrical wiring harness

to couple from an interior to an exterior,] the pivot

element [having] has a bore[ parallel to] along the

first axis of rotation to receive an electrical wiring

harness [to] and pass said wiring harness [from said

interior] to [said exterior of] the camera.

Please amend Claim 14 as follows:

14.    (Amended) [An apparatus] Apparatus for supporting a

camera, having a housing and a lens, on any generally

horizontal, substantially planar surface and on an

object having a first surface and a second surface, and

an edge intersecting the first surface and the second

7

<u>surface</u>, comprising:

a.    a hinge member <u>adapted to be</u> rotatably attached to
the camera, said camera<u>, when the hinge member is </u>
<u>so attached,</u> rotating<u>,</u> [over] <u>about</u> a first axis
of rotation relative to said hinge member; and

b.    a support frame [hingedly] <u>rotatably</u> attached to
said hinge member [to engagingly support said
hinge member on the object] <u>and configured to </u>
<u>support said hinge member on the surface and the </u>
<u>object</u>, said hinge member rotating [over] <u>about</u> a
second axis of rotation relative to said support
frame, said first axis of rotation being <u>generally</u>
perpendicular to said second axis of rotation,
said second axis of rotation being substantially
parallel to [a] <u>the</u> first surface when said hinge
member is [engagingly] supported on the object,
the support frame having a rear support element
and a first and <u>a</u> second front support element,
said [rear support element and said first and said
second front support elements supporting the
camera in the] <u>support frame having a</u> first
[position] <u>disposition positioned</u> on [said first]
<u>said generally horizontal, substantially planar</u>
surface when said rear support element and said
first and second front support elements are
engaging said [first] <u>generally horizontal,</u>

8

substantially planar surface [when said first
surface is substantially level], said [rear
support element and said first and said second
front support elements supporting the camera in]
support frame having a second [position]
disposition attached to the object [on said first
surface adjacent an edge] when [said] the first
surface is inclined from [said] a substantially
[level] horizontal position so that an uppermost
extremity of the object is the edge, [the object
having a second surface wherein a thickness
between said first surface and said second surface
defines said edge therebetween, the camera] the
support frame being maintained [adjacent said
edge] in said second [position when the uppermost
portion of the object is the edge,] disposition by
said rear support element engaging said first
surface and said first and second front support
elements engaging [the edge and] the second
surface, said rear support element and said first
and second front support elements in combination
[maintaining the camera adjacent the edge and]
preventing rotation of the support frame [along an
axis substantially parallel to the second axis,
said second axis being substantially parallel to
said edge].

9

ADJCAM000089

Please cancel Claim 15.

Please amend Claim 16 as follows:

16. (Amended) [An apparatus] Apparatus according to claim [15] 14 wherein the [means to] support frame adapted to protect. [releasably hold and protect] protects the camera [comprises] when the camera [being] is rotated [around] about the second axis [in a direction from the first and second front support elements] towards the rear support element of the support frame until the camera is [in a position] between the rear support element and the first and second front support elements, and is releasably held between the rear support element and the first and second front support elements[, the rear support element having means to protect a lens of the camera].

Please amend Claim 17 as follows:

17. (Amended) [An apparatus] Apparatus according to Claim 16 wherein the first and second front support elements are spaced a distance apart [at a], and wherein said distance is less than a diameter of [a] the housing of the camera[,] so that as the camera is being rotated [around] about the second axis in the direction towards the rear support element, [so that] said housing passes between the first and second front support elements[,]

10

ADJCAM000090

<u>and</u> the first and second front support elements

resiliently [and outwardly flexing] <u>flex outwardly</u> to

accommodate passage of said housing, said housing being

releasably held once passing between the first and

second front support elements by the rear support

element engaging said housing at the lens [, the first

and second front support elements engaging said housing

backside to resiliently urge said housing towards the

rear support element].

Please amend Claim 18 as follows:

18. (Amended) [An apparatus] <u>Apparatus</u> according to Claim

16 wherein the [means to] <u>first portion of the support</u>

<u>frame further has a cover,</u> [protect the lens of the

camera is a] <u>said</u> cover <u>being</u> mounted at [the] <u>a</u> distal

end of the rear support element [,] <u>to receive</u> the lens *and adapted*

of the camera [facing in the direction of rotation

about the second axis from the first and second front

support elements to the rear support element of the

support frame to allow the lens of the camera to be

fitably received into said cover] when the camera is

releasably held between the rear support element and

the first and second front support elements.

Please amend Claim 19 as follows:

11

14. (Amended) [An apparatus] Apparatus according to Claim 10 wherein the [rear support element and the first and second front support elements support the camera] support frame is in the first [position on the first surface] disposition when the rear support element and the first and second front support elements engage the [first] generally horizontal, substantially planar surface at three or more locations in a common plane of the [first] generally horizontal, substantially planar surface to prevent rotation of the support frame relative to the [first] generally horizontal, substantially planar surface [in any direction within said plane of the first surface].

Please amend Claim 20 as follows:

20. (Amended) [An apparatus] Apparatus according to Claim 10 wherein the [rear support element and the first and second front support elements support the camera] support frame is in the first [position] disposition positioned on the [first] generally horizontal, substantially planar surface when the rear support element and the first and second front support elements engage the [first] generally horizontal, substantially planar surface to prevent rotation of the support frame relative to the [first] generally horizontal, substantially planar surface [in any direction within a

12

ADJCAM000092

plane of the first surface].

Please amend Claim 21 as follows:

16 21. (Amended) [An apparatus] Apparatus according to Claim
10 [14] wherein the [rear support element and the first and
second front support elements support the camera]
support frame is in the second [position on the first
surface adjacent the edge] disposition when a first
distance from the edge to [the position] a location
where the rear support element engages the first
surface is greater than a second distance from the edge
to [the position] a location where the first and second
front support elements engage the second surface, [a
center of gravity of the camera and said hinge member
being adjacent and external to the first surface in
combination with] the first distance being greater than
the second distance thus preventing rotation of the
support frame [along an axis substantially parallel to
the second axis of rotation].

Please cancel Claims 22-24, inclusive.

Please amend Claim 25 as follows:

17 25. (Amended) [An apparatus] Apparatus according to Claim
10 [14] wherein the hinge member [is comprised of] includes
a body having a proximal and a distal end, a pivot

13

element at said proximal end of said body <u>adapted to</u>
rotatably [attaching] <u>attach</u> the camera to the body so
that the camera rotates about the first axis relative
to the body, <u>and</u> a hinge element at said distal end of
said body hingedly attaching said body to the support
frame so that said body rotates about the second axis
relative to the support frame.

Please amend Claim 26 as follows:

26. (Amended) [An apparatus] <u>Apparatus</u> according to claim
25 wherein [the camera has an electrical wiring harness
to couple from an interior to an exterior,] the pivot
element [having] <u>has</u> a bore [parallel to] <u>along</u> the
first axis of rotation to receive said electrical
wiring harness [to] <u>and</u> pass said wiring harness [from
said interior] to [said exterior of] the camera.

Please add new Claims 27-29 as follows:

27. (Newly presented) A camera clip for supporting a camera
on a laptop computer, the laptop computer having a
display screen which can be inclined from a generally
horizontal position, an uppermost portion of the
display screen defining an edge, comprising:

a.   a hinge member adapted to be rotatably attached to
     the camera, said camera rotating about a first
     axis of rotation relative to said hinge member;

14

ADJCAM000094

and

b.   a support frame hingedly attached to said hinge
     member to engagingly support said hinge member on
     the display screen, said hinge member rotating
     over a second axis of rotation relative to said
     support frame, the camera being maintained
     adjacent the edge, rotation of said support frame
     being prevented along an axis substantially
     parallel to said second axis where said second
     axis is substantially parallel to said edge.

28.  (Newly presented) Apparatus for supporting a camera
     having a lens on a substantially level surface,
     comprising:

a.   a hinge member adapted to be rotatably attached to
     the camera, the camera rotating about a first axis
     of rotation relative to said hinge member; and

b.   a support frame rotatably attached to said hinge
     member and configured to support said hinge member
     on a generally horizontal, substantially planar
     surface, said hinge member rotating about a second
     axis of rotation relative to said support frame,
     said first axis of rotation being generally
     perpendicular to said second axis of rotation,
     said second axis of rotation being substantially
     parallel to the generally horizontal,

15

substantially planar surface when said hinge

member is supported on the generally horizontal,

substantially planar surface, said support frame

having a first portion and a second portion

wherein said support frame protects the camera

when said hinge member is not supported on the

generally horizontal, substantially planar

surface, and when the camera is rotated around

said second axis in a direction from said second

portion towards said first portion of said support

frame until the camera is between said first

portion and said second portion and is releasably

held between said first portion and said second

portion.

29.   (Newly presented) Apparatus for supporting a camera,

having a lens, on an object having a first surface and

a second surface, wherein a thickness measured between

the first surface and the second surface defines an

edge therebetween, comprising:

a.    a hinge member adapted to be rotatably attached to

the camera, said camera, when the hinge member is

so adapted, rotating about a first axis of

rotation relative to said hinge member; and

b.    a support frame rotatably attached to said hinge

member and configured to support said hinge member

16

on the object, said hinge member rotating about a
second axis of rotation relative to said support
frame, said first axis of rotation being generally
perpendicular to said second axis of rotation,
said second axis of rotation being substantially
parallel to the first surface when said hinge
member is supported by said support frame on the
object, said support frame supporting said hinge
member on the object when said first surface is
inclined from a substantially horizontal position,
the camera being maintained adjacent the edge when
an uppermost extremity of the object is the edge,
rotation of said support frame being precluded
about an axis substantially parallel to said
second axis, said second axis being substantially
parallel to said edge, said support frame having a
first portion and a second portion wherein said
support frame releasably holds and protects the
camera when said hinge member is not supported by
said support frame on the object and the camera is
rotated around said second axis in a direction
from said second portion towards said first
portion of said support frame until the camera is
between said first portion and said second portion
and is releasably held between said first portion
and said second portion.

17

ADJCAM000097

**R E M A R K S**

The preceding amendment and following remarks are submitted in response to the presently outstanding Official Action of the examiner.  Having fully responded to each objection and ground of rejection of the examiner, all pending claims are believed to be in condition for allowance.  Entry of these amendments and reconsideration by the examiner to that end is respectfully requested.

The examiner objected to claims 2-13 and 15-26 because, at line 1 of claims 2-13 and 15-26, before "apparatus", "An" should be replaced with --The--.  In response, Applicant has amended claims 1-2, 4-6, 8, 11-14, 16-21 and 25-26 to make appropriate correction.

Claims 1-26 were rejected under 35 U.S.C. §112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which Applicant regards as the invention.  The Examiner stated that the preamble of claim 1 is drawn to a subcombination of an apparatus comprising a hinge member and a support frame per se whereas line 3 appears to positively recite "rotatable attached to the camera", thus implying a combination claim.  The Examiner further stated that, at lines 12 and 13, "being substantially parallel to a first surface" is a combination claim.  The Examiner further stated that, at lines 20-28, "the object having a second surface . . ., the camera being maintained . . . " is also

18

ADJCAM000098

claiming a combination.  The Examiner stated that it is not clear whether Applicant intends to claim a subcombination or a combination.

In response, Applicant has amended claim 1 to more clearly identify the "work pieces" in the preamble and thereby focus upon the elements of the invention, e.g. the hinge member and the support frame, in the claim body. Applicant has amended the preamble of claim 1 to recite "a camera having a lens on an object, the object having a first surface and a second surface" wherein a thickness between the first surface and the second surface defines an edge therebetween.  Applicant has also amended other portions of claim 1 to be consistent with the above changes.

The Examiner stated that in claim 2, lines 3-6, "said second portion supporting the camera" and "said second portion are engaging the first surface" are claiming combination.  In response, Applicant has amended claim 2 to remove the language "said first portion and said second portions supporting the camera in" and replace it with "the support frame being in...".

The Examiner stated that in claim 3, line 2 "to releasably hold and protect the camera" is a combination claim.  Claim 3 has been cancelled.

The Examiner stated that on lines 2, 3, 5, 8, and 9 of claim 4, "comprises the camera" and "to protect a lens of the camera" are claiming combination.  In response Applicant

19

ADJCAM000099

has amended claim 4 to make it clear that the camera is a
"work piece" and to make other clarifications.

The Examiner stated on lines 2, 3, 6, and 7 of claim 5,
"to protect the lens of the camera" and "the camera" are a
combination claim.  In response, Applicant has amended claim
5, and it is clear that the camera and the lens of the
camera are "work pieces" and to make other amendments for
clarification.

The Examiner stated that in claims 6 and 7, lines 2-7,
"support the camera" and "engage the first surface" are
claiming combination.  In response, Applicant has amended
claims 6 and 7 to clarify inventive structure and "work
pieces".

The Examiner stated on lines 2, 5, 7, and 8 of claim 8,
"support camera", "engage the first and the second
surfaces", and "a center of gravity of the camera" are not a
subcombination claim.  In response, Applicant has amended
claim 8 to remove "first portion and the second portion
support the camera" to replace it with "support frame".
Applicant has amended claim 8 to remove any ambiguity
regarding combination/subcombination issues.

The Examiner states in lines 1 and 3 of Claims 9 and
10, "the object" and "the first surface" are not claiming
subcombination.  In response, Applicant has cancelled Claims
9 and 10.

The Examiner states that in claim 11, lines 1, 3 and 4,

20

ADJCAM000100

"the object", and "the second surface", and "the first surface" are a combination claim. In response, Applicant has amended claim 11 to make amendments to further clarify the combination/subcombination issues.

The Examiner stated that in claim 12, line 4, "rotatably attaching the camera" is claiming combination. In response, Applicant has amended claim 12 to define the interaction between the work piece, the camera, and the body, an element of the invention.

The Examiner stated on lines 1 and 6 of claim 13, "the camera" is a combination claim.  In response, Applicant has amended claim 13 to remove "the camera" as an element of the invention.

The Examiner stated that claims 14-26 have the same §112 problems of combination and subcombination as indicated in the above claims 1-14.  In response, Applicant has amended these claims to overcome the §112 problems of combination and subcombination as were discussed above.

Applicant has added newly presented claims 27-29. Applicant submits that, in view of the above arguments regarding pending Claims 1-2, 4-6, 8, 11-14, 16-21, and 25-26; Claims 27-29 are also in condition for allowance.

Having thus addressed each objection and ground of rejection of the Examiner, pending claims 1-2, 4-6, 8, 11-14, 16-21, and 25-26, as well as newly presented claims 27-29, are now believed to be in condition for allowance.

21

Entry of the present amendment and reconsideration to that end is respectfully requested.

Please charge any deficiencies or credit any overpayment to Deposit Account 14-0620.

Respectfully submitted,

David E. Krekelberg

By his attorney,

Dated: _June 8, 1998_   _Lawrence M. Nawrocki_
Lawrence M. Nawrocki
Reg. No. 29,333
NAWROCKI, ROONEY & SIVERTSON, P.A.
Suite 401, Broadway Place East
3433 Broadway Street Northeast
Minneapolis, MN 55413
Telephone:  (612) 331-1464
Facsimile:  (612) 331-2239

22

ADJCAM000102

| *Interview Summary* | Application No. 08/814,168 | Applicant(s) David E. Krekelberg | |
|---|---|---|---|
| | Examiner Long Dinh Phan | Group Art Unit 3632 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Long Dinh Phan*                  (3) _____

(2) *Lawrence M. Nawroki*          (4) _____

Date of Interview _____ *Jul 7, 1998* _____

Type:   [X] Telephonic    [ ] Personal (copy is given to   [ ] applicant    [ ] applicant's representative).

Exhibit shown or demonstration conducted:    [ ] Yes    [X] No.   If yes, brief description:

_____

_____

Agreement   [X] was reached.    [ ] was not reached.

Claim(s) discussed: *4, 5, 16, and 18* _____

Identification of prior art discussed:
*None* _____

_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
*Applicant agreed to amend the claims to overcome possible 112 problems and pass the case to issue.*

_____
_____
_____
_____
_____
_____
_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendents which would render the claims allowable is available, a summary thereof must be attached.)

1.   [X]   It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2.   [ ]   Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note: You must sign and stamp this form unless it is an attachment to a signed Office action.

ADJCAM000103



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/814,168 | 03/07/97 | KREKELBERG | 19239/103/1 |

PM31/0715

LAWRENCE M. NAWROCKI
NAWROCKI, ROONEY & SIVERTSON
BROADWAY PLACE EAST SUITE 401
3433 BROADWAY STREET NORTHEAST
MINNEAPOLIS MN 55413

| EXAMINER |
|---|
| PHAN, L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3632 | 8/B |

**DATE MAILED:**   07/15/98

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

PTO-90C (Rev. 2/95)

*U.S. GPO: 1998-437-638/60022

1- File Copy

ADJCAM000104

| *Notice of Allowability* | Application No.<br>08/814,168 | Applicant(s)<br>David E. Krekelberg |
|---|---|---|
| | Examiner<br>Long Dinh Phan | Group Art Unit<br>3632 |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application.  If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

[X] This communication is responsive to *amendment filed on 06/12/1998* _____ .

[X] The allowed claim(s) is/are *1, 2, 4-6, 8, 11-14, 16-21, and 25-29.* _____ .

[ ] The drawings filed on _____ are acceptable.

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    [ ] All [ ] Some* [ ] None   of the CERTIFIED copies of the priority documents have been

      [ ] received.

      [ ] received in Application No. (Series Code/Serial Number) _____ .

      [ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____ .

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action.  Failure to timely comply will result in ABANDONMENT of this application.  Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

[ ] Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient.  A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

[X] Applicant MUST submit NEW FORMAL DRAWINGS

    [ ] because the originally filed drawings were declared by applicant to be informal.

    [X] including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. __4__ .

    [ ] including changes required by the proposed drawing correction filed on _____ , which has been approved by the examiner.

    [ ] including changes required by the attached Examiner's Amendment/Comment.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings.  The drawings should be filed as a separate paper with a transmittal lettter addressed to the Official Draftsperson.**

[ ] Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

**Attachment(s)**

    [ ] Notice of References Cited, PTO-892

    [ ] Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

    [ ] Notice of Draftsperson's Patent Drawing Review, PTO-948

    [ ] Notice of Informal Patent Application, PTO-152

    [X] Interview Summary, PTO-413

    [X] Examiner's Amendment/Comment

    [ ] Examiner's Comment Regarding Requirement for Deposit of Biological Material

    [X] Examiner's Statement of Reasons for Allowance

ADJCAM000105

Serial Number: 08/814,168                                                                    Page 2

Art Unit: 3632

## EXAMINER'S AMENDMENT

An examiner's amendment to the record appears below.  Should the changes and/or

additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312.

To ensure consideration of such an amendment, it MUST be submitted no later than the payment

of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with Mr.

Lawrence M. Nawrocki on July 07, 1998.

The application has been amended as follows:

In the Claims:

**Claim 4**- line 2: after "cover", inserted --adapted--.

**Claim 5**- line 5: before "to receive", inserted --and adapted--.

**Claim 16**- line 3: before "the camera", replaced "protects" with --adapted to protect--.

**Claim 18**- line 5: before "to receive", inserted --and adapted--.

The following is an examiner's statement of reasons for allowance: The prior art of record

does not disclose nor suggest apparatus for supporting a camera, comprising a hinge member

adapted to be rotatably attached to the camera about a first axis of rotation; and a support frame

rotatably attached to the hinge member about a second axis of rotation and configured to support

the hinge member on a surface and an object.  Applicant's invention is deemed to be novel and

unobvious over the prior art of record and thus allowable for patent.

Any comments considered necessary by applicant must be submitted no later than the

Serial Number: 08/814,168                                    Page 3

Art Unit: 3632

payment of the issue fee and, to avoid processing delays, should preferably accompany the issue

fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for

Allowance."

*Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Long Dinh Phan whose telephone number is (703) 308-3409.  The examiner

can normally be reached on Tuesday through Friday from 8:00 A.M. to 6:00 P.M. E.S.T.

Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the Group receptionist whose telephone number is (703) 308-2168.  The fax

number for this Group is (703) 305-3597 or 3598.

Long Dinh Phan

July 14, 1998

RAMON O. RAMIREZ
PRIMARY EXAMINER
ART UNIT 36 32



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

PM51/0715

LAWRENCE M. NAWROCKI
NAWROCKI, ROONEY & SIVERTSON
BRODWAY PLACE EAST SUITE 400
3433 BROADWAY STREET NORTH EAST
MINNEAPOLIS MN 55413

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/814,168 | 03/07/97 | 021 | PHAN | 10,32 | |
| First Named Applicant | KREKELBERG, | DAVID R. | | | |

TITLE OF
INVENTION CAMERA CLIP

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3   19239/103/10 | 248-121.000 | G55 | UTILITY | YES | 3,060.00 | |

***THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.***
***PROSECUTION ON THE MERITS IS CLOSED.***

***THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS***
***APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.***

## HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
   If the SMALL ENTITY is shown as YES, verify your
   current SMALL ENTITY status:

   A. If the status is changed, pay twice the amount of the
      FEE DUE shown above and notify the Patent and
      Trademark Office of the change in status, or
   B. If the status is the same, pay the FEE DUE shown
      above.

If the SMALL ENTITY is shown as NO:

   A. Pay FEE DUE shown above, or

   B. File verified statement of Small Entity Status before, or with,
      payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your
ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal
should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part
B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

***IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of***
***maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance***
***fees when due.***

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)

*U.S. GPO. 1998-437-639/80023

ADJCAM000108

**PART B—ISSUE FEE TRANSMITTAL**

2𝑞2 - 6660
521 - 30

Complete and mail this form, together with app. e fees, to:

**Box ISSUE FEE**
**Assistant Commissioner for Patents**
**Washington, D.C. 20231**

**MAILING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

LAWRENCE M. NAWROCKI     PM31/0715
NAWROCKI, ROONEY & SIVERTSON   **RECEIVED**
BRODWAY PLACE EAST SUITE 40   **Publishing Division**
3433 BROADWAY STREET NORTHEAST   **OCT 2 0 1998**
MINNEAPOLIS MN 55413

16

Carolyn V. Erickson

_____ (Depositor's name)

_____ (Signature)

10/15/98 (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/814,168 | 03/07/97 | 021 | PHAN, L | 3632 | 07/15/98 |

| First Named Applicant | KREKELBERG, | DAVID E. |
|---|---|---|

TITLE OF INVENTION CAMERA CLIP

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3  19239/103/10 | 248-121.000 | G54 | UTILITY | YES | $660.00 | 10/15/98 |

**1.** Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

**2.** For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  NAWROCKI, ROONEY & SIVERTSON, P.A.

2  _____

3  _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)
**PLEASE NOTE:** Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropiate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a subsitiue for filing an assignment.

(A) NAME OF ASSIGNEE
iREZ Research, Corporation

(B) RESIDENCE: (CITY & STATE OR COUNTRY)
Minnetonka, Minnesota

Please check the appropriate assignee category indicated below (will not be printed on the patent)

☐ individual   ☒ corporation or other private group entity   ☐ government

**4a.** The following fees are enclosed (make check payable to Comissioner of Patents and Trademarks):

☒ Issue Fee
☒ Advance Order - # of Copies  10

**4b.** The following fees or deficiency in these fees should be chrged to:

DEPOSIT ACCOUNT NUMBER _____
(ENCLOSE AN EXTRA COPY OF THIS FORM)

☐ Issue Fee
☐ Advance Order - # of Copies _____

The COMMISSIONER OF PATENTS AND TRADEMARKS IS requested to apply the Issue Fee to the application identified above.

(Authorized Signature) Lawrence M. Nawrocki     (Date) Oct. 15, 1998

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

10/23/1998 CASHBY   00000026 08814168

01 FC:242       660.00 OP
02 FC:561        30.00 OP

**Burden Hour Statement:** This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**TRANSMIT THIS FORM WITH FEE**

PTOL-85B (REV.10-96) Approved for use through 06/30/99. OMB 0651-0033

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

ADJCAM000109

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

David E. Krekelberg

Serial No.: 08/814,168                          Examiner: L. Phan

Filing Date: March 7, 1997                     Group Art Unit: 3632

For: CAMERA CLIP

Docket No.: 19239/103/101

## TRANSMITTAL SHEET

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

> **CERTIFICATE UNDER 37 C.F.R. 1.8:**  I hereby certify that this correspondence
> and the documents described herein
> are being deposited with the United States Postal Service on the date shown below
> with sufficient postage as first class mail in an envelope addressed to the:
> Assistant Commissioner for Patents, Washington, D.C. 20231, on this 15th day of ____
> October , 1998
>
> By_____
>                    Carolyn L. Erickson

We are transmitting herewith the attached:

[  ]    Amendment

       [  ] No additional fee required
       [  ] The fee has been calculated as shown:

| CLAIMS AS AMENDED | | | | | | | |
|---|---|---|---|---|---|---|---|
| | (3) | (4) | (5) | SMALL ENTITY | | OTHER | |
| | REMAINING CLAIMS | HIGHEST PAID | EXTRA | RATE | ADD'L FEE | RATE | ADD'L FEE |
| TOTAL CLAIMS | - | = | | x11= | $ | x22= | $ |
| INDEPEN- DENT CLAIMS | - | = | | x41= | $ | X82= | $ |
| (  ) FIRST MULTIPLE DEPENDENT CLAIM | | | | +135= | $ | +270 = | $ |
| TOTAL | | | | $ | | $ | |

ADJCAM000110

[XXXX]     A check in the amount of $ 690.00 is enclosed.

[XXXX]     Small entity status of this application under 37 C.F.R.
           1.9 and 1.27 has been established by verified statement
           previously submitted.

[XXXX]     Other:  Part B-Issue Fee Transmittal (with Certificate of
           Mailing); Letter to Official Draftsperson; Two (2) Sheets
           of Formal Drawings.

[XXXX]     Please charge any deficiencies or credit any over payment
           in the enclosed fees to Deposit Account 14-0620.

                          By: _____
                              Lawrence M. Nawrocki
                              Reg. No. _29,333_____

NAWROCKI, ROONEY & SIVERTSON, P.A.
Suite 401, Broadway Place East
3433 Broadway Street N.E.
Minneapolis, Minnesota 55413
Telephone:  (612) 331-1464
Facsimile:  (612) 331-2239

2

ADJCAM000111

**P A T E N T**

Serial No.: 08/814,168
Filed: March 7, 1997
Batch No.: G54

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

David E. Krekelberg

Serial No.: 08/814,168     **RECEIVED**    Examiner:   L. Phan
                         Publishing Division

Filed: March 7, 1997      **OCT 2 0 1998**    Group Art: 3632

For: CAMERA CLIP           **16**

Docket No.: 19239/103/101

---

Assistant Commissioner
   for Patents
Washington, D.C.   20231

<u>CERTIFICATE UNDER 37 C.F.R. 1.8</u>
I hereby certify that this correspondence is being
deposited with the United States Postal Service on
the date shown below with sufficient postage as
first class mail in an enveloped addressed to the
Assistant Commissioner for Patents, Washington,
D.C. 20231 on this 15th day of October, 1998

By:_____
        Carolyn F. Erickson

Sir:

## LETTER TO OFFICIAL DRAFTSPERSON

Submitted herewith are two (2) sheets of formal drawings for

filing in the above-identified application.

Respectfully submitted,

David E. Krekelberg

By his attorney,

Date *October 15, 1998*     *Lawrence M. Nawrocki*
_____      _____
                            Lawrence M. Nawrocki
                            Reg. No. 29,333
                            NAWROCKI, ROONEY & SIVERTSON, P.A.
                            Suite 401, Broadway Place East
                            3433 Broadway St. N.E.
                            Minneapolis, MN   55413
                            (612) 331-1464

ADJCAM000112

| APPROVED | O.G. FIG. | |
| --- | --- | --- |
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | | |

5855343



**Fig. 1**

**Fig. 2**

**Fig. 3**

**Fig. 4**

| APPROVED | O.G. FIG. | |
|---|---|---|
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | | |

*Fig. 5*



*Fig. 6*

*Fig. 7*



ADJCAM000114

Case 6:10-cv-00329-JRG   Document 636-5   Filed 05/07/12   Page 47 of 64 PageID #:  5303

PTO UTILITY GRANT

Paper Number____/ O____

## The Commissioner of Patents and Trademarks

*Has received an application for a patent for a new and useful invention. The title and description of the invention are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the invention shall be granted under the law.*

*Therefore, this*

## United States Patent

*Grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America for the term set forth below, subject to the payment of maintenance fees as provided by law.*

*If this application was filed prior to June 8, 1995, the term of this patent is the longer of seventeen years from the date of grant of this patent or twenty years from the earliest effective U.S. filing date of the application, subject to any statutory extension.*

*If this application was filed on or after June 8, 1995, the term of this patent is twenty years from the U.S. filing date, subject to an statutory extension. If the application contains a specific reference to an earlier filed application or applications under 35 U.S.C. 120, 121 or 365(c), the term of the patent is twenty years from the date on which the earliest application was filed, subject to any statutory extension.*

The
United
States
of
America



*Bruce Lehman*

Commissioner of Patents and Trademarks

*Ollie M. Person*

Attest

Form **PTO-1584** (Rev. 2/97)

(RIGHT INSIDE)

ADJCAM000115

```
        59116 CAMERA
        58127 CLIP
L1          2 CAMERA CLIP
            (CAMERA(W)CLIP)

=>
```

ADJCAM000116

http://151.207.28.21:457/cgi-bin/text_io

```
US PAT NO:      4,403,717 [IMAGE AVAILABLE]           L1: 1 of 2
TITLE:          Camera carrying device

4,403,717 [IMAGE AVAILABLE]     5 CLASSIFICATIONS      L1: 1 of 2

     1.    224/666         OR
     2.    224/268         XR
     3.    224/269         XR
     4.    224/667         XR
     5.    224/908         XR
US PAT NO:      3,962,711 [IMAGE AVAILABLE]           L1: 2 of 2
TITLE:          Accessory adapter for photographic apparatus

3,962,711 [IMAGE AVAILABLE]     3 CLASSIFICATIONS      L1: 2 of 2

     1.    396/544         OR
     2.    396/529         XR
     3.    D16/211         XR

=>
```

ADJCAM000117

Te-t Input HTML page                                                      http://151.207.162.15:457/cgi-bin/text io

```
US PAT NO:      5,111,983 [IMAGE AVAILABLE]           L1: 1 of 5

5,111,983 [IMAGE AVAILABLE]     3 CLASSIFICATIONS     L1: 1 of 5

        1.    224/258          OR
        2.    224/908          XR
        3.    248/118          XR
US PAT NO:      5,025,320 [IMAGE AVAILABLE]           L1: 2 of 5

5,025,320 [IMAGE AVAILABLE]     4 CLASSIFICATIONS     L1: 2 of 5

        1.    348/373          OR
        2.    348/335          XR
        3.    348/722          XR
        4.    379/202          XR
US PAT NO:      4,676,622 [IMAGE AVAILABLE]           L1: 3 of 5

4,676,622 [IMAGE AVAILABLE]     2 CLASSIFICATIONS     L1: 3 of 5

        1.    396/428          OR
        2.    248/179.1        XR
US PAT NO:      4,297,756 [IMAGE AVAILABLE]           L1: 4 of 5

4,297,756 [IMAGE AVAILABLE]     2 CLASSIFICATIONS     L1: 4 of 5

        1.    7/127            OR
        2.    81/367           XR
US PAT NO:      4,198,150 [IMAGE AVAILABLE]           L1: 5 of 5

4,198,150 [IMAGE AVAILABLE]     2 CLASSIFICATIONS     L1: 5 of 5

        1.    396/422          OR
        2.    362/3            XR

=>
```

ADJCAM000118

# PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 1996

**Application or Docket Number**  
814168

## CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|-----|------------|-------------|------|-----|-----|------|-----|
| BASIC FEE | | | | 385.00 | OR | | 770.00 |
| TOTAL CLAIMS | 26 minus 20 = | * 6 | x$11= | | OR | x$22= | 132.00 |
| INDEPENDENT CLAIMS | 2 minus 3 = | * | x40= | | OR | x80= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +130= | | OR | +260= | |
| | | | TOTAL | | OR | TOTAL | 902.0 |

\* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|-----|------|------|------|------|------|------|-----|------|------|
| Total | * 21 | Minus | ** 26 | = | x$11= | | OR | x$22= | |
| Independent | * 5 | Minus | *** 3 | = 2 | x40= | 1. 6 | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | 8.0 | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|-----|------|------|------|------|------|------|-----|------|------|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|-----|------|------|------|------|------|------|-----|------|------|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.  
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."  
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."  
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875  
(Rev. 10/96)

\*U.S. Government Printing Office: 1996 - 413-288/49191

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

ADJCAM000119

Form PTO 1130
(REV 2-94)

# PACE DATA ENTRY CODING SHEET

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

| 1ST EXAMINER | DATE |
|---|---|
| | |
| 2ND EXAMINER | DATE |
| | 6-23-99 |

**APPLICATION NUMBER**
08/914168

**TOTAL CLAIMS**
26

**INDEPENDENT CLAIMS**
2

**TYPE APPL**
1

**SMALL ENTITY?**

**FILING DATE**
MONTH 03  DAY 07  YEAR 92

**FILING FEE**

**FOREIGN LICENSE**
Y

**SPECIAL HANDLING**
0

**GROUP ART UNIT**
3505

**CLASS**
248

**ATTORNEY DOCKET NUMBER**
1 2 3 4 / 1 8 3 / 1 0

**SHEETS OF DRAWING**
2

**CONT STATUS CODE**

**STATUS CODE**

**PARENT APPLICATION SERIAL NUMBER**

## CONTINUITY DATA

**PCT APPLICATION SERIAL NUMBER**

| P | C | T | / |
| P | C | T | / |
| P | C | T | / |
| P | C | T | / |
| P | C | T | / |

**PARENT PATENT NUMBER**

**PARENT FILING DATE**
MONTH  DAY  YEAR

**FOREIGN PRIORITY CLAIMED**

**COUNTRY CODE**

## PCT/FOREIGN APPLICATION DATA

**PCT/FOREIGN APPLICATION SERIAL NUMBER**

**FOREIGN FILING DATE**
MONTH  DAY  YEAR

ADJCAM000120

E. S. McALL.
CAMERA HOLDING DEVICE.
APPLICATION FILED APR. 29, 1915.

1,208,344.

Patented Dec. 12, 1916.
2 SHEETS—SHEET 1.



Fig. 4.

Fig. 3.

Fig. 2.

Fig. 1.

INVENTOR.
Edward S. McAll.

THE NORRIS PETERS CO., PHOTO-LITHO, WASHINGTON

ADJCAM000121

E. S. McALL.
CAMERA HOLDING DEVICE.
APPLICATION FILED APR. 29, 1915.

1,208,344.

Patented Dec. 12, 1916.
2 SHEETS—SHEET 2.



Fig. 5.

Fig. 6.

INVENTOR.

Edward S. McAll

THE NORRIS PETERS CO. PHOTO-LITHO., WASHINGTON, D. C.

ADJCAM000122

# UNITED STATES PATENT OFFICE.

EDWARD S. McALL, OF ILION, NEW YORK.

## CAMERA-HOLDING DEVICE.

**1,208,344.**  Specification of Letters Patent.  **Patented Dec. 12, 1916.**

Application filed April 29, 1915.  Serial No. 24,666.

*To all whom it may concern:*

Be it known that I, EDWARD S. McALL, a citizen of the United States, and a resident of Ilion, in the county of Herkimer
5 and State of New York, have invented a certain new and useful Improvement in Camera-Holding Devices, of which the following is a full, clear, and exact description, reference being made to the accom-
10 panying drawings, forming part of this specification.

This invention relates to improvements in camera-holding devices which include means to enable a camera to be adjusted for use
15 by moving it angularly on a horizontal axis, the main object of the invention being to facilitate the operation of cameras under conditions which now are apt to be more or less troublesome.
20 The invention consists of a camera-holding device comprising the parts, and having the construction and arrangement of parts, which are hereinafter described and specified in the claims.
25 On the accompanying two sheets of drawings, on which like reference-numerals designate like parts of different views: Figure 1 is a side elevation of a camera-holding device which embodies the invention in its
30 preferred form; Fig. 2, a front elevation of this device; Fig. 3, a plan thereof; Fig. 4, another side elevation thereof; Fig. 5, another plan, the relative positions of the parts differing from those shown in Fig. 3;
35 and Fig. 6, a side and sectional view, the relative positions of the parts being the same as shown in Fig. 5.

The particular camera-holding device shown comprises what is essentially a low
40 tripod, a platform hinged thereto, and a clamp which is effective to hold the platform adjusted with relation to the base in any of a large number of positions. That it differs much in character from ordinary
45 tripods is plainly indicated by its utility in various places where any of them are useless, as well as by peculiarities of its construction and its mode of operation. For example, it will properly support a camera
50 in a desired position when the device is held by the hand against a wall, or post, or trunk of a tree, or the steeply sloping or vertical face of a rock or cliff, as illustrated in Fig. 1, in which the surface against which the
55 device is held is represented by the irregular line *a*, and the camera by broken lines,

or when the device stands, as shown in Fig. 4, on a small and inclined surface *b*, such as that of a rock, log, or branch of a tree, or on a flat surface which is too small to en- 60 able a common tripod to stand on it and which may be the top of a post, stump of a tree, or something else.

The tripod and platform of this device are made from thin sheet metal, the head of 65 the tripod consisting of a single piece of stock and being the base on which the platform is mounted. This base is an approximately V-shaped frame including the flat portion 1 (Fig. 2), the lateral flanges or sides 70 2 and 3, which are preferably straight, and the perforated parts 4 and 5 which are continuations of the flanges and form a pair of eyes at the broad end of the base. The projection 6, consisting of a struck up portion 75 of the stock of the frame or base, is one of the feet of the tripod. The platform, which is also a single piece of stock, includes the part 7, the lateral flanges or sides 8 and 9, and the perforated continuations 10 and 11 80 of the flanges, the part 7 being flat except where it forms the annular struck up camera-seat 12, and the portions 10 and 11 forming eyes similar to the eyes 4 and 5 of the base. The eyes of the platform fit 85 loosely between the eyes of the base and the flanges of the platform between the flanges of the base, so that the platform and base may lie close together as appears by Figs. 5 and 6. The screw 13 having the milled 90 head 14 extends loosely through the part 7 at the center of the seat 12, the cotter pin 15, which passes through the stem of the screw and lies close to the face of the platform, being a keeper for the screw. 95

The bolt 16, having at one end the head 17 and at the other the winged nut 18, passes through the eyes of the platform and base, and on this bolt are also the spacing-sleeve 19, the friction-washers 20 and 21, and a 100 yoke comprising the bar 22, eyes 23 and 24, and parts 25 and 26 which form both the ends of the yoke and the two other feet of the tripod. The sleeve 19 fits closely between the eyes 10 and 11, each friction- 105 washer is between an eye of the base and the adjacent eye of the platform, and the eyes of the yoke surround the bolt outside of the eyes of the base.

Although the parts of the device might be 110 otherwise arranged, the arrangement shown and described is preferred because it en-

ADJCAM000123

**2**                    1,208,344

ables the parts to fit together as shown in Figs. 5 and 6, and renders the distance between the feet 25 and 26 greater than the width of the base or frame at its broad end. The bolt and three pairs of eyes constitute means by which the base, platform and yoke are hinged together, each of these three parts being angularly movable on the axis of the bolt with relation to the two others, and the bolt, spacing-sleeve and nut form a clamp by which the parts may be tightly held in various positions to which they may be adjusted.

It will be seen that whether the base is vertical or nearly horizontal the platform may be either horizontal or vertical or may be inclined at any desired angle to the plane of the horizon. The yoke so turns that the feet 25 and 26, which are fast together and turn together on the axis of the bolt, may be located behind the bolt as they are shown in Figs. 1, 3 and 4, or at the sides of the base as they are shown in Figs. 5 and 6, their length being much less than that of the base or that of the bolt, so that they do not project far from the base at the sides thereof and so that when the device either is held against a vertical or steeply sloping surface, or rests on a flat or slightly inclined surface, there is but little space between the base and that surface and the device is far more stable than an ordinary tripod having legs that are many times as long as the head of the tripod. The camera rests on the seat 12 and is fastened to the platform by the screw 13, when the holding-device and camera are in use, the screw fitting in a hole in the frame of the camera and engaging with an internal screw-thread formed in that frame. Then the feet 25 and 26 are behind the bolt. The platform may be readily adjusted and clamped in the desired position when the feet rest on the object on which the device is to stand or against which it is to be held. Of course the axis of the bolt will usually be horizontal when the platform is adjusted and the camera operated.

A camera-holding device like that described and suitable to hold a small camera may be conveniently carried in an ordinary coat-pocket.

It will be understood that the invention may be embodied in devices differing in details of construction from the camera-holding device shown and particularly described herein.

Having thus described my invention, what I claim as new and desire to secure by Letters Patent, is:

1. A camera-holding device comprising a base, a platform hinged thereto, feet adjacent to the ends of the hinge, and a clamp effective to hold the platform adjusted with relation to the base, these feet being fast together and their length being less than that of the base and less than the width of that part of the base which is next to the hinge.

2. A camera-holding device comprising a base, a platform hinged thereto, a clamp effective to hold the platform adjusted with relation to the base, and angularly movable feet adjacent to the ends of the hinge, these feet being fast together and their length being less than that of the base and less than the width of that part of the base which is next to the hinge.

3. A camera-holding device comprising a base, a platform hinged thereto, a clamp effective to hold the platform adjusted with relation to the base, and three short feet which with the base form a low tripod, two of the feet being adjacent to the ends of the hinge, and the other being fast on the base.

4. A camera-holding device comprising a base, a platform hinged thereto, a clamp effective to hold the platform adjusted with relation to the base, and three short feet which with the base form a low tripod, two of the feet being adjacent to the ends of the hinge and being pivotally connected with the base, and the other being fast on the base.

5. A camera-holding device comprising a base, a platform hinged thereto, a fastening to secure the camera on the platform, a clamp effective to hold the platform adjusted with relation to the base, and three short feet which with the base form a low tripod, two of the feet being adjacent to the ends of the hinge and the other being fast on the base.

6. A camera-holding device comprising a base, a platform hinged thereto, a screw attached to and extending through the platform, a clamp effective to hold the platform adjusted with relation to the base, and three short feet which with the base form a low tripod, two of the feet being adjacent to the ends of the hinge, and the platform including a camera-seat surrounding the screw and the other being fast on the base.

7. A camera-holding device comprising a base, a platform, a yoke, and a bolt on which the three other parts are mounted and on which they are angularly movable, the ends of the yoke forming feet.

8. A camera-holding device comprising a base, a platform, a yoke, a bolt on which said three other parts are mounted and on which they are angularly movable, a spacing-sleeve, and a pair of friction-washers, the ends of the yoke forming feet, the base, platform and yoke each having a pair of eyes through which the bolt extends, the spacing-sleeve being on the bolt between the eyes of each pair, each of the friction-washers being on the bolt between an eye of the base and an eye of the platform, and the eyes of both the base and platform being between those of the yoke.

ADJCAM000124

1,208,344

9. A camera-holding device comprising a base, a platform hinged thereto, a clamp, and two feet which are pivotally connected with the base, the clamp being effective to hold the platform and feet adjusted with relation to the base.

10. A camera-holding device comprising a base, a platform hinged thereto, a clamp, and three feet which with the base form a tripod, two of the feet being adjacent to the ends of the hinge, the clamp being effective to hold the platform adjusted with relation to the base, and the base and platform each having lateral flanges, those of one part fitting between those of the other.

11. A camera-holding device comprising a base which is narrow at one end and the lateral edges of which are straight and diverge as they recede from that end and which has eyes at its broad end, a platform which is broader at one end than at the other and which has eyes at its broad end and a camera-seat at its narrow end, a bolt which extends through the eyes of the base and platform, a spacing-sleeve on the bolt, and three feet which with the base form a tripod, two of the feet being adjacent to the eyes of the base and the other being on the base close to its narrow end.

12. A camera-holding device comprising a base which is narrow at one end and the lateral edges of which are straight and diverge as they recede from that end and which has eyes at its broad end, a platform which is broader at one end than at the other and which has eyes at its broad end and a camera-seat at its narrow end, a bolt which extends through the eyes of the base and platform and on which at one end is a winged nut, the eyes of the platform being between those of the base, a spacing-sleeve which surrounds the bolt and fits between the eyes of the platform, and three feet which with the base form a tripod, one of the feet being on the base close to its narrow end and the others being on the bolt and being angularly movable thereon, one of them being next to the head of the bolt and the other next to the winged nut.

13. A camera-holding device comprising a base which is narrow at one end and the lateral edges of which diverge as they recede from that end, a platform which is broader at one end than at the other and has on it a camera-seat, the base and platform being pivotally connected together at their broad ends, a fastening to secure a camera on the platform, and a clamp effective to hold the platform adjusted with relation to the base.

14. A camera-holding device comprising a base which is narrow at one end and has lateral flanges which diverge as they recede from that end, a platform which is broader at one end than at the other and has on it a camera-seat, the base and platform being pivotally connected together at their broad ends, a fastening to secure a camera on the platform, and a clamp effective to hold the platform adjusted with relation to the base, the platform being adjustable to a position in which it fits close to the base from end to end and between the flanges of the base.

EDWARD S. McALL.

Copies of this patent may be obtained for five cents each, by addressing the "Commissioner of Patents, Washington, D. C."

ADJCAM000125

Corrections in Letters Patent No. 1,208,344.

It is hereby certified that in Letters Patent No. 1,208,344, granted December 12, 1916, upon the application of Edward S. McAll, of Ilion, New York, for an improvement in "Camera-Holding Devices," errors appear in the printed specification requiring correction as follows: Page 2, line 109, claim 6, after the word "hinge" and before the comma insert the words *and the other being fast on the base;* same page and claim, at the end of line 110 insert a period and strike out line 111; and that the said Letters Patent should be read with these corrections therein that the same may conform to the record of the case in the Patent Office.

Signed and sealed this 9th day of January, A. D., 1917.

[SEAL.]                                                F. W. H. CLAY,

*Acting Commissioner of Patents.*

ADJCAM000126

# MPI Family Report (Family Bibliographic and Legal Status)

In the MPI Family report, all publication stages are collapsed into a single record, based on identical application data. The bibliographic information displayed in the collapsed record is taken from the latest publication.

**Report Created Date:**   2010-02-22

**Name of Report:**

**Number of Families:**   1

**Comments:**

## Table of Contents

1.   **US5855343A**   19990105   IREZ RESEARCH CORP   US
     Camera clip ............................................................................................................................................   1



*MicroPatent Patent Index - an enhanced INPADOC database*

ADJCAM000127

*Family Bibliographic and Legal Status*  1

## Family1

## 1 records in the family.

## US5855343A   19990105



**(ENG) Camera clip**

**Assignee:**  IREZ RESEARCH CORP     US

**Inventor(s):**  KREKELBERG DAVID E   US

**Application No:**  US  81416897  A

**Filing Date:** 19970307

**Issue/Publication Date:** 19990105

**Abstract:**  (ENG) A clip for supporting a portable camera either on a surface or on an edge of a housing, and for protecting the lens of the camera when the camera is not being supported. The clip provides two axis of rotation to position the camera to any desired viewing angle. The clip may be rotated to a first position to support the camera on a surface of a table or desk. The clip may be rotated to a second position to support the camera on the display screen of a laptop computer. When the camera is not being supported in the first position or the second position, the camera may be rotated to be releasably held by the clip to protect the camera and lens during storage.

**Priority Data:** US 81416897 19970307 A I;

**IPC (International Class):**   A47G02900

**ECLA (European Class):**   F16M01302; F16M01112; F16M01120; G06F00116P2C

**US Class:**  248121; 248126; 248918

**Agent(s):**   Nawrocki, Rooney &  Sivertson, P

**Examiner Primary:**  Ramirez, Ramon O.

**Examiner Assistant:**  Phan, Long Dinh

**US Post Issuance:**
--US Litigations: NOTICE OF LITIGATION; NOTICE OF LITIGATION PAR Technologies, Inc. v. Philips Electronics North America Corporation, et al, Filed Jul. 9, 2001, D.C.
Arizona (Phoenix), Doc. No. CIV '01 1273 PHX MHM; NOTICE OF LITIGATION Logitech, Inc. v. Par Technologies, Inc. ,
Filed May 21, 2001, D.C. N.D. California, Doc. No. C01-1983 SI   Order
of dismissal with prejudice pursuant to the parties' settlement agreement,
Filed January 14, 2002,HonorableSusan Illston, United States District
Court, Northern District of California

**Assignments Reported to USPTO:**
Reel/Frame: 08730/0592  **Date Signed:** 19970813  **Date Recorded:** 19970827
**Assignee:** IREZ RESEARCH, CORPORATION SUITE 485 5929 BAKER ROAD MINNETONKA
MINNESOTA 55345

**Assignor:** KREKELBERG, DAVID E.

**Corres. Addr:** NAWROCKI, ROONEY & SIVERTSON, P.A. LAWRENCE M. NAWROCKI 3433
BROADWAY STREET N.E., SUITE 401 MINNEAPOLIS, MN 55413
**Brief:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).



**Reel/Frame:**  09669/0507  **Date Signed:**  19981219  **Date Recorded:**  19981231
**Assignee:**  ANCHOR BANK NA 1055 E. WAYZATA BLVD. WAYZATA MINNESOTA 55391

**Assignor:**  IREZ RESEARCH CORP.

**Corres. Addr:**  HUGH D. JAEGER 1000 SUPERIOR BLVD., STE. 302 WAYZATA, MN 55391
**Brief:**  ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Reel/Frame:**  09671/0084  **Date Signed:**  19981219  **Date Recorded:**  19981231
**Assignee:**  PAR TECHNOLOGIES, INC. 14605 AIRPORT DRIVE, SUITE 304 SCOTTSDALE ARIZONA
       85260

**Assignor:**  ANCHOR BANK NA

**Corres. Addr:**  HUGH D. JAEGER 1000 SUPERIOR BLVD., SUITE 302 WAYZATA, MN 55391
**Brief:**  ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Reel/Frame:**  12745/0992  **Date Signed:**  20020312  **Date Recorded:**  20020403
**Assignee:**  WIYN INVESTMENTS 865 EAST SWEETWATER AVENUE SCOTTSDALE ARIZONA

**Assignor:**  PAR TECHNOLOGIES, INC.

**Corres. Addr:**  KINNEY & LANGE, P.A. ALANA BERGMAN 312 SOUTH THIRD STREET
       MINNEAPOLIS, MN 55415-1002
**Brief:**  ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FORDETAILS).

**Reel/Frame:**  12813/0714  **Date Signed:**  20020312  **Date Recorded:**  20020422
**Assignee:**  GLOBALMEDIA GROUP 15020 NORTH 74TH STREET SCOTTSDALE ARIZONA 85260

**Assignor:**  WIYN INVESTMENTS

**Corres. Addr:**  KINNEY & LANGE, P.A. ALANA T. BERGMAN 312 SOUTH THIRD STREET
       MINNEAPOLIS, MN 55415-1002
**Brief:**  ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENTFOR DETAILS).

**Reel/Frame:**  17198/0952  **Date Signed:**  20060222  **Date Recorded:**  20060222
**Assignee:**  WIYN INVESTMENTS, LLC 8665 E. SWEETWATER SCOTTSDALE ARIZONA 85260

**Assignor:**  PAR TECHNOLOGIES, INC.

**Corres. Addr:**  JOEL E. BARTHELEMY 8281 EAST GELDING DRIVE SCOTTSDALE, AZ 85260
**Brief:**  ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Reel/Frame:**  17207/0320  **Date Signed:**  20060223  **Date Recorded:**  20060223
**Assignee:**  GLOBALMEDIA GROUP, LLC 8281 EAST GELDING DRIVE SCOTTSDALE ARIZONA
       85260

**Assignor:**  WIYN INVESTMENTS, LLC

**Corres. Addr:**  JOEL E. BARTHELEMY 8281 EAST GELDING DRIVE SCOTTSDALE, AZ 85018
**Brief:**  ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Legal Status:**

| Date | +/- | Code | Description |
|---|---|---|---|
| 19970827 | () | AS | New owner name: IREZ RESEARCH, CORPORATION, MINNESOTA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:KREKELBERG, DAVID E.;REEL/FRAME:008730/0592; Effective date: 19970813; |



| | | | |
|---|---|---|---|
| 19970827 | ( ) | AS02 | ASSIGNMENT OF ASSIGNOR'S INTEREST New owner name: IREZ RESEARCH, CORPORATION SUITE 485 5929 BAKER RO; Effective date: 19970813; |
| 19970827 | ( ) | AS02 | ASSIGNMENT OF ASSIGNOR'S INTEREST New owner name: KREKELBERG, DAVID E.; Effective date: 19970813; |
| 19970827 | () | AS02 | New owner name: IREZ RESEARCH, CORPORATION SUITE 485 5929 BAKER RO; Effective date: 19970813; |
| 19970827 | () | AS02 | New owner name: KREKELBERG, DAVID E.; Effective date: 19970813; |
| 19981231 | () | AS | New owner name: ANCHOR BANK NA, MINNESOTA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:IREZ RESEARCH CORP.;REEL/FRAME:009669/0507; Effective date: 19981219; |
| 19981231 | () | AS | New owner name: PAR TECHNOLOGIES, INC., ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:ANCHOR BANK NA;REEL/FRAME:009671/0084; Effective date: 19981219; |
| 19981231 | ( ) | AS02 | ASSIGNMENT OF ASSIGNOR'S INTEREST New owner name: PAR TECHNOLOGIES, INC. 14605 AIRPORT DRIVE, SUITE; Effective date: 19981219; |
| 19981231 | ( ) | AS02 | ASSIGNMENT OF ASSIGNOR'S INTEREST New owner name: ANCHOR BANK NA; Effective date: 19981219; |
| 19981231 | () | AS02 | New owner name: PAR TECHNOLOGIES, INC. 14605 AIRPORT DRIVE, SUITE; Effective date: 19981219; |
| 19981231 | () | AS02 | New owner name: ANCHOR BANK NA; Effective date: 19981219; |
| 20020403 | ( ) | AS | ASSIGNMENT New owner name: WIYN INVESTMENTS 865 EAST SWEETWATER AVENUE SCOTTS; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC.;REEL/FRAME:012745/0992; Effective date: 20020312; |
| 20020403 | ( ) | AS | ASSIGNMENT New owner name: WIYN INVESTMENTS 865 EAST SWEETWATER AVENUESCOTTSD; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC. /AR;REEL/FRAME:012745/0992; Effective date: 20020312; |
| 20020403 | () | AS | New owner name: WIYN INVESTMENTS, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC.;REEL/FRAME:012745/0992; Effective date: 20020312; |
| 20020403 | () | AS | New owner name: WIYN INVESTMENTS 865 EAST SWEETWATER AVENUE SCOTTS; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC.;REEL/FRAME:012745/0992; Effective date: 20020312; |
| 20020403 | () | AS | New owner name: WIYN INVESTMENTS 865 EAST SWEETWATER AVENUESCOTTSD; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC. /AR;REEL/FRAME:012745/0992; Effective date: 20020312; |
| 20020422 | ( ) | AS | ASSIGNMENT New owner name: GLOBALMEDIA GROUP 15020 NORTH 74TH STREET SCOTTSDA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS;REEL/FRAME:012813/0714; Effective date: 20020312; |



| 20020422 | ( ) | AS | ASSIGNMENT New owner name: GLOBALMEDIA GROUP 15020 NORTH 74TH STREETSCOTTSDAL; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS /AR;REEL/FRAME:012813/0714; Effective date: 20020312; |
| 20020422 | () | AS | New owner name: GLOBALMEDIA GROUP, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS;REEL/FRAME:012813/0714; Effective date: 20020312; |
| 20020422 | () | AS | New owner name: GLOBALMEDIA GROUP 15020 NORTH 74TH STREET SCOTTSDA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS;REEL/FRAME:012813/0714; Effective date: 20020312; |
| 20020422 | () | AS | New owner name: GLOBALMEDIA GROUP 15020 NORTH 74TH STREETSCOTTSDAL; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS /AR;REEL/FRAME:012813/0714; Effective date: 20020312; |
| 20060222 | ( ) | AS | ASSIGNMENT New owner name: WIYN INVESTMENTS, LLC, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC.;REEL/FRAME:017198/0952; Effective date: 20060222; |
| 20060222 | () | AS | New owner name: WIYN INVESTMENTS, LLC, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC.;REEL/FRAME:017198/0952; Effective date: 20060222; |
| 20060222 | () | AS | New owner name: WIYN INVESTMENTS, LLC, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:PAR TECHNOLOGIES, INC.;REEL/FRAME:017198/0952; Effective date: 20060222; |
| 20060223 | ( ) | AS | ASSIGNMENT New owner name: GLOBALMEDIA GROUP, LLC, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS, LLC;REEL/FRAME:017207/0320; Effective date: 20060223; |
| 20060223 | () | AS | New owner name: GLOBALMEDIA GROUP, LLC, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS, LLC;REEL/FRAME:017207/0320; Effective date: 20060223; |
| 20060223 | () | AS | New owner name: GLOBALMEDIA GROUP, LLC, ARIZONA; : ASSIGNMENT OF ASSIGNORS INTEREST;ASSIGNOR:WIYN INVESTMENTS, LLC;REEL/FRAME:017207/0320; Effective date: 20060223; |

# USPTO Maintenance Report

| Patent Bibliographic Data | | | | 02/22/2010 05:21 PM | |
|---|---|---|---|---|---|
| Patent Number: | 5855343 | | Application Number: | 08814168 | |
| Issue Date: | 01/05/1999 | | Filing Date: | 03/07/1997 | |
| Title: | CAMERA CLIP | | | | |
| Status: | 12th year fee window opens: 01/05/2010 | | | Entity: | Small |
| Window Opens: | 01/05/2010 | Surcharge Date: | 07/07/2010 | Expiration: | N/A |
| Fee Amt Due: | $2,055.00 | Surchg Amt Due: | $0.00 | Total Amt Due: | $2,055.00 |
| Fee Code: | 2553 | MAINTENANCE FEE DUE AT 11.5 YEARS | | | |
| Surcharge Fee Code: | | | | | |
| Most recent events (up to 7): | 08/23/2006 08/23/2006 07/26/2006 08/19/2002 08/19/2002 07/23/2002 | Payment of Maintenance Fee, 8th Yr, Small Entity. 7.5 yr surcharge - late pmt w/in 6 mo, Small Entity. Maintenance Fee Reminder Mailed. Payment of Maintenance Fee, 4th Yr, Small Entity. Surcharge for late Payment, Small Entity. Maintenance Fee Reminder Mailed. --- End of Maintenance History --- | | | |
| Address for fee purposes: | GLOBAL MEDIA GROUP, LLC 15020 N. 74TH STREET, SUITE B SCOTTSDALE, AZ 85260 | | | | |

ADJCAM000132