IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC | |
| v. | NO. 6:10-cv-329-LED |
| AMAZON.COM, INC., ET AL. | JURY |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S ORDER ON CLAIM CONSTRUCTION**

Plaintiff AdjustaCam LLC ("AdjustaCam"), respectfully submits this Reply as follows:

Defendants argue that this Court can only overturn Magistrate Judge ("MJ") Love's claim construction ruling if clear error is shown. However, claim construction is a matter of law[1]; therefore, legal conclusions of MJ Love are subject to de novo review by this Court. *See Lahr v. Fulbright,* 164 F.R.D. 204, 209 (N.D. Tex. 1996). Likewise, the claim construction ruling governing this case will be subject to de novo review on appeal. *See Markman, supra.* Irrespective of the foregoing, this Court should sustain AdjustaCam's objections under either a de novo or clearly erroneous standard.

Defendants erroneously dispute that MJ Love imported a "single axis" limitation into the "rotatably attached terms" (hereinafter "rotatably attached"), because they contend he did not construe the term at all. However, MJ Love held that "rotatably attached" is "limited to a single-axis of rotation," and that "the parties may not contradict the Court's resolution of that dispute." Opinion at p. 8, 10, 11 & 15. This constitutes a claim construction under any reasonable view. AdjustaCam is entitled to object to MJ Love's ruling[2] and have this Court correct the error so that AdjustaCam would not be prevented from contradicting an erroneous claim construction in its expert reports or during the trial of this matter.

---

[1] *See Markman v. Westview,* 517 U.S. 370 (1996).
[2] The fact that MJ Love entitled his ruling a "Memorandum Opinion and Order" instead of a "Report and Recommendations" is immaterial. In this case the parties did not consent to having MJ Love adjudicate their dispute.

1

Defendants ignore the plain claim language when they deny that "rotatably attached" being limited to a single axis of rotation renders redundant the "axis of rotation" limitations also present in the claims. *See, e.g.,* Independent Claims 1, 10, 19, 20 & 21. It is plainly evident from the claim language that, if "rotatably attached" was limited to a single axis of rotation, then it would be redundant and unnecessary to include the limitation that the camera rotates about a "first axis of rotation" relative to the hinge member, and it would be redundant and unnecessary to include the limitation that the hinge member rotates about a "second axis of rotation" relative to the support frame. *See, e.g.,* Claims 1, 10, 19, 20 & 21.

The fact that one of the "rotatably attached terms" is "adapted to be rotatably attached" further illustrates the error in MJ Love's Opinion. According to the Opinion, if a member is "adapted to be rotatably attached," this means it is necessarily adapted to rotate in one and only one axis. However, plain English and simple physics dictate that a member adapted to be rotatably attached in one axis can also be adapted to be rotatably attached in other axes as well.

Defendants quote MJ Love in observing that "[e]very reference to 'rotatably attached' in the specification" involves an attachment that permits "motion over a single axis." Defendants' Opposition at Pg. 9. However, this quote from the Opinion only illustrates the error in limiting the plain language of "rotatably attached" to a preferred embodiment, which is the "cardinal sin" of claim construction. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1319-20 (Fed. Cir. 2005).

Defendants argue that limiting "rotatably attached" to a single axis of rotation does not limit it to "any particular" axis of rotation. Defendants' Opposition at Pg. 3. However, MJ Love's opinion, when understood relative to the claims, requires otherwise. Limiting "rotatably attached" to a single axis of rotation necessarily limits it to a particular axis of rotation. In particular, each claim requires that the first axis of rotation is "generally perpendicular," that the

second axis of rotation is "substantially parallel" to "generally horizontal," and that the first and second axis are "generally perpendicular" to each other. Thus, MJ Love's ruling unambiguously (and erroneously) requires that the straightforward term "rotatably attached" be limited to a single axis that is "generally perpendicular" as to the camera and to a single axis that is "substantially parallel" as to the surface. However, nothing in the term "rotatably attached," in its plain meaning or in context, should limit "rotatably attached" to a single axis, much less one that is "generally perpendicular" or "substantially horizontal."

Defendants also argue, erroneously, that MJ Love did not need to find limiting language in the specification or prosecution history to support his ruling because "the claim language already limits 'rotatably attached' to one direction." However, to make this argument, Defendants (and MJ Love) must point to the separate "first axis of rotation" and "second axis of rotation" limitations found in the claims. As noted above, the fact that the claims contain a "first axis of rotation" and "second axis of rotation" limitation illustrates why it is erroneous to render those limitations redundant by importing a "single axis of rotation" limitation into the plain term "rotatably attached."

Defendants defend MJ Love's error in failing to give adequate consideration to the term "comprising," which should mean that "rotatably attached" includes, but is not limited" to a single axis of rotation.[3] Here, Defendants argue that "comprising" cannot be used to remove claim limitations. However, AdjustaCam does not seek to remove any claim limitations. Simply put, the straight-forward and plain term "rotatably attached" is not, and should not be limited to a single axis of rotation. Separately in the claims, there are indeed limitations that there must be

---

[3] Defendants argue that Plaintiff's "comprising" argument is "slightly modified" from the arguments made during the *Markman* process, yet they fail to explain why. This argument is baseless. *See* Doc No. 575, p. 7; Doc. No. 601, p. 5; and Exhibit 1, p. 81.

3

rotation along a "first axis of rotation" and along a "second axis of rotation." No claim limitations are removed by correcting MJ Love's erroneous construction of "rotatably attached."

As noted in AdjustaCam's Objections, a claim directed to a vehicle *comprising* a car which drives forward and reverse would be infringed by a car which drives forward, in reverse, and turns to the side, just as a claim directed to a chair *comprising* three straight legs would be infringed by a chair having three straight legs and one crooked leg. Likewise, an apparatus which *comprises* a member "rotatably attached" or "adapted to be rotatably attached" in "first axis of rotation" and in a "second axis of rotation," is infringed by a member which also rotates, or is adapted to rotate, also in a third, or even a fourth axis of rotation -- as long as the "first axis of rotation" and "second axis of rotation" limitations (which should stand on their own) are met.

Defendants argue that not limiting "rotatably attached" to a single axis of rotation would "render the claim language meaningless." Defendants' Opposition at Pg. 13. AdjustaCam respectfully submits that giving a plain word its ordinary meaning, without importing other limitations therein, and without improperly limiting the claims to the preferred embodiment, does not render anything "meaningless." Indeed the only "clarity" provided by MJ Love's opinion on this term is essentially a negative limitation that a straightforward term "rotatably" cannot include rotation in more than one axis.

Defendants argue that the "proper scope of ordinary meaning may be clarified" where a patentee "consistently used" a term in the specification. *Id.* at Pg. 5. However, their reading of *Nystrom* is distorted. In *Nystrom*, the ordinary meaning of "board" was "wood." *Nystrom v. TREX Co., Inc.*, 424 F.3d 1136, 1143 (Fed. Cir. 2005). In contrast, it is unreasonable and unsupported for the ordinary meaning of "rotatably attached" to be limited to a "single axis of rotation." It is self evident that bodies can rotate in any and all of 360 degrees. Moreover, MJ

Love did *not* base his Opinion upon the plain meaning of "rotatably attached." To the contrary, he opined that "rotatably attached" needed no construction except a negative limitation that it could not include rotation in more than a single axis.

Defendants argue that "the claimed clip is not comprised of 'rotatable attachments." This argument is simply at odds with the claim language. Plainly, "rotatably attached" requires an attachment which is rotatable. Defendants' Opposition at Pg. 11.

Respectfully, MJ Love erred in limiting the claimed invention to a preferred embodiment. This is the "cardinal sin" of claim construction. *Phillips, supra*.

Further, and respectfully, MJ Love erred in deciding that the "first axis of rotation" and "second axis of rotation" limitations in the claims somehow support or require that "rotatably attached" must be limited to a single axis of rotation. Contrary to the conclusion drawn by MJ Love, as noted above, the presence of the "first axis of rotation" and "second axis of rotation" limitations illustrate why it is erroneous to import those limitations into the plain term "rotatably attached" and limit it to a single axis of rotation. Indeed, all that is required to infringe the claims is rotation in a "first axis of rotation" and "second axis of rotation"; however, MJ Love's Opinion erroneously limits "rotatably attached" such that rotation cannot occur in *any* axis or rotation except the first or second. Respectfully, MJ Love's Opinion errs in failing to appreciate that an apparatus can infringe a claim even if it has more features or characteristics than those merely necessary to meet certain claim limitations as shown in the above examples regarding a vehicle and chair.

For the reasons stated in AdjustaCam's Objections and herein, this Court should sustain AdjustaCam's objections and construe the "rotatably attached" terms such that "rotatably attached" objects are <u>not</u> limited to a single axis of rotation.

May 17, 2012                                              Respectfully submitted,

                                                          By: /s/ *John J. Edmonds*
                                                          John J. Edmonds – LEAD COUNSEL
                                                          Texas State Bar No. 789758
                                                          Michael J. Collins
                                                          Texas Bar No. 4614510
                                                          Stephen F. Schlather
                                                          Texas Bar No. 24007993
                                                          COLLINS, EDMONDS &
                                                          POGORZELSKI, PLLC
                                                          1616 S. Voss Rd., Suite 125
                                                          Houston, Texas 77057
                                                          Telephone: (713) 501-3425
                                                          Facsimile: (832) 415-2535
                                                          jedmonds@cepiplaw.com
                                                          mcollins@cepiplaw.com
                                                          sschlather@cepiplaw.com

                                                          Andrew W. Spangler
                                                          Texas Bar No. 24041960
                                                          Spangler Law P.C.
                                                          208 N. Green Street, Suite 300
                                                          Longview, Texas 75601
                                                          (903) 753-9300
                                                          (903) 553-0403 (fax)
                                                          spangler@spanglerlawpc.com

                                                          ATTORNEYS FOR PLAINTIFF
                                                          ADJUSTACAM LLC


**CERTIFICATE OF SERVICE**

   I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with this filing via the Court's CM/ECF system and/or email per Local Rule CV-5(a)(3).

May 17, 2012                                              /s/ *John J. Edmonds*
                                                          John J. Edmonds