IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ADJUSTACAM, LLC            )(

                           )(    CIVIL DOCKET NO.

                           )(    6:10-CV-329

VS.                        )(    TYLER, TEXAS

                           )(

                           )(    FEBRUARY 9, 2012

AMAZON.COM, INC., ET AL.   )(    9:00 A.M.

CLAIM CONSTRUCTION HEARING

BEFORE THE HONORABLE JUDGE JOHN D. LOVE

UNITED STATES MAGISTRATE JUDGE


APPEARANCES:


FOR THE PLAINTIFF:    (See Attorney Sign-In Sheet)


FOR THE DEFENDANTS:   (See Attorney Sign-In Sheet)


COURT REPORTER:       SHELLY HOLMES, Texas CSR 7804
                      Expiration Date:  12/31/12
                      Sunbelt Reporting & Litigation
                      6575 West Loop South, Suite 580
                      Bellaire, Texas 77401
                      (903) 593-3213

(Proceedings recorded by mechanical stenography,
transcript produced on a CAT system.)

Electronically signed by Shelly Holmes (601-132-921-6096)                    a5101796-2c83-4444-bd54-3e62930e0bb4

CLAIM CONSTRUCTION HEARING

Page 2

1                        I N D E X

2

3

4   February 9, 2012

5                                              Page

6        Appearances                           1

7        Hearing                               3

8        Court Reporter's Certificate          98

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Sunbelt Reporting & Litigation Services
Houston    Austin    Bryan/College Station    Corpus Christi    Dallas/Fort Worth    East Texas    San Antonio

CLAIM CONSTRUCTION HEARING

Page 3

1              COURTROOM CLERK:  All rise.

2              THE COURT:  Please be seated.

3              All right.  Ms. Morris, you may call the

4    case.

5              COURTROOM CLERK:  The Court calls Case No.

6    6:10-CV-329, Adjustacam versus Amazon.com, et al.

7              THE COURT:  Announcements.

8              MR. SPANGLER:  Good morning.  Andrew

9    Spangler on behalf of the Plaintiff.  With me today is

10   Mr. John Edmonds and Mr. Johnathan --

11             MR. YAZDANI:  Yazdani.

12             MR. SPANGLER:  -- Yazdani, yes.  And we're

13   ready, Your Honor.

14             THE COURT:  All right.  And for the

15   Defendants?

16             MR. CRAFT:  Morning, Your Honor, Brian

17   Craft.  I'm here on behalf of Amazon.com with Jacqueline

18   Lu, Steve Daniels, here on behalf of Best Buy entities,

19   CDW, Fry's Electronics, Hewlett Packard Company, Micro

20   Electronics, and Office Depot.

21             THE COURT:  Okay.

22             MR. HAMMOND:  Herbert Hammond on behalf of

23   Gear Head.

24             MR. SMITH:  Michael Smith on behalf of

25   Wal-Mart.

Electronically signed by Shelly Holmes (601-132-921-6096)                    a5101796-2c83-4444-bd54-3e62930e0bb4

CLAIM CONSTRUCTION HEARING

Page 79

1    to -- is the next thing to do is rotatably attached?

2              MR. ZARIAN:  We're prepared to address that,

3    Your Honor.

4              THE COURT:  Okay.  Mr. Edmonds, have you

5    addressed rotatably attached?

6              MR. EDMONDS:  I -- have I addressed theirs?

7    No, I was -- I was responding to hinge member.

8              THE COURT:  Go ahead and move to rotatably

9    attached, and that may raise some issues I might have

10   with regard to -- I think they're really, you know, kind

11   of arguing the same thing here, but if there's something

12   specific you want to present on rotatably attached, go

13   ahead.

14             MR. EDMONDS:  Yes, Your Honor.  I think that

15   the rotatably attached, the difference between the

16   parties is that they're saying it's limited to one axis

17   of rotation, and that's just simply not what the claims

18   say.

19             What the claims require to infringe the

20   claim, you have to have rotatable attachment in one

21   axis, you have to have rotatably attachment in a second

22   axis.  That's required to infringe the claim.

23             But what they're saying is that you -- you

24   can only have rotatable attachment in one axis.  And

25   there's nowhere that the patent says that.  There's

Electronically signed by Shelly Holmes (601-132-921-6096)                    a5101796-2c83-4444-bd54-3e62930e0bb4

CLAIM CONSTRUCTION HEARING

Page 80

1    nowhere in the spec, there's nowhere in the claims that

2    say that.  So the question is are we going to limit

3    what's claimed here to the preferred embodiment?  The

4    preferred embodiment has a pivot joint.  The preferred

5    embodiment has a hinge joint on one end, a pivot joint

6    on the other end.  Both of those, fair enough, are --

7    are rotating in one axis.

8            But it's -- as Phillips says, you're not

9    limited to the preferred embodiment.  And the question

10   of whether somebody is limited to the preferred

11   embodiment, if somebody went around saying, the claimed

12   invention, the claimed invention, this is what the

13   claimed invention is, sometimes that happens, and the

14   Courts say, you know, you just -- you just said

15   that's the claimed invention.  That's all you're going

16   to get.

17           That's not how this patent was written.

18   They're referred to as the preferred embodiments, and

19   then, of course, at -- at the end, it made -- to the

20   extent it's not -- it wasn't clear at the end of the

21   patent, the specification says that we're not limited to

22   the preferred embodiment.  We're not intending to limit

23   this to the preferred embodiments.

24           And the case law we cited to the Court says

25   exactly that, that if the patentees are not limited to

Electronically signed by Shelly Holmes (601-132-921-6096)                    a5101796-2c83-4444-bd54-3e62930e0bb4

CLAIM CONSTRUCTION HEARING

Page 81

```
 1   the preferred embodiment, there has to be a special case
 2   in which they be limited to the preferred embodiment.
 3   Here they're not, and this is very much on point to the
 4   case we cited to the Court.  It's very much on point to
 5   Phillips for that matter.
 6              But I think that's -- that's the issue,
 7   and -- and with the webcam we have, I think it
 8   illustrates the point.  This -- this webcam, as we can
 9   see, it rotates in an axis.  So what -- what the
10   Plaintiff would say is you have an axis of rotation
11   here, you have another axis of rotation that is
12   perpendicular to it, and we say it infringes.
13              What the Defendants say is maybe it does
14   that, maybe it doesn't, but they say but it also moves
15   in other directions, and because it does more than what
16   the claim requires, it doesn't infringe.  The word
17   comprising is including but not limited to.
18              So the only way their argument works is if
19   the claim -- if the Court follows their admonition and
20   restricts the claim to mean that you can only do what --
21   what the claim absolutely requires.  You can't do
22   anything else.  So, for example, we have a car with head
23   lamps, they'd say, this claim is to a car.  If you put
24   head lamps on the car, it doesn't infringe because
25   you're limited to a car.
```

Electronically signed by Shelly Holmes (601-132-921-6096)                    a5101796-2c83-4444-bd54-3e62930e0bb4

CLAIM CONSTRUCTION HEARING

Page 82

1          THE COURT:  Okay.  All right.  Response?

2          MR. ZARIAN:  Thank you, Your Honor.  A

3     couple of quick points, then I'd like to move to the

4     presentation.  But just -- just to distinguish, Your

5     Honor, between the discussion we had about hinge member

6     and rotatably attached, our point with respect to hinge

7     member, and I think the fundamental difference between

8     parties, is that we -- we submit that whatever else the

9     hinge member does, it could have 20 attachments, it's

10    got to have a hinge.  There's got to be a hinge on the

11    hinge member, and if it doesn't, it's got to have a

12    hinge member.  That's -- that's our construction that

13    we've advanced.  It requires a hinge joint.  It's as if

14    the claim required head lamps on a car and there were no

15    head lamps.  That's where they're taking this claim in

16    terms of an attempt to broaden it.

17          The issue with respect to rotatable

18    attachment does turn on -- on the construction -- the

19    difference with the two constructions.  Defendants

20    submit that rotation about an axis means rotation about

21    an axis.  There must be a single axis.  That's all the

22    patent teaches, that's all that's disclosed, and there's

23    no teaching or any suggestion of any kind in terms of

24    these claims and this specification of this patent of

25    anything else.

Electronically signed by Shelly Holmes (601-132-921-6096)                    a5101796-2c83-4444-bd54-3e62930e0bb4

CLAIM CONSTRUCTION HEARING

Page 98

```
 1                        CERTIFICATION

 2

 3            I HEREBY CERTIFY that the foregoing is a

 4    true and correct transcript from the stenographic notes

 5    of the proceedings in the above-entitled matter to the

 6    best of my ability.

 7

 8

 9    _____       _____
                                            March 2, 2012
10    SHELLY HOLMES                         Date
      Deputy Official Reporter
      State of Texas No.: 7804
11    Expiration Date: 12/31/12

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Job No. 98620
```

Sunbelt Reporting & Litigation Services

Houston    Austin    Bryan/College Station    Corpus Christi    Dallas/Fort Worth    East Texas    San Antonio