IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:10-cv-00329 |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF COMPLIANCE
## WITH COURT'S MOTION PRACTICE ORDER

In compliance with the Court's Standing Order Regarding Letter Briefs and Order on Joint Motion to Amend Docket Control Order (Doc. 660), Defendant, Sakar International, Inc., files this Notice of its letter brief to the Court requesting permission to file a motion for summary judgment that no asserted claim of U.S. Patent No. 5,855,343 is infringed by the Sakar's accused products. A copy of the letter brief is attached as Exhibit 1.

Dated: August 31, 2012

Respectfully submitted,

/s/ Ezra Sutton
Ezra Sutton, Esq.
Ezra Sutton & Associates, P.A.
900 Route 9 North
Plaza 9, Suite 201
Woodbridge, NJ 07095
Telephone: (732) 634-3520
Facsimile: (732) 634-3511
Email: esutton@ezrasutton.com

Attorney for Sakar International, Inc.,
Kohl's Illinois, Inc., & Kohl's Corporation,
Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this 31st day of August, 2012. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

/s/ Ezra Sutton
Ezra Sutton

# EXHIBIT 1

LAW OFFICES

# EZRA SUTTON, P. A.
A PROFESSIONAL CORPORATION
900 ROUTE 9
WOODBRIDGE, NEW JERSEY 07095

EZRA SUTTON*
JOSEPH SUTTON**
ANTHONY M. MORANO*

*N.J. AND N.Y. BARS
**N.J. BAR AND N.Y. FEDERAL BARS

PATENTS
TRADEMARKS
COPYRIGHTS
LICENSING

(732) 634-3520
FAX: (732) 634-3511
www.ezrasutton.com

August 31, 2012

The Honorable Leonard Davis
Chief District Judge
William M. Steger Federal Building and United States Courthouse
211 W. Ferguson,
Third Floor
Tyler, Texas 75702

  Re: *Adjustacam LLC v. Amazon.com, Inc. et al.*
    Civil Action No. 6:10-cv-00329

Dear Judge Davis:

  Defendant Sakar International, Inc. ("Sakar") respectfully requests permission to file a motion for summary judgment of non-infringement of all asserted claims U.S. Pat. No. 5,855,343 (hereinafter "the '343 patent"). It is important to note that this letter does not set forth each of the various theories under which the court may find that Sakar does not infringe, only those theories which may be appropriately determined by way of summary judgment.

  The evidence will show that the accused devices of Sakar cannot infringe independent claims 1 and 19 of the '343 Patent ("the asserted claims"), either literally, *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1371 (Fed.Cir.2002) ("To establish literal infringement, all elements of the claim, as correctly construed, must be present in the accused system."), or under the doctrine of equivalents, *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, F.3d 1005, 1018-19 (Fed.Cir.2006)(the "all elements rule" may foreclose the plaintiff's resort to the doctrine of equivalents to prove infringement where "the evidence is such that no reasonable jury could conclude that an element of an accused device is equivalent to an element called for in the claim, or that the theory of equivalence to support the conclusion of infringement otherwise lacks legal sufficiency."). The reasons are as follows:

  Specifically, all of Sakar's accused Kodak webcams (Model Nos. Kodak S101 and Kodak T130) comprise a ball and socket joint or hinge member that is fixedly attached to the bottom of the camera and is not "rotatably attached" to the camera, particularly in view of the Court's Claim Construction Order. (Dkts. 627, 650). In addition, none of Sakar's accused Kodak webcams (Kodak S101 and Kodak T130) comprise a hinge member that is "rotatably attached" to both the camera and the support frame about a single axis of rotation as construed by the Court and interpreted in accordance with the underlying description of the '343 patent. Because there is no evidence to support a finding that Sakar's accused Kodak webcams infringe

1

any of the asserted claims, Sakar should be granted leave to file a motion for summary judgment on this issue.

**I.   SAKAR'S WEBCAMS WITH A BALL AND SOCKET JOINT CANNOT INFRINGE THE '343 PATENT BECAUSE THE ASSERTED CLAIMS CLEARLY REQUIRE THAT THE HINGE MEMBER IS "ROTATABLY ATTACHED" TO BOTH THE CAMERA AND THE SUPPORT FRAME AS CONSTRUED BY THE COURT.**

Asserted independent claims 1 and 19 contain common elements that cannot be found in Sakar's accused Kodak webcams. In particular, independent claim 1 requires a camera with "a hinge member . . . rotatably attached to the camera," wherein the relative rotation is "about a first axis of rotation" and "a support frame rotatably attached to said hinge member, . . . said hinge member rotating about a second axis of rotation relative to said support frame." While the court did not explicitly construe the term "rotatably attached," the Court did rule that "'rotatably attached' objects in the patent-in-suit are limited to a single axis of rotation." (Dkt. 627, p 10). *See Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326 (Fed.Cir.2006) ("[T]he legal function of giving meaning to claim terms always takes place in the context of a specific accused infringing device or process."). Independent claim 19 includes substantially similar limitations, except that independent claim 19 instead requires that the support frame is "hingedly attached" to said hinge member, which the Court has construed as being somewhat narrower than "rotatably attached". (Dkt. 627, p 6). Thus, in order to infringe asserted independent claims 1 and 19, the accused Kodak webcams must comprise:

(a)   a hinge member that is "rotatably attached" to the camera about a *single axis of rotation relative* to the camera, which defines a first axis of rotation, ***and***

(b)   wherein a support frame is also "rotatably attached" to said hinge member about a *single axis of rotation* which defines a second axis of rotation.

As explained below, Sakar's Kodak webcams have a hinge member with a ball and stem that are fixed to the bottom of the camera (therefore, not "rotatably attached"), and has a support frame that rotates about multiple axes relative to the hinge member (therefore, not "rotatably attached" about a single axis).

**A.   Sakar's Kodak webcams DO NOT have a hinge member that is "*rotatably attached*" about a single axis of rotation *relative* to the camera.**

Sakar's Kodak webcams (Kodak S101 and Kodak T130) with a ball and socket joint do not include a hinge member that is "rotatably attached" about a single axis of rotation relative to the camera, or an equivalent thereof. Specifically, Sakar's Kodak webcams have a ball and socket hinge member that is not "rotatably attached" *relative* to the camera. Sakar's Kodak webcams comprise a stem and ball that is fixed to the camera, having no rotation that is relative to the camera, since the stem and ball is fixed to the bottom of the camera. Also, the ball and socket hinge member of Sakar's webcams has multiple axes of rotation, and not a single axis of rotation, as construed by the Court.

2

### B. The support frame of Sakar's Kodak webcams IS NOT "rotatably attached" to the hinge member about a *single axis of rotation.*

The support frame of Sakar's Kodak webcams (Kodak S101 and Kodak T130) is not "rotatably attached" to the hinge member about a single axis of either literally or under the doctrine of equivalence. Specifically, Sakar's Kodak webcams have a ball-and-socket hinge member whereby the ball-and-socket hinge member rotates in *multiple* axes of rotation relative to the support frame (legs). Moreover, because the ball and socket structure of the hinge member permits the "support frame" to rotate in *multiple* axes of rotation relative to the hinge member, the hinge member of Sakar's Kodak webcams is not "rotatably attached" about a "single axis of rotation" relative to the support frame as specified by this Court. See *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1374-75 (Fed.Cir.2002) (affirming summary judgment of non-infringement because the record did not support assertion that one of skill in the art would equate the accused element, a multiplexer, with the claimed element, a decoder).

Plaintiff's position regarding infringement simply ignores these aforementioned differences and cannot amount to a genuine issue of material fact. For example, Plaintiff's Expert Opinion Regarding Infringement dated June 25, 2012 repeats the same language throughout its several claim charts, regardless of the varying configurations of specific devices.

Accordingly, Sakar's Kodak webcams do not contain a hinge member that meets the limitations of the asserted claims (a *single axis of rotation* as distinguished from *multiple axes of rotation*), either literally or by equivalence. Further, Plaintiff cannot assert that Sakar's accused Kodak webcams meet the language of independent claims 1 and 19 as construed by the Court, and thus, Sakar does not infringe the asserted claims.

### II. CONCLUSION

Based on the plain language of the asserted claims, as well as the underlying disclosure, none of Sakar's accused devices is capable of meeting the limitations of the asserted claims, either literally or under the doctrine of equivalents. Thus, in order to facilitate the just, speedy, and inexpensive determination of this patent infringement action, Sakar respectfully requests that this Court grant it permission to file a motion for summary judgment of non-infringement of the '343 Patent.

Respectfully submitted,

/s/ Ezra Sutton
EZRA SUTTON, Esq.
EZRA SUTTON, P. A.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel: 732-634-3520/3511
*Attorneys for Defendant Sakar International, Inc.*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CN/ECF system per Local Rule CV-5(a)(3) this 31st day of August 2012.

/s/ *Ezra Sutton*
Ezra Sutton