# EXHIBIT 1



960 Broadway Avenue, Suite 250
Boise, ID 83706
Telephone (208) 562-4900
Facsimile (208) 562-4901

A Professional
Law Corporation

**John N. Zarian**
Attorney at Law
Direct (208) 562-4902
JZarian@parsonsbehle.com

August 31, 2012

The Honorable Leonard Davis
Chief Judge
William M. Steger Federal Building
211 W. Ferguson
Third Floor
Tyler, TX 75702

Dear Judge Davis:

      Defendants Newegg Inc., Newegg.com Inc., and Rosewill Inc. (collectively, "Newegg"), joined by defendant Sakar International, Inc., Kohl's Illinois, Inc., and Kohl's Corporation, Inc. (collectively, "Defendants") respectfully request permission to file a motion to strike the August 24, 2012 Expert Report of John C. Muskivitch (the "August 24 Report"), and preclude any testimony based on matters contained in that report. The August 24 Report is untimely and violates Fed.R.Civ.P. 26(a)(2)(B). Allowing Dr. Muskivitch to testify regarding any material contained therein would result in severe prejudice to Defendants.

### *Expert Discovery in this Case*

      Opening experts reports were due on June 25, 2012. (Docket Control Order (Dkt. 451), as amended on May 8, 2012 (Dkt. 638) ("DCO").) Plaintiff served the Expert Report of John C. Muskivitch Regarding Infringement on that date. On July 26, 2012, pursuant to the DCO, Defendants served the Expert Rebuttal Report of John H. Hamilton Regarding Non-Infringement of U.S. Patent No. 5,855,343. Also on July 26, Defendants served their damages expert report, Report of Ryan Sullivan, Ph.D. As set forth in that report, Dr. Sullivan relied upon conversations with Mr. Hamilton in formulating certain aspects of his opinion. Dr. Sullivan and Mr. Hamilton were deposed by AdjustaCam regarding those reports on August 13 and 17, respectively.

      Dr. Muskivitch was deposed on August 24. At that time (one week prior to the close of discovery), counsel for AdjustaCam disclosed and produced to Newegg's counsel for the first time the August 24 Report. Then, in his deposition, Dr. Muskivitch claimed that his June 25 Report was merely a "draft" which did not contain the final statement of his opinions. Dr. Muskivitch's August 24 Report is substantively different from the June 25 Report and contains entirely new opinions.

4821-2606-5680.3

The Honorable Leonard Davis
August 31, 2012
Page 2

### *The Court's Scheduling Order Required Opening Expert Reports, Containing a Complete Statement of All Opinions of the Expert, to Be Served on June 25, 2012*

It is well settled that failure to comply with Fed.R.Civ.P. 26(a)(2)(B) will result in serious consequences, including an order striking untimely reports and/or related testimony.[1]  In fact, in *General Elec. Capital Business Asset Funding Corp. v. S.A.S.E. Military Ltd.*, Civil. No. SA-03-CA-189-RF, 2004 WL5495589 (W.D. Tex., Oct. 8, 2004), the court granted a motion to strike an expert report under substantially similar circumstances.  There, defendants' damages expert submitted a report as required by the scheduling order.  Then, during his deposition, defendants produced a new report seeking additional damages.  *Id*. at *1.  In granting the motion, the court noted that "[p]resentation of an entirely new opinion" or "expansion of a theory already asserted" is not "a supplementation anticipated by Rule 26(e), but instead, constitutes rendering of a new expert report."  *Id*. at *2.  The court also noted that: (1) the information upon which the report was based could have been accessed previously; (2) defendants never sought to amend the scheduling order; and (3) defendants' offer to delay the deposition did not alleviate the prejudice to plaintiff.  *Id*. at *2-4.  *See also Harmon v. Georgia Gulf Lake Charles L.L.C.*, Case No. 11-30383, 2012 WL 1623573 at *5-6 (May 9, 2012, 5th Cir.) (affirming exclusion of expert reports and precluding testimony thereon where the initial report was "supplemented" approximately one week prior to the experts' depositions, changed again after the depositions, and the "supplements" were in fact "material additions to the initial report, not 'changes' or 'corrections' to the expert's opinions"; while the testimony was important, it was "unclear" whether there was an explanation for the failure and the opposing party was prejudiced); *Green v. Blitz U.S.A., Inc*., Case No. 2:07-CV-372, 2008 WL 557822 (E.D. Tex. Sept. 30. 2008) (striking late supplemental report absent "any justification" for failure to comply with Rule 26); *Reliance Ins. Co. v. The Louisiana Land and Exploration Co*., 110 F.3d 253, 257-58 (5th Cir. 1997) (same).

### *Under Rule 26(a)(2)(B), Dr. Muskivitch May Not Offer Any Opinion at Trial Which Was Not Disclosed in His June 25 Report, and Any Subsequent Report Should Be Stricken*

Defendants properly understood that Dr. Muskivitch's June 25, 2012 Report contained all of the opinions upon which Dr. Muskivitch intended to testify at trial; therefore, Defendants prepared their defenses in reliance upon that Report.  Specifically, Defendants submitted the Non-Infringement Report of Mr. Hamilton one month later—which rebutted the opinions in Dr. Muskivitch's Report—as well as the damages report of Dr. Sullivan.  Mr. Hamilton based his opinions of non-infringement in part upon the fact that the substantial majority of the accused webcam clips have a ball-and-socket-joint enabling the webcam to rotate about multiple axes relative to the clip.  Accordingly, and as Mr. Hamilton addressed in his rebuttal report, these products cannot infringe the '343 Patent at least because they are not "limited to a single axis or rotation" as required

---

[1] The Fifth Circuit Court of Appeals has considered four factors in determining both motions to supplement expert reports and motions to exclude expert testimony based upon untimely disclosure or late-filed reports:  "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990).

The Honorable Leonard Davis
August 31, 2012
Page 3

by the Court's claim construction Order. (Dkt. 627 at 10 ("rotatably attached objects in the patent-in-suit are limited to a single axis of rotation").)

Furthermore, in support of certain of his opinions, Dr. Sullivan relied upon his conversations with Mr. Hamilton regarding the operation of the accused products and the availability of non-infringing alternatives, which included webcam clips with ball-and-socket joints. Mr. Hamilton's opinions were, of course, premised upon his understanding of Plaintiff's infringement allegations as set forth in the June 25 Muskivitch Report. Both Mr. Hamilton and Dr. Sullivan were deposed regarding their Reports in mid-August. At no point in those depositions did the Plaintiff indicate that Dr. Muskivitch's June 25 Report was in any way incomplete, or that he intended to attempt to offer any opinions different from those contained in his June 25 Report.

Indeed, it was not until August 24, in Dr. Muskivitch's own deposition, that Defendants learned for the very first time that Plaintiff was taking the position that the report served months earlier and relied upon by Defendants' expert was merely a "draft," despite the fact that it was submitted pursuant to Federal Rule 26 as a final summary of his opinions. And, it was only when Newegg's counsel asked Dr. Muskivitch some foundational questions about his report that Dr. Muskivitch claimed it was merely a "draft." Most significantly, the claim charts attached to Dr. Muskivitch's August 24 Report contain *different text* and a *different identification of the claim limitations* with respect to each of the accused products. And, Dr. Muskivitch himself acknowledged that Mr. Hamilton would not be able to understand his infringement opinions absent the so-called "final" report, thus admitting that it is a different document.[2]

Plaintiff's totally unexpected disclosure of new, previously undisclosed opinions on infringement in violation of Rule 26, long after the deadline and on the eve of the close of discovery is patently improper. Defendants' non-infringement and damages experts properly relied upon the opinions contained in Dr. Muskivitch's June report. Allowing Plaintiff to change those opinions now, at the close of discovery and after Defendants have undergone significant effort and expense in reliance upon the first report, would be unduly prejudicial.

For the foregoing reasons, Defendants respectfully request that the Court permit the Defendants to file a motion to strike the August 24, 2012 Expert Report of John C. Muskivitch, and to preclude any testimony based on matters contained in that Report.

Respectfully,

*/s/ John N. Zarian*

John N. Zarian

---

[2] Furthermore, that report also varies from Plaintiff's P.R. 3-1 Infringement Contentions. As the Court is aware, those contentions are deemed to be "final" pursuant to P.R. 3-6, and may only be amended or supplemented in certain limited circumstances or upon a showing of good cause. Plaintiff has not sought such amendment here, nor would it have any basis for doing so.

4821-2606-5680.3