IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:10-cv-00329 |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' NOTICE OF COMPLIANCE
WITH COURT'S MOTION PRACTICE ORDER**

In compliance with the Court's Standing Order Regarding Letter Briefs and Order on Joint Motion to Amend Docket Control Order (Doc. 660), Defendants, Newegg Inc., Newegg.com Inc., Rosewill Inc., Sakar International, Inc., Kohl's Illinois, Inc., and Kohl's Corporation, Inc., file this Notice of their letter to the Court requesting permission to file a motion for summary judgment urging the invalidity of U.S. Patent No. 5,855,343.  A copy of the letter is attached as Exhibit 1.

Dated:  August 31, 2012

Respectfully submitted,

*/s/ Dana M. Herberholz*
John N. Zarian
Christopher J. Cuneo
Dana M. Herberholz
Parsons Behle & Latimer
960 Broadway, Suite 250
Boise, Idaho 83706
(208) 562-4900 Telephone
(208) 562-4901 Facsimile
jzarian@parsonsbehle.com
ccuneo@parsonsbehle.com
dherberholz@parsonsbehle.com

Trey Yarbrough

        Bar No. 22133500
        Debby E. Gunter
        Bar No. 24012752
        YARBROUGH WILCOX
        GUNTER, PLLC
        100 E. Ferguson, Ste. 1015
        Tyler, TX 75702
        Telephone:    903-595-3111
        Facsimile:    903-595-0191
        trey@yw-lawfirm.com
        debby@yw-lawfirm.com

        Counsel for Defendants, Newegg Inc., Newegg.com Inc. and Rosewill Inc.


        */s/ Ezra Sutton by Dana Herberholz w/permission*
        Ezra Sutton, Esq.
        Ezra Sutton & Associates, P.A.
        900 Route 9 North
        Plaza 9, Suite 201
        Woodbridge, NJ 07095
        Telephone: (732) 634-3520
        Facsimile: (732) 634-3511
        Email: esutton@ezrasutton.com

        Attorney for Sakar International, Inc., Kohl's Illinois, Inc., & Kohl's Corporation, Inc.


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this 31st day of August, 2012. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

        */s/ Dana Herberholz*
        Dana M. Herberholz

# EXHIBIT 1



960 Broadway Avenue, Suite 250
Boise, ID 83706
Telephone (208) 562-4900
Facsimile (208) 562-4901

A PROFESSIONAL
LAW CORPORATION

**Dana M. Herberholz**
**Registered Patent Attorney**
Direct (208) 562-4906
DHerberholz@parsonsbehle.com

August 31, 2012

The Honorable Leonard Davis
Chief Judge
William M. Steger Federal Building
211 W. Ferguson
Third Floor
Tyler, TX 75702

Dear Judge Davis:

Defendants Newegg Inc., Newegg.com Inc., and Rosewill Inc. (collectively, "Newegg"), joined by defendants Sakar International Inc., Kohl's Illinois, Inc., and Kohl's Corporation, Inc. (collectively, "Defendants") respectfully request permission to file a motion for summary judgment of invalidity of all asserted claims U.S. Pat. No. 5,855,343 (the "'343 Patent"). It is important to note that this letter does not set forth each of the various theories that may render the '343 Patent invalid and unenforceable, only those which may be determined by way of summary judgment.

Claims 1, 7, 8 and 19 of the '343 Patent ("the Asserted Claims") are anticipated by the prior art and are invalid as a matter of law. Indeed, the USPTO has repeatedly and appropriately rejected the Asserted Claims over the patent owner's objections, and the Asserted Claims stand rejected in reexamination. Defendants respectfully request permission to file a motion for summary judgment of invalidity of the Asserted Claims based on two of the prior art references before the USPTO: Japanese Utility Model Publication No. H2-19997 (the "Irifune Publication") and U.S. Patent No. 5,880,783 to Ma entitled "Digital Camera for a Computer" (the "Ma Patent").

### I. THE ASSERTED CLAIMS ARE INVALID AS ANTICIPATED BY THE IRIFUNE PUBLICATION AND THE MA PATENT

It is undisputed that the Irifune Publication and Ma Patent are prior art to the '343 Patent. The application for the '343 Patent was filed on March 7, 1997. The Irifune Publication published on February 9, 1990, and The Ma Patent was filed on December 11, 1996. Therefore, the Irifune Publication is prior art to the '343 Patent pursuant to 35 U.S.C. § 102(b), and the Ma Patent is prior art pursuant to 35 U.S.C. § 102(e). As described below, and as set forth in detail in the report from Defendants' invalidity expert, Dr. Richard Klopp, the Irifune Publication discloses each element of claims 1, 8, and 19 of the '343 Patent and, therefore, anticipates those claims pursuant to

August 31, 2012
Page 2

35 U.S.C. § 102(b). Likewise, The Ma Patent discloses the elements of each of the Asserted Claims; therefore, the Asserted Claims are invalid as anticipated by Ma under 35 U.S.C. § 102(e).[1]

   A.  <u>Claim 1 is Invalid as Anticipated</u>

      Claim 1 of the '343 Patent reads:

Apparatus for supporting a camera, having a lens, on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface, comprising:

   a.  a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member; and

   b.  a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object, said hinge member rotating about a second axis of rotation relative to said support frame, said first axis of rotation being generally perpendicular to said second axis of rotation, said second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object, said support frame having a first disposition positioned on said generally horizontal, substantially planar surface, and said support frame having a second disposition attached to the object when said first surface and said second surface are inclined from a generally horizontal orientation, the camera being maintained adjacent said edge in said second disposition of said support frame.

      The Irifune Publication discloses these elements. As shown in the following figures from the Irifune Publication, Irifune discloses a "hinge member rotatably attached to [a] camera" where the camera rotates relative to the hinge member in the claimed "first axis of rotation," and a "support frame rotatably attached to [the] hinge member" rotating about the claimed "second axis of rotation":

---

[1] The USPTO has reached the same conclusions. Two requests for *ex parte* reexamination of the '343 Patent were filed in December of 2010. Reexamination Application No.90/011,366 was filed on December 6, 2010 and Reexamination Application No. 90,011,316 was filed on December 30, 2010. These reexamination proceedings were merged on June 14, 2011. The USPTO presently maintains the rejection of claims 1, 8 and 19 as anticipated and claim 7 as obvious.

August 31, 2012
Page 3



*Figure 9-2 (left) of Irifune illustrating the camera support in a first disposition on a flat, planar surface. Reproduction of Figure 3 (center) of Irifune showing the camera support in a second disposition on an object. Reproduction of Figure 1 (right) from Irifune showing the support frame [arms (3) and (4)] relative to the hinge member [camera fixed part (2)]. The green and red dashed lines (added) represent the generally perpendicular first and second axes of rotation, respectively.*

The Ma Patent also discloses each element of claim 1 of the '343 Patent. Figure 1 of the Ma Patent clearly discloses a hinge member (2) rotatably attached to both a camera (1) and a support frame [circuit box (3) and sliding hook (31)]. The camera disclosed in the Ma Patent rotates relative to the hinge member about a "first axis," and the support frame rotates relative to the hinge member about a "second axis." As shown below in Figure 1 of the Ma Patent (annotated), these axes are "generally perpendicular":



For at least these reasons, claim 1 is invalid as a matter of law.

B. Claim 7 is Invalid as Anticipated

Claim 7 of the '343 Patent depends from claim 1 and reads: "Apparatus according to claim 1, wherein the object is a display screen for a laptop computer, and the second surface is the front of

August 31, 2012
Page 4

the display screen and the first surface is the back of the display screen." The Ma Patent also anticipates claim 7 of the '343 Patent because, as described above, the Ma Patent discloses each element of claim 1. In addition, and as shown in Figure 3, the Ma Patent discloses a device that attaches to a "screen for a laptop computer," having the claimed "first" and "second" surfaces:



Accordingly, claim 7 is invalid under 35 U.S.C. 102(e) as anticipated by Ma.

C. <u>Claim 8 is Invalid as Anticipated</u>

Claim 8 also depends from claim 1. It reads: "Apparatus according to claim 1 wherein the hinge member includes a body having a proximal and a distal end, a pivot element at said proximal end of said body adapted to rotatably attach the camera to the body so that the camera rotates about the first axis relative to the body, and a hinge element at said distal end of said body hingedly attaching said body to the support frame so that said body rotates, about the second axis, relative to the support frame."

As described above, the Irifune Publication and the Ma Patent disclose each element of claim 1. In addition, the Irifune Publication and the Ma Patent each disclose the hinge member and hinge element disclosed in claim 8 and, therefore, anticipate claim 8.



D. <u>Claim 19 is Invalid as Anticipated</u>

August 31, 2012
Page 5

Claim 19 is substantially similar to claim 1. It reads:

A camera clip for supporting a camera on a laptop computer, the laptop computer having a display screen which can be inclined from a generally horizontal position, an uppermost portion of the display screen defining an edge, comprising:

   a. a hinge member adapted to be rotatably attached to the camera, said camera rotating about a first axis of rotation relative to said hinge member; and

   b. support frame hingedly attached to said hinge member to engagingly support said hinge member on the display screen, said hinge member rotating over a second axis of rotation relative to said support frame, the camera being maintained adjacent the edge, rotation of said support frame being prevented along an axis substantially parallel to said second axis where said second axis is substantially parallel to said edge.

Claim limitation 19(a) is identical to limitation 1(a); therefore, the Irifune Publication and Ma Patent disclose this limitation for the reasons described above. Further, both prior art references disclose a support frame that is "hingedly attached" to the hinge member. The parties agreed that the term "hingedly attached" means "connected or joined via a hinge joint." The support frame and hinge member of the devices disclosed in the Irifune Publication and in the Ma Patent are rotatably attached via a hinge joint. Accordingly, claim 19 is invalid as anticipated by Irifune and Ma.

## II.    IN THE ALTERNATIVE, THE ASSERTED CLAIMS ARE OBVIOUS

If the Court holds that the Irifune Publication or the Ma Patent do not disclose each element of the Asserted Claims, the Asserted Claims are still invalid as obvious in view of the prior art pursuant to 35 U.S.C. § 103. For example, the USPTO presently maintains that claim 7 is rejected as obvious over a combination Irifune in view of the Ma Patent. Defendants' expert, Dr. Klopp, agrees. Dr. Klopp has opined that the subject matter of the invention as a whole would have been obvious to a person of ordinary skill in the art at the time of the invention of the '343 Patent and that it would have been obvious to a person of ordinary skill in the art to affix a camera, such as the camera disclosed in Irifune, to a laptop display.

In summary, the plain language of the Asserted Claims and the comprehensive teachings of the prior art demonstrate that the Asserted Claims are anticipated or obvious as a matter of law. For the foregoing reasons, the Defendants respectfully request that the Court permit the Defendants to file a motion for summary judgment of invalidity of all asserted claims U.S. Pat. No. 5,855,343

Respectfully,

/s/ *Dana M. Herberholz*

Dana M. Herberholz