**CEPIP**
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC

John J. Edmonds
713.364.5291
jedmonds@cepiplaw.com

August 31, 2012

By CM/ECF

The Honorable Leonard Davis
200 W. Ferguson, Third Floor
Tyler, TX 75702

Re:   Plaintiff's Letter Brief Requesting Permission to File a *Daubert* Motion re: Defendants' Technical Expert, Dr. Klopp in *AdjustaCam LLC v. Amazon.com, Inc., et al. No. 6:10-cv-329-LED*

Your Honor:

Plaintiff respectfully submits this Letter Brief in support if its proposed *Daubert* motion and motion to strike certain invalidity opinions of Defendants' technical expert Dr. Klopp because (1) they are fundamentally flawed, unreliable and irrelevant, and thus fail to meet the standard for expert testimony set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 580 (1993); and (2) they contain untimely invalidity theories not included in Defendants' P.R. 3-3 invalidity contentions.

**I.    Klopp's Unreliable Opinions that Yamauchi is anticipates claims 1, 7, 8 and 19.**

Dr. Klopp's opinions that the Yamauchi '475 patent anticipates claims 1, 7, 8 and 19 are baseless, unsupported and unreliable because – as Klopp himself admits – Yamauchi lacks a "hinge member" which is "rotatably attached" to the camera.  Independent claim 1 (and thus dependent claims 7 and 8), and independent claim 19 each require a "hinge member" which is "rotatably attached" to the camera. Ex. 1 ('343 patent). In order to make Yamauchi anticipate the claims, the Klopp Report imagines a fictional hinge member rotatably attached to the camera. Ex. 2 (Klopp Report), pp. 33-33. To illustrate this fictional configuration, the Klopp Report creates a "conceptual drawing." *Id.* at p. 34. This "conceptual drawing" is fictional because the camera of Yamauchi is fixed and cannot pan side to side as imagined by Dr. Klopp. Ex. 3 (Yamauchi), Figs. 1-15.

Notwithstanding the undeniable fact that Yamauchi lacks a hinge member rotatably attached to the


Page 2

camera, the Klopp Report nonetheless opines that Yamauchi anticipates claims 1, 7, 8 and 19. Ex. 3, pp. 36-37& 39. Under FRE 702 and *Daubert*, opinion testimony is not admissible unless: (1) the reasoning or methodology underlying the opinion testimony is scientifically reliable, and (2) the testimony is relevant—that is, it must assist the trier of fact to understand the evidence or to determine a fact at issue. *Daubert*, 509 U.S. at 591-93. The Klopp Report's assertion that Yamauchi anticipates claims 1, 7, 8 and 19 is frivolous and unsupported. It is neither relevant nor reliable, nor does it assist the trier of fact.

II.     **Klopp's Obviousness Combinations that Should be Stricken Because they were Not Included in Defendants' P.R. 3-3 Invalidity Contentions.**

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice" and to avoid "litigation by ambush." *IXYS Corp. v. Advanced Power Tech.*, 2004 WL 1368860, * 3 (N.D.Cal. June 16, 2004); *see also STMicroelectronics v. Motorola*, 307 F.Supp.2d 845, 849 (E.D.Tex.2004). This court has the inherent power to enforce them. Fed.R.Civ.P. 16(f); *see O2 Micro v. Monolithic Power*, 467 F.3d 1355, 1365–66 (Fed.Cir. 2006). Under P.R. 3–3, Invalidity Contentions must include "a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." In clear violation of P.R. 3-3, the Klopp Report makes multiple obviousness combinations and asserts multiple obviousness theories that were not in Defendants' invalidity contentions.

The first violation of PR 3-3 is Klopp's theory that Yamauchi would be obvious in view of "camera head panning." Ex. 2, pp. 2, 31 & 33. This obvious combination and theory of obviousness was not disclosed in Defendants' invalidity contentions ("3-3s"). Ex. 4, pp. 21-26.

The second violation of PR 3-3 is Klopp's combination of the Irifune '783 patent and Dovey '308 patent, with "video conferencing software." Ex. 2, pp. 18, 21, 44 & 46. This obvious combination and theory of obviousness was not disclosed in Defendants' 3-3s either.



The third violation of PR 3-3 is Klopp's new invalidity theory relative to Ma and claims 1, 7, 8 and 19. In Defendants 3-3s, they contended that the "hinge member" of Ma was the "upper part of the circuit box 3 and a 'downward tubular revolving shaft 21.'" Ex. 4, p. 16. However, Klopp contends that the hinge member of Ma is a completely different device, namely "adjustment block 2." Ex. 2, pp. 24-25. Further, in Defendants' 3-3s, they contended that the "first axis of rotation" was vertical. Ex. 4, pp. 16-17. However, Klopp contends the opposite, namely that the "first axis of rotation" is horizontal. Ex. 2, pp. 25-26. Further, in Defendants' 3-3s, they contend that the "second axis of rotation" is between sliding hook plate 31 and circuit box 3, and that it's horizontal. Ex. 4, p. 17. However, Klopp contends that the second axis of rotation is vertical and "defined by tubular revolving shaft 21." Ex. 2, p. 26.

The fourth violation of PR 3-3 is Klopp's new invalidity theory relative to the Ma '783 patent and claim 19. Klopp refers to this new theory as "swapping" the first and second axis. Ex. 2, pp. 29-30. Defendants' invalidity contentions are based upon the Ma camera device as depicted and described in the Ma '783 patent. Ex. 4, pp. 18-20. However, Klopp uses a completely different fictional configuration of the Ma camera. Ex. 2, pp. 29-30. This fundamentally different fictional device in the Klopp Report results in a completely different theory of invalidity for claim 19. First, in Defendants' invalidity contentions, they contend that the hinge member of claim 19 is "the upper part of the circuit box 3 and a 'downward tubular revolving shaft 21." Ex. 4, p. 19. However, Klopp contends that the hinge member is "adjustment block 2." Ex. 2, p. 28. Second, in Defendants' invalidity contentions, they contend that the second axis of rotation is the axis formed by sliding plate 31 and circuit box 3. Ex. 4, p. 19. However, the Klopp Report contends that the second axis of rotation is "defined by tubular revolving shaft (21)." Ex. 2, p. 29.

For the foregoing reasons, Plaintiff requests leave to file a *Daubert* motion and motion to strike the above invalidity opinions of Defendants' technical expert Dr. Klopp

1616 S. Voss Road, Suite 125     1851 E. First St., Ste. 900
Houston, TX 77057                Santa Ana, CA 92705



Page 4

Sincerely,

**CEPIP**

John J. Edmonds

cc: Defense Counsel (via CM/ECF).

1616 S. Voss Road, Suite 125  
Houston, TX 77057

1851 E. First St., Ste. 900  
Santa Ana, CA 92705