# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

ADJUSTACAM LLC
    *Plaintiff*

v.                                              Case No. 6:10-cv-329-LED

AMAZON.COM, INC., *et al.*                      **JURY**
    *Defendants*

## <u>DEFENDANTS' JOINT INVALIDITY CONTENTIONS</u>

Pursuant to the Court's May 26, 2011 Docket Control Order and Local Patent Rule (P.R.)

3-3 of the Rules of Practice for Patent Cases before the Eastern District of Texas, Defendants

Amazon.com, Inc., Auditek Corporation, Blue Microphones, LLC, Baltic Latvian Universal

Electronics, LLC D/B/A Blue Microphones, LLC D/B/A Blue Microphone, CDW Corporation

F/K/A CDW Computer Centers, Inc., CDW, Inc., Compusa.com, Inc., Creative Labs, Inc., Dell,

Inc., Digital Innovations, LLC, Fry's Electronics Inc., Gear Head, LLC, Hewlett-Packard

Company, Lifeworks Technology Group, LLC, Macally Peripherals, Inc. D/B/A Macally U.S.A.,

Mace Group, Inc., Micro Electronics, Inc. DBA Micro Center, New Compusa Corporation,

Newegg, Inc., Newegg.com, Inc., Office Depot, Inc., Overstock.com, Inc., Radioshack

Corporation, Rosewill Inc., Sakar International, Inc., Systemax, Inc. D/B/A Compusa, Target

Corp., Tigerdirect, Inc., Wal-Mart Stores, Inc., Best Buy Co. Inc., Best Buy Stores, LP,

BestBuy.com, LLC, J&R Electronics Inc. D/B/A J&R, Kohls Corporation D/B/A Kohl's, and

Kohl's Illinois, Inc. (collectively, "Defendants") disclose their Invalidity Contentions for U.S.

Patent No. 5,855,343 ("the '343 patent") as follows:

Defendants' discovery and investigation in connection with the '343 patent are

continuing, and Defendants' Invalidity Contentions are based on information obtained to date.

Defendants' Invalidity Contentions are based upon, and necessarily limited by, the records and

information still in existence, presently recollected and thus far discovered in the course of preparing for trial. These Invalidity Contentions are submitted without prejudice to Defendants' right to produce and to refer to at trial, or at any other hearing, any evidence, facts, documents or information not yet discovered or not yet determined to be relevant by Defendants or their respective counsel.

In particular, Defendants' Invalidity Contentions are based in whole or in part on their present understanding of the positions of the Plaintiff AdjustaCam LLC ("AdjustaCam") concerning the scope and construction of its asserted claims, to the extent that those positions can be deduced from AdjustaCam's Infringement Contentions dated February 11, 2011 and served February 12, 2011. However, nothing herein should be construed as an admission that Defendants agree with AdjustaCam's apparent claim constructions. Defendants expressly reserve the right to propose alternative constructions to those advocated by AdjustaCam and to rebut AdjustaCam's actual claim construction positions. These Invalidity Contentions are provided only to apprise AdjustaCam of Defendants' current invalidity positions and are not intended to proffer any proposed claim constructions. Defendants reserve their rights to amend their Invalidity Contentions as may be appropriate, including upon receipt of a claim construction order from the Court.

Defendants maintain that AdjustaCam's Infringement Contentions are insufficient and are not consistent with the Patent Local Rules. For example, AdjustaCam contends that Defendants infringe "jointly" and "by inducement and contributory infringement" but provides no disclosure showing how such joint, induced, or contributory infringement relates to any accused product.  AdjustaCam has provided no disclosure at all pursuant to Patent Rule 3-2(a) or (b), and has taken no steps to obtain any such documents from third parties. Furthermore, certain

Defendants have sent letters to AdjustaCam identifying particular deficiencies relating to particular charts, and have received no response from AdjustaCam or any supplemental contentions curing the errors identified in the correspondence to AdjustaCam.  Accordingly, Defendants reserve their rights to modify, amend and/or supplement their Invalidity Contentions when and if AdjustaCam amends and/or clarifies its Infringement Contentions.

In its Infringement Contentions, AdjustaCam has asserted that Defendants allegedly infringe only claims 1, 7, 8, and/or 19 of the '343 Patent (with the particular combination of claims asserted varying slightly between products).  Although AdjustaCam has not proffered any infringement contentions with respect to other unasserted claims of the '343 patent, Defendants reserve their rights to modify, amend and/or supplement their Invalidity Contentions if AdjustaCam asserts infringement of the presently unasserted claims of the '343 patent. At this time, Defendants are providing Invalidity Contentions for only the claims asserted by AdjustaCam, but hereby reserve their rights to seek invalidation of all claims in the '343 Patent. In addition, Defendants hereby incorporate by reference all charts and contentions relating to invalidity of the '343 Patent as set forth in Ex Parte Patent Reexamination Nos. 90/011,316 and 90/011,366 currently pending before the United States Patent and Trademark Office, as well as any other reexaminations or other action in any other administrative action, litigation, or arbitration asserting or relating to the invalidity of the '343 Patent.

## I.      U.S. PATENT NO. 5,855,343

Claims 1, 7, 8, and 19 of the' 343 Patent are presently asserted in this lawsuit. Claims 1, 7, 8, and 19 are invalid because they fail to meet one or more of the requirements for patentability under 35 U.S.C. §§ 102, 103 and/or 112.

### A.    Patent Local Rules 3-3(a), (b) and (c)

The individual bases for invalidity based on prior art are provided in the following paragraphs, and the prior art references that provide these bases are listed in Appendix A. Each of these listed prior art documents, the underlying work and/or the underlying apparatus or method described in each document qualifies as prior art under one or more subsections of 35 U.S.C. § 102.

### 1.    Prior Art: Anticipation and Obviousness

At least claims 1, 7, 8, and 19 of the '343 Patent are invalid as anticipated by the prior art patents, publications and devices listed below and described in the claim charts of Appendix A. These claim charts identify specific examples of where each limitation of claims 1, 7, 8, and 19 is found in these references.

Where Defendants cite to a particular figure in a prior art reference, the citation should be understood to encompass the caption and description of the figure and any text relating to the figure in addition to the figure itself. Conversely, where a cited portion of text refers to a figure, the citation should be understood to include the figure as well.

Although Defendants have identified in their claim charts at least one disclosure of an element for each prior art reference, each and every disclosure of the same element in the same reference is not necessarily identified. In an effort to focus the issues, Defendants have cited only representative portions of the identified references, even where a reference may contain additional support for a particular claim element. Persons of ordinary skill in the art generally read an item of prior art as a whole and in the context of other publications and literature. Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and

their general scientific knowledge. Defendants may rely upon uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.

**Prior Art US Patents Under 35 U.S.C. § 102(a), (b), (e), (g) and § 103**

| Patents |
|---------|
| 5880783 |
| D383475 |
| 4526308 |
| 5808672 |
| 4493542 |

**Prior Art Publications Under 35 U.S.C. § l02(a), (b) and § 103**

| Publications |
|--------------|
| Japanese Unexamined Utility Model Pub. No. H2-19997 |

**Prior Art Devices Or Systems Under 35 U.S.C. §§ 102(a), (b), (g) and § 103**

| Systems |
|---------|
| Bogen Photo Corp.'s Super Clamp |
| Bogen Photo Corp.'s Magic Arm |

The claim charts for the references disclosed as anticipatory pursuant to 35 U.S.C. § 102 in the preceding section also set forth exemplary combinations of references under 35 U.S.C. § 103. Further, with respect to the listed anticipatory prior art references, Defendants also contend that such references render the asserted claims invalid as obvious in view of the references themselves.

Claims 1, 7, 8, and 19 are also invalid as obvious in view of the prior art references listed in Appendix A alone or in combination with other prior art references listed in Appendix A or in combination with what was known to one of ordinary skill in the art prior to the '343 Patent's first priority date. To the extent that AdjustaCam contends that the anticipatory  prior art

**DEFENDANTS' JOINT INVALIDITY CONTENTIONS**
**CASE NO. 6:10-CV-329-LED**

references fail to disclose any limitations of the asserted claims, Defendants reserve the right to identify other prior art references and combinations that would render the claims obvious despite the allegedly missing limitations.

Under the Supreme Court's decision in *KSR Int'l, Co. v. Teleflex, Inc.*, 550 U.S. 398, 416 (2007), a "combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." "Common sense teaches ... that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id.* at 420. "[I]f a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill." *Id.* at 417. The Supreme Court reiterated that the factors set forth in *Graham v. John Deere Co*., 383 U.S. 1 (1966), define the controlling inquiry. *KSR*, 550 U.S. at 406-07. *Graham* sets forth several factors that are applied for establishing a background for obviousness: (1) determining the scope and content of the prior art, (2) ascertaining the differences between the prior art and the claims at issue, (3) resolving the level of ordinary skill in the pertinent art, and (4) considering objective evidence present in the application indicating obviousness or nonobviousness. *Graham*, 383 U.S. at 17-18.

The suggestion or motivation to combine the cited prior art references is provided by the explicit and implicit teachings of the cited references themselves, the knowledge of one of ordinary skill in the art, and/or the nature of the problem(s) purportedly being solved. One of ordinary skill in the art would have been motivated to combine one or more of the cited prior art references because they are all directed to cameras and photography generally.

**DEFENDANTS' JOINT INVALIDITY CONTENTIONS**
**CASE NO. 6:10-CV-329-LED**

References cited in the attached Appendix A may be relied upon to show the state of the art in the relevant timeframe. The suggested obviousness combinations are in the alternative to Defendants' anticipation contentions and are not to be construed to suggest that any reference included in the combinations is not anticipatory. The obviousness combinations of references provided herein under 35 U.S.C. § 103 are merely exemplary and are not intended to be exhaustive. Additional obviousness combinations of the references identified herein are possible, and defendants reserve the right to assert any such combination(s) in this litigation.

**B.**     **Patent Local Rule 3-3(d)**

Defendants list below the grounds upon which they presently contend the asserted claims of the '343 patent are invalid under 35 U.S.C. § 112. As AdjustaCam's Infringement Contentions are deficient and as discovery is only just commencing, Defendants reserve the right to amend and/or supplement these Invalidity Contentions with further invalidity allegations under Section 112 if discovery and/or claim construction leads to the conclusion that the '343 Patent is invalid on other grounds for failing to comply with the statutory requirements. For example, Defendants continue to evaluate compliance with 35 U.S.C. § 112, including the best mode requirement. Defendants anticipate taking discovery, including discovery from the alleged inventor and prior assignees of the '343 Patent to assess whether the asserted claims are invalid based on a failure to disclose the best mode of practicing the alleged invention.

**1.**     **35 U.S.C. § 112**

35 U.S.C. § 112, ¶ 1 requires that a patent specification must describe an invention sufficiently to convey to a person of skill in the art that the patentee had possession of the claimed invention at the time of the application. 35 U.S.C. § 112, ¶ 1 further requires that a patent specification describe the manner and process of making and using the invention so as to

enable a person of skill in the art to make and use the full scope of the invention without undue experimentation.

To the extent that AdjustaCam alleges that claims 1, 7, 8, and 19 of the '343 patent can be construed to cover the Accused Products, those claims are invalid under 35 U.S.C. § 112, ¶ 1 as further detailed in Appendix B. Claims 1, 7, 8, and 19 are also invalid because they fail to meet the definiteness requirements of 35 U.S.C. § 112, ¶ 2 as further detailed in Appendix B. The claims fail to point out and distinctly claim the subject matter that the patentee regards as his invention.

DATED: July 23, 2011

By: _____ /s/ Steven R. Daniels _____
W. Bryan Farney
Lead Attorney
Texas State Bar No. 06826600
Steven R. Daniels
Texas State Bar No. 24025318
Bryan D. Atkinson
Texas State Bar No. 24036157
FARNEY DANIELS LLP
800 S. Austin Ave., Suite 200
Georgetown, Texas 78626
Telephone:    (512) 582-2828
Facsimile:    (512) 582-2829
E-mails: bfarney@farneydaniels.com
sdaniels@ farneydaniels.com
batkinson@ farneydaniels.com
**ATTORNEYS FOR DEFENDANTS**
**CREATIVE LABS, INC., FRY'S**
**ELECTRONICS INC., LIFEWORKS**
**TECHNOLOGY GROUP, LLC,**
**HEWLETT-PACKARD COMPANY,**
**MICROCENTER ELECTRONICS,**
**INC., OFFICE DEPOT, INC., TARGET**
**CORPORATION, BEST BUY CO. INC.,**
**BEST BUY STORES, LP, AND**
**BESTBUY.COM, LLC**

By: _____ /s/ Jen-Feng Lee _____
Jen-Feng Lee (pro hac vice)
LT Pacific Law Group LLP
17800 Castleton Street, Suite 383
City of Industry, CA 91748
Tel: (626) 810-7200
Fax: (626) 810-7300
Email: jflee@ltpacificlaw.com
**ATTORNEYS FOR DEFENDANT**
**AUDITEK CORPORATION**

By: _____ /s/ Eric H. Findlay _____
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
Findlay Craft, LLP
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX  75703
 (903) 534-1100
 (903) 534-1137 FAX
efindlay@findlaycraft.com
bcraft@findlaycraft.com

James E. Geringer (pro hac vice)
james.geringer@klarquist.com
Salumeh R. Loesch
salumeh.loesch@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301
**ATTORNEYS FOR DEFENDANT**
**AMAZON.COM, INC.**

By: _____/s/ Michael D. Harris_____
Michael D. Harris (pro hac vice)
MHarris@socalip.com
Kala Sarvaiya (pro hac vice)
KSarvaiya@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350
Fax: (805) 230-1355

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, A Professional
Corporation
110 North College, Suite 500
Tyler, TX 75702
Phone: (903) 597-8311
Fax: (903) 593-0846

**ATTORNEYS FOR DEFENDANTS
BALTIC LATVIAN UNIVERSAL
ELECTRONICS, LLC AND BLUE
MICROPHONES, LLC**

By: _____/s/ Eric H. Findlay_____
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
Findlay Craft, LLP
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX  75703
 (903) 534-1100
 (903) 534-1137 FAX
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Thomas L. Duston
tduston@marshallip.com
Anthony S. Gabrielson
agabrielson@marshallip.com
Benjamin T. Horton
bhorton@marshallip.com
Marshall, Gerstein & Borun LLP
6300 Willis Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
**ATTORNEYS FOR DEFENDANT
CDW, INC, CDW CORPORATION,
AND CDW LLC**

By: _____/s/ David W. Denenberg_____
David W. Denenberg (pro hac vice)
Davidorr Malito & Hutcher LLP
200 Garden City Plaza
Garden City, New York 1 1530
(516) 247-4440 (Telephone)
(516) 248-6422 (Facsimile)
dwd@dmlegal.com
**ATTORNEYS FOR DEFENDANTS
SYSTEMAX, INC., COMPUSA.COM,
INC., NEW COMPUSA
CORPORATION, AND TIGERDIRECT,
INC.**

By: _____/s/ Roger Fulghum_____
Roger Fulghum
Texas Bar No. 00790724
roger.fulghum@bakerbotts.com
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston,  Texas  77002-4995
Telephone:  713-229-1234
Facsimile:      713-229-1522

Paula D. Heyman
Texas Bar No. 24027075
paula.heyman@bakerbotts.com
BAKER BOTTS L.L.P.
98 San Jacinto Blvd.,  Suite 1500
Austin,  Texas  78701-4075
Telephone:  512-322-2500
Facsimile:      512-322-2501

Deron R Dacus
Shannon Marie Dacus
Ramey & Flock
100 East Ferguson,  Ste 500
Tyler, TX 75702
903/597-3301
Fax: 9035972413
Email: ddacus@rameyflock.com
Email: shannond@rameyflock.com
**ATTORNEYS FOR DEFENDANT
DELL INC.**

By: _____/s/ Phillip B. Philbin_____
Phillip B. Philbin
phillip.philbin@haynesboone.com
Texas State Bar No. 15909020
HAYNES AND BOONE, L.L.P.
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: 214-651-5000
Fax: 214-651-5940

*Of Counsel:*
Kenneth K. Dort
kdort@mcguirewoods.com
Gary Y. Leung
gleung@mcguirewoods.com
MCGUIREWOODS LLP
77 W. Wacker Dr. Ste. 4100
Chicago, IL 60601-1818
312.849.8100
312.849.3690 (fax)
**ATTORNEYS FOR DEFENDANT
DIGITAL INNOVATIONS, LLC**

By: _____/s/ Herbert J. Hammond_____
Herbert J. Hammond
Attorney-In-Charge
  State Bar No. 08858500
Vishal Patel
  State Bar No. 24065885
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
(214) 969-1700
(214) 969-1751 (Fax)

Patricia L. Davidson
MIRICK, O'CONNELL,
DEMALLIE & LOUGEE, LLP
100 Front Street
Worcester, Massachusetts  01608-1477
(508) 860-1540
(508) 983-6240 (Fax)
**ATTORNEYS FOR DEFENDANT
GEAR HEAD, LLC**

By:          /s/ Peter M. Lukevich
          Attorney at Law
          APEX JURIS, PLLC
          12733 Lake City Way NE
          peter@apexjuris.com
          Seattle, WA  98125
          Telephone: (206) 664.0314
          Facsimile: (206) 664.0329
**ATTORNEYS FOR DEFENDANTS
MACALLY PERIPHERALS, INC.
D/B/A MACALLY U.S.A  MACE
GROUP, INC.**


By:          /s/ John H. Barr, Jr.
          John H. Barr, Jr.
          Attorney-in-Charge
          State Bar No. 00783605
          Bracewell & Giuliani LLP
          711 Louisiana, Suite 2300
          Houston, Texas 77002
          (713) 223-2300 - Telephone
          (713) 221-1212 – Facsimile


          Of counsel:
          Christopher A. Shield
          State Bar No. 24046833
          John A. Yates
          State Bar No. 24056569
          Bracewell & Giuliani LLP
          711 Louisiana, Suite 2300
          Houston, Texas 77002
          (713) 223-2300 - Telephone
          (713) 221-1212 – Facsimile
**ATTORNEYS FOR DEFENDANT
OVERSTOCK.COM, INC.,**

By:          /s/ Trey Yarbrough
          Trey Yarbrough
          State Bar No. 22133500
          Debby E. Gunter
          State Bar No. 24012752
          Yarbrough Wilcox, PLLC
          100 E. Ferguson St., Ste. 1015
          Tyler, Texas 75702
          (903) 595-3111 Telephone
          (903) 595-0191 Facsimile
          E-mail: trey@yw-lawfirm.com
            debby@yw-lawfirm.com


          Of Counsel:
          Christopher J. Cuneo
          Zarian Midgley & Johnson PLLC
          960 Broadway, Suite 250
          Boise, Idaho 83706
          (208) 562-4900 Telephone
          (208) 562-4901 Facsimile
          E-mail: Cuneo@zarianmidgley.com


**ATTORNEYS FOR DEFENDANTS
NEWEGG,  INC., NEWEGG.COM,
INC., AND ROSEWILL INC.**


By:          /s/ Ezra Sutton
          EZRA SUTTON, Esq. (pro hac vice)
          EZRA SUTTON, P. A.
          Plaza 9, 900 Route 9
          Woodbridge, New Jersey 07095
          Tel:  732-634-3520
          Fax: 732-634-3511
          Email: esutton@ezrasutton.com
**ATTORNEYS FOR DEFENDANTS
SAKAR INTERNATIONAL, INC.,
KOHL'S CORPORATION, and
KOHL'S ILLINOIS, INC.**

By: _____ */s/ Victor de Gyarfas* _____

Victor de Gyarfas
Texas Bar No. 24071250
e-mail:  vdegyarfas@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
213.972.4500
213.486.0065

**ATTORNEYS FOR DEFENDANT
WAL-MART STORES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served on all counsel of record by electronic mail on this day, July 23, 2011.

_____/s/ *Bryan Atkinson*_____

# Appendix A

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 5,880,783**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| 1(p) | 1.  Apparatus for supporting a camera, having a lens, on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface, comprising: | United States Patent No. 5,880,783 ("the '783 patent") discloses an apparatus for supporting a camera having a lens. Specifically, the camera supporting apparatus can provide support on any generally horizontal, substantially planar surface and on an object (*i.e.,* display screen) having a first surface and a second surface and an edge intersecting the first surface and the second surface.  Specifically, the supporting frame made up of the "circuit box 31" and "sliding hook plate 31" can be configured to provide both types of supports. With the "sliding hook plate 31" opened, the camera can be mounted on the display screen, as shown in Fig. 2.  *See* '783 patent at Fig.3 and Col. 1:35-37 and 2:23-27.  The "sliding hook plate 31" can also be closed to fit into the "sliding groove 32" to close the front side of the "circuit box 3," and the camera can now be supported on the planar surface.  *See id.,* Fig. 2 and Col. 2:13-20. |
| 1(a) | a. a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member; and | The '783 patent discloses a hinge member adapted to be rotatably attached to the camera to allow the camera to rotate about a first axis of rotation relative to the hinge member. Specifically, the '783 patent discloses a camera in the form of a "photographic lens assembly 1" and an "adjustment block 2." A hinge member in the form of the upper part of the circuit box 3 and a "downward tubular revolving shaft 21" (i.e., the "second steering element" in Claim 1 of the '783 patent) is rotatably attached to the camera.  This allows the camera to rotate about a first axis of rotation relative to the hinge member.  *See id.,* Col. 1:29-37. |
| 1(b) | b. a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object, said hinge member rotating about a second axis of rotation relative to said support frame, said first axis of rotation being generally perpendicular to said second axis of rotation, said second axis of | The '783 patent discloses the claimed support frame, which comprises the "circuit box 3" and "sliding hook plate 31."  The support frame is rotatably attached to the hinge member and provides support to the hinge member and the camera.  The hinge member rotates about a second axis of rotation (see below) relative the support frame, with the second axis of rotation being generally perpendicular to the first axis of rotation (see below) and substantially parallel to the first surface. |

1

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 5,880,783**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | rotation being substantially parallel to the first surface when said hinge member is supported on the object, |  |
| 1(c) | said support frame having a first disposition positioned on said generally horizontal, substantially planar surface, and | The "sliding hook plate 31" can be opened or closed by rotating about the hinge member, as shown in Fig. 2.  When closed, the "sliding hook plate 31" is fit into the "sliding groove  32" to close the front side of the "circuit  box 3," allowing the support frame to be in the first disposition positioned on the planar surface. *See id.,* Fig. 2 and Col. 2:13-20. |
| 1(d) | said support frame having a second disposition attached to the object when said first surface and said second surface are inclined from a generally horizontal orientation, the camera being maintained adjacent said edge in said second disposition of said support frame. | When the "sliding hook plate 31" is opened, the support frame has a second disposition attached to the display screen with its two surfaces inclined from a generally horizontal orientation as shown in Fig. 3.  In this position (the second disposition of the support frame), the camera can be mounted on the display screen and is maintained adjacent the edge of the display screen, as shown in Fig. 3.  *See id.,* Fig. 3 and Col. 1:35-37 and 2:23-27.  |
| 7(p) | 7. Apparatus according to claim 1 | The '783 patent discloses an apparatus according to claim 1. See above re: claim 1. |
| 7(a) | wherein the object is a display screen for a laptop computer, | The '783 patent discloses an apparatus capable of being used with a laptop display screen.  See above at 1(p) and 1(d). |
| 7(b) | and the second surface is the front of the display screen | The '783 patent discloses an apparatus capable of being used with a laptop display screen in which the second surface is the front of the display screen.  See above at 1(p) and 1(d). |
| 7(c) | and the first surface is the back of the display screen. | The '783 patent discloses an apparatus capable of being used with a laptop display screen in which the first surface is the back of the display screen.  See above at 1(p) and 1(d). |

2

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 5,880,783**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| 8(p) | 8. Apparatus according to claim 1 | The '783 patent discloses an apparatus according to claim 1. See above re: claim 1. |
| 8(a) | wherein the hinge member includes a body having a proximal and a distal end, | The '783 patent discloses a hinge member (see above re hinge member) including a body having at least two ends, one end proximal to the camera and another end distal to the camera. For example, the pivot element (see below re: pivot element) is at the proximal end and the hinge element (see below re: hinge element) is at the distal end. |
| 8(b) | a pivot element at said proximal end of said body adapted to rotatably attach the camera to the body so that the camera rotates about the first axis relative to the body, | The '783 patent discloses a pivot element at the proximal end of the body of hinge member adapted to rotatably attach the camera to said body so that the camera rotates about the first axis (see above re first axis) relative to the body.  |
| 8(c) | and a hinge element at said distal end of said body hingedly attaching said body to the support frame so that said body rotates, about the second axis, relative to the support frame. | The '783 patent discloses a hinge element at the distal end of the body hingedly attaching the body to the support frame so that the body rotates, about the second axis, relative to the support frame.  |
| 19(p) | 19. A camera clip for supporting a camera on a laptop computer, the laptop computer having a display screen which can be inclined from a generally horizontal | The '783 patent discloses a camera clip for supporting a camera on a laptop computer having a display screen that can be inclined from a generally horizontal position. *See id.*, Fig. 3 and Col. 2:23-26. When inclined, the uppermost portion of the display screen defines an edge. *See id.* |

3

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 5,880,783**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | position, an uppermost portion of the display screen defining an edge, comprising: | |
| 19(a) | a. a hinge member adapted to be rotatably attached to the camera, said camera rotating about a first axis of rotation relative to said hinge member; and | The '783 patent discloses a hinge member adapted to be rotatably attached to the camera to allow the camera to rotate about a first axis of rotation relative to the hinge member. Specifically, the '783 patent discloses a camera in the form of a "photographic lens assembly 1" and an "adjustment block 2." A hinge member in the form of the upper part of the circuit box 3 and a "downward tubular revolving shaft 21" (i.e., the "second steering element" in Claim 1 of the '783 patent) is rotatably attached to the camera. This allows the camera to rotate about a first axis of rotation relative to the hinge member. *See id.*, Col. 1:29-37.  |
| 19(b) | b. a support frame hingedly attached to said hinge member to engagingly support said hinge member on the display screen, | The '783 patent discloses the claimed support frame, which comprises the "circuit box 3" and "sliding hook plate 31." The support frame is hingedly attached to the hinge member and provides support to the hinge member and the camera on the display screen.  |
| 19(c) | said hinge member rotating over a second axis of rotation relative to said support frame, | The hinge member rotates about a second axis of rotation (shown below) relative the support frame. |

4

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 5,880,783**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | the camera being maintained adjacent the edge, | <br>FIG. 2 |
| 19(d) | rotation of said support frame being prevented along an axis substantially parallel to said second axis where said second axis is substantially parallel to said edge. | When the "sliding hook plate 31" is in the position shown in Figs. 1 and 3, the support frame is mounted to the display screen with the camera being maintained adjacent the edge of the display screen.  *See id,* Fig. 3 and Col. 2:2-27.  In this position, the rotation of the support frame is prevented along an axis substantially parallel to the second axis where said second axis is substantially parallel to the edge.  *See id.*, Figs. 1 and 3, and Col. 1:35-37 and 2:23-27.<br><br>FIG. 3 |

5

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Design Patent No. D383,475**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| 1(p) | 1.  Apparatus for supporting a camera, having a lens, on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface, comprising: | United States Design Patent No. D383,475 ("the '475 patent") discloses an apparatus for supporting a camera having a lens.  Specifically, the camera supporting apparatus can provide support on any generally horizontal, substantially planar surface and on an object (*i.e.,* display screen) having a first surface and a second surface and an edge intersecting the first surface and the second surface.  Specifically, the supporting frame made up of a rear support element and two front support elements can be configured to provide support in two positions, one for the planar surface and the other for the edge of the display screen.  *See* '475 patent, Figs. 2 and 16, and p. 1 (description of the figures). |
| 1(a) | a. a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member; and | The '475 patent discloses a camera and hinge member.<br><br><br><br>Furthermore, it would have been obvious for one of ordinary skill in the art to adapt the hinge member to have it rotatably attached to the camera, so that the camera can be rotated in circular fashion in relation to the hinge through an axis of rotation. This would create another degree of freedom or additional adjustment for the camera supporting structure, and one of ordinary skill in the art would be motivated to make such modification.<br><br>*See* U.S. Patent No. 5,808,672 (disclosing a camera supporting structure with the camera head being "supported rotatably in the vertical direction or the horizontal direction relative to the holder").  *See id.* at Figs. 3-4, Abstract, Col. 2:36-38 and 3:39-42.  One of ordinary skill in the art would have been motivated to make such modification to include the teaching of the this reference with the '783 patent regarding the "first axis of rotation" because, for example, the modification would create another degree of freedom or additional adjustment for the camera supporting structure.<br><br>*See* U.S. Patent No. 4,493,542 (disclosing a camera with a camera body and a handle grip, where the body can be rotated |

6

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Design Patent No. D383,475**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | | relative to the handle grip through an angle of about 90°). *See id.* at Figs. 2-3 and 7-8, Abstract.  One of ordinary skill in the art would have been motivated to make such modification to the '783 patent to include the teaching of the '542 patent regarding the "first axis of rotation" because, for example, the modification would create another degree of freedom or additional adjustment for the camera supporting structure. |
| 1(b) | b. a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object, said hinge member rotating about a second axis of rotation relative to said support frame, said first axis of rotation being generally perpendicular to said second axis of rotation, said second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object, | The '475 patent discloses the claimed support frame, which comprises  a rear support element and two front support elements.<br><br><br>Rear Support Element<br>Front Support Elements<br><br>The support frame can be configured to provide support in two positions, one for the planar surface and the other for the edge of the display screen.  *See* '783 patent, Figs. 2 and 16, and p. 1 (description of the figures).  The support frame is rotatably attached to the hinge member and provides support to the hinge member and the camera.  *Id*   The hinge member rotates about a second axis of rotation (shown below) relative the support frame, with the second axis of rotation being generally perpendicular  to the first axis of rotation (shown below) and substantially parallel to the first surface:<br><br><br>First axis<br>Second axis |

7

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Design Patent No. D383,475**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| 1(c) | said support frame having a first disposition positioned on said generally horizontal, substantially planar surface, and | The support frame can be in various positions, including the two positions shown in Figs. 1 and 2 above.  When in the position shown in Fig. 2, the support frame is in the first disposition positioned on the planar surface. |
| 1(d) | said support frame having a second disposition attached to the object when said first surface and said second surface are inclined from a generally horizontal orientation, the camera being maintained adjacent said edge in said second disposition of said support frame. | When in the position shown in Figs. 1 and 16, the support frame has a second disposition attached to the display screen with its two surfaces inclined from a generally horizontal orientation as shown in Fig. 16.  In this position (the second disposition of the support frame), the camera can be mounted on the display screen and is maintained adjacent the edge of the display screen, as shown in Fig. 16.  *See id.,* Fig. 16 and p. 1 (describing Fig. 16 as "a fragmentary perspective view of the video camera placed on a fragmentary portion of a monitor shown in broken lines").  |
| 7(p) | 7. Apparatus according to claim 1 | The '475 patent discloses an apparatus according to claim 1. See above re: claim 1. |
| 7(a) | wherein the object is a display screen for a laptop computer, | The '475 patent discloses an apparatus capable of being used with a laptop display screen.  See above at 1(p) and 1(d). |
| 7(b) | and the second surface is the front of the display screen | The '475 patent discloses an apparatus capable of being used with a laptop display screen in which the second surface is the front of the display screen.  See above at 1(p) and 1(d). |
| 7(c) | and the first surface is the back of the display screen. | The '475 patent discloses an apparatus capable of being used with a laptop display screen in which the first surface is the back of the display screen.  See above at 1(p) and 1(d). |
| 8(p) | 8. Apparatus according to claim 1 | The '475 patent discloses an apparatus according to claim 1. See above re: claim 1. |
| 8(a) | wherein the hinge member includes a body having a proximal and a distal end, | The '475 patent discloses a hinge member (see above re hinge member) including a body having at least two ends, one end proximal to the camera and another end distal to the camera. For example, the pivot element (see below re: pivot element) is at the proximal end and the hinge element (see below re: hinge element) is at the distal end. |

8

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Design Patent No. D383,475**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | |  Camera  Hinge member |
| 8(b) | a pivot element at said proximal end of said body adapted to rotatably attach the camera to the body so that the camera rotates about the first axis relative to the body, | The '475 patent discloses a pivot element at the proximal end of the body of hinge member adapted to rotatably attach the camera to said body so that the camera rotates about the first axis (see above re first axis) relative to the body.  First axis |
| 8(c) | and a hinge element at said distal end of said body hingedly attaching said body to the support frame so that said body rotates, about the second axis, relative to the support frame. | The '475 patent discloses a hinge element at the distal end of the body hingedly attaching the body to the support frame so that the body rotates, about the second axis, relative to the support frame.  Hinge Element |
| 19(p) | 19. A camera clip for supporting a camera on a laptop computer, the laptop computer having a display screen which can be inclined from a generally horizontal position, an uppermost portion of the display screen defining an edge, comprising: | The '475 patent discloses a camera clip for supporting a camera on a laptop computer having a display screen that can be inclined from a generally horizontal position.  *See* discussion re: claim 1; *see also* Figs. 2 and 16. When inclined, the uppermost portion of the display screen defines an edge.  *See id.* |
| 19(a) | a. a hinge member adapted to be rotatably attached to the camera, | The '475 patent discloses a hinge member adapted to be rotatably attached to the camera to allow the camera to rotate about a first axis of rotation relative to the hinge member. |

9

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Design Patent No. D383,475**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | said camera rotating about a first axis of rotation relative to said hinge member; and |  Furthermore, it would have been obvious for one of ordinary skill in the art to adapt the hinge member to have it rotatably attached to the camera, so that the camera can be rotated in circular fashion in relation to the hinge through an axis of rotation. This would create another degree of freedom or additional adjustment for the camera supporting structure, and one of ordinary skill in the art would be motivated to make such modification.<br><br>*See* U.S. Patent No. 5,808,672 (disclosing a camera supporting structure with the camera head being "supported rotatably in the vertical direction or the horizontal direction relative to the holder"). *See id.* at Figs. 3-4, Abstract, Col. 2:36-38 and 3:39-42. One of ordinary skill in the art would have been motivated to make such modification to include the teaching of the this reference with the '783 patent regarding the "first axis of rotation" because, for example, the modification would create another degree of freedom or additional adjustment for the camera supporting structure.<br><br>*See* U.S. Patent No. 4,493,542 (disclosing a camera with a camera body and a handle grip, where the body can be rotated relative to the handle grip through an angle of about 90°). *See id.* at Figs. 2-3 and 7-8, Abstract. One of ordinary skill in the art would have been motivated to make such modification to the '783 patent to include the teaching of the '542 patent regarding the "first axis of rotation" because, for example, the modification would create another degree of freedom or additional adjustment for the camera supporting structure. |
| 19(b) | b. a support frame hingedly attached to said hinge member to engagingly support said | The '475 patent discloses the claimed support frame, which comprises a rear support element and two front support elements. |

10

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Design Patent No. D383,475**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | hinge member on the display screen, | Rear Support Element<br><br>Front Support Elements |
| 19(c) | said hinge member rotating over a second axis of rotation relative to said support frame, the camera being maintained adjacent the edge, | The hinge member rotates about a second axis of rotation (shown below) relative the support frame.<br><br>Second axis |
| 19(d) | rotation of said support frame being prevented along an axis substantially parallel to said second axis where said second axis is substantially parallel to said edge. | When the support frame is in the position shown in Figs. 1 and 16, the support frame is mounted to the display screen with the camera being maintained adjacent the edge of the display screen. *See id,* Fig. 16 and Col. 2:2-27.  In this position, the rotation of the support frame is prevented along an axis substantially parallel to the second axis where said second axis is substantially parallel to the edge. *See id.*, Fig. 16, Fig. 1.<br><br> |

11

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 4,526,308**
**Under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| 1(p) | 1.  Apparatus for supporting a camera, having a lens, on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface, comprising: | United States Patent No. 4,526,308 ("the '308 patent") discloses an apparatus for supporting a camera having a lens. Specifically, the camera supporting apparatus (i.e., "camera support 10") can provide support on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface.  In the '308 patent, the object is a person's body and the edge is the shoulder.  *See* '308 patent, Fig. 1 and col. 2:7-11.  Specifically, the supporting frame made up of a U-shaped tube 16, upper shoulder tubes 44, 46, and lower shoulder tubes 56, 58 and can be configured to provide both types of supports, as shown in Fig. 1 (on the shoulder) and Fig. 5 (on planar surface).  *See id.*, Figs. 1 and 5, col. 1:34-46. |
| 1(a) | a. a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member; and | The '308 patent discloses a hinge member adapted to be rotatably attached to the camera 14 to allow the camera to rotate about a first axis of rotation relative to the hinge member. Specifically, mounting tube 42 and/or the mounting means 22 is rotatably attached to the camera.  This allows the camera to rotate about a first axis of rotation relative to the hinge member.  In Fig. 2, arrow 80 shows this rotation, which is available through the use of a cam lock.  *See id.*, col. 4:28-31.  The rotation of the camera along the claimed "first axis of rotation" is shown clearly when comparing Fig. 4 and Fig. 5 of the '308 patent, when the camera is rotated 180°.  *See id.*, Figs. 1-2 and 4-5.  Furthermore, the mounting means 22 further provides 360° rotation about each of the three perpendicular axes," which would also include the claimed "first axis of rotation."  *See id.* at Col. 2:23-25. |
| 1(b) | b. a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object, said hinge member rotating about a second axis of rotation relative to said support frame, said first axis of rotation being generally perpendicular to said second axis of rotation, | The '308 patent discloses the claimed support frame comprising a U-shape tube 16, upper shoulder tubes 44, 46, and lower shoulder tubes 56, 58.  The support frame can be configured to provide both types of supports, as shown in Fig. 1 (on the shoulder) and Fig. 5 (on planar surface).  *See /d.,* Figs. 1 and 5, Col. 1:34-46.  The support frame is rotatably attached to the hinge member and provides support to the hinge member and the camera.  The hinge member rotates about a second axis of rotation (see below) relative to the support frame, with the second axis of rotation being generally perpendicular to the first axis of rotation (see below) and substantially parallel to the first surface.  In particular, the mounting means 22 is capable of providing 360° rotation about "each of the three perpendicular axes," which would include the claimed "second axis of rotation." |

12

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 4,526,308**
**Under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | said second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object, | *See id.* at Col. 2:23-25.<br><br><br><br>First axis<br><br>Second axis |
| 1(c) | said support frame having a first disposition positioned on said generally horizontal, substantially planar surface, and | In the position shown in Figs. 4 and 5, the support frame is in the first disposition positioned on the planar surface. *See id.*, Figs. 4 and 5 and Col. 3:57-4:18.<br><br> |
| 1(d) | said support frame having a second disposition attached to the object when said first | In the position shown in Fig. 1, the support frame has a second disposition attached to the object, or the human body, with the front body surface and back body surface inclined from a generally horizontal orientation as shown in Fig. 1.  In |

13

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 4,526,308**
**Under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | surface and said second surface are inclined from a generally horizontal orientation, the camera being maintained adjacent said edge in said second disposition of said support frame. | this position (the second disposition of the support frame), the camera can be mounted on the shoulder and is maintained adjacent the edge of body, as shown in Fig. 1. *See id.,* Fig. 1, Abstract, and Col. 2:7-11.<br><br><br><br>*Fig-1* |
| 7(p) | 7. Apparatus according to claim 1 | The '308 patent discloses an apparatus according to claim 1. See above re: claim 1. |
| 7(a) | wherein the object is a display screen for a laptop computer, | The '308 patent discloses an apparatus capable of being used with an object (the human body). See above at 1(p) and 1(d). It would have been obvious for one of ordinary skill in the art to reduce the proportional size of the structure disclosed in the '308 patent such that it would be usable on laptop display screen in the same way that the '308 patent discloses for on humans.<br>*See* U.S. Patent No. 5,880,783<br>*See* U.S. Design Patent No. D383,475<br>*See* U.S. Patent No. 5,808,672 |
| 7(b) | and the second surface is the front of the display screen | The '308 patent discloses an apparatus capable of being used with a second surface (the front of the human body). See above at 1(p) and 1(d). It would have been obvious for one of ordinary skill in the art to reduce the proportional size of the structure disclosed in the '308 patent such that it would be usable on laptop computers with a second surface being the front of a display screen in the same way that the '308 patent discloses for the front of humans.<br>*See* U.S. Patent No. 5,880,783<br>*See* U.S. Design Patent No. D383,475<br>*See* U.S. Patent No. 5,808,672 |
| 7(c) | and the first surface is the back of the display screen. | The '308 patent discloses an apparatus capable of being used with a first surface (the back of the human body). See above at 1(p) and 1(d). It would have been obvious for one of ordinary skill in the art to reduce the proportional size of the |

14

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 4,526,308**
**Under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | | structure disclosed in the '308 patent such that it would be usable on laptop computers with a first surface being the back of a display screen in the same way that the '308 patent discloses for the back of humans.<br>*See* U.S. Patent No. 5,880,783<br>*See* U.S. Design Patent No. D383,475<br>*See* U.S. Patent No. 5,808,672 |
| 8(p) | 8. Apparatus according to claim 1 | The '308 patent discloses an apparatus according to claim 1. See above re: claim 1. |
| 8(a) | wherein the hinge member includes a body having a proximal and a distal end, | The '308 patent discloses a hinge member (see above re hinge member) including a body having at least two ends, one end proximal to the camera and another end distal to the camera. For example, the camera 14 is attached to a bayonet mount at the proximal end of mounting tube 42, which is attached to a U-shape tube 16 at the distal end by mounting means 22. *See id.* at Fig. 1 and Fig. 5.<br><br> |
| 8(b) | a pivot element at said proximal end of said body adapted to rotatably attach the camera to the body so that the camera rotates about the first axis relative to the body, | The '308 patent discloses a pivot element at the proximal end of the body of hinge member adapted to rotatably attach the camera to said body so that the camera rotates about the first axis (see above re first axis) relative to the body. For example, the camera 14 is attached to a bayonet mount at the proximal end of mounting tube 42, and rotates around a first axis relative to the body. *See id.* at Fig. 1; col. 2:65-67. |

15

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 4,526,308**
**Under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | | <br>*Fig-1* |
| 8(c) | and a hinge element at said distal end of said body hingedly attaching said body to the support frame so that said body rotates, about the second axis, relative to the support frame. | The '308 patent discloses a hinge element at the distal end of the body hingedly attaching the body to the support frame so that the body rotates, about the second axis, relative to the support frame. *See id.* at Fig. 1; Fig. 5; col. 2:27-38.<br><br><br>*Fig-1* |
| 19(p) | 19. A camera clip for supporting a camera on a laptop computer, the laptop computer having a display screen which can be inclined from a generally horizontal position, an uppermost portion of the display screen defining an edge, comprising: | The '308 patent discloses a camera clip for supporting a camera on a human body. *See* above at 1(p).  It would have been obvious for one of ordinary skill in the art to reduce the proportional size of the structure disclosed in the '308 patent such that it would be usable on laptop computers having a display screen, which can be inclined from a generally horizontal position and with an uppermost portion of the display screen defining an edge, in the same way that the '308 patent discloses for on humans. *See* U.S. Patent No. 5,880,783 *See* U.S. Design Patent No. D383,475 *See* U.S. Patent No. 5,808,672 |
| 19(a) | a. a hinge member adapted to be rotatably | The '308 patent discloses a hinge member adapted to be rotatably attached to the camera to allow the camera to rotate |

16

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 4,526,308**
**Under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | attached to the camera, said camera rotating about a first axis of rotation relative to said hinge member; and | about a first axis of rotation relative to the hinge member. Specifically, mounting tube 42 and/or the mounting means 22 is rotatably attached to the camera.  This allows the camera to rotate about a first axis of rotation relative to the hinge member.  In Fig. 2, arrow 80 shows this rotation, which is available through the use of a cam lock.  *See id.,* col. 4:28-31.  The rotation of the camera along the claimed "first axis of rotation" is shown clearly when comparing Fig. 4 and Fig. 5 of the '308 patent, when the camera is rotated 180°.  *See id.,* Figs. 1-2 and 4-5.  Furthermore, the mounting means 22 further provides 360° rotation about each of the three perpendicular axes," which would also include the claimed "first axis of rotation."  *See id.* at col. 2:23-25.<br><br> |
| 19(b) | b. a support frame | The '308 patent discloses the claimed support frame, which |

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 4,526,308**
**Under 35 U.S.C. 102 and/or 103**

|  | Claim Language | Disclosure in Prior Art |
|---|---|---|
|  | hingedly attached to said hinge member to engagingly support said hinge member on the display screen, | comprises a U-shape tube 16, upper shoulder tubes 44, 46, and lower shoulder tubes 56, 58.  The support frame can be configured to provide both types of supports, as shown in Fig. 1 (on the shoulder) and Fig. 5 (on planar surface).  *See /d.,* Figs. 1 and 5, Col. 1:34-46.  The support frame is rotatably attached to the hinge member and provides support to the hinge member and the camera.<br><br>It would have been obvious for one of ordinary skill in the art to reduce the proportional size of the structure disclosed in the '308 patent such that it would be usable on laptop display screen in the same way that the '308 patent discloses for on humans.<br>*See* U.S. Patent No. 5,880,783<br>*See* U.S. Design Patent No. D383,475<br>*See* U.S. Patent No. 5,808,672 |

18

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 4,526,308**
**Under 35 U.S.C. 102 and/or 103**

| 19(c) | said hinge member rotating over a second axis of rotation relative to said support frame, the camera being maintained adjacent the edge, | The hinge member rotates about a second axis of rotation (see below) relative the support frame, with the second axis of rotation being generally perpendicular to the first axis of rotation (see below) and substantially parallel to the first surface. In particular, the mounting means 22 is capable of providing 360° rotation about "each of the three perpendicular axes," which would include the claimed "second axis of rotation." *See id.* at Col. 2:23-25. |
|---|---|---|
| | |  |
| 19(d) | rotation of said support frame being prevented along an axis substantially parallel to said second axis where said second axis is | The rotation of the support frame is prevented along an axis substantially parallel to the second axis where said second axis is substantially parallel to the edge, as shown in Figure 1. *See id.*, Fig. 1. |

19

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**U.S. Patent No. 4,526,308**
**Under 35 U.S.C. 102 and/or 103**

| | | |
|---|---|---|
| | substantially parallel to said edge. |  |

20

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**Japanese Unexamined Utility Model Publication H2-19997 ("Irifune")**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| 1(p) | 1.  Apparatus for supporting a camera, having a lens, on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface, comprising: | Japanese Unexamined Utility Model Publication H2-19997 ("Irifune") discloses an apparatus for supporting a camera having a lens on a generally horizontal, substantially planar surface.<br><br><br><br>Irifune discloses an apparatus for supporting a camera having a lens on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface |

21

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**Japanese Unexamined Utility Model Publication H2-19997 ("Irifune")**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | |  |
| 1(a) | a. a hinge member adapted to be rotatably attached to the camera, said camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to said hinge member; and | Irifune discloses a hinge member adapted to be rotatably attached to a camera, the camera, when the hinge member is so attached, rotating, about a first axis of rotation, relative to the hinge member.  |
| 1(b) | b. a support frame rotatably attached to said hinge member and configured to support said hinge member on the surface and the object, said hinge member rotating about a second axis of rotation relative to said support frame, said first axis of rotation being generally | Irifune discloses a support frame rotatably attached to the hinge member and configured to support the hinge member on the surface and the object, the hinge member rotating about a second axis of rotation relative to said support frame, the first axis of rotation being generally perpendicular to said second axis of rotation, said second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object. |

22

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**Japanese Unexamined Utility Model Publication H2-19997 ("Irifune")**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | perpendicular to said second axis of rotation, said second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object, |  |
| 1(c) | said support frame having a first disposition positioned on said generally horizontal, substantially planar surface, and | Irifune discloses a first disposition positioned on the generally horizontal, substantially planar surface.  |
| 1(d) | said support frame having a second disposition attached to the object when said first surface and said second surface are inclined from a generally horizontal orientation, the camera being maintained adjacent said edge in said second disposition of said support frame. | Irifune discloses a second disposition attached to the object when the first surface and the second surface are included from a generally horizontal orientation, the camera being maintained adjacent said edge in said second disposition of said support arm. |

23

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**Japanese Unexamined Utility Model Publication H2-19997 ("Irifune")**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | |  |
| 7(p) | 7. Apparatus according to claim 1 | Irifune discloses an apparatus according to claim 1. See above re: claim 1. |
| 7(a) | wherein the object is a display screen for a laptop computer, | Irifune discloses an apparatus capable of being used with a laptop display screen. See above at 1(p) and 1(d).<br><br><br><br>It would have been obvious for one of ordinary skill in the art to combine Irifune with a laptop display screen in the same way as for other planar vertical surfaces as disclosed in Irifune.<br>See U.S. Patent No. 5,880,783<br>See U.S. Design Patent No. D383,475<br>See U.S. Patent No. 5,808,672 |
| 7(b) | and the second surface is the front of the display screen | Irifune discloses an apparatus capable of being used with a laptop display screen in which the second surface is the front of the display screen. See above at 1(p) and 1(d). |

24

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**Japanese Unexamined Utility Model Publication H2-19997 ("Irifune")**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | |  It would have been obvious for one of ordinary skill in the art to combine Irifune with a laptop display screen in the same way as for other planar vertical surfaces as disclosed in Irifune.<br>See U.S. Patent No. 5,880,783<br>See U.S. Design Patent No. D383,475<br>See U.S. Patent No. 5,808,672 |
| 7(c) | and the first surface is the back of the display screen. | Irifune discloses an apparatus capable of being used with a laptop display screen in which the first surface is the back of the display screen.  See above at 1(p) and 1(d).  It would have been obvious for one of ordinary skill in the art to combine Irifune with a laptop display screen in the same way as for other planar vertical surfaces as disclosed in Irifune.<br>See U.S. Patent No. 5,880,783 |

25

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**Japanese Unexamined Utility Model Publication H2-19997 ("Irifune")**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | | See U.S. Design Patent No. D383,475 <br> See U.S. Patent No. 5,808,672 |
| 8(p) | 8. Apparatus according to claim 1 | Irifune discloses an apparatus according to claim 1.  See above re: claim 1. |
| 8(a) | wherein the hinge member includes a body having a proximal and a distal end, | Irifune discloses a hinge member including a body having a proximal end and a distal end. <br><br>  |
| 8(b) | a pivot element at said proximal end of said body adapted to rotatably attach the camera to the body so that the camera rotates about the first axis relative to the body, | Irifune discloses a pivot element at the proximal end of the body of hinge member adapted to rotatably attach the camera to said body so that the camera rotates about the first axis (see above re first axis) relative to the body. <br><br>  |
| 8(c) | and a hinge element at said distal end of said body hingedly attaching | Irifune discloses a hinge element at the distal end of the body hingedly attaching the body to the support frame so that the body rotates, about the second axis, relative to the support |

26

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**Japanese Unexamined Utility Model Publication H2-19997 ("Irifune")**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | said body to the support frame so that said body rotates, about the second axis, relative to the support frame. | frame.<br><br><br><br>Hinge element |
| 19(p) | 19. A camera clip for supporting a camera on a laptop computer, the laptop computer having a display screen which can be inclined from a generally horizontal position, an uppermost portion of the display screen defining an edge, comprising: | Irifune discloses a camera clip for supporting a camera on a laptop computer having a display screen (with an uppermost portion defining an edge) that can be inclined from a generally horizontal position. *See* above at 1(p) and 1(d)<br><br>It would have been obvious for one of ordinary skill in the art to combine Irifune with a laptop display screen in the same way as for other planar vertical surfaces as disclosed in Irifune.<br>See U.S. Patent No. 5,880,783<br>See U.S. Design Patent No. D383,475<br>See U.S. Patent No. 5,808,672 |
| 19(a) | a. a hinge member adapted to be rotatably attached to the camera, said camera rotating about a first axis of rotation relative to said hinge member; and | Irifune discloses a hinge member adapted to be rotatably attached to the camera to allow the camera to rotate about a first axis of rotation relative to the hinge member. |

27

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**Japanese Unexamined Utility Model Publication H2-19997 ("Irifune")**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | |  First axis |
| 19(b) | b. a support frame hingedly attached to said hinge member to engagingly support said hinge member on the display screen, | Irifune discloses a support frame hingedly attached to the hinge member to engagingly support said hinge member on the display screen.  Support frame |
| 19(c) | said hinge member rotating over a second axis of rotation relative to said support frame, the camera being maintained adjacent the edge, | The hinge member rotates about a second axis of rotation relative the support frame.  (See above). |

28

**Invalidity of Asserted Claims of the '343 Patent In View Of:**
**Japanese Unexamined Utility Model Publication H2-19997 ("Irifune")**
**under 35 U.S.C. 102 and/or 103**

| | Claim Language | Disclosure in Prior Art |
|---|---|---|
| | |  |
| 19(d) | rotation of said support frame being prevented along an axis substantially parallel to said second axis where said second axis is substantially parallel to said edge. | The rotation of the support frame is prevented along an axis substantially parallel to the second axis where said second axis is substantially parallel to the edge. (See above).  For example, as shown in the figures, when attached to a vertical, planar object such as a display screen, rotation is prevented along an axis parallel to the edge of the screen due to the presence of the object.  |

29