# EXHIBIT 1



**Parsons Behle & Latimer®**

A PROFESSIONAL
LAW CORPORATION

960 Broadway Avenue, Suite 250
Boise, ID 83706
Telephone (208) 562-4900
Facsimile (208) 562-4901

**Dana M. Herberholz**
**Registered Patent Attorney**
Direct (208) 562-4906
DHerberholz@parsonsbehle.com

August 31, 2012

The Honorable Leonard Davis
Chief Judge
William M. Steger Federal Building
211 W. Ferguson
Third Floor
Tyler, TX 75702

Dear Judge Davis:

Defendants Newegg Inc., Newegg.com Inc., and Rosewill Inc., (collectively, "Newegg") respectfully request permission to file a motion for summary judgment of non-infringement of all asserted claims U.S. Pat. No. 5,855,343 (the "'343 patent"). It is important to note that this letter does not set forth each of the various theories under which the Court may find Newegg does not infringe, only those theories which may be appropriately determined by way of summary judgment.

Newegg is a leading electronics-focused e-retailer in the United States, headquartered in the City of Industry, California. Plaintiff accuses Newegg of infringing claims 1, 7, and 19 of the '343 Patent (the "Asserted Claims") by selling the following webcam clips and iterations thereof: (1) Hercules Classic; (2) Hercules Dualpix; (3) iMicro IMV6/ZBO29; (4) iMicro CH-8118, and (5) Rosewill RCM-8163. As Newegg's non-infringement expert has opined, all accused Newegg products, with the exception of the iMicro IMV6/ZB029, contain a webcam connected to a clip via a ball-and-socket joint. These products are referred to as the "Ball-and-Socket Clips" and clearly do not infringe any of the Asserted Claims.

First, the "Ball-and-Socket Clips do not include a webcam "rotatably attached" to a "hinge member" as the Court has construed those terms and, therefore, cannot infringe any of the Asserted Claims. Second, the accused webcam clips do not include a first axis of rotation or a second axis of rotation, as the Asserted Claims require. Accordingly, Newegg does not infringe any of the Asserted Claims as a matter of law and, therefore, the Court should allow Newegg to file a motion for summary judgment of non-infringement.

## I.  NEWEGG'S BALL-AND-SOCKET CLIPS DO NOT INFRINGE THE '343 PATENT

To establish literal infringement, all elements of a claim, as properly construed, must be present in the accused product. *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc*., F.3d 1005,

August 31, 2012
Page 2

1018 (Fed. Cir. 2006).  Here, each of the Asserted Claims contains common elements that cannot be found in any of the accused webcam clips.  In particular, claim 1 of the '343 Patent requires "a hinge member . . . rotatably attached to [a] camera," where the camera rotates relative to the hinge member "about a first axis of rotation."  Claim 1 also requires "a support frame rotatably attached to said hinge member, . . . said hinge member rotating about a second axis of rotation relative to said support frame."  While the court did not explicitly construe the term "rotatably attached," the Court held that "'rotatably attached' objects in the patent-in-suit are limited to a single axis of rotation." (Dkt. 627 at 10).

In his report on the issue of infringement, Plaintiff's expert, Dr. John Muskivitch, identifies the ball and stem of Newegg's products as the "hinge member."  But the ball and stem of the Ball-and-Socket Clips is not rotatably attached to both a camera and to a support frame, as required by the Asserted Claims.  Rather, the ball-and-socket configuration of these devices comprises a stem that is *fixed* to a camera.  The bottom of the stem forms a ball which fits into a corresponding socket in the camera clip, thereby forming a ball-and-socket joint that rotates about multiple axes.  The stem does not rotate independent of, or relative to, either the ball or the camera and, therefore, is not "rotatably attached to the camera" as the Asserted Claims require.

This ball-and-socket configuration is illustrated in the following photographs of the accused Rosewill RCM-8163 and Hercules Classic webcams, as annotated by Newegg's non-infringement expert, John Hamilton.  These webcams are exemplary of the ball-and-socket clips Plaintiff accuses of infringement.



Further, as Mr. Hamilton explained in detail in his non-infringement report, the rotation of the stem relative to the "support frame" is not "limited to a single axis of rotation."  Therefore, the stem is not "rotatably attached" to the "support frame."  As is clearly evident by the above figures, these accused Ball-and-Socket Clips are distinctly different from the invention claimed in the '343 Patent.  As illustrated in Figures 1 and 2 of the '343 Patent, the webcam clip disclosed in the '343 Patent is such that the camera rotates in a left-to-right motion relative to the hinge member (16)

August 31, 2012
Page 3

about a single axis (the "first axis of rotation") (28) and in an up-and-down motion about a separate, single axis (the "second axis of rotation") (32):



Accordingly, because the camera connected the accused Ball-and-Socket Clips cannot rotate relative to what Dr. Muskivitch identifies as the hinge member, the accused the camera is not "rotatably attached" to the hinge member.  And because what Dr. Muskivitch identifies as the hinge member is not "rotatably attached" to what he identifies as the support frame of the Ball-and-Socket clip, the accused Ball-and-Socket Clips do not infringe claim 1 as a matter of law.

Claims 7 is dependent upon claim 1.  Like claim 1, claim 7 requires a "hinge member" rotatably attached to a camera and rotatably attached to a support frame.  Therefore, the accused Ball-and-Socket Clips do not infringe claim 7 of the '343 Patent for the same reasons they do not infringe claim 1.

Furthermore, the accused Ball-and-Socket Clips do not infringe claim 19 of the '343 Patent, which includes substantially similar limitations to claim 1.  As a threshold matter, claim limitations 1(a) and 19(a) are identical.  Like claim 1, claim 19 requires a hinge member "rotatably attached" to a camera such that the camera rotates "about a first axis of rotation relative to [said] hinge member." Accordingly, for the same reasons described above in connection with claim 1, the accused Ball-and-Socket Clips do not satisfy this limitation and, therefore, do not infringe claim 19.

Claim 19 differs from claim 1 in that claim 19 requires a support frame that is "hingedly attached" to the hinge member.  The accused Ball-and-Socket Clips also do not infringe claim 19 because they contain no such "hinged attachment."  Indeed, the parties agreed that "hingedly attached" means "connected via a hinge joint."  But what Plaintiff's expert identifies as the hinge member (the ball and stem) does not connect to what he identifies as the support frame via a hinge

August 31, 2012
Page 4

joint. Instead, as described above, those components connect via a ball-and-socket joint, which has multiple axes of rotation and is fundamentally different that a hinge joint.

For these reasons, the accused ball-and-socket clips do not infringe the Asserted Claims.

## II.   NEWEGG'S PAN-AND-TILT CAMERA DOES INFRINGE THE ASSERTED CLAIMS

Newegg's allegedly infringing pan-and-tilt camera (the iMicro IMV6/ZB029, hereinafter "iMicro") does not meet all of the limitations of any one of the Asserted Claims. Similar to the accused Ball-and-Socket Clips discussed above, the iMicro device does not comprise a structural element rotatably attached to a camera and rotatably attached to a support frame, wherein the rotation of the various elements define a first axis and a second axis, as required by the Asserted Claims. For example, as Mr. Hamilton explained in his non-infringement report, the iMicro does not infringe claim 1 of the '343 Patent because what Dr. Muskvitch identifies as the "second axis of rotation" of that device is not "substantially parallel to the first surface when said hinge member is supported on the object" (for example, a laptop) as claim 1 requires. This is illustrated in the following annotated photograph from Mr. Hamilton's report:



For the foregoing reasons, the Defendants respectfully request that the Court permit the Defendants to file a motion for summary judgment of non-infringement of all asserted claims U.S. Pat. No. 5,855,343.

Respectfully,

*/s/ Dana M. Herberholz*

Dana M. Herberholz

4824-5171-4832.2