IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM LLC, | § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 6:10-cv-00329 |
| AMAZON.COM, INC., et al., | § § | |
| Defendants. | § § | |

### DEFENDANTS' NOTICE OF COMPLIANCE
### WITH COURT'S MOTION PRACTICE ORDER

In compliance with the Court's Standing Order Regarding Letter Briefs and Order on Joint Motion to Amend Docket Control Order (Doc. 660), Defendant, Sakar International, Inc., files this Notice of its Opposition Letter Brief to the Court requesting permission to file an Opposition to plaintiff's Daubert Motion and Opposition to Plaintiff's Motion to Strike certain invalidity opinions of defendant's invalidity expert. A copy of Sakar's Opposition Letter Brief s attached as Exhibit 1, along with Exhibits A and B.

Dated: September 14, 2012           Respectfully submitted,

/s/ Ezra Sutton
Ezra Sutton, Esq.
Ezra Sutton & Associates, P.A.
900 Route 9 North
Plaza 9, Suite 201
Woodbridge, NJ 07095
Telephone: (732) 634-3520
Facsimile: (732) 634-3511
Email: esutton@ezrasutton.com

Attorney for Sakar International, Inc., Kohl's Illinois, Inc., & Kohl's Corporation, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this 14th day of September, 2012. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

/s/ Ezra Sutton
Ezra Sutton

LAW OFFICES
# EZRA SUTTON, P. A.
A PROFESSIONAL CORPORATION
900 ROUTE 9
WOODBRIDGE, NEW JERSEY 07095

EZRA SUTTON*
JOSEPH SUTTON**
ANTHONY M. MORANO*

*N.J. AND N.Y. BARS
**N.J. BAR AND N.Y. FEDERAL BARS

PATENTS
TRADEMARKS
COPYRIGHTS
LICENSING

(732) 634-3520
FAX: (732) 634-3511
www.ezrasutton.com

September 14, 2012

The Honorable Leonard Davis
Chief District Judge
William M. Steger Federal Building
and United States Courthouse
211 W. Ferguson, Third Floor
Tyler, Texas 75702

    Re:    *Adjustacam LLC v. Amazon.com, Inc. et al.*
           Civil Action No. 6:10-cv-00329

Dear Judge Davis:

    Defendant Sakar International, Inc. ("Sakar") respectfully submits this Letter Brief in opposition to Plaintiff's Letter Brief filed on August 31, 2012, wherein Plaintiff proposed a Daubert motion and motion to strike certain invalidity opinions of Defendants' invalidity expert Dr. Klopp. The reasons for the Opposition is that the invalidity opinions of Dr. Klopp are well supported, are reliable, and clearly meet the standard of expert testimony set forth in the Daubert case, as briefly explained below.

### I.    DR. KLOPP'S OPINIONS THAT YAMAUCHI ANTICIPATES CLAIMS 1, 7, 8, AND 19 ARE RELIABLE OPINIONS

    Yamauchi teaches to one skilled in the art all of the claim limitations of claims 1 and 19 of the '343 patent, including a hinge member (the 2 arms in Yamauchi are shown to pivot relative to the hinge member); the hinge member is rotatably attached to the camera (compare the different positions of the camera in Figures 1 and 2 of Yamauchi) about a first axis rotation; and a support frame (the two arms) rotatably attached to the hinge member, about a second axis of rotation. Thus, the drawing figures of Yamauchi anticipate all of the claim limitations of independent claims 1 and 19, word for word.

    As to dependent claim 7, the laptop computer or monitor is shown in broken lines in figure 16 of Yamauchi.

    As to dependent claim 8, the Yamauchi camera has a hinge member and a "pivot element" rotatably attached to the camera; and the hinge element is hingedly attached to the support frame (the 2 legs).

Also, Plaintiff's Letter Brief fails to explain which elements of claims 1, 7, 8, and 19 are not taught by Yamauchi in order to support Plaintiff's argument that Yamauchi does not anticipate these claims.

Therefore, Dr. Klopp's Report and Opinion are correct that Yamauchi does anticipate all of the elements of claims 1, 7, 8, and 19.

## II. DR. KLOPP'S OBVIOUSNESS COMBINATIONS ARE FULLY SUPPORTED IN HIS EXPERT REPORT

Defendant's Invalidity Contentions set forth all of the opinions that Defendants were aware of at the time they were prepared on July 23, 2011. However, at that time, the Defendants reserved their rights to supplement their invalidity contentions based on new references that came to Defendants attention or to the attention of their expert witness. Thus, Plaintiff's objections to Defendant's obviousness rejections, including those of Defendants expert are not well founded. Attached as Exhibit A is the first 3 pages of Defendant's Invalidity Contentions, which clearly state that:

> "These Invalidity Contentions are submitted without prejudice to Defendants' right to produce and to refer to at trial, or at any other hearing, any evidence, facts, documents, or information not yet discovered or not yet determined to be relevant by Defendants or their respective counsel."

> "Defendants reserve their rights to amend their Invalidity Contentions as may be appropriate …"

Opinion 2 of Dr. Klopp is an obvious rejection based on the Ma '783 patent. This rejection is fully explained in his expert report, for Plaintiff to respond to.

Opinion 3 of Dr. Klopp is an obvious rejection based on Yamauchi, in combination with camera head panning. This rejection is fully explained in his expert report, for Plaintiff to respond to.

Also, Plaintiff's expert on validity had a full opportunity to respond to these combinations based on obviousness.

## III. THE U.S. PATENT OFFICE ISSUED A FINAL REJECTION OF ASSERTED CLAIMS 1, 7, 8, AND 19 OF THE PATENT IN SUIT ON AUGUST 30, 2012

The '343 patent has been re-examined by the U.S. Patent Office, including claims 1, 7, 8, and 19 asserted in this lawsuit. On August 30, 2012, the U.S. Patent Office issued a final rejection of claims 1, 7, 8, and 19. See copy of final rejection attached as Exhibit B.

The final rejection by the U.S. Patent Office was issued after two prior non-final rejections by the U.S. Patent Office, and was issued after 1 ¾ years of re-examination which started on December 6, 2010 during which time the patent Examiner used his expertise to

thoroughly analyze the new prior art. In addition, the U.S. Patent Examiner is a neutral expert in this field of technology, and the Examiner has considered and rejected all of the lengthy arguments submitted by the Plaintiff over the last 1 ¾ years. This is independent proof of invalidity and should be admissible into evidence. Such evidence clearly rebuts the presumption of validity. See *Dow Jones v. Albaise, Ltd.,* 606 F.3d 1338, n. 3 (Fed. Cir. 2010). See also *In Flo Healthcare Solutions v. Rioux Vision, Inc.,* No. 1:06-cv-02600, at 50 (N.D. GA 2009) (because of the final rejection, the jury should be able to consider the evidence and give whatever weight they choose to that evidence).

The final rejection by the Patent Office of claims 1, 2, 5, 6, 8, 10, 14-17, and 19 is based on the Irifune publication in Japan under 35 U.S.C. 102, and the final rejection of claim 7 is based on Irifune in view of Ma under 35 U.S.C. 103.

Based on this final rejection by the U.S. Patent Office, in which the expert Examiner has reconsidered their prior decision in 1999 to grant this patent, it is submitted that the Court should consider this probative evidence based on new prior art. Also, it would be inequitable for Adjustacam to continue with this case, and the claims in suit should be withdrawn. Adjustacam is not entitled to an injunction or damages based on an incorrect decision of the U.S. Patent Office made on January 5, 1999, which has now been set aside based on new prior art. The same government agency that granted the patent in 1999 has now rejected it in 2012, based on new evidence that the U.S. Patent Office did not have in 1999.

At a minimum, the presumption of validity no longer applies to these re-examined claims 1, 7, 8, and 19, as decided by the Federal Circuit. See *Dow Jones,* 606 F.3d at n. 3.

Respectfully submitted,

/s/ Ezra Sutton
EZRA SUTTON, Esq.
EZRA SUTTON, P. A.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel: 732-634-3520
Fax: 732-634-3511
Email: esutton@ezrasutton.com

*Attorneys for Defendant Sakar International, Inc., Kohl's Illinois, Inc., & Kohl's Corporation, Inc.*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CN/ECF system per Local Rule CV-5(a)(3) this 14th day of September, 2012.

/s/ *Ezra Sutton*
Ezra Sutton