# EXHIBIT B



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,366 | 12/06/2010 | 5855343 | 20145.0001.EP343 | 7040 |

7590        08/30/2012

HIMANSHU AMIN, LLC
127 Public Square
57th Floor
Cleveland, OH  44114

*343*

| EXAMINER |
|---|

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED: 08/30/2012

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

*EX: B*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,316 | 12/30/2010 | 5855343 | 76958.00001 | 5680 |

7590          08/30/2012

HIMANSHU AMIN, LLC
127 Public Square
57th Floor
Cleveland, OH  44114

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER NUMBER |
|---|---|
|  |  |

DATE MAILED: 08/30/2012

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

PAUL HASTINGS JANOFSKY & WALKER LLP
875 15th Street, NW
Washington, DC 20005

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/011,316 and 90/011,366*.

PATENT NO. *5855343*.

ART UNIT *3993*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Tracy W. Druce
Novak Druce & Quigg, LLP
1000 Louisiana Street, 53rd Floor
Houston, TX 77002

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/011,366 and 90/011,316*.

PATENT NO. *5855343*.

ART UNIT *3993*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Office Action in Ex Parte Reexamination* | Control No.<br>90/011,316 and 90/011,366 | Patent Under Reexamination<br>5855343 |
| | Examiner<br>WILLIAM DOERRLER | Art Unit<br>3993 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a☒ Responsive to the communication(s) filed on <u>20 July 2012</u> .     b☒ This action is made FINAL.
c☐ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire <u>2</u> month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.

Part I     THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☐ Notice of References Cited by Examiner, PTO-892.     3. ☐ Interview Summary, PTO-474.

2. ☐ Information Disclosure Statement, PTO/SB/08. · 4. ☐ _____ .

Part II     SUMMARY OF ACTION

1a. ☒ Claims <u>1,2,5-8,10,14-17,19 and 22-48</u> are subject to reexamination.

1b. ☒ Claims <u>3,4,9,11-13,18,20 and 21</u> are not subject to reexamination.

2. ☐ Claims _____ have been canceled in the present reexamination proceeding.

3. ☒ Claims <u>22-48</u> are patentable and/or confirmed.

4. ☒ Claims <u>1,2,5-8,10,14-17 and 19</u> are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ The drawings, filed on _____ are acceptable.

7. ☐ The proposed drawing correction, filed on _____ has been (7a)☐ approved (7b)☐ disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).

   a)☐ All  b)☐ Some*  c)☐ None   of the certified copies have

   1☐ been received.

   2☐ not been received.

   3☐ been filed in Application No. _____ .

   4☐ been filed in reexamination Control No. _____ .

   5☐ been received by the International Bureau in PCT application No. _____ .

   * See the attached detailed Office action for a list of the certified copies not received.

9. ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.

10. ☐ Other: _____

cc: Requester (if third party requester)
U.S. Patent and Trademark Office
PTOL-466 (Rev. 08-06)                    Office Action in Ex Parte Reexamination                    Part of Paper No. 20120828

Application/Control Number: 90/011,316 and
90/011,366                                                                    Page 2
Art Unit: 3993

## DETAILED ACTION

**THIS ACTION IS MADE FINAL.**

A shortened statutory period for response to this action is set to expire 2 months

from the mailing date of this action.

**Extensions of time under 37 CFR 1.136(a) do not apply in reexamination**

**proceedings**. The provisions of 37 CFR 1.136 apply only to "an applicant" and not to

parties in a reexamination proceeding.  Further, in 35 U.S.C. 305 and in 37 CFR

1.550(a), it is required that reexamination proceedings "will be conducted with special

dispatch within the Office."

**Extensions of time in reexamination proceedings are provided for in 37**

**CFR 1.550(c).**  A request for extension of time must be filed on or before the day on

which a response to this action is due, and it must be accompanied by the petition fee

set forth in 37 CFR 1.17(g).  The mere filing of a request will not effect any extension of

time.  An extension of time will be granted only for sufficient cause, and for a reasonable

time specified.

The filing of a timely first response to this final rejection will be construed as

including a request to extend the shortened statutory period for an additional month,

which will be granted even if previous extensions have been granted.  In no event

however, will the statutory period for response expire later than SIX MONTHS from the

mailing date of the final action.  See MPEP § 2265.

Application/Control Number: 90/011,316 and
90/011,366                                                                                      Page 3
Art Unit: 3993

### *Merged Proceeding*

Reexamination Control Nos. 90/011,316 and 90/011,366 have been merged into a single proceeding. See the June 14, 2011 merger decision. Therefore, a single combined examiner's action is set forth below for the merged proceeding.

Any paper filed by the patent owner must consist of a single response, filed in duplicate, each bearing an original signature for entry into each file. All papers filed by the patent owner must be served on each of the third party requesters and requesters will be sent copies of all papers mailed by the Office. Where a paper is filed that requires payment of a fee (e.g., petition fee, excess claims fee, appeal brief fee, brief fee, etc.) only a single fee payment is required.

### *Reexamination Procedures*

Submissions after this Office action, which is a final action, will be governed by the requirements of 37 C.F.R. 1.116 and 37 C.F.R. 41.33 after appeal, which will be strictly enforced.

Extensions of time under 37 C.F.R. 1.136(a) will not be permitted in these proceedings because the provisions of 37 C.F.R. 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. § 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 C.F.R. 1.550(a)). Extension of time in *ex parte* reexamination proceedings are provided for in 37 C.F.R. 1.550(c).

Application/Control Number: 90/011,316 and
90/011,366                                                              Page 4
Art Unit: 3993

The patent owner is reminded of the continuing responsibility under 37 C.F.R.

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving the patent, throughout the course of this reexamination

proceeding. The third party requester is also reminded of the ability of similarly apprise

the Office of any such activity or proceeding throughout the course of this reexamination

proceeding. See MPEP §§ 2207, 2282 and 2286.

Patent owner is notified that any proposed amendment to the specification and/or

claims in this reexamination proceeding must comply with 37 C.F.R. 1.530(d)-(j), must

be formally presented pursuant to 37 C.F.R. 1.52(a) and (b), and must contain any fees

required by 37 C.F.R. 1.20(c). See MPEP § 2250(IV) for examples to assist in the

preparation of proper proposed amendments in reexamination proceedings.

After the filing of a request for reexamination by a third party requester, any

document filed by either the patent owner or the third party requested must be served

on the other party (or parties where two or more third party requested proceedings are

merged) in the reexamination proceeding in the manner provided in 37 C.F.R. 1.248.

See 37 C.F.R. 1.550(f).

### Summary of the Proceeding to Date

In reexamination 90/011,366, a Third Party Requester requested reexamination

of claims 1,2,5-8,10,14-17 and 19 of U.S. Patent No. 5,855,343 (hereinafter "the '343

patent") based upon the following proposed rejections:

Application/Control Number: 90/011,316 and
90/011,366                                                                Page 5
Art Unit: 3993

A. Claims 1, 2, 5, 6, 8, 10 and 14-17 are anticipated by Irifune (JP-H2-19997) under
35USC 102(b).

B. Claims 1, 7, 8 and 19 are anticipated by Ma (US Patent No. 5,880,783) under 35
USC 102(e).

C. Claims 7 and 19 are rendered obvious by Irifune in view of Ma under 35 USC 103(a).


An order granting reexamination based on above substantial new questions of

patentability affecting claims 1,2,5-8,10,14-17 and 19 of the '343 patent was mailed on

December 21, 2010 (reexamination 90/011,366).

In reexamination 90/011,316 another Third Party Requester requested

reexamination of claims 1,10 and 19 of U.S. Patent No. 5,855,343 (hereinafter "the '343

patent) based upon the following proposed rejections:

A. Claims 1, 10 and 19 are anticipated by Ma (US Patent No. 5,880,783) under 35 USC
102(e).

B. Claims 1, 10 and 19 are obvious over Yamauchi (US Patent No. Des. 383,475) under
35 USC 103(a).

C. Claims 1, 10 and 19 are obvious over Yamauchi in view of Ma under 35 USC 103(a).

D. Claims 1, 10 and 19 are obvious over Yamauchi in view of Wakabayashi (US Patent
No. 5,808,672) under 35 USC 103(a).

E. Claims 1, 10 and 19 are obvious over Yamauchi in view of Ohmura (US Patent No.
4,493,542) under 35 USC 103(a).

F. Claims 1 and 10 are anticipated by Dovey (US Patent No. 4,526,308) under 35 USC
103(a).

An order granting reexamination based on above substantial new questions of

patentability affecting claims 1,10 and 19 of the '343 patent was mailed on March 23,

Application/Control Number: 90/011,316 and
90/011,366                                                                                  Page 6
Art Unit: 3993

2011. The March 23, 2011 order did not find a SNQ for proposed rejection A

regarding claims 1 and 19 (as this would be a duplicate of the '366 reexam) or

proposed rejection B (as Yamauchi is seen as the technical equivalent of McAll,

which was relied upon during the original prosecution). See both the December 21,

2010 and the March 23, 2011 orders.

Reexamination was not requested or ordered for claims 3,4,9,11,12,13,18,20 and

21 of the '343 patent. Accordingly, these claims will not be examined in this merged

proceeding.

The patent owner did not file a statement under 37 CFR 1.530 for either

reexamination.

An Office Action mailed August 12, 2011 rejected claims 1,2,5,6,8,10,14-17 and 19

as anticipated by Irifune, claims 1,7 and 19 as anticipated by Ma and claims 1,2,5-

8,10,14-17 and 19 as obvious over Yamauchi in view of Ma. See the August 12, 2011

Office Action. Patent owner filed a response to the August Office action October 12,

2011. This response also references an October 5, 2011 in-person interview. This

response did not cite passages of the original disclosure for the newly added claims. A

new response was submitted February 10, 2012, which included statements of support

in the original disclosure for the new claims. See the October 5, 2011 interview

summary for a discussion of what was discussed during the interview. The February

10, 2012 amendment added new claims 22-47 (with two claims numbered 24). After an

April 17, 2012 telephone interview, Patent Owner filed a response on May 8, 2012 to

the March 8, 2012 Office action. The changes to the claims on this amendment were

Application/Control Number: 90/011,316 and
90/011,366                                                              Page 7
Art Unit: 3993

noted using the earlier amendment as a basis, instead of the patent, so a Notice of

Informal Amendment was mailed June 20, 2012. A compliant amendment was received

July 20, 2012.

**Grounds of Rejection**
The following grounds of rejection are set forth:

### Claim Rejections - 35 USC § 102

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 1,2,5,6,8,10,14-17 and 19 are rejected under 35 U.S.C. 102(b) as being

anticipated by Irifune.

Irifune discloses a camera support apparatus which is shown supporting a

camera on a horizontal planar surface in figure 9-2 and on an object having first and

second surfaces having an edge intersecting the first and second surfaces in figure 10-

2. Irifune shows a hinge (around shaft 1) which is rotatably attached to the camera

using threaded camera attachment shaft 9. Although Irifune does not explicitly state

that the camera can rotate about the threaded post, such rotation is seen as inherent to

such a connection, as the post is designed to rotate to fasten the camera and the

Application/Control Number: 90/011,316 and
90/011,366                                                                Page 8
Art Unit: 3993

camera can be securely fastened in any position using shaft 9 as an axis while the

camera rests on the camera fixed part 2. The large arm 3 and small arm 4 are seen as

a support frame which is rotatably attached to the hinge member and which, as shown

in figures 9-2 and 10-2, can support the camera on either a horizontal surface or

supported adjacent the edge between two inclined surfaces. The central shaft 1,

around which the large arm, small arm and camera fixed part rotate is perpendicular to

the camera attachment shaft 9, around which the camera can be rotated for proper

positioning.

In regard to claim 2, arms 3 and 4 are seen as the first and second portion of the

support frame. Figure 9-2 shows the arms in a first disposition with the distal

extremities of the arms engaging a generally horizontal planar surface. Figure 10

shows the arms engaging opposing outer surfaces to maintain the camera at an edge

between the two surfaces.

In regard to claim 5, Irifune shows nonslip rubber rings 12 attached to arms 3 and

4, so that the arms engage a generally horizontal surface at four locations and

unwanted rotation of the frame is avoided.

In regard to claim 6, figures 10-1 and 10-2 show the large leg contacting the

surface further away from the edge than the short leg contacts the opposite surface.

In regard to claim 8, the camera attachment shaft 9, which provides a pivoting

support for the camera is above the central portion of shaft 1, and is thus seen as being

located in a proximal end of the body. Irifune states that the structure is "(a) structure in

which a camera fixed part (2) and arms (3) and (4) can be freely rotated about a central

Application/Control Number: 90/011,316 and
90/011,366                                                     Page 9
Art Unit: 3993

shaft (1)". This is seen as the body (camera fixed part 2) being able to rotate about the

second axis (shaft 1) relative to the support frame (arms 3 and 4).

In regard to claim 10, the camera supported by the Irifune device in figure 9-2 is

shown to have both a housing and a lens and the camera is shown supported on a

generally horizontal substantially planar surface. Figure 10 also shows the camera

housing and lens, but in this instance it is supported on an edge intersecting a first

surface and a second surface. The camera fixed part 2 is adapted to be rotatably

attached to the camera using shaft 9. While a pivotable connection between the

camera and the camera fixed part is not explicitly recited, "adapted to be rotatably

attached to the camera" is functional language, and the threaded shaft 9 is clearly

capable of mounting the camera in various orientations relative to the long sides of the

camera fixed part. Due to this potential movement, shaft 9 is seen as the first axis.

Arms 3 and 4 are seen as the support frame, as each arm is rotatably attached to shaft

1 (which also pivotably supports camera fixed part 2). Because of this arrangement,

shaft 1 forms the second axis of rotation relative to the support frame, with the first and

second axes being perpendicular and the second axis substantially parallel to the first

surface when the hinge member is supported on the object. As shown in figures 9 and

10, the arms can support the camera on either a planar surface or by contacting

opposite surfaces of an object by changing the disposition of the arms relative to the

second axis. As non-slip rings 12 are the parts of the frame which contact the surface,

the device of Irifune is seen to have two rear support elements and two front support

elements (the non-slip rings on each arm). When in the second disposition (with the

arms contacting opposite surfaces of an object) the non-slip rings associated with large

arm contact one surface, while the non-slip rings associated with the small arm contact

the opposite surface which will prevent the frame from rotating.

In regard to claims 14 and 15, figure 9 shows the front and rear support elements

(non-slip rubber rings 12) contacting the planar horizontal surface at a total of four

locations, with the non-slip surfaces preventing rotation of the support frame.

In regard to claim 16, Irifune uses a small arm (3) and a large arm (4).  Irifune

does not specify which is the front arm, and in fact has figures showing both the small

arm in front (fig 11) and the large arm in front (fig 10).  This is seen as evidence that

Irifune shows an embodiment with the rear support element further away from the edge

than the front support element.  This is further seen as evidence of Irifune showing

multiple camera positions relative to the first axis.

In regard to claim 17, the camera attachment shaft 9, which provides a pivoting

support for the camera is above the central portion of shaft 1, and is thus seen as being

located in a proximal end of the body.  Irifune states that the structure is "(a) structure in

which a camera fixed part (2) and arms (3) and (4) can be freely rotated about a central

shaft (1)".  This is seen as the body (camera fixed part 2) being able to rotate about the

second axis (shaft 1) relative to the support frame (arms 3 and 4).

Claim 19 is seen as claiming the same structure as claim 1, with the claiming of

the specific use, "for supporting a camera on a laptop camera".  This is seen as

intended use, which does not impart any structural elements to the claim.  Irifune

discloses that the disclosed camera support is designed for use in a variety of positions,

Application/Control Number: 90/011,316 and
90/011,366                                                    Page 11
Art Unit: 3993

including fastened to opposite surfaces of generally vertical opposing surfaces (as

shown in figure 10 and described on page 7, "the back of a chair,... a guard rail, a wall,

a fence". As claim 19 is an apparatus claim, and "for supporting a camera on a laptop

computer", is functional language which the structure of Irifune is capable of performing,

claim 19 is seen as anticipated by Irifune.


### Claim Rejections - 35 USC § 103

        The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

>        (a) A patent may not be obtained though the invention is not identically disclosed or described as set
>        forth in section 102 of this title, if the differences between the subject matter sought to be patented and
>        the prior art are such that the subject matter as a whole would have been obvious at the time the
>        invention was made to a person having ordinary skill in the art to which said subject matter pertains.
>        Patentability shall not be negatived by the manner in which the invention was made.

        Claim 7 is rejected under 35 U.S.C. 103(a) as being unpatentable over Irifune in

view of Ma.

        As discussed above, Irifune shows a camera support device which can be placed

in different configurations to be supported where the user desires.  Figure 2 shows the

camera in a position in which the camera is supported by opposing generally vertical

planar surfaces.  Irifune does not explicitly state that the device can be used to support

a camera on a display screen for a laptop computer.  Figure 3 of Ma shows the camera

supported by the screen of a laptop computer, with the circuit box 3 forming the rear leg

on the back of the display screen and the hook plate pivoted to its open position to

Application/Control Number: 90/011,316 and
90/011,366                                                        Page 12
Art Unit: 3993

contact the front of the display screen. It would have been obvious to one of ordinary

skill in the art at the time of invention of the '343 patent to use the camera support of

Irifune to support a camera on a screen of a laptop to enable the camera to take

pictures of the computer's user, or what is seen by the computer's user.


### Allowable Subject Matter

Claims 22-48 are allowed.

The following is a statement of reasons for the indication of allowable subject

matter: Claim 22 requires "a hinge member adapted to be rotatably and permanently

attached to the camera".  Similarly, claim 40 requires "a hinge member adapted to be

permanently rotatably attached to the camera" and claim 41 requires "a hinge member

adapted to be permanently rotatably joined to the camera". This type of connection is

not shown by the cited art.  Even though this is seen as functional language, Irifune

cannot be seen to provide a permanent, rotating connection.  The connection of Irifune

is a screw that if completely tightened to form a connection that can be called

permanent, will not permit rotation.  Claims 23-30,32 and 33 depend from claim 22, so

they are allowable for at least the above reason. Claim 31 requires the hinge member to

consist of a single unitary body.  The hinge of Irifune requires the screw to rotate

relative to the platform 2, so it cannot function if the parts were integrated into a unitary

body.  The same reasoning applies to claims 23-25 and 33.  Claims 34-39 depend from

claim 31, so they are allowable for at least the above reason. Claim 42 requires

"permanently rotatably attaching said hinge member to said camera." As discussed

Application/Control Number: 90/011,316 and
90/011,366                                                          Page 13
Art Unit: 3993

above, such a connection is not shown in the cited art. Claim 43 requires the hinge

member to be capable of being inserted into a joint within a housing of the camera.

This is not shown by the cited prior art. Claims 44 and 45 are allowable, as none of the

cited references show or fairly teach a hinge member with a lip for rotatable attachment

to the camera. In regard to claims 46 and 47, none of the cited references show or

fairly teach a front support that engages the front surface, and the intersection of the

edge with both the first and second surfaces. In regard to claim 48, the cited references

fail to show or fairly teach the support frame having a front support element that can sit

atop a portion of the length of the edge between the first and second surfaces when

supporting the camera. The support of Irifune contacts only the first and second

surfaces and would not function if one of the legs was attached to the edge between

surfaces.


### *Response to Patent Owner's Remarks*

The amendments made by the patent owner have overcome the rejections under

35 USC 112 (both first and second paragraphs).

While the camera support of Irifune is capable of being locked in place by

attachment shaft 9, it is clearly possible to loosen the attachment screw, to enable the

pivoting of the camera relative to support (fixed part 2) while the camera is still attached

to the support. This (the axis of screw 9) represents a first axis of rotation relative to the

hinge member. Patent owner (PO) states that the partially tightened screw is not

attached. PO gives a dictionary definition for attached as "permanently fixed, joined,

Application/Control Number: 90/011,316 and
90/011,366                                                                    Page 14
Art Unit: 3993

connected or bound." Dictionary.com's definition is the final three words of this given
definition (not counting "or"). When the screw is slightly loosened, the camera is still
joined or connected to the fixed part of the support. Thus, Irifune is seen to show a
camera attached to a support, as claimed. To support their position, PO submitted a
declaration of John Vronay. This declaration states in part, "a rotatably attached
connection describes a joint in which two members are attached or fixed but the
connection allows rotation of at least one member relative to the other about at least
one axis with control of a rotated position without initiating disassembly of the
members." In the opinion of the examiner, this definition reads limitations into the
claims that are not found in the common definition of the terms, or having a definition in
the specification. If the screw of Irifune was slightly loosened, the camera would be
able to pivot and if the camera were picked up, the support would be picked up as well,
through the action of the screw. Loosening the screw does not require the
deconstruction of any component of the system.

Irifune's fixed part (2) is seen as the hinge member, as the camera can pivot
about one axis (screw 9) at one end (proximal) of the hinge member and a support
frame (legs 3 and 4) pivots about a perpendicular axis at the other (distal) end. This is
seen to meet the claimed limitations of claims 8 and 17. It is further noted that
independent claims 1 and 10 use the functional phrase "a hinge member adapted to be
rotatably attached". A reference that is capable of performing this function is seen to
meet the limitation. The hinge member (2) of Irifune is clearly capable of being attached
(connected or joined to the camera), while enabling rotation of the camera relative to the

Application/Control Number: 90/011,316 and
90/011,366
Art Unit: 3993

Page 15

hinge member.  The examiner agrees that if the claims are amended to clearly claim

that the hinge is permanently, yet rotatably fastened to the camera, Irifune could be

overcome. The newly added claims clearly claim that the connection is permanent and

able to rotate (and have thus been indicated as allowable).  The original patent claims

which remain rejected use only functional language to establish a rotating connection

between parts, and Irifune is capable of performing this function.

PO states that figure 2 of Irifune shows an unthreaded hole through fixed part 2.

It is unclear how an unthreaded hole would overcome the rejection.  If the hole is

unthreaded, it is still possible (and easier than it would be if the hole were threaded) to

rotate fixed part 2, while the screw is still firmly attached to the camera.

PO states that Irifune does not show the camera rotating about a first axis of

rotation relative to the hinge member as claimed in claim 10.  The camera can pivot

about the screw, which provides an axis of rotation relative to the hinge member (2).


**All** correspondence relating to this *ex parte* reexamination proceeding should be
directed:

By EFS:     Registered users may submit via the electronic filing system EFS-Web, at
            https://efs.uspto.gov/efile/myportal/efs-registered.


By Mail to:  Mail Stop *Ex Parte* Reexam
            Central Reexamination Unit
            Commissioner for Patents
            United States Patent & Trademark Office
            P.O. Box 1450
            Alexandria, VA 22313-1450

Application/Control Number: 90/011,316 and
90/011,366                                                                    Page 16
Art Unit: 3993

By FAX to: (571) 273-9900
              Central Reexamination Unit

By hand:      Customer Service Window
              Randolph Building
              401 Dulany Street
              Alexandria, VA 22314

For EFS-Web transmissions, 37 CFR 1.8(a)(1)(i) (C) and (ii) states that
correspondence (except for a request for reexamination and a corrected or replacement
request for reexamination) will be considered timely filed if (a) it is transmitted via the
Office's electronic filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a
certificate of transmission for each piece of correspondence stating the date of
transmission, which is prior to the expiration of the set period of time in the Office action.

Any inquiry concerning the status of this proceeding should be directed to the Central
Reexamination Unit at telephone number (571) 272-7705. Any inquiry concerning this
communication should be directed to William Doerrler at telephone number (571) 272-
4807.

Signed:

___/William C. Doerrler/_____

William C. Doerrler
CRU Examiner
GAU 3993
(571) 272-4807

Conferee:   /JMC/

Conferee: _____