IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:10-cv-00329 |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' NOTICE OF COMPLIANCE**
**WITH COURT'S MOTION PRACTICE ORDER**

In compliance with the Court's Standing Order Regarding Letter Briefs and Order on Joint Motion to Amend Docket Control Order (Doc. 660), Defendant, Sakar International, Inc., files this Notice of its Opposition Letter Brief to the Court requesting permission to file an Opposition to Plaintiff's Daubert Motion and Opposition to Plaintiff's Motion to Strike opinions of defendant's damage expert. A copy of Sakar's Opposition Letter Brief s attached as Exhibit 1.

Dated: September 14, 2012

Respectfully submitted,

/s/ Ezra Sutton
Ezra Sutton, Esq.
Ezra Sutton & Associates, P.A.
900 Route 9 North
Plaza 9, Suite 201
Woodbridge, NJ 07095
Telephone: (732) 634-3520
Facsimile: (732) 634-3511
Email: esutton@ezrasutton.com

Attorney for Sakar International, Inc.,
Kohl's Illinois, Inc., & Kohl's Corporation,
Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this 14th day of September, 2012. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

/s/ Ezra Sutton
Ezra Sutton

LAW OFFICES
# EZRA SUTTON, P. A.
A PROFESSIONAL CORPORATION
900 ROUTE 9
WOODBRIDGE, NEW JERSEY 07095

EZRA SUTTON*
JOSEPH SUTTON**
ANTHONY M. MORANO*

*N.J. AND N.Y. BARS
**N.J. BAR

PATENTS
TRADEMARKS
COPYRIGHTS
LICENSING

(732) 634-3520
FAX: (732) 634-3511
www.ezrasutton.com

September 14, 2012

The Honorable Leonard Davis
Chief District Judge
William M. Steger Federal Building
and United States Courthouse
211 W. Ferguson, Third Floor
Tyler, Texas 75702

Re: *Adjustacam LLC v. Amazon.com, Inc. et al.*
Civil Action No. 6:10-cv-00329

Dear Judge Davis:

Defendant Sakar International, Inc. ("Sakar") respectfully submits this Letter Brief in opposition to Plaintiff's Letter Brief filed on August 31, 2012, wherein Plaintiff proposed a Daubert motion and motion to strike opinions of Defendants' damage expert Dr. Sullivan.

## I. Dr. Sullivan Properly Addressed Non-Infringing Alternatives in His Expert Report.

Sakar International hereby incorporates the arguments of NewEgg/Rosewill that it has made in its Opposition Letter Brief of today's date.

## II. Dr. Sullivan's Opinions Based Upon the Alleged Cost of Manufacturing a WebCam Clip are Reliable and Since the Entire Market Value Rule Does Not Apply.

Dr. Sullivan correctly calculated that the reasonable royalty is 7¢ *per webcam clip*. Plaintiff criticizes Dr. Sullivan's basis for this calculation based on the improper presumption that that the royalty rate should instead be based on the "integrated unit" of the patented webcam clip and the non-patented camera. This presumption is incorrect for at least two reasons: (1) Plaintiff, not Defendant, bears the burden of proving that the royalty rate should be based on the non-patented camera in addition to the patented webcam clip under the Entire Market Value Rule, which Plaintiff has woefully failed to meet; and (2) the Entire Market Value Rule is inapplicable in this case because Plaintiff has not and cannot establish that the patented webcam clip is the basis for customer demand for the "integrated unit" of the patented webcam clip, and the non-patented camera.

First, the Plaintiff, not Defendants or Defendants' damages expert, Dr. Sullivan, bears the burden of proving damages in a patent infringement case. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed.Cir.2009). More specifically, the Patentee, AdjustaCam, not Defendants or Defendants' damages expert, Dr. Sullivan, bears the burden of proving that the

1

entire market value rule has been satisfied. *IP Innovation L.L.C. v. Red Hat, Inc.*, 705 F.Supp.2d 687, 690 (E.D.Tex.2010).[1] In addition, in establishing damages under the EMVR, Plaintiff, not Defendants or Defendants' damages expert, Dr. Sullivan, bears the burden of producing "evidence tending to separate or apportion the defendants' profits and the patentee's damages between the patented feature and the unpatented features, and such evidence must be reliable and tangible, and not conjectural or speculative," or show that "the entire value of the whole machine, as a marketable article, is properly and legally attributable to the patented feature." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed.Cir.2011) (citations omitted); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1336-37 (Fed.Cir.2009)("the patentee must prove that the patent-related feature is the basis for customer demand." (quotation marks omitted)).

Accordingly, Plaintiff improperly seeks to shift the burden to Defendants by arguing that Dr. Sullivan's reasonable royalty calculation improperly discounted the unpatented webcam feature. In fact, because Plaintiff has woefully failed to produce any reliable "evidence tending to separate or apportion the defendants' profits and the patentee's damages between the patented feature and the unpatented features," Dr. Sullivan properly based his royalty calculation on the only the patented *webcam clip*, and properly excluded the unpatented webcam. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, Nos. 2011-1440, 2011-1470, 2012 WL 3758093, at *11(Fed.Cir. (Tex.) Aug. 30, 2012)("[I]t is generally required that royalties be based not on the entire product, but instead on the "smallest salable patent-practicing unit.") and *citing Cornell*, 609 F.Supp.2d at 283, 287-88 (N.D.N.Y.2009); *Imonex Services, Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*, 408 F.3d 1374, 1380 (Fed.Cir. 2005). Moreover, it is Plaintiff's damages expert, Mr. Bratic, not Defendants', that has failed to properly establish a royalty calculation based on the EMVR. Thus, if any expert's opinions should be excluded, it should be Plaintiff's and not Defendants'. *See, e.g., IP Innovation*, 705 F.Supp.2d at 689-91.

Second, "[t]he...[EMVR] allows a patentee to assess damages based on the entire market value of the accused product *only* where the patented feature creates the 'basis for customer demand.'" *See Uniloc*, 632 F.3d at 1318. In this case: (1) Plaintiff's bald assertion that "every accused product in this case is sold as an integrated unit of a webcam clip integrated to a camera," and (2) Dr. Sullivan's testimony "that he was unaware of any instances of webcam clips being sold separately from the camera itself," fail to establish that the **webcam clip "creates the basis for customer demand."** *LaserDynamics*, 2012 WL 3758093, at *11. It is not enough to show that a webcam, including a camera without a clip would be commercially unviable. *Id.* at *12; *Oracle Am., Inc. v. Google Inc.*, 2011 WL 2976449, at *4, 2011 U.S. Dist. LEXIS 80280, at *13-14 (N.D.Cal. Jul. 22, 2011). Moreover, AdjustCam has no proof, albeit its misplaced reliance on Dr. Sullivan, that the clip for the webcams **motivates consumers** to buy the webcams in the first place. *Id.* Neither Plaintiff nor Plaintiff's expert has conducted market studies or consumer surveys to ascertain whether the demand for the webcams in question is driven by the clip patented technology, as required by the Federal Circuit. *Id.* at *13. At best,

---

[1] In *Cornell Univ. v. Hewlett-Packard Co.*, 609 F. Supp. 2d 279, 286-87 (N.D.N.Y. 2009), Chief Judge Rader of the Federal Circuit sitting by designation, set forth a three-part test that Plaintiff must prove to establish EMVR that includes both the "basis for demand" requirement and the "functional unit" test. As established, Plaintiff has failed to meet this three-part test.

Plaintiff has only shown that webcams sold in the retail market include clips. However, this evidence fails to satisfy the requirements of Federal Circuit precedent to support the usage of the entire market value rule when calculating reasonable royalty damages in this case. *Id.*

### III. Dr. Sullivan Properly Discounted Plaintiff's Multiple Settlement Agreements Entered into During the Course of Litigation.

Dr. Sullivan was advised that there were multiple settlement agreements introduced in this case made during the course of litigation to avoid the heavy cost of litigation. Accordingly, Dr. Sullivan's properly discounted these multiple settlement agreements entered into during the course of litigation as not probative of determining a reasonable royalty in this case. *LaserDynamics*, 2012 WL 3758093, at *20 (*citing Deere & Co. v. Int'l Harvester Co..*, 710 F.2d 1551, 1557 (Fed.Cir.1983) (holding that "as the White license was negotiated against a backdrop of continuing litigation and [defendant's] infringement of the patent, the district court could properly discount the probative value of the White license with regard to a reasonable royalty")); *Id.* at *20 (*citing Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078-79 (Fed.Cir.1983) (observing that "license fees negotiated in the face of a threat of high litigation costs may be strongly influenced by a desire to avoid full litigation" and "should not be considered evidence of an established royalty")) (internal citations omitted); *Id.* at 20 ("The notion that license fees that are tainted by the coercive environment of patent litigation are unsuitable to prove a reasonable royalty is a logical extension of *Georgia–Pacific*, the premise of which assumes a voluntary agreement will be reached between a willing licensor and a willing licensee, with validity and infringement of the patent not being disputed.")(internal citations omitted).

In addition, most of these settlement agreements introduced in this case are not determinative of a reasonable royalty because they: (1) did not include the quantities sold by respective defendants, *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed.Cir.2010)("[U]se of past patent licenses…must account for differences in the technologies and economic circumstances of the contracting parties."); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 873 (Fed.Cir.2010); and (2) did not show a discernible link to the claimed technology. *ResQNet*, 594 F.3d at 873. Therefore, Dr. Sullivan properly discounted Plaintiff's multiple settlement agreements entered into during the course of litigation as it is impossible to determine a reasonable royalty rate in this case based on these settlement agreements. For Dr. Sullivan to do otherwise, as Plaintiff's expert Mr. Bratic sought to do, would have been improper. *See, e.g., IP Innovation L.L.C. v. Red Hat, Inc.*, 705 F.Supp.2d 687, 690–91 (E.D.Tex.2010)(The testimony of a damages expert in a patent suit who relies on non-comparable licenses in reaching his royalty rate should be excluded.).

### IV. Dr. Sullivan's Use of the "Nash Bargaining Solution" was Used as a Permissible Check on his Royalty Rate Calculated Under *Georgia-Pacific* Methodology.

Plaintiff primarily relies on the non-precedential, July 22, 2011 opinion of the Northern District of Calif. in *Oracle America, Inc. v. Google Inc.*, 798 F.Supp.2d 1111, 119 (N.D.Cal. 2011) to criticize Dr. Sullivan's reliance on the "Nash Bargaining Solution." However, Plaintiff's reliance is misplaced.

3

On March 29, 2012, almost one year after *Oracle*, the Northern District of Calif. in *Mformation Techs., Inc. v. RIM*, No. 08-4990 (N.D.Cal. Mar. 2012), clarified its criticism of the "Nash Bargaining Solution." In *Mformation*, the court determined that it was permissible for a damages expert to use the "Nash Bargaining Solution" in addition to, and as a check on, a proper *Georgia-Pacific* analysis. *Id.* at n. 19. This is precisely what occurred here, Dr. Sullivan permissibly used the "Nash Bargaining Solution" in addition to, and as a proper check on his *Georgia-Pacific* analysis. *See id.* Accordingly, Plaintiff's arguments are without merit and Dr. Sullivan's royalty opinion should not be stricken.

Respectfully submitted,

/s/ Ezra Sutton
EZRA SUTTON, Esq.
EZRA SUTTON, P. A
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel: 732-634-3520
Fax: 732-634-3511
Email: esutton@ezrasutton.com

*Attorneys for Defendant Sakar International, Inc., Kohl's Illinois, Inc., & Kohl's Corporation, Inc.*

4