**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ADJUSTACAM LLC,<br><br>     Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., ET AL.,<br><br>     Defendants. | Case No. 6:10-CV-329-LED<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS NEWEGG INC., NEWEGG.COM INC. AND ROSEWILL, INC.'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO DISMISS ITS CLAIMS AGAINST NEWEGG AND ROSEWILL FOR LACK OF SUBJECT MATTER JURISDICTION**

  Defendants Newegg Inc., Newegg.com Inc., and Rosewill, Inc. (collectively, "Newegg"), by and through their counsel of record, file this Memorandum in Response to Plaintiff's Motion to Dismiss its Claims Against Newegg and Rosewill for Lack of Subject Matter Jurisdiction [Dkt. 678].

**INTRODUCTION**

  Plaintiff AdjustaCam LLC ("AdjustaCam") seeks dismissal with prejudice of its claims against Newegg, and of Newegg's counterclaims for noninfringement and invalidity pursuant to a covenant not to sue. While dismissal of AdjustaCam's infringement claims deprives the Court of subject matter jurisdiction over those claims, AdjustaCam's motion goes too far in its request that Newegg's counterclaims also be dismissed, *with prejudice*. This is because the covenant not to sue offered by AdjustaCam lacks certain critical elements required to protect Newegg from charges of infringement by AdjustaCam or its successors regarding future Newegg products. For this reason, AdjustaCam's requested relief should be denied.

## ARGUMENT

### AdjustaCam's Motion Overreaches Because it Seeks Dismissal of Newegg's Counterclaims with Prejudice Despite Offering a Limited Covenant Not to Sue.

AdjustaCam's request for dismissal of Newegg's counterclaims with prejudice is unfounded because the language in the proffered covenant not to sue does not support such an outcome. Because the covenant does not expressly apply to products which may be offered in the future by Newegg, and because it does not by its terms apply to successors-in-interest to AdjustaCam, Newegg's counterclaims should not be dismissed with prejudice.

Specifically, the covenant offered by AdjustaCam states that AdjustaCam unconditionally covenants not to sue Newegg, or specified third parties, for "infringing the '343 patent relative to NewEgg/Rosewill's products." Declaration of John J. Edmonds, Dkt. 678, ¶ 4. Thus, by its terms, the covenant does not insulate Newegg from claims of infringement regarding products it may offer in the future, nor does it apply to successors-in-interest of either AdjustaCam or Newegg. Despite the limited scope of the proffered covenant, AdjustaCam seeks dismissal of Newegg's counterclaims of noninfringement and invalidity with prejudice. The problem with AdjustaCam's position is that dismissal of Newegg's counterclaims *with prejudice* potentially would impede Newegg's ability to defend a claim by AdjustaCam against a future product or by a successor-in-interest to the '343 patent.

To be sure, AdjustaCam relies upon *SuperSack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) and its progeny in support of its argument that a covenant not to sue deprives the court of subject matter jurisdiction over invalidity and/or non-infringement counterclaims (AdjustaCam Memo., Dkt. 678 at 4-5). However, this authority does not resolve the issue. AdjustaCam is seeking dismissal of Newegg's counterclaims *with prejudice*, not merely

dismissal of this lawsuit. Absent a covenant which adequately protects Newegg and its successors from future claims of infringement based upon the '343 patent family, Newegg's claims should not be dismissed with prejudice.[1]

As a final matter, Newegg notes that, even in the event of dismissal of AdjustCam's claims, this Court nonetheless will retain jurisdiction over motions pursuant to 35 U.S.C. § 285 and/or Fed.R.Civ.P. 54(b). *Highway Equip. Co., Inc. v. Feco, Ltd.*, 469 F.3d 1027, 1032-33 (Fed. Cir. 2006) (holding that district court "correctly retained jurisdiction over [defendant's] claim for attorney fees under 35 U.S.C. § 285" despite dismissal of underlying claims based upon covenant not to sue; the covenant "does not deprive the district court of jurisdiction to determine the disposition of . . . the request for attorney fees under 35 U.S.C. § 285."). Newegg expressly and respectfully reserves the right to file such a motion or motions in this action.

## CONCLUSION

Because AdjustaCam seeks dismissal of Newegg's counterclaims with prejudice, a remedy that is not warranted by the proffered covenant and which would significantly impede Newegg's future ability to defend itself against potential claims by AdjustaCam and/or its successors, AdjustaCam's motion should be denied.

DATED THIS 14th day of September, 2012.

                PARSONS BEHLE & LATIMER

                By /s/ *John N. Zarian*
                   John N. Zarian (*Admitted E.D. Texas*)

---

[1] Indeed, Federal Circuit authority supports the premise that a limited covenant not to sue may not offer adequate protection to a defendant. *See, e.g.*, *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1296, 1298-99 (Fed. Cir. 2009) (an actual controversy existed despite a covenant not to sue because the covenant expressly applied only to activities or products "made, used or sold ***on or before the dismissal of this action***.").

Dana M. Herberholz (*Admitted E.D. Texas*)
960 Broadway, Suite 250
Boise, Idaho 83706
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
E-mail: jzarian@parsonsbehle.com
        dherberholz@parsonsbehle.com

YARBROUGH WILCOX, PLLC
    Trey Yarbrough, State Bar No. 22133500
    Debby E. Gunter, State Bar No. 24012752
    100 E. Ferguson Street, Ste. 1015
    Tyler, Texas 75702
    Telephone: (903) 595-3111
    Facsimile: (903) 595-0191
    E-mail: trey@yw-lawfirm.com
           debby@yw-lawfirm.com

Attorneys For Defendants
Newegg Inc., Newegg.com Inc., and Rosewill, Inc.

4837-1283-0993.1

5

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of September, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

                                          */s/ John N. Zarian*
                                          John N. Zarian

4824-6928-2065.2

4837-1283-0993.1