**CEPIP**
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC

John J. Edmonds
713.364.5291
jedmonds@cepiplaw.com

September 14, 2012                                                                 By CM/ECF

The Honorable Leonard Davis
200 W. Ferguson, Third Floor
Tyler, TX 75702

Re:   Plaintiff's Response to Sakar's Letter Brief Requesting Permission to File a Motion for Summary Judgment of Non-Infringement in *AdjustaCam LLC v. Amazon.com, Inc., et al.* No. 6:10-cv-329-LED

Your Honor:

Sakar's request to file a Motion for Summary Judgment of Non-Infringement (Doc. No. 679) should be denied because such a motion would be a waste of the Court's valuable time and because it fails on the merits, including because there is a factual dispute over the single axis issue that precludes summary judgment and requires resolution by a jury.

Allowing Sakar to file a motion for summary judgment of non-infringement would be a waste of the Court's time because there is a factual dispute over the single axis issue that precludes summary judgment and requires resolution by a jury. First, Sakar misrepresents AdjustaCam's infringement position in order to build up a straw man that it can purport to tear down. AdjustaCam's infringement position is fairly set forth in the chart at Exhibit D of Plaintiff's Infringement Contentions. In particular, as shown in these photos of Sakar's Kodak S-101 and T-130, the hinge member (noted with a green arrow) is rotatably attached to the camera such that "the camera rotates about a first axis of rotation (noted with a blue arrow) relative to the hinge member":



Page 2

 and



"The axis of rotation is a single axis of rotation which is defined by a vector from the center of the connector through the central axis of the camera." Plaintiff's Infringement Contentions at Ex. D, pp. 2 & 8-9.

      Sakar alleges that the rotatable connection between the hinge member and the camera is a "ball joint," but in reality, and as described by Dr. Muskivitch in his expert reports and at his deposition, it is a severely constrained ball joint, which one of ordinary skill in the art (*e.g.*, an engineer) understands acts as two independent joints, each of which has an independent, single axis of rotation. *See, e.g.,* Muskivitch Deposition, pp. 70-71, 96, 148-55, 159, 297-98 & 304-307.  For example, as stated by Plaintiff's Expert Dr. Muskivitch (and



which is also evident from even a layperson's physical inspection):

(1) "From a standpoint of someone skilled in the art, I think that by looking at and examining the behavior of this device and the way the structure is put together, it has two distinct joints… So it's a combination of a biaxial joint or a two joint mechanism that has two independent and distinct, separate motions", *Id.,* p. 96;

(2) "It's a separate motion; it's a separate functional joint. *Id.,* pp. 149-50; and

(3) "If it's about the vector that would cause that one axis of rotation, yes. And it would be independent of any other rotations that you -- that you would apply." *Id.* at 298.

According to Sakar's invalid theory, the preferred embodiments of the patent-in-suit, *e.g.*,



could not meet the claim limitations either, because such preferred embodiments have the *same* range of motion for the camera as Sakar's infringing device. This further illustrates the fallacy in Sakar's argument.

1616 S. Voss Road, Suite 125  
Houston, TX 77057

1851 E. First St., Ste. 900  
Santa Ana, CA 92705



Page 4

Sakar further alleges that its Kodak S-101 and T-130 do not infringe because there is no rotatable attachment between the hinge member and the support frame. Here again, Sakar has constructed a straw man in order to tear it down. AdjustaCam's infringement position is fairly set forth in the chart at Exhibit D to its Infringement Contentions. In particular, as shown in the photos of the S-101 and T-130, the support frame (noted with a red arrow) is hingedly attached[1] to the camera such that "the hinge member rotates about a second axis of rotation (noted with a yellow arrow), relative to the support frame":

 and



---

[1] A hinged attachment is one type of rotatable attachment. Thus, rotatable attachments are inclusive of hinged attachments.

1616 S. Voss Road, Suite 125    1851 E. First St., Ste. 900
Houston, TX 77057    Santa Ana, CA 92705



Page 5

"This axis of rotation is by the axis of the hinge connection to the support frame.  Thus, it is a single axis of rotation." Plaintiff's Infringement Contentions at Exhibit D, p. 2.

In short, Sakar's request to file a motion for summary judgment should be denied because its proposed motion lacks merit and would only be a waste of the Court's valuable time.  In particular, Sakar's complaints about non-infringement relative to hinge members and axes of rotation involve a "battle of the experts" that the jury must resolve, or at a minimum, a factual dispute over the joint(s) in question that the jury must resolve.

Sincerely,

**CEPIP**

John J. Edmonds

cc:   Defense Counsel (via CM/ECF).

1616 S. Voss Road, Suite 125
Houston, TX 77057

1851 E. First St., Ste. 900
Santa Ana, CA 92705