

John J. Edmonds
713.364.5291
jedmonds@cepiplaw.com

September 14, 2012                                         By CM/ECF

The Honorable Leonard Davis
200 W. Ferguson, Third Floor
Tyler, TX 75702

Re:     Plaintiff's Response to Defendants' Letter Brief Requesting Permission to File a Motion to Strike/Preclude Regarding Plaintiff's Technical Expert Dr. Muskivitch in *AdjustaCam LLC v. Amazon.com, Inc., et al. No. 6:10-cv-329-LED*

Your Honor:

       Defendants' Letter Brief at Doc. No. 680 ("DefLB") constitutes a gross misrepresentation of the facts, and it should be denied on that basis alone. Moreover, Defendants' request amounts to death penalty sanctions which are inappropriate including because there has been no bad faith or willful violations of Court orders, and because Defendants have suffered no meaningful prejudice.

       The Muskivitch Report was timely served on July 26, 2012. However, when asked at his deposition to verify his report, Dr. Muskivitch noticed that the incorrect, early version of Exhibit D had been provided due to an inadvertent version control error. Muskivitch Deposition, pp. 10-11 & 13-16. The correct Exhibit D was provided on the spot, *id*. at p. 53, and Defendants were given the opportunity to review it and question Dr. Muskivitch about it. *Id.* at pp. 53 & 319. Moreover, Plaintiff offered to let Defendants depose Dr. Muskivitch again at a place of their choosing. However – demonstrating their lack of prejudice - Defendants have declined to do so.

       Defendants' allegation that Dr. Muskivitch provided a new "August 24 Report" (Def LB, p. 1), constitutes a gross misrepresentation of the facts. No new report was generated.



Page 2

As noted above, as soon as Dr. Muskivitch became aware that an earlier version of Exhibit D had been served due to an inadvertent mistake, the correct version of Exhibit D was immediately provided.

Defendants' suggestions of prejudice are meritless. First, Defendants argue that their technical expert, Mr. Hamilton, "based his opinions of non-infringement in part upon the fact that the substantial majority of the accused webcam clips have a ball-and socket-joint enabling the webcam to rotate about multiple axes relative to the clip." DefLB at p. 3. Second, Defendants argue prejudice because their damages expert "relied upon his conversations with Mr. Hamilton regarding the operation of the accused products and the availability of non-infringing alternatives, which included webcam clips with ball-and-socket joints." However, the Defendants and their experts still have the same bases for non-infringement and non-infringing substitutes as before. In fact, Defendants have each submitted Letter Briefs, based upon Mr. Hamilton's opinions, alleging that their webcam clips do not infringe because they have what they characterize as ball and socket joints. *See* Doc. Nos. 679 & 685.

Defendants' allegations that their experts "relied upon" their own mischaracterizations of Dr. Muskivitch's opinions based upon the incorrect Exhibit are baseless. Highlighting the disingenuousness of Defendants' arguments, they have disputed essentially every opinion made by Dr. Muskivitch, irrespective of which version of Exhibit D is referenced.

Defendants request that "Dr. Muskivitch May Not Offer Any Opinion at Trial Which

1616 S. Voss Road, Suite 125　　　　　　　　　　　　　　　　　　1851 E. First St., Ste. 900
Houston, TX 77057　　　　　　　　　　　　　　　　　　　　　　　Santa Ana, CA 92705



Was Not Disclosed in His June 25 Report, and Any Subsequent Report Should Be Stricken," (DefLB, p. 2) is improper and amounts to death penalty sanctions.  The decision to apply sanctions is a matter of regional circuit law. *ClearValue, Inc. v. Pearl River Polymers, Inc. 560 F.3d 1291, 1304 (Fed. Cir. 2009).*  The factors used by the 5th Circuit for determining whether a party's failure to comply with a valid discovery order merits severe sanctions are set forth in *Batson v. Neal Spelce Associates, Inc., .* 765 F.2d 511, 514 (5th Cir.1985).  Under *Batson,* severe sanctions are proper "only when the failure to comply with the court's order results from wilfullness or bad faith, and not from the inability to comply." *Id.*  Further, severe sanctions are proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic means. *Id.* Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client. *Id.*

In the present case, there has been no willfulness or bad faith.  The facts show that the erroneous version of Exhibit D was an inadvertent version control error which was corrected as soon as it came to light.

Further, there are many less drastic means available to address this.  For example, if Defendants were truly unable to fully depose Dr. Muskivitch at his deposition, they could accept Plaintiff's offer to provide him at the location of their choice to be re-deposed. Plaintiff has already offered that Defendants' technical expert Dr. Hamilton need not go to the trouble of submitting a new rebuttal report, and that he can be allowed to testify at trial



Page 4

unconstrained by his initial rebuttal of the Muskivitch Report.

Here, the Plaintiff, AdjustaCam, is blameless in this unfortunate situation involving an inadvertent mistake.  Finally, this inadvertent error that came to light in August 2012 cannot possibly prejudice Defendants' trial preparation for the January 2013 trial of this matter.  Even if Defendants could show some prejudice, which they cannot and have not, such prejudice is easily cured with less draconian relief than that presently sought by Defendants.

For the foregoing reasons, Defendants' request in their Letter Brief should be denied. Alternatively, if the Court is inclined to entertain further briefing on this issue, then, if necessary, it should provide Plaintiff with the opportunity to file a motion for leave to formally supplement the Muskivitch Report with the correct version of Exhibit D, which was provided to Defendants on August 24th.

Sincerely,

**CEPIP**

John J. Edmonds

cc: Defense Counsel (via CM/ECF).

1616 S. Voss Road, Suite 125  
Houston, TX 77057

1851 E. First St., Ste. 900  
Santa Ana, CA 92705