

COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC

John J. Edmonds
713.364.5291
jedmonds@cepiplaw.com

September 14, 2012                                              By CM/ECF

The Honorable Leonard Davis
200 W. Ferguson, Third Floor
Tyler, TX 75702

Re:     Plaintiff's Response to Defendants' Letter Brief Requesting Permission to File a
        *Daubert* Motion Regarding Damages Expert Mr. Bratic in *AdjustaCam LLC v.*
        *Amazon.com, Inc., et al. No. 6:10-cv-329-LED*

Your Honor:

        Defendants' request to file a *Daubert* motion to exclude the opinions of Plaintiff's

damages expert Mr. Bratic (Doc. No. 681) should be denied because such a motion would

lack any merit and would serve only be a waste of the Court's valuable time.  Defendants'

complaints about Mr. Bratic's opinions are the properly the subject of cross-examination, not

a *Daubert* motion. *See, e.g., i4i Ltd. P'ship v. Microsoft Corp.,* 598 F.3d 831, 856

(Fed.Cir.2010) ("[v]igorous cross-examination, presentation of contrary evidence, and

careful instruction on the burden of proof are the traditional and appropriate means of

attacking shaky but admissible evidence"); *Advanced Technology Incubator, Inc. v. Sharp*

*Corp.*, 2010 WL 1170246, *4 (E.D.Tex. 2010) ("any disagreement Defendants may have

about the opinions of Plaintiff's experts as to the science underlying these statements can and

should be resolved on cross-examination").

        Defendants' admit that Mr. Bratic's opinion of a reasonable royalty is "based upon

twenty-four settlement agreements regarding the Patent-in-Suit." Def.'s Letter Brief (Doc.

No. 681) ("DefLB") at p. 1.  However, they dismiss this compelling evidence of a reasonable

royalty established by *twenty-four* licenses because they allege such licenses were "mere



Page 2

nuisance value settlements." *Id.*   However, this allegation is baseless.   Thus, Defendants

allegations as to why licensees paid certain royalties are purely speculative and factually

baseless.   A *Daubert* motion from Defendants' based upon such meritless allegations would

be futile and a waste of the Court's valuable time.   Defendants' complaint is an issue for

cross examination, not a *Daubert* motion.

Further, pending before the Court is Plaintiff's Letter Brief requesting to file a

*Daubert* motion relative to Defendants' damages expert Dr. Sullivan. Plaintiff's Letter Brief

("PltLB"), Doc. No. 684.  As pointed out in Plaintiff's Letter Brief, Defendants' expert Dr.

Sullivan has alleged that "the settlement agreements were highly influenced by the relative

cost of Litigation" and they "primarily reflect the avoidance of litigation cost." Ex. 1 to

PltLB, p. 33. However, in preparing his report, Sullivan did not speak with a single party that

he alleges settled for the purpose of avoiding litigation costs. *Id*, p. 4; Ex. 2 to PltLB, pp. 38-

39 & 83-84. His purported conclusions are based on nothing more than the settlement

agreements themselves – which contain no description that they were entered for the purpose

of avoiding litigation costs.

Defendants' further argue that, "Mr. Bratic also acknowledged that his proposed

minimum royalty of $1.25/unit does not take into consideration the sales price of the accused

products or the costs or profits attributable to the patented feature of the device (the webcam

clip)." DefLB at p. 2.  However, Defendants' ignore that Mr. Bratic has rendered an opinion

on unit royalties based largely upon twenty-four licenses having express or implied unit

royalty rates at or in excess of $1.25 per webcam clip.  As Mr. Bratic has explained, "so



Page 3

many licensees in the industry have all taken license with the imputed royalty rate in the range of $1.25 to $1.50, irrespective of where they are in the stream of commerce, is a strong indication to me that they've all recognized that that's the intrinsic value of the patented feature." Bratic Deposition, p. 75.  Further, as Mr. Bratic has explained, "no single licensee has paid a running royalty based on the sale price of an accused product.  They've all been based on the per-unit royalty." *Id,* p. 76.

Defendants' suggest that litigation settlements are "unreliable" to the reasonable royalty analysis; however, their categorical allegation lacks merit. *See, e.g., In re MSTG, Inc.,* 675 F.3d 1337, 1348 (Fed. Cir. 2012) ("Our cases appropriately recognize that settlement agreements can be pertinent to the issue of reasonable royalties."); *ResQNet.com, Inc. v. Lansa, Inc.,* 594 F.3d 860 (Fed. Cir. 2010) ("This court observes as well that the most reliable license in this record arose out of litigation").

Defendants also fault Mr. Bratic for relying upon a percipient witness to license negotiations for facts about those negotiations.  DefLB, p. 3.  However, the fact that an expert relies on a fact witness is not dispositive; instead, the ultimate question is whether the expert's opinion is sufficiently reliable and relevant. *TQP Development, LLC v. Merrill Lynch & Co., Inc.*, Case No. 2:08-CV-471-WCB (E.D. Tex. August 10, 2012) (*citing United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Finally, Defendants fault Mr. Bratic because they alleged "provided evidence that the cost of the clip-portion itself is less than $1.00."  However, as stated by Mr. Bratic, this information is "not irrelevant." *Id.* at p. 77.  The cost of producing a webcam clip from raw



Page 4

materials is just as irrelevant to its value as the cost of manufacturing an iPhone from raw materials is to its value.

In short, Defendants' request should be denied because their *Daubert* motion would lack any merit, and would only be a waste of the Court's valuable time. Defendants' complaints about Mr. Bratic's opinions are the proper subject of cross-examination.

Sincerely,

**CEPIP**

John J. Edmonds

cc:     Defense Counsel (via CM/ECF).