CEPIP
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC

John J. Edmonds
713.364.5291
jedmonds@cepiplaw.com

September 14, 2012

By CM/ECF

The Honorable Leonard Davis
200 W. Ferguson, Third Floor
Tyler, TX 75702

Re: Plaintiff's Response to Defendants' Letter Brief Requesting Permission to File a Motion for Summary Judgment of Invalidity in *AdjustaCam LLC v. Amazon.com, Inc., et al. No. 6:10-cv-329-LED*

Your Honor:

Defendants' request to file a Motion for Summary Judgment of Invalidity (Doc. No. 682) should be denied because such a motion would be a waste of the Court's valuable time because it fails on the merits, including because Defendants' anticipation arguments lack factual merit, their obviousness arguments lack factual merit and are not proper for summary judgment; and their obviousness arguments are flawed, disputed with significant expert analysis and require resolution by a jury.

Regarding Irifune and claims 1, 8 and 19, Defendants purport to incorporate by reference the lengthy report of their expert Dr. Klopp. However, the Klopp Report has been painstakingly rebutted, point by point, by the even lengthier rebuttal expert report of Plaintiff's technical expert Dr. Muskivitch. Without limitation, to see the non-anticipation of claims 1, 8 and 19 relative to Irifune, one need look no further than the limitation in each such claim that the hinge member be "rotatably attached" to the camera.

Irifune discloses a camera fixed part (2) which rotates about central shaft (1). Camera fixed part 1 has a hole through which camera attachment shaft (9) passes. This assembly is illustrated in Fig. 2, as follows:



Irifune does not disclose that the hole in camera fixed part (2) is threaded. In fact, it indicates otherwise, because camera attachment shaft (9) is not threaded in its center (*see* Fig. 7), and because camera attachment screws (10) and (11) are used to tighten a camera onto fixed part (2). Thus, camera attachment shaft (9) freely passes through camera fixed part (2). This is illustrated by the drawing of attachment shaft (9) at Fig. 7 of Irifune, as follows:

When a camera is mounted on the Irifune device, it would be screwed onto camera attachment shaft (9) and tightened against camera fixed part (2) using camera attachment screws (10) and (11).

Further, the plain and ordinary meaning, to one of ordinary skill in the art at the time of the invention, of “attached” is to be permanently fixed, joined, connected, or bound. A partially threaded camera is not permanently fixed, joined, connected, or bound to the hinge member. With



Irifune, the camera is not even attached to the hinge member until fully tightened down using camera attachment shaft (9) and camera attachment screws (10) and (11).

Further, even assuming for the sake of argument that with Irifune the camera is attached, it is not "rotatably attached" as required by the claims. The purpose of the camera attachment shaft and screws is to firmly attach the camera to the camera fixed part (2). Once the camera is attached to the camera fixed part (2), the camera cannot rotate about a first axis relative to the hinge member.

Further, with the Irifune apparatus, a partially threaded camera is not rotatably attached to the hinge member. FIG. 2 of Irifune shows a camera fixed part (2) that is unthreaded, and a camera attachment shaft 9 that is also partially unthreaded at the location where it would be disposed within an opening of the camera fixed part. Thus, the camera attachment shaft (9) can freely pass through the opening of the camera fixed part (2). This is because camera fixed part merely has a hole that allows the camera attachment shaft 9 to cleanly pass through and be screwed into a camera.

Consequently, Irifune merely discloses a hole that allows a camera attachment shaft (9) to pass there through and provide for secure tightening of the camera to be in contact with the camera fixed part (2), so that it is in a tight, stable, fixed position when fully screwed to the camera attachment shaft. The entire purpose of the camera attachment shaft (9) is to tightly secure the camera to the camera fixed part so that it does not rotate.

Further, Defendants erroneously contend that a combination of camera fixed part (2) and camera attachment shaft (9) is a "hinge member." However, the Court has construed a "hinge member" as "a structural element that joins to another for rotation." Yet the combination of camera



fixed part (2) and camera attachment shaft (9), constitutes two structural elements, and therefore it is not "a structural element that joins to another for rotation."

Further, Irifune makes no disclosure of the camera attachment shaft fitting securely into camera fixed part (2). Unless camera attachment shaft (9) is screwed into a camera, it would fall through the hole in camera fixed part (2) if the Irifune apparatus was held upright.

For at least the foregoing reasons, Irifune does not anticipate any asserted claims, and any motion filed by Defendants on this would be futile and a waste of time.

The '783 patent to Ma is appropriately entitled "Digital Camera for a Computer." Ma discloses a CCD (*i.e.*, digital) camera comprised of a photographic lens assembly 1, an adjustment block 2, and a circuit box 3. Defendants' Letter Brief alleges that Ma "clearly discloses a hinge member (2) rotatably attached to both a camera (1) and a support frame [circuit box (3) and sliding hook (31)]." DefLB at p. 2. To the contrary, Ma discloses a camera with moveable parts. As noted in Ma's title and throughout the patent, the invention described in Ma is a "camera." For example, claim 1 of Ma is directed to "[a] digital camera for a computer comprising: a photographic lens assembly . . . an adjustment block . . . steering element[s] . . . [and] "a circuit box."

For at least the foregoing reasons, Ma does not anticipate any asserted claims, and any motion filed by Defendants on this would be futile and a waste of time.

Defendants also wish to file a motion for summary judgment on the issue of obviousness, which by its nature is a fact-bound inquiry inappropriate for summary judgment. Here, Defendants seek to rely upon the alleged obviousness opinions of their expert Dr. Klopp. However, Dr. Klopp's obviousness opinions (to the extent they were more than unsupported *ipsa dixits*) have been refuted, point by point, by Plaintiff's expert Dr. Muskivitch.


Further, Dr. Klopp's purported obviousness opinions are fatally flawed and deficient because he failed to address secondary considerations of non-obviousness. *See Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372, 1379 (Fed.Cir.2012).

Further, pending before the Court is Plaintiff's Letter Brief seeking to file a Motion to Strike Klopp's many obviousness combinations that were not included in Defendants' P.R. 3-3 Invalidity Contentions. *See* Letter Brief at Doc. No. 684. As set forth in detail in Plaintiff's Letter Brief, the combination of Irifune and "video conferencing software" was not included in Defendants' P.R. 3-3 Invalidity Contention Disclosures. Further, Defendants' new invalidity theory relative to Ma in which they newly contend that the "hinge member" of Ma was the "upper part of the circuit box 3 and a 'downward tubular revolving shaft 21," was not included in their 3-3s. Further, Defendants new invalidity theory relative to Ma patent and claim 19 – *i.e.*, "swapping" the first and second axis – was not included in their 3-3s. It would be entirely inappropriate for Defendants to be permitted to move for summary judgment based upon obviousness theories never included in their P.R. 3-3 invalidity contention disclosures.

In short, Defendants' request to file a motion for summary judgment of invalidity should be denied because the proposed motion would lack any merit, and would only be a waste of the Court's valuable time. Further, even setting aside the fatal deficiencies in Defendants' obviousness positions, at worst this involves a "battle of the experts" that jury must resolve, or at a minimum a factual dispute that the jury must resolve.



Page 6

Sincerely,

**CEPIP**

John J. Edmonds

cc: Defense Counsel (via CM/ECF).

1616 S. Voss Road, Suite 125
Houston, TX 77057

1851 E. First St., Ste. 900
Santa Ana, CA 92705