**CEPIP**
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC

John J. Edmonds
713.364.5291
jedmonds@cepiplaw.com

September 14, 2012					By CM/ECF

The Honorable Leonard Davis
200 W. Ferguson, Third Floor
Tyler, TX 75702

Re:	Plaintiff's Response to NewEgg/Rosewill's Letter Brief Requesting Permission to File a Motion for Summary Judgment of Non-Infringement in *AdjustaCam LLC v. Amazon.com, Inc., et al.* No. 6:10-cv-329-LED

Your Honor:

Newegg and Rosewill's (collectively, "Newegg/Rosewill") request to file a Motion for Summary Judgment of Non-Infringement (Doc No. 685) should be denied because such a motion would be moot, it would only be a waste of the Court's valuable time, and it fails on the merits, including because there is a factual dispute over the single axis issue that precludes summary judgment and requires resolution by a jury.

In the first instance, NewEgg/Rosewill's Letter Brief is moot and an utter waste of the Court's time because over two weeks ago (i.e. prior to the filing of NewEgg/Rosewill's Letter Brief), Plaintiff gave NewEgg/Rosewill an unrestricted covenant not to sue under the patent-in-suit, accompanied by a motion to dismiss all claims involving NewEgg/Rosewill. Doc No. 678.  The reasons for the dismissal include that all of NewEgg/Rosewill's suppliers in the suit have now settled and the damages against NewEgg/Rosewill alone are de minimis. Plaintiff's covenant not to sue under the '343 patent divests the Court of subject matter jurisdiction with respect to claims and counterclaims involving NewEgg/Rosewill. *See, e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995). Apparently motivated by its own misguided and vexatious agenda, NewEgg/Rosewill has completely ignored the covenant and dismissal, and seeks to burden this Court with ruling

1616 S. Voss Road, Suite 25				1851 E. First St., Ste. 900
Houston, TX 77057					Santa Ana, CA 92705



Page 2

summarily upon a moot dispute over a patent that it cannot infringe due to the covenant.

Irrespective of the foregoing, allowing NewEgg/Rosewill to file a motion for summary judgment of non-infringement would be a waste of the Court's time because there is a factual dispute over the single axis issue that precludes summary judgment and requires resolution by a jury. First, NewEgg misrepresents AdjustaCam's infringement position in order to build up a straw man that it can purport to tear down. In particular, as shown in this photo of the NewEgg/Rosewill RCM-8163:



the hinge member (noted with a green arrow) is rotatably attached to the camera such that, as is stated in Plaintiff's expert's report, "the camera rotates about a first axis of rotation (noted with a blue arrow) relative to the hinge member. The axis of rotation is a single axis of rotation which is defined by a vector from the center of the connector through the central axis of the camera."

NewEgg alleges that the rotatable connection between the hinge member and the camera is a "ball joint," but – as stated by Plaintiff's technical expert Dr. Muskivitch -- in reality it is a severely constrained[1] ball joint, which to one of ordinary skill in the art (e.g., an

---

[1] The channel which severely constrains the movement of the camera vis-à-vis the

1616 S. Voss Road, Suite 125                                                                        1851 E. First St., Ste. 900
Houston, TX 77057                                                                                                Santa Ana, CA 92705



Page 3

engineer) understands acts as two independent joints, each of which has an independent, single axis of rotation. *See, e.g.,* pp. 70-71, 96, 148-55, 159, 297-98 & 304-307 of the Muskivitch deposition. For example, as stated by Plaintiff's Expert Dr. Muskivitch (and which is also evident from even a layperson's physical inspection): (1) "From a standpoint of someone skilled in the art, I think that by looking at and examining the behavior of this device and the way the structure is put together, it has two distinct joints… So it's a combination of a biaxial joint or a two joint mechanism that has two independent and distinct, separate motions…" *Id.,* p. 96; (2) "It's a separate motion; it's a separate functional joint. *Id.,* pp. 149-50; and (3) "If it's about the vector that would cause that one axis of rotation, yes. And it would be independent of any other rotations that you -- that you would apply." *Id.* at 298.

According to NewEgg/Rosewill's invalid theory, the preferred embodiments of the patent-in-suit, e.g., , couldn't meet the claim limitations either, because such preferred embodiments have the *same* range of motion for the camera as NewEgg/Rosewill's infringing device. This further illustrates the fallacy in

hinge member is depicted in NewEgg/Rosewill's own Letter Brief, as follows: 

1616 S. Voss Road, Suite 125
Houston, TX 77057

1851 E. First St., Ste. 900
Santa Ana, CA 92705



Page 4

NewEgg/Rosewill's argument.

NewEgg/Rosewill further alleges that its RCM-8163 does not infringe because there is no rotatable attachment (claim 1) or hinged attachment (claim 19) between the hinge member and the support frame. Here again, NewEgg/Rosewill has constructed a straw man in order to tear it down. In particular, as shown in this photo of the NewEgg/Rosewill RCM-8163:



the support frame (noted with a red arrow) is hingedly attached[2] to the camera such that – as is stated in Plaintiff's expert's report - "the hinge member rotates about a second axis of rotation (noted with a yellow arrow), relative to the support frame. This axis of rotation is by the axis of the hinge connection to the support frame. Thus, it is a single axis of rotation."

Finally, NewEgg/Rosewill's arguments relative to the iMicro IMV6/ZB029 (the ""iMicro Webcam") are conclusory and senseless. NewEgg/Rosewill's only specific argument is that the "second axis of rotation" for the iMicro Webcam is not "substantially substantially parallel to the first surface when said hinge member is supported on the object" when the camera clip is contorted into an unreasonable and silly looking configuration by

---

[2] A hinged attachment is one type of rotatable attachment. Thus, rotatable attachments are inclusive of hinged attachments.



Page 5

NewEgg/Roswewill's paid expert. However, NewEgg/Rosewill misreads claim 1, which merely requires, that the support frame rotates about "*a*" second axis of rotation which is substantially parallel to the first surface when said hinge member is supported on the object." NewEgg/Rosewill's argument is invalid and illogical.

In short, NewEgg/Rosewill's request to file a motion for summary judgment should be denied because (1) there is no longer a justiciable controversy over infringement due to Plaintiff's covenant not to sue and pending motion to dismiss; and (2) their proposed motion would lack any merit, and would only be a waste of the Court's valuable time. In particular, NewEgg/Rosewill' complaints about non-infringement relative to hinge members and axes of rogation involve a "battle of the experts" that jury must resolve, or at a minimum a factual dispute over the joint(s) in question that the jury must resolve.

                                                              Sincerely,

                                                              **CEPIP**

                                                               John J. Edmonds

cc:     Defense Counsel (via CM/ECF).