IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:10-cv-00329 |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT'S NOTICE OF COMPLIANCE
### WITH COURT'S MOTION PRACTICE ORDER

In compliance with the Court's Standing Order Regarding Letter Briefs and Order on Joint Motion to Amend Docket Control Order (Doc. 660), Defendant, Sakar International, Inc., files this Notice of its Reply Letter Brief to the Court requesting permission to file a Summary Judgment Motion of non-infringement of the asserted claims of the `343 patent (Dkt. No. 679), and in response to Plaintiff AdjustaCam's answering letter brief (Dkt. No. 700). A copy of Sakar's Reply Letter Brief is attached as Exhibit 1.

Dated: September 21, 2012

Respectfully submitted,

/s/ *Ezra Sutton*
Ezra Sutton, Esq.
Ezra Sutton & Associates, P.A.
900 Route 9 North
Plaza 9, Suite 201
Woodbridge, NJ 07095
Telephone: (732) 634-3520
Facsimile: (732) 634-3511
Email: esutton@ezrasutton.com

Attorney for Sakar International, Inc., Kohl's Illinois, Inc., & Kohl's Corporation, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this 21st day of September, 2012. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

/s/ Ezra Sutton
Ezra Sutton

LAW OFFICES
## EZRA SUTTON, P. A.
A PROFESSIONAL CORPORATION
900 ROUTE 9
WOODBRIDGE, NEW JERSEY 07095

EZRA SUTTON*
JOSEPH SUTTON**
ANTHONY M. MORANO*

*N.J. AND N.Y. BARS
**N.J. BAR AND N.Y. FEDERAL BARS

PATENTS
TRADEMARKS
COPYRIGHTS
LICENSING

(732) 634-3520
FAX: (732) 634-3511
www.ezrasutton.com

September 21, 2012

The Honorable Leonard Davis
Chief United States District Court Judge
William M. Steger Federal Building and United States Courthouse
211 W. Ferguson, Third Floor
Tyler, Texas 75702

Re: *Adjustacam LLC v. Amazon.com, Inc. et al.*, Civil Action No. 6:10-cv-00329

Dear Judge Davis:

Defendant Sakar International, Inc. ("Sakar") respectfully submits this Reply Letter Brief in support of Sakar's Letter Brief seeking leave to file a Summary Judgment Motion of non-infringement of the asserted claims of the '343 patent (Dkt. No. 679), and in response to Plaintiff AdjustaCam's answering letter brief (Dkt. No. 700).

I. **Plaintiff's Expert Admitted Three Times that Sakar's Kodak Webcams With a Ball and Stem Fixed to the Bottom of the Camera Joint DO NOT Have a "camera...rotating, about a first axis of rotation, *relative* to [a] hinge member" as Required by Asserted Independent Claims 1(a) and 19(a) of the '343 Patent.**

Adjustacam's own Expert admitted three times that Sakar's Kodak webcams with a ball and stem fixed to the camera DO NOT rotate as required by claims 1(a) and 19(a):

**1) First Admission**
A. Yes. The stem and the ball and the camera all are -- if you are going to rotate it, they will all rotate together.
Q. Okay.
So am I correct, would you be -- is it correct to say that the **Kodak camera does not rotate relative** to the stem and ball because **they are fixed** to each other?
A. That's correct.
(Muskivitch Deposition, p. 280, ll.4-12);

**2) Second Admission**
Q. Well, we have -- we have already talked about the relationship between the camera and the stem and ball, and we have agreed earlier -- or you agreed earlier that -- that in a Kodak webcam, **there is no rotational movement** between the -- the camera and the ball and stem that fits [are fixed] together. Do you remember that?
A. Yeah, sure, sure.
(Muskivitch Deposition, p. 308, ll.12-19); and

**3) Third Admission**
Q. Okay. But there is **no relative movement** between the ball and stem, which are -- and the camera, which are **fixed together**, correct?

1

A. I agree. Right.
(Muskivitch Deposition, p. 311, ll.14-17).

Thus, these three admissions prove no infringement as a matter of law.

II. **Plaintiff's Expert Admitted Three Times that Sakar's Kodak Webcams With a Ball and Socket Joint DO NOT Have a "a support frame rotatably [or hingedly] attached to [the] hinge member" about *a single axis of rotation* as Required by Asserted Independent Claims 1(b) and 19(b) of the '343 Patent and this Court.**

Plaintiff's own Expert admitted three times that Sakar's Kodak webcams have at least two axes of rotation between the "support frame" and "hinge member," whereas a single axis of rotation is required by claims 1(b) and 19(b).

### 1) First Admission
Q. -- I was talking about the relationship between the -- the hinge member and the -- and the -- and the ball and stem.
A. Right. So it has three -- in general, it would have three possible motions.
Q. Well, are those -- you say "motions." **Are those different axes of rotation?**
A. Yes.
(Muskivitch Deposition, p. 304, ll.12-19);

### 2) Second Admission
Q. Okay. Then in the forward tilt position where the hinge member or upper leg is closer to the front of the camera, we call that a -- another axis of rotation, right?
A. That's correct.
Q. And then in the --
A. And it's perpendicular -- as long as you move the hinge member and support frame in a manner that is metric when you go backwards and forwards --
Q. All right. But if there is a vertical axis of rotation and it's a different axis of rotation in the forward tilt position, **that's two axes of rotation, correct?**
A. Yes.
(Muskivitch Deposition, p. 313, ll.1-15); and

### 3) Third Admission
"Q. All right. But if there is a vertical axis of rotation and it's a different axis of rotation in the forward tilt position, that's **two axes of rotation, correct?**"
THE WITNESS: Yes.
MR. SUTTON: And the witness said, "Yes."
THE WITNESS: Yes. Correct.
(Muskivitch Deposition, p. 313, ll.24-25 to p. 314, ll.1-7).

Thus, these three admissions prove no infringement as a matter of law.

III. **The Arguments of Plaintiff and its Expert (Dr. Muskivitch) that Sakar's Kodak Webcams have Both a "hinge member" and a "support frame" Directly Contradict the '343 Patent Specification and the Testimony of Dr. Muskivitch Himself.**

The '343 specification states (and as shown in Fig. 4, attached as Ex. A):

FIG. 4 shows **hinge member 16 comprised of a body 74 having a proximal end 76 and a distal end 78. A pivot element 80 at proximal end 76 of body 74 rotatably attaches camera 12 to body 74 so the camera may rotate about first axis 26 relative to body 74. A hinge element 82

2

at distal end 78 of body 74 **hingedly attaches body 74 to support frame 18 so body 74 rotates about second axis 32 relative to support frame 18.** ('343 patent, Col.5, ll.37-44).

First, as shown in attached Ex. B, structural element A of Sakar's accused Kodak webcams is simply a support base with a socket hole in it and does not have "a pivot element" or an equivalent structure thereof. Accordingly, Sakar's accused Kodak webcams do not have a "hinge member" comprised of a "a pivot element" such that "a pivot element...rotatably attaches to [the] camera to [a] body so the camera may rotate about a first axis relative to the body," as required by the '343 specification. (Sakar's Kodak webcams comprise a stem and ball that is *fixed* to the camera, which does not permit the *camera to rotate relative to the body of the hinge member*.) Thus, Plaintiff's mischaracterization of structural element A as a "hinge member" directly conflicts with the '343 specification. *See TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1374-75 (Fed.Cir.2002)(affirming summary judgment of non-infringement because the record did not support assertion that one of skill in the art would equate the accused element, a multiplexer, with the claimed element, a decoder).

Second, Plaintiff's mischaracterization of structural element A of Sakar's accused Kodak webcams as a "hinge member" improperly necessitates Plaintiff's additional mischaracterization of structural element B of Sakar's accused Kodak webcams as a "support frame."

The '343 specification states and Fig. 1 (attached as Ex. C) shows that the claimed "support frame 18" (in asserted claims 1 and 19) "**has a *first portion* consisting of first support element 38 and a *second portion* consisting of a first front support element 40 and a second front support element 42.**" ('343 patent, Col.4, ll.27-30). Dr. Muskivitch confirmed this:

> Q. Is it correct that the support frame, eighteen, which are the **two legs** --
> A. Right.

(Muskivitch Deposition, p. 285, ll.20-22);

> Q. ...Do you understand that...the Kodak webcam has **two legs** which we can call a support frame, similar to the patent?
> A. Yes.

(Muskivitch Deposition, p. 287, ll.5-10); and

> Q. And, similarly, would you understand that forty, forty-two and thirty-eight could be similarly considered as legs that support the hinge member in this instance?"
> \*       \*       \*
> A. Yes. That's correct.

(Muskivitch Deposition, p. 324, ll.8-21).

However, as shown, in attached Ex. D, Plaintiff's expert shows a structural element B of Sakar's accused Kodak webcams is a *single* support base that does not have "a first portion with a first support element and a second portion consisting of a first front support element and a second front support element" or an equivalent structure thereof. Thus, Plaintiff's mischaracterization of structural element B as a "support frame" directly conflicts with the '343 specification. *See TechSearch*, 286 F.3d at 1374-75 (same).

Based on the foregoing, Sakar's Kodak webcams do not infringe the asserted claims of the '343 patent.

3

Respectfully submitted,

/s/ Ezra Sutton
EZRA SUTTON, Esq.
EZRA SUTTON, P. A.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel: 732-634-3520/3511
*Attorneys for Defendant Sakar International, Inc.*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CN/ECF system per Local Rule CV-5(a)(3) this 21st day of September 2012.

/s/ *Ezra Sutton*
Ezra Sutton