EXHIBIT 1



960 Broadway Avenue
Suite 250
Boise, ID 83706
Telephone 208.562.4900
Facsimile 208.562.4901

A PROFESSIONAL
LAW CORPORATION

John N. Zarian
Attorney at Law

Direct Dial (208) 562-4902
E-Mail JZarian@ParsonsBehle.com

Boise ▪ Las Vegas ▪ Reno ▪ Salt Lake City ▪ Spokane

September 21, 2012

The Honorable Leonard Davis
Chief Judge
William M. Steger Federal Building
211 W. Ferguson
Third Floor
Tyler, TX 75702

    Re:  *Adjustacam LLC v. Amazon.com, Inc., et al.,* Civil Action No. 6:10-cv-00329

Dear Judge Davis:

    Defendants Newegg Inc., Newegg.com Inc., and Rosewill, Inc. (collectively, "Newegg"), joined by defendant Sakar International, Inc., Kohl's Illinois, Inc., and Kohl's Corporation, Inc. (collectively, "Defendants") respectfully submit this reply letter brief in support of their Letter Brief Requesting Permission to File a Motion to Strike/Preclude Certain Testimony of Plaintiff's Technical Expert, Dr. John C. Muskivitch [Dkt. No. 680-1].

    In its Responsive Letter Brief [Dkt. No. 701-1], Plaintiff does not dispute that it served an expert report on infringement with entirely new text and a different identification of the claim limitations with respect to the accused products on August 24, 2012 (the "August 24 Report") during the deposition of its technical expert, Dr. Muskivitch. Nor does Plaintiff dispute that the opinions contained in the August 24 Report were not disclosed in its Rule 3-1 Infringement Contentions. Despite these concessions, and despite serving the August 24 Report two months late at the end of expert discovery, Plaintiff maintains it is "blameless." Its cavalier attitude notwithstanding, Plaintiff has provided no justification for the untimely report, and the arguments in its Responsive Brief fail for at least five reasons.

    First, Plaintiff mischaracterizes Defendants' request for relief. To be sure, Defendants are not seeking "death penalty sanctions," as Plaintiff suggests, and are not seeking to exclude Dr. Muskivitch from testifying altogether. To the contrary, Defendants seek to preclude Dr. Muskivitch from offering any testimony or opinions on the issue of infringement that were not contained in his first infringement report, which was timely served on June 25, 2012 (the "June 25 Report"). As such, Defendants seek to exclude any

The Honorable Leonard Davis
September 21, 2012
Page Two

testimony or opinions based on the August 24 Report for the reasons described in their Opening Letter Brief. Defendants' insistence that Plaintiff's expert limit his opinions to those contained in his timely-filed report is anything but "draconian." Pl. Br. at 4.

Second, Plaintiff does not even acknowledge, let alone attempt to distinguish, the authorities cited in Defendants' Opening Letter Brief which govern motions to strike based on untimely expert submissions. In fact, Plaintiff attempts to side-step these authorities by citing *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511 (5th Cir. 1985) for the erroneous proposition that the Court may not strike an untimely expert report absent "willfulness or bad faith." Pl. Br. at 3. But *Batson* concerns *terminating sanctions* and has nothing do to with the submission of an untimely expert report or a motion to strike such a report.[1] In *Batson*, the Fifth Circuit affirmed the trial court's finding that sanctions were appropriate where the plaintiff failed to produce documents despite a court order; however, the trial court abused its discretion by awarding terminating sanctions and attorney fees in excess of $30,000. *Id.* at 514. Here, Defendants are not requesting terminating sanctions or attorneys' fees (at least not at the present time); therefore, *Batson* is inapposite.[2]

Third, Plaintiff provides no explanation for its untimely service of Dr. Muskivitch's August 24 Report. Plaintiff argues that "[t]he facts show" that the August 24 Report was untimely served due to an "inadvertent version control error," but Plaintiff fails to cite a single "fact" to support this conclusory assertion. The Court should strike the August 24 Report for this reason alone. *Green v. Blitz U.S.A., Inc.*, Case No. 2:07-CV-372 WL 557822 (E.D. Tex. Sept. 30, 2008) (striking late supplemental report absent "any justification" for failure to comply with Rule 26); *Reliance Ins. Co. v. The Louisiana Land and Exploration Co.*, 110 F.3d 253, 257-58 (5th Cir. 1997) (affirming denial of request to supplement expert report where two of the four factors to be considered weighed against supplementation; specifically, the plaintiff had "offered no justification for delay" and "[t]o allow plaintiff to add more material now and create essentially a new report would prejudice the defendants, who would then have to get an expert to address these last-minute conclusions, and thus disrupt the trial date in this case.").

---

[1] Plaintiff's selective quotation from *Batson* is disingenuous because the "willfulness or bad faith" standard at issue in that case applies to terminating sanctions – not motions to strike untimely reports. *Batson* 765 F.2d at 514 ("*[D]ismissal* is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not the inability to comply.") (emphasis added).

[2] As described in Defendants' Opening Letter Brief, the Fifth Circuit Court of Appeals considers four factors in determining motions to exclude expert testimony based on untimely disclosure or late-filed reports. "Willfulness or bad faith" is not one of them. Rather, Courts consider: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

The Honorable Leonard Davis
September 21, 2012
Page Three

   Fourth, Plaintiff's argument that Newegg is not prejudiced by the August 24 Report is illogical.  As explained in Defendants' Opening Letter Brief, Defendants' experts formulated their opinions based on the infringement opinions contained in Dr. Muskivitch's June 25, 2012 Report.  For example, Defendant's non-infringement expert, John Hamilton, prepared his report in rebuttal to the opinions disclosed in Dr. Muskivitch's June 25 Report, and Mr. Hamilton defended his opinions at deposition.  Allowing Dr. Muskivitch to rely on the new opinions in his August 24 Report will require a time-consuming and costly expert discovery "do-over" because Defendants' experts will need to evaluate Dr. Muskivitch's new opinions and form opinions of their own to rebut Dr. Muskivitch's new opinions.

   Fifth, Plaintiff's "less drastic" proposals for minimizing the prejudice to Defendants are unworkable.  For example, Plaintiff attempts to salvage the August 24 Report by making Dr. Muskivitch available for another deposition.  But re-deposing Dr. Muskivitch does not make up for the substantial resources Defendants devoted to completing expert discovery and preparing for trial based on the opinions contained in Dr. Muskivitch's June 25 Report.

   In summary, Defendants have invested considerable resources preparing for trial based on the opinions contained in Dr. Muskivitch's initial report, and Plaintiff has provided no justification or explanation for serving the allegedly "correct" report two months late and at the end of expert discovery.  For the foregoing reasons, and for the reasons set forth in Defendants' Opening Letter Brief [Dkt. No. 680-1], Defendants respectfully request that the Court permit the Defendants to file a motion to strike the August 24, 2012 Expert Report of John C. Muskivitch, and to preclude any testimony based on matters contained in that Report.

               Respectfully Submitted,

                */s/ John N. Zarian*

                John N. Zarian