EXHIBIT 1



960 Broadway Avenue
Suite 250
Boise, ID 83706
Telephone 208.562.4900
Facsimile 208.562.4901

A PROFESSIONAL
LAW CORPORATION

John N. Zarian
Attorney at Law

Direct Dial (208) 562-4902
E-Mail JZarian@ParsonsBehle.com

Boise ▪ Las Vegas ▪ Reno ▪ Salt Lake City ▪ Spokane

September 21, 2012

The Honorable Leonard Davis
Chief Judge
William M. Steger Federal Building
211 W. Ferguson
Third Floor
Tyler, TX 75702

   Re: *Adjustacam LLC v. Amazon.com, Inc., et al.,* Civil Action No. 6:10-cv-00329

Dear Judge Davis:

  Defendants Newegg Inc., Newegg.com Inc., and Rosewill, Inc. (collectively, "Newegg"), respectfully submit this reply letter brief in support of their letter brief requesting permission to file a motion for summary judgment of non-infringement ("Opening Letter Brief"). [Dkt. No. 685-1.]

  As described in Newegg's Opening Letter Brief, the overwhelming majority of the accused Newegg products contain a webcam connected to a clip via a ball-and-socket joint. These "Ball-and-Socket Clips" do not infringe the Asserted Claims for at least two reasons. First, they do not have a "hinge member…rotatably attached to [a] camera," where the camera rotates relative to the hinge member "about a first axis of rotation." The Court held that "rotatably attached objects" are "limited to a single axis of rotation" [Dkt. No. 627 at 10], and it is undisputed that the accused Ball-and-Socket Clips rotate relative to the camera about multiple axes of rotation. Second, the cameras of the accused products are fixed – not "rotatably attached" – to what Plaintiff's technical expert, Dr. Muskivitch, identified as the "hinge member" in his first infringement report.

  Plaintiff does not respond to Newegg's arguments with any opinions from Dr. Muskivitch's June 25, 2012 infringement report. Instead, Plaintiff attempts to overcome Newegg's clear non-infringement defenses by relying on a new and untimely report from Dr. Muskivitch (the "August 24 Report") in which Dr. Muskivitch changes the identification of the claim limitations concerning the accused Newegg Products.[1] In his opening report, Dr. Muskivitch identified the "ball-and-stick" portion of the accused

---

[1] For example, the photographs of the accused Rosewill RCM-8163 product shown with annotations in Plaintiff's Responsive Letter Brief are from Dr. Muskivitch's untimely August 24 report – not his June 25, 2012 infringement report. Pl. Br. at 2, 4. Similarly, the quotes from "Plaintiff's expert report" on pages 2 and 4 of Plaintiff's Responsive Letter Brief are from Dr. Muskivitch's untimely report and are nowhere to be found in his June 25 Report.

The Honorable Leonard Davis
September 21, 2012
Page Two

Newegg products as the "hinge member," and the clip of those products as the "support frame." In his August 24 Report, however, Dr. Muskivitch moved his identification of the "hinge member" from the "ball and stick" of the accused products to the top half of the webcam clip. Now, Dr. Muskivitch maintains the absurd opinion that the ball and stick is the "camera" as recited in the Asserted Claims. In his August 24 Report, Dr. Muskivitch also opines that the "support frame" is no longer the clip of the accused products, but is only one half (the bottom half) of the clip. This also required Dr. Muskivitch to change his identification of the "second axis of rotation" in the accused Newegg products.

The last-minute change in Dr. Muskivitch's opinions can be seen by comparing the annotated photographs of the accused Rosewill RCM-8163 from Dr. Muskivitch's June 25 and August 24 Reports:

 

*Excerpts from Dr. Muskivitch's June 25, 2012 Report (left) and August 24 Report (right) identifying the "second axis of rotation" of the accused Rosewill RCM-8163 product by yellow arrow and "support frame" by red arrow.*

 

*Excerpts from Dr. Muskivitch's June 25, 2012 Report (left) and August 24 Report (right) identifying the "hinge member" of the accused Rosewill RCM-8163 product by green arrow.*

Plaintiff should not be allowed to rely on the new opinions in Dr. Muskivitch's August 24 Report for the reasons described in Defendants' letter brief requesting

The Honorable Leonard Davis
September 21, 2012
Page Three

permission to file a motion to strike those opinions. [Dkt. No. 680-1]. Because Plaintiff does not dispute Newegg's non-infringement defenses with any expert opinion – other than the untimely opinions of Dr. Muskivitch – Plaintiff cannot respond to Newegg's non-infringement arguments with admissible evidence, and the Court should allow Newegg to file a motion for summary judgment of non-infringement.

In any event, it cannot be reasonably disputed that the accused Newegg products do not contain each and every limitation of the Asserted Claims, regardless of Dr. Muskivitch's new opinions; therefore, the Court should allow Newegg to file a motion for summary judgment of non-infringement even if Plaintiff is permitted to rely on Dr. Muskivitch's untimely opinions.  For example, relying on Dr. Muskivitch's new opinions, Plaintif takes the illogical position that a ball-and-socket joint is not one joint, but "two joints, each of which has an independent, single axis of rotation." Pl. Br. at 3. In addition, Dr. Muskivitch's new opinions require Plaintiff to conflate the "hinge member" and the "support frame."  Indeed, Plaintiff argues that the "support frame" is one-half of the webcam clip and the "hinge member" is the othe half.  But, by itself, one half of a webcam clip cannot support anything and does not have two "dispositions" as the Asserted Claims require.  One half of a webcam clip clearly cannot support a webcam on a display (such as a laptop computer), as the Asserted Claims require.  Accordingly, the arguments Plaintiff includes in its Responsive Letter Brief are frivolous and are insufficient to avoid summary judgment.

Finally, Plaintiff attempts to distract the Court from the merits of Newegg's non-infringement defenses by pointing to an inadequate covenant not to sue that Plaintff offered Newegg just two weeks ago and more than two years into this litigation.  Newegg understandably seeks to ensure that any covenant not to sue it receives concerning the patent-in-suit fully protects Newegg, as well as its subsidiaries, suppliers, and customers, from being sued again under any circumstances for alleged infringement of the patent.[2] By taking these precautions, Newegg is by no means engaging in a "vexatious agenda" as Plaintiff alleges.  Pl. Br. at 4.

For the foregoing reasons, and for the reasons described in its Opening Letter Brief, Newegg respectfully seeks permission to file a motion of summary judgment of non-infringement.

Respectfully Submitted,

*/s/ John N. Zarian*

John N. Zarian

---

[2] *See* Newegg's Memorandum in Response to Plaintiff's Motion to Dismiss its Claims Against Newegg and Rosewill for Lack of Subject Matter Jurisdiction [Dkt. No. 699] for a more detailed explanation of the problems with Plaintiff's proposed covenant not to sue and its motion to dismiss.