EXHIBIT 1



960 Broadway Avenue
Suite 250
Boise, ID 83706
Telephone 208.562.4900
Facsimile 208.562.4901

A PROFESSIONAL
LAW CORPORATION

**John N. Zarian**
**Attorney at Law**

Direct Dial (208) 562-4902
E-Mail JZarian@ParsonsBehle.com

Boise ▪ Las Vegas ▪ Reno ▪ Salt Lake City ▪ Spokane

September 21, 2012

The Honorable Leonard Davis
Chief Judge
William M. Steger Federal Building
211 W. Ferguson
Third Floor
Tyler, TX 75702

     Re: *Adjustacam LLC v. Amazon.com, Inc., et al.,* Civil Action No. 6:10-cv-00329

Dear Judge Davis:

     Defendants Newegg Inc., Newegg.com Inc., and Rosewill, Inc. (collectively, "Newegg"), joined by defendants Sakar International, Inc., Kohl's Illinois, Inc., and Kohl's Corporation, Inc., (collectively, "Defendants") respectfully submit this reply letter brief in support of their letter brief requesting permission to file a motion for summary judgment of invalidity. [Dkt. No. 682.]

     In its Response to Defendants' Letter Brief ("Responsive Letter Brief") [Dkt. No. 703] Plaintiff presents the same tired arguments that have been repeatedly rejected by the United States Patent and Trademark Office ("PTO") in the pending reexamination of the '343 Patent.[1] But Plaintiff does not raise a single genuine issue of fact that would prevent the Court from awarding summary judgment in favor of Defendants.

     Plaintiff leads with the argument that Defendants' invalidity claim fails because Plaintiff's rebuttal report is "even lengthier" than the invalidity report from Plaintiff's expert, Dr. Klopp. Pl. Br. at 1. This is nothing more than a conclusory statement unsupported by facts and, of course, the *length* of Plaintiff's expert report does not make up for Plaintiff's inability to identify an issue of fact precluding summary judgment of invalidity.

     Plaintiff then advances the same argument it unsuccessfully raised with the PTO, namely that the Irifune publication does not disclose a hinge member that is "rotatably attached" to the

---

[1] During reexamination of the `343 Patent and after two prior non-final rejections, the PTO issued a final rejection on August 30, 2012 which rejected asserted claims 1, 7, 8, and 19 over the Irifune and Ma prior art. Although the PTO found Plaintiff's arguments regarding Irifune and Ma unpersuasive, Plaintiff includes those very same arguments in its Responsive Letter Brief. On September 20, 2012, Plaintiff responded to the final rejection by voluntarily cancelling each of the asserted claims and notifying the Court of the same. [Dkt. No. 711.] By so doing, ***Plaintiff now admits that the claims asserted in this litigation are invalid and unenforceable***. The parties have scheduled a meet-and-confer conference for September 24, 2012 to discuss this development and its impact on the status and future of this litigation.

The Honorable Leonard Davis
September 21, 2012
Page Two

camera. Pl. Br. at 1-3. This argument fails for several reasons, including because it is inconsistent with Plaintiff's infringement arguments. It is black letter law that claims must be construed the same for infringement and invalidity. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003). In its Opening Claim Construction Brief [Dkt. No. 575], Plaintiff argued that the term "rotatably attached" should be construed as "connected such that the connected object is capable of being rotated." *Id.*, at 8-9. Indeed, the camera disclosed in the Irifune publication is unmistakably attached to the hinge member in such a way that it is capable of being rotated. In fact, Plaintiff's own expert, Dr. Muskivitch, admitted during his deposition that the camera of the device disclosed in Irifune is rotatably attached to the hinge member and rotates about a claimed first axis of rotation:

> Q. Well, okay. I'm just asking you to make an assumption that the screw is -- the threaded screw is in a loose position, not tightened, and in that position of the screw being loose, the camera of Irifune can turn relative to the screw, correct?
> A. Yes.
> Q. And the screw in that configuration, is it also correct that the screw would have a vertical axis about which the camera turns?
> A. Yes. And depending on how loose it was, it may have another one. But, yes, I'll agree with that.

(Muskivitch Deposition, p. 316, ll.5-18).

In the context of invalidity, however, Plaintiff wishes to take an entirely different position, where "rotatably attached" is construed as "permanently fixed, joined, connected or bound." (Pl. Br. at 2). Plaintiff cannot have it both ways. Further, the hinge member disclosed in Irifune is not limited to "fixed part (2)," as Plaintiff suggests. Rather, as described in the Klopp Report, the fixed part (2) is "part of the hinge member." (*See* Klopp Report, p 15.) Thus, Plaintiff's attempt to redefine the term "rotatably attached" in a manner inconsistent with the Court's claim construction order, as well as its unfounded argument that the Defendants have not identified a hinge member "rotatably attached" to the camera, fails to raise a genuine issue of material fact.

Likewise, Plaintiff's attempt to overcome Defendants' invalidity arguments concerning the Ma Patent do not raise an issue of fact. Plaintiff relies on the title of Ma as the primary defense in response to Defendants' invalidity arguments and attempts to distinguish Ma from the Asserted Claims by calling it a "camera with moveable parts." Pl. Br. at 4. But Plaintiff's arguments fail because they include no explanation as to why the device disclosed in the Ma Patent does not meet the limitations of the Asserted Claims, even if the device is appropriately referred to as a "camera with moveable parts." To be sure, Ma discloses a device designed for attaching a camera to the display unit of a notebook computer. (*See* Defendants' Opening Letter Brief at 4 (citing Ma Patent, Fig. 3).) Plaintiff does not dispute this fact.

Next, Plaintiff argues that Defendants' alternative argument for obviousness is "a fact-bound inquiry inappropriate for summary judgment." Pl. Br. at 4. Plaintiff provides no basis for

The Honorable Leonard Davis
September 21, 2012
Page Three

such a conclusion.  In fact, the Supreme Court has held that "[w]here . . . the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment is appropriate."  *KSR Intern. Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007).  Plaintiff's Responsive Letter Brief fails to address any of the circumstances identified in *KSR* that would preclude summary judgment of obviousness.

Furthermore, Plaintiff cites *Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372, 1378 (Fed. Cir. 2012) for the erroneous proposition that Defendants must address secondary considerations of obviousness to prevail on a motion for summary judgment.  Pl. Br. at 5.  Plaintiff misreads *Mintz*.  In that case, the Federal Circuit held that a finding of obviousness was inappropriate where the Court failed to consider evidence of non-obviousness presented *by the patentee*. *Mintz,* 679 F.3d at 1378.  Evidence of secondary considerations is not necessary to reach a finding of obviousness.  *See Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538–39 (Fed. Cir. 1983) (evidence of secondary considerations must be considered *when present* ).

Finally, Plaintiff's arguments regarding its motion to strike portions of the Klopp report conflate the issues in that motion with the relief requested by this letter brief.  Pl. Br. at 5.  Plaintiff's attempt to exclude certain combinations of prior art is based on a misreading of the Klopp Report and Defendants' Invalidity Contentions, as well as a misapplication of the local rules.  Plaintiff's arguments with respect to the Klopp report are more fully addressed in the response to Plaintiff's Letter Brief on that issue [Dkt. No. 705], wherein Defendants' provide the support for each of the contentions made in the Klopp Report.  Further, even if the Klopp Report does not contain obviousness opinions identical to those in Defendants' Invalidity Contentions, the drastic measure of striking Dr. Klopp's opinions is not warranted.  Accordingly, Plaintiff's arguments regarding the Klopp Report fail.

For the foregoing reasons and for the reasons set forth in Defendants' Opening Letter Brief, the Court should allow Defendants to file a motion for summary judgment of invalidity of the Asserted Claims to extent this litigation continues in spite of Plaintiff's cancellation of the Asserted Claims before the PTO.

Respectfully Submitted,

*/s/ John N. Zarian*

John N. Zarian