**CEPIP**
COLLINS EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC

John J. Edmonds
713.364.5291
jedmonds@cepiplaw.com

September 24, 2012                                                                                        By CM/ECF

The Honorable Leonard Davis
200 W. Ferguson, Third Floor
Tyler, TX 75702

Re:   Plaintiff's "Reply Letter Brief" Regarding *Daubert* Motions re: NewEgg's Technical Expert, Dr. Klopp and NewEgg's Damages Expert Dr. Sullivan in *AdjustaCam LLC v. Amazon.com, Inc., et al.* No. 6:10-cv-329-LED

Your Honor:

Pending before the Court is (1) Plaintiff's Letter Brief in support if its proposed *Daubert* motion and motion to strike certain invalidity opinions of Defendants' Technical Expert Dr. Klopp (Dkt. No. 683); (2) the Responsive Letter Brief of Defendants Newegg Inc., Newegg.com Inc., and Rosewill, Inc. (collectively, "Newegg") (Dkt. No. 705); (3) Plaintiff's Letter Brief in support if its proposed *Daubert* motion and motion to strike certain invalidity opinions of Defendants' Damages Expert Dr. Klopp (Dkt. No. 684); and (4) the Responsive Letter Brief of Newegg (Doc No. 706).

This letter should be deemed Plaintiff's "Reply" to the foregoing Responses at Doc Nos. 705 and 706, because the continued briefing of these issues is moot and an utter waste of the Court's time. First, over three weeks ago Plaintiff gave NewEgg an unrestricted covenant not to sue under the patent-in-suit, accompanied by a motion to dismiss all claims involving NewEgg. Doc No. 678.  The reasons for the dismissal include that all of NewEgg's suppliers in the suit have now settled and the damages against NewEgg alone are de minimis.  Plaintiff's covenant not to sue under the '343 patent divests the Court of subject matter jurisdiction with respect to claims and counterclaims involving NewEgg/Rosewill. *See, e.g., Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed.Cir.2010); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir.



Page 2

1995).  Apparently motivated by its own misguided and vexatious agenda, NewEgg has to date refused the offered dismissal.

Second, recently on September 20, 2012 in response to a Final Office Action issued by the Reexamination Division of the USPTO, Plaintiff canceled the asserted claims of the '343 patent-in-suit, which the USPTO recently deemed unpantentable, so that a certificate of reexamination could issue concerning multiple new and amended claims deemed allowable.[1]  Thus, Dr. Klopp's opinions about the invalidity of the canceled claims and Dr. Sullivan's opinions about reasonable royalties relative to the canceled claims are moot.

Under the circumstances further briefing on these issues would be a waste of the Court's time. Today Plaintiff had a meet and confer with NewEgg to discuss its agreeable dismissal due to the cancelation of the asserted claims. Aside from its continuing opposition to Plaintiff's pending motion to dismiss, NewEgg is currently considering its position relative to dismissal due to the cancelation of the asserted claims.

With our without NewEgg's agreement, Plaintiff will promptly be filing an additional motion to dismiss this case, on account of the cancelation of all asserted claims during reexamination proceedings.

                                                     Sincerely,

                                                     **CEPIP**

                                                      John J. Edmonds

cc:     Defense Counsel (via CM/ECF).

---

[1] Plaintiff also promptly notified the Defendants and the Court (Doc No. 711) of the cancelation of all asserted clams.

| 1616 S. Voss Road, Suite 125 | 1851 E. First St., Ste. 900 |
|---|---|
| Houston, TX 77057 | Santa Ana, CA 92705 |