IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC | |
| v. | NO. 6:10-cv-329-LED |
| AMAZON.COM, INC.;  ET AL. | JURY |

**PLAINTIFF'S MOTION TO DISMISS ITS CLAIMS AGAINST SAKAR AND KOHL'S AND THEIR COUNTERCLAIMS AGAINST PLAINTIFF FOR LACK OF SUBJECT MATTER JURISDICTION
AND
REQUEST FOR EXPEDITED BRIEFING SCHEDULE AND ORAL HEARING**

*FILED UNDER SEAL*

Plaintiff AdjustaCam, LLC ("AdjustaCam") respectfully submits this opposed Motion to Dismiss, and request for expedited briefing schedule and oral hearing, as follows:

I. **INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff AdjustaCam LLC ("AdjustaCam") hereby moves the Court to dismiss with prejudice AdjustaCam's claims of infringement of U.S. Patent 5,855,343 ("the '343 Patent") against Defendants Sakar International, Inc., Kohl's Illinois, Inc., and Kohl's Corporation, Inc. (collectively "Sakar/Kohl's"),[1]. AdjustaCam also moves to dismiss without prejudice Sakar/Kohl's counterclaims, which are directed to the infringement and validity of the '343 Patent,.

AdjustaCam filed this lawsuit on July 2, 2010, alleging that Sakar/Kohl's infringes the '343 Patent. Dkt. No. 1. AdjustaCam's most recent Amended Complaint was filed on August 9, 2011 and also alleges infringement of the '343 Patent by Sakar/Kohl's. Dkt. No. 485. Sakar/Kohl's answers and counterclaims are at Dkt. Nos. 231 and 520, respectively.

---

[1] Kohl's was sued in this case for re-selling Sakar's products, and Sakar and Kohl's are represented by the same counsel.

CONFIDENTIAL

Sakar/Kohl's First and Second counterclaims are directed solely to non-infringement and invalidity of the '343 Patent. *Id.*

In this case, including in its expert reports, AdjustaCam has asserted claims 1, 7 and 19 (the "Asserted Claims") of the '343 patent. On August 30, 2012, at the culmination of reexamination proceedings involving the '343 patent, the U.S.P.T.O. issued a Final Office Action rejecting the Asserted Claims as being unpatentable over prior art, but allowing additional new and amended claims. On September 20, 2012, in response to that Final Office Action, AdjustaCam canceled the Asserted Claims of the '343 patent, Exhibit 1, so that a certificate of reexamination can issue concerning the multiple new and amended claims deemed allowable.

The cancellation of the Asserted Claims in reexamination proceedings moots or near moots the issues remaining in this case – *e.g.*, infringement of the Asserted Claims, validity of the Asserted Claims and damages due for infringement of the Asserted Claims. At this point, all Defendants except Sakar/Kohl's have been dismissed either by settlement or mutual agreement. *See, e.g.,* Orders of Dismissal at Doc Nos. 665, 671, 672, 673, 674, 675, 677 and 720. The most recent dismissal, which was also brought about by the cancelation of the Asserted Claims, occurred two days ago and was handled by agreement. *See* Doc Nos. 719 & 720.

Despite the foregoing, for reasons that perhaps it can explain to the Court, Sakar/Kohl's will not agree to being dismissed from this case with prejudice.

In order to overcome Sakar/Kohl's opposition to being dismissed with prejudice relative to canceled asserted claims that are no longer in dispute, AdjustaCam has taken the further step of granting Sakar/Kohl's a covenant not to sue under the '343 patent. Exhibit 2. Irrespective of the canceled claims and irrespective of Sakar/Kohl's opposition to being dismissed with prejudice, AdjustaCam's covenant not to sue under the '343 patent divests the Court of subject

CONFIDENTIAL

matter jurisdiction with respect to Sakar/Kohl's First and Second counterclaims in this matter, since they relate solely to Sakar/Kohl's claims that it does not infringe the '343 patent and that the '343 patent is invalid. *See, e.g., Dow Jones & Co., Inc. v. Ablaise Ltd.,* 606 F.3d 1338, 1348 (Fed.Cir.2010); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995). Accordingly, through this motion, AdjustaCam requests the Court issue an Order dismissing AdjustaCam's claims against Sakar/Kohl's for infringement of the '343 Patent as well as Sakar/Kohl's First and Second Counterclaims of its Amended Answer and Counterclaims.

## II.  ARGUMENT

Irrespective of the cancelation of the Asserted Claims, which renders moot or near moot the issues in this case, AdjustaCam's covenant not to sue along with AdjustaCam's motion to dismiss with prejudice terminates the Court's subject matter jurisdiction over the claims involving Sakar/Kohl's. *See, e.g., Dow Jones & Co., supra*; *Super Sack, supra.* Similarly, AdjustaCam's dismissal of its infringement claims relating to the '343 Patent and its covenant not to sue Sakar/Kohl's under the '343 Patent for all past, present, and future products also divests the Court of subject matter jurisdiction over Sakar/Kohl's First and Second counterclaims. Therefore, they should be dismissed without prejudice.

"A declaratory judgment counterclaim, according to the relevant procedural provision, may be brought to resolve an 'actual controversy' between 'interested' parties." *Super Sack*, 57 F.3d at 1058; *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal, Inc.*, 248 F.3d 1333, 1340 (Fed. Cir. 2001); 28 U.S.C. § 2201(a). "The existence of a sufficiently concrete dispute between the parties remains, however, a jurisdictional predicate to the vitality of such an action." *Super Sack*, 57 F.3d at 1058 (internal citations omitted). In other words, an "actual controversy must be extant at all stages of review, not merely at the time the complaint was filed." *Benitec Austl, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1345 (Fed. Cir. 2007) (quoting *Steffel v. Thompson*, 415 U.S.

CONFIDENTIAL

452, 459 n. 10 (1974)) (internal citations omitted); *Intellectual Prop. Dev.*, 248 F.3d at 1340; *Super Sack*, 57 F.3d at 1058. *See also Benitec*, 495 F.3d at 1344. Importantly, as is the case here, a patentee can divest a court of jurisdiction over the case by filing a statement of non-liability for the declaratory counterclaimant. *Benitec*, 495 F.3d at 1345; *Super Sack*, 57 F.3d at 1058.

A. **Sakar/Kohl's First and Second Counterclaims Should be Dismissed Because AdjustaCam's Covenant Not to Sue Divests the Court of Subject Matter Jurisdiction Over Those Declaratory Judgment Counterclaims.**

AdjustaCam seeks to dismiss its claims directed to '343 Patent with prejudice and has granted Sakar/Kohl's a covenant not to sue under the '343 Patent that covers all of their products as they exist today, in the past, or in the future, and extends to their customers and chain of distribution, as follows:

> AdjustaCam LLC hereby unconditionally covenants not to sue Sakar International, Inc., Kohl's Illinois, Inc., Kohl's Corporation, Inc. and Kohl's Department Stores, Inc.[2] (collectively "Sakar/Kohl's") for infringement as to any claim of U.S. Patent No. 5,855,343 (the "'343 patent"). Further, AdjustaCam LLC hereby unconditionally covenants not to sue manufacturers, suppliers, wholesalers, sellers, offerors for sale, importers, and/or users for infringing the '343 patent relative to Sakar/Kohl's currently existing products. The foregoing unconditional covenant not to sue extends all the way up and down the distribution chain for Sakar/Kohl's currently existing products, from manufacture through distribution and end use.

Exhibit 2. A dismissal of AdjustaCam's claims with prejudice combined with the covenant not to sue filed by AdjustaCam eliminates any "sufficient immediacy and reality to warrant declaratory judgment jurisdiction over" Sakar/Kohl's First and Second counterclaims. *Benitec,* 495 F.3d at 1346; *see also Intellectual Prop. Dev.,* 248 F.3d at 1342; *Super Sack,* 57 F.3d at 1059-60. Therefore, this Court's subject matter jurisdiction over Sakar/Kohl's counterclaims has been terminated, and the First and Second counterclaims must be dismissed without prejudice.

---

[2] Although AdjustaCam has sued Sakar International, Inc., Kohl's Illinois, Inc. and Kohl's Corporation, Inc., from time to time counsel for Sakar/Kohl's files papers under the name, Kohl's Department Stores, Inc. Thus, AdjustaCam has included Kohl's Department Stores, Inc. in its covenant not to sue, even though Kohl's Department Stores, Inc. is not understood to be a party to this lawsuit.

*Benitec,* 495 F.3d at 1349; *Intellectual Prop. Dev.,* 248 F.3d at 1342; *Super Sack,* 57 F.3d at 1060.[3]

The language of AdjustaCam's covenant is consistent with convenant not to sue language in other cases. *See e.g., Benitec,* 495 F.3d at 1343 ("[Patentee] covenants and promises not to sue [Defendant] for patent infringement arising from activities and/or products occurring on or before the date dismissal was entered in this action—September 29, 2005."); *Fujitsu Ltd. v. Tellabs Operations, Inc.*, 09-C-4530, 2010 WL 4627652 at *2 (N.D. Ill. Nov. 4, 2010). Thus, AdjustaCam's covenant is sufficiently broad to divest the Court of subject matter jurisdiction.

### III. REQUEST FOR EXPEDITED BRIEFING SCHEDULE AND ORAL HEARING

Inexplicably, AdjustaCam and Sakar/Kohl's are still both expending large amounts of resources in this case, despite the fact that AdjustaCam is willing to dismiss Sakar/Kohl's with prejudice and grant a covenant not to sue. Further, pending before the Court are Sakar/Kohl's multiple letter briefs, all of which are at this point moot or near moot, and a waste of the Court's time to decide. Further, there are multiple significant deadlines approaching, namely: the joint pretrial order (10/2/12); pretrial disclosures (10/30/12); and others. AdjustaCam's dismissal is reasonable, serves judicial efficiency and complies with the requirements of *Super Sack* and its progeny. Sakar/Kohl's has no reason to further burden the Court and the parties with motion practice or pretrial submissions/disputes over moot or near moot issues.

For the foregoing reasons, namely avoidance of wasting the resources of the Court and the parties, AdjustaCam requests that the Court set an expedited briefing schedule and an oral hearing on this motion to dismiss. Sakar/Kohl's has no legal or factual basis to oppose this

---

[3] The Federal Circuit has held that covenants not to sue signed by a party's counsel bind the party and are therefore sufficient. *Super Sack*, 57 F.3d at 1059.

CONFIDENTIAL

Motion, and if anything, despite its stubbornness, Sakar/Kohl's would also be a beneficiary of having itself dismissed from the lawsuit promptly.

## IV. CONCLUSION

Under *Super Sack* and subsequent Federal Circuit authority, AdjustaCam's covenant not to sue along with this motion to dismiss divests the Court of subject matter jurisdiction over AdjustaCam's claims against Sakar/Kohl's regarding infringement of the '343 Patent and Sakar/Kohl's First and Second counterclaims. Thus, the Court should grant AdjustaCam's Motion to Dismiss its claims of infringement of the '343 patent against Sakar/Kohl's with prejudice and should also dismiss Sakar/Kohl's First and Second Counterclaims without prejudice. Further, in order to conserve the resources of the Court and the parties, the Court should set an expedited briefing schedule on this matter, and set it for an oral hearing at the Court's earliest convenience, so that Sakar/Kohl's can explain why it refuses to accept a covenant not to sue and dismissal from this case.

September 30, 2012                                              Respectfully submitted,

By: /s/ *John J. Edmonds*
John J. Edmonds – LEAD COUNSEL
Texas State Bar No. 789758
Michael J. Collins
Texas Bar No. 4614510
Stephen F. Schlather
Texas Bar No. 24007993
COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC
1616 S. Voss Rd., Suite 125
Houston, Texas 77057
Telephone: (713) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
sschlather@cepiplaw.com

CONFIDENTIAL

                                            Andrew W. Spangler
                                            Texas Bar No. 24041960
                                            Spangler & Fussell P.C.
                                            208 N. Green Street, Suite 300
                                            Longview, Texas 75601
                                            (903) 753-9300
                                            (903) 553-0403 (fax)
                                            spangler@spanglerlawpc.com

                                            ATTORNEYS FOR PLAINTIFF
                                            ADJUSTACAM LLC


## CERTIFICATE OF CONFERENCE

       The parties met and conferred in accordance with Local Rule CV-7 by telephone. Present on the call for AdjustaCam were local counsel Andrew Spangler, lead counsel John Edmonds, and Stephen Schlather. Present on the call for Sakar/Kohl's was its sole counsel Ezra Sutton. The parties have regrettably reached an impasse on these issues, and thus this motion is being filed over Sakar/Kohl's opposition.

September 30, 2012                                                /s/ *John J. Edmonds*
                                                            John J. Edmonds

## CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

       I hereby certify that authority to file this document under seal is found in the protective order governing this case.

September 30, 2012                                                /s/ *John J. Edmonds*
                                                            John J. Edmonds

## CERTIFICATE OF SERVICE

       I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

September 30, 2012                                                /s/ *John J. Edmonds*
                                                           John J. Edmonds

CONFIDENTIAL