IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC | |
| v. | NO. 6:10-cv-329-LED |
| AMAZON.COM, INC.;  ET AL. | JURY |

## JOINT PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on December 18, 2012, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

## A.    COUNSEL FOR THE PARTIES

**Plaintiff:**

John Edmonds
Stephen Schlather
Joshua Long
COLLINS, EDMONDS & POGORZELSKI,
SCHLATHER & TOWER, PLLC

Andrew W. Spangler
Spangler & Fussell P.C.

**Defendants:**

Ezra Sutton
EZRA SUTTON, P. A.

## B.    STATEMENT OF JURISDICTION

### Plaintiff:

Per plaintiff's pending motion to dismiss at Dkt No. 721, Plaintiff contends that subject matter jurisdiction is lacking due to Plaintiff's covenant not to sue defendants.  Further, by the time of the pretrial conference, the asserted claims will have been canceled in connection with the issuance of a reexamination certificate, thus rendering moot the prior disputes over the asserted claims.  Accordingly, this Court lacks subject matter jurisdiction to take what is left of this case to trial.

**Defendants:**

This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1131, 1338(a), 2201, and 2202. Also, venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c).

By the time of the pretrial conference, the Re-examination Certificate will have issued with new independent claims 22, 31, 40, 41, 44, 45, 46 and 47 which have been allowed by the U.S.P.T.O.  The plaintiff's covenant not to sue defendants Sakar International, Inc. ("Sakar"), Kohl's Illinois, Inc., and Kohl's Corporation, Inc. ("Kohl's") (collectively "Sakar/Kohl's") does not include these new re-examined claims, and the plaintiff has refused to include them in the covenant.  Therefore, there is still a dispute and case or controversy between the parties regarding the `343 patent in suit.

Thus, this Court presently has subject matter jurisdiction, and will continue to have subject matter jurisdiction over the new re-examined claims of the `343 patent when the Re-examination Certificate issues.

## C.    NATURE OF ACTION

**Plaintiff:**

In this case plaintiff originally contended that Defendants infringed claims 1, 7 and 19 (the "Asserted Claims") of U.S. Patent No. 5,855,343 (the "'343 patent").  However, on August 30, 2012, at the culmination of reexamination proceedings involving the '343 patent, the U.S.P.T.O. issued a Final Office Action rejecting the Asserted Claims as being unpatentable over prior art, but allowing additional new and amended claims. On September 20, 2012, in response to that Final Office Action, AdjustaCam canceled the Asserted Claims of the '343 patent so that

a certificate of reexamination can issue concerning the multiple new and amended claims deemed allowable.

By the time of the pretrial conference, the cancellation of the Asserted Claims in reexamination proceedings will have mooted the issues remaining in this case – *e.g.*, infringement of the Asserted Claims, validity of the Asserted Claims and damages due for infringement of the Asserted Claims.  At this point, all Defendants except Sakar/Kohl's have been dismissed either by settlement or mutual agreement. *See, e.g.,* Orders of Dismissal at Doc Nos. 665, 671, 672, 673, 674, 675, 677 and 720.

Despite the foregoing, for reasons that perhaps it can explain to the Court, Sakar/Kohl's has to date opposed being dismissed from this case with prejudice.  In order to overcome Sakar/Kohl's opposition to being dismissed with prejudice relative to canceled asserted claims that are no longer in dispute, AdjustaCam has taken the further step of granting Sakar/Kohl's a covenant not to sue under the '343 patent. Dkt No. 721. Irrespective of the canceled claims and irrespective of Sakar/Kohl's opposition to being dismissed with prejudice, AdjustaCam's covenant not to sue under the '343 patent divests the Court of subject matter jurisdiction with respect to Sakar/Kohl's First and Second counterclaims in this matter, since they relate solely to Sakar/Kohl's claims that it does not infringe the '343 patent and that the '343 patent is invalid.

Accordingly, as of the date of this submission, pending before the Court is AdjustaCam's Motion (Dkt No. 721) for the Court issue an Order dismissing AdjustaCam's claims against Sakar/Kohl's for infringement of the '343 Patent as well as Sakar/Kohl's First and Second Counterclaims of its Amended Answer and Counterclaims.

**Defendants:**

As stated by Adjustacam, when the Certificate of Re-examination issues, the asserted claims (1, 7, and 19) will be cancelled, and the new and allowed re-examined claims will be issued (including independent claims 22, 31, 40, 41, 44, 45, 46 and 47).  Adjustacam has refused (during a meet and confer on September 29, 2012) to issue a covenant not to sue Sakar/Kohl's on these new re-examined claims of the `343 patent.  Thus, the controversy continues regarding the re-examined claims of the `343 patent.  That is, Adjustacam can continue to sue Sakar/Kohl's on the `343 patent as to the webcams in issue for infringement of these claims.  Thus, the Court has not been divested of subject matter jurisdiction.  In addition, Sakar/Kohl's reserves its right to file a motion for attorneys fees and costs.

This is a patent infringement case wherein Plaintiff AdjustaCam has asserted that Defendants Sakar International, Inc., Kohl's Illinois, Inc., and Kohl's Corporation, Inc., (collectively, "Defendants") directly infringe claims 1, 7 and/or 19 (the "asserted claims") of United States Patent No. 5,855,343 ("the `343 patent").  Defendants contend that none of their products infringe the asserted claims of the `343 patent and that the asserted claims are invalid because they fail to meet one or more of the requirements for patentability. Defendants also deny AdjustaCam's allegations of willful infringement and deny AdjustaCam's claim for damages.

D.    **CONTENTIONS OF THE PARTIES**

(1)    **Plaintiff's Contentions.**

a.    GlobalMedia Group LLC is, and at all relevant times as been, the assignee of the '343 patent.

b.    Plaintiff is, and at all relevant times has been, the exclusive licensee of the '343 patent, with the right to sue for infringements thereof.

4

c.      By time of trial, Asserted Claims 1, 7 and 19 of the '343 patent will be canceled and moot.

d.      Prior to the cancelation of the Asserted Claims and Plaintiff granting a covenant not to sue to Defendants, Plaintiff contended that Defendants infringed the Asserted Claims by making, selling, offering for sale and importing the Kodak S101/W100 and T130, including as set forth in the Expert Report of John Muskivitch.

e.      Prior to the cancelation of the Asserted Claims and Plaintiff granting a covenant not to sue to Defendants, Plaintiff contended that Defendants owed Plaintiff reasonable royalties, prejudgment interest and post-judgment interest, including as set forth in the Expert Report of Walter Bratic.

f.      Defendants' defenses and counterclaims lack merit and are nonetheless moot.

g.      Notwithstanding Plaintiff's cancelation of the Asserted Claims that a certificate of reexamination can issue concerning the multiple new and amended claims deemed allowable, to the extent the issue will not be moot come time of trial, Defendants have not rebutted the presumption of validity accorded the patent-in-suit under 35 U.S.C. § 282.

h.      All claims of the '343 patent are entitled to priority no later than the March 7, 1997

i.      Notwithstanding Plaintiff's cancelation of the Asserted Claims that a certificate of reexamination can issue concerning the multiple new and amended claims deemed allowable, to the extent the issue will not be moot come time of trial, none of the Asserted Claims are invalid.

j.      Notwithstanding Plaintiff's cancelation of the Asserted Claims that a certificate of reexamination can issue concerning the multiple new and amended claims deemed allowable, to

the extent the issue will not be moot come time of trial, Defendants bear the burden of proving non-infringement of the Asserted Claims by a preponderance of the evidence.

k.      Notwithstanding Plaintiff's cancelation of the Asserted Claims that a certificate of reexamination can issue concerning the multiple new and amended claims deemed allowable, to the extent the issue will not be moot come time of trial, Defendants bear the burden of proving invalidity of the Asserted Claims by clear and convincing evidence.

l.      Notwithstanding Plaintiff's cancelation of the Asserted Claims that a certificate of reexamination can issue concerning the multiple new and amended claims deemed allowable, to the extent the issue of damages will not be moot come time of trial, Defendants have no relevant or admissible proof concerning damages because they never designated a damages expert.

m.      Defendants are not entitled to any declaratory relief or any other relief, award, finding, verdict or judgment.

n.      Notwithstanding Plaintiff's cancelation of the Asserted Claims that a certificate of reexamination can issue concerning the multiple new and amended claims deemed allowable, to the extent the issue of validity of the will not be moot come time of trial, AdjustaCam reserves the right to rely upon the validity opinions of its technical expert Dr. Muskivitch.  To the extent necessary, the validity report of Dr. Muskivitch is incorporated herein by reference for notice purposes.

n.      Notwithstanding Plaintiff's cancelation of the Asserted Claims that a certificate of reexamination can issue concerning the multiple new and amended claims deemed allowable, to the extent the issue of infringement will not be moot come time of trial, AdjustaCam reserves the right to rely upon the infringement opinions of its technical expert Dr. Muskivitch.  To the extent

necessary, the infringement report of Dr. Muskivitch, at Exhibit 4 to the Muskivitch deposition, is incorporated herein by reference for notice purposes.

n.  Notwithstanding Plaintiff's cancelation of the Asserted Claims that a certificate of reexamination can issue concerning the multiple new and amended claims deemed allowable, to the extent the issue of damages will not be moot come time of trial, AdjustaCam reserves the right to rely upon the damages opinions of its damages expert Mr. Bratic.  To the extent necessary, the damages report of Mr. Bratic is incorporated herein by reference for notice purposes.  Further, to the extent that damages is still deemed to be relevant, AdjustaCam reserves the right to recover pre and post-judgment interest and costs.

o.  Plaintiff reserves the right to include additional contentions and disputed issues of fact and law based on (i) the Court's rulings on pending motions that may arise between the date of the filing of the parties' joint pretrial order and (ii) the pre-trial conference and (iii) trial.

**(2)  Defendants' Contentions.**

By providing these contentions, Defendants do not concede that all of these issues are appropriate for trial. In particular, Defendants do not waive any of their motions in limine, motions for summary judgment, or *Daubert* motions, which, if granted, would render some or all of these issues moot. Defendants' contentions in this case are detailed in their answers, affirmative defenses and counterclaims to AdjustaCam's Third Amended Complaint, and Defendants' invalidity contentions, all of which are incorporated herein by reference. In sum, Defendants contend the following:

a.  By the time of trial, new re-examined claims (including new independent claims 22, 31, 40, 41, 44, 45, 46 and 47)  will be granted by the Re-examination Certificate to AdjustaCam, and AdjustaCam has refused to agree not to assert these claims against Sakar/Kohl's.

b.  The re-examined `343 patent is still in dispute between the parties with regard to the webcams Sakar has been selling.

c.  AdjustaCam's refusal to provide Sakar/Kohl's with a covenant agreeing not to assert the allowed claims of the reexamined `343 patent against Sakar/Kohl's means that there is a continuing controversy between the parties regarding infringement of the `343 patent.

d.  Defendants' defenses and counterclaims have merit and are not moot.

**<u>Non-Infringement</u>**

e.  Defendants do not directly infringe, and have not directly infringed, the asserted `343 patent claims.

f.  If Defendants are found to infringe any claim of the `343 patent, and those asserted claims of the `343 patent are found to be valid, then Defendants' infringement was not willful.

g.  Defendants are entitled to a declaratory judgment finding that Defendants are not directly or indirectly infringing, and have not directly or indirectly infringed, any claim of the `343 patent.

h.  All of Sakar/Kohl's accused Kodak webcams (Model Nos. Kodak S101 and Kodak T130) comprise a ball and socket joint or hinge member that is fixedly attached to the bottom of the camera and is not "rotatably attached" to the camera.  Moreover, Sakar/Kohl's accused Kodak webcams (Kodak S101 and Kodak T130) with a ball and socket joint do not have a hinge member that is "rotatably attached" about a single axis of rotation relative to the camera (or an equivalent thereof), as required by all of the independent claims of the original and reexamined `343 patent.

i.  The accused ball and socket clips of Sakar/Kohl's accused Kodak webcams (Model Nos. Kodak S101 and Kodak T130) rotate relative to the camera about multiple axes of rotation.

8

j.  AdjustaCam's own infringement expert, Dr. Muskivitch admitted that Sakar/Kohl's Kodak webcams with a ball and stem fixed to the camera do not rotate as required by claims.

k.  The support frame of Sakar/Kohl's Kodak webcams (Kodak S101 and Kodak T130) is not "rotatably attached" to the hinge member about a single axis either literally or under the doctrine of equivalence. Specifically, Sakar/Kohl's Kodak webcams have a ball-and-socket hinge member whereby the ball-and-socket hinge member rotates in multiple axes of rotation relative to the support frame (legs).  Moreover, because the ball and socket structure of the hinge member permits the "support frame" to rotate in multiple axes of rotation relative to the hinge member, the hinge member of Sakar/Kohl's Kodak webcams is not "rotatably attached" about a "single axis of rotation" relative to the support frame as specified by this Court.

l.  One half of the webcam clips of Sakar/Kohl's accused Kodak webcams (Model Nos. Kodak S101 and Kodak T130) cannot support anything and does not have two "dispositions" as required by the claims of the `343 patent. Moreover, one half of a webcam clip clearly cannot support a webcam on a display (such as a laptop computer), as the claims require.

m.  Plaintiff's noninfringement expert, Dr. Muskivitch, improperly submitted a new and untimely expert report on August 24, 2012 that changed the identification of many claim limitations concerning defendants' accused products (including Sakar/Kohl's infringing products) from those first identified in his original June 25, 2012 infringement report. Dr. Muskivitch even admitted during his deposition that his June 25, 2012 was incorrect. Specifically, in his original June 25, 2012 report, Dr. Muskivitch identified the "ball-and-stick" portion of the accused Sakar/Kohl's Kodak webcams as the "hinge member," and the clip of those products as the "support frame." In his untimely August 24 Report, however, Dr. Muskivitch moved his identification of the "hinge member" from the "ball and stick" of the

accused products to the top half of the webcam clip.  In addition, in his untimely August 24 Report, Dr. Muskivitch also opines that the "support frame" is no longer the clip of the accused products, but is only one half (the bottom half) of the clip.

n.  Under Rule 26(a)(2)(B), Dr. Muskivitch may not offer any opinion at trial which was not disclosed in his June 25 Report, and any subsequent report should be stricken.

o.  Adjustacam did not conduct an adequate pre-filing investigation under Rule 11 for its infringement claims against Sakar/Kohl's Kodak webcams.

### Invalidity

p.  There is no presumption of validity for reexamined asserted claims 1, 7, and 19 (as well as claims 2, 5, 6, 8, 10, 14, 15 , 16, 17) of the `343 patent because the U.S.P.T.O. finally rejected these claims.  *See Dow Jones v. Albaise, Ltd.*, 606 F.3d 1338, n. 3 (Fed. Cir. 2010).

q.  The asserted claims 1, 7, and 19 are invalid and AdjustaCam knew or should have known that they were invalid.  During the last 2 years, the asserted claims were rejected 3 times by the U.S. Patent Office over the Irifune and Ma prior art references under 35 U.S.C. § 102, meaning the claims were fully anticipated by these prior art references.  However, Adjustacam continued to prosecute these asserted invalid claims in bad faith against Sakar/Kohl's, and other defendants in this case.

r.  Even before the U.S.P.T.O. finally rejected the asserted claims 1, 7, and 19 (as well as claims 2, 5, 6, 8, 10, 14, 15 , 16, 17) of the `343 patent, Plaintiff's own infringement expert, Dr. Muskivitch, admitted during his deposition that the Irifune publication anticipated asserted claims 1, 7, and 19 of the `343 patent by testifying that the camera disclosed in Irifune is rotatably attached to the hinge member, as claimed in the `343 patent.

s.  Sakar/Kohl's are entitled to a declaratory judgment finding that the claims of the `343

patent are invalid under one or more sections of Title 35 of the United States Code,

including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

## Damages

t.  If Defendants Sakar/Kohl's are found to infringe any of the claims of the `343 patent, and those claims are found to be valid, AdjustaCam is entitled to no more than the amount set forth in the Expert Report of Dr. Sullivan.  Also, AdjustaCam, through the report of its damages expert, has no proof of a damage royalty of $1.25 per webcam.

u.  Plaintiff through its damages expert, Mr. Bratic, has failed to properly establish a royalty calculation based on the Entire Market Value Rule.  Specifically, AdjustCam has failed to provide any proof that the clip for Sakar/Kohl's Kodak webcams motivates consumers to buy the webcams in the first place; and AdjustaCam has failed to conduct market studies or consumer surveys to ascertain whether the demand for Sakar/Kohl's Kodak webcams in question is driven by the clip patented technology, as required by the Federal Circuit.

v.  Plaintiff AdjustaCam's evidence of past settlement agreements from approximately 24 defendants in this case are not determinative of a reasonable royalty because they: (1) did not include the quantities sold by respective defendants,  (2) did not show a discernible link to the claimed technology, and (3) were extracted as nuisance value settlements.  This evidences Plaintiff's bad faith strategy.

w.  AdjustaCam tried to extract a settlement from Sakar/Kohl's in the amount of $550,000 and $250,000, as part of AdjustaCam's strategy, when AdjustaCam knew that their asserted claims had been rejected twice by the U.S.P.T.O. and knew that their asserted claims would be finally rejected by the U.S.P.T.O.  This strategy of Adjustacam was in bad faith.

x.  AdjustaCam delayed its prosecution of the re-examination of the `343 patent for as

long as it could until all but 2 or 3 defendants had settled.  Then, as part of its strategy to avoid a trial on the merits, AdjustaCam dismissed its claims against Newegg and Sakar/Kohl's.

y.  AdjustaCam is now trying to cover up its bad faith strategy by ending the case before trial with a dismissal of the case.

z.  Sakar will prove that Adjustacam had no proof of a damage royalty of $1.25 through the damage expert of Adjustacam.

aa.  Sakar will prove that Adjustacam caused Sakar to spend over $300,000 in legal fees, costs, and expenses to defend this case that was brought and conducted in bad faith.

bb.  Sakar reserves the right to include additional contentions and disputed issues of fact and law based on the Court's expected rulings on invalidity and non-infringement, and on motions set forth in Defendants' letter briefs.

## E.       STIPULATIONS AND UNCONTESTED FACTS

## 1.       Stipulations

a.       Highlighted, underlined or enlarged exhibit pages, or portions of pages, shall not count as demonstratives unless the text has been changed but shall not be admitted as separate exhibits.

b.       The parties shall not object to the authenticity of any documents authored and produced by the other side.

c.       During trial, each Party shall provide notice by email no later than 8 pm each day of all witnesses and all exhibits associated with each witness that are intended to be used as direct evidence the following day at trial.

d.       Each Party shall provide by email no later than 9 pm each day a copy of all demonstratives that are intended to be presented the following day at trial.

2.      **Uncontested Facts**

a.      GlobalMedia Group LLC is the assignee of the '343 patent.

b.      AdjustaCam LLC is the exclusive licensee of the '343 patent.

c.      Sakar International, Inc. ("Sakar")  is a New York corporation with its principal place of business located in Edison, New Jersey.

d.      Kohl's Corporation d/b/a Kohl's has a place of business in Menomonee Falls, Wisconsin.

e.      Kohl's Illinois, Inc. has a place of business in Menomonee Falls, Wisconsin.

f.      The '343 patent was filed on March 7, 1997, and it issued on January 5, 1999.

g.      All claims of the '343 patent are entitled to priority from its March 7, 1997 filing date.

h.      During this litigation, Adjustacam obtained settlements from at least 15 defendants in this case.

F.      **CONTESTED ISSUES OF FACT AND LAW**

The Parties identify the following issues of fact that remain to be litigated. To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section. The Parties reserve the right to identify additional factual or legal issues as permitted by the Court.

(1)      **Plaintiff's List of Contested Issues of Fact and Law**

a.      Whether, at time of trial, Defendants' counterclaims, including issues involving the infringement, validity and damages relative to the Asserted Claims are moot due to the cancelation of those claims in reexamination proceedings.

b.      Whether Defendants are entitled to any declaratory relief or any other relief.

c.      Whether Defendants' inexplicable and vexatious conduct after being offered a dismissal (and in fact after a motion to dismiss was filed) – based upon the cancelation of the Asserted Claims during reexamination proceedings and the covenant not to sue under the '343 patent granted to Defendants -- renders this a exceptional case, including an award of attorney's fees and/or cost to Plaintiff.

**(2)      The Defendants' List of Contested Issues of Fact and Law.**

(To the extent any issue of law is deemed to be an issue of fact, it is incorporated into this section).

a.  Whether, at time of trial, Defendants' counterclaims, including issues involving the infringement, validity and damages relative to the Allowed Reexamined Claims are not moot as a result of the issuance of the reexamination certificate.

<u>**Non-Infringement**</u>

b.  Whether AdjustaCam has proven by a preponderance of the evidence that each of Sakar/Kohl's accused Kodak webcam products literally and directly infringes any claim of the `343 patent.

c.  If Defendants are found to have infringed any claim of the `343 patent, and the claims are found to be valid, the amount Adjustacam has proven by a preponderance of the evidence that it is entitled to damages for that infringement.

d.  If Defendants are found to infringe any claim of the `343 patent, and those asserted claims of the `343 patent are found to be valid, whether Adjustacm has proven by clear and convincing evidence that Defendants' infringement was willful.

e.  Whether Defendants have proven that Defendants are entitled to a declaratory judgment finding that Defendants are not directly infringing, and have not directly

infringed, any claims of the `343 patent.

f.   Whether each accused product of the Defendants infringes any of the claims of the `343 patent.

g.   All of Sakar/Kohl's accused Kodak webcams (Model Nos. Kodak S101 and Kodak T130) comprise a ball and socket joint or hinge member that is fixedly attached to the bottom of the camera and is not "rotatably attached" to the camera.   Moreover, Sakar/Kohl's accused Kodak webcams (Kodak S101 and Kodak T130) with a ball and socket joint do not have a hinge member that is "rotatably attached" about a single axis of rotation relative to the camera (or an equivalent thereof), as required by all of the independent claims of the original and reexamined `343 patent.

h.   The accused ball and socket clips of Sakar/Kohl's accused Kodak webcams (Model Nos. Kodak S101 and Kodak T130) rotate relative to the camera about multiple axes of rotation.

i.   AdjustaCam's own infringement expert, Dr. Muskivitch admitted that Sakar/Kohl's Kodak webcams with a ball and stem fixed to the camera do not rotate as required by claims.

j.   The support frame of Sakar/Kohl's Kodak webcams (Kodak S101 and Kodak T130) is not "rotatably attached" to the hinge member about a single axis either literally or under the doctrine of equivalence.   Specifically, Sakar/Kohl's Kodak webcams have a ball-and-socket hinge member whereby the ball-and-socket hinge member rotates in multiple axes of rotation relative to the support frame (legs).   Moreover, because the ball and socket structure of the hinge member permits the "support frame" to rotate in multiple axes of rotation relative to the hinge member, the hinge member of Sakar/Kohl's Kodak webcams is not "rotatably attached" about a "single axis of rotation" relative to the support frame as specified by this Court.

k.   One half of the webcam clips of Sakar/Kohl's accused Kodak webcams (Model Nos.

Kodak S101 and Kodak T130) cannot support anything and does not have two "dispositions" as required by the claims of the `343 patent. Moreover, one half of a webcam clip clearly cannot support a webcam on a display (such as a laptop computer), as the claims require.

l.  Plaintiff's noninfringement expert, Dr. Muskivitch, improperly submitted a new and untimely expert report on August 24, 2012 that changed the identification of many claim limitations concerning defendants' accused products (including Sakar/Kohl's infringing products) from those first identified in his original June 25, 2012 infringement report. Dr. Muskivitch even admitted during his deposition that his June 25, 2012 was incorrect. Specifically, in his original June 25, 2012 report, Dr. Muskivitch identified the "ball-and-stick" portion of the accused Sakar/Kohl's Kodak webcams as the "hinge member," and the clip of those products as the "support frame." In his untimely August 24 Report, however, Dr. Muskivitch moved his identification of the "hinge member" from the "ball and stick" of the accused products to the top half of the webcam clip.  In addition, in his untimely August 24 Report, Dr. Muskivitch also opines that the "support frame" is no longer the clip of the accused products, but is only one half (the bottom half) of the clip.

m.  Under Rule 26(a)(2)(B), Dr. Muskivitch may not offer any opinion at trial which was not disclosed in his June 25 Report, and any subsequent report should be stricken.

n.  Adjustacam did not conduct an adequate pre-filing investigation under Rule 11 for its infringement claims against Sakar/Kohl's Kodak webcams.

**Invalidity**

o.  Whether Defendants have proven that Defendants are entitled to a declaratory judgment finding that the claims of the `343 patent are invalid under one or more sections of

16

Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

p.  Whether the asserted claims of the `343 Patent are valid.

q.  Whether there is no presumption of validity for reexamined asserted claims 1, 7, and 19 (as well as claims 2, 5, 6, 8, 10, 14, 15 , 16, 17) of the `343 patent because of the U.S.P.T.O. finally rejected these claims.  *See Dow Jones v. Albaise, Ltd.*, 606 F.3d 1338, n. 3 (Fed. Cir. 2010).

r.  The asserted claims 1, 7, and 19 are invalid and AdjustaCam knew or should have known that they were invalid.  During the last 2 years, the asserted claims were rejected 3 times by the U.S. Patent Office over the Irifune and Ma prior art references under 35 U.S.C. § 102, meaning the claims were fully anticipated by these prior art references.  However, Adjustacam continued to prosecute these asserted invalid claims in bad faith against Sakar/Kohl's, and other defendants in this case.

s.  Even before the U.S.P.T.O. finally rejected the asserted claims 1, 7, and 19 (as well as claims 2, 5, 6, 8, 10, 14, 15 , 16, 17) of the `343 patent, Plaintiff's own infringement expert, Dr. Muskivitch, admitted during his deposition that the Irifune publication anticipated asserted claims 1, 7, and 19 of the `343 patent by testifying that the camera disclosed in Irifune is rotatably attached to the hinge member, as claimed in the `343 patent.

t.  Sakar/Kohl's are entitled to a declaratory judgment finding that the claims of the `343 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

Sakar states that Adjustacam and Sakar conducted a meet and confer with regard to the following statements u to z, and Adjustacam refused to include them in the Uncontested Fact

Section, on the grounds that they were not relevant, even though they are factually correct.

      u.      U.S. Patent Nos. 5,880,783 to Ma; D383,475 to Yamauchi; 4,526,308 to Dovey; 5,808,672 to Wakabayashi; and 4,493,542 to Ohmurawere; and Japanese Unexamined Utility Model App. Pub. No. 11219997 to Irifune (referred to in this case as "the Irifune Publication") are all prior art to AdjustaCam's `343 patent.

      v.      AdjustaCam did not inform Sakar/Kohl's of the `343 patent before filing this lawsuit.

      w.      With regard to allowed reexamined claims 22 through 48 (including independent claims 22, 31, 40, 41, 44, 45, 46 and 47) of the `343 patent, Plaintiff has refused to grant a covenant not to sue on these claims against Sakar/Kohl's in the imminent future when the U.S.P.T.O. issues a reexamination certificate granting these claims.

      x.      AdjustaCam's asserted claims 1, 7, and 19 (as well as claims 2, 5, 6, 8, 10, 14, 15, 16, 17) of the `343 patent were finally rejected by the U.S.P.T.O. on August 30, 2012.

      y.      On September 20, 2012, AdjustaCam cancelled the asserted claims asserted claims 1, 7, and 19 (as well as claims 2, 5, 6, 8, 10, 14, 15, 16, 17) of the `343 patent.

      z.      AdjustaCam knew of the Irifune prior art for over one year during this litigation.

<u>**Damages**</u>

      u.  If Defendants are found to infringe any claim of the `343 patent, and those claims are found to be valid, AdjustaCam is entitled to no more than the amount set forth in the Expert Report of Dr. Sullivan.

      v.  If Defendants are found to infringe any claim of the `343 patent, and those claims are found to be valid, Defendants' infringement was not willful and AdjustaCam is not entitled to enhanced damages of up to three times actual damages.

w.  If Defendants are found to infringe any claim of the `343 patent, and those claims are found to be valid, Adjustacam is not entitled to prejudgment interest and costs.

x.  Whether this is an exceptional case that entitles Defendants to attorneys' fees, costs and interest.

y.  If Defendants Sakar/Kohl's are found to infringe any of the claims of the `343 patent, and those claims are found to be valid, AdjustaCam is entitled to no more than the amount set forth in the Expert Report of Dr. Sullivan.  Also, AdjustaCam, through the report of its damages expert, has no proof of a damage royalty of $1.25 per webcam.

z.  Plaintiff through its damages expert, Mr. Bratic, has failed to properly establish a royalty calculation based on the Entire Market Value Rule.  Specifically, AdjustCam has failed to provide any proof that the clip for Sakar/Kohl's Kodak webcams motivates consumers to buy the webcams in the first place; and AdjustaCam has failed to conduct market studies or consumer surveys to ascertain whether the demand for Sakar/Kohl's Kodak webcams in question is driven by the clip patented technology, as required by the Federal Circuit.

aa.  Plaintiff AdjustaCam's evidence of past settlement agreements from approximately 24 defendants in this case are not determinative of a reasonable royalty because they: (1) did not include the quantities sold by respective defendants,  (2) did not show a discernible link to the claimed technology, and (3) were extracted as nuisance value settlements.  This evidences Plaintiff's bad faith strategy.

bb.  AdjustaCam tried to extract a settlement from Sakar/Kohl's in the amount of $550,000 and $250,000, as part of AdjustaCam's strategy, when AdjustaCam knew that their asserted claims had been rejected twice by the U.S.P.T.O. and knew that their asserted claims would be finally rejected by the U.S.P.T.O.  This strategy of Adjustacam was in bad faith.

19

cc.  AdjustaCam delayed its prosecution of the re-examination of the `343 patent for as long as it could until all but 2 or 3 defendants had settled.  Then, as part of its strategy to avoid a trial on the merits, AdjustaCam dismissed its claims against Newegg and Sakar/Kohl's.

dd.  AdjustaCam is now trying to cover up its bad faith strategy by ending the case before trial with a dismissal of the case.

ee.  Sakar will prove that Adjustacam had no proof of a damage royalty of $1.25 through the damage expert of Adjustacam.

ff.  Sakar will prove that Adjustacam caused Sakar to spend over $300,000 in legal fees, costs, and expenses to defend this case that was brought and conducted in bad faith.

gg.  Sakar reserves the right to include additional contentions and disputed issues of fact and law based on the Court's expected rulings on invalidity and non-infringement, and on motions set forth in Defendants' letter briefs.

## G.    WITNESS LISTS.

Plaintiff's witness list is at Exhibit 1.  Defendants' witness list is at Exhibit 2.

## H.    EXHIBIT LISTS.

Plaintiff's exhibit list is at Exhibit 3.  Defendants' exhibit list is at Exhibit 4.

## I.    LIST OF ANY PENDING MOTIONS.

The following motions are pending:

| Docket No. | Pending Motion |
|---|---|
| 721 | Plaintiff's Motion to Dismiss the Claims and Counterclaims Involving Defendants |

Based upon Defendants' inputs into this joint submission, Plaintiff is preparing a motion to stay this case pending issuance of the reexamination certificate, at which time the Court can hold a status conference to determine the future, if any, of this case relative to newly issued

claims.  (Although Plaintiff would prefer just to have the case dismissed per its pending motion to dismiss based upon the cancelation of the Asserted Claims during reexamination proceedings and the covenant not to sue under the '343 patent granted to Defendants.).

Defendants are preparing to file motions for summary judgment on invalidity, and non-infringement; a motion to strike the expert report of Dr. Muskivitch; and a motion to strike portions of the expert report of Walter Bratic.  *See* Defendants Letter Briefs on file.  It is necessary for defendants to continue work on these motions because Adjustacam's covenant not to sue under the `343 patent granted to defendants fails to make it clear that Adjustacam will not sue Sakar in the future with regard to the Kodak webcam products that Sakar has been selling for the last 2 years.  In a final meet and confer on October 2, 2012, Adjustacam's counsel, Mr, Edmonds, refused to grant such a covenant not to sue.

In addition, Defendants are preparing to file a motion for attorney's fees, costs and interests.

## J.  PROBABLE LENGTH OF TRIAL.

The parties estimate that the probable length of trial is three court days, with time split evenly between both sides.

## K.  MANAGEMENT CONFERENCE LIMITATIONS.

None.

## L.  JURY CHARGE.

The parties joint proposed jury charge is at Exhibit 5.  The parties proposed jury verdict form is at Exhibit 6.

## M.  MOTIONS IN LIMINE.

The parties' will submit motions in limine in accordance with the procedure set forth in the Court's Docket Control Order.

**L.      CERTIFICATIONS.**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)      Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)      Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3)      Each exhibit that is not specifically designated as a demonstrative in the List of Exhibits herein: a. is in existence; b. is numbered; and c. has been shown (or will be shown if requested) to opposing counsel.


Approved as to form and substance:

/s/ John J. Edmonds
Attorney for Plaintiff

/s/ Ezra Sutton
Attorney for Defendants



This Joint Pre-Trial Order is hereby approved this _____ day of _____, 2012.


                                                    _____
                                                    United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

October 2, 2012

/s/ *John J. Edmonds*
John J. Edmonds