IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ADJUSTACAM LLC

v.    NO. 6:10-cv-329-LED

AMAZON.COM, INC.;  ET AL.

**PROPOSED JURY INSTRUCTIONS**

1. **INTRODUCTION**[1]

   **MEMBERS OF THE JURY:**[2][3]

   You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made during trial or make in these instructions as an indication that I have any opinion about the facts of this case. After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instruction son the law. They are intended only to assist you in understanding and resolving the evidence and the parties' contentions. A verdict form has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your

---

[1] Jury charge in *CEATS v. Continental Airlines, et al.,* 6:10cv120, Doc No. 970.

[2] Defendants state that this jury instruction applies up until the time that the reexamination certificate for the `343 patent is granted.  Sakar does not wish to litigate the asserted claims or the re-examined claims.  However, Adjustacam has refused to provide Sakar, along with its Motion to Dismiss, a Covenant Not To Sue against Sakar's accused products that Sakar has been selling for 2 years, by asserting Adjustacam's new re-examined claims against Sakar's accused products.   In addition, these Jury Instructions and the Pre-Trial Order would not have been necessary if Adjustacam had agreed to postpone the Pre-Trial Order and Jury Instructions that Sakar had requested on September 24, 2012.  After 2 years of litigation with Adjustacam, Sakar does not want another lawsuit by Adjustacam asserting the new re-examined claims against the same products that Sakar has been selling for 2 years.

[3] Plaintiff states that it is at a loss as to why we need this jury instruction, or for that matter any jury instructions, in view of Plaintiff's Motion to Dismiss, which is based upon the cancelation of the Asserted Claims in reexamination proceedings (which will be final long before the scheduled trial of this matter) and the Covenant Not To Sue granted to Defendants.  Rather than wasting everyone's time, including most importantly the Court's on this jury charge, Defendants should withdraw their meritless opposition to the dismissal of this case.

foreperson fill in, date, and sign the form. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers in your verdict must be unanimous. Unless otherwise instructed, in determining whether any fact has been proved in this case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them, and any stipulations as to facts. In deciding the facts of this case, you must not be influenced by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

## 1.1 CONSIDERING WITNESS TESTIMONY[4]

You the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. By the Court allowing testimony or other evidence to be introduced over the objection of an attorney, the Court did not indicate any opinion as to the weight or effect of such evidence. When the Court sustained an objection to a question addressed to a witness, you must disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness would have testified to, if he or she had been permitted to answer the question. You must not consider the question or answer for any purpose. At times during the trial it was necessary for the Court to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We met because often during a trial something comes up that does not involve the jury. You should not speculate on what may have been discussed during such times. In determining the weight to give to the testimony of a witness, you may ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some

---

[4] Jury charge in *CEATS v. Continental Airlines, et al.*, 6:10cv120, Doc No. 970.

important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you should consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## 1.2 HOW TO EXAMINE THE EVIDENCE[5]

Certain testimony in this case has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, the witness testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weight and otherwise considered by you insofar as possible the same as if the witness had been present and had testified from the witness stand in court. While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of reason and common experience. In other words, in reaching your verdict, you may reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case. Unless you are instructed otherwise, the testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the

---

[5] Jury charge in *CEATS v. Continental Airlines, et al.,* 6:10cv120, Doc No. 970.

contrary, if after considering all the other evidence you believe that single witness more than the other witnesses. There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence such as testimony of an eyewitness. The other is indirect or circumstantial evidence — the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence and simply requires that you find the facts after considering all the evidence, both direct and circumstantial.

## 1.3 DEMONSTRATIVE EXHIBITS[6]

Certain exhibits shown to you are illustrations of the evidence, but are not themselves evidence. We call these types of exhibits "demonstrative exhibits."Demonstrative exhibits are a party's description, picture, or model to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

## 1.4 EXPERT WITNESSES[7]

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field, called an expert witness, is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether and to what extent to rely upon it. In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying.

## 2. CONTENTIONS OF THE PARTIES[8]

---

[6] Jury charge in *CEATS v. Continental Airlines, et al.,* 6:10cv120, Doc No. 970.
[7] Jury charge in *CEATS v. Continental Airlines, et al.,* 6:10cv120, Doc No. 970.

Defendants contend that they do not infringe claims 1, 7 and 19 of the '343 patent. I will sometimes refer to claims 1, 7 and 19 of the '343 patent as the "Disputed Claims." Defendants contend that all of the Disputed Claims are invalid on one or more grounds. Your job is first to decide (1) whether the Disputed Claims have been infringed, and then decide (2) whether the Disputed Claims are invalid. Infringement and invalidity are separate questions and should be considered and answered separately.

## 2.1 BURDENS OF PROOF[9]

In any legal action, facts must be proved by a required amount of evidence, known as the "burden of proof." In a patent case such as this, there are two different burdens of proof that are used. The first is the "preponderance of the evidence "standard and the second is the "clear and convincing" standard. The "preponderance of the evidence" standard means that the evidence persuades you that a claim is more likely true than not true. The "clear and convincing standard" means that the evidence produces in your mind a firm belief or conviction as to the matter at issue. The clear and convincing evidence standard requires greater proof than is necessary for the preponderance of the evidence standard.

**Plaintiff:**

Defendants bear the burden of proving non-infringement by a preponderance of the evidence. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the stipulations, the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them. If the proof establishes that all essential parts of the Defendants' non-

---

[8] Jury charge in *CEATS v. Continental Airlines, et al.,* 6:10cv120, Doc No. 970; *Medtronic Inc. v. Boston Scientific Corp.*, No. 11-1313 (Fed. Cir. Sept. 18, 2012) (party seeking declaratory relief has burden of proving non-infringement).

[9] Jury charge in *CEATS v. Continental Airlines, et al.,* 6:10cv120, Doc No. 970; *Medtronic Inc. v. Boston Scientific Corp.*, No. 11-1313 (Fed. Cir. Sept. 18, 2012) (party seeking declaratory relief has burden of proving non-infringement).

infringement of a claim are more likely true than not true, then you should find for Defendants as to that claim. As I told you during the preliminary instructions, each Defendant has the burden of individually proving non-infringement as to each Disputed Claim.

As an issued United States patent, the '343 patent is presumed to be valid. Defendants have the burden of overcoming that presumption and proving invalidity of the '343 patent by clear and convincing evidence. In determining whether any fact has been proved by clear and convincing evidence, you may, unless otherwise instructed, consider stipulations, the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them. Evidence of prior art which was not reviewed by the Patent Office may be more probative of meeting this standard than prior art which was reviewed by the Patent Office. The clear and convincing evidence standard requires a greater degree of proof than is necessary for the preponderance of the evidence standard. The proof must establish a firm belief or conviction in your mind that Defendants' invalidity claims are correct for you to find for them that the '343 patent is invalid.

**Defendants:**

Plaintiff bears the burden of proving infringement by a preponderance of the evidence. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the stipulations, the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them. If the proof establishes that all essential parts of the Plaintiff's claim for infringement of a claim are more likely true than not true, then you should find for Plaintiff as to that claim. As I told you during the preliminary instructions, Plaintiff has the burden of proving infringement as to each Disputed Claim.

The '343 patent is NOT presumed to be valid because the asserted claims have been finally rejected by the U.S. Patent Office. In determining whether any fact has been proved by clear and convincing evidence, you may, unless otherwise instructed, consider stipulations, the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them. Evidence of prior art which was not reviewed by the Patent Office may be more probative of meeting this standard than prior art which was reviewed by the Patent Office. The clear and convincing evidence standard requires a greater degree of proof than is necessary for the preponderance of the evidence standard. The proof must establish a firm belief or conviction in your mind that Defendants' invalidity claims are correct for you to find for them that the '343 patent is invalid.

## 3. THE CLAIMS OF THE PATENTS-IN-SUIT

## 3.1 PATENT CLAIMS[10]

The claims of a patent are the numbered sentences at the end of the patent. The claims describe the invention made by the inventor and describe what the patent owner owns and what the patent owner may prevent others from doing. Claims may describe products, such as machines or chemical compounds, or processes for making or using a product. Claims are usually divided into parts or steps, called limitations or elements. For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs on the tabletop. In this example, the tabletop, legs and glue are each a separate limitation of the claim.

---

[10] Jury charge in *CEATS v. Continental Airlines, et al.,* 6:10cv120, Doc No. 970.

## 3.2 CONSTRUCTION OF THE CLAIMS[11]

In deciding whether or not a patent is infringed, the first step is to understand the meaning of the words used in the patent claims. It is my job as Judge to determine what the patent claims mean and to instruct you about that meaning. You must accept the meanings I give you and use those meanings when you decide whether or not the patent claims are infringed, and whether or not they are invalid. I have interpreted the meaning of some of the language in the patent claims involved in this case. My interpretation of that claim language appears in Appendix A to this charge. The claim language I have not interpreted for you in Appendix A is to be given its ordinary and accustomed meaning as understood by one of ordinary skill in the art, which is to say, in the field of technology of the patent. The meaning of the words in the patent claims must be the same when deciding both infringement and validity.

## 3.3 OPEN-ENDED OR "COMPRISING" CLAIMS[12]

The beginning, or preamble, of certain claims uses the word "comprising.""Comprising" means "including" or "containing but not limited to." That is, acclaim that uses the word "comprising" is not limited to products or methods having only the requirements that are recited in the claim limitations: it also covers products or methods that have all of the requirements and add additional requirements without changing the required limitations. This means that if you decide that the Defendants' accused webcam clips include all of the requirements in a claim, the claim is infringed. This is true even if the accused webcam clip includes components in addition to those requirements.

## 3.4 INDEPENDENT AND DEPENDENT CLAIMS[13]

This case involves two types of patent claims: independent claims and dependent claims.

---

[11] Jury charge in *CEATS v. Continental Airlines, et al.,* 6:10cv120, Doc No. 970.
[12] Jury charge in *CEATS v. Continental Airlines, et al.,* 6:10cv120, Doc No. 970.
[13] Federal Circuit Bar Association, Model Pattern Jury Instructions, § 2.2a (Feb. 2012).

8

An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim. Thus, it is not necessary to look at any other claim to determine what an independent claim covers. In this case, claims 1 and 19 of the '343 patent are each independent claims.

Claim 7 of the '343 patent is a "dependent claim." A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements. In this way, the claim "depends" on another claim. A dependent claim incorporates all of the requirements of the claim to which it refers. The dependent claim then adds its own additional requirements. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim to which it refers. A product that meets all of the requirements of both the dependent claim and the claim to which it refers is covered by that dependent claim. You are tasked with determining whether there is infringement of these three claims.

## 4. INFRINGEMENT[14]

**Plaintiff:**

I will now instruct you as to the rules you must follow when deciding whether Defendants have proven that they have not infringed any of the Disputed Claims of the '343 patent. Patent law gives the owner of a valid patent the right to exclude others from making, using, offering to sell, selling, or importing, the patented invention within the United States during the term of the patent. Any business entity that has engaged in any of those acts without the patent owner's permission infringes the patent. Someone can infringe a patent without knowing that what they are doing is an infringement of the patent. They also may infringe a

---

[14] Jury charge in *CEATS v. Continental Airlines, et al.,* 6:10cv120, Doc No. 970.

patent even though they believe in good faith that what they are doing is not an infringement of any patent.

**Defendants:**

I will now instruct you as to the rules you must follow when deciding whether Plaintiff has proven that Defendants have infringed any of the Disputed Claims of the '343 patent. Patent law gives the owner of a valid patent the right to exclude others from making, using, offering to sell, selling, or importing, the patented invention within the United States during the term of the patent. Any business entity that has engaged in any of those acts without the patent owner's permission infringes the patent. Someone can infringe a patent without knowing that what they are doing is an infringement of the patent. They also may infringe a patent even though they believe in good faith that what they are doing is not an infringement of any patent.

You must decide whether any Defendant has made, used, sold, or offered for sale within the United States an apparatus covered by the Disputed Claims in the '343 patent. To decide infringement, you must compare the Defendants' disputed product to each Asserted Claim of the patent to determine whether every requirement or element of the Asserted Claim is included in the disputed product. To prove infringement, Plaintiff must prove that each disputed product meets all of the requirements or elements of an Asserted Claim. If the disputed product omits any requirement recited in an asserted patent claim, it does not infringe that claim.

## 5. INVALIDITY[15]

## 5.1 INVALIDITY—GENERALLY[16]

Patent invalidity is a defense to patent infringement. Even though the Patent Office examiner has allowed the claims of a patent, you have the ultimate responsibility for deciding

---

[15] Jury charge in *CEATS v. Continental Airlines, et al.*, 6:10cv120, Doc No. 970.
[16] Jury charge in *CEATS v. Continental Airlines, et al.*, 6:10cv120, Doc No. 970.

whether the claims of the patent are valid. I will now instruct you on the invalidity issues you should consider. As you consider these issues, remember that Defendants bear the burden of proving invalidity of each claim with facts supported by clear and convincing evidence. In making your determination as to invalidity, you should consider each claimseparately.

## 5.2 SCOPE AND CONTENT OF THE PRIOR ART[17]

Before explaining to you each of Defendants' grounds for invalidity in detail, I will discuss the concept of "prior art." Defendants must prove by clear and convincing evidence that the references on which they rely are, in fact, prior art. To do so, Defendants must prove that the references fall within one or more of the different categories of prior art recognized by the patent laws. The categories of relevance in this case are:

(1) Anything already patented or described in a printed publication, anywhere in the world before the March 7, 1997.

(2) Anything described in a published patent application filed by another in the United States or under the PCT system and designated the United States, which was published in English before March 7, 1997.

(3) Anything described in a patent granted on an application for patent by another filed in the United States or under the PCT system and designated the United States, which was published in English and the application was filed before March 7, 1997.

In order for a reference to be relevant prior art, the reference must be within the field of the inventor's endeavor, or if it is from another field of endeavor, the reference must be reasonably related to the particular problem or issue the inventor faced or addressed when making the inventions described in the Disputed Claims.

---

[17] Jury charge in *CEATS v. Continental Airlines, et al.*, 6:10cv120, Doc No. 970, and Federal Circuit Bar Association, Model Pattern Jury Instructions, § 4.3b (Feb. 2012).

Defendants must also prove that the prior art was complete enough to enable one of ordinary skill in the art to practice the claimed invention without undue experimentation. The disclosure in a prior art reference does not have to be in the same words as the claim. But all the elements of the claim must be there, either stated expressly or necessarily implied or inherent such that someone of ordinary skill in that field of technology looking at that one prior art reference would be able to make and use the claimed invention. Something is inherent in an item of prior art if it is always present in the prior art or always results from the practice of the prior art, and if a skilled person would understand that to be the case. Inherency may not be established by probabilities or possibilities. The mere fact that a certain thing may coincidentally result from a given set of circumstances is not sufficient.

## 5.3 PERSON OF ORDINARY SKILL[18]

Several times in my instructions I have referred to a person of ordinary skill in the field of the invention. It is up to you to decide the level of ordinary skill in the field of the invention. You should consider all of the evidence introduced at trial in making this decision, including:

1. the levels of education and experience of persons working in the field;

2. the types of problems encountered in the field; and

3. the sophistication of the technology.

In this case, the parties have expressed their contentions of the level of ordinary skill in the art. Because it is your determination to make, you need not adopt the parties' contention of the level of ordinary skill in the art.I will now explain to you the Defendants' grounds for asserting invalidity of the Disputed Claims.

## 5.4 INVALIDITY—ANTICIPATION[19]

---

[18] Jury charge in *CEATS v. Continential Airlines, et al.,* 6:10cv120, Doc No. 970.
[19] Federal Circuit Bar Association, Model Pattern Jury Instructions, § 4.3b (Feb. 2012).

In order for someone to be entitled to a patent, the invention must actually be "new" and the inventor must not have lost her or his rights by delaying the filing of an application claiming the invention. In general, inventions are new when the identical product has not been made, used, or disclosed before. Anticipation must be determined on a claim-by-claim basis.

Defendants contend that claims 1, 7 and 9 of the '343 patent are invalid because the claimed inventions are anticipated. Defendants must convince you of this by clear and convincing evidence, i.e., that the evidence highly probably demonstrates that the claim(s) is/are invalid.

Here is a list of ways that Defendants can show that a patent claim was not new or that the patentee lost the right to patent the claim(s)

(1) An invention is not new if it was already patented or described in a printed publication, anywhere in the world before the March 7, 1997. A description is a "printed publication" only if it was publicly accessible. An invention was patented by another if the other patent describes the same invention claimed by the Patentee to a person having ordinary skill in the technology.

(2) An invention is not new if it was described in a published patent application filed by another in the United States or under the PCT system and designated the United States, and was published in English before March 7, 1997.

(3) An invention is not new if the claimed invention was described in a patent granted on an application for patent by another filed in the United States or under the PCT system and designated the United States, and was published in English and the application was filed before March 7, 1997.

13

## 5.7 INVALIDITY—OBVIOUSNESS[20]

In this case, Defendants contend that all Disputed Claims are invalid as obvious. A patent claim is invalid if the claimed invention, as a whole, would have been obvious to a person of ordinary skill in the field of the invention at the time the application was filed. This means that even if all the requirements of the claim cannot be found in a single prior art reference that would anticipate the claim, a person of ordinary skill in the field of the invention who knew about all of the prior art would have come up with the claimed invention. But a patent claim composed of several requirements is not proved obvious merely by demonstrating that each of its requirements was independently known in the prior art. Although common sense directs one to look with care at a patent application that claims as innovation the combination of known requirements according to their established functions to produce a predictable result, it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the requirements in the way the claimed new invention does. This is so because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known. Accordingly, you may evaluate whether there was some teaching, suggestion, or motivation to arrive at the claimed invention, as a whole, before the time of the claimed invention, although proof of this is not a requirement to prove obviousness. Teachings, suggestions, and motivations may also be found within the knowledge of a person with ordinary skill in the art including inferences and creative steps that a person of ordinary skill in the art would employ. Additionally, teachings, suggestions, and motivations may be found in the nature of the problem solved by the claimed invention, or any need or problem known in the field of the invention at the time of and addressed by the invention.

---

[20] Jury charge in *CEATS v. Continental Airlines, et al.,* 6:10cv120, Doc No. 970.

Therefore, in evaluating whether such a claim would have been obvious, you should consider a variety of factors:

1. Whether Defendants have identified a reason that would have prompted a person of ordinary skill in the field of the invention to combine the requirements or concepts from the prior art in the same way as in the claimed invention. There is no single way to define the line between true inventiveness on one hand (which is patentable) and the application of common sense and ordinary skill to solve a problem on the other hand (which is not patentable). For example, market forces or other design incentives may be what produced a change, rather than true inventiveness.

2. Whether the claimed invention applies a known technique that had been used to improve a similar device or method in a similar way.

3. Whether the claimed invention would have been obvious to try, meaning that the claimed innovation was one of a relatively small number of possible approaches to the problem with a reasonable expectation of success by those skilled in the art. But you must be careful not to determine obviousness using hindsight; many true inventions can seem obvious after the fact.

You should put yourself in the position of a person of ordinary skill in the field of the invention at the time the claimed inventions were made, and you should not consider what is known today or what is learned from the teaching of the patents.

The ultimate conclusion of whether a claim is obvious should be based on your determination of several factual issues:

1. You must decide the level of ordinary skill in the field of the invention that someone would have had at the time the claimed invention was made.

2. You must decide the scope and content of the prior art. In determining the scope and content of the prior art, you must decide whether a reference is pertinent, or analogous, to the claimed invention. Pertinent, or analogous, prior art includes prior art in the same field of endeavor as the claimed invention, regardless of the problems addressed by the reference, and prior art from different fields reasonably pertinent to the particular problem with which the claimed invention is concerned.

3. You should consider any difference or differences between the prior art and the claim requirements.

Finally, you should consider any of the following factors that you find have been shown by the evidence:

*Factors Tending to Show Non-obviousness*

1. commercial success of a product due to the merits of the claimed invention;

2. a long felt, but unresolved, need for the solution provided by the claimed invention;

3. unsuccessful attempts by others to find the solution provided by the claimed invention;

4. copying of the invention by others;

5. unexpected and superior results from the claimed invention;

6. acceptance by others of the claimed invention as shown by praise from others in the field of the invention or from the licensing of the claimed invention;

7. disclosures in the prior art that criticize, discredit, or otherwise discourage the claimed invention and would therefore tend to show that the invention was not obvious;

8. other evidence tending to show nonobviousness. To be relevant to your determination of obviousness, any of these additional considerations must have a connection to the claimed invention set forth in the patent claims. You may consider the presence of any of the list factors

1–8 as an indication that the claimed invention would not have been obvious at the time the claimed invention was made.

*Factors tending to show obviousness.*

1. independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it;

2. other evidence tending to show obviousness. Although you should consider any evidence of these factors, the relevance and importance of any of them to your decision on whether the claimed invention would have been obvious is up to you. Defendants must prove by clear and convincing evidence that a claimed invention was obvious. If you find that a claimed invention was obvious as explained above, you must find that claim invalid.

## 6. INSTRUCTIONS FOR DELIBERATIONS

### 6.1 INSTRUCTION REGARDING JUROR QUESTIONS[21]

As I explained at the beginning of the trial, during this trial I have allowed you, the jurors, to ask questions after each witness had presented their testimony. I hope you found it helpful to be able to ask questions. Also, as I explained at the beginning of trial, you should not draw any conclusions if I either decided not to ask one of your specific questions or if I rephrased some of your questions. Lastly, you should not draw any adverse inference against any party in this action if I decided not to ask your question.

### 6.2 GENERAL INSTRUCTION REGARDING DELIBERATIONS[22]

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider  all the evidence, follow the law as it is

---

[21] Jury charge in *CEATS v. Continential Airlines, et al.,* 6:10cv120, Doc No. 970.
[22] Jury charge in *CEATS v. Continential Airlines, et al.,* 6:10cv120, Doc No. 970.

now being given to you, and reach a just verdict, regardless of the consequences. It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case. You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Corporations and businesses such as AdjustaCam, the Sakar Defendants, and the Kohl's Defendants are entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law and are to be treated as equals. When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question. Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly

influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony. If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question. After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to deliberate.

APPENDIX A

**Claim Term Court's Construction**

**Plaintiff:**

| Hinge member | a structural element that joins to another for rotation |
|---|---|
| Disposition | a configuration or arrangement of the support frame |

**Defendants:**

| Hinge member | a structural element that joins to another for rotation |
|---|---|
| Disposition | a configuration or arrangement of the support frame |
| Rotatably attached/adapted to be rotatably attached/adapted to rotatably attached | Rotating about a single axis of rotation or permitting motion over a single axis of rotation |