IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM, L.L.C. | : |
| | : Civil Action No. 6:10-cv-00329 (LED) |
| Plaintiff, | : |
| | : **Jury Trial Demanded** |
| vs. | : |
| | : |
| AMAZON.COM, INC., et al | : |
| | : |
| Defendants. | : |

## DEFENDANT SAKAR INTERNATIONAL, INC., KOHL'S ILLINOIS, INC, AND KOHL'S CORPORATION, INC.'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO DISMISS ITS CLAIMS AGAINST SAKAR AND KOHL'S FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants Sakar International, Inc., Kohl's Illinois, Inc., and Kohl's Corporation, Inc. (collectively "Sakar/Kohl's"), by and through their counsel of record, file this Memorandum in Response to Plaintiff AdjustaCam LLC's ("Adjustacam" or "Plaintiff") Motion to Dismiss its Claims Against Sakar/Kohl's for Lack of Subject Matter Jurisdiction (Dkt. No. 721).

I.  **INTRODUCTION**

AdjustaCam seeks dismissal with prejudice of its claims against Sakar/Kohl's and of Sakar/Kohl's counterclaims without prejudice for non-infringement and invalidity pursuant to a covenant not to sue. However, the dismissal of AdjustaCam's infringement claims with a covenant not to sue is **not complete**, since it does not include critical elements: (1) Plaintiff's **proposed covenant** is made only on behalf of AdjustaCam LLC, one of many "shell" subsidiary corporations of Acacia Research Corporation, and does not bind either its parent company Acacia or any other assignees of the `343 patent; (2) Plaintiff's proposed covenant only covers

1

"Sakar/Kohl's currently existing products," i.e., Sakar/Kohl's current inventory, and does not cover additional inventory with the same structure made by Sakar/Kohl's in the future; (3) Plaintiff's proposed covenant does not prevent Plaintiff from suing Sakar/Kohl's for infringement of the allowed reexamined claims of the '343 patent (which will issue imminently) based on Sakar/Kohl's making additional inventory with the same structure as Sakar/Kohl's currently accused products; and (4) Plaintiff's proposed covenant does not apply to successors-in-interest of either AdjustaCam or Sakar/Kohl's. Therefore, the covenant not to sue offered by Adjustacam lacks critical elements required to protect Sakar/Kohl's from charges of infringement by AdjustaCam or its successors regarding Sakar/Kohl's existing and future products. For these reasons, AdjustaCam's requested relief to dismiss Sakar/Kohl's counterclaims should be denied because its covenant is incomplete.

## II. RELEVANT FACTS

On September 20, 2012, Plaintiff's counsel, Mr. John Edmonds, notified the Court that the U.S. Patent Office issued a Final Rejection of multiple claims in U.S. Patent No. 5,855,343 ("'343 patent")[1], including asserted claims 1, 7 and 19. Plaintiff's counsel further informed the Court that to overcome this rejection, it had decided to cancel asserted claims 1, 7 and 19, in order to allow certain allowed new and amended claims (including new independent claims 22, 31, 40, 41, 44, 45, 46 and 47, and the claims dependent thereon) to issue in a forthcoming reexamination certificate.[2] (*See* Dkt. No. 711, "Plaintiff's Notice of Cancellation of Asserted Claims").

---

[1] The claims of the '343 patent, including the asserted claims, cover a clip for supporting a webcam.

[2] The U.S. Patent Office has not yet issued a reexamination certificate cancelling asserted claims 1, 7 and 19 and issuing Plaintiff's allowed new and amended claims. Although Sakar/Kohl's expect that such a reexamination certificate will issue shortly, **asserted claims 1, 7 and 19 and new allowed, independent claims 22, 31, 40, 41, 44, 45, 46 and 47, and the claims dependent thereon remain pending until the reexamination certificate issues.**

The next day, on Friday, Sept. 21, in response to certain intimations that Plaintiff's counsel was agreeable to dismissing Sakar/Kohl's from the case, Sakar/Kohl's counsel, Mr. Ezra Sutton, specifically requested a **"covenant not to sue on the `343 patent… in the future."** (*See* Exhibit A, Email Correspondence Between the Parties' Counsel, email of Sept. 21, 3:40 pm). However, Plaintiff's counsel responded by emphatically stating that Plaintiff would only dismiss Sakar/Kohl's **without a covenant**: "AdjustaCam is agreeable to dismissing… Sakar International, Inc. (and Kohls) from the 329 case – period." (*Id.* at email of Sept. 21, 2:52 pm).

Thereafter, on Monday Sept. 24, the parties' counsel held a teleconference to discuss Plaintiff's proposal to dismiss Sakar/Kohl's from the case. During this meeting, Sakar/Kohl's counsel, Mr. Ezra Sutton, again specifically requested a covenant not to sue on the `343 patent. Plaintiff's counsel explained that a covenant not to sue was necessary to protect Sakar/Kohl's from a potential imminent conflict when Plaintiff's allowed reexamined claims imminently issue. However, Plaintiff's counsel again refused to grant Sakar/Kohl's a covenant not to sue. Also, during this teleconference, Sakar/Kohl's counsel, Mr. Sutton, suggested that the parties should consider stipulating to extend the due date of the forthcoming Joint Pretrial Order submission in order to give the parties a chance to resolve their differences and work toward resolving an amicable dismissal of this case. However, Plaintiff's counsel merely stated that he would think about it.

Two days later, on Wednesday, Sept. 26, Plaintiff served Sakar/Kohl's with a letter wherein Plaintiff formally announced its intentions (after more than two years of litigation) to file a motion to dismiss with prejudice its claims against Sakar/Kohl's regarding infringement of the `343 patent from this case. (*See* attached Ex. B, Plaintiff's Letter of September 26, 2012). Plaintiff further stated that its motion to dismiss would also seek dismissal without prejudice of

3

Sakar/Kohl's counterclaims for non-infringement and invalidity of the asserted claims of the '343 patent. *Id.* In conjunction with its foregoing motion, Plaintiff stated for the *first time* that it would also be filing a "covenant not to sue Sakar/Kohl's and the distribution chain for Sakar/Kohl's products under the '343 patent" which according to Plaintiff would divest the Court of subject matter jurisdiction over Sakar/Kohl's counterclaims. *Id.* Plaintiff's proposed covenant not to sue stated as follows:

> **AdjustaCam LLC hereby unconditionally covenants not to sue Sakar International, Inc. Kohl's Illinois, Inc., Kohl's Corporation, Inc. and Kohl's Department Stores, Inc. (collectively "Sakar/Kohl's") for infringement as to any claim of U.S. Patent No. 5,855,343 (the "'343 patent").** Further, AdjustaCam LLC hereby unconditionally covenants not to sue manufacturers, suppliers, wholesalers, sellers, offerors for sale, importers, and/or users for infringing the '343 patent relative to **Sakar/Kohl's currently existing products**. The foregoing unconditional covenant not to sue extends all the way up and down the distribution chain for **Sakar/Kohl's currently existing products**, from manufacture through distribution and end use.

*See id.*; *see also* Dkt. No. 721-2, ¶4 (emphasis added). (However, as established below, **Plaintiff's proposed covenant is incomplete** and fails to adequately protect Sakar/Kohl's in the future.)

Subsequently, on Thursday, Sept. 27, Sakar/Kohl's counsel stated to Plaintiff's counsel in an email that Plaintiff's proposed covenant not to sue was incomplete because it failed to include Plaintiff's allowed reexamined claims since the issuance of these claims in a reexamination certificate is imminent. (Ex. A at email of Sept. 27, 1:10 pm). However, Plaintiff's counsel responded by stating that there was then no agreement between the parties and Plaintiff would file its motion to dismiss Sakar/Kohl's without Sakar/Kohl's consent. (*Id.* at email of Sept. 27, 10:40 pm).

Later that same day, on Sept. 27, the parties held a meet and confer teleconference to formally discuss the merits of Plaintiff's motion to dismiss and whether there would be any

4

oppositions. During the meet and confer, Sakar/Kohl's counsel requested that Plaintiff's counsel further explain and clarify the scope of Plaintiff's covenant, in particular the phrase "infringement as to *any claim* of U.S. Patent No. 5,855,343" (since on first blush it was Sakar/Kohl's counsel's understanding that the term "any claim" was broad enough to include the allowed reexamined claims).

However, when Sakar/Kohl's counsel questioned Plaintiff's counsel if this phrase inclusively meant both the asserted cancelled claims (1, 7 and 19) of the '343 patent, as well as the allowed reexamined claims of the '343 patent (including new independent claims 22, 31, 40, 41, 44, 45, 46 and 47, and the claims dependent thereon), **Plaintiff's counsel emphatically stated that the covenant *only* included the asserted cancelled claims** (1, 7 and 19) of the '343 patent. Plaintiff's counsel further stated that Plaintiff would not and was not required to provide Sakar/Kohl's with a covenant not to sue Sakar/Kohl's on the allowed reexamined claims of the '343 patent (including new independent claims 22, 31, 40, 41, 44, 45, 46 and 47, and the claims dependent thereon) that will issue imminently. Based on Plaintiff's refusal to provide such a covenant, Sakar/Kohl's counsel stated that Sakar/Kohl's would then oppose Plaintiff's motion to dismiss Sakar/Kohl's counterclaims because of **AdjustaCam's refusal to grant a covenant not to sue on the reexamined claims constituted an imminent threat that the reexamined claims would be asserted against Sakar/Kohl's**. Accordingly, there remains a substantial controversy between the parties that Plaintiff will subsequently sue Sakar/Kohl's for infringement of the allowed reexamined claims of the '343 patent shortly after the reexamination certificate issues, which will issue imminently.

Then, on Saturday, Sept. 29, Plaintiff's counsel requested by email that Sakar/Kohl's send their proposed sections of the Joint Pre-Trial Order. (Ex. A at email of Sept. 29, 3:01 pm).

Plaintiff's counsel failed to address the request to postpone the filing of the Joint Pre-Trial Order previously made by Sakar/Kohl's counsel. Sakar/Kohl's counsel responded to Plaintiff's request by stating Sakar/Kohl's sections of the Joint Pretrial Order were being worked on. On Sunday, Sept. 30, Plaintiff's counsel served Sakar/Kohl's counsel via email with Plaintiff's proposed sections of the Joint Pre-Trial Order and with Plaintiff's proposed jury charge. (*Id.* at email of Sept. 30, 1:18pm and 3:56 pm).

Subsequently, on Tuesday, Oct. 2, 2012, after serving Plaintiff's counsel with Sakar/Kohl's sections of the Joint Pre-Trial Order, Sakar/Kohl's emailed Plaintiff's counsel to reiterate that Plaintiff's counsel's refusal to give Sakar/Kohl's a *complete* covenant not to sue on Plaintiff's allowed reexamined claims "**constitutes an imminent threat that AdjustaCam intends to sue Sakar/Kohl's on these reexamined claims**." (*Id.* at email of Oct. 2, 11:35 am). In addition, Sakar/Kohl's stated that Plaintiff's counsel's refusal to consent to a stipulation for postponement of filing the Joint Pre-Trial Order caused the parties to "conduct unnecessary legal work." (*Id.*).

Later that same day, Sakar/Kohl's counsel served Plaintiff's counsel via email with Sakar/Kohl's proposed jury charge. (*Id.* at email of Oct. 2, 4:42 pm). In that same email, Sakar/Kohl's counsel again emphatically stated that Sakar/Kohl's does not wish to litigate the cancelled asserted claims or the allowed reexamined claims of the '343 patent. (*Id.*). Sakar/Kohl's counsel further noted that Plaintiff's refusal to provide Sakar/Kohl's with a complete covenant not to sue Sakar/Kohl's in the future for infringement of the allowed reexamined claims of the '343 patent has precipitated unnecessary work by the parties, including preparing and filing the parties' respective sections of the Joint Pre-trial Order and Charges to the Jury. (*Id.*).

Accordingly, because of Plaintiff's persistent refusal to grant Sakar/Kohl's a complete covenant not to sue, there are two issues remaining in this case with regard to Defendants: (1) obtaining from AdjustaCam a complete covenant not to sue that has a proper scope which will avoid a further lawsuit regarding Sakar's existing accused products; and (2) Sakar's motion for attorney's fees and costs under 35 U.S.C. § 287.

### III.   ARGUMENT

Because Plaintiff's "cancelled" asserted claims 1, 7 and 19, and Plaintiff's allowed reexamined claims remain pending with the U.S. Patent Office until the reexamination certificate issues, Plaintiff was required to provide Sakar/Kohl's with a covenant not to assert the '343 patent against Sakar/Kohl's with respect to any of its **past, present, or future acts**. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed.Cir.1995)(When a reissue or reexamination application covering the same claimed subject matter is pending, a patentee can divest the court of jurisdiction over the case only by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its **past, present, or future acts**.).

However, as established below, Plaintiff's proposed covenant not to sue Sakar/Kohl's ("Covenant") is incomplete and does not properly divest this Court of subject matter jurisdiction because: (1) Plaintiff's "Covenant" is made only on behalf of AdjustaCam LLC, one of many "shell" subsidiary corporations of Acacia Research Corporation, and does not bind either its parent company Acacia or any other assignees of the '343 patent; (2) Plaintiff's "Covenant" only covers "Sakar/Kohl's currently existing products," i.e., Sakar/Kohl's current inventory, and does not cover additional inventory with the same structure made by Sakar/Kohl's in the future [3]; (3)

---

[3] Plaintiff argues on page 4 of its memorandum that its proposed "Covenant" covers all of Sakar/Kohl's webcam products "as they exist today, in the past, or in the *future*." Ironically, Plaintiff's proposed "Covenant" only states that AdjustaCam covenants not to sue for infringing the '343 patent "relative to Sakar/Kohl's *currently existing*

7

Plaintiff's "Covenant" does not prevent Plaintiff from suing Sakar/Kohl's for infringement of the allowed reexamined claims of the '343 patent (which will imminently issue) based on Sakar/Kohl's making additional inventory with the same structure as Sakar/Kohl's currently accused products; and (4) Plaintiff's "Covenant" does not apply to successors-in-interest of either AdjustaCam or Sakar/Kohl's. Therefore, Sakar/Kohl's counterclaims should not be dismissed.

### A.  Plaintiff AdjustaCam LLC, a "Shell" Corporation of Acacia Research Corp. has Provided Sakar/Kohl's with a "Covenant" that NEITHER Binds Acacia NOR any Assignees of the '343 Patent.

Plaintiff AdjustaCam LLC is one of numerous "shell" subsidiary corporations of Acacia Research Group LLC ("Acacia") whose sole purpose is to enforce patents that have been licensed to shell companies like AdjustaCam. Although AdjustaCam does have officers (Paul Ryan, Clayton Haynes, and Dooyong Lee), they are all employees of Acacia. Also, AdjustaCam has no employees, no offices of its own, and no manufacturing or sales facilities. This is evident from the Rule 30(b)(6) deposition testimony of AdjustaCam's Chief Financial Officer, Mr. Clayton Haynes, from which excerpts thereof are reproduced below:

> Q. (BY MR. SUTTON) And I'm sorry, I know Dana asked you this question before, but how many people are at AdjustaCam?
> A. AdjustaCam does not have any employees.

(*See* Ex. C, Deposition Testimony of Haynes, pg.101, ll.13-16);

> Q. So who is your employer?
> A. I'm employed by Acacia Research Group LLC.

(*Id.* at pg.101, ll.21-22);

> A. AdjustaCam receives employee services from Acacia Research Group LLC.
> Q. What does that mean?
> A. It means -- it means that there are employees of Acacia Research Group LLC that provides services to AdjustaCam.

(*Id.* at pg.102, ll.18-22);

---

*products.*" Accordingly, **Plaintiff's proposed "Covenant" does not protect future sales of Sakar/Kohl's currently existing products.** (*See infra.* section III.,B.)

8

>Q. And some of the individuals that you just mentioned that executed those agreements in the box that said AdjustaCam LLC, they were employees of Acacia Research LLC, correct?
>A. Acacia Research Group LLC, correct.

(*Id.* at pg.105, ll.12-26);

>Q. (BY MR. SUTTON) But you get no payments for performing those functions -- any functions for AdjustaCam LLC -- AdjustaCam LLC; is that correct?
>A. Correct.
>Q. And is that -- is that also true of Paul Ryan, that he does not get any payments from AdjustaCam LLC although he's an officer of AdjustaCam LLC?
>*          *          *
>A. Yes.
>Q. (BY MR. SUTTON) And is that also true of Dooyong Lee, that he performs functions for AdjustaCam LLC and does not get any payment for them?
>*          *          *
>A. I'm sorry, any -- I'm sorry. Does not get any payment from AdjustaCam LLC? Is that your question?
>Q. (BY MR. SUTTON) Yes.
>A. Correct. Correct.

(*Id.* at pg.108, ll.8-24); and

>Q. Okay. So the topic is, State all facts and circumstances relating to any financial arrangements that AdjustaCam has with Acacia. Are you prepared to do that?
>*          *          *
>A. I believe the extent of the -- let me get the term right. Oh, here it is. The extent of the financial arrangement between AdjustaCam and Acacia Research Group LLC is to state that Acacia -- that AdjustaCam LLC is a wholly owned subsidiary of Acacia Research Group LLC.

(*Id.* at pg.124, ll.3-22).

Plaintiff's proposed "Covenant" only states that "AdjustaCam LLC hereby unconditionally covenants not to sue Sakar International, Inc. Kohl's Illinois, Inc., Kohl's Corporation, Inc. and Kohl's Department Stores, Inc. (collectively "Sakar/Kohl's") for infringement." Thus, by its terms Plaintiff's proposed "Covenant" does not apply to or bind AdjustaCam's parent corporation, Acacia. In addition, by its terms, Plaintiff's proposed "Covenant" does not apply to any purchaser, assignee, or successor-in-interest to the `343 patent for any alleged infringement of any claims of the `343 patent.

Accordingly, nothing in Plaintiff's proposed "Covenant" would prevent AdjustaCam from assigning the `343 patent to another Acacia shell company, which may then later sue Sakar/Kohl's for selling products alleging infringement of the allowed reexamined claims of the

9

'343 patent which are about to issue imminently. Thus, Plaintiff's proposed "Covenant" fails to eliminate Sakar's **apprehension** of a future patent suit. Therefore, there still exists a controversy between the parties because AdjustaCam's covenant to sue is incomplete, and Sakar/Kohl's counterclaims should not be dismissed.

### B. Plaintiff's "Covenant" is Incomplete and Too Ambiguous as to the Phrase "Sakar/Kohl's Currently Existing Products."

The "Covenant" is incomplete and too ambiguous as to the phrase "Sakar/Kohl's currently existing products." First, this phrase is unclear whether the "Covenant" extends to Sakar/Kohl's accused Kodak webcams currently in inventory, but not yet sold, **or** whether it covers future production and sale of the same Kodak webcams that were the subject of this infringement suit.

Plaintiff argues that the language of its "Covenant" is consistent with the ones in *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed.Cir.2007), and *Fujitsu Ltd. v. Tellabs Operations, Inc.*, No. 09-4530, 2010 WL 4627652, at *2 (N.D.Ill. Nov. 4, 2010) and that the same outcome should obtain. However, Plaintiff's characterization of its "Covenant" is inaccurate. In *Benitec* and *Fujitsu*, as in *Super Sack*, the continuing activities were not subject to an infringement suit, either because of a covenant that extended to **future production and sale of the same products** that were the subject of the infringement suit, *see* 57 F.3d at 1057 (Super Sack's promise not to sue extended to "bulk bags previously or currently manufactured or sold by Chase"), or in *Benitec* because of a statutory exemption, *see* 495 F.3d at 1346 (exemption under the Hatch-Waxman Act, 35 U.S.C. § 271(e)(1)). Thus, in each case, there was not a reasonable apprehension of suit. *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1298 (Fed.Cir.2009)

Here, in contrast to *Benitec*, *Fujitsu*, and *Super Sack*, it is unclear whether Plaintiff's

10

"Covenant" extends to Sakar/Kohl's accused Kodak webcams currently in inventory, but not yet sold **or** whether it covers future production and sale of the same Kodak webcams that were the subject of this infringement suit.

Second, the "Covenant" does not specify whether it covers Kodak webcams with the same structure as those accused in this case or Kodak webcams with a different structure that have been designed, but not yet made, sold, or used.

Third, the "Covenant" does not specify whether the phrase "currently existing products" only includes the accused Kodak webcam model numbers in this case or other webcam models distributed by Sakar/Kohl's that were not accused of infringement in this case. AdjustaCam's proposed "Covenant" is incomplete and fails to resolve the issues between the parties. Thus, Sakar/Kohl's counterclaims should not be dismissed.

### C. Plaintiff's "Covenant" DOES NOT Cover the Allowed Reexamined Claims of the '343 Patent Which Will Imminently Issue.

As stated, Plaintiff's counsel has emphatically indicated that the phrase "infringement as to any claim of U.S. Patent No. 5,855,343" in its "Covenant" only covers and protects Sakar/Kohl's from infringement of cancelled asserted claims 1, 7 and 19. Thus, by its terms, the "Covenant" does not insulate Sakar/Kohl's from being sued again on existing products based on AdjustaCam's new re-examined claims. Moreover, the exclusion of the allowed reexamined claims (including new independent claims 22, 31, 40, 41, 44, 45, 46 and 47, and the claims dependent thereon) from Plaintiff's "Covenant" constitutes an imminent threat for Plaintiff to sue Sakar/Kohl's for infringement of these allowed reexamined claims once the reexamination certificate issues, which is imminent. This imminent threat of an additional infringement action looms over Sakar/Kohl's webcam business which is causing uncertainty and insecurity sufficient to warrant an **apprehension of suit and a continuing controversy between the parties.**

To be sure, AdjustaCam relies upon *SuperSack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) and its progeny in support of its argument that a covenant not to sue deprives the court of subject matter jurisdiction over invalidity and/or non-infringement counterclaims (AdjustaCam Memo., Dkt. 721 at 3-5). However, this authority does not resolve the issue. AdjustaCam still refuses to agree, after a number of "meet and confers," not to sue Sakar on its existing webcams based on AdjustaCam's new re-examined claims, which are about to issue. Absent a covenant not to sue which adequately protects Sakar from future claims of infringement based upon the '343 re-examined claims, Sakar is still vulnerable to another lawsuit.[4] *See Syngenta Seeds, Inc. v. Monsanto Co.*, No. 02-1331 2004 WL 2790498, at *1 n. 1 (D.Del. Nov. 22, 2004)(denying a motion to dismiss the defendants' counterclaims "relating to the validity of unasserted claims" of the patent-in-suit, and finding that *Super Sack* was distinguishable because the patentee in that case "**withdrew the entire patent from controversy, not just discrete claims**").

In *Super Sack*, the court found that Super Sack's unconditional agreement "not to sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase" was sufficient to divest the court of jurisdiction over Chase's counterclaims for non-infringement, invalidity and unenforceability. *See Sunshine Kids Juvenile Products, LLC v. Indiana Mills & Mfg., Inc.*, No. 10–5697, 2011 WL 862038, at *2-*5 (W.D.Wash. Mar. 09, 2011)(*distinguishing Super Sack*, 57 F.3d at 1059). The court based its decision on the fact that Chase was engaged in no "present activity" placing it at risk of an infringement suit and **Chase did not claim it was planning to make any new infringing**

---

[4] Indeed, Federal Circuit authority supports the premise that a limited covenant not to sue may not offer adequate protection to a defendant. *See, e.g., Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1296, 1298-99 (Fed. Cir. 2009)(**an actual controversy existed** despite a covenant not to sue because the covenant expressly applied only to activities or products "made, used or sold *on or before the dismissal of this action*.").

12

**product.** *Id.* (emphasis in original). Accordingly, the court found "[t]he residual possibility of a future infringement suit based on Chase's future acts [was] simply too speculative a basis for jurisdiction over Chase's counterclaim for declaratory judgments of invalidity." *Id.* (*distinguishing Super Sack*, 57 F.3d at 1060).

Here, however, the products in question are clips for webcams. Sakar/Kohl's continues to sell webcams with the same structure as the accused Kodak webcams, and plans to continue to do so in the future. *See Sunshine Kids*, 2011 WL 862038, at *2-*5. Therefore, unlike Chase in *Super Sack*, Sakar/Kohl's is engaged in "present activity" that may infringe on Plaintiff's allowed reexamined claims which will imminently issue. *See Sunshine Kids*, 2011 WL 862038, at *2-*5; *Harris Corp. v. Federal Express Corp.*, 670 F.Supp.2d 1306, 1314 (M.D.Fla.2009)(holding that: "FedEx could still be sued for infringement of the Unasserted Patents for the exact same behavior it has been and is currently engaged in…. Consequently, Harris's Covenant is insufficiently broad to eliminate the controversy with respect to the Unasserted Patents, preserving the Court's jurisdiction over FedEx's counterclaims."). These are "meaningful preparatory steps" towards a potentially infringing activity that were absent in *Super Sack*. *See Sunshine Kids*, 2011 WL 862038, at *2-*5 (*distinguishing Super Sack*, 57 F.3d at 1059–1060). Also, unlike Chase, Sakar/Kohl's activity is not so speculative that it necessarily divests the Court of jurisdiction, *id.*, nor does the present pending status of the allowed reexamined claims of the '343 patent divest the Court of jurisdiction. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed.Cir.1988)(The court's discretion to stay or to proceed with litigation involving a patent in reexamination counsels that a patent remains enforceable during reexamination.).

In addition, an express charge of infringement by Plaintiff is not required to present an actual controversy between the parties. *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed.Cir.1988). Less explicit conduct by the patent holder falling short of a threat may also create a **reasonable apprehension of litigation** when viewed in light of the totality of the circumstances. *Arrowhead*, 846 F.2d at 736. Factors such as a history of infringement suits or foreign litigation by the defendant may be considered in the equation. *See id.* at 737; *Teva Pharms. USA, Inc. v. Abbott Labs.*, 301 F.Supp.2d 819, 822 (N.D.Ill.2004).

Here, Sakar/Kohl's reasonably apprehends a patent infringement suit by Plaintiff for infringement of the allowed reexamined claims after they issue imminently based on the following two factors:

First, Plaintiff's counsel has adamantly refused at least *five times* after repeated requests to grant a covenant that it will not enforce its allowed reexamined patent rights against Sakar/Kohl's.

Second, Plaintiff AdjustaCam's parent company, Acacia Research Group, LLC has recently taken a litigious stance against Sakar, and has recently sought to enforce another one of its patents against Sakar's VIVITAR® camera products through Plaintiff's counsel and another one of its "shell" companies. Specifically, Digitech Image Technologies LLC, another "shell" subsidiary of Acacia Research Corporation, like AdjustaCam LLC, sued Sakar through Plaintiff's counsel in two related patent infringement suits in the Central District of California (Case Nos. 8:12-cv-01153-ODW-MRW and 8:12-cv-01673-JVS-AN) wherein virtually all of Sakar's VIVITAR® electronic cameras models were accused of patent infringement, as follows:

ViviCam S325, ViviCam S130, ViviCam S529, ViviCam S1527, iTwist F124, ViviCam F526, ViviCam F128, iTwist F536, ViviCam F131, ViviCam F332, iTwist F129, ViviCam F529, ViviCam T325, ViviCam T016, ViviCam T127, ViviCam T539, iTwist T126, ViviCam T135, ViviCam T125, iTwist T028, ViviCam T322, ViviCam T132,

ViviCam T324, ViviCam T137, ViviCam T024, ViviCam T026, ViviCam T030, ViviCam T328, ViviCam T327, ViviCam T532, ViviCam T027, ViviCam X027, ViviCam X016, ViviCam X137, ViviCam X029, ViviCam X020, ViviCam X028, ViviCam X225, ViviCam X026, ViviCam X024, ViviCam X324, ViviCam X327, ViviCam X014, ViviCam X018, ViviCam X025, ViviCam 9124, ViviCam 9112, ViviCam 7122, iTwist 7028, ViviCam 7024, ViviCam 7022, ViviCam 7690, ViviCam 7399, ViviCam 8124, ViviCam 8225, ViviCam 8025, ViviCam 8690, VIviCam 8018, ViviCam 8400, ViviCam 8027, ViviCam 8324, ViviCam 5118, ViviCam 5024, ViviCam 5020, ViviCam 5028, ViviCam 5018, ViviCam 5188, ViviCam 5022, ViviCam 5399, ViviCam 4090, V69379, ViviCam V25, vstyle 38, V69379M, ViviCam 46, ViviCam 20, vstyle 17G, vstyle 58B, Clipshot 11698, vstyle 28B, vstyle 27G, vstyle 57G, ViviCam V15 and vstyle 18B.

(*See* Ex. D, excerpts of two complaints filed by Plaintiff counsel against Sakar on behalf of Digitech, another Acacia "shell" company). These suits support Sakar/Kohl's reasonable apprehension that Plaintiff will shortly sue Sakar/Kohl's again for its accused Kodak webcams shortly after its allowed reexamined claims issue, which will happen imminently. *See Teva Pharms.*, 301 F.Supp.2d at 824-25; *see Dr. Reddy's Laboratories, Ltd. v. AaiPharma Inc.*, 01cv10102(LAP), 2002 WL 31059289, at *8 (S.D.N.Y.2002)(holding that three suits filed by defendant against plaintiff involving the manufacture of generic versions of Prozac were "additional support for [plaintiff's] **reasonable apprehension of an infringement suit**" regarding its attempt to manufacture a generic version of Prilosec); *Premo Pharmaceutical Laboratories v. Pfizer, Inc.*, 212 U.S.P.Q. 681, 682 (S.D.N.Y.1981)(holding that two suits filed by defendant against plaintiff involving its attempts to manufacture generic products of defendant's products "have created the **reasonable apprehension** that [defendant] will challenge all [plaintiff] attempts to market drugs that resemble [defendants] products").

Acacia's (Plaintiff's parent corporation) recent enforcement of its patent rights against Sakar and its retailers in the *Digitech* cases is sufficient to create a **reasonable apprehension** that Plaintiff will initiate a patent infringement suit against Sakar/Kohl's if Sakar/Kohl's continues to sell its accused Kodak webcam products. To deny that a reasonable apprehension

15

exists in this situation is to "ignore the realities of business life." *Muller v. Olin Mathieson Chemical Corp.*, 404 F.2d 501, 505 (2d Cir.1968) *citing* 6A *Moore's Federal Practice*, P57.20 at 3121 (2d ed.1966).

Accordingly, when considered together, **Plaintiff's refusal** to give Sakar/Kohl's a **covenant not to sue** on the new allowed reexamined claims, and Plaintiff's parent company's recent patent enforcement actions against Sakar through Plaintiff's counsel, both rise to a level sufficient to indicate an intent on the part of Plaintiff to enforce its new allowed reexamined patent claims against Sakar/Kohl's. Thus, **Sakar/Kohl's apprehension of an infringement suit** by Plaintiff if Sakar/Kohl's continues to market and sell its accused Kodak webcams is reasonable, *see Teva Pharms.*, 301 F.Supp.2d at 825-26, and Sakar/Kohl's counterclaims should not be dismissed.

### D. Plaintiff's "Covenant" Does Not Apply to Successors-In-Interest of Either Adjustacam or Sakar/Kohl's.

Plaintiff's proposed "Covenant" states that: "AdjustaCam unconditionally covenants not to sue Sakar International, Inc. Kohl's Illinois, Inc., Kohl's Corporation, Inc. and Kohl's Department Stores, Inc. (collectively "Sakar/Kohl's") for infringement as to any claim of U.S. Patent No. 5,855,343 (the "'343 patent")." Thus, by its terms, the "Covenant" does not apply to successors-in-interest of either AdjustaCam or Sakar/Kohl's. Absent a covenant which adequately protects Sakar/Kohl's from and AdjustaCam's successors from future claims of infringement based upon the `343 patent family, Sakar/Kohl's counterclaims should not be dismissed.

### E. This Court Retains Jurisdiction to Rule on a Motion by Sakar/Kohl's for Attorney's Fees.

As a final matter, Sakar notes that, even in the event of dismissal of AdjustaCam's

claims, this Court nonetheless will retain jurisdiction over motions pursuant to 35 U.S.C, § 285 and/or Fed.R.Civ.P. 54(b). *Highway Equip. Co., Inc. v. Feco, Ltd.*, 469 F.3d 1027, 1032-33 (Fed. Cir. 2006) (holding that district court "correctly retained jurisdiction over [defendant's] claim for attorneys fees under 35 U.S.C. § 285" despite dismissal of underlying claims based upon covenant not to sue; the covenant "does not deprive the district court of jurisdiction to determine the disposition of... the request for attorney fees under 35 U.S.C. § 285."). Sakar expressly and respectfully reserves the right to file such a motion in this action.

## IV. CONCLUSION

Despite Sakar/Kohl's good faith intentions neither to litigate the cancelled asserted claims nor the allowed reexamined claims which will issue imminently, the gross inadequacies in Plaintiff's proposed "Covenant" in conjunction with Plaintiff counsel's repeated refusals to modify its proposed "Covenant" impede an amicable resolution of this case. For the foregoing reasons, an actual controversy still exists between the parties; therefore, Sakar/Kohl's counterclaims should not be dismissed.

Date: October 8, 2012                                     Respectfully submitted,

/s/ Ezra Sutton
EZRA SUTTON, Esq.
EZRA SUTTON, P. A.
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Tel: 732-634-3520
Fax: 732-634-3511
Email: esutton@ezrasutton.com

*Attorneys for Defendant Sakar*
*International, Inc., Kohl's Illinois, Inc., &*
*Kohl's Corporation, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CN/ECF system per Local Rule CV-5(a)(3) this 8th day of October, 2012.

/s/ *Ezra Sutton*
Ezra Sutton