IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC | |
| v. | NO. 6:10-cv-329-LED |
| AMAZON.COM, INC.;  ET AL. | JURY |

**ADJUSTACAM'S REPLY TO SAKAR/KOHL'S RESPONSE**

AdjustaCam files this Reply to Sakar/Kohl's Response (Dkt. No. 725) in support of AdjustaCam's opposed Motion to Dismiss (Dkt. No. 721), as follows:

## I. INTRODUCTION

AdjustaCam is genuinely perplexed. Although given what amounts to a "free pass" due to AdjuastaCam's covenant not to sue brought about by the cancellation of the asserted claims in reexamination proceedings, Sakar/Kohls, is fighting to continue litigating infringement, validity and damages for asserted claims that will be moot as soon as the reexamination certificate issues.[1] The only possible explanation for Saker/Kohl's irrational behavior is that it improperly seeks to waste everyone's time as leverage for getting a covenant not to sue of a scope that is not required to remove this Court's subject matter jurisdiction, and that is not required to mandate dismissal under *Super-Sack* and its progeny.  To support this quixotic quest to force moot issues to a jury trial, Sakar/Kohl's relies upon arguments that are neither grounded in law or common sense. However, in an effort to stop this waste of the Court's valuable time, AdjustaCam will do its best to accommodate Sakar/Kohl's frivolous and legally unsupported arguments. However, AdjustaCam will not do the following: 1) it will not purport to bind its parent company because it is no necessary to do and because AdjustaCam it cannot bind a separate entity; 2) it will not

---

[1] The most recent development in the reexamination proceedings occurred on October 5, 2012, when the USPTO issued a Notice of Intent to Issue Ex Parte Reexamination Certificate. Exhibit 1.  This Notice states that such a "certificate will be issued" reflecting the cancelation of the asserted claims and the issuance of new claims 22-48. *Id.*

grant a covenant not to sue with respect to reexamination claims that have not yet issued; and 3) it will not grant a covenant not to sue with regard to future products which are different from past or present products.

## II. ARGUMENT

Sakar/Kohl's argues that there are four "critical elements" missing from AdjustaCam's Covenant:

1) The Covenant does not bind AdjustaCam's parent company or any assignees of the '343 patent;

2) The Covenant covers Sakar/Kohl's currently existing products and does not cover additional inventory with the same structure made by Sakar/Kohl's in the future;

3) The proposed covenant does not prevent AdjustaCam from suing Sakar/Kohl's for infringement of the soon to be issued reexamined claims of the '343 patent;

4) Plaintiff's proposed covenant does not apply to successor's-in-interest of either AdjustaCam or Sakar/Kohl's.

Dkt. No. 725 at Pgs. 1-2. Each and every one of Sakar/Kohl's concerns with respect to these "critical elements" is completely baseless, including because AdjustaCam's covenant already complies with the requirements of *Super-Sack* and its progeny. Nonetheless, AdjustaCam will address each "critical element," and to the extent possible.

### A. The Covenant from AdjustaCam does not need to purport to bind successors and assigns.  Nonetheless, in an effort to moot at least some of Sakar/Kohl's baseless arguments, AdjustaCam has added this language to its Amended Covenant.

A. The Covenant from AdjustaCam does not need to purport to bind successors and assigns in order to divest this Court of subject matter jurisdiction. *See, e.g., Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2010 WL 4627652, *3 (N.D.Ill. Nov. 04, 2010).  Nonetheless, in an effort to moot at least some of Sakar/Kohl's baseless arguments, AdjustaCam's Amended

Covenant includes any purchaser, assignee, or successor-in-interest to the '343 patent. *See* Exhibit A, Amended Covenant at ¶ 4.

### B. The Covenant from AdjustaCam does not need to purport to bind AdjustaCam's parent entity.

AdjustaCam is not a "shell" of Acacia Research Group LLC and it is baseless for Saker/Kohl's to make such spurious allegations. No "alter ego" allegations have ever been made in this case, nor would there be any good faith basis for such allegations. Further, "Courts have long presumed the institutional independence of related corporations, such as parent and subsidiary." *See, e.g., Dickson Marine Inc. v. Panalpina, Inc.,* 179 F.3d 331, 338 (5th Cir. 1999).

Sakar/Kohl's has cited no law to support its position that including AdjustaCam's parent in the covenant is necessary to divest this Court of jurisdiction over this lawsuit in which only AdjustaCam is the plaintiff. This is because the law does not support its position. *See, e.g., Mytee Products, Inc. v. Studebaker Enterprises, Inc., et al.*, No. 11-cv-02519 BEN (DHB) (S.D. Cal. Sept. 26, 2012) (Because Skagit does not own the '403 and '369 patents, Skagit cannot assert them). *See also Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1317-18 (Fed. Cir. 2010) (holding that parent company lacked standing to sue because subsidiary owned patents-in-suit).

Federal declaratory judgment jurisdiction extends only to an "actual controversy" between interested parties. 28 U.S.C. § 2201(a); *see Gen–Probe, Inc. v. Vysis, Inc.,* 359 F.3d 1376, 1379 (Fed.Cir.2004) ("The Declaratory Judgment Act only supports jurisdiction in the event of an 'actual controversy.' This requirement effectuates Article III of the Constitution, which only authorizes the federal judiciary to hear justiciable cases and controversies.") Sakar/Kohls far-fetched concerns fall far short of an actual controversy. *Level 1 Technologies,*

*Inc. v. C.R. Bard, Inc.*, 839 F. Supp. 90, 91-92 (D. Mass. 1994)("Future, theoretical possibilities of infringement are insufficient grounds for jurisdiction.").

Further, AdjustaCam's inclusion of successors and assigns in the covenant (see above) should moot Sakar/Kohl's purported concerns, since the covenant is not unambiguously binding on any and all successors to AdjustaCam.

### C. The Amended Covenant removes any concerns as to the products covered.

The language used by AdjustaCam with respect to the products covered by its covenant is nearly identical to that approved by the Federal Circuit and other courts. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1056 (Fed. Cir. 1995) ("Super Sack will unconditionally agree not to sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase."); *See also Fujitsu Ltd. v. Tellabs Operations, Inc.*, 09-C-4530, 2010 WL 4627652 at *2 (N.D. Ill. Nov. 4, 2010) ("based upon the Defendants [sic] making, using, manufacturing, development, design, marketing, licensing, distributing, importing, offering for sale, or selling of the Defendants' products"); *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1345 (Fed. Cir. 2010) ("offer for sale of currently existing products or use of methods"). Thus, there are no legitimate issues with the Covenant as it currently stands and AdjustaCam is hesitant to depart from language that has been so consistently approved by the Federal Circuit.

However, in an effort to alleviate Sakar/Kohl's purported concerns as to whether the Covenant extends to Sakar/Kohl's future production and sale of the same Kodak webcams that were subject of this infringement suit, AdjustaCam has added the language "past or current products as they exist today or have existed in the past" to cover future production and sale of all current and past Sakar/Kohl's webcam models. This language also clearly covers other

webcam models distributed by Sakar/Kohl's that were not accused of infringement in this case as they currently exist. *See, e.g.,* Amana Refrigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 855 (Fed. Cir. 1999); *Mytee Products, supra*. This covenant DOES NOT extend to future webcams of a different structure or model nor is AdjustaCam required to give such a covenant. Any concerns of Sakar/Kohl's with respect to future products are too speculative to provide a basis for jurisdiction over Sakar/Kohl's counterclaims. *SuperSack*, 57F.3d at 1060 ("The residual possibility of a future infringement suit based on Chase's future acts is simply too speculative a basis for jurisdiction over Chase's counterclaim for declaratory judgments of invalidity.")

### D. AdjustaCam's Covenant does not extend to the unissued reexamined claims nor is it necessary

Ultimately, Sakar/Kohl's spends substantial effort discussing its "apprehension of an infringement suit" as a result of claims amended and added during reexamination proceedings which to date **have not** issued. Pursuant to 37 C.F.R. 1.530(k), [a]lthough the Office actions will treat proposed amendments as though they have been entered, the proposed amendments will not be effective until the reexamination certificate is issued and published."

Sakar/Kohl's apprehension of a future suit on something not yet issued is not sufficient for this Court to maintain its jurisdiction. *See, e.g., Adirondack Cookie Co. Inc. v. Monaco Baking Co.,* --- F.Supp.2d ----, 2012 WL 1640565 (N.D.N.Y. May 09, 2012) (holding that subject matter jurisdiction over a declaratory action was lacking when "Defendant's patent application was and still is pending"). The existence of an actual controversy is a requisite for declaratory judgment jurisdiction as well. *Spectronics Corp. v. H.B. Fuller Co., Inc.,* 940 F.2d 631, 633–34 (Fed.Cir.1991), *cert. denied,* 502 U.S. 1013, 112 S.Ct. 658, 116 L.Ed.2d 749 (1991); *Grain Processing Corp. v. American Maize–Products Co.,* 840 F.2d 902, 905 (Fed.Cir.1988). Further, the actual controversy must exist throughout every stage of the

litigation up to resolution. *Spectronics,* 940 F.2d at 635; *International Medical Prosthetics Research Assocs. v. Gore Enter. Holdings, Inc.,* 787 F.2d 572, 575 (Fed.Cir.1986).

Because the Reexamined claims do not become effective until issuance and publication of a reexamination certificate, any declaratory judgment proceedings as to those claims are, at this time, purely speculative and therefore do not create a case or controversy for purposes of jurisdiction. *Level 1 Technologies, Inc.,* 839 F. Supp. at 91-92 ("Future, theoretical possibilities of infringement are insufficient grounds for jurisdiction."). Further, the parties cannot possibly have a trial in January over new claims in a not-yet-issued reexamination certificate. Without limitation, there are no infringement contentions, invalidity contentions, expert reports or other necessary prerequisites to have a trial to adjudicate these not-yet-issued claims.

Further, "unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate." *Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.,* 129 F.3d 1247, 1250 (Fed.Cir.1997). Here, it is undisputed that the newly amended and newly added claims that will emerge with the reexamination certificate are not identical to the original claims. Further, it is undisputed that the covenant as worded applies to all of the Asserted Claims in this lawsuit, even though they will be moot – as canceled – upon issuance of the reexamination certificate.

The reexamined claims that Sakar/Kohl's refers to are null and unenforceable until the reexamination certificate issues. Any declaratory judgment as to invalidity or infringement of those would advisory and improper. Further, as noted above, this case has advanced through Markman and expert reports based upon the canceled Asserted Claims, not based upon not-yet-issued reexamination claims. Therefore, AdjustaCam's Motion to Dismiss should be granted.

### E. AdjustaCam's Amended Covenant applies to Successors-In-Interest of Sakar/Kohl's

Sakar/Kohl's argues that AdjustaCam's Covenant does not apply to its successors-in-interest and therefore is insufficient. This is meritless. Sakar/Kohl's has put forth no law to support its arguments, while the language in the covenant is identical in this respect to language previously approved by the Federal Circuit.

Nonetheless, in an effort to moot at least some of Sakar/Kohl's baseless arguments, AdjustaCam has included successors-in-interest to Sakar/Kohl's. *See* Exhibit A, Amended Covenant.

### III. CONCLUSION

Therefore, for the reasons stated in AdjustaCam's Motion and its Reply, including because this Court no longer has subject matter jurisdiction over this case, the Court should grant AdjustaCam's Motion to Dismiss its claims of infringement of the '343 patent against Sakar/Kohl's with prejudice and should also dismiss Sakar/Kohl's First and Second Counterclaims without prejudice.

October 12, 2012

Respectfully submitted,

By: /s/ *John J. Edmonds*
John J. Edmonds – LEAD COUNSEL
Texas State Bar No. 789758
Michael J. Collins
Texas Bar No. 4614510
Stephen F. Schlather
Texas Bar No. 24007993
COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC
1616 S. Voss Rd., Suite 125
Houston, Texas 77057
Telephone: (713) 501-3425
Facsimile: (832) 415-2535

jedmonds@cepiplaw.com
mcollins@cepiplaw.com
sschlather@cepiplaw.com


Andrew W. Spangler
Texas Bar No. 24041960
Spangler & Fussell P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
ADJUSTACAM LLC


## CERTIFICATE OF SERVICE

     I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

October 12, 2012                                    /s/ *John J. Edmonds*
                                                            John J. Edmonds