## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC, | |
|         Plaintiff, | Case No. 6:10-CV-329-LED |
| vs. | |
| AMAZON.COM, INC., ET AL., | JURY TRIAL DEMANDED |
|         Defendants. | |

## NEWEGG INC., NEWEGG.COM INC. AND ROSEWILL INC.'S OPPOSED MOTION TO CORRECT OR, IN THE ALTERNATIVE, TO AMEND JUDGMENT

## I.   INTRODUCTION

Prevailing party defendants Newegg Inc., Newegg.com Inc., and Rosewill Inc. (collectively, the "Newegg Defendants") filed an unopposed bill of costs, requesting taxable costs in the amount of $8,492.66. That same day, the Newegg Defendants separately filed a motion to recover their attorney's fees pursuant to 35 U.S.C. § 285 on the grounds that this case was exceptional. The Court denied the Newegg Defendants' exceptional case motion and, on the following day, entered Final Judgment. In what appears to be an oversight, the Court did not include the Newegg Defendants' unopposed taxable costs in the Final Judgment, and the Final Judgment provides that all parties are to bear their own costs.

Pursuant to Local Rule CV-54 and Fed. R. Civ. P. 60(a), the Newegg Defendants respectfully move for an Order correcting the Court's Final Judgment to include unopposed taxable costs in the amount of $8,492.66. In the alternative, the Newegg Defendants respectfully move, pursuant to Fed. R. Civ. P. 59(e), to amend or correct the Final Judgment to include unopposed taxable costs in the amount of $8,492.66.

## II.   FACTUAL BACKGROUND

1. The Newegg Defendants are prevailing parties. On September 27, 2012, the Court entered an Order (Dkt. No. 720) granting Plaintiff's Unopposed Motion to Dismiss Newegg and Rosewill (Dkt. No. 719). In its Order, the Court dismissed Plaintiff's claims against the Newegg Defendants with prejudice, and dismissed the Newegg Defendants' counterclaims against Plaintiff without prejudice.

2. On October 11, 2012, the Newegg Defendants filed their unopposed Bill of Costs (Dkt. No. 726), requesting taxable costs in the amount of $8,492.66 pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1). A true and correct copy of the Bill of Costs filed with the Court is attached as **Exhibit 1**.

3. Plaintiff did not oppose the Bill of Costs. On October 11, 2012, the parties met and conferred pursuant to Local Rule CV-7(h) to discuss the Bill of Costs and the Newegg Defendants' Sealed Opposed Motion for Declaration of Exceptional Case and Award of Fees and Non-Taxable Expenses, filed under seal on October 12, 2012 (the "Exceptional Case Motion"). The Certificate of Conference attached to the Exceptional Case Motion provides in relevant part, "Notwithstanding the impasse concerning the instant motion, non-movant's counsel stated that it would not object to movant's request for taxable costs."

4. On August 19, 2013, the Court entered its Order (Dkt. No. 761) Denying the Exceptional Case Motion. The Court's August 19 Order did not address the Newegg Defendants' unopposed Bill of Costs.

5. On August 20, 2013, the Court entered Final Judgment (Dkt. No. 762). The Court's Final Judgment did not address the Newegg Defendants' unopposed Bill of Costs. To the contrary, the Final Judgment provided, in relevant part, "It is therefore ORDERED, ADJUDGED and DECREED that the parties take nothing and that all pending motions are DENIED AS MOOT. All costs are to be borne by the party that incurred them."

### III. ARGUMENT

By motion or on their own, courts may correct a "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Fed. R. Civ. P. 60(a). "Clerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in mathematical calculation are within Rule 60(a)'s scope; missteps involving substantive legal reasoning are not." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) (affirming district court's order correcting judgment pursuant to Rule 60(a) to reflect that the dismissal was "with prejudice" instead of "without prejudice"). A court's authority under Rule 60(a) is limited

to corrections that are consistent with the court's intent at the time it entered judgment." *Id*. at 195.

Rule 60(a) applies when a court omits a matter intended to be included in the judgment. *E.g., Robi v. Five Platters, Inc*., 918 F.2d 1439, 1445 (9th Cir. 1990) (district court did not abuse its discretion by using Rule 60(a) to amend judgment to clarify its original intention to cancel certain trademarks); *Robert Lewis Rosen Assocs., Ltd. v. Webb,* 473 F.3d 498, 504-505 (2nd Cir. 2007) (affirming district court's use of Rule 60(a) to supplement and correct judgment where court inadvertently confirmed part of an arbitration award, rather than the award in its entirety); *Dudley v. Penn-America Ins. Co.*, 313 F.3d 665 (2nd Cir. 2002) (district court's failure to include monetary award of pre-judgment interest was mere "judicial oversight," properly corrected under Rule 60(a)). Rule 60(a) is also used to correct docketing or filing errors, *e.g., Matter of American Precision Vibrator Co.*, 863 F.2d 428, 431 (5th Cir. 1989) (clerk's clerical mistake that led to dismissal with prejudice reversed pursuant to Rule 60(a)), and even to correct mistakes by the parties, *Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 503 (5th Cir. 1994).

The Fifth Circuit considers three factors when evaluating whether a mistake can be corrected under Rule 60(a): "(1) the nature of the mistake; (2) the district court's intent in entering the original judgment; and (3) the effect of the correction on the parties' substantial rights." *Rivera*, 647 F.3d at 193. Each of these factors weighs in favor of correcting the Final Judgment to include Defendants' unopposed taxable costs.

First, the fact that the Court entered Final Judgment without addressing the Newegg Defendants' Bill of Costs is an omission that was likely clerical in nature. Indeed, this case involved dozens of parties, and the Newegg Defendants' unopposed Bill of Costs (filed nearly one year ago) was one of more than 700 Court filings in this three-year old case. In addition, the

Newegg Defendants were the only prevailing-party defendants to file a bill of costs.  <u>Second</u>, and for the same reasons, it does not appear that the Court intended to deny the Newegg Defendants' requested costs.  <u>Third</u>, because Plaintiff did not oppose the Newegg Defendants' Bill of Costs, correcting the Final Judgment to include the Newegg Defendants' taxable costs will not affect Plaintiff's substantial rights.

The Court also has the power to "alter or amend" the Final Judgment pursuant to Rule 59(e).[1]  A Rule 59(e) motion to alter or amend judgment "calls into question the correctness of a judgment."  *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-49 (5th Cir. 2004).  Unlike Rule 60(a), which applies to clerical mistakes or mistakes involving an oversight or omission, Rule 59(e) applies when courts commit a "manifest error of law or fact."  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).

To the extent that the Newegg Defendants' unopposed costs were excluded from the Final Judgment for a reason other than an omission or oversight, and to the extent that the Court *intended* to deny all taxable costs itemized in the Newegg Defendants' Bill of Costs (Dkt. 726), the Newegg Defendants respectfully submit that the Court's decision was in error.  Indeed, costs other than attorney's fees "should be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), and "a prevailing party is generally awarded costs of court as a matter of course."  *Internet Machines LLC v. Alienware Corp.*, 2013 WL 4056282 (E.D. Tex. June 19, 2013) (awarding prevailing-party plaintiff costs in the amount of $78,661.25).  Thus, the Newegg Defendants should be awarded costs, particularly because the Newegg Defendants' Bill of Costs was not opposed.

---

[1] Rule 59(e) provides in its entirety, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the instant motion and enter an amended or corrected Final Judgment awarding Newegg Inc., Newegg.com Inc. and Rosewill Inc. costs in the amount of $8,492.66.

DATED THIS 5th day of September, 2013.

PARSONS BEHLE & LATIMER

By  */s/ Dana M. Herberholz*
   John N. Zarian (*Admitted E.D. Texas*)
   Dana M. Herberholz (*Admitted E.D. Texas*)
   960 Broadway, Suite 250
   Boise, Idaho 83706
   Telephone:  (208) 562-4900
   Facsimile:  (208) 562-4901
   E-mail:  jzarian@parsonsbehle.com
         dherberholz@parsonsbehle.com

YARBROUGH WILCOX GUNTER, PLLC
   Trey Yarbrough, State Bar No. 22133500
   Debby E. Gunter, State Bar No. 24012752
   100 E. Ferguson Street, Ste. 1015
   Tyler, Texas 75702
   Telephone:  (903) 595-3111
   Facsimile:  (903) 595-0191
   E-mail:  trey@yw-lawfirm.com
         debby@yw-lawfirm.com

Attorneys For Defendants
Newegg Inc., Newegg.com Inc., and Rosewill, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that all counsel of record who are deemed to have consented to electronic service are being served this 5th day of September, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

*/s/ Dana M. Herberholz*
Dana M. Herberholz

## CERTIFICATE OF CONFERENCE

This is to certify that counsel have complied with the meet-and-confer requirement set forth in Local Rule CV-7(h), and this motion is opposed. The personal conference required by the rule was conducted on September 4, 2013 by telephone. Counsel for the movants articulated the basic components of the motion and counsel for the non-movant expressed disagreement with the motion and any basis for it, such that agreement could not be reached. The discussions conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Dana M. Herberholz*
Dana M. Herberholz

4831-8818-4341.3