IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC | |
| v. | NO. 6:10-cv-329-LED |
| AMAZON.COM, INC.; ET AL. | JURY |

### ADJUSTACAM'S RESPONSE IN OPPOSITION TO NEWEGG'S MOTION TO CORRECT OR, IN THE ALTERNATIVE, TO AMEND JUDGMENT

Plaintiff, AdjustaCam LLC ("AdjustaCam") hereby responds in opposition to Defendants Newegg Inc.'s, Newegg.com Inc.'s and Rosewill Inc.'s (collectively "Newegg") Motion to Correct or, in the Alternative, to Amend Judgment as follows:

### I. INTRODUCTION

This Court's Final Judgment unequivocally states that "[a]ll costs are to be borne by the party that incurred them." Dkt No.762, p. 2. Newegg has filed a Motion under Rule 60(a), which applies to "corrections based on clerical mistakes; oversights and omissions," *see* Fed. R. Civ. P. 60(a), in which Newegg seeks the award of costs that it was denied in the Court's Final Judgment. However, Newegg has no factual basis to contend that anything contained in the Court's Final Judgment was a clerical mistake, oversight or omission. To the contrary, the Court's Final Judgment squarely addresses the issue of costs and provides they are borne by the party that incurred them. For the reasons set forth below, Newegg's Motion should be denied.

### II. FACTS

On August 30, 2012, at the culmination of reexamination proceedings involving the '343 patent, the U.S.P.T.O. issued a Final Office Action rejecting the asserted claims for being unpatentable over prior art but allowing additional new and amended claims. *See* Unopposed Motion to Dismiss Newegg and Rosewill (Dkt. No. 719) at 1. On September 20, 2012, in

response to that Final Office Action, AdjustaCam canceled the asserted claims of the '343 patent so that a certificate of reexamination could issue concerning the multiple new and amended claims deemed allowable. *Id*.

AdjustaCam had reasonably sought to dismiss its claims with prejudice against Newegg. However, Newegg unreasonably forced AdjustaCam to file an *opposed* motion to dismiss, essentially contending that this Court should waste its time conducting a trial over infringement and validity of ultimately canceled claims that were no longer being asserted and to which a covenant not to sue had been provided. Dkt. No. 678.  Ultimately, after generating needless motion practice, Newegg belatedly dropped its opposition to AdjustaCam's motion to dismiss. Dkt. No. 719.

Following Newegg's dismissal, it again chose to engage in time consuming motion practice by filing a meritless Motion for Declaration of Exceptional Case.  Dkt. No. 727. Following an oral hearing which took up a significant amount of the Court's time, the Court issued a lengthy and detailed Order denying Newegg's motion. Dkt. No. 761.

Immediately thereafter, the Court entered final judgment ordering that "[a]ll costs are to be borne by the party that incurred them." Final Judgment; Dkt. No. 762, p. 2.

### III. ARGUMENT

Not satisfied that the Court meant what it said in its Final Judgment, Newegg has brought a motion under Rule 60(a) contending that the Court made a "clerical error" or "oversight." Newegg's Motion at 2.  However, Newegg has no basis to contend that anything contained in the Court's Final Judgment was a clerical mistake, oversight or omission.  To the contrary, the Court's Final Judgment squarely addresses the issue of costs and provides they are borne by the party that incurred them.

As Newegg's motion concedes, an award of costs to the prevailing party under Rule 54(d)(1) is not mandatory. Newegg's Motion at 5. *See* Fed. R. Civ. P. 54(d)(1). Indeed, the Fifth Circuit has held that "Fed. R. Civ. P. 54(d) permits the court to exercise its discretion and withhold an award of costs to the prevailing party." *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992). The Fifth Circuit has also recognized that "a wide range of reasons have been invoked to justify withholding costs from the prevailing party." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006). These reasons include: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.*[1]

This Court was well within its discretion to conclude that Newegg's over-aggressive and vexatious opposition to being dismissed and its pursuit of a meritless exceptional case motion, which took up a considerable amount of the Court's time to resolve, was not the conduct befitting a prevailing party who should be awarded costs. Further, as evidenced by this Court's lengthy and detailed explanation of the disputed merits of this case in its Order denying Newegg's motion for exceptional case, Dkt No. 761, this case involved hotly contested, close and difficult legal issues. Finally, Newegg, the second-largest online-only retailer in the United States[2], , had an enormous $2.5BN in revenues in 2011[3], and $2.8BN in revenues in 2012[4]. In

---

[1] Where a court chooses not to award costs, it should state its reasons." *Salley, 966 F.2d at 1017*. Newegg has not raised this as a ground for relief, choosing instead to assume the Court made an inadvertent error. In fact, the Court's denial of costs is sufficiently laid out in its Order denying Newegg's vexatious and meritless Motion for Declaration of Exceptional Case, *see* Final Judgment, Dkt. No. 761 at 2-8, which, due to Newegg's hubris in pressing its meritless position, occupied a considerable amount of the Court's time to resolve.

[2] *See* http://www.forbes.com/lists/2011/21/private-companies-11_Neweggcom_GPM6.html
[3] *Id.*

3

contrast, as Newegg pointed out in its exceptional case motion and as the Court discussed in its Order denying that motion, due largely to declining webcam market, AdjustaCam's licensing revenues have been relatively modest an a miniscule fraction of Newegg's revenues.

While AdjustaCam does not dispute that Newegg is a prevailing party for purposes of recovering costs under Rule 54, as stated above, this is nothing more than a fortuitous outcome for Newegg.[5] In fact, Newegg did not actually prevail on a single issue during the course of the litigation and ultimately received what amounts to a windfall in the form of a dismissal and covenant not to sue, including based on reexamination proceedings that it did not even initiate.

Although Newegg's limited Rule 60(a) motion does not challenge the basis for the Court not awarding costs to Newegg, the above circumstances are more than sufficient to justify the Court's decision not to award such costs, as unequivocally reflected in the Final Judgment.

In sum, Newegg has no factual basis under its limited Rule 60(a) motion to contend that anything contained in the Court's Final Judgment was a clerical mistake, oversight or omission. To the contrary, the Court's Final Judgment squarely addresses the issue of costs and provides they are borne by the party that incurred them.

Finally, Newegg's motion should be denied because it is procedurally defective. Rule 60(a) provides in pertinent part that,

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

---

[4] http://www.forbes.com/sites/ryanmac/2013/06/19/geek-favorite-electronics-retailer-newegg-hatches-new-billionaire-on-rising-sales/.

[5] Newegg's Motion suggests that AdjustaCam somehow agreed to a cost award when it did not challenge the dollar amount of costs sought by Newegg. However, Newegg's suggestion is unfounded. In not challenging the dollar amount of costs sought by Newegg, AdjustaCam still left it to the Court's sound discretion as to whether to award costs, and also as to whether to award costs in any particular amount. *See* Fed.R.Civ.P. 54(d).

At the present time, an appeal of this case has been docketed with the U.S. Court of Appeals for the Federal Circuit. *See* USCA Notice of Docketing at Dkt No. 771. However, Newegg has failed to seek leave from the Federal Circuit for correction of any purported "mistake" in this Court's Final Judgment. However, irrespective of this procedural defect, Newegg's Rule 60(a) motion fails on the merits, which is the most pertinent basis for denying the relief requested.

## IV. CONCLUSION

For the reasons set forth above, AdjustaCam respectfully requests that the Court deny Newegg's meritless Motion to Correct or, in the Alternative, Amend Judgment.


September 23, 2013                              Respectfully submitted,

                                                 /s/ *John J. Edmonds*
                                                John J. Edmonds – LEAD COUNSEL
                                                Texas Bar No. 789758
                                                Stephen F. Schlather
                                                Texas Bar No. 24007993
                                                COLLINS, EDMONDS, POGORZELSKI,
                                                SCHLATHER & TOWER PLLC
                                                1616 S. Voss Road, Suite 125
                                                Houston, Texas 77057
                                                Telephone: (281) 501-3425
                                                Facsimile: (832) 415-2535
                                                jedmonds@cepiplaw.com
                                                sschlather@cepiplaw.com

                                                Andrew W. Spangler
                                                Texas Bar No. 24041960
                                                Spangler Law P.C.
                                                208 N. Green Street, Suite 300
                                                Longview, Texas 75601
                                                (903) 753-9300
                                                (903) 553-0403 (fax)
                                                spangler@spanglerlawpc.com

                                                ATTORNEYS FOR PLAINTIFF
                                                ADJUSTACAM LLC

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

September 23, 2013                      /s/ John J. Edmonds
                                                     John J. Edmonds