# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC, | |
| Plaintiff, | Case No. 6:10-CV-329-LED |
| vs. | |
| AMAZON.COM, INC., ET AL., | JURY TRIAL DEMANDED |
| Defendants. | |

**REPLY IN SUPPORT OF NEWEGG INC., NEWEGG.COM INC., AND ROSEWILL INC.'S OPPOSED MOTION TO CORRECT OR, IN THE ALTERNATIVE, TO AMEND JUDGMENT**

**I.     INTRODUCTION**

The Court's Final Judgment did not include an award of the Newegg Defendants' unopposed taxable costs. As the Newegg Defendants established in their Opening Brief (Dkt. No. 763), this appears to have been due to an oversight or clerical mistake. Accordingly, the Newegg Defendants move for an order correcting the Final Judgment pursuant to Federal Rule of Civil Procedure 60(a) to include their unopposed costs or, in the alternative, for an order amending the Final Judgment pursuant to Rule 59(e) to include those costs.

AdjustaCam's Response (Dkt. No. 773) is nothing more than an untimely and baseless challenge to the Newegg Defendants' Bill of Costs (Dkt. No. 726) – costs that AdjustaCam did not oppose when submitted nearly one year ago. AdjustaCam admits that the Newegg Defendants are the prevailing parties and admits that the costs sought by the Newegg Defendants are reasonable. Despite these admissions, AdjustaCam argues that the Court, in an effort to punish the Newegg Defendants, denied the Newegg Defendants' unopposed costs in their entirety. AdjustaCam cites no evidentiary support for this assertion, and its Response does not even address the proper standards governing the instant motion.

The Court should grant the instant motion and correct or amend the Final Judgment to include an award of taxable costs to the Newegg Defendants in the amount of $8,492.66.

**II.    ARGUMENT**

　　　　A.    <u>The Court Should Correct the Final Judgment Pursuant to Rule 60(a).</u>

In its Opening Brief, the Newegg Defendants established that all three factors courts consider when evaluating Rule 60(a) motion weigh in favor of correcting the Final Judgment in this case. (Br. 4-5.) AdjustaCam does not address any of these factors in its Response, does not address any of the case law cited in the Newegg Defendants' Opening Brief, and attempts to shift the inquiry away from Rule 60(a).

Instead of addressing the proper standard governing the instant motion, Adjustacam argues that the Court denied the Newegg Defendants' unopposed request for costs because the Newegg Defendants allegedly filed an "over-aggressive and vexatious opposition to being dismissed" and a "meritless exceptional case motion." (Resp. 3.) This argument fails for at least three reasons.

First, the Court has yet to address the Newegg Defendants' unopposed Bill of Costs, and there is nothing in the record to suggest that the Court affirmatively denied those costs, let alone denied the costs due to alleged misconduct by the Newegg Defendants. The most logical explanation for the absence of any order from the Court or the Clerk concerning the Newegg Defendants' unopposed request for costs is an oversight or a clerical mistake. Rule 60(a) is the appropriate procedural vehicle for correcting such mistakes.

Second, AdjustaCam misrepresents the facts and overstates the record. The Newegg Defendants ***did not oppose*** AdjustaCam's Motion to Dismiss (Dkt. No. 719), filed on September 27, 2012. To be sure, because they were given a defective covenant not to sue, the Newegg Defendants opposed an earlier attempt by AdjustaCam to dismiss this case (*see* Dkt. Nos. 678, 699). The Newegg Defendants did not "drop" their opposition to the defective motion, as AdjustaCam argues. (Resp. 2.) Rather, AdjustaCam remedied its defective covenant not to sue in its reply brief (Dkt. No. 707) and then cancelled the asserted patent claims during reexamination before the USPTO to facilitate what AdjustaCam admits was an ***unopposed*** dismissal of this case. (Resp. 1.) The fact that AdjustaCam took these measures after receiving the Newegg Defendants' opposition (Dkt. No. 699) undermines AdjustaCam's argument that the opposition was "over-aggressive and vexatious."

Third, although the Court denied the Newegg Defendants' Exceptional Case Motion, there is nothing in the Court's Order denying that motion (Dkt. 761) to suggest that the motion was "meritless." If that motion were so meritless as to justify a complete denial of the Newegg Defendants' unopposed costs, surely the Court would have said so in its Order.

Finally, AdjustaCam's attempt to evade responsibility for the Newegg Defendants' unopposed costs based on an alleged "procedural defect" also fails. (Resp. 4-5.) AdjustaCam filed the instant motion on September 5, 2013—more than two weeks before the appeals in this matter were docketed (Dkt. Nos. 770-773). Thus, the instant motion is not "procedurally defective." While Rule 60(a) does require the appellate court's leave to correct a clerical mistake once an appeal has been docketed, Rule 59(e), the alternative basis for the instant motion, does not. In any event, the Newegg Defendants have notified the Court of Appeals of the Federal Circuit that the instant motion is pending and that the appeal should be deactivated pending the outcome of the instant motion.[1] A true and correct copy of that notice is attached as Exhibit 1. Therefore, the Court may correct the Final Judgment pursuant to Rule 60(a).

    B.    <u>In the Alternative, the Court Should Amend the Final Judgment Pursuant to Rule 59(e).</u>

In its Opening Brief, the Newegg Defendants demonstrated that the Court may alter or amend the Final Judgment pursuant to Rule 59(e) to the extent that the Newegg Defendants' unopposed costs were excluded from the Final Judgment for a reason other than an omission, oversight, or clerical error. (Br. 5.) AdjustaCam's Response makes no mention of Rule 59(e), and AdjustaCam does not challenge the Court's authority to amend the Final Judgment pursuant

---

[1] The instant motion is a post-judgment motion listed in Federal Rule of Appellate Procedure 4(a)(4)(A). Thus, the notices of appeal filed in this matter become effective when the order granting or denying this motion is entered. FRAP 4(a)(4)(B)(i).

to Rule 59(e).  Therefore, the Court should amend the Final Judgment pursuant to Rule 59(e) to include an award of the Newegg Defendants' unopposed costs if those costs were excluded from the Final Judgment for a reason other than an omission, oversight, or clerical error.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant the instant motion and correct or amend the Final Judgment to include an award of taxable costs to the Newegg Defendants in the amount of $8,492.66.

DATED THIS 1st day of October, 2013.

PARSONS BEHLE & LATIMER


By  /s/ Dana M. Herberholz
   John N. Zarian (*Admitted E.D. Texas*)
   Dana M. Herberholz (*Admitted E.D. Texas*)
   960 Broadway, Suite 250
   Boise, Idaho 83706
   Telephone:  (208) 562-4900
   Facsimile:  (208) 562-4901
   E-mail:  jzarian@parsonsbehle.com
            dherberholz@parsonsbehle.com

YARBROUGH WILCOX GUNTER, PLLC
   Trey Yarbrough, State Bar No. 22133500
   Debby E. Gunter, State Bar No. 24012752
   100 E. Ferguson Street, Ste. 1015
   Tyler, Texas 75702
   Telephone:  (903) 595-3111
   Facsimile:  (903) 595-0191
   E-mail:  trey@yw-lawfirm.com
            debby@yw-lawfirm.com

Attorneys For Defendants
Newegg Inc., Newegg.com Inc., and Rosewill, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that all counsel of record who are deemed to have consented to electronic service are being served this 1st day of October, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

*/s/ Dana M. Herberholz*
Dana M. Herberholz