IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADJUSTACAM LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., ET AL., <br><br> Defendants. | NO. 6:10-cv-329-LED <br><br> JURY TRIAL DEMANDED |

### ADJUSTACAM'S SUR-REPLY IN OPPOSITION TO NEWEGG'S MOTION TO CORRECT OR, IN THE ALTERNATIVE, TO AMEND JUDGMENT

Plaintiff, AdjustaCam LLC ("AdjustaCam") hereby files this Sur-Reply in opposition to Defendants Newegg Inc.'s, Newegg.com Inc.'s and Rosewill Inc.'s (collectively "Newegg") Motion to Correct or, in the Alternative, to Amend Judgment as follows:

**I.  INTRODUCTION**

Newegg seems incapable of understanding that the Court, in its discretion, withheld an award of costs, as the law permits. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006); Fed. R. Civ. P. 54(d). Instead, Newegg continues to make unsupported assumptions in asserting that the Court's clear Final Judgment must have been a clerical mistake, oversight or omission. It is undisputed that the Court's Final Judgment squarely addresses the issue of costs and provides they are "borne by the party that incurred them." Dkt. No. 762, p.2. For the reasons set forth in AdjustaCam's Response and below, Newegg's Motion should be denied.

**II.  ARGUMENT**

   a.  <u>There is no mistake to correct under Rule 60(a).</u>

Newegg's argument that "AdjustaCam does not address any of these factors in its Response" is mistaken. Newegg's Reply at Pg. 1. The Fifth Circuit considers three factors when

evaluating whether a mistake can be corrected under Rule 60(a): "(1) the nature of the **_mistake_**; (2) the district court's intent in entering the original judgment; and (3) the effect of the correction on the parties' substantial rights." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011). As stated in AdjustaCam's Response, Newegg has failed to show that a **_mistake_** was made by the Court that requires correction under Rule 60(a), and the Court's intention is clear from its Judgment providing that costs are "borne by the party that incurred them."

An award of costs to the prevailing party under Rule 54(d)(1) is not mandatory. Newegg's Motion at 5. *See* Fed. R. Civ. P. 54(d)(1). Indeed, the Fifth Circuit has held that "Fed. R. Civ. P. 54(d) **permits the court to exercise its discretion** and withhold an award of costs." *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) (emphasis added). The Fifth Circuit has also recognized that "a wide range of reasons have been invoked to justify withholding costs." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006). Contrary to Newegg's assumptions, the clear explanation for the absence of any order concerning the Newegg's request for costs is that the Court exercised its discretion not to award them. This is not a situation where a judgment is silent as to costs leaving a court's intentions ambiguous. The Court's Final Judgment squarely addresses the issue of costs and affirmatively denies them by providing that they are borne by the party that incurred them. No mistake was made.

Contrary to Newegg's allegations, AdjustaCam has not misrepresented the facts or overstated the record. *See* Newegg's Motion at Pg. 2-3. As stated previously, Newegg unreasonably forced AdjustaCam to file an *opposed* motion to dismiss, essentially contending that this Court should waste its time conducting a trial over infringement and validity of ultimately canceled claims that were no longer being asserted and to which a covenant not to sue had been provided. Dkt. No. 678. Although AdjustaCam had provided a valid covenant not to

sue, Newegg, exercising its well publicized and boasted vexatious and over-aggressive litigation tactics, demanded changes that were neither required nor supported in fact or law. In an effort to appease an unreasonable Newegg, and to save the Court's precious resources, AdjustaCam conceded to most of Newegg's puzzling demands and amended its covenant not to sue. Ultimately, after generating needless motion practice, Newegg belatedly dropped its opposition to AdjustaCam's motion to dismiss.  Dkt. No. 719.

Even following its dismissal, Newegg – again exercising its well publicized and boasted vexatious and over-aggressive litigation tactics -- continued to engage in time consuming, unnecessary motion practice by filing a meritless Motion for Declaration of Exceptional Case. Dkt. No. 727.  Following an oral hearing which took up a significant amount of the Court's time, the Court issued a *lengthy and detailed* Order denying Newegg's motion. Dkt. No. 761. This unnecessary waste of the Court's resources by Newegg alone was justification for denying an award of costs.

Newegg's Reply does not challenge the basis for the Court not awarding costs to Newegg but merely recites unsupported and conclusory assumptions that the Court must have somehow overlooked Newegg's motion for costs when it unambiguously ordered that each party would bear its own costs.  However, the Court was well within its discretion to conclude that Newegg's over-aggressive and vexatious opposition to being dismissed and its pursuit of a meritless exceptional case motion, which took up a considerable amount of the Court's time to resolve, was not the conduct befitting a prevailing party who should be awarded costs. Further, Newegg did not actually prevail on a single issue during the course of the litigation and ultimately received what amounts to a windfall in the form of a dismissal and covenant not to sue, including based on reexamination proceedings that it did not even initiate.

Most importantly, the Court unequivocally denied a cost award in its Final Judgment. Newegg's Motion should be denied.

    b. <u>Newegg's Rule 59(e) Motion should also be denied.</u>

As a mere afterthought, Newegg requests in the alternative that the Court Amend its Judgment under Fed. R. Civ. P. 59 (e). However, for the same reasons as above, Newegg's Motion should be denied. Rule 59(e) "serve[s] the *narrow* purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted) (emphasis added). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D.La.2000) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed.1995)). Newegg has failed to show that there is a "manifest error of law or fact." The only thing Newegg has shown is the Court denied its motion for costs – something that the Court has discretion to do.

Newegg has only offered mere speculation as to why the Court did not award the relief it requested. However, as stated above, it is within the Court's authority to not award costs and it unequivocally reflected its decision in the Final Judgment. Newegg's Rule 59(e) Motion should also be denied.

### III. CONCLUSION

For the reasons set forth above, AdjustaCam respectfully requests that the Court deny Newegg's meritless Motion to Correct or, in the Alternative, Amend Judgment.

| | |
|---|---|
| October 11, 2013 | Respectfully submitted, |
| | /s/ *John J. Edmonds* |
| | John J. Edmonds – LEAD COUNSEL |
| | Texas Bar No. 789758 |
| | Stephen F. Schlather |
| | Texas Bar No. 24007993 |
| | COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER PLLC |
| | 1616 S. Voss Road, Suite 125 |
| | Houston, Texas 77057 |
| | Telephone: (281) 501-3425 |
| | Facsimile: (832) 415-2535 |
| | jedmonds@cepiplaw.com |
| | sschlather@cepiplaw.com |
| | |
| | Andrew W. Spangler |
| | Texas Bar No. 24041960 |
| | Spangler Law P.C. |
| | 208 N. Green Street, Suite 300 |
| | Longview, Texas 75601 |
| | (903) 753-9300 |
| | (903) 553-0403 (fax) |
| | spangler@spanglerlawpc.com |
| | |
| | ATTORNEYS FOR PLAINTIFF ADJUSTACAM LLC |

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

| | |
|---|---|
| October 11, 2013 | /s/ *John J. Edmonds* |
| | John J. Edmonds |