IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ADJUSTACAM LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 6:10-cv-00329-JRG |
| | § | |
| **AMAZON.COM, INC., et al.,** | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is Defendants Newegg Inc., Newegg.com, and Rosewill, Inc.'s (collectively, "Newegg") Renewed Motion for Declaration of Exceptional Case and Award of Fees and Nontaxable Expenses (Dkt. No. 792). Also before the Court is Defendant Sakar International, Inc.'s ("Sakar") Opposed Motion for Declaration of Exceptional Case and Award of Fees and Nontaxable Expenses (Dkt. No. 793). The Court heard argument on these matters on January 26, 2016. For the reasons set forth below, Newegg and Sakar's Motions are **DENIED**.

I.  BACKGROUND

In 2010, AdjustaCam, LLC ("AdjustaCam") filed suit against 58 defendants alleging infringement of U.S. Patent No. 5,855,343 ("the '343 Patent"). The '343 Patent, titled "Camera Clip," relates to a clip for supporting and protecting a portable camera. While AdjustaCam dismissed its claims against a majority of defendants prior to the Court's April 2012 *Markman* order, its case against multiple defendants, including Newegg and Sakar, continued beyond claim construction. Ultimately, AdjustaCam dismissed or settled with all defendants before trial.[1] On October 11, 2012, Newegg filed a Motion for Declaration of Exceptional Case seeking recovery

---

[1] Both Newegg and Sakar initially opposed AdjustaCam's attempts to dismiss them (Dkt. No. 678; Dkt. No. 721), but each defendant eventually agreed to be dismissed and preserved their rights to seek costs and attorney fees (Dkt. No. 719; Dkt. No. 744).

1

of its attorneys' fees, expert witness fees, and costs. (Dkt. No. 727.) On January 16, 2013, Sakar filed a similar motion. (Dkt. No. 748.) The Court held a hearing on both motions[2] and subsequently denied them, declining to find the case "exceptional" under 35 U.S.C. § 285. (Dkt. No. 761.)

Newegg and Sakar appealed the Court's denial of "exceptional case" status. (Dkt. No. 764; Dkt. No. 768.) Exactly two years after Newegg's notice of appeal, the Federal Circuit remanded the case for reconsideration to "afford the district court an opportunity to apply an intervening change in the law . . . in light of the Supreme Court's recent clarification of the 'exceptional case' standard." (Dkt. No. 786-1.)[3]

## II.     LEGAL STANDARD

35 U.S.C. § 285 provides:

The court in exceptional cases may award reasonable attorney fees to the prevailing party.

In 2013, the Court applied the then prevailing *Brooks Furniture* standard to determine whether AdjustaCam's case against Newegg and Sakar was "exceptional" under § 285. *Brooks Furniture Mfg. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005). That standard provided that "[a] case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." *Id.* at 1381. Absent litigation misconduct or misconduct in securing the patent, *Brooks Furniture* allowed sanctions to be

---

[2] The Court found that Newegg and Sakar's motions presented "nearly identical arguments" as to exceptionality. (Dkt. No. 761 at 2.)

[3] At the time this case was filed, when the parties were dismissed, and at the time the § 285 motions were originally heard and decided, this case was assigned to Judge Leonard E. Davis, who has since retired from the bench. After the Federal Circuit's remand and Judge Davis' retirement, this case was assigned to the undersigned.

imposed against the patentee "only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Id.* This standard also required a litigant to prove exceptionality by clear and convincing evidence. *Id.* at 1282.

In 2014, the Supreme Court decided *Octane Fitness*, which changed the standard for determining whether a case is "exceptional" under § 285. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). The Supreme Court found that the *Brooks Furniture* framework was "unduly rigid," as it impermissibly encumbered "the statutory grant of discretion to district courts." *Id.* at 1755. The Supreme Court then held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 1756. A party must now prove entitlement to attorney fees by a preponderance of the evidence. *Id.* at 1758.

The Federal Circuit recently acknowledged (post-*Octane Fitness*) the discretion afforded to district courts evaluating attorney fee awards under § 285 in *Site Update Solutions*. *See Site Update Sols., LLC v. CBS Corp.*, No. 2015-1448, 2016 WL 380119 (Fed. Cir. Feb. 1, 2016). In that case, the Federal Circuit affirmed a district court's second denial[4] of attorney fees under § 285, recognizing that "the district court ruled from a position of great familiarity with the case and the conduct of the parties, and it determined that Site Update's tactical blunders and mistakes do not warrant fees under 35 U.S.C. § 285." *Id.* at *2. The Federal Circuit noted that "[t]he new *Octane Fitness* standard for an exceptional case applies both ways: discretion is entitled to a

---

[4] It is worth noting that Newegg was also a defendant in that case, in which the district court first denied Newegg's motion for attorney's fees under the *Brooks Furniture* standard and then denied Newegg's motion for attorney's fees again on remand under the *Octane Fitness* standard. *Site Update Sols.*, 2016 WL 380119, at *1.

3

district court's findings that § 285 attorney's fees are not applicable, as much as discretion is owed to findings that they are applicable. As the Supreme Court explained, matters of attorney's fees, and the effective contours illuminating this area, are committed to the sound discretion of the trial court." *Id.*

### III. ARGUMENT AND ANALYSIS

#### 1. The Parties' Arguments

In support of their motions for declaration of an exceptional case, Newegg and Sakar make four primary arguments. First, they argue that AdjustaCam's infringement allegations were inherently baseless and that AdjustaCam demonstrated bad faith by maintaining its infringement allegations after the Court issued its *Markman* Order.[5] (Dkt. No. 792 at 3–7; Dkt. No. 793 at 8–12.) Second, they allege that AdjustaCam's invalidity arguments were frivolous. (Dkt. No. 792 at 7–8; Dkt. No. 793 at 13–14.) Third, they contend that AdjustaCam brought the lawsuit in bad faith with the goal of avoiding trial and obtaining nuisance-value settlements. (Dkt. No. 792 at 8–12; Dkt. No. 793 at 4–8, 15.) Fourth, and finally, they allege that AdjustaCam engaged in various forms of litigation misconduct, including manufacturing a sham target royalty, abandoning its case to avoid losing on the merits, and serving an untimely infringement report. (Dkt. No. 792 at 9–11, 12; Dkt. No. 793 at 6–7, 12.) Additionally, Sakar argues that AdjustaCam violated FRCP 11, providing an independent justification for awarding fees. (Dkt. No. 793 at 15–18.)

In response, AdjustaCam argues that its infringement positions were reasonable and entirely consistent with the Court's claim constructions. (Dkt. No. 796 at 10–12.) AdjustaCam

---

[5] In its *Markman* Order, the Court defined "rotatably attached" as "limited to a single axis of rotation." (Dkt. No. 627 at 10.) Defendants argue that their products utilize a ball-and-socket joint that facilitates rotation upon multiple axes, rather than a single axis, and thus their products could not possibly meet the "rotatably attached" claim limitation to infringe the '343 Patent. (Dkt. No. 792 at 4; Dkt. No.793 at 8.) Plaintiff argues that the accused products of Defendants utilize a "modified ball and socket joint" that would arguably fall within the Court's construction. (Dkt. No. 796 at 10–11.)

also argues that its validity arguments were meritorious. (*Id.* at 16–19.) Moreover, AdjustaCam asserts that it did not bring suit in bad faith to extract low settlements, as its settlement amounts were directly related to its target royalty rate supported by its damages expert. (*Id.* at 12–16.) AdjustaCam states that it properly dismissed Newegg and Sakar for strategic reasons and disputes that it served an untimely expert report. (Dkt. No. 796 at 20–22; Dkt. No. 797 at 4–6, 19.) Finally, AdjustaCam asserts no FRCP 11 violations occurred. (Dkt. No. at 797 23–25.)

**2.    The Court's Analysis**

Although the standard for evaluating exceptionality under § 285 has changed, the Court finds that the facts of the case themselves remain the same as when the Court originally denied Newegg and Sakar's requests for fees. Further, the Court's in-person evaluations of the parties' motives and state of mind stemming from those facts, as also set forth in Judge Davis' original denial, should be given due weight and credence if the recognition of "great familiarity with the case and the conduct of the parties" is to have a reliable meaning. *See Site Update Sols.*, 2016 WL 380119, at *2. Judge Davis' factual determinations and in-person evaluations include the following: (1) the constrained ball-and-socket joint could meet the claim limitation which requires the hinge member being rotatably attached to the camera in a single axis of rotation (Dkt. No. 761 at 3); (2) since one could reasonably argue Defendants' products meet the "rotatably attached" limitation, AdjustaCam's infringement theories are not objectively baseless (*Id.*); (3) there is no other evidence that AdjustaCam was merely exploiting the high cost of defending a patent case to obtain a nuisance value settlement, therefore AdjustaCam did not act in bad faith in bringing this action (*Id.* at 4); (4) Defendants have failed to prove AdjustaCam acted inappropriately in this case (*Id.* at 5); (5) AdjustaCam's continued assertion of its infringement claims post-*Markman* do not amount to litigation misconduct (*Id.*); (6) Defendants

have also failed to demonstrate that AdjustaCam's validity arguments were baseless (*Id.*); (7) Defendants contend AdjustaCam committed litigation misconduct by dragging out the co-pending reexamination proceedings of the '343 Patent with meritless validity arguments . . . a review of the reexamination proceedings demonstrates there was no delay attributable to the patent owner (*Id.*); (8) in the absence of any other dubious behavior, there is no reason to find AdjustaCam acted inappropriately [regarding the expert report] (*Id.* at 6); (9) while Defendants may disagree with AdjustaCam's methodology of calculating damages, there is no evidence this theory was so outrageous and unreliable to support an award of attorney fees (*Id.*); (10) Sakar has failed to demonstrate AdjustaCam violated FRCP 11 any time during this action (*Id.* at 7); and (11) there is evidence that AdjustaCam's outside counsel did review the claims of the '343 Patent, interpreted the asserted patent claims and compared the accused products to those asserted claims prior to filing the action against Sakar (*Id.* at 8). These fact-based assessments address and counter each of Newegg and Sakar's arguments. Having considered the totality of the circumstances, as reflected in the record and affording due weight to the previous in-person evaluations announced by Judge Davis from his unique posture of having lived with this case and these parties, the Court concludes that this is not an "exceptional" case under § 285.[6]

The determination of whether a case is "exceptional" under § 285 necessarily involves intangible elements uniquely available to the district court that has lived with the case for a period of months or years. After a careful review of the entirety of the record, as well as the parties' arguments and additional briefing, the Court, in an exercise of its statutory grant of

---

[6] In its order remanding for reconsideration, the Federal Circuit declared that it would not substitute its judgment for that of the district court, but then commented in a footnote that "Newegg and Sakar's arguments appear to have significant merit, particularly their argument that AdjustaCam's continued pursuit of its infringement claims after the district court construed the claim term 'rotatably attached' was baseless." (Dkt. No. 786-1 at 7–8.) This Court has endeavored not to circumvent by hindsight the judgments and in-person evaluations that the trial judge who dealt with this case in the courtroom arena was best positioned to have made, considering both the facts as well as the unavoidable human intangibles that "a totality of the circumstances" contemplates.

discretion, does not find that AdjustaCam's infringement and validity arguments were so weak, or its litigation conduct so poor, as to make this case stand out from others. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

### IV. CONCLUSION

For the reasons set forth above, the Court finds and holds that Newegg's Renewed Motion for Declaration of Exceptional Case and Award of Fees and Nontaxable Expenses (Dkt. No. 792) and Sakar's Opposed Motion for Declaration of Exceptional Case and Award of Fees and Nontaxable Expenses (Dkt. No. 793) should be and are hereby **DENIED**.

**So ORDERED and SIGNED this 28th day of March, 2016.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE