# United States Court of Appeals for the Federal Circuit

————————————

**ADJUSTACAM, LLC,**
*Plaintiff-Appellee*

**v.**

**NEWEGG, INC., NEWEGG.COM, INC.,
ROSEWILL, INC.,**
*Defendants-Appellants*

**SAKAR INTERNATIONAL, INC.,**
*Defendant*

————————————

2016-1882

————————————

Appeal from the United States District Court for the Eastern District of Texas in No. 6:10-cv-00329-JRG, Judge J. Rodney Gilstrap.

————————————

Decided: July 5, 2017

————————————

JOHN J. EDMONDS, Collins, Edmonds, Pogorzelski, Schlather & Tower PLLC, Houston, TX, argued for plaintiff-appellee. Also represented by SHEA NEAL PALAVAN, STEPHEN F. SCHLATHER.

MARK A. LEMLEY, Durie Tangri LLP, San Francisco, CA, argued for defendants-appellants. Also represented by KENT E. BALDAUF, JR., DANIEL H. BREAN, BRYAN P.

2                      ADJUSTACAM, LLC v. NEWEGG, INC.

CLARK, The Webb Law Firm, Pittsburgh, PA; RICHARD
GREGORY FRENKEL, Latham & Watkins LLP, Menlo Park,
CA.

_____

Before REYNA, MAYER, and HUGHES, *Circuit Judges.*

REYNA, *Circuit Judge.*

AdjustaCam sued Newegg and dozens of other de-
fendants for patent infringement.  Although AdjustaCam
voluntarily dismissed most defendants early in the litiga-
tion, it continued to litigate against Newegg, including
through a *Markman* order and extended expert discovery.
Just before summary judgment briefing, AdjustaCam
voluntarily dismissed its infringement claims against
Newegg with prejudice.  Newegg then filed a motion for
attorneys' fees.  The district court denied Newegg's mo-
tion, and Newegg appealed to this court.  We remanded to
the district court in light of intervening Supreme Court
precedent.  On remand, the district court again denied
Newegg's motion for fees.  Newegg then filed this appeal.
Because the district court erred in denying Newegg's
motion, we reverse.

BACKGROUND

A.  The '343 Patent

AdjustaCam, LLC is the exclusive licensee of U.S. Pa-
tent No. 5,855,343 ("'343 patent"), which issued in 1999
and is entitled "Camera Clip."  The '343 patent discloses a
camera clip that supports a camera both on a flat surface
and when attached to a computer monitor.  The '343
patent includes a figure of the camera clip:



ADJUSTACAM, LLC v. NEWEGG, INC. 3

J.A. 164. Claim 1 of the '343 patent provides:

1. Apparatus for supporting a camera, having a lens, on any generally horizontal, substantially planar surface and on an object having a first surface and a second surface and an edge intersecting the first surface and the second surface, comprising:

a. a hinge member adapted to be *rotatably attached* to the camera, said camera, when the hinge member is so attached, *rotating, about a first axis of rotation*, relative to said hinge member; and

b. a support frame *rotatably attached* to said hinge member and configured to support said hinge member on the surface and the object, said hinge member *rotating about a second axis of rotation* relative to said support frame, said first axis of rotation being generally perpendicular to said second axis of rotation, said second axis of rotation being substantially parallel to the first surface when said hinge member is supported on the object, said support frame having a first disposition positioned on said generally horizontal, substantially planar surface, and said support frame having a second disposition attached to the object when said first surface and said second surface are inclined from a generally horizontal orientation, the camera being maintained adjacent said edge in said second disposition of said support frame.

J.A. 169–170 (col. 6 l. 49–col. 7 l. 6) (relevant terms emphasized).

4                      ADJUSTACAM, LLC v. NEWEGG, INC.

### B.   Newegg's Accused Products

Unlike the invention disclosed in the '343 patent, Newegg's accused products use a ball-and-socket joint, which facilitates rotation about multiple axes. *See* J.A. 6. In its original order denying Newegg's motion for fees, the district court noted that "the products do not have a pure ball-and-socket joint but rather a modified ball-and-socket joint with a channel that restricts movement." *Id.* Thus, although Newegg's products are constrained in some movements, they still allow rotation about more than one axis. The district court never found that Newegg's products rotate about a single axis.

### C.   District Court Litigation

In July 2010, AdjustaCam sued Newegg, Inc., Newegg.com, Inc., and Rosewill, Inc. (collectively, "Newegg") and dozens of other defendants for infringement of the '343 patent. AdjustaCam moved to dismiss most defendants from the litigation prior to claim construction. Many defendants settled for far less than the cost of litigation. *See* J.A. 6–7.

Almost two years later, in April 2012, the district court held a *Markman* hearing followed by the issuance of a *Markman* order. The court determined that "the 'rotatably attached' terms do not require construction beyond what is contained in the claims." J.A. 22. Nonetheless, it concluded the '343 patent claims describe "rotatably attached" objects as rotating over a single axis. J.A. 20. The *Markman* order explained that "every reference to a 'rotatably attached' object in the specification and claims describes the attachment as permitting motion over a single axis of rotation," and "[t]he claims plainly describe each 'rotatably attached' object as rotating about a single axis." J.A. 21–22.

Shortly after the *Markman* order, AdjustaCam settled with more defendants. However, AdjustaCam continued

ADJUSTACAM, LLC v. NEWEGG, INC.                    5

to press its case against Newegg.  The case proceeded into expert discovery.

In September 2012, just prior to summary judgment briefing, AdjustaCam moved to dismiss with prejudice its claims against Newegg, contingent on Newegg's right to seek fees after dismissal.  In October 2012, Newegg moved for a declaration of exceptional case under 35 U.S.C. § 285 and an award of fees.  Newegg argued that this case is exceptional because AdjustaCam brought an objectively baseless lawsuit in bad faith.  J.A. 1779.  According to Newegg, AdjustaCam brought the case simply to extract nuisance-value settlements unrelated to the merits and far below the costs of defense.  *Id.*  Newegg further contended that AdjustaCam had no reasonable expectation of success on its infringement claims against Newegg, particularly after the district court's *Markman* order.  *Id.*  Newegg argued that even after the *Markman* order, AdjustaCam pressed its frivolous infringement claims, continued to demand a nuisance settlement, and prolonged the litigation in bad faith.  *Id.*

Specifically, Newegg pointed out that its allegedly infringing products use ball-and-socket joints.  J.A. 1786.  Comparing Newegg's ball-and-socket products to the '343 patent claims demonstrates the spurious nature of AdjustaCam's infringement allegations.  *Id.*  And, according to Newegg, the district court's *Markman* order makes AdjustaCam's position even more untenable.  AdjustaCam's infringement allegations against Newegg, therefore, were objectively baseless.  *Id.*  Finally, Newegg accused AdjustaCam of serving a substantively different "supplemental" infringement report the day of its in-

fringement expert's deposition, without explaining the delay.  J.A. 8; *see also* J.A. 1789.[1]

The district court denied Newegg's motion.  The court wrote that "[i]f the ball and socket joint truly restricts the range of movement such that it cannot rotate about multiple axes, the constrained ball and socket joint could meet the claim limitation which requires the hinge member being rotatably attached to the camera in a single axis of rotation."  J.A. 6.  "Since one could reasonably argue [Newegg's] products meet the 'rotatably attached' limitation, AdjustaCam's infringement theories are not objectively baseless."  *Id.*  Thus, the court found that "AdjustaCam's continued assertion of its infringement claims post-*Markman* do not amount to litigation misconduct."  J.A. 8.

The court further concluded that the action was not brought in bad faith or for an improper purpose.  *Id.*  It explained that although AdjustaCam asserted relatively low damages against many defendants, patent infringement cases do not contain a "minimum damages requirement."  J.A. 7.  The court discerned "no other evidence" aside from low settlement amounts that AdjustaCam filed the suit solely to collect nuisance-value settlements.  *Id.*  The court also rejected Newegg's argument that AdjustaCam's per-unit settlement amounts were so varied (between $0.10 per unit and $161.29 per unit) that "AdjustaCam's royalty was simply 'bogus.'"  J.A. 9.  Newegg might disagree with AdjustaCam's damages calculations, but the district court found "no evidence" that AdjustaCam's methodology "was so outrageous and unreliable to support an award of attorney fees."  *Id.*

---

[1]    Newegg spent over $350,000 in attorneys' fees and expert fees to defend the lawsuit and file its motion for fees.  J.A. 3808.

Finally, the court determined that Newegg "failed to prove AdjustaCam acted inappropriately in this case." J.A. 8. It credited AdjustaCam's explanation that it inadvertently served a draft expert report to Newegg, and that AdjustaCam served a last-minute supplemental expert report because it did not realize its mistake until the day of its expert's deposition. J.A. 8–9. "In the absence of any other dubious behavior," the court wrote, "there is no reason to find AdjustaCam acted inappropriately here." J.A. 9.

## D.   First Appeal

In September 2013, Newegg appealed the district court's denial of its motion for fees. In April 2014, the Supreme Court issued its decision in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) (clarifying what constitutes an "exceptional" case under § 285). Soon thereafter, we remanded the case back to the district court for reconsideration in light of *Octane*. *See AdjustaCam, LLC v. Newegg, Inc.*, 626 F. App'x 987, 991 (Fed. Cir. 2015) ("*Remand Order*"). In that order, we noted that *Octane* "did not simply relax the standard under § 285. It substantially changed the analysis." *Id.* at 990. We declined to substitute our judgment for that of the district court in applying these new standards and afforded the district court an opportunity to evaluate whether this case is "exceptional" under the new *Octane* standard. *Id.* at 991. We also noted that Newegg's "arguments appear to have significant merit, particularly [its] argument that AdjustaCam's continued pursuit of its infringement claims after the district court construed the claim term 'rotatably attached' was baseless." *Id.* at 991 n.2.

## E.   Proceedings On Remand

Upon remand, the case was reassigned to a new district court judge due to the original judge's retirement. The new judge allowed re-briefing on the § 285 issue

under *Octane*.   In January 2016, AdjustaCam filed a
response to Newegg's renewed motion for fees that con-
tained a supplemental report by AdjustaCam's expert,
Dr. Muskivitch. J.A. 3937–75. AdjustaCam concedes that
the supplemental report contains infringement arguments
not raised before the original judge.    At the January 26,
2016 oral argument, AdjustaCam explained that "after
the fact, Newegg . . . really attacked this issue [of single-
axis rotation], and so there really wasn't that much of a
record for it in front of [the first district judge] and ulti-
mately the Federal Circuit.   So we supplemented that
record with . . . declarations to try and provide some
additional explanation."   J.A. 4312; *see also* J.A. 4313
(AdjustaCam arguing that the supplemental Muskivitch
declaration provided "more reasoned explanations" and
"tried to sum things up").

   In a March 2016 order, the district court wrote that
"[a]lthough the standard for evaluating exceptionality
under § 285 has changed, . . . the facts of the case them-
selves remain the same" as when the previous judge
initially rejected Newegg's fee request.  J.A. 1_5.  The
court went on to summarize 11 separate factual findings
from the original judge's opinion. J.A. 1_5–1_6. One such
finding was that AdjustaCam's methodology of calculating
damages was not "so outrageous and unreliable to support
an award of attorney fees."   J.A. 1_6.   The court stated
that "[t]he determination of whether a case is 'exceptional'
under § 285 necessarily involves intangible elements
uniquely available to the district court that has lived with
the case for a period of months or years."  *Id.*  It acknowl-
edged that a Federal Circuit panel found "significant
merit" in Newegg's argument.  *Id.* n.6.  The court, howev-
er, wrote that it "endeavored not to circumvent by hind-
sight the judgments and in-person evaluations that the
trial judge who dealt with this case in the courtroom
arena was best positioned to have made, considering both
the facts as well as the unavoidable human intangibles

that 'a totality of the circumstances' contemplates." *Id.* It concluded that AdjustaCam's infringement and validity arguments were not so weak, or its litigation conduct so poor, to constitute an exceptional case. J.A. 1_7. On this basis, the district court denied Newegg's motion for fees.

Newegg timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

### A.  Standard Of Review

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. We review for abuse of discretion the denial of attorneys' fees under § 285. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1747 (2014). We also review for abuse of discretion a district court's use of its inherent authority to award or deny expert fees. *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012). The Supreme Court has noted that § 285 "imposes one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: [t]he power is reserved for 'exceptional' cases." *Octane*, 134 S. Ct. at 1755–56. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756.

Despite this considerable latitude in making fees determinations, an appellate court may correct a district court's legal or factual error. *Highmark*, 134 S. Ct. at 1748 n.2. A district court abuses its discretion when its ruling rests on an erroneous legal conclusion or on a clearly erroneous assessment of the evidence. *Id.*; *see also Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 639 (Fed. Cir. 2015). The court also abuses its discretion when it

makes a "'clear error of judgment in weighing relevant factors.'" *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017) (quoting *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d 1374, 1377 (Fed. Cir. 1998)).

### B. The District Court Abused Its Discretion

We hold that the district court abused its discretion by not awarding fees to Newegg for two independent reasons: (1) it failed to follow our mandate on remand; and (2) its decision was based on "a clearly erroneous assessment of the evidence." *Highmark*, 134 S. Ct. at 1748 n.2. We recognize the deference owed to district courts in deciding fees motions. *See Univ. of Utah v. Max-Planck-Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317 (Fed. Cir. 2017) (affirming decision not to award fees); *Bayer*, 851 F.3d at 1303 (affirming decision to award fees). Deference, however, is not absolute. *Apple*, 809 F.3d at 639; *see also Highmark*, 134 S. Ct. at 1748 n.2; *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, __ F.3d __, 2017 WL 2407853 (Fed. Cir. June 5, 2017) (reversing fee award); *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, __ F.3d __, 2017 WL 2407870 (Fed. Cir. June 5, 2017) (reversing decision not to award fees). When a district court bases its decision on a clearly erroneous view of the evidence, as it did here, the court abuses its discretion in denying fees.

### 1. Failure To Follow Mandate

The district court erred by ignoring our mandate "to evaluate whether this case is 'exceptional' under the totality of the circumstances and a lower burden of proof" in the first instance. *Remand Order*, 626 F. App'x at 991. Instead of engaging in an independent analysis, the district court adopted the previous judge's factual findings wholesale. *See* J.A. 1_5–1_6. The entirety of the court's analysis based on those adopted fact-findings consists of three sentences:

> Having considered the totality of the circumstances, as reflected in the record and affording due weight to the previous in-person evaluations announced by [the previous judge] from his unique posture of having lived with this case and these parties, the Court concludes that this is not an "exceptional" case under § 285.   The determination of whether a case is "exceptional" under § 285 necessarily involves intangible elements uniquely available to the district court that has lived with the case for a period of months or years.   After a careful review of the entirety of the record, as well as the parties' arguments and additional briefing, the Court, in an exercise of its statutory grant of discretion, does not find that AdjustaCam's infringement and validity arguments were so weak, or its litigation conduct so poor, as to make this case stand out from others.

J.A. 1_6.

Based on the circumstances presented here, the wholesale reliance on the previous judge's factfinding was an abuse of discretion.   The court apparently felt constrained by its lack of "in-person evaluations that the trial judge who dealt with this case in the courtroom arena was best positioned to have made."   J.A. 1_6 n.6.   But the court allowed additional briefing and held an oral argument; therefore, it had first-hand knowledge and in-person experience with the parties.   Moreover, AdjustaCam filed a supplemental brief on remand filled with new infringement arguments.   Thus, contrary to the district court's conclusion, *see* J.A. 1_5, the facts *had* changed since the case was before the original district judge.

We specifically instructed the judge on remand to "evaluate" the merits of Newegg's motion in the first instance based on the new *Octane* standard, which did not

occur.  We also expressed this court's view that Newegg's argument had "significant merit."  While the district court need not reveal its assessment of every consideration of § 285 motions, it must actually assess the totality of the circumstances.  The district court did not do this.  In particular, there is no analysis of AdjustaCam's continued "dubious" press of litigation in the totality of the circumstances under the *new* standard set in *Octane*.

Our recent decision in *University of Utah* does not compel a different result.  In *Utah*, we were "wary to wade in[to] [the] circumstantial waters" of weighing competing evidence related to the strength of a party's litigating position.  851 F.3d at 1323.  We noted that the district court is "in the best position to understand and weigh these issues," that the district court "ha[s] no obligation to write an opinion that reveals her assessment of every consideration," and reaffirmed that we do not second-guess such determinations.  *Id.*

This case is different from *Utah* because here, there is no evidence that the district court properly weighed the issues.  We reiterate today that the district court is in the best position to weigh the evidence.  When a district court makes a § 285 ruling based on independent evaluation of the evidence before it, we will continue to defer to that ruling.  We will not defer, however, to conclusions based on a "clear error of judgment in weighing relevant factors."  *Bayer*, 851 F.3d at 1306.  Here, the district court did not independently evaluate the evidence in view of the Supreme Court's intervening precedent, which changed the standard by which § 285 motions are to be evaluated.  For example, the district court failed to consider and include in its analysis AdjustaCam's supplemental report that raised new infringement arguments for the first time on remand.   It is not clear from the district court's opinion whether it was aware that well after the merits phase of the case had ended, AdjustaCam raised new merits arguments in an attempt to rebut Newegg's contention

that AdjustaCam pursued objectively baseless litigation. Based on the foregoing, we find that the district court abused its discretion by failing to follow our mandate.

### 2.  Clearly Erroneous Factual Findings

The district court's failure to follow our mandate is sufficient reason to find an abuse of discretion.  Separate and apart from that issue, however, the district court's clearly erroneous findings about the substantive strength of AdjustaCam's case independently support reversal. The record developed over the past five years points to this case as standing out from others with respect to the substantive strength of AdjustaCam's litigating position. *Octane*, 134 S. Ct. at 1756.  Where AdjustaCam may have filed a weak infringement lawsuit, accusing Newegg's products of infringing the '343 patent, AdjustaCam's suit became baseless after the district court's *Markman* order, where the court found "that the claims of the '343 patent describe 'rotatably attached' objects as rotating over a single axis."  J.A. 20.  Indeed, the court found that "[e]very reference to a 'rotatably attached' object in the specification and claims describes the attachment as permitting motion over a single axis of rotation." J.A. 21. Stated differently, the evidence proffered by AdjustaCam showed that AdjustaCam's lawsuit was baseless.

The district court found that the strength of AdjustaCam's litigation position was not exceptional because Newegg's ball-and-socket products were constrained in such a way that AdjustaCam could reasonably argue they rotated on a single axis. J.A. 6.  But AdjustaCam did not advance that argument.  Instead, AdjustaCam argued that the constraint on Newegg's ball-and-socket joint limited the rotation to a single axis *at a time*.  *See* J.A. 482–83; *see also* J.A. 484 (acknowledging "two axes" but arguing "they are separate").  AdjustaCam did not introduce any evidence that Newegg's ball-and-socket products were limited to a single axis of rotation.  We find no

dispute that Newegg's cameras rotate about at least two axes. As such, there is no possible way for Newegg's products to infringe the '343 patent. No reasonable factfinder could conclude that Newegg's products infringe; therefore, AdjustaCam's litigation position was baseless. These are traits of an exceptional case. The district court's contrary conclusion was based on "a clearly erroneous assessment of the evidence." *Highmark*, 134 S. Ct. at 1748 n.2. Fees are warranted.

*Octane* disclosed another reason why this case is exceptional that was not considered by the district court: AdjustaCam litigated the case in an "unreasonable manner." *Octane*, 134 S. Ct. at 1756. This measure of exceptionality is evident through AdjustaCam's repeated use of after-the-fact declarations. In 2012, AdjustaCam served a new expert report on Newegg the day of that expert's deposition. J.A. 8. AdjustaCam claims it did not realize that it had inadvertently served a draft report until the day of the deposition. But as Newegg argued to the district court, had AdjustaCam served an earlier draft of Dr. Muskivitch's report on June 25, AdjustaCam would have been aware of this error when Newegg's expert served his rebuttal report on July 27, 2012. J.A. 1789. AdjustaCam certainly would have known of its error well before Newegg's expert's deposition in August 2012. *Id.*

The district court also failed to consider on remand that AdjustaCam filed a supplemental declaration making new infringement arguments. AdjustaCam cites its supplemental declaration dozens of times in its briefing before our court without ever disclosing the fact that the supplemental declaration was executed more than two years after the initial fees determination. Filing new declarations, especially without disclosing them as new on appeal, elongates the period of time that AdjustaCam has

continued to press frivolous arguments.[2]  We agree with the district court that "in the absence of any other dubious behavior," the late-served declaration might not warrant awarding fees.  J.A. 9.  But as we recognize today, the totality of the circumstances demonstrates other dubious behavior that, when considered collectively, warrants fees under § 285.  The district court's contrary finding—that there was an absence of what it termed "dubious behavior"—was clearly erroneous.

Finally, we take note of AdjustaCam's damages model.  We agree with the district court that there is no minimum damages requirement to file a patent infringement case.  J.A. 7.  Asserting seemingly low damages against multiple defendants—or settling with defendants for less than the cost of litigation—does not necessarily make a case "exceptional" under § 285.  But here, AdjustaCam asserted nuisance-value damages against many defendants, settled with them for widely varied royalty rates, and continued to press baseless infringement contentions well past an adverse *Markman* order and expert discovery.  The original judge stated that AdjustaCam's damages theory was not "so outrageous and unreliable to support an award of attorney fees," J.A. 9, which the subsequent judge repeated, J.A. 1_6.  Under the governing clearly erroneous standard of review, we would be inclined to affirm if AdjustaCam's damages methodology were the only issue.  In light of AdjustaCam's frivolous infringement argument and unrea-

---

[2]   AdjustaCam's failure to disclose its supplemental declaration on appeal occurred after the district court rendered its decision and thus is not dispositive of whether AdjustaCam unreasonably litigated the case *before the district court*.  AdjustaCam's behavior on appeal, however, strengthens our conclusion that its litigation misconduct before the district court was not a one-off occurrence.

sonable manner of litigation, however, we conclude that the district court clearly erred by failing to consider AdjustaCam's damages methodology as part of a totality-of-the-circumstances analysis.   The irregularities in AdjustaCam's damages model and the purported nuisance value of many of its settlements should have played a role in the evaluation of whether this is case exceptional.

## CONCLUSION

The district court abused its discretion failing to follow our mandate to evaluate the totality of the circumstances under *Octane* in the first instance.   Moreover, AdjustaCam filed a weak infringement case against Newegg that became objectively baseless after the district court's *Markman* order.   The district court's determination that AdjustaCam could reasonably argue infringement post-*Markman* is based on clearly erroneous fact-findings.   AdjustaCam also unreasonably litigated the case by repeatedly serving expert reports and declarations at the last minute.   The pattern of low and erratic settlements, though not determinative, reinforces a conclusion of unreasonableness.   The district court's conclusion that AdjustaCam reasonably litigated this case was clearly erroneous.   Based on the totality of these case-specific circumstances, we hold that the district court abused its discretion in denying Newegg's motion for fees.

We therefore reverse and remand for further proceedings consistent with this opinion, including the calculation of attorneys' fees.

## REVERSED AND REMANDED

### COSTS

Costs to Newegg.