# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM, LLC, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 6:10-cv-00329-JRG |
| | ) | |
| v. | ) | Judge Rodney Gilstrap |
| | ) | |
| AMAZON.COM, INC., *et al.*, | ) | |
| | ) | ***Electronically Filed*** |
| Defendants. | ) | |

**DEFENDANTS NEWEGG INC., NEWEGG.COM, INC., & ROSEWILL, INC.'S
BRIEF IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... ii

I.   INTRODUCTION ................................................................................................................. 1

II.  LEGAL STANDARD ........................................................................................................... 2

III. PROCEDURAL HISTORY .................................................................................................. 3

IV.  CALCULATION OF THE APPROPRIATE AMOUNT OF FEES AND EXPENSES
     THAT SHOULD BE AWARDED TO NEWEGG ............................................................... 6

   A. **Newegg is Entitled to the Attorneys' Fees and Expert Fees It Incurred From the
      Beginning of the Case Through AdjustaCam's Dismissal With Prejudice** ............. 6

      1. *Newegg Should Be Awarded, Under 35 U.S.C. § 285, All Attorneys' Fees
         Incurred Prior to AdjustaCam's Dismissal With Prejudice* .................................. 6

      2. *The Court Should Exercise its Inherent Authority and Award Expert Fees that
         Newegg Incurred After this Court's Markman Order* ........................................... 7

   B. **Newegg Should be Awarded, Under 35 U.S.C. § 285, All Attorneys' Fees
      Incurred After the Initial Federal Circuit Remand**................................................. 8

V.   CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

### *CASES*

*Action Star Enterprises Co., Ltd. v. KaiJet Tech. Int'l, Ltd*, No. CV 12-08074 BRO (MRWx),
 2015 WL 12752877 (C.D. Cal. June 24, 2015) ........................................................................ 2, 9

*AdjustaCam, LLC v. Newegg, Inc.*,
 626 Fed. Appx. 987 (Fed. Cir. 2015) ........................................................................................... 4

*AdjustaCam, LLC v. Newegg, Inc.*,
 861 F.3d 1353 (Fed. Cir. 2017)........................................................................................... *passim*

*AdjustaCam, LLC v. Newegg, Inc.*,
 No. 13-1665 (Fed. Cir. Nov. 19, 2015).......................................................................................... 8

*Caron v. Lifestyle Crafts, LLC*, No. CV-12-00124-PHX-NVW,
 2013 WL 791287 (D. Ariz. Mar. 4, 2013) ..................................................................................... 9

*City of Burlington v. Dague*,
 505 U.S. 557 (1992) ...................................................................................................................... 2

*Comm'r, INS v. Jean*,
 496 U.S. 154 (1990).................................................................................................................. 9, 10

*Dippin' Dots, Inc. v. Mosey*,
 602 F. Supp. 2d 777 (N.D. Tex. 2009) ......................................................................................... 9

*Eltech Sys. Corp. v. PPG Industries, Inc.*,
 903 F.2d 805 (Fed. Cir. 1990)....................................................................................................... 8

*Hensley v. Eckerhart*,
 461 U.S. 424 (1983) ...................................................................................................................... 2

*Johnson v. Georgia Highway Exp., Inc.*,
 488 F.2d 714 (5th Cir. 1974) ......................................................................................................... 3

*Lumen View Tech. LLC v. Findthebest.com, Inc.*,
 811 F.3d 479 (Fed. Cir. 2016) ....................................................................................................... 2

*MarcTec v. Johnson & Johnson*,
 664 F.3d 907 (Fed. Cir. 2012)................................................................................................... 7, 8

*Mathis v. Spears*,
 857 F.2d 749 (Fed. Cir. 1988) .................................................................................................. 2, 6

*Microstrategy Inc. v. Crystal Decisions, Inc.*,
 586 F. Supp. 2d 256 (D. Del. 2008)....................................................................................... 9, 10

*Missouri v. Jenkins*,
  491 U.S. 274 (1989) ................................................................................................................ 2

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  134 S. Ct. 1749 (2014) ......................................................................................................... 4, 8

*SUFI Network Servs., Inc. v. United States*,
  785 F.3d 585 (Fed. Cir. 2015) ................................................................................................. 2

*Therasense, Inc. v. Becton, Dickinson and Co.*,
  745 F.3d 513 (Fed. Cir. 2014) .............................................................................................. 2, 9

*Vehicle Interface Techs, LLC v. Jaguar Land Rover North America*, LLC,
  Nos. 12-1285-RGA, 14-339-RGA, 2016 WL 3436396 (D. Del. June 15, 2016) ....................... 9

*Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993) .............................................................................. 2

**STATUTES**

35 U.S.C. § 285 ..................................................................................................................... *passim*

Newegg Inc., Newegg.com, Inc., and Rosewill, Inc. (collectively, "Newegg") submit this Brief, pursuant to the Court's Order (Dkt. 821), on the issue of the proper amount of attorneys' fees and expenses that should be paid to Newegg by Plaintiff, AdjustaCam, LLC ("AdjustaCam").

## I. INTRODUCTION

This case is on remand from a Federal Circuit decision holding that AdjustaCam's patent infringement lawsuit filed against Newegg in 2010 was "exceptional" under 35 U.S.C. § 285 and that, as a result, Newegg is entitled to an award of fees. In particular, in a precedential opinion dated July 5, 2017, the Federal Circuit found that AdjustaCam's infringement case was "weak" when it was filed and became "objectively baseless" after this Court's *Markman* Order. *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1362 (Fed. Cir. 2017). The Federal Circuit further held that AdjustaCam's litigation tactics, both before the district court and on appeal, were unreasonable, and that AdjustaCam's pattern of low and erratic settlements "reinforces a conclusion of unreasonableness." *Id*. Accordingly, the Federal Circuit held that Newegg should be awarded fees, and remanded the case for further proceedings consistent with its opinion, including the calculation of attorneys' fees.

Thus, the question of whether fees should be awarded to Newegg has already been decided in Newegg's favor. The only remaining issue is the amount of fees Newegg should be awarded. For the reasons that follow, Newegg submits that it is entitled to the following:

| Description of the Fees Sought | Amount of the Fees |
|---|---|
| Attorneys' fees incurred prior to AdjustaCam's dismissal in the district court | $286,102.52 |
| Expert fees incurred prior to AdjustaCam's dismissal in the district court | $68,183.93 |
| Attorneys' fees incurred litigating the motion for fees in the district court after the initial Federal Circuit remand | $43,423.40 |
| Attorneys' fees incurred pursuing the second appeal to the Federal Circuit | $167,156 |
| **TOTAL** | **$564,865.85** |

## II. LEGAL STANDARD

Awards under § 285 are meant to "compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988) (citation and emphasis omitted). Thus, attorneys' fees under § 285 "include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Mathis*, 857 F.2d at 757. In addition to fees charged for the time spent by attorneys, fees charged for the time of paralegals and other support staff are also recoverable. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Action Star Enterprises Co., Ltd. v. KaiJet Tech. Int'l, Ltd*, Case No. CV 12-08074 BRO (MRWx), 2015 WL 12752877, *4 (C.D. Cal. June 24, 2015) (awarding paralegal fees).

"[A] district court may exercise broad discretion in awarding fees and setting the amounts of fees." *Therasense, Inc. v. Becton, Dickinson and Co.*, 745 F.3d 513, 518 (Fed. Cir. 2014). An award of fees under Section 285 is typically calculated by "multiplying a reasonable hourly rate by the reasonable number of hours required to litigate a comparable case," *i.e.*, the "lodestar" method. *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016). The lodestar represents a presumptively reasonable fee award. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The Court may exclude any hours that are "excessive, redundant, or otherwise unnecessary" and may reduce the hourly rate if it deems it excessive. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *SUFI Network Servs., Inc. v. United States*, 785 F.3d 585, 594 (Fed. Cir. 2015) (citation omitted). In all, "[t]here is no precise rule or formula for making these determinations," *Eckerhart*, 461 U.S. at 436, and a court may exercise its discretion to adjust the figure based on a

variety of factors, including the novelty and difficulty of the issues and the degree of the success achieved, *see Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating factors).

### III. PROCEDURAL HISTORY

On July 2, 2010, AdjustaCam sued Newegg and dozens of other defendants for infringement of U.S. Patent No. 5,855,343 ("'343 patent"), which is directed to a camera clip. *See* Dkt. 1 (Complaint). On February 9, 2012, a *Markman* hearing was held and, on April 10, 2012, the Court issued a *Markman* Order. Dkt. 627 (*Markman* Order). By the time of the *Markman* Order, AdjustaCam had dismissed most of the other defendants from the litigation. In the *Markman* Order, the Court concluded that "rotatably attached" objects rotate over a single axis since "[e]very reference to a 'rotatably attached' object in the specification and claims describes the attachment as permitting motion over a single axis of rotation," and "[t]he claims plainly describe each 'rotatably attached' object as rotating about a single axis." *Markman* Order, pgs. 9-11. Unlike the invention disclosed in the '343 patent, Newegg's accused products use a ball-and-socket joint, which facilitates rotation about multiple axes. *See* Dkt. 727 at 8, 10-11.

Following the *Markman* Order, AdjustaCam settled with more defendants. However, AdjustaCam continued to press its case against Newegg. The case proceeded into expert discovery, during which both parties submitted expert reports on the issues of infringement, validity, and damages. During expert discovery, AdjustaCam served a substantively different "supplemental" infringement report the day of the expert's deposition, without offering a plausible explanation for the delay. *See* Dkt. 727 at pgs. 10-11.

In September 2012, just prior to summary judgment briefing, AdjustaCam moved to dismiss with prejudice its claims against Newegg, contingent on Newegg's right to seek fees after dismissal. Dkt. 719. In October 2012, Newegg moved for a declaration of exceptional case under

35 U.S.C. § 285 and an award of fees on the basis that AdjustaCam brought an objectively baseless lawsuit in bad faith simply to extract nuisance-value settlements, and continued to press the lawsuit even after the *Markman* Order made it clear that Newegg's ball-and-socket products could not infringe the claims of the '343 patent. Dkt. 727.

After Newegg's motion was denied, the case was appealed to the Federal Circuit. Dkt. 764. While the appeal was pending, the Supreme Court issued its decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) (clarifying what constitutes an "exceptional" case under § 285). Soon thereafter, the Federal Circuit remanded Newegg's appeal to this Court for reconsideration in light of *Octane*. *See AdjustaCam, LLC v. Newegg, Inc.*, 626 Fed. Appx. 987, 991 (Fed. Cir. 2015) ("Remand Order"). In the Remand Order, the Federal Circuit noted that Newegg's "arguments appear to have significant merit, particularly [its] argument that AdjustaCam's continued pursuit of its infringement claims after the district court construed the claim term 'rotatably attached' was baseless." *Id*. at 991 n.2.

On remand, Newegg filed a renewed motion on the § 285 issue under the *Octane* standard. Dkt. 792. AdjustaCam filed a response to Newegg's renewed motion that contained a supplemental report by AdjustaCam's expert, Dr. Muskivitch, that included positions not raised during the original case. Dkt. 796, Exhibit 4. AdjustaCam attempted to justify this supplemental report on the basis that, even though the original case had gone through expert discovery, the supplemental report provided "additional explanation" on an issue where "there really wasn't that much of a record." Dkt. 815 at 39:2-11.

After Newegg's renewed motion was denied (Dkt. 814), Newegg again appealed to the Federal Circuit. Dkt. 816. Before the Federal Circuit, AdjustaCam cited dozens of times to the supplemental report submitted on remand without disclosing that this report had been served more than two years after the initial fees determination, thus leaving the impression that the report was

part of the merits case. *AdjustaCam*, 861 F.3d at 1361. The Federal Circuit held that the case was exceptional and Newegg's motion for fees should have been granted. *Id.* at 1362. In doing so, the Federal Circuit found that "[t]he record developed over the past five years points to this case as standing out from others with respect to the substantive strength of AdjustaCam's litigating position." *Id.* at 1360. On the merits of AdjustaCam's infringement positon, the Federal Circuit held that AdjustaCam filed a "weak infringement lawsuit" that "became baseless" after the *Markman* Order confirmed that "rotatably attached" objects rotate over a single axis. *Id.* The Federal Circuit noted that "[n]o reasonable factfinder could conclude that Newegg's products infringe; therefore, AdjustaCam's litigation position was baseless." *Id.* at 1361.

The Federal Circuit also found that "AdjustaCam litigated the case in an 'unreasonable manner,'" which was another reason why this case was exceptional. *Id.* (quoting *Octane*). As evidence of this, the Federal Circuit referred to AdjustaCam's repeated service of untimely expert reports, including both the new expert report served the day of the deposition of its expert and the supplement expert declaration submitted on remand. As to the former, the Federal Circuit was rightly skeptical of AdjustaCam's purported explanation for its action (*i.e.*, it did not realize it had initially served a draft report until that day). *Id.* Regarding the latter, the Federal Circuit stated that "[f]iling new declarations, especially without disclosing them as new on appeal, elongates the period of time that AdjustaCam has continued to press frivolous arguments." *Id.* The Federal Circuit also took note of the "irregularities" in AdjustaCam's damages model in which AdjustaCam engaged in a "pattern of low and erratic settlements" as yet another factor that reinforces the conclusion that AdjustaCam acted unreasonably. *Id*. at 1362.

Accordingly, the Federal Circuit remanded the case for further proceedings, including the calculation of attorneys' fees. *Id.*

## IV. CALCULATION OF THE APPROPRIATE AMOUNT OF FEES AND EXPENSES THAT SHOULD BE AWARDED TO NEWEGG

### A. Newegg is Entitled to the Attorneys' Fees and Expert Fees It Incurred From the Beginning of the Case Through AdjustaCam's Dismissal With Prejudice

#### 1. Newegg Should Be Awarded, Under 35 U.S.C. § 285, All Attorneys' Fees Incurred Prior to AdjustaCam's Dismissal With Prejudice

As detailed above, AdjustaCam filed its infringement case against Newegg in July 2010, maintained its case through a *Markman* hearing and expert discovery, and only dismissed the case in September 2012, just prior to summary judgment briefing. The Federal Circuit found that AdjustaCam advanced a "weak" infringement position that became "baseless" after the *Markman* Order, litigated the case in an "unreasonable manner," and engaged in other "dubious behavior," which "when considered collectively, warrant fees under § 285." *AdjustaCam*, 861 F.3d at 1361. The problems with AdjustaCam's case, including the lack of any merit in its infringement claim and its misguided pursuit of nuisance value settlements, existed from the very beginning of the district court action. Moreover, all fees incurred by Newegg were "sums that the prevailing party incur[red] in the preparation for and performance of legal services related to the suit." *Mathis*, 857 F.2d at 757. Accordingly, all attorneys' fees incurred by Newegg from the filing of the complaint to the dismissal with prejudice should be awarded. This amounts to $286,102.52 in attorneys' fees.

The attorneys' fees for which Newegg seeks reimbursement are detailed in the Declaration of John N. Zarian, which was filed as Docket Entry No. 728 ("Zarian Decl."). Mr. Zarian served as lead trial counsel for Newegg in this case from its exception through the dismissal with prejudice and the filing of Newegg's initial motion for attorneys' fees. Zarian Decl., ¶ 1. As explained by Mr. Zarian, the attorneys' fees for which Newegg seeks reimbursement were necessarily and reasonably incurred in the defense of this action. Furthermore, the billing rates for Newegg's attorneys are reasonable and below market rates for

patent litigation counsel in Texas and nationally. Zarian Decl. ¶¶ 49-53. In addition, this case was handled with the appropriate level of diligence and concern for costs and efficiencies. The total fees and costs incurred on behalf of Newegg are in line with, and significantly below, the total fees and costs billed on average in patent infringement cases in Texas and nationally for cases of this size. *Id*. This was confirmed by the biennial 2011 American Intellectual Property Law Association ("AIPLA") Report of the Economic Survey, which indicates that, in 2011, the median cost to defend against patent infringement suits where the amount at stake is less than $1 million through the conclusion of discovery was $488,000. Zarian Decl., ¶ 50.

Thus, Newegg should be entitled to recover attorneys' fees in the amount of $286,102.52 which were reasonably incurred in defending against AdjustaCam's infringement claim before the district court.

> 2. The Court Should Exercise its Inherent Authority and Award Expert Fees that Newegg Incurred After this Court's *Markman* Order

Newegg should also be awarded expert witness fees pursuant to the Court's inherent authority. *See MarcTec v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012). Notably, all of Newegg's expert fees, which total $68,183.93, were incurred after this Court's *Markman* Order issued on April 10, 2012 (Dkt. 627) and before AdjustaCam moved to dismiss the case on September 27, 2012 (Dkt. 719). *See* Zarian Decl., ¶ 58 ("Defendants incurred expert witness fees in the amount of $68,183.93 during the period June 2012 through September 2012."). As the Federal Circuit noted, AdjustaCam's suit "became objectively baseless after the district court's *Markman* order." *AdjustaCam*, 861 F.3d at 1362. Thus, all of Newegg's expert fees were incurred after AdjustaCam's case became "objectively baseless."

Courts should award expert fees under their inherent power where a plaintiff's vexatious misconduct forces a defendant to incur those expert fees unnecessarily, as those fees are not compensable under Section 285. *MarcTec*, 664 F.3d at 921-22 (holding that expert fees were

7

properly awarded because "Cordis was forced to incur expert witness expenses to rebut MarcTec's unreliable and irrelevant expert testimony," such that "MarcTec's vexatious conduct and bad faith increased the cost of litigation in ways that are not compensated under § 285"). Here, as in *MarcTec*, AdjustaCam's experts' testimony was fatally flawed and could not possibly have proven infringement or justified AdjustaCam's alleged damages. AdjustaCam only proceeded post-*Markman* into expert discovery to apply more pressure to Newegg for a nuisance value settlement. This strongly indicates bad faith. *See Eltech Sys. Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990). For Newegg to have to spend huge sums of money on experts to rebut AdjustaCam's experts' baseless allegations, on top of all the other misconduct and expense inflicted by AdjustaCam in seeking nuisance-value settlements, is a grave injustice that should not go unremedied. *MarcTec*, 644 F.3d at 921 (inherent authority should be exercised to shift expert fees where "the very temple of justice has been defiled").

The amount of expert fees incurred by Newegg are detailed in the Zarian Declaration and total $68,183.93. *See* Zarian Decl., ¶¶ 54-58. The Court should award Newegg these fees.

**B.  Newegg Should be Awarded, Under 35 U.S.C. § 285, All Attorneys' Fees Incurred After the Initial Federal Circuit Remand**

As explained above, after the Federal Circuit's 2015 Remand Order remanded this case for further consideration in light of *Octane Fitness*,[1] Newegg filed a renewed motion for fees under the *Octane Fitness* standard, the denial of which was again appealed to the Federal Circuit. During the remand and ensuing appeal, AdjustaCam continued its attempt to defend its baseless infringement theory and justify its unreasonable litigation tactics. AdjustaCam even submitted a belated supplemental expert declaration which looked nothing like the expert's original

---

[1] Newegg already recovered a portion of its fees from this first appeal when the Federal Circuit sanctioned AdjustaCam under Rule 38 for the filing of a frivolous cross-appeal. *See AdjustaCam, LLC v. Newegg, Inc.*, No. 13-1665, Dkt. 130, at 3-4 (Fed. Cir. Nov. 19, 2015). Newegg does not seek to recover any additional fees that were incurred during this first appeal.

declaration to try to backfill its infringement theory two years after the case was dismissed. On appeal, AdjustaCam cited to the supplemental report dozens of times without informing the Federal Circuit that the report was, in fact, a "supplemental" report. As a result of AdjustaCam's continued, and ever-changing, defense of its baseless case, Newegg incurred $43,423.40 in attorneys' fees related to the renewed motion for attorneys' fees filed in this Court (from September 2015 through March 2016) and $167,156 in attorneys' fees related to the appeal to the Federal Circuit (from April 2016 through July 2017).

It is within the Court's discretion to award fees incurred by Newegg both on remand and during the appeal which followed the denial of the renewed motion for attorneys' fees on remand. Fees incurred in preparing and litigating a motion for attorneys' fees are recoverable. *See Microstrategy Inc. v. Crystal Decisions, Inc.*, 586 F. Supp. 2d 256, 262 (D. Del. 2008) ("Awards under § 285 include 'the fee for the reasonable time expended in preparing the elaborate fee application and briefs filed herein.'"); *see also Caron v. Lifestyle Crafts, LLC*, No. CV-12-00124-PHX-NVW, 2013 WL 791287, at *3 (D. Ariz. Mar. 4, 2013) (awarding fees for preparation of fee motion under § 285); *Action Star*, 2015 WL 12752877, *4 (same).

Similarly, fees incurred during an appeal are also recoverable. *Therasense*, 745 F.3d at 516-17; *Vehicle Interface Techs, LLC v. Jaguar Land Rover North America*, LLC, Civil Action Nos. 12-1285-RGA, 14-339-RGA, 2016 WL 3436396, *4 (D. Del. June 15, 2016) (awarding fees under § 285 that included those incurred with a Federal Circuit appeal); *Action Star*, 2015 WL 12752877 at *4. This is true even if the appeal itself is not independently "exceptional," though Newegg submits that the appeal here qualifies as "exceptional" in its own right. *Therasense*, 745 F.3d at 516-17 (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990)); *see also Dippin' Dots, Inc. v. Mosey*, 602 F. Supp. 2d 777, 784 (N.D. Tex. 2009) (citing *Jean*, 496

9

U.S. at 159) (awarding appellate fees without a showing that the appeal was independently exceptional).

Here, after the Federal Circuit's Remand Order of September 17, 2015, Newegg incurred fees in the amount of $43,837.15 pursuing its renewed motion for attorneys' fees before this Court. Newegg should be awarded these fees since they were incurred in litigating the motion for fees. *See Microstrategy,* 586 F. Supp. 2d at 262. Further, AdjustaCam continued to press its baseless infringement theory during this time, and even filed a supplemental expert report, an act the Federal Circuit found "elongates the period of time that AdjustaCam has continued to press frivolous arguments." *AdjustaCam*, 861 F.3d at 1361. Similarly, the fees incurred on appeal, totaling $167,156, should be awarded as AdjustaCam continued its frivolous arguments before the Federal Circuit.

The attorneys' fees for which Newegg seeks reimbursement are detailed in the accompanying Declaration of Kent E. Baldauf ("Baldauf Decl."). Mr. Baldauf served as lead counsel for Newegg beginning in August of 2014. Baldauf Decl., ¶ 1. As explained by Mr. Baldauf, the attorneys' fees for which Newegg seeks reimbursement were necessarily and reasonably incurred in the pursuit of recovery of Newegg's attorneys' fees. Baldauf Decl., ¶ 14. Furthermore, the average billing rates for Newegg's attorneys are reasonable and within the range market rates for patent litigation counsel in Texas and nationally. Baldauf Decl. ¶ 15.

## V. CONCLUSION

For the above reasons, AdjustaCam should pay Newegg's fees and expenses in the amount of $564,865.85.

No. 6:10-cv-00329-JRG

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: November 3, 2017        s/ *Kent E. Baldauf, Jr.*
Kent E. Baldauf, Jr.
Daniel H. Brean

One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
dbrean@webblaw.com

Richard G. Frenkel
**LATHAM &WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
650.463.3080
650.463.2600 (fax)
rick.frenkel@lw.com

Herbert A. Yarbrough, III
Texas Bar No. 22133500
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson Street, Suite 1015
Tyler, TX 75702
903.595.3111
903.595.0191 (fax)
trey@yw-lawfirm.com

*Attorneys for Defendants Newegg Inc., Newegg.com, Inc., and Rosewill, Inc.*

No. 6:10-cv-00329-JRG

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of November, 2017, I electronically filed the foregoing **DEFENDANTS NEWEGG INC., NEWEGG.COM, INC., & ROSEWILL, INC.'S BRIEF IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES AND EXPENSES** with the Clerk of Court using the CM/ECF system which sent notification to all counsel of record.

**THE WEBB LAW FIRM**

s/ *Kent E. Baldauf, Jr.*
Kent E. Baldauf, Jr