# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ADJUSTACAM, LLC, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 6:10-cv-00329-JRG |
| | ) | |
| v. | ) | Judge Rodney Gilstrap |
| | ) | |
| AMAZON.COM, INC., *et al.*, | ) | |
| | ) | ***Electronically Filed*** |
| Defendants. | ) | |

## DEFENDANTS NEWEGG INC., NEWEGG.COM, INC., & ROSEWILL, INC.'S REPLY IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES AND EXPENSES

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................... i

TABLE OF AUTHORITIES ......................................................................................................... ii

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 2

    A. Newegg Should be Awarded Fees From the Onset of the Case ................................. 2

    B. Newegg Should be Awarded the Fees Incurred Following AdjustaCam's Dismissal, Including Those Incurred During the Second Appeal .................................................. 4

    C. The Fees Requested are Reasonable and are Not Redundant ..................................... 8

    D. Newegg Should be Awarded Expert Fees Since They Were All Incurred After This Case Became "Objectively Baseless" .......................................................................... 11

III. CONCLUSION ................................................................................................................ 13

# **TABLE OF AUTHORITIES**

## *CASES*

*Action Star Enterprises Co., Ltd. v. KaiJet Tech. Int'l, Ltd.*,
  No. CV 12-08074 BRO (MRWx), 2015 WL 12752877 (C.D. Cal. June 24, 2015).................... 7

*AdjustaCam LLC v. Amazon.com, Inc.*,
  No. 6:10-cv-00329-JRG, 2016 WL 3770959 (E.D. Tex. Mar. 28, 2016)................................. 11

*AdjustaCam, LLC v. Newegg, Inc.*,
  861 F.3d 1353 (Fed. Cir. 2017)........................................................................................ passim

*Adjustacam, LLC. v. Amazon.com, Inc.*,
  No. 6:10-CV-329, 2012 WL 12501095 (E.D. Tex. Apr. 10, 2012)............................................ 4

*Adjustacam, LLC. v. Amazon.com, Inc.*,
  No. 6:10-CV-329, 2012 WL 12501096 (E.D. Tex. June 7, 2012)............................................. 4

*AdjustaCam, LLC. v. Newegg Inc.*,
  No. 13-1665 (Fed. Cir. Nov. 19, 2015)............................................................................ 2, 3, 5

*Comm'r, INS v. Jean*,
  496 U.S. 154 (1990)................................................................................................................ 7

*Commil USA, LLC v. Cisco Sys.*,
  135 S. Ct. 1920 (2015)............................................................................................................ 4

*eDekka LLC v. 3Balls.com, Inc.*,
  No. 2:15-cv-541-JRG (E.D. Tex. Jan. 19, 2016) .................................................................. 10

*General American Life Insurance Co. v. Anderson*,
  156 F.2d 615 (6th Cir. 1946) .................................................................................................. 1

*Goodyear Tire & Rubber Co. v. Haeger*,
  137 S. Ct. 1178 (2017).................................................................................................... 5, 6, 8

*Huang v. Huawei Technologies Co., Ltd.*,
  No. 2:15-cv-01413-JRG-RSP (E.D. Tex. April 18, 2017)...................................................... 11

*Iris Connex, LLC v. Dell, Inc.*,
  235 F. Supp. 3d 826 (E.D. Tex. 2017).................................................................................. 10

*Kryptek Outdoor Group, LLC v. Salt Armour, Inc.*,
  No. 1:15-cv-348-RC (E.D. Tex. March 28, 2016)................................................................... 9

*MarcTec, LLC v. Johnson & Johnson*,
   664 F.3d 907 (Fed. Cir. 2012) .................................................................................... 12, 13

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   134 S. Ct. 1749 (2014) ............................................................................................... 2, 3, 10

*Rothschild Connected Devices Innovations, LLC v. ADS Security, L.P.*,
   No. 2:15-CV-01431-JRG-RSP, 2017 WL 5178998 (E.D. Tex. Nov. 8, 2017) ............ 6, 7, 8, 10

*Rothschild Connected Devices Innovations, LLC v. Guardian Protection Services, Inc.*,
   858 F.3d 1383 (Fed. Cir. 2017) ................................................................................... 6

*Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*,
   549 F.3d 1381 (Fed. Cir. 2008) ................................................................................... 12, 13

*Therasense, Inc. v. Becton, Dickinson and Co.*,
   745 F.3d 513 (Fed. Cir. 2014) ..................................................................................... 7, 8

### *STATUTES*

35 U.S.C. § 285 ................................................................................................................ *passim*

Newegg Inc., Newegg.com, Inc., and Rosewill, Inc. (collectively, "Newegg") submit this Reply, pursuant to the Court's Order (Dkt. 821), in further support of its Brief in Support of an Award of Attorneys' Fees and Expenses (Dkt. 822) ("Opening Brief"). This Reply responds to the Response of Plaintiff, AdjustaCam, LLC ("AdjustaCam") (Dkt. 826).

## I. INTRODUCTION

Newegg is seeking $496,681.92 in attorneys' fees and $68,183.93 in expert fees, as it is entitled to do in view of the Federal Circuit's opinion in *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353 (Fed. Cir. 2017) finding this case to be "exceptional" under 35 U.S.C. § 285. This amount is more than reasonable considering that this case proceeded through claim construction, fact discovery, and expert discovery in the district court, and through two separate appeals to the Federal Circuit, both of which resulted in opinions favorable to Newegg.

Newegg only incurred these fees because AdjustaCam filed a weak infringement case and continued to pursue the case even after it became objectively baseless once this Court issued its *Markman* opinion. Thus, to compensate Newegg and dissuade others from pursuing similarly frivolous litigation, Newegg should be reimbursed in the requested amount.

AdjustaCam, apparently unwilling to accept the Federal Circuit's decision, devotes a large portion of its thirty-page brief to re-litigating merits-related issues that were already decided. This is improper[1] and beyond the scope of both the Federal Circuit's remand order and this Court's recent Order requesting the present briefing (Dkt. 821). For instance, the Federal Circuit has already decided that Newegg is entitled to fees because AdjustaCam filed a "weak infringement case" that became "objectively baseless" after the Court's *Markman* order, and that "irregularities"

---

[1] *See, e.g.*, *General American Life Insurance Co. v. Anderson*, 156 F.2d 615, 618 (6th Cir. 1946) ("[I]t would be impossible for an appellate court to perform its duties satisfactorily and efficiently if a question once considered and decided by it were to be litigated anew in the same case upon any and every subsequent appeal").

1

in AdjustaCam's damage model as well as a "pattern of low and erratic settlements" "reinforces a conclusion of unreasonableness." *AdjustaCam*, 861 F.3d at 1362. That AdjustaCam finds it appropriate to litigate these issues again in the district court is yet the latest in a line of misconduct that has plagued this case from the beginning.[2]

Turning to the appropriate amount of fees, which is the purpose of this briefing, Newegg responds to AdjustaCam's arguments on this issue below.

## II. ARGUMENT

### A. Newegg Should be Awarded Fees From the Onset of the Case

AdjustaCam asserts that Newegg should not be awarded any fees that were incurred prior to the *Markman* ruling because it was not until after the *Markman* ruling that the Federal Circuit deemed the case "objectively baseless." Dkt. 826 at 13. In support of this position, AdjustaCam states that "[n]otably, the Federal Circuit did not write that AdjustaCam filed a weak infringement lawsuit." Dkt. 826 at 13. First, AdjustaCam is wrong on the facts. The Federal Circuit specifically found that AdjustaCam's case was weak when it was filed, summing up its opinion as follows: "**AdjustaCam filed a weak infringement case** against Newegg that became objectively baseless after the district court's *Markman* order." *AdjustaCam*, 861 F.3d at 1362 (emphasis added). Second, AdjustaCam is wrong on the law. A finding of "objective baselessness" is no longer required for an award of fees under Section 285. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Instead, courts must evaluate the "substantive strength of a

---

[2] Other examples include: (1) AdjustaCam's submission of a supplemental declaration on remand which it failed to disclose on appeal, which the Federal Circuit found "strengthens our conclusion that its litigation misconduct before the district court was not a one-off occurrence." *AdjustaCam*, 861 F.3d at 1361 n.2. (2) AdjustaCam's submission of a revised expert declaration on the date of the expert's deposition. *Id*. at 1361. (3) AdjustaCam's frivolous appeal of the *Markman* order, for which it was sanctioned in the amount of $15,000. *AdjustaCam, LLC. v. Newegg Inc.*, No. 13-1665, Dkt. 130, at 3-4 (Fed. Cir. Nov. 19, 2015).

2

party's litigating position," which the Federal Circuit did and concluded that AdjustaCam's case was "weak" from the onset. *Id.*

As part of AdjustaCam's improper effort to re-litigate the merits, AdjustaCam asserts that "[t]here is no basis for the Federal Circuit, or this Court, to conclude that AdjustaCam's claims against Newegg were weak, much less exceptionally week [sic] or baseless" until after claim construction because the Court's construction of "rotatably attached" was "not apparent from the plain language of 'rotatably attached' and not mandated by lexicography or disclaimer." Dkt. 826 at 13-14. However, the Federal Circuit reviewed the parties' *Markman* arguments, which were summarized in the Federal Circuit briefing,[3] and still concluded that the case was "weak" as filed. In particular, Newegg explained to the Federal Circuit that the specification and figures of the patent-in-suit describe an arrangement that includes a hinge member rotatably attached to a camera and support frame, where the camera rotates about a first axis relative to the hinge member, and where the hinge member rotates about a second axis relative to the support frame, with the second axis being perpendicular to the first axis. *See* Dkt. 826, Ex. 3 at 7-8 (Newegg's Opening Appeal Brief). Newegg also explained that these two specific axes of rotation are expressly required by all independent claims. *Id*. at 11. Thus, the patent itself plainly requires that each component only rotate about a single, distinct axis relative to the other component. Not surprisingly, this Court held that "[t]he claims plainly describe *each* 'rotatably attached' object [i.e., the camera and support frame] as rotating about a single axis." *Id*.; *see also Adjustacam, LLC. v. Amazon.com,*

---

[3] The merits disputes in both appeals involved the parties' *Markman* arguments, but AdjustaCam also separately appealed this Court's claim construction in the first appeal, though that appeal was deemed frivolous and AdjustaCam was sanctioned accordingly. *AdjustaCam, LLC. v. Newegg Inc.*, No. 13-1665, Dkt. 130, at 3-4 (Fed. Cir. Nov. 19, 2015)).

*Inc.*, No. 6:10-CV-329, 2012 WL 12501095, at *5 (E.D. Tex. Apr. 10, 2012), objections overruled, No. 6:10-CV-329, 2012 WL 12501096 (E.D. Tex. June 7, 2012).

Here, because AdjustaCam's infringement case was "weak" from the outset, and given AdjustaCam's generally "unreasonable manner of litigation" throughout the case, including its "pattern of low and erratic settlements," *AdjustaCam,* 861 F.3d at 1362, awarding fees from the onset of this case furthers the dual purposes of Section 285 of compensating those who are the victims of litigation misconduct and deterring future instances of such misconduct. *See Commil USA, LLC v. Cisco Sys.*, 135 S. Ct. 1920, 1930 (2015) (stressing "that district courts have the authority and responsibility to ensure frivolous cases are dissuaded" via § 285).

With respect to the amount of fees incurred by Newegg prior to the dismissal (including both before and after the *Markman* ruling), AdjustaCam does not dispute that the amount of time spent by Newegg's attorneys and their hourly rates are reasonable. As mentioned in Newegg's Opening Brief, the total fees and costs incurred during this portion of the case—$286,102.52—are significantly below the average fees and costs billed in patent infringement cases through the close of discovery in Texas and nationally. *See* Dkt. 822 at 7 (citing to the 2011 AIPLA Survey).

Thus, the Court should not limit the fee award to only those fees incurred after the Court's *Markman* ruling and should instead award fees beginning when AdjustaCam filed its "weak infringement case against Newegg." *AdjustaCam*, 861 F.3d at 1362.

### B. Newegg Should be Awarded the Fees Incurred Following AdjustaCam's Dismissal, Including Those Incurred During the Second Appeal

As explained in Newegg's Opening Brief, Newegg seeks all attorneys' fees incurred following the Federal Circuit's initial remand in 2015. Dkt. 822 at 8-10. AdjustaCam argues that Newegg should not be awarded any fees for its second appeal, or for its second or third applications for fees. Dkt. 826 at 14. However, AdjustaCam's position is not supported by the facts or the law,

4

and is even contrary to a very recent decision of this Court on this precise issue. The Court should reject AdjustaCam's argument and award Newegg all requested fees that were incurred after the dismissal of this case.

Subsequent to AdjustaCam's dismissal of this case with prejudice, every dollar spent by Newegg was spent in pursuit of its effort to recover its attorneys' fees and non-taxable expenses. This includes not only the first motion for fees and appeal (for which Newegg has declined to seek further reimbursement)[4] but also the renewed motion for fees and the second appeal.[5] As the Supreme Court recently explained, a court's fee shifting award must comport with principles of causation, much like compensatory damages awards. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017). "Compensation for a wrong, after all, tracks the loss resulting from that wrong." *Id.* at 1186.

Applying this principle of causation, all fees incurred by Newegg in pursuing the Section 285 issue were directly caused by AdjustaCam's unreasonable actions in filing this suit and continuing to pursue this case after the adverse *Markman* ruling. Had AdjustaCam never filed this "weak" lawsuit, there would be no occasion for Newegg to seek fees at all. Even accepting AdjustaCam's position that only fees incurred after the *Markman* decision should be awarded, AdjustaCam cannot deny that all fees incurred by Newegg in pursuing the Section 285 issue (including on remand and appeal) were incurred after *Markman*. Newegg had to pay these attorneys' fees in order to recover what it was owed due to AdjustaCam's exceptional behavior.

---

[4] Newegg is not seeking any further fees related to the first appeal, which dispenses of AdjustaCam's argument that the reversal of the first appeal was due to a fortuitous change in the law. Dkt. 826 at 15. Newegg was also partially reimbursed for the expense of the first appeal that was incurred responding to AdjustaCam's frivolous claim construction appeal. *AdjustaCam, LLC. v. Newegg Inc.*, No. 13-1665, Dkt. 130, at 3-4 (Fed. Cir. Nov. 19, 2015)) (awarding $15,000).

[5] It is not clear what AdjustaCam is referring to as the "third application for fees." Newegg filed only two motions for fees, one immediately following the dismissal (Dkt. 727) and one after the remand from the Federal Circuit (Dkt. 792).

This Court recently endorsed this same view of causation in awarding, under Section 285, all fees (including appellate fees) incurred by a defendant in a case having an essentially identical procedural posture. *See Rothschild Connected Devices Innovations, LLC v. ADS Security, L.P.*, No. 2:15-CV-01431-JRG-RSP, 2017 WL 5178998 (E.D. Tex. Nov. 8, 2017) (*Rothschild II*) on remand from *Rothschild Connected Devices Innovations, LLC v. Guardian Protection Services, Inc.*, 858 F.3d 1383 (Fed. Cir. 2017) (*Rothschild I*). The *Rothschild* litigation, like this case, involved a widely-asserted patent that had been wielded against dozens of accused infringers. *Rothschild I*, 858 F.3d at 1389. The defendant in one of those cases, ADS Security ("ADS"), filed a motion for judgment on the pleadings, alleging that the patent-in-suit covered patent-ineligible subject matter. *See Id.* at 1386. Rather than fight this motion on the merits, the plaintiff moved to voluntarily dismiss the action. *Id.* ADS opposed the motion and filed a cross-motion for attorneys' fees under Section 285 contending that the case was baseless and should not have been filed. *Id.* This Court granted plaintiff's motion to dismiss but denied ADS's motion for attorneys' fees. *Id.*

ADS appealed the denial of its motion for attorneys' fees to the Federal Circuit, which reversed, held that the case was exceptional, and remanded to this Court for a calculation of attorneys' fees. *Id.* at 1390. On remand, ADS sought reimbursement for all of the fees it had incurred, including those fees incurred on appeal. *Rothschild II*, 2017 WL 5178998, at *1. Over the objection of the plaintiff, Judge Payne awarded Rothschild the full amount requested—$288,911.99—encompassing all of ADS's district court and appellate fees. *Id.* at *2. Citing *Goodyear*, Judge Payne explained that "[a]fter Rothschild's case was dismissed, ADS's efforts focused exclusively on seeking attorneys' fees, both at this Court and at the Court of Appeals. The fees associated with those efforts would never have been incurred if ADS had not filed this lawsuit." *Id.* at *1.

6

Given the procedural and factual similarities, the reasoning of *Rothschild* is equally applicable here, and the result should be the same. Like in *Rothschild*, after this case was voluntarily dismissed by AdjustaCam, Newegg's efforts focused exclusively on seeking attorneys' fees, both before this Court and the Federal Circuit. Additionally, like in *Rothschild*, this Court denied the initial motion for attorneys' fees and that denial was reversed by the Federal Circuit. Further, like in *Rothschild*, none of the fees associated with Newegg's efforts to recover attorneys' fees post-dismissal would have been incurred absent AdjustaCam's decision to bring and maintain an exceptional case. Thus, this Court should award all fees that were incurred by Newegg subsequent to the dismissal of the case in the district court, like it did in *Rothschild*.

AdjustaCam's argument that "the law provides for appellate fees only where those stages of litigation are determined to be independently exceptional" is based on a misreading of the case law. Dkt. 826 at 14. While the case cited by AdjustaCam, *Therasense, Inc. v. Becton, Dickinson and Co.*, 745 F.3d 513 (Fed. Cir. 2014), states that appellate and remand fees are available where those stages of the litigation are independently exceptional, the case does not go so far as to state that appellate and remand fees are ***only*** available if those stages of the litigation are independently exceptional. To the contrary, *Therasense* expressed the clear preference that "a case should be viewed more as an 'inclusive whole' rather than as a piecemeal process when analyzing fee-shifting under § 285." *Therasense*, 745 F.3d at 516 (quoting *Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990)). As subsequent decisions have confirmed, *Therasense* stands for the broad proposition that appellate and remand fees can be awarded by the district court, subject to the district court's discretion. *See, e.g., Action Star Enterprises Co., Ltd. v. KaiJet Tech. Int'l, Ltd.*, No. CV 12-08074 BRO (MRWx), 2015 WL 12752877, *3 (C.D. Cal. June 24, 2015) (discussing *Therasense* and awarding appellate fees without requiring a finding of independent exceptionality).

7

Moreover, *Therasense* predates the Supreme Court decision in *Goodyear,* which this Court applied in *Rothschild II* (discussed above) to award appellate fees under a causation theory without any showing that the appeal itself was independently exceptional.

Nevertheless, even if a showing of independently exceptional behavior was required for the remand and appellate stages of the litigation, AdjustaCam's behavior would satisfy that standard. As noted in Newegg's Opening Brief, the Federal Circuit found that AdjustaCam's behavior after the case was dismissed, and particularly the submission of a supplemental expert declaration presenting a modified (but still frivolous) infringement position on remand and during the second appeal, "elongates the period of time that AdjustaCam has continued to press frivolous arguments" and "strengthens our conclusion that its litigation misconduct before the district court was not a one-off occurrence." *AdjustaCam*, 861 F.3d at 1361; *id.* at n.2.

Thus, Newegg should be awarded fees that were incurred on remand and during the second appeal to the Federal Circuit.

### C. The Fees Requested are Reasonable and are Not Redundant

AdjustaCam agrees that the hourly rates charged by Newegg's counsel in the fee invoices appended to Newegg's original motion were reasonable. Dkt. 826 at 23. These rates range from $230 to $400 per hour. *Id.*; *see also* Dkt. 727. AdjustaCam also does not take issue with the total amount of fees that were incurred prior to dismissal in this Court, which total $286,102.52. Dkt. 826 at 22; *see also* Dkt. 727, at page 15.

However, AdjustaCam does take issue with the $43,423.40 in attorneys' fees incurred in connection with Newegg's renewed motion for fees on remand (Dkt. 792) and the $167,156 incurred in connection with the second appeal. Dkt. 826 at 24. In particular, AdjustaCam asserts that the fees charged by Messrs. Frenkel and Lemley are unreasonable.

Newegg disagrees. First, the average hourly rate for all work performed by Newegg's counsel subsequent to the dismissal was $532. Dkt. 823 (Baldauf Declaration) at ¶ 15. This average rate is reasonable, as it is in line with the prevailing rates in the community, as evidenced by the AIPLA 2015 Report of the Economic Survey presented by Newegg (Dkt. 823, Ex. B) and other opinions of this Court. *See Kryptek Outdoor Group, LLC v. Salt Armour, Inc.*, No. 1:15-cv-348-RC, Dkt. 22 (E.D. Tex. March 28, 2016) (finding that, in 2013, the average rates in Texas for partners is $546/hour and that $450/hour, $480/hour, and $495/hour are all reasonable). Newegg also submits herewith, as Exhibit A, an additional excerpt from the 2017 AIPLA Report of the Economic Survey showing that the mean hourly billing rate for private practice partners in Texas in 2016 was $606.

AdjustaCam further argues that the work performed by Newegg's counsel was excessive and redundant. Dkt. 826 at 25-26. Once again, the targets of AdjustaCam's criticism are Messrs. Frenkel and Lemley, each of whom, AdjustaCam asserts, played "a largely redundant supervisory role" over the lawyers who wrote the briefing. *Id*. at 26. This is incorrect. Mr. Frenkel argued the initial appeal to the Federal Circuit, and thus, from an efficiency standpoint, it made sense to have him argue the renewed motion for fees on remand and to provide comments throughout the second appeal. The number of hours spent by Mr. Frenkel (37.6 hours) is not excessive considering that, among other tasks, Mr. Frenkel traveled from California to Texas to argue the motion for fees. With respect to Mr. Lemley, Newegg is entitled to hire counsel of its choice to argue the Federal Circuit appeal. Mr. Lemley is one of the preeminent Federal Circuit litigators and his work on this case was more than merely a "supervisory role" as he was closely involved in reviewing and revising the appellate briefs and he personally argued the appeal at the Federal Circuit. AdjustaCam's claim that 53.1 hours to prepare for a Federal Circuit argument is "excessive" since the argument itself is only 15 minutes, Dkt. 826 at 26, simply ignores the

extensive work that goes into reviewing more than a hundred pages of briefing, numerous cited case, and a bloated 1000+ page appendix of documents, many of which were added at the insistence of AdjustaCam.

AdjustaCam also argues that much of Newegg's work on the fee motion on remand was redundant because it had brought on new counsel. Dkt. 826 at 26. However, this case was initially remanded because *Octane Fitness* fundamentally changed the law concerning Section 285. Thus, the additional work that was required to reframe the arguments and apply this new law would have been done regardless of whether Newegg retained its prior counsel. Further, Newegg's new counsel had access to the case file and was able to recycle prior counsel's work to the extent practicable. And, as AdjustaCam acknowledges, the bulk of the legal research and drafting throughout the remand and appellate phases of the litigation was done by Messrs. Brean and Clark, whose billing rates are lower than those of Messrs. Frenkel and Lemley, for purposes of efficiency and cost management. Dkt. 826 at 26.

In any event, the total amount of work performed in this case was extensive and included litigating the case before the district court through *Markman*, fact discovery, and expert discovery, a first motion for attorneys' fees, a first appeal to the Federal Circuit, a renewed motion for attorneys' fees under a new legal framework, and a second appeal to the Federal Circuit. Newegg is seeking a total of $496,681.92 in attorneys' fees in connection with all of this work. This is a reasonable request that is in line with other fee awards of this Court, and even less than one would expect considering the tasks completed. *See, e.g., Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 855 (E.D. Tex. 2017) (awarding $355,000 in attorneys' fees for a case dismissed following claim construction); *eDekka LLC v. 3Balls.com, Inc.*, No. 2:15-cv-541-JRG, Dkt. 136 (E.D. Tex. Jan. 19, 2016) (awarding approximately $390,000 in attorneys' fees for a case dismissed under Section 101 on the pleadings); *Rothschild II*, 2017 WL 5178998 (awarding $288,911.99 in fees

for a case dismissed after a motion to dismiss on the pleadings was filed, including appellate fees); *Huang v. Huawei Technologies Co., Ltd.*, No. 2:15-cv-01413-JRG-RSP, Dkt. 213 (E.D. Tex. April 18, 2017) (awarding $534,999.21 in attorneys' fees to a defendant who prevailed against a *pro se* plaintiff on summary judgment).

### D. Newegg Should be Awarded Expert Fees Since They Were All Incurred After This Case Became "Objectively Baseless"

Newegg should also be awarded expert witness fees pursuant to the Court's inherent authority since the entirety of Newegg's expert fees, which total $68,183.93, were incurred after this Court's *Markman* Order issued on April 10, 2012, at which point this case "became objectively baseless." *AdjustaCam*, 861 F.3d at 1362.

AdjustaCam raises two arguments against the award of expert fees. First, AdjustaCam argues that Newegg is precluded from seeking expert fees because "[t]he Federal Circuit's opinion did not reverse for [sic] this Court's denial of expert fees." Dkt. 826 at 27 (citing *AdjustaCam*, 861 F.3d 1353). However, as AdjustaCam acknowledges, Newegg raised the issue of expert fees in the same document in which Newegg requested attorneys' fees both on remand before this Court and in the subsequent appeal to the Federal Circuit. Dkt. 826 at 27. The Federal Circuit "reversed and remanded" this Court's denial of Newegg's motion without distinguishing between the issues of expert fees and attorneys' fees. The lack of any specific discussion of expert fees in the Federal Circuit's opinion is not surprising given that the opinion of this Court which was the subject of the appeal did not offer any reason for denying expert fees beyond the implication that expert fees were denied because the case was not "exceptional" under Section 285. *See AdjustaCam LLC v. Amazon.com, Inc.*, No. 6:10-cv-00329-JRG, 2016 WL 3770959, at *4 (E.D. Tex. Mar. 28, 2016). Thus, in reversing this Court's finding of a lack of exceptionality, the Federal Circuit also reversed this Court's sole basis for denying expert fees, making it appropriate for Newegg to request such

11

fees on remand. To hold otherwise would be to assume that the Federal Circuit found an independent reason to deny expert fees but did not mention it in the opinion. Moreover, there is certainly nothing in the Federal Circuit's opinion from which one could infer that it affirmed any portion of this Court's prior judgment, including this Court's denial of an award of expert fees.

Second, AdjustaCam argues that the facts of this case do not justify the relief of awarding expert fees to Newegg because "[n]othing in the Federal Circuit's opinion or the facts of this case show bad faith, a finding of fraud or abuse of the judicial process, or otherwise justifies the extreme relief of awarding expert fees to Newegg."[6] Dkt. 826 at 28. However, as mentioned above and explained in Newegg's Opening Brief, *all* of Newegg's expert fees were incurred after this Court's *Markman* ruling issued, and thus after the point in time when AdjustaCam's "weak infringement case against Newegg that became objectively baseless." *AdjustaCam*, 861 F.3d at 1362. AdjustaCam's decision to press forward with this case after the adverse *Markman* decision with the hope that forcing Newegg to incur considerable expert fees and additional attorneys' fees would cause Newegg to fall in line with the dozens of other defendants and pay a nuisance value settlement is a textbook case of bad faith and vexatious litigation. And while AdjustaCam tries to dismiss these allegations of bad faith as "typical Newegg hyperbole," Dkt. 826 at 28, neither AdjustaCam nor this Court can ignore the harsh criticism handed down by the Federal Circuit which found that "AdjustaCam asserted nuisance-value damages against many defendants, settled

---

[6] AdjustaCam appears to acknowledge, as it must, that a finding of bad faith, such as by filing and maintaining a frivolous lawsuit, is a justification for awarding expert fees. *See MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012) (affirming an award of expert fees because "(1) [e]xpert fees are recoverable in patent cases where, as here, there was bad faith, such as the filing of a frivolous action; and (2) [b]ecause of MarcTec's bad faith in bringing and pressing this suit when it had no basis for asserting infringement."); *see also Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008) (awarding expert fees on account of the litigant's "bad faith and vexatious litigation conduct.")

with them for widely varied royalty rates, and continued to press baseless infringement contentions well past an adverse *Markman* order and expert discovery." *AdjustaCam*, 861 F.3d at 1361.

It is fundamentally unfair to leave Newegg holding the bill for expert expenses that Newegg was forced to spend to defend against AdjustaCam's frivolous post-*Markman* pursuit of the case. AdjustaCam's calculated decision to maintain its objectively baseless lawsuit through expert discovery is exactly the kind of egregious behavior that warrants the shifting of expert fees. *See MarcTec,* 664 F.3d at 921; *Takeda*, 549 F.3d at 1391.

### III. CONCLUSION

For the above reasons, and those stated in Newegg's Opening Brief, AdjustaCam should pay Newegg's fees and expenses in the amount of $564,865.85.

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: November 21, 2017

s/ *Kent E. Baldauf, Jr.*
Kent E. Baldauf, Jr.
Daniel H. Brean

One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
dbrean@webblaw.com

Richard G. Frenkel
**LATHAM &WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
650.463.3080
650.463.2600 (fax)
rick.frenkel@lw.com

No. 6:10-cv-00329-JRG

                                        Herbert A. Yarbrough, III
                                        Texas Bar No. 22133500
                                        **YARBROUGH WILCOX, PLLC**
                                        100 E. Ferguson Street, Suite 1015
                                        Tyler, TX 75702
                                        903.595.3111
                                        903.595.0191 (fax)
                                        trey@yw-lawfirm.com

                                        *Attorneys for Defendants Newegg Inc., Newegg.com, Inc., and Rosewill, Inc.*

No. 6:10-cv-00329-JRG

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2017, I electronically filed the foregoing **DEFENDANTS NEWEGG INC., NEWEGG.COM, INC., & ROSEWILL, INC.'S REPLY IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES AND EXPENSES** with the Clerk of Court using the CM/ECF system which sent notification to all counsel of record.

**THE WEBB LAW FIRM**

s/ *Kent E. Baldauf, Jr.*
Kent E. Baldauf, Jr