**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ADJUSTACAM LLC, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO.  6:10-CV-00329-JRG |
| | § | |
| v. | § | |
| | § | |
| AMAZON.COM, INC., ET AL | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

On October 19, 2017, this Court ordered the parties to submit briefing on the issue of the proper amount of attorneys' fees, a proper lodestar, the methodology used to arrive at such result, and all matters related to a proper amount of attorneys' fees and expenses in this case. (Dkt. No. 821.) Having considered full briefing on these issues, the relevant authorities, and the totality of the circumstances, including the entirety of the record before the Court, the Court hereby awards attorneys' fees pursuant to 35 U.S.C. § 285, as calculated herein, as well as expert fees pursuant to this Court's inherent authority.

**I.    BACKGROUND**

The procedural history of this case is extensive. On July 2, 2010, AdjustaCam, LLC ("AdjustaCam") filed suit against 58 defendants, including Newegg, Inc., Newegg.com. Inc., and Rosewill Inc. (collectively, "Newegg"), alleging infringement of U.S. Patent No. 5,855,343 ("the '343 Patent"). Prior to the Court's April 2012 *Markman* order, AdjustaCam dismissed its claims against a majority of these defendants. However, AdjustaCam continued its case against some defendants, including Newegg, beyond claim construction and into expert discovery. On

September 27, 2012, the Court granted AdjustaCam's unopposed motion to dismiss Newegg with prejudice. (*See* Dkt. No. 720.) Shortly thereafter, on October 11, 2012, Newegg filed its first Motion seeking attorneys' fees pursuant to § 285. On August 19, 2013, the Court denied that motion.

On appeal, the Federal Circuit reversed and remanded the Court's decision for reconsideration in light of the Supreme Court's opinion in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.,* 134 S. Ct. 1749 (2014). On remand, this Court held an evidentiary hearing to supplement the original record and then determined, on March 28, 2016, that this case was not exceptional, applying the new standard for exceptionality and deferring heavily to the factual findings of the district court judge who originally presided over the case and was personally present for AdjustaCam's alleged misconduct.

Newegg again appealed. On July 5, 2017, the Federal Circuit found that AdjustaCam's case against Newegg was "exceptional" and that this Court abused its discretion in denying Newegg's motion for fees, ultimately reversing and remanding "for further proceedings consistent with this opinion, including the calculation of attorneys' fees. *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353 (Fed. Cir. 2017). After the Federal Circuit issued its mandate, this Court ordered the parties to submit briefing on the issue of the proper amount of attorneys' fees, a lodestar, the methodology used to arrive at such result, and all matters related to a proper amount of attorneys' fees and expenses in this case. (Dkt. No. 821.)

## II.   APPLICABLE LAW

Under 35 U.S.C. § 285, a court "may award reasonable attorney fees to the prevailing party" in "exceptional cases." An "exceptional" case under § 285 is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the

governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC*, 134 S. Ct. at 1751. Ultimately, the exceptionality determination is made on a "case-by-case" basis based on "the totality of the circumstances." *Id.* If the case is exceptional, courts are to determine whether fees should be awarded and, if so, in what amount. *See, e.g., Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001).

### III. ANALYSIS

On appeal, the Federal Circuit held that this case was exceptional. *AdjustaCam, LLC*, 861 F.3d at 1362. The panel reversed and remanded for "further proceedings consistent with this opinion, *including the calculation of attorneys' fees*." *Id*. (emphasis added). Given that the Federal Circuit found this case to be exceptional, the Court, as directed by the Federal Circuit, must next calculate the proper amount of attorneys' fees to be awarded to Newegg, recognizing that "this amount may be zero, even though the case is exceptional." *Special Devices, Inc.*, 269 F.3d at 1344.

In its supplemental briefing, Newegg maintains that it is entitled to attorneys' fees of the amounts set forth in the following categories:

| **Description of the Fees Sought** | **Amount of the Fees** |
|---|---|
| Attorneys' fees incurred prior to AdjustaCam's dismissal in the district court | $286,102.52 |
| Expert fees incurred prior to AdjustaCam's dismissal in the district court | $68,183.93 |
| Attorneys' fees incurred litigating the motion for fees in the district court after the initial Federal Circuit remand | $43,423.40 |
| Attorneys' fees incurred pursuing the second appeal to the Federal Circuit | $167,156 |
| **TOTAL** | **$564,865.85** |

(Dkt. No. 822 at 1.) AdjustaCam disagrees with these calculations, including the reasonableness or excessiveness of certain billed hours and rates. Accordingly, the Court will address each of these categories and the issues of reasonableness or excessiveness in turn.

### A. Fees incurred prior to AdjustaCam's dismissal.

Newegg urges that this Court should award all attorneys' fees incurred by Newegg prior to Newegg's dismissal with prejudice—a sum equal to $286,102.52. (*Id.* at 10.) This amount includes fees incurred by Newegg from the filing of the complaint to the Court's dismissal with prejudice, and were, as explained by Newegg, necessarily and reasonably incurred in the defense of this action. (*Id.*) Furthermore, Newegg argues that "[t]he total fees and costs incurred on behalf of Newegg are in line with, and significantly below, the total fees and costs billed on average in patent infringement cases in Texas and nationally for cases of this size." (*Id.* at 16.)

AdjustaCam argues in response that this Court should not award fees incurred prior to the Court's *Markman* Order. (Dkt. No. 826 at 18.) Specifically, AdjustaCam urges that there is no basis for this Court (or for the Federal Circuit) to conclude that AdjustaCam's claims were exceptionally weak or baseless until after the Magistrate Judge's *Markman* Order issued. Demonstrating this, AdjustaCam claims, is the Federal Circuit's statement that "AdjustaCam's suit became baseless *after* the district court's Markman order." (*Id.* (emphasis added)). This statement indicates "that [the Federal Circuit] did not deem AdjustaCam's pre-Markman" as weak or exceptional. (*Id.* at 19.) However, AdjustaCam argues that even if this Court concluded that AdjustaCam's initial case was weak, there is not a sufficient basis in this case for a pre-*Markman* fee award. (*Id.*)

Newegg replies that the Federal Circuit's opinion clearly states that "AdjustaCam filed a weak infringement case against Newegg that became objectively baseless after the district court's *Markman* order . . ." *AdjustaCam, LLC*, 861 F.3d at 1362; (Dkt. No. 827 at 6). In addition, Newegg contends that AdjustaCam litigated this case in an unreasonable manner throughout the case,

including AdjustaCam's pattern of low and erratic settlements, which reinforces a conclusion of unreasonableness. *Id*.

AdjustaCam's arguments are unavailing. District Courts look to "the 'totality of the circumstances,' and not just discrete acts of litigation conduct," when awarding attorneys' fees/ *Homeland Housewares, LLC v. Sorensen Research*, 581 Fed. Appx. 877, 881 (Fed. Cir. 2014). In this unique case, the Federal Circuit has already determined that this case was an "exceptional" one. *AdjustaCam, LLC*, 861 F.3d at 1362. The Federal Circuit stated that "AdjustaCam's suit became baseless after the district court's *Markman* order." *Id*. at 1360. "[T]here [was] no possible way for Newegg's products to infringe the '343 patent. No reasonable factfinder could conclude that Newegg's products infringe; therefore, AdjustaCam's litigation position was baseless. These are the traits of an exceptional case." *Id*. at 1361.

However, as the Federal Circuit identified, this was not the extent of AdjustaCam's misconduct. AdjustaCam also "litigated the case in an 'unreasonable manner.'" *Id*. "This measure of exceptionality is evident through AdjustaCam's repeated use of after-the-fact declarations." *Id.* The Federal Circuit also took note of the irregularities of AdjustaCam's damages model:

> Asserting seemingly low damages against multiple defendants—or settling with defendants for less than the cost of litigations—does not necessarily make a case 'exceptional' under § 285. But here, AdjustaCam asserted nuisance-value damages against many defendants, settled with them for widely varied royalty rates, and continued to press baseless infringement contentions well past an adverse *Markman* order and expert discovery.

*Id*. at 1361–62.

In light the totality of the circumstances, including the above misconduct, this Court, in an exercise of its discretion and as guided by the Circuit's opinion and directive, finds that it is appropriate in this exceptional case to award Newegg the fees it incurred from the time of filing through dismissal. *See, e.g., Homeland Housewares, LLC v. Sorensen Research*, 581 Fed. Appx.

5

877, 881 (Fed. Cir. 2014) ("We have long afforded district courts 'considerable discretion' in determining the amount of reasonable attorney fees under § 285.")

## B. Fees incurred after the initial Federal Circuit remand.

Newegg asks this Court to award attorneys' fees incurred in preparing and litigating the renewed motion for attorneys' fees on remand from the Federal Circuit—an amount of $43,837.15. (Dkt. No. 822 at 13.) These fees were "necessarily and reasonably incurred in the pursuit of Newegg's attorneys' fees" and "the average billing rates for Newegg's attorneys are reasonable and within the range market rates for patent litigation counsel in Texas and nationally." (*Id.*)

In response, AdjustaCam first argues that Judge Davis's opinion was never held to be erroneous—*i.e.*, the Federal Circuit merely remanded the case due to a change in the law from the *Brooks Furniture* standard to the standard set out in *Octane Fitness*. (Dkt. No. 826 at 20.) Accordingly, AdjustaCam "did not act exceptionally in connection with this Court's hearing on remand by essentially arguing that Judge Davis's reasoned opinion was still correct." (*Id.*) In addition, AdjustaCam argues that, as to the hearing on remand, and although Newegg takes issue with AdjustaCam providing expert declarations, AdjustaCam's fundamental non-infringement positions were unchanged and were consistent with AdjustaCam's prior briefing and deposition excerpts. (Dkt. No. 826 at 20.)

Newegg replies that "[h]ad AdjustaCam never filed this 'weak' lawsuit, there would be no occasion for Newegg to seek fees at all." (Dkt. No. 827 at 9.) Newegg also compares this case to *Rothschild Connected Devices Innovations, LLC v. ADS Security, L.P.*, 2:15-cv-1431-JRG-RSP, 2017 WL 5178998, at *1 (E.D. Tex. Nov. 8, 2017). As in this case, the Court in *Rothschild* denied the Defendant's motion for fees pursuant to § 285 and held that the case was not exceptional. That ruling was appealed to the Federal Circuit, who reversed and remanded and directed the Court to

6

calculate attorneys' fees. Upon remand, the Court awarded attorneys' fees incurred both at the district court and at the Court of Appeals. *Rothschild Connected Devices Innovations, LLC*, 2017 WL 5178998, at *1 ("[the Defendant's] efforts focused exclusively on seeking attorneys' fees, both at this Court and at the Court of Appeals. The fees associated with those efforts would never have been incurred if [the plaintiff] had not filed this lawsuit.").

The Court agrees with Newegg. First, "a case should be viewed as an 'inclusive whole' rather than as a piecemeal process when analyzing fee-shifting under § 285" and "§ 285 does not bar the trial court from awarding fees for the entire case, including any subsequent appeals." *Therasense v. Betcon*, 745 F.3d 513, 516 (Fed. Cir. 2014). Secondly, the Court also finds this case to be comparable to *Rothschild*. As in *Rothschild*, after dismissal in this case, Newegg's efforts focused exclusively on seeking fees, both at this Court and at the Federal Circuit. See *Rothschild Connected Devices Innovations, LLC*, 2017 WL 5178998, at *1. If AdjustaCam had never filed its case against Newegg, the fees incurred by Newegg would never have been incurred at all. *See id*.

The Court acknowledges that it has the discretion to decline to award attorneys' fees for appeal, rehearing, or remand. *Therasense, Inc.*, 745 F.3d at 518 ("[T]he district court did not abuse its discretion by declining to award fees for appeal, rehearing, and remand."). However, in this particular case, the Court exercises its discretion to award to Newegg the fees Newegg incurred during this stage of the proceedings.

Accordingly, the Court finds that Newegg shall be awarded the fees incurred by Newegg after the first remand.

### C. Fees incurred pursuing the Second Appeal to the Federal Circuit.

Newegg argues that the attorneys' fees incurred during the second appeal to the Federal Circuit—an amount totaling $167,156—should be awarded by this Court. These fees were

"necessarily and reasonably incurred in the pursuit of Newegg's attorneys' fees" and "the average billing rates for Newegg's attorneys are reasonable and within the range market rates for patent litigation counsel in Texas and nationally." (*Id.*)

In response, AdjustaCam maintains that "the law provides for appellate fees only where those stages of litigation are determined to be independently exceptional within the meaning of § 285." (Dkt. No. 826 at 19 (citing to *Therasense*, 745 F.3d at 517)). Since this stage of the litigation was not exceptional, "Newegg has no basis to assert . . . that AdjustaCam acted exceptionally during the second appeal of this matter." (Dkt. No. 826 at 21.) Even though the Federal Circuit "took issue with the clarity with which AdjustaCam made use of its expert declarations generated for the second exceptional case hearing before this Court, . . . AdjustaCam's fundamental non-infringement positions were unchanged . . . and neither Newegg nor the Federal Circuit have pointed to anything in these expert declarations that was inconsistent with AdjustaCam's prior briefing based upon expert reports and deposition excerpts . . ." (*Id.*) Furthermore, AdjustaCam did not act in an exceptional manner in connection with defending an appeal of this Court's valid Order. (*Id.*)

The Court finds AdjustaCam's arguments to be unavailing and, for the same reasons as stated above, the Court exercises its discretion to award to Newegg the fees Newegg incurred during the second appeal.

**D. Expert Fees incurred by Newegg after this Court's *Markman* Order.**

In addition to attorneys' fees, Newegg urges this Court to award, pursuant to its inherent authority, expert fees that Newegg incurred after the issuance of this Court's *Markman* Order. (Dkt. No. 822 at 11.) First, Newegg maintains that all of its "expert fees [that] were incurred after AdjustaCam's case became 'objectively baseless'" and that "AdjustaCam only proceeded post-

8

*Markman* into expert discovery to apply more pressure to Newegg for a nuisance value settlement." (*Id.* at 11–12.) Newegg argues that having to spend huge sums of money on experts to rebut AdjustaCam's experts' baseless allegations is "a grave injustice that should not go unremedied." (*Id*. at 12.)

AdjustaCam asserts there is no basis upon which § 285 can be interpreted to include an award of expert fees or other costs and that a finding of exceptionality is not sufficient to justify an award of expert fees (Dkt. No. 826 at 32–33.) There is nothing in the Federal Circuit's opinion or the facts of this case that "show bad faith, a finding of fraud or abuse of the judicial process, or otherwise justifies the extreme relief of awarding expert fees to Newegg." (*Id.*)

While acknowledging that § 285 does not authorize an award of expert fees, the Court agrees with Newegg that expert fees should be awarded in this case pursuant to the Court's inherent authority. As the Federal Circuit found, this case became "objectively baseless" after the Court's *Markman* Order. Nonetheless, AdjustaCam pressed forward into expensive expert discovery. While AdjustaCam's conduct does not amount to fraud, AdjustaCam did abuse the judicial process. *See Takeda Chem. Indus. Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008) ("The use of this inherent power is reserved for cases with a finding of fraud or abuse of the judicial process." (quotations removed)). If not for this conduct, Newegg would not have incurred expert fees. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017) ("Compensation for a wrong, after all, tracks the loss resulting from that wrong.")

Accordingly, the Court, pursuant to its inherent authority, awards expert fees of $68,183.93.

### E. The reasonableness of the requested Attorneys' Fees.

Newegg and AdjustaCam agree that the hourly rates charged by Newegg's counsel "in the fee invoices appended to Newegg's original Motion for exceptional case were reasonable for this community." (Dkt. No. 826 at 28.) However, AdjustaCam takes issue with Newegg's claims of attorneys' fees in connection with its Motion of first remand—*i.e.*, $43,423.40—and in connection with its second appeal—i.e., $167,156. (*Id*. at 29.) AdjustaCam argues that these amounts are unreasonable and excessive. (*Id*.)

AdjustaCam urges that the billing rates of Mr. Frenkel and Mr. Lemley are excessive. Mr. Frenkel's hourly rate for work on this matter was $805.50, and this rate has increased year over year and is currently $832.50. (*Id.*) Mr. Lemley's rate has ranged between $900 and $910 per hour. AdjustaCam argues that the best evidence of reasonable and community rates for appropriate work on this matter are the billing rates from Newegg's original counsel. (*Id*. at 30) Accordingly, AdjustaCam suggests a few alternative reasonable rates from this evidence—Mr. Yarbough's billing rate of $400 per hour or the reasonable highest billing rate of $460 per hour. (*Id*. at 30.)

AdjustaCam also takes issue with the "redundancy of the work performed by Newegg's counsel." (*Id.*) According to AdjustaCam, much of Newegg's work on its fee motion upon remand was redundant because Newegg brought in new counsel. In addition, AdjustaCam claims that apparent from the fee invoices submitted by Newegg is that Mr. Breen is the author of Newegg's renewed fee briefing before this Court on remand and that Mr. Breen and Mr. Clark are the authors of Newegg's appellate briefing. (*Id.*) In light of this, other than the 13.4 hours Mr. Frenkel spent preparing for and arguing the renewed motion, Mr. Frenkel appears to have "a largely redundant client relationship role and supervisory role." Likewise, Mr. Lemley argued Newegg's appeal

before the Federal Circuit for which he billed approximately 53.1 hours. Otherwise, like Mr. Frenkel, Mr. Lemley appears to have a largely redundant supervisory role.

Section 285 permits a district court to award reasonable attorneys' fees in an exceptional case. *See* 35 U.S.C. § 285; *Octane Fitness, LLC*, 134 S. Ct. at 1755. "In calculating an attorney fee award, a district court usually applies the lodestar method, which provides a presumptively reasonable fee amount by multiplying a reasonable hourly rate by the reasonable number of hours required to litigate a comparable case." *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016) (citations omitted). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, 4:14-CV-371, 2017 WL 4038883, at *4 (E.D. Tex. Sept. 13, 2017) (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "The party seeking reimbursement of attorney's fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence." *Imperium IP Holdings (Cayman), Ltd.*, 2017 WL 4038883, at *4 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). "The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented." *Id*. The hours remaining are those reasonably expended. *Id*.

In this case, the parties do not contest the reasonableness or excessiveness of the initial attorneys' fees incurred by Newegg between filing and dismissal. AdjustaCam, as indicated above however, does contest the reasonableness of certain specific rates and hours—*i.e.*, the rates of Mr. Frenkel and Mr. Lemley. While the rates of Mr. Frenkel and Mr. Lemley are indeed higher than average, they are not so high as to fall outside of the realm of reason. Likewise, the number of

hours spent by Mr. Lemley and Mr. Frenkel on this case are not unreasonable. Contrary to AdjustaCam's arguments, it does not appear that Mr. Lemley and Mr. Frenkel's roles were supervisory or redundant with respect to their client relationships. Furthermore, the hours and rates expended by Newegg for the entirety of the case are well-documented and in the record before the Court. (*See*, *e.g.*, Dkt. No. 728, Declaration of John N. Zarian; Dkt. No. 823, Declaration of Kent E. Bauldauf; and attached exhibits.)

As to AdjustaCam's arguments that the work on this case by the new counsel hired by Newegg to argue the renewed Motion was redundant, the Court finds them to be unavailing. In its first opinion, the Federal Circuit remanded to this Court in light of new law from the Supreme Court in *Octane Fitness*. *Octane Fitness, LLC*, 134 S. Ct. at 1752–53. Indeed, *Octane Fitness* significantly changed the law concerning an award of fees pursuant to § 285. *Id*. The Court finds that work relating to this change in the law could reasonably cause Newegg to incur the fees and expenses it now claims. Therefore, such work was likely to have been necessary and was not unreasonable or redundant.

Accordingly, and for the reasons set forth above, the Court finds that the attorneys' fees Newegg incurred are reasonable in amount and hours expended and should be awarded in full. As the Supreme Court has stated, "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *See, e.g., Fox v. Vice*, 563 U.S. 826, 838 (2011). In light of the specific circumstances of this case, the Court concludes that this award is reasonable and just.

## IV. CONCLUSION

Accordingly, and as set forth above, it is hereby **ORDERED** that AdjustaCam LLC shall pay Newegg attorneys' fees and expenses in the amount of $564,865.85. Payment shall be made

no later than 30 days from the date of this Order, and AdjustaCam shall promptly notify the Court by a Notice filed on the docket when payment has been made.

**So Ordered this**
**Mar 15, 2018**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE